**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |

**DEBTOR'S EX PARTE MOTION FOR ENTRY OF AN ORDER (I) SCHEDULING AN EMERGENCY HEARING ON CERTAIN FIRST DAY PLEADINGS AND (II) APPROVING THE FORM AND MANNER OF LIMITED NOTICE THEREOF**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an ex parte order (i) scheduling an emergency hearing on certain first day pleadings and (ii) approving the form and manner of limited notice thereof. In support of this Motion, the Debtor respectfully represents as follows:

**Background**

1. On the date hereof (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

2. The Debtor is a North Carolina limited liability company. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third-party sales of certain

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

NAI-1520731139

products, and will seek opportunities to acquire or finance additional royalty revenue streams. As of the Petition Date, the Debtor was a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products.

3. A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of this chapter 11 case can be found in the declaration of John K. Kim (the "First Day Declaration"), which was filed contemporaneously herewith and is incorporated herein by reference. In addition to the First Day Declaration, the Debtor has filed an Informational Brief to provide additional information about its talc litigation, related costs and plans to address these matters in this chapter 11 case (the "Chapter 11 Case").

**Relief Requested**

4. The Debtor seeks the entry of an order, on an ex parte basis,[3] pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1 and 9013-1(f) of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Bankruptcy Rules"): (a) shortening the notice period with respect to, limiting notice of and scheduling an expedited hearing (the "First Day Hearing") on certain first day pleadings filed contemporaneously herewith (collectively, the "First Day Pleadings") and (b) approving the form and manner of notice thereof (the "First Day Notice"), which is attached hereto as Exhibit B.[4]

---

[3] The proposed form of order is attached hereto as Exhibit A.

[4] In addition to the filing of this Motion, counsel for the Debtor will be contacting the Court's chambers regarding scheduling of the first day hearing, pursuant to Local Bankruptcy Rule 9013-1(d)(2).

NAI-1520731139                                        -2-

**Argument**

5. Contemporaneously herewith, the Debtor filed the First Day Pleadings, by which it seeks certain relief on an emergency basis. The First Day Pleadings for which the Debtor seeks an emergency hearing consist of the following:

 (a) *Debtor's Application for an Order Authorizing the Retention and Employment of Epiq Corporate Restructuring, LLC as Claims, Noticing and Ballot Agent* [Dkt. 6];

 (b) *Debtor's Motion for an Order: (I) Authorizing It to File a List of the Top Law Firms With Talc Cases Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case* [Dkt. 7];

 (c) *Debtor's Motion for Entry of an Order Establishing Certain Notice, Case Management and Administrative Procedures* [Dkt. 10]; and

 (d) *Debtor's Motion for an Order: (I) Approving the Continued Use of Its Bank Account and Business Forms; (II) Granting a Waiver of the Requirements of Section 345(b) of the Bankruptcy Code; and (III) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts* [Dkt. 11].

6. The Debtor also filed the First Day Declaration [Dkt. 5] and the *Informational Brief of LTL Management LLC* [Dkt. 3], as well as certain motions on an ex parte basis. Further, the Debtor has filed the following motions to be heard at a hearing following the First Day Hearing:

 (a) *Debtor's Motion for an Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business* [Dkt. 12];

 (b) *Debtor's Motion for an Order Authorizing Establishment of a Qualified Settlement Fund for Payment of Talc Claims* [Dkt. 8]; and

 (c) *Debtor's Motion for an Order (A) Authorizing the Filing Under Seal of Certain Confidential Commercial Information in*

*Connection with the Debtor's Motion for an Order Authorizing Establishment of a Qualified Settlement Fund for Payment of Talc Claims and (B) If Necessary,* <u>In Camera</u> *Hearing* [Dkt. 9].

7. The Debtor anticipates filling additional motions and applications to also be heard at a hearing following the First Day Hearing.

8. As described in detail in each of the First Day Pleadings and the First Day Declaration, the relief requested in each of the First Day Pleadings: (a) is essential to the Debtor's ability to successfully transition into chapter 11 and efficiently administer the Chapter 11 Case; and (b) requires an expedited, emergency hearing. Accordingly, to allow the relief sought in the First Day Pleadings to be heard in an expedited manner, the Debtor respectfully requests that the Court shorten the notice period for the First Day Pleadings, limit notice of the First Day Pleadings to the parties set forth below and schedule an emergency hearing on the First Day Pleadings to be held as soon after the Petition Date as the Court's schedule permits.

9. Courts in this District have granted similar relief expediting consideration of first day motions in other large chapter 11 cases. <u>See</u>, <u>e.g.</u>, <u>In re Aldrich Pump LLC</u>, No. 20-30608 (JCW) (Bankr. W.D.N.C. June 18, 2020) (granting an expedited hearing on first day pleadings); <u>In re DBMP LLC</u>, No. 20-30080 (JCW) (Bankr. W.D.N.C. Jan. 24, 2020) (same); <u>In re Bestwall LLC</u>, No. 17-31795 (LTB) (Bankr. W.D.N.C. Nov. 2, 2017) (same); <u>In re Mizan Enters. Inc.</u>, No. 17-30601 (JCW) (Bankr. W.D.N.C. Apr. 18, 2017) (same); <u>In re Tanner Cos., LLC</u>, No. 17-40029 (JCW) (Bankr. W.D.N.C. Jan. 31, 2017) (same); <u>In re Kaiser Gypsum Co., Inc.</u>, No. 16-31602 (JCW) (Bankr. W.D.N.C. Oct. 3, 2016) (same).

10. The Debtor respectfully submits that its creditors and other parties in interest will not be prejudiced by the relief requested herein. On the contrary, expedited consideration of the relief requested in the First Day Pleadings will allow for more efficient and

effective administration of the Chapter 11 Case, which, among other things, will help preserve estate resources and ensure proper notice to parties in interest.

## Notice

11.  Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor seeks approval of this Motion on an ex parte basis.  Nevertheless, upon filing this Motion, the Debtor will cause the Motion to be served via e-mail or facsimile, where such information is known to the Debtor, and will otherwise cause it to be served by hand delivery or overnight carrier on the following parties (collectively, the "First Day Notice Parties"):  (a) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (b) the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition; (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Consumer Inc. and Johnson & Johnson; and (d) any other parties who received service of a First Day Pleading.  The First Day Notice Parties include all parties on whom the First Day Pleadings were served, and represent parties on whom the First Day Pleadings may have a direct impact.  The Debtor submits that, in light of the ex parte nature of the relief requested, no other or further notice of this Motion need be provided.

12.  The Debtor proposes to serve the First Day Notice on (a) the First Day Notice Parties and (b) any other party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service, via e-mail, facsimile, hand delivery or overnight carrier (the "First Day Notice Service Procedures").  The Debtor submits that, in light of the emergency nature of the relief requested, no other or further notice need be provided.  Thus, the Debtor requests that service of the First Day Notice, the First Day Pleadings and this Motion in the form and manner described herein be deemed adequate and appropriate under the circumstances and

substantially in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

### No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and (ii) grant such other and further relief to the Debtor as the Court may deem just and proper.

| | |
|---|---|
| Dated: October 14, 2021<br>      Charlotte, North Carolina | Respectfully submitted,<br><br>*/s/ John R. Miller, Jr.*<br>C. Richard Rayburn, Jr. (NC 6357)<br>John R. Miller, Jr. (NC 28689)<br>RAYBURN COOPER & DURHAM, P.A.<br>227 West Trade Street, Suite 1200<br>Charlotte, North Carolina  28202<br>Telephone:  (704) 334-0891<br>Facsimile:   (704) 377-1897<br>E-mail:   rrayburn@rcdlaw.net<br>         jmiller@rcdlaw.net<br><br>Gregory M. Gordon (TX Bar No. 08435300)<br>Dan B. Prieto (TX Bar No. 24048744)<br>Amanda Rush (TX Bar No. 24079422)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>E-mail: gmgordon@jonesday.com<br>      dbprieto@jonesday.com<br>      asrush@jonesday.com<br>(Admissions *pro hac vice* pending)<br><br>Brad B. Erens (IL Bar No. 06206864)<br>JONES DAY<br>77 West Wacker<br>Chicago, Illinois 60601<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585<br>E-mail: bberens@jonesday.com<br>(Admission *pro hac vice* pending)<br><br>PROPOSED ATTORNEYS FOR DEBTOR |

# **EXHIBIT A**

Proposed Order

NAI-1520731139

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |

**EX PARTE ORDER (I) SCHEDULING AN EXPEDITED
HEARING ON CERTAIN FIRST DAY PLEADINGS AND
(II) APPROVING THE FORM AND MANNER OF LIMITED NOTICE THEREOF**

This matter coming before the Court on the *Debtor's Ex Parte Motion for Entry of an Order (I) Scheduling an Emergency Hearing on Certain First Day Pleadings and (II) Approving the Form and Manner of Limited Notice Thereof* (the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"); the Court having reviewed the Motion, the First Day Declaration and the First Day Notice; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1520731139

28 U.S.C. § 157(b)(2), (d) notice of the Motion was sufficient under the circumstances, (e) ex parte relief is appropriate under Local Bankruptcy Rule 9013-1(f), (f) the exigency of the situation justifies an immediate hearing on the First Day Pleadings and (g) service of the First Day Notice, the First Day Pleadings and the Motion in the form and manner described in the Motion constitutes adequate and appropriate notice under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the ex parte relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. An emergency hearing (the "First Day Hearing") shall be held before the Honorable Judge _____ on October ___, 2021 at ____ (prevailing Eastern Time) at the United States Bankruptcy Court for the Western District of North Carolina, Charles R. Jonas Federal Building, 401 West Trade Street, Courtroom ____, Charlotte, North Carolina 28202, to consider the relief requested in the First Day Pleadings.

3. The notice period for the First Day Pleadings is hereby shortened so that the Court can consider the relief requested therein at the First Day Hearing.

4. Notice of the First Day Pleadings is hereby limited to the First Day Notice Parties.

5. Service of the First Day Notice, in substantially the form attached to the Motion as Exhibit B,[3] in accordance with the First Day Notice Procedures constitutes adequate and appropriate notice of the First Day Hearing under the circumstances. No further or other notice of the First Day Hearing is necessary under the circumstances.

---

[3] The Debtor may update and revise the First Day Notice in accordance with this Order prior to service.

NAI-1520731139                                    -2-

-3-

      6.      Pursuant to Local Bankruptcy Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within 14 days of service of this Order.

      7.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

      8.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement or interpretation of this Order.

This Order has been signed electronically.      United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.

## **EXHIBIT B**

First Day Notice

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |

**NOTICE OF CHAPTER 11 FILING AND OF
EMERGENCY HEARING ON FIRST DAY PLEADINGS**

**PLEASE TAKE NOTICE THAT** LTL Management LLC, the debtor in the above-captioned case (the "Debtor"), filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of North Carolina on October 14, 2021 (the "Petition Date") and has filed the following pleadings on the Petition Date (collectively, the "First Day Pleadings"):

(a) *Debtor's Application for an Order Authorizing the Retention and Employment of Epiq Corporate Restructuring, LLC as Claims, Noticing and Ballot Agent* [Dkt. 6];

(b) *Debtor's Motion for an Order: (I) Authorizing It to File a List of the Top Law Firms With Talc Cases Against the Debtor in Lieu of the List of 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of This Case* [Dkt. 7];

(c) *Debtor's Motion for Entry of an Order Establishing Certain Notice, Case Management and Administrative Procedures* [Dkt. 10]; and

(d) *Debtor's Motion for an Order: (I) Approving the Continued Use of Its Bank Account and Business Forms; (II) Granting a Waiver of the Requirements of Section 345(b) of the Bankruptcy Code; and*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

*(III) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts* [Dkt. 11].

The Debtor also filed the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 5] and the *Informational Brief of LTL Management LLC* [Dkt. 3], as well as certain motions on an <u>ex parte</u> basis. Further, the Debtor has filed the following motions to be heard at a hearing following the First Day Hearing:

(a) *Debtor's Motion for an Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business* [Dkt. 12];

(b) *Debtor's Motion for an Order Authorizing Establishment of a Qualified Settlement Fund for Payment of Talc Claims* [Dkt. 8]; and

(c) *Debtor's Motion for an Order (A) Authorizing the Filing Under Seal of Certain Confidential Commercial Information in Connection with the Debtor's Motion for an Order Authorizing Establishment of a Qualified Settlement Fund for Payment of Talc Claims and (B) If Necessary, <u>In Camera</u> Hearing* [Dkt. 9].

**PLEASE TAKE FURTHER NOTICE THAT** an emergency hearing to consider the First Day Pleadings and the relief requested therein will be held before the Honorable Judge _____ on October ____, 2021 at _____ (prevailing Eastern Time) at the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202, in Courtroom _____.

| | |
|---|---|
| Dated: October 14, 2021<br>Charlotte, North Carolina | Respectfully submitted,<br><br>*/s/ John R. Miller, Jr.*<br>C. Richard Rayburn, Jr. (NC 6357)<br>John R. Miller, Jr. (NC 28689)<br>RAYBURN COOPER & DURHAM, P.A.<br>227 West Trade Street, Suite 1200<br>Charlotte, North Carolina  28202<br>Telephone:  (704) 334-0891<br>Facsimile:   (704) 377-1897<br>E-mail:   rrayburn@rcdlaw.net<br>            jmiller@rcdlaw.net<br><br>Gregory M. Gordon (TX Bar No. 08435300)<br>Dan B. Prieto (TX Bar No. 24048744)<br>Amanda Rush (TX Bar No. 24079422)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>E-mail: gmgordon@jonesday.com<br>          dbprieto@jonesday.com<br>          asrush@jonesday.com<br>(Admissions *pro hac vice* pending)<br><br>Brad B. Erens (IL Bar No. 06206864)<br>JONES DAY<br>77 West Wacker<br>Chicago, Illinois 60601<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585<br>E-mail: bberens@jonesday.com<br>(Admission *pro hac vice* pending)<br><br>PROPOSED ATTORNEYS FOR DEBTOR |