**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LTL MANAGEMENT LLC,[1] | : | Case No. 21-30589 (JCW) |
| | : | |
| Debtor. | : | |
| | : | |

**DEBTOR'S EX PARTE MOTION REQUESTING**
**AUTHORITY TO EXCEED MAXIMUM PAGE LIMIT**

The above captioned debtor (the "Debtor") files this ex parte motion requesting authority to exceed the page limit established by Rule 9013-2 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Bankruptcy Rules"), and in support thereof respectfully states as follows:

**Background**

1. On October 14, 2021 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

2. The Debtor is a North Carolina limited liability company. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third-party sales of certain products, and will seek opportunities to acquire or finance additional royalty revenue streams.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

NAI-1522284905

As of the Petition Date, the Debtor was a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products.

3. Contemporaneously herewith, the Debtor filed an emergency motion to enforce the automatic stay against talc claimants who seek to pursue their claims against the Debtor and its non-debtor affiliates (the "Motion to Enforce").[3] In addition, on the Petition Date, the Debtor filed the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 5] (the "First Day Declaration").[4]

4. A comprehensive description of the Debtor, its history, its assets and liabilities and the events leading to the commencement of this chapter 11 case (the "Chapter 11 Case") can be found in the First Day Declaration. In addition to the First Day Declaration, the Debtor has filed an *Informational Brief* [Dkt. 3] to provide further information about its talc litigation, related costs and plans to address these matters in the Chapter 11 Case.

## Relief Requested

5. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Motion to Enforce to exceed the 25-page limit established under Local Bankruptcy Rule 9013-2, to the extent such rule applies.

## Argument

6. The Debtor seeks authority to exceed the 25-page limit imposed by Local Bankruptcy Rule 9013-2 by approximately 10 pages.[5] The Motion to Enforce seeks relief critical to this Chapter 11 Case, as it relates to violations of the automatic stay in thousands of

---

[3] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion to Enforce.
[4] The Debtor incorporates the First Day Declaration in support of this Motion.
[5] This calculation excludes the Motion to Enforce's signature page and its exhibits.

pending cases. It thus warrants extensive discussion and argument, which cannot fully be addressed in 25 pages.

7. Excusing the Debtor from the page limit will not prejudice the Plaintiffs or any other party who may appear in response to the Motion to Enforce. Instead, permitting the Debtor to file a comprehensive pleading that addresses all necessary matters will assist those parties in understanding the Debtor's legal position, and will assist the Court in making its ultimate ruling.

8. Thus, additional briefing beyond the 25-page limit is appropriate and necessary to fully support the critical relief requested in the Motion to Enforce.

## Notice

9. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor seeks approval of this Motion on an ex parte basis. Nevertheless, the Debtor has served a copy of this Motion on: (a) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (b) counsel to the Plaintiffs; and (c) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Consumer Inc. and Johnson & Johnson. The Debtor submits that, in light of the ex parte nature of the relief requested, no other or further notice need be provided.

## No Prior Request

10. No prior request for the relief sought in this Motion has been made to this or any other court in connection with the Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

|  |  |
|---|---|
| Dated: October 18, 2021<br>Charlotte, North Carolina | Respectfully submitted,<br><br>*/s/ John R. Miller, Jr.*<br>C. Richard Rayburn, Jr. (NC 6357)<br>John R. Miller, Jr. (NC 28689)<br>Matthew L. Tomsic (NC 52431)<br>RAYBURN COOPER & DURHAM, P.A.<br>227 West Trade Street, Suite 1200<br>Charlotte, North Carolina  28202<br>Telephone:  (704) 334-0891<br>Facsimile:   (704) 377-1897<br>E-mail:   rrayburn@rcdlaw.net<br>            jmiller@rcdlaw.net<br>            mtomsic@rcdlaw.net<br><br>Gregory M. Gordon (TX Bar No. 08435300)<br>Dan B. Prieto (TX Bar No. 24048744)<br>Amanda Rush (TX Bar No. 24079422)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>E-mail: gmgordon@jonesday.com<br>            dbprieto@jonesday.com<br>            asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>Brad B. Erens (IL Bar No. 06206864)<br>JONES DAY<br>77 West Wacker<br>Chicago, Illinois 60601<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585<br>E-mail: bberens@jonesday.com<br>(Admitted *pro hac vice*)<br><br>PROPOSED ATTORNEYS FOR DEBTOR |

## **EXHIBIT A**

Proposed Order

NAI-1522284905

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LTL MANAGEMENT LLC,[1] | : | Case No. 21-30589 (JCW) |
| | : | |
| Debtor. | : | |
| | : | |

**EX PARTE ORDER GRANTING THE**
**DEBTOR AUTHORITY TO EXCEED MAXIMUM PAGE LIMIT**

This matter coming before the Court on the *Debtor's Ex Parte Motion Requesting Authority to Exceed Maximum Page Limit* (the "Motion"),[2] filed by the debtor in the above-captioned chapter 11 case (the "Debtor"); the Court having reviewed the Motion and the Motion to Enforce; the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding under 28 U.S.C. § 157(b), (d) notice of the Motion was sufficient under the circumstances and (e) ex parte relief is appropriate under Local Bankruptcy

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1522284905

Rule 9013-1(f); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the ex parte relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtor is authorized to exceed the 25-page limit with respect to the *Debtor's Emergency Motion to Enforce the Automatic Stay Against Talc Claimants Who Seek to Pursue Their Claims Against the Debtor and Its Non-Debtor Affiliates* as set forth in the Motion.

3. Pursuant to Local Bankruptcy Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within 14 days of service of this Order.

4. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement or interpretation of this Order.

This Order has been signed electronically.                       United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.