UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT LLC**,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |

**JOINDER OF ARNOLD & ITKIN LLP ON BEHALF OF CERTAIN TALC PERSONAL INJURY CLAIMANTS TO LIMITED OBJECTION OF THE WILLIAM HART PLAINTIFFS TO THE BANKRUPTCY ADMINISTRATOR'S MOTION TO APPOINT AN OFFICIAL COMMITTEE OF TALC CLAIMANTS, AND REQUEST OF ARNOLD & ITKIN LLP ON BEHALF OF CERTAIN TALC PERSONAL INJURY CLAIMANTS FOR ADJOURNMENT OF THE BANKRUPTCY ADMINISTRATOR'S MOTION TO APPOINT AN OFFICIAL COMMITTEE OF TALC CLAIMANTS PENDING RESOLUTION OF THE VENUE OSC**

The law firm of Arnold & Itkin LLP ("Arnold & Itkin"), on behalf of over 7,000 talc personal injury claimants with ovarian cancer (including 848 who are plaintiffs in lawsuits that are part of the multidistrict litigation in the District of New Jersey) represented by Arnold & Itkin (the "Objectors"), through their undersigned counsel, hereby join (the "Joinder") in the arguments made and the relief requested in the *Limited Objection of the William Hart Plaintiffs to the Bankruptcy Administrator's Motion To Appoint an Official Committee of Talc Claimants* [Doc. 307] (the "Williams Hart Objection") filed by Williams Hart Boundas Easterby LLP ("Williams Hart") to the *Bankruptcy Administrator's Motion To Appoint an Official Committee of Talc Claimants* [Doc. 227] (the "Committee Appointment Motion"), but further request that the Court adjourn the hearing with respect to the Committee Appointment Motion until after resolution of the *Order to Appear and Show Cause Why Venue Should not be Transferred to*

---
[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

MWH: 10763.001; 00026319.1

*Another District* [Doc. 208] ("Venue OSC") and the related motions filed seeking to change venue.[2] In support of this Joinder, the Objectors respectfully represent as follows:[3]

### Joinder

1. For the reasons set forth in the Williams Hart Objection, the Objectors submit that the composition of the Official Tort Claimants Committee ("TCC") proposed in the Committee Appointment Motion does not adequately represent the interests of ovarian cancer claimants or fairly represent and reflect the composition of the talc personal injury creditor body. Accordingly, the Committee Appointment Motion should be denied on that basis subject to the Bankruptcy Administrator reformulating the proposed TCC to proportionately represent ovarian cancer claimants.

### The Committee Appointment Motion Should Be Adjourned

2. Although the Objectors join in the relief requested in the Williams Hart Objection as a substantive matter in the event that the hearing on the Committee Appointment Motion goes forward, Objectors submit that, in light of this court's entry of the Venue OSC and the filing of the Venue Motions, the Committee Appointment Motion should not be heard until after there is a determination of the Venue OSC and the related Venue Motions, and the appropriate venue for this case is determined.[4]

---

[2] The following motions (the "Venue Motions") have been filed seeking to change venue: (i) *Motion of Bankruptcy Administrator to Transfer Venue of Bankruptcy Case Pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014(A)(1) in the Interest of Justice or for the Convenience of Parties* [Doc. 205], (ii) *Motion of the MDL Plaintiffs Steering Committee to Transfer Venue Pursuant to 28 U.S.C. § 1412 and Joinder in Bankruptcy Administrators Motion to Transfer Venue* [Doc. 235], (iii) *Response to Order to Show Cause and Motion of Arnold & Itkin LLP on Behalf of Certain TALC Personal Injury Claimants to Transfer Venue of this Chapter 11* Case *to the District of Delaware or, if not to that District, the District of New Jersey Pursuant to 28 U.S.C. § 1412 and Rule 1014 of The Federal Rules of Bankruptcy Procedure* [Doc. 312] (the "Arnold & Itkin Venue Motion").

[3] Capitalized terms used and not otherwise defined herein having the meaning ascribed thereto in the Williams Hart Objection.

[4] In connection with the Venue OSC, the Objectors filed the Arnold & Itkin Venue Motion seeking to have the venue of this case transferred to the District of Delaware in the interests of justice and the convenience of the parties.

3. In light of the possibility that this case may be transferred to, and overseen by a Bankruptcy Judge in, another District in a matter of a week, it is premature to appoint a TCC in this case at this time. Substantive issues regarding the appropriate composition of the TCC such as those raised in the Williams Hart Objection should be decided by the Court that will ultimately oversee this case going forward. Otherwise, the TCC may be appointed shortly before this case is transferred if an order of transfer results from the hearing on the Venue OSC and related Venue Motions scheduled for November 10, 2021. Resolving substantive issues regarding the appropriate composition of the TCC and appointing a TCC in advance of the venue determination risks wasting resources in litigating issues relating to the composition and identities of the TCC members in circumstances where the TCC may be reconstituted by the Court in a transferee District (including as a result of additional litigation over these issues in a transferee District).

4. Additionally, if venue is transferred, there may be claimants located in or near the transferee District (and closer than they are to this District) that will want to be considered for participation on the TCC; and such claimants should not be prejudiced in their ability to seek to appointment to the TCC based on prior appointments to the TCC determined based on the original filing in this District.

**CONCLUSION**

5. For the reasons set forth above, the Committee Appointment Motion should be adjourned pending the resolution of the Venue OSC and the Venue Motions and, if not so adjourned, denied in order for the Bankruptcy Administrator to reformulate a TCC that proportionately represents the interests of ovarian cancer claimants.

Dated: Charlotte, North Carolina
November 3, 2021

**MOON WRIGHT AND HOUSTON, PLLC**

*/s/ Andrew T. Houston*
Richard S. Wright (NC Bar No. 24622)
Andrew T. Houston (NC Bar No. 36208)
Caleb Brown (NC Bar No. 41131)
121 West Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone: (704) 944-6560
Facsimile: (704) 944-0380
Email: ahouston@mwhattorneys.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones
Karen B. Dine
Peter J. Keane
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
kdine@pszjlaw.com
pkeane@pszjlaw.com

*Proposed Co-Counsel for Arnold & Itkin LLP*