

FILED & JUDGMENT ENTERED
Steven T. Salata

November 4 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

## ORDER ESTABLISHING CERTAIN
## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

This matter coming before the Court on the *Debtor's Motion for Entry of*

*an Order Establishing Certain Notice, Case Management and Administrative Procedures*

(the "Motion"),[2] filed by the debtor in the above-captioned case (the "Debtor"); the Court having

reviewed the Motion and having considered the statements of counsel and the evidence adduced

with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409,[3] (c) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), (d) notice of the Motion and the Hearing was sufficient under

the circumstances, (e) no other or further notice need be provided, (f) the relief requested in the

Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest and

(g) implementation of the Case Management Procedures, as described in Annex A hereto, in the

Chapter 11 Case (i) is fair and reasonable, (ii) is consistent with the Bankruptcy Code, the

Bankruptcy Rules and the Local Bankruptcy Rules and (iii) provides for adequate notice under

the circumstances; and the Court having determined that the legal and factual bases set forth in

the Motion and the First Day Declaration and at the Hearing establish just cause for the relief

granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Case Management Procedures set forth in Annex A hereto are

approved and shall apply as provided therein in the Chapter 11 Case, except as otherwise ordered

by the Court.  Notice and service accomplished in accordance with the Case Management

Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code,

the Bankruptcy Rules and the Local Bankruptcy Rules.  To the extent the Case Management

Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy

Rules, the Case Management Procedures shall govern and supersede such rules.

3.      The next two omnibus hearings are scheduled as follows:

(a)      9:30 a.m., prevailing Eastern Time, on November 10, 2021; and

---

[3]      The finding that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 is without prejudice to any (a) argument that venue is not proper or (b) later determination regarding venue, including but not limited to any determination made related to the *Order to Appear and Show Cause Why Venue Should Not be Transferred to Another District* [Dkt. 208].

(b)    9:30 a.m., prevailing Eastern Time, on December 9, 2021.

4.    Prior to giving notice of the Case Management Procedures, the Debtor is

authorized to make non-substantive revisions and corrections as needed to the Case Management

Procedures, including filling in (a) the omnibus hearing schedule and (b) the date and docket

number of this Order where indicated therein.

5.    Any party may obtain a copy of the Case Management Procedures by:

(a) accessing the website maintained by the Agent at https://dm.epiq11.com/LTL, free of charge;

(b) contacting the Agent directly at LTLInfo@epiqglobal.com, P.O. Box 4419, Beaverton,

Oregon 97076-4419 (Attn: LTL Case Team) or by telephone at (855) 675-3078 or (c) accessing

PACER on the Court's website at https://www.ncwb.uscourts.gov for a nominal fee.

6.    This Order shall be immediately effective and enforceable upon its entry.

7.    Any party shall be entitled to request that the Court reconsider entry of

this Order by filing a motion for reconsideration within 14 days of service of this Order.

8.    As soon as practicable after the entry of this Order, a copy of the Case

Management Procedures shall be served by the Debtor on each of the parties on the Service List.

In addition, shortly after the end of each calendar month, the Agent shall serve a copy of

the Case Management Procedures upon any party filing a 2002 Notice Request in accordance

with these Case Management Procedures within such calendar month.  To help ensure that all

parties who may participate in the Chapter 11 Case are aware of the terms of the Case

Management Procedures, the Agent shall post the Case Management Procedures on the Case

Website.

9.    The Debtor is authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

10.     This Court shall retain exclusive jurisdiction over any and all matters

arising from or related to the implementation, interpretation or enforcement of this Order.

This Order has been signed electronically.          United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.

## **Annex A**

Case Management Procedures

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

On October 14, 2021 (the "Petition Date"), LTL Management LLC (the "Debtor")

commenced the above-captioned bankruptcy case (the "Chapter 11 Case") by filing a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to

continue to operate its business and manage its properties as a debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

On _____ __, 2021, the Court entered an order (the "Case Management Order")

[Dkt. ___], pursuant to sections 102(1) and 105(a) of the Bankruptcy Code and Rules 2002(m),

7004, 9007, 9014 and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and consistent with the Rules of Practice and Procedure of the United States Bankruptcy

Court for the Western District of North Carolina (the "Local Bankruptcy Rules"), approving

(a) these Notice, Case Management and Administrative Procedures (collectively, the "Case

Management Procedures") and (b) the form and notice thereof.

Pursuant to the Case Management Order, all notices, motions, applications, briefs,

memoranda, declarations, affidavits, objections, responses, replies, supporting documents and

other papers filed in the Chapter 11 Case, including with regards to any contested matters, and

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

any related adversary proceedings, and orders entered in the Chapter 11 Case, including with

regards to any contested matters, and any related adversary proceedings, are subject to, and will

not be deemed properly served unless they are served in accordance with, these Case

Management Procedures.  Additionally, to the extent there is a conflict between

(a) the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules and (b) these

Case Management Procedures, these Case Management Procedures shall govern in all respects.

***Accordingly, all parties in interest are strongly encouraged to review these Case Management***

***Procedures in their entirety and consult their own legal counsel with respect to any of***

***the matters discussed herein prior to filing any documents in the Chapter 11 Case.***

## Case Management Procedures

**A.      Omnibus Hearings**

1.      <u>All Matters to Be Heard at Omnibus Hearings</u>.  All matters requiring a

hearing in the Chapter 11 Case, including with regards to any contested matters, and any related

adversary proceedings, shall be heard at periodic omnibus hearings (each, an "<u>Omnibus

Hearing</u>"), in accordance with these Case Management Procedures, unless otherwise ordered by

the Court for good reason shown.  The Debtor shall be authorized to schedule, in cooperation

with the Court, Omnibus Hearings to consider (a) all motions, applications and other requests for

relief, along with any notices, briefs, memoranda, declarations, affidavits, replies and other

documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>");

and (b) all objections and responses to such Requests for Relief and documents filed in support

of such objections and responses (collectively, the "<u>Objections</u>" and, together with the Requests

for Relief and all other filed documents, the "<u>Court Filings</u>") pursuant to the following

procedures:

(a)   <u>Initial Omnibus Hearings</u>.  The next two Omnibus Hearings shall
be held on the following dates and times:

(i)   9:30 a.m., prevailing Eastern Time, on November 10, 2021;
and

(ii)   9:30 a.m., prevailing Eastern Time, on December 9, 2021.

(b)   <u>Subsequent Omnibus Hearings</u>.  The Debtor shall be authorized to
schedule, in coordination with the Court, additional Omnibus
Hearings.  The Debtor shall file notices of additional Omnibus
Hearing dates with the Court on a periodic basis.  The Debtor's
claims, noticing and ballot agent (the "<u>Agent</u>") shall post the dates
of the Omnibus Hearings on a website established for this case at
https://dm.epiq11.com/LTL (the "<u>Case Website</u>").  Entities may
contact the Agent for information concerning all scheduled
Omnibus Hearings.

(c)   <u>Proposed Omnibus Hearing Agenda</u>.  Two business days before
each Omnibus Hearing, the Debtor's counsel will file a proposed
agenda with regard to the matters that are scheduled to be heard at
such Omnibus Hearing (the "<u>Proposed Hearing Agenda</u>").
The Proposed Hearing Agenda may include notice of matters that
have been consensually adjourned to a later Omnibus Hearing in
lieu of parties filing a separate notice of such adjournment.
The Debtor may file an updated Proposed Hearing Agenda on
the day prior to the Omnibus Hearing to reflect any updates to
the status of scheduled matters.

(d)   <u>Content of Proposed Hearing Agenda</u>.  The Proposed Hearing
Agenda will include, to the extent known by Debtor's counsel:
(i) the docket number and title of each matter scheduled for
hearing at such Omnibus Hearing, including the initial filing and
any filed responses, replies or documents related thereto;
(ii) the relevant objection deadlines and whether the matters are
contested or uncontested; (iii) whether the matters have settled or
are proposed to be continued; (iv) other comments that will assist
the Court and (v) a suggestion for the order in which the matters
should be addressed.  The matters listed on the Proposed Hearing
Agenda shall be limited to matters of substance and shall not
include administrative filings, such as notices of appearance and
affidavits of service.

(e)     Adjournment of Omnibus Hearings.  Notwithstanding Local Bankruptcy Rule 9013-1(d)(1), and unless the Court orders otherwise, the Debtor's counsel may, without further leave of the Court, (i) adjourn any hearing on a Request for Relief filed by the Debtor to a subsequent Omnibus Hearing either (A) if no Objection contesting the relief has been filed or (B) with the consent of any party that has filed such an Objection, and (ii) adjourn any hearing on a Request for Relief filed by a non-debtor party to a subsequent Omnibus Hearing provided that the filing party consents and either (A) no Objection contesting the relief has been filed or (B) any party that has filed such an Objection consents.  Notice of such adjournments may be filed separately on the docket or noted in the Proposed Hearing Agenda.

(f)     Cancellation of Omnibus Hearings.  If no matters are scheduled for hearing at an Omnibus Hearing, the Debtor may cancel the Omnibus Hearing, with the consent of the Court, by filing a notice of cancellation on the docket for the Chapter 11 Case.

**B.     Filing Procedures; General Motion Practice; Deadlines for Filing of Responsive Pleadings**

2.     Procedures Established for Court Filings.  In accordance with Local Bankruptcy Rule 1002-2(a), registered users of the Court's Electronic Case Filing System (the "ECF System") shall file all Court Filings electronically.  Any Court Filing that refers specifically to a pleading that has already been filed in the Chapter 11 Case shall make specific reference to the docket number assigned by the Court to such pleading by use of the designation "Dkt. ___ " or similar designation.

3.     General Motion Practice.  The following procedures shall be followed for Requests for Relief generally, except as otherwise provided by these Case Management Procedures or an order of the Court:

(a)     Requests for Relief.  Notwithstanding Local Bankruptcy Rule 9013-2(b), any Request for Relief, including briefs, must be filed at least 21 calendar days prior to the hearing thereon. A Request for Relief may be scheduled by the filing party to be heard at any Omnibus Hearing at least 21 calendar days after the filing of such Request for Relief.

(b)     <u>Inconsistent Filings</u>.  If a party other than the Debtor files a Court Filing and purports to set a hearing date inconsistent with these Case Management Procedures (an "<u>Inconsistent Filing</u>"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the 21-day notice period has expired, and the Debtor shall provide such party with notice of these Case Management Procedures within five business days of receipt of the Inconsistent Filing.

(c)     <u>Service of Requests for Relief</u>.  All Requests for Relief shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Court order on: (i) the master service list attached as <u>Schedule 1</u> hereto (the "<u>Master Service List</u>") that the Agent shall maintain pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1; (ii) the list of entities (the "<u>2002 List</u>" and, together with the Master Service List, the "<u>Service List</u>") that have filed a written request for service of filings in the Chapter 11 Case pursuant to Bankruptcy Rule 2002 (a "<u>2002 Notice Request</u>"), which the Agent also shall maintain pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1 and (iii) each entity with a particularized interest in the subject matter of the specific Court Filing (each, an "<u>Affected Entity</u>").

(d)     <u>Notices of Requests for Relief</u>.  Parties should consult the Local Bankruptcy Rules regarding the form and content of notices with respect to Requests for Relief and visit the Court's website at http://www.ncwb.uscourts.gov for more information.

(e)     <u>Requests for Shortened Time or Limited Notice</u>.  Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to (i) file a Request for Relief upon shortened notice; (ii) seek expedited hearings, where appropriate, in accordance with Local Bankruptcy Rule 9006-1 or (iii) seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

(f)     <u>Notice Periods</u>.  Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

    (g)   <u>Evidentiary Hearings</u>.  Nothing herein shall prejudice the rights of any party to seek appropriate discovery with respect to any Court Filings, and all parties' rights to request an evidentiary hearing or establish a discovery schedule are preserved.

    (h)   <u>*Ex Parte* Motions</u>.  Nothing contained herein shall prejudice the rights of any party in interest to file a Request for Relief on an <u>ex parte</u> basis pursuant to Local Bankruptcy Rule 9013-1(f).

4.    <u>Filing and Service of Objections, Replies and Other Responsive Pleadings</u>.

The following procedures shall be followed, except as otherwise provided by these Case

Management Procedures or an order of the Court:

    (a)   <u>Objections and Replies</u>.  Notwithstanding Local Bankruptcy Rule 9013-2(b), any Objection, including related briefs, must be filed on or before the date that is 14 days after the filing and service of a Request for Relief (the "<u>Objection Deadline</u>").  If an Objection is filed, the movant or another interested party may file a reply and any documents in support of the reply, including briefs (collectively, a "<u>Reply</u>"), with the Court on or before the last business day that is at least three calendar days before the applicable hearing date (the "<u>Reply Deadline</u>").

    (b)   <u>Extension of Objection Deadline</u>.  The Objection Deadline may be extended upon the consent of the entity filing the Request for Relief without further order of the Court, <u>provided</u> <u>that</u> the Objection Deadline shall not be less than seven calendar days before the hearing on such matter without approval of the Court. The Reply Deadline may be extended with the approval of the Court.  Unless otherwise agreed by the entity filing the Request for Relief, adjournment of the hearing on the Request for Relief shall not extend the Objection Deadline.

    (c)   <u>Service of Objections</u>.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) those entities on the Service List and (iv) each Affected Entity.

    (d)   <u>Service of Replies to Objections</u>.  Any Reply shall be filed and served by the applicable Reply Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) each party that filed an Objection, (iv) each party on the Service List and (v) each Affected Entity.

5.      <u>Granting the Request for Relief Without a Hearing</u>.  A Request for Relief may be granted without a hearing to the extent allowed under the Bankruptcy Rules or the Local Bankruptcy Rules, including under Local Bankruptcy Rule 9013-1(e), except as otherwise provided herein.  If the Court decides not to grant the Request for Relief without a hearing, (a) the Request for Relief shall be heard at the next scheduled Omnibus Hearing and (b) the decision not to grant the Request for Relief shall not constitute an extension of the Objection Deadline related thereto with respect to any party, unless otherwise agreed between the party seeking relief and the party seeking to object.

6.      <u>Settlements</u>.  If a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  If the Court determines that the notice of the dispute and the hearing is adequate notice of the proposed settlement (<u>i.e.</u>, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  If the Court determines that additional or supplemental notice of the proposed settlement is required, the Debtor shall serve such notice in accordance with the procedures set forth herein, and a hearing to consider such settlement shall be held on the next Omnibus Hearing date or such other date as determined by the Court.  Nothing herein shall be construed as modifying the requirements of Bankruptcy Rule 9019 where the Court determines that such rule applies.

7.    <u>Lift Stay Actions</u>.  Motions filed by parties other than the Debtor seeking

relief pursuant to section 362 of the Bankruptcy Code and Objections thereto shall be governed

by the following procedures:

(a)    If the Omnibus Hearing at which such motion shall be heard is more than 30 days after the date of service of the motion, the movant shall be deemed to have consented to the continuation of the automatic stay and waived its right to assert termination of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until after the conclusion of such Omnibus Hearing and a ruling on the motion by the Court as reflected in an order entered on the docket of this case.

(b)    The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtor.  Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion for relief from the automatic stay under section 362(d) of the Bankruptcy Code by a party other than the Debtor is adjourned by agreement of the Debtor and the moving party to a date that is 30 or more days after the moving party made its request for relief, the moving party shall be deemed to have consented to the continuation of the effectiveness of the automatic stay pending the conclusion of, or as a result of, a preliminary hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter and the entry of an order with respect to such matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

**C.    Service and Notice Procedures**

8.    <u>Procedures Established for Notices</u>.  All Court Filings shall be filed with

the Court and served in accordance with the notice procedures set forth herein (the "<u>Notice</u>

<u>Procedures</u>").

9.    <u>Entities Entitled to Service</u>.  All Court Filings shall be served on

the Service List and any other Affected Entities according to the Notice Procedures, except as

otherwise provided by these Case Management Procedures or an order of the Court.

In accordance with Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1, the Agent shall maintain the Service List, which shall be updated in accordance with paragraph 10, below. An updated Service List can be obtained by (a) accessing the Case Website, (b) contacting the Agent directly or (c) contacting Debtor's counsel directly.

10.      Maintenance of the Service List.  At least every 10 days during the first 60 days of the Chapter 11 Case, and thereafter at least once every calendar month, the Agent shall maintain and update the Service List by (a) making any necessary additions and deletions and (b) posting an updated version of the Service List on the Case Website.

11.      Parties on the Master Service List.  The Master Service List shall include the following parties:

(a)      the Debtor and its counsel;

(b)      the United States Bankruptcy Administrator for the Western District of North Carolina;

(c)      the top law firms representing talc claimants against the Debtor, as identified in the Debtor's chapter 11 petition, but only until an official committee of talc claimants (the "TCC") is appointed and selects counsel;

(d)      counsel to the TCC or any other statutory committees appointed by the Court in the Chapter 11 Case (each, a "Committee");

(e)      counsel to any representative of future talc claimants appointed by the Court in the Chapter 11 Case (the "FCR");

(f)      counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Consumer Inc. and Johnson & Johnson; and

(g)      the Agent.

12.      Requests for Documents Require E-mail Address.  Any creditor or party in interest may enter an appearance and request receipt of all Court Filings pursuant to Bankruptcy Rule 2002 by filing a 2002 Notice Request with the Court and providing a copy of

the 2002 Notice Request to (a) the Debtor and its counsel and (b) the Agent, each at

the addresses set forth on <u>Schedule 1</u> attached hereto.  Except as set forth in paragraph 13 below,

a 2002 Notice Request filed with the Court shall be deemed proper <u>if</u> <u>and</u> <u>only</u> <u>if</u> it includes

the following information with respect to the party filing such request:  (a) the name,

organization (if any), full street address (no P.O. boxes), phone number, fax number (if any) <u>and</u>

<u>e-mail address of the party requesting service</u>; (b) if made by an attorney, the party or parties that

such attorney represents and (c) a certification (i) that a copy of the 2002 Notice Request has

been provided to the Debtor and its counsel and the Agent at the applicable addresses set forth on

<u>Schedule 1</u> hereto, and (ii) stating the date and manner in which the 2002 Notice Request was so

provided.

> 13.    <u>Certification Opting Out of E-mail Service</u>.  Any individual or entity filing

a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address,

and therefore cannot receive service by e-mail, must include in the 2002 Notice Request a

certification to that effect (the "<u>Certification</u>").  The Certification shall include a statement

certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot

practicably obtain an e-mail address at which the individual or entity could receive service by

e-mail.  Such individual entity will thereafter receive paper service as provided in these Case

Management Procedures.

> 14.    <u>No E-mail or Certification Provided</u>.  If a 2002 Notice Request fails to

include an e-mail address or a Certification, the Debtor shall forward a copy of these Case

Management Procedures to such party within five business days of receipt of service of the

2002 Notice Request and specifically request an e-mail address.  ***Until (a) an e-mail address or***

***(b) a Certification is provided in response to the Debtor's request, such party shall not be***

*added to the 2002 List and shall not be served with copies of Court Filings filed in the*

*Chapter 11 Case unless such Court Filings directly affect such party.*

15. <u>Service of Motions Required to Be Served on All Creditors and Parties in</u> <u>Interest</u>.  With respect to Requests for Relief for which particular notices are required to be served on all creditors and parties in interest—including pursuant to Bankruptcy Rules 2002(a)(2), 2002(a)(3), 4001, 6004, 6007 and/or 9019—and subject to paragraph 16, below, parties shall serve all such filings by e-mail, except as otherwise provided in paragraphs 12 through 14, above, on the Service List and any Affected Entity.

16. Except as otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(a)     Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

(b)     Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or the conversion of a case to another chapter);

(c)     Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(d)     Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(e)     Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to, and any hearing to consider approval of, a disclosure statement);

(f)     Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to, and any hearing to consider confirmation of, a chapter 11 plan);

(g)     Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(h)     Bankruptcy Rule 2002(f)(1) (entry of the order for relief);

(i)     Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

(j)    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(k)    Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(l)    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(m)    Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should the case be converted to chapter 7 of the Bankruptcy Code).

Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

17.    Service by E-mail.  All Court Filings (including those subject to paragraph 16, above) shall be electronically filed using the ECF System and served via e-mail as provided in these Case Management Procedures,[2] which shall be deemed to constitute proper service for all parties who are sent such e-mail service, provided, however, that notwithstanding the foregoing and paragraph 19 below, (a) a summons and complaint in an adversary proceeding shall not be served by e-mail and (b) documents filed under seal shall not be served.  In accordance with Bankruptcy Rule 9036 and Local Bankruptcy Rule 5005-1(d), the "Notice of Electronic Filing" that is automatically generated and sent via e-mail by the ECF System shall constitute proper, sufficient and effective service by e-mail for those parties who are, or whose agents are, registered attorney users of the ECF System (each, an "ECF System User" and, collectively, "ECF System Users").  Therefore, a party filing a Court Filing that is served on the ECF System Users via the ECF System has no further obligation to serve such Court Filing on

---

[2]    If an e-mail address is not available but service is required by these Case Management Procedures, Court Filings and Orders shall be served by facsimile, first class mail, overnight delivery or hand delivery, in the sole discretion of the serving party.

the ECF System Users, <u>provided</u> <u>that</u> service to an ECF System User shall not be effective if the

filing party receives notice that service of the Court Filing did not reach the ECF System User.

(a)     Consent to Electronic Service.  Each creditor or party in interest on the Master Service List or that files a 2002 Notice Request shall be deemed to have consented to service of all Court Filings solely by electronic transmission, unless such creditor or party in interest has included a Certification opting out of such service.

(b)     E-mail Subject Line.  With respect to the service of any Court Filing, the subject line of the e-mail shall include:  (i) the Debtor's case name and case number (In re LTL Management LLC, Case No. 21-30589 (JCW); (ii) the name of the party serving such Court Filing and (iii) the title of the Court Filing being served. If the title of the Court Filing is too long to fit reasonably within the subject line of the e-mail, the subject line shall contain a shortened version of such title and the text of the e-mail shall contain the full name of such Court Filing.

(c)     E-mail Attachments.  All Court Filings served by e-mail shall include access to a computer file containing the entire document (including any proposed form of order and exhibits, attachments or other materials) in PDF format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format.

(d)     Effective Date of Service.  Service by e-mail on a party shall be effective as of the earlier of:  (i) the date the Court Filing (or a notice stating that the Court Filing cannot be attached but is available on the ECF System or the Case Website) is transmitted by e-mail to the address provided by such party; or (ii) the date the Court Filing is posted on the ECF System where service on such ECF System User via the ECF System is proper under these Case Management Procedures.

18.     Certificates of Service.  Certificates of service of all Court Filings,

including a list of parties served, shall be filed with the Court; provided, however, that parties

shall not be required to serve the certificates of service on the recipients identified thereon.

19.     Service in Adversary Proceedings.  All filings in adversary proceedings

shall be served, pursuant to Bankruptcy Rule 7005, upon all parties to the adversary proceeding,

all parties known to have a particularized interest in the subject of such adversary proceeding and

the parties listed on the Master Service List.  Any summons and complaint initiating an

adversary proceeding shall be served, pursuant to Bankruptcy Rule 7004, upon the party or

parties against whom relief is sought, all parties known to have a particularized interest in

the subject of such proceeding and the parties listed on the Master Service List.  Absent leave of

the Court, responsive pleadings shall be filed only by defendants in adversary proceedings and/or

by parties in interest who seek to be joined or to dismiss for failure to join a necessary party.

20.    <u>Service of Orders</u>.  All parties submitting orders shall serve a conformed

copy of any entered order on the parties that were entitled to service of the underlying Request

for Relief in accordance with these Case Management Procedures, except as otherwise provided

by an order of the Court.  The Agent shall post all entered orders on the Case Website.

21.    <u>Right to Request Special Notice Procedures</u>.  Nothing herein shall

prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of

the Case Management Procedures upon a showing of good cause, including, without limitation,

the right to file a motion seeking emergency <u>ex parte</u> relief or relief upon shortened notice.

**D.    Additional Case Management Procedures**

22.    <u>Adequate Notice</u>.  Notice and service accomplished in accordance with

the provisions set forth in these Case Management Procedures shall be deemed adequate in all

respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy

Rules.

23.    <u>Computation of Time</u>.  Unless otherwise specified, all time periods

referenced in these Case Management Procedures shall be calculated in accordance

with Bankruptcy Rule 9006(a).

24.     <u>Extensions of Time</u>.  If a Motion to extend the time for a party to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.  If the Court denies such Motion to extend, then the applicable action must be completed no later than 5:00 p.m., prevailing Eastern Time, on the first business day after the Court enters such order.

25.     <u>Effect of the Case Management Procedures</u>.  The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in the Chapter 11 Case, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

## Schedule 1

Master Service List

### The Debtor

LTL Management LLC
(Attn:  John K. Kim, Chief Legal Officer)
501 George Street
New Brunswick, New Jersey 08933
E-mail: jkim8@its.jnj.com

### Lead Bankruptcy Counsel to the Debtor

Gregory M. Gordon
Dan B. Prieto
Amanda Rush
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
        dbprieto@jonesday.com
        asrush@jonesday.com

Brad B. Erens
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
E-mail: bberens@jonesday.com

**Local Bankruptcy Counsel for the Debtor**

C. Richard Rayburn, Jr.
John R. Miller, Jr.
Matthew L. Tomsic
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
Telephone:  (704) 334-0891
Facsimile:  (704) 377-1897
E-mail:  rrayburn@rcdlaw.net
        jmiller@rcdlaw.net
        mtomsic@rcdlaw.net

**Counsel to Johnson & Johnson Consumer Inc. and Johnson & Johnson**

Jessica C. Lauria (Boelter)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York  10020-1095
Telephone:  (212) 819-7097
E-mail:  jessica.boelter@whitecase.com

**Agent**

Epiq Corporate Restructuring, LLC
(Attn:  LTL Case Team)
P.O. Box 4419
Beaverton, Oregon  97076-4419
Telephone:  (855) 675-3078
E-mail:  LTLInfo@epiqglobal.com

**Office of the Bankruptcy Administrator**

Office of the United States Bankruptcy Administrator, Western District of North Carolina
(Attn:  Shelley K. Abel)
Gateway Plaza Building
402 West Trade Street, Suite 200
Charlotte, North Carolina  28202
Telephone:  (704) 350-7587
Facsimile:  (704) 344-6666
E-mail:  shelley_abel@ncwba.uscourts.gov

**Top Law Firms Representing Talc Claimants**

*[Master Service List Parties Only Until the Appointment of the Talc Claimants' Committee]*
See Voluntary Bankruptcy Petition:  List of 30 Law Firms With Most Significant
Representations of Talc Claimants [Dkt. 1].

**Counsel to the Talc Claimants' Committee**

To Be Determined

**Counsel to Future Talc Claimants' Representative**

To Be Determined