## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

## DEBTOR'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING IT TO RETAIN AND EMPLOY JONES DAY AS COUNSEL AS OF THE PETITION DATE

The above-captioned debtor (the "Debtor") applies to the Court for the entry of an order authorizing it to retain and employ Jones Day as counsel in this chapter 11 case as of October 14, 2021 (the "Petition Date"). In support of this Application, the Debtor respectfully represents as follows:

### Background

1. On the Petition Date, the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

2. The Debtor is a North Carolina limited liability company. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third-party sales of certain

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

products, and will seek opportunities to acquire or finance additional royalty revenue streams.

As of the Petition Date, the Debtor was a defendant in thousands of lawsuits asserting personal

injuries allegedly caused by exposure to talc-containing products.

3.     A comprehensive description of the Debtor, its history, its assets and

liabilities and the events leading to the commencement of this chapter 11 case can be found in

the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 5] (the "First Day

Declaration"), which was filed on the Petition Date and is incorporated herein by reference.  In

addition to the First Day Declaration, the Debtor has filed an Informational Brief [Dkt. 3] to

provide additional information about its talc litigation, related costs and plans to address these

matters in this chapter 11 case (the "Chapter 11 Case")

4.     On November 8, 2021, the Court entered an order [Dkt. 355] appointing

an official committee of talc claimants (the "Talc Committee") in the Chapter 11 Case.

### Relief Requested

5.     Pursuant to sections 327(a) and 329(a) of the Bankruptcy Code,

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-1 of the Rules of Practice and Procedure for the United States

Bankruptcy Court for the Western District of North Carolina (the "Local Bankruptcy Rules"),

and consistent with the *Guidelines for Compensation and Expense Reimbursement of

Professionals* issued by this Court (the "Compensation Guidelines"), the Debtor hereby seeks

the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing it to

retain and employ Jones Day as counsel in the Chapter 11 Case to represent the Debtor in all

aspects of its reorganization, effective as of the Petition Date, in accordance with the engagement

letter dated October 12, 2021 (the "Engagement Letter"), a copy of which is attached hereto as

Exhibit B.[3]

6.       In support of this Application, the Debtor submits, and incorporates herein

by reference, (a) the *Declaration of Gregory M. Gordon*, a partner in Jones Day (the "Gordon

Declaration"), a copy of which is attached hereto as Exhibit C, and (b) Jones Day's Disclosure of

Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as

Exhibit D.

## Argument

### *Jones Day's Qualifications*

7.       Jones Day is well qualified to serve as the Debtor's counsel in

the Chapter 11 Case.  Jones Day is one of the largest law firms in the world, with a national and

international practice, and has substantial experience in all aspects of the law that are expected to

arise in the Chapter 11 Case, including bankruptcy, general corporate, litigation and tax.

8.       Jones Day's restructuring practice group consists of approximately

65 attorneys practicing in offices throughout the United States and overseas.  Jones Day's

restructuring lawyers have played significant roles in a wide array of chapter 11 cases, including

the cases of Aldrich Pump LLC; Alpha Natural Resources, Inc.; American Apparel, Inc.;

Bestwall LLC; Chrysler LLC; Dana Corporation; DBMP LLC; The Diocese of Rockville Centre,

New York; Fresh and Easy Neighborhood Market Inc.; Harry & David Holdings, Inc.; Hostess

Brands, Inc.; Kaiser Aluminum Corporation; Kaiser Gypsum Company, Inc.; Kmart

Corporation; LTV Steel Company, Inc.; Metaldyne Corporation; Molycorp, Inc.; NII Holdings,

Inc.; Peabody Energy Corporation; Plant Insulation Co.; RadioShack Corporation; Specialty

---

[3]       Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of
the Engagement Letter.

Products Holding Corporation; Swift Energy Company; and USG Corporation.  A number of

these cases involved substantial personal injury claims, including the cases of:  (a) Aldrich Pump

LLC; (b) Bestwall LLC; (c) Dana Corporation; (d) DBMP LLC; (e) Kaiser Aluminum

Corporation; (f) Kaiser Gypsum Company, Inc.; (g) Plant Insulation Co.; (h) Specialty Products

Holding Corp.; and (i) USG Corporation.

9.    Jones Day also is familiar with the Debtor's business.  As described below

and in the Gordon Declaration, prior to the Petition Date Jones Day represented the Debtor,

Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Inc. ("Old JJCI"), which ceased

to exist when the Debtor was formed on October 12, 2021.  In connection with this prepetition

work, Jones Day's professionals have worked closely with the Debtor's management and other

professionals and, as a result, have become well acquainted with the Debtor's history, business,

assets and liabilities, corporate structure and related matters.  Accordingly, Jones Day has

developed substantial knowledge regarding the Debtor that will result in effective and efficient

services in the Chapter 11 Case.

***Services to Be Provided by Jones Day***

10.    The Debtor anticipates that Jones Day will render general legal services to

the Debtor as needed throughout the course of the Chapter 11 Case, including, without

limitation, providing bankruptcy, general corporate, litigation and tax advice.  In particular,

the Debtor anticipates that Jones Day will perform, among others, the following legal services:

(a)    advise the Debtor regarding its rights, powers and duties in continuing to operate and manage its assets and properties under chapter 11 of the Bankruptcy Code;

(b)    prepare on behalf of the Debtor all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and review all financial and other reports to be filed in the Chapter 11 Case;

(c)  advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in the Chapter 11 Case, and appear on behalf of the Debtor in any hearings or other proceedings relating to those matters;

(d)  advise and assist the Debtor in negotiations with the Debtor's stakeholders;

(e)  advise the Debtor concerning executory contract and unexpired lease issues;

(f)  advise the Debtor in connection with the formulation, negotiation and promulgation of any plan of reorganization, disclosure statement and related transactional documents;

(g)  assist the Debtor in reviewing, estimating and resolving claims asserted against the Debtor's estate;

(h)  commence and conduct litigation that is necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's chapter 11 estate or otherwise further the goal of completing the Debtor's successful reorganization;

(i)  provide non-bankruptcy services for the Debtor to the extent requested by the Debtor, including, among others, advice related to corporate governance; and

(j)  perform all other necessary and appropriate legal services in connection with the Chapter 11 Case for or on behalf of the Debtor, as requested by the Debtor.

11.  The Debtor requires knowledgeable counsel to render these essential professional services.  Jones Day has substantial expertise in all of these areas.  Moreover, as indicated above, Jones Day has obtained valuable institutional knowledge of the Debtor's history, assets, liabilities and financial affairs as a result of its representation of the Debtor and Old JJCI prior to the Petition Date.  Accordingly, the Debtor respectfully submits that Jones Day is well qualified to perform these services and represent the Debtor's interests in the Chapter 11 Case.

12.     The Debtor also is seeking to retain:  (a) Rayburn Cooper & Durham, P.A. as local bankruptcy counsel in North Carolina;[4] (b) Bates White, LLC as talc consultants; (c) AlixPartners, LLP as financial advisor; (d) King & Spalding as special counsel for talc matters; (e) Shook, Hardy & Bacon L.L.P. as special counsel for talc matters; (f) McCarter English, LLP as special counsel for insurance matters; and (g) Weil, Gotshal & Manges LLP as special counsel for talc matters.[5]  Jones Day will coordinate its work in the Chapter 11 Case to minimize duplication of effort.

### *Compensation and Fee Applications*

13.     Pursuant to the terms of the Engagement Letter and subject to the Court's approval of this Application, Jones Day intends to:  (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

14.     Jones Day will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  At present, the standard hourly rates charged by Jones Day in the United States fall within the following ranges:

| **Billing Category** | **U.S. Range** |
| --- | --- |
| Partners/Of Counsel | $1,000–$1,450 |
| Associates | $575–$975 |
| Paralegals | $325–$500 |

---

[4]     The Court entered an <u>ex parte</u> order authorizing the Debtor to retain and employ Rayburn Cooper & Durham, P.A  [Dkt. 370].  The Debtor will seek to retain Wollmuth Maher & Deutsch LLP as local bankruptcy counsel in New Jersey.

[5]     Johnson & Johnson Consumer Inc. ("<u>New JJCI</u>") and J&J have retained White & Case LLP and Moore & Van Allen PLLC as their bankruptcy and local counsel, respectively.

15.     Jones Day's hourly rates may change annually in accordance with

the terms of the Engagement Letter and Jones Day's established billing practices and procedures.

The names, positions, resident offices and current hourly rates of those Jones Day professionals

currently expected to spend significant time on the Chapter 11 Case are attached as <u>Schedule 3</u> to

the Gordon Declaration.

16.     Jones Day's hourly fees are comparable to those charged by attorneys of

similar experience and expertise for engagements of a scope and complexity similar to

the Chapter 11 Case.  Further, Jones Day's bankruptcy professionals are subject to the same

client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy

engagements.  For all of these reasons, Jones Day's rates are reasonable and favorable to

the Debtor's estate.

17.     Jones Day will maintain detailed, contemporaneous time records in

six-minute intervals and apply to the Court for payment of compensation and reimbursement of

expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Bankruptcy Rules, the Compensation Guidelines, the Interim Compensation

Order (as defined below) and any additional procedures that may be established by the Court in

the Chapter 11 Case.  Jones Day intends to use the following billing categories:[6]

| CATEGORY | DESCRIPTION |
|---|---|
| Automatic Stay | Includes all actions to extend or enforce the automatic stay, motions to modify the automatic stay and issues related to the effect of the automatic stay on pending matters. |

---

[6]     These categories are consistent with and expand upon the project categories in the Compensation
Guidelines.  Jones Day, in its discretion and in consultation with the Debtor, may determine to create
separate sub-billing categories for certain discrete projects undertaken during the Chapter 11 Case.

| CATEGORY | DESCRIPTION |
|---|---|
| Case Administration | Includes general case administration services; communications with the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") not within the scope of other matter numbers; maintenance of case docket and calendar; and preparation and review of other reports, notices and service lists. |
| Claims Administration | Includes any bar date matters, claims objections and related contested matters and other claims administration activities, in connection with non-talc claims and unrelated to talc estimation matters. |
| Court Hearings | Includes preparation for and attendance at court hearings. |
| Creditor Inquiries | Includes all actions taken to respond to creditor inquiries about the Chapter 11 Case that are general in nature and not chargeable to another matter number. |
| Employee Matters | Includes matters relating to any seconded employees. |
| Executory Contracts and Unexpired Leases | Includes contract and lease analysis and matters relating to assumption, assumption and assignment, rejection or recharacterization of executory contracts and unexpired leases. |
| Fee Application Preparation | Includes preparation of Jones Day fee applications and related activities and the preparation of monthly invoices. |
| Financing Matters | Includes any matters relating to funding the Debtors or the plan of reorganization (the "Plan"), including implementation of the Funding Agreement (as defined in the Gordon Declaration). |

| CATEGORY | DESCRIPTION |
|---|---|
| General Corporate | Includes all transactional, corporate governance and related matters involving the Debtor that do not relate to the Plan or disclosure statement process. |
| Litigation and Adversary Proceedings | Includes all non-bankruptcy litigation and adversary proceedings (i.e., actions initiated by a complaint in this Court); also includes all other contested matters that do not fit within another, more specific matter description. |
| Nonworking Travel | Includes all nonworking travel time. |
| Plan of Reorganization and Disclosure Statement | Includes formulation, negotiation, preparation and promulgation of a Plan, disclosure statements and related corporate and other documentation to implement the Plan, research relating thereto and matters related to exclusivity. |
| Professional Retention/Fee Issues | Includes preparation of applications to retain professionals, other matters relating to retention of professionals and objections to fees of other professionals. |
| Reporting | Includes preparation of schedules of assets and liabilities and amendments thereto, a statement of financial affairs and amendments thereto, status reports and other reports required by the Bankruptcy Administrator, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Court. |
| Talc Matters | Includes issues relating to talc claims, including analysis, valuation, strategy, negotiations, communications and meetings related to talc claims and any work on talc claims estimation matters. |
| Tax Advice | Includes all federal and state income, property, excise and other tax matters, including tax planning matters. |

| CATEGORY | DESCRIPTION |
|---|---|
| Use, Sale, Lease of Assets | Includes all matters relating to postpetition uses of property of the estate (including any acquisitions or dispositions). |

18.    Jones Day contemplates using the following expense categories:

(a) copies; (b) outside printing; (c) telephone; (d) facsimile; (e) delivery services/couriers;

(f) postage; (g) local travel; (h) out-of-town travel (including subcategories for transportation,

hotel, meals, ground transportation and other); (i) local meals; (j) court fees; (k) subpoena fees;

(l) witness fees; (m) deposition transcripts; (n) trial transcripts; (o) trial exhibits; (p) litigation

support vendors; (q) experts; (r) investigators; (s) arbitrators/mediators; and (t) other.

***Compensation Prior to the Petition Date***

19.    Prior to the Petition Date, on October 12, 2021, Old JJCI paid Jones Day a

retainer of $500,000.00 for professional services and expenses to be provided to the Debtor

(the "Retainer").

20.    As described in the Disclosure of Compensation, the Retainer represents

the total payment Jones Day received for services provided to the Debtor in the one-year period

preceding the Petition Date.  The application of the Retainer through the Petition Date reflects

estimated fees and expenses for the period from October 12, 2021 through October 14, 2021

(the "Debtor Estimated Amount").  As of the Petition Date, the Retainer balance was $0.00.[7]

---

[7]    Jones Day expects to:  (a) complete its reconciliation of prepetition fees and expenses actually incurred for the period prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case; (b) make a corresponding adjustment to the amount of the Retainer on or about that date; and (c) disclose such adjustment in its first interim fee application.  If Jones Day's unbilled actual fees and expenses for the period prior to the Petition Date are less than the Debtor Estimated Amount, the balance will be added to the Retainer and applied consistent with the terms of any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim Compensation Order").  Jones Day will not apply any portion of the Retainer to fees and

Jones Day requests that it be permitted to hold any amounts comprising the Retainer (following the reconciliation described herein and in the Disclosure of Compensation) as a postpetition retainer subject to the terms of the Interim Compensation Order.[8]

21.    In addition, prior to the Petition Date, J&J paid Jones Day a total of $4,953,859.25 for actual fees and expenses for March 30, 2021 through August 31, 2021 and estimated fees and expenses for September 1, 2021 through October 11, 2021 (the "J&J Estimated Amount")[9] relating to certain prepetition legal services provided to J&J and Old JJCI, in connection with (a) advice regarding restructuring matters related to talc liabilities; (b) the corporate restructuring completed on October 12, 2021; and (c) other related legal services.  As described in the Gordon Declaration, as a result of this corporate restructuring, the Debtor was assigned Jones Day's engagement with Old JJCI.[10]  Jones Day's representation of J&J in respect of restructuring matters was terminated as of October 12, 2021.

**Disclosure Concerning Disinterestedness**

22.    The Gordon Declaration, incorporated herein by reference, discloses Jones Day's connections to the Debtor and parties in interest in the Chapter 11 Case.  In reliance

---

[8]    expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including the Interim Compensation Order.

[8]    The Debtor has filed the *Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (the "Interim Compensation Motion") [Dkt. 231], which seeks entry of the Interim Compensation Order.  Pursuant to the Interim Compensation Motion, the Debtor requests, among other things, that on notice to the Debtor, retained professionals will be authorized to use any remaining amount of their prepetition retainers to satisfy some or all of an Authorized Payment (as defined in the Interim Compensation Motion); provided that each professional will utilize any remaining retainer by the time it files its first Interim Fee Application (as defined in the Interim Compensation Motion) or as soon thereafter as is practicable.

[9]    Jones Day expects to complete its reconciliation of fees and expenses actually incurred for September 1, 2021 through October 11, 2021 soon.  Upon completion of the reconciliation process, if Jones Day's unbilled actual fees and expenses for that period are less than the J&J Estimated Amount, the balance of those funds will be returned to J&J.

[10]    The terms of Jones Day's engagement by Old JJCI in respect of restructuring matters were superseded in their entirety by the Engagement Letter.

on the Gordon Declaration, and except as set forth therein and in this Application, the Debtor

believes that: (a) Jones Day has no connection with the Debtor, its affiliates,[11] its creditors,

the Bankruptcy Administrator, any person employed in the office of the Bankruptcy

Administrator or any other party with an actual or potential interest in the Chapter 11 Case or

their respective attorneys or accountants; (b) Jones Day is not a creditor, equity holder or insider

of the Debtor; (c) none of Jones Day's lawyers is, or was within two years of the Petition Date, a

director, officer or employee of the Debtor; and (d) Jones Day neither holds nor represents an

interest materially adverse to the Debtor or its estate.  Accordingly, the Debtor believes that

Jones Day is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and

as required by section 327(a) of the Bankruptcy Code.

   23. In the event that Jones Day's representation of the Debtor in connection

with any matter in the Chapter 11 Case would result in it becoming adverse to a party in interest

that gives rise to a professional conflict, the Debtor will use separate counsel to represent its

interests with respect to such matter against such party.  If necessary and with the approval of the

Court, additional conflicts counsel may be retained in connection with that matter.

<u>**Legal Basis for Relief Requested**</u>

   24. Under section 327(a) of the Bankruptcy Code, a debtor in possession is

authorized to employ professional persons "that do not hold or represent an interest adverse to

the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out

[its] duties under this title."  11 U.S.C. § 327(a).[12]  Section 1107(b) of the Bankruptcy Code

---

[11] As described in the Gordon Declaration, Jones Day currently represents certain non-debtor affiliates of the Debtor, including J&J, in matters unrelated to the Chapter 11 Case.

[12] Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:

   a person that —

elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11

of the Bankruptcy Code and provides that "a person is not disqualified for employment under

section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's

employment by or representation of the debtor before the commencement of the case."

11 U.S.C. § 1107(b).

   25. As required by section 329(a) of the Bankruptcy Code[13] and Bankruptcy

Rule 2014(a),[14] the above-described facts set forth in this Application and the information in

---

  (A) is not a creditor, an equity security holder, or an insider;

  (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

  (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

[13] Section 329(a) of the Bankruptcy Code provides as follows:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).  This information is set forth in the Disclosure of Compensation attached hereto as Exhibit D.

[14] Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

the exhibits attached hereto set forth:  (a) the specific facts showing the necessity for Jones Day's employment; (b) the reasons for the Debtor's selection of Jones Day as its counsel in connection with the Chapter 11 Case; (c) the professional services proposed to be provided by Jones Day; (d) the arrangement between the Debtor and Jones Day with respect to Jones Day's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the Debtor's knowledge, the extent of Jones Day's connections, if any, to certain parties in interest in these matters.  Accordingly, Jones Day's retention by the Debtor should be approved.

### Notice

26.     Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor seeks approval of this Application on an ex parte basis.  Nevertheless, consistent with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Dkt. 322] (the "Case Management Order"), notice of this Application has been provided to:  (a) the Bankruptcy Administrator; (b) the Talc Committee; (c) counsel to the Debtor's non debtor affiliates, New JJCI and J&J; and (d) the other parties on the Service List established by the Case Management Order.  The Debtor submits that, in light of the ex parte nature of the relief requested, no other or further notice need be provided.

### No Prior Request

27.     No prior request for the relief sought in this Application has been made to this or any other Court in connection with the Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court:  (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: November 15, 2021
      Charlotte, North Carolina

Respectfully submitted,

LTL Management LLC

By: */s/ John K. Kim*
    John K. Kim
    Chief Legal Officer

PROPOSED ATTORNEYS FOR
DEBTOR:

C. Richard Rayburn, Jr. (NC 6357)
John R. Miller, Jr. (NC 28689)
Matthew L. Tomsic (NC 52431)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
Telephone:  (704) 334-0891
Facsimile:  (704) 377-1897
E-mail:  rrayburn@rcdlaw.net
        jmiller@rcdlaw.net
        mtomsic@rcdlaw.net

Gregory M. Gordon (TX Bar No. 08435300)
Dan B. Prieto (TX Bar No. 24048744)
Amanda Rush (TX Bar No. 24079422)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
E-mail:  gmgordon@jonesday.com
        dbprieto@jonesday.com
        asrush@ jonesday.com
(Admitted *pro hac vice*)

Brad B. Erens (IL Bar No. 06206864)
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
E-mail:   bberens@jonesday.com
(Admitted *pro hac vice*)

## **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

**EX PARTE ORDER AUTHORIZING DEBTOR TO RETAIN AND**
**EMPLOY JONES DAY AS COUNSEL AS OF THE PETITION DATE**

This matter coming before the Court on the *Debtor's Ex Parte Application for an Order Authorizing It to Retain and Employ Jones Day as Counsel as of the Petition Date* (the "Application"),[2] filed by the debtor in the above-captioned case (the "Debtor"); the Court having reviewed the Application, the Gordon Declaration, the Disclosure of Compensation and the Engagement Letter; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2),

(d) notice of the Application was sufficient under the circumstances, (e) Jones Day does not hold

or represent any interest materially adverse to the Debtor's estate and is a "disinterested person,"

as defined in section 101(14) of the Bankruptcy Code and as required by section 327 of the

Bankruptcy Code and (f) the Application and all related schedules and exhibits fully comply with

the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Compensation

Guidelines; and the Court having determined that the legal and factual bases set forth in the

Application, the Gordon Declaration and the Disclosure of Compensation establish just cause for

the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.     The Application is GRANTED.

2.     The Debtor is authorized to retain and employ Jones Day as its counsel in

the above-captioned chapter 11 case (the "Chapter 11 Case"), in accordance with section 327(a)

of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy

Rules 2014-1 and 2016-1, on the terms and conditions set forth in the Application and

the Engagement Letter, as of the Petition Date.

3.     Jones Day is authorized to render the professional services set forth in

the Application, the Engagement Letter and the Gordon Declaration.

4.     Jones Day will use its reasonable efforts to avoid any duplication of

services provided by any of the Debtor's other retained professionals in the Chapter 11 Case.

5.      Jones Day shall be compensated for its services and reimbursed for any related expenses as set forth in the Application and the exhibits thereto, and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any Interim Compensation Order entered in the Chapter 11 Case and any other applicable orders or procedures of this Court.

6.      Jones Day shall:  (a) complete its reconciliation of prepetition fees and expenses actually incurred on behalf of the Debtor for the period prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case; (b) make a corresponding adjustment to the amount of the Retainer on or about that date, as described in the Application and the exhibits thereto; and (c) disclose such adjustment in its first interim fee application.  Subject to the foregoing adjustment, Jones Day is authorized to hold any remaining amount of the Retainer following such reconciliation in a trust account subject to the terms of any Interim Compensation Order entered in the Chapter 11 Case.

7.      Jones Day shall not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including any Interim Compensation Order entered in the Chapter 11 Case.

8.      To the extent that the terms of this Order are inconsistent with the terms of the Engagement Letter, the terms of this Order shall control.

9.      This Order shall be immediately effective and enforceable upon its entry.

10.     Pursuant to Local Bankruptcy Rule 9013-1(f), any party shall be entitled to request a hearing or request that the Court reconsider entry of this Order by filing a motion for reconsideration within 14 days of service of this Order.

11.     The Debtor is authorized and empowered to take all actions necessary to

implement the relief granted in this Order in accordance with the Application.

12.     This Court shall retain exclusive jurisdiction over any and all matters

arising from or related to the implementation, interpretation or enforcement of this Order.


This Order has been signed electronically.                    United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.

## **EXHIBIT B**

Engagement Letter

# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

DIRECT NUMBER: (214) 969-3759
gmgordon@jonesday.com

October 12, 2021

Mr. John K. Kim, Esq.
Chief Legal Officer
LTL Management LLC
501 George St.
New Brunswick, New Jersey 08933

Re:    Engagement of Jones Day

Dear John:

Thank you for retaining Jones Day for this engagement.  We are pleased that you have sought our counsel, and we look forward to assisting you on the matters described below.  This letter sets forth the scope and terms of our engagement by LTL Management LLC, a North Carolina limited liability company (the "Company or "you"), in connection with the following services (collectively, the "Matters"):  providing advice regarding restructuring issues, as well as certain other related matters, including the Company's preparation for the possible commencement, administration and completion of a case (a "Bankruptcy Case") under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").  This letter supersedes in its entirety the terms of our engagement by Johnson & Johnson Consumer, Inc. regarding restructuring advice.

1.    Scope of Engagement and Client Relationship

While Jones Day enjoys broad relationships involving multiple matters for many clients, we do not act as general counsel for clients and our work and advice is limited to the specific matters on which we are engaged.  Thus our relationship may expand beyond the Matters described above, but only if you and we agree to specific new or expanded engagements.

It is important to emphasize that we are entering into an attorney-client relationship only with the Company in connection with the Matters.  That is, unless you and we agree otherwise, Jones Day is not representing any owner, employee, parent, subsidiary or other direct or indirect affiliate of the Company.

If you believe that the Company's personnel or any of its affiliates are unclear regarding the scope of our representation, please advise them that Jones Day does not represent them in connection with the Matters or, if you prefer, let us know so we can explain the scope of our engagement to them.

NAI-1521358169v2

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 2

The Company is an indirect wholly-owned subsidiary of Johnson & Johnson. Jones Day formerly represented Johnson & Johnson and its wholly-owned subsidiary, Johnson & Johnson Consumer Inc., in connection with the restructuring of Johnson & Johnson Consumer Inc. Jones Day currently represents Johnson & Johnson in matters unrelated to the Matters. Jones Day has not represented, does not and will not represent Johnson & Johnson or any affiliate of the Company in any matter adverse to the Company.

    2.    <u>Staffing</u>

The Company has designated the individual to whom this letter is addressed above as the person with responsibility for overseeing this matter and to whom we will report. I will have primary responsibility for this engagement, and will rely on other lawyers at Jones Day to work as a team as we handle the necessary work on the Matters. I will be the Partner generally responsible for our overall relationship with you, including matters related to billing and staffing. Our goal is to stay in close contact with you over the course of our engagement as we seek to provide the Company with timely, high quality legal services in a cost-efficient manner.

    3.    <u>Compensation and Disbursements</u>

Generally, our fees are determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person. Currently, hourly rates for our lawyers who are likely to be working on this matter range from $1,125 to $1,450 for partners and $525 to $975 for associates. Our hourly rates are revised periodically, and we may revise them from time to time during the course of our representation of the Company.

Unless we specifically agree in writing to the contrary, any fee estimate, budget, or projection of hours is not a commitment to cap our fees or perform the services within a fixed amount of time or for a fixed fee.

In addition to our fees, we expect the Company to defray certain costs and expenses incurred during our representation. A description of our Disbursements and Charges Billing Policies is included with this letter. Please note that although our charges for non-cash costs incurred by Jones Day reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from the Company pursuant to the retainer arrangement described below. In some circumstances, however, such as in the case of particularly large items, we may ask the Company to pay these items directly or in advance.

We will submit billing statements to you on a monthly (or, if circumstances require, a more frequent) basis. If you have any question or concern about any billing statement, we ask

NAI-1521358169v2

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 3

that you raise it with us promptly upon your receipt of the statement and, in any event, not more than 30 days after your receipt of the invoice.  As we have discussed, we are holding a $500,000 retainer at the time of the execution of this letter (the "Retainer").  Our fees and expenses shall be deemed automatically applied against such Retainer as such fees and expenses are incurred (which for fees is as the services are performed), unless we notify you otherwise in writing.  You agree to provide us with additional retainer amounts from time to time in order to maintain the Retainer at $500,000.

Under Part 137 of the Rules of the Chief Administrator of the Courts in New York, you have the right to arbitrate any fee disputes as provided in that rule, a copy of which will be provided to you at your request.

4.      Potentially Adverse Representations or Conflicts of Interest; Advance Waiver

Jones Day represents many clients on a wide variety of matters in a number of different practice areas.  A further description of our Firm and areas of practice is available on our website, at www.jonesday.com.

Just as you in the future may ask us to represent the Company in a matter that is directly adverse to one of our other clients, it is possible Jones Day will be asked in the future to represent another client in a matter that is directly adverse to you.  We want you and our other clients to be able to choose Jones Day as their counsel on matters where it is appropriate to do so. Accordingly, you agree that Jones Day in the future may represent any existing or future client in any transaction and counseling matter (but not litigation or other dispute resolution matter) that is directly adverse to the Company.  Your agreement to this waiver is based on two understandings as follows.  First, Jones Day will not represent another client adverse to you in a matter that is substantially related to any of the matters that we are handling for you.  Second, to the extent Jones Day does represent a client adverse to you, Jones Day lawyers or other service providers who are then working for the Company will not work on that adverse matter for that other client and we will take steps to ensure that your confidential information is not shared with our lawyers or other time keepers involved in that adverse matter.

You also confirm that your agreement to this prospective waiver is voluntary and that you intend for it to be effective and enforceable and for Jones Day to rely upon it.

5.      Bankruptcy Cases

If the Company determines to file a petition under chapter 11 of the Bankruptcy Code, our ongoing employment by the Company will be subject to the approval of the bankruptcy court with jurisdiction over the petition.  If necessary, we will modify the terms and conditions of our

NAI-1521358169v2

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 4

employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the bankruptcy court.

In the event of a potential chapter 11 filing by the Company, we will take steps necessary to prepare the conflict of interest disclosure required in connection with our retention as bankruptcy counsel.  We will initiate the process of reviewing conflict checks on potentially interested parties in key categories, as and when provided to us by the Company, including (a) the Company's managers and officers and their respective business affiliations, (b) the Company's largest unsecured creditors, (c) the Company's other material secured and unsecured creditors, (d) counterparties to material contracts and leases with the Company, (e) parties to significant litigation with the Company, and (f) any material lenders to the Company.

A list of entities that will be checked in our conflict system (the "Interested Party List") will be created based upon information the Company provides.  We also will compile a preliminary draft of a schedule describing our relationships with certain of the entities identified on the Interested Party List in matters unrelated to the Company or its potential Bankruptcy Case (the "Disclosure Schedule").  We will provide the Company with a draft of the Disclosure Schedule after it is available.  Although we believe that these relationships likely will not constitute conflicts of interest, these relationships must be described and disclosed in the Company's application to the bankruptcy court to retain Jones Day as counsel.

If actual conflicts of interest arise with respect to any of the parties identified on the Disclosure Schedule, the following procedures will be utilized:  (a) we may determine that Jones Day is unable to represent the Company in matters adverse to those parties; and (b) if we make such a determination, the Company will be required to use separate counsel in those matters, and Jones Day will not participate in those matters.  Jones Day will not represent any party adverse to the Company, or take any position adverse to the Company, in any Bankruptcy Case.

The Disclosure Schedule will be updated as new information becomes available until any Bankruptcy Case is commenced; thereafter, the Disclosure Schedule will continue to be supplemented on a periodic basis throughout the course of the Bankruptcy Case.  We will provide the Company with updated Interested Party Lists and Disclosure Schedules after they become available.

6.      Audit Letter Issues

Our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of responses to requests to provide information to auditors, except when such ABA Policy is clearly inapplicable.

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 5

      7.      <u>Procedures upon Termination; Return of Documents; Intellectual Property</u>

      Unless earlier terminated by you or us, our attorney client relationship will end once we have completed our last assignment for you in connection with the Matters.  As we complete specific projects for you, Jones Day will close its file numbers for those matters.  Once we have completed our work on a particular assignment, and at your request, we will return any of your property that might be in our possession.  Consistent with our professional obligations, we also may keep copies of core documents and pleadings, as well as our own property relating to the Matters, including lawyer work product, notes and administrative records, whether in an electronic or hard copy format.

      You agree that Jones Day will be free, on the later of the date set by bar requirements applicable to lawyers practicing in the State of Texas or seven years after the end of our relationship, to destroy or otherwise dispose of any documents or other materials, including electronic versions, relating to your representation and still in our possession without further notice to you.

      We may retain all intellectual property and other know-how that we develop in the course of representing you, including subject matter expertise, whether or not preserved in written or electronic form.  We may use that property in the course of representing other clients, so long as none of your confidential information is disclosed.

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 6


Please sign and return to us a copy of this letter to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement.  If you would like to discuss any provisions of this letter, please do not hesitate to call me.

Very truly yours,

Gregory M. Gordon

JONES DAY

Mr. John K. Kim
October 12, 2021
Page 7


On behalf of the Company, I agree to the terms of this letter and confirm that it accurately reflects the scope and terms of this engagement and that I am authorized by the Company to sign this letter on its behalf.

Dated:  October 12, 2021

Signature:

Name:    John K. Kim

Title:    Chief Legal Officer

NAI-1521358169v2

# **EXHIBIT C**

Gordon Declaration

NAI-1522055035

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

|  |  |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. |  |

## DECLARATION OF GREGORY M. GORDON

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Bankruptcy Rules"), I, Gregory M. Gordon, hereby declare as follows:

1.      I am an attorney at law admitted and in good standing to practice in the State of Texas, before the United States District Court for the Northern District of Texas and before the United States Court of Appeals for the Eighth Circuit.

2.      I am a partner with the law firm of Jones Day and am duly authorized to make this declaration on behalf of Jones Day.  I make this declaration in support of the *Debtor's Ex Parte Application for an Order Authorizing It to Retain and Employ Jones Day as Counsel as of the Petition Date* (the "Application").[2]  The facts set forth in this declaration are personally known to me and, if called as a witness, I could and would testify thereto.

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

**Jones Day's Qualifications**

3.      Jones Day is well qualified to serve as the Debtor's counsel in
the Chapter 11 Case.  Jones Day is one of the largest law firms in the world, with a national and
international practice, and has substantial experience in all aspects of the law that are expected to
arise in the Chapter 11 Case, including bankruptcy, general corporate, litigation and tax.

4.      Jones Day's restructuring practice group consists of approximately
65 attorneys practicing in offices throughout the United States and overseas.  Jones Day's
restructuring lawyers have played significant roles in a wide array of chapter 11 cases, including
the cases of Aldrich Pump LLC; Alpha Natural Resources, Inc.; American Apparel, Inc.;
Bestwall LLC; Chrysler LLC; Dana Corporation; DBMP LLC; The Diocese of Rockville Centre,
New York; Fresh and Easy Neighborhood Market Inc.; Harry & David Holdings, Inc.; Hostess
Brands, Inc.; Kaiser Aluminum Corporation; Kaiser Gypsum Company, Inc.; Kmart
Corporation; LTV Steel Company, Inc.; Metaldyne Corporation; Molycorp, Inc.; NII Holdings,
Inc.; Peabody Energy Corporation; Plant Insulation Co.; RadioShack Corporation; Specialty
Products Holding Corporation; Swift Energy Company; and USG Corporation.  A number of
these cases involved substantial personal injury claims, including the cases of:  (a) Aldrich Pump
LLC; (b) Bestwall LLC; (c) Dana Corporation; (d) DBMP LLC; (e) Kaiser Aluminum
Corporation; (f) Kaiser Gypsum Company, Inc.; (g) Plant Insulation Co.; (h) Specialty Products
Holding Corporation; and (i) USG Corporation.

5.      Jones Day also is familiar with the Debtor's business.  As described
further below, Jones Day represented the Debtor and Johnson & Johnson Consumer Inc. ("Old
JJCI"), which ceased to exist when the Debtor was formed on October 12, 2021, prior to the

NAI-1522055035

Petition Date.[3]  In connection with this prepetition work, Jones Day's professionals have worked

closely with the Debtor's management and other professionals and, as a result, have become well

acquainted with the Debtor's history, business, assets and liabilities, corporate structure and

related matters.  Accordingly, Jones Day has developed substantial knowledge regarding the

Debtor that will result in effective and efficient services in the Chapter 11 Case.

## Services to Be Provided by Jones Day

6.    Jones Day will render general legal services to the Debtor as needed

throughout the course of the Chapter 11 Case, including, without limitation, providing

bankruptcy, general corporate, litigation and tax advice.  In particular, Jones Day will perform,

among others, the following legal services:

(a)    advise the Debtor regarding its rights, powers and duties in continuing to operate and manage its assets and properties under chapter 11 of the Bankruptcy Code;

(b)    prepare on behalf of the Debtor all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and review all financial and other reports to be filed in the Chapter 11 Case;

(c)    advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in the Chapter 11 Case, and appear on behalf of the Debtor in any hearings or other proceedings relating to those matters;

(d)    advise and assist the Debtor in negotiations with the Debtor's stakeholders;

(e)    advise the Debtor concerning executory contract and unexpired lease issues;

(f)    advise the Debtor in connection with the formulation, negotiation and promulgation of any plan of reorganization, disclosure statement and related transactional documents;

---

[3]        As also described below, Jones Day has also represents Johnson & Johnson ("J&J").

(g)     assist the Debtor in reviewing, estimating and resolving claims asserted against the Debtor's estate;

(h)     commence and conduct litigation that is necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's chapter 11 estate or otherwise further the goal of completing the Debtor's successful reorganization;

(i)     provide non-bankruptcy services for the Debtor to the extent requested by the Debtor, including, among others, advice related to corporate governance; and

(j)     perform all other necessary and appropriate legal services in connection with the Chapter 11 Case for or on behalf of the Debtor, as requested by the Debtor.

7.     Jones Day will coordinate its work in the Chapter 11 Case with the Debtor, the Debtor's other retained professionals, and counsel to the Debtor's affiliates to minimize duplication of effort among these firms.

**Compensation and Fee Applications**

8.     Pursuant to the terms of the Engagement Letter and subject to the Court's approval of this Application, Jones Day intends to:  (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

9.     Jones Day will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  At present, the standard hourly rates charged by Jones Day in the United States fall within the following ranges:

| Billing Category | U.S. Range |
|---|---|
| Partners/Of Counsel | $1,000–$1,450 |
| Associates | $575–$975 |
| Paralegals | $325–$500 |

-4-

10.    Jones Day's hourly rates may change annually in accordance with the terns of the Engagement Letter and Jones Day's established billing practices and procedures. The names, positions, resident offices and current hourly rates of those Jones Day professionals currently expected to spend significant time on the Chapter 11 Case are attached as <u>Schedule 3</u> hereto.

11.    Jones Day's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of a scope and complexity similar to the Chapter 11 Case.  Further, I believe that Jones Day's bankruptcy professionals are subject to the same client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy engagements.

12.    Jones Day will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, the Interim Compensation Order and any additional procedures that may be established by the Court in the Chapter 11 Case.  In addition, Jones Day understands that interim and final fee awards are subject to approval by this Court.

### Disclosure Concerning Disinterestedness

***Interested Party List***

13.    The Debtor has provided Jones Day with a list of the names of individuals or institutions that are potential significant parties in interest (collectively, the "<u>Interested Parties</u>") in the following categories:

(a)    the Debtor's direct equity owner;

(b)    the Debtor's direct non-debtor subsidiary;

(c)     other non-debtor affiliates of the Debtor;

(d)     managers and officers of the Debtor;

(e)     major current business affiliations of the Debtor's managers;

(f)     depositary and disbursement banks of the Debtor;

(g)     major sureties;

(h)     parties to material contracts with the Debtor;

(i)     significant co-defendants in talc-related litigation;

(j)     the Debtor's retained professionals and claims agent;

(k)     the Debtor's significant ordinary course professionals, consultants and service providers;

(l)     known professionals for certain non-Debtor parties in interest;

(m)     material potentially indemnified parties;

(n)     key parties in *Imerys Talc America, Inc.* and *Cyprus Mines Corp.* chapter 11 cases;

(o)     the Debtor's insurers; and

(p)     parties in interest that have filed a Bankruptcy Rule 2002 notice of appearance in the Chapter 11 Case.

14.     The list of Interested Parties also includes available information regarding (a) the Bankruptcy Administrator and employees within the office of the United States Bankruptcy Administrator for the Western District of North Carolina and (b) bankruptcy judges for the Western District of North Carolina.  The identities of the Interested Parties, developed as of November 3, 2021, are set forth on Schedule 1 hereto.

***Evaluation and Disclosure of Connections***

15.     To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtor, its affiliates, its creditors, other parties in interest, their respective attorneys, the Bankruptcy

-6-

Administrator or any person employed in the office of the Bankruptcy Administrator, Jones Day

researched its client database to determine whether it had any relationships with the Interested

Parties.  To the extent that Jones Day's research of its relationships with the Interested Parties

indicates that Jones Day has represented in the past two years, or currently represents, any of

these entities in matters unrelated to the Chapter 11 Case, the identities of these entities and such

entities' relationship to the Debtor and connection to Jones Day, are set forth in Schedule 2

hereto.

       16.    To the best of my knowledge and belief, insofar as I have been able to

ascertain after reasonable inquiry, neither I, nor Jones Day, nor any partner, associate or other

professional thereof has any connection with the Debtor, its creditors, the Bankruptcy

Administrator or any other party with an actual or potential interest in the Chapter 11 Case or

their respective attorneys or accountants, except as set forth below and in Schedule 2 attached

hereto:

    (a)    Jones Day has not represented, and does not and will not represent, any entity in matters adverse to the Debtor or its estate.

    (b)    Prior to the Petition Date, Jones Day performed certain legal services for the Debtor, as described herein, but the Debtor does not owe Jones Day any amount for services performed prior to the Petition Date.

    (c)    Prior to the Petition Date, Jones Day represented J&J and Old JJCI in connection with the restructuring that led to the formation of the Debtor, as described below.

    (d)    In matters unrelated to the Debtor or the Chapter 11 Case, Jones Day currently represents J&J.  Jones Day, however, has not represented, and does not and will not represent, J&J in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

    (e)    In matters unrelated to the Debtor or the Chapter 11 Case, Jones Day currently represents or formerly represented certain of the Debtor's other non-debtor affiliates, as described on the attached Schedule 2.  Jones Day, however, has not represented, and

-7-

does not and will not represent, any of these entities in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

(f)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Jones Day currently represents Bank of America, N.A., the Debtor's depository and disbursement bank, and affiliates thereof. These relationships are set forth on the attached <u>Schedule 2</u>. Jones Day, however, has not represented, and does not and will not represent, Bank of America, N.A. in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

(g)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Jones Day currently represents U.S. Bank National Association, the proposed trustee of the Debtor's proposed qualified settlement fund. These relationships are set forth on the attached <u>Schedule 2</u>. Jones Day, however, has not represented, and does not and will not represent, U.S. Bank National Association in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

(h)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Jones Day currently represents Imerys S.A., which is the ultimate parent of Imerys Talc America, Inc., Imerys Talc Vermont, Inc. and Imerys Talc Canada, Inc., debtors in pending chapter 11 cases in Delaware. This relationship is set forth on the attached <u>Schedule 2</u>. Jones Day, however, has not represented, and does not and will not represent, Imerys S.A. in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

(i)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Jones Day currently represents certain material potentially indemnified parties and certain additional parties who are significant co-defendants in talc cases with the Debtor and certain of the Debtor's affiliates. These relationships are set forth on the attached <u>Schedule 2</u>. Jones Day, however, has not represented, and does not and will not represent, any of these entities in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

(j)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Jones Day currently represents certain of the Debtor's insurers. These relationships are set forth on the attached <u>Schedule 2</u>. Jones Day, however, has not represented, and does not and will not represent, any of these entities in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

(k)    In addition to the specific parties identified above, in matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Jones Day currently represents, formerly represented or may in the future

-8-

represent certain other entities that are or may be (i) creditors in this case, (ii) parties to executory contracts with the Debtor or (iii) otherwise directly or indirectly affiliated with creditors or other parties in interest in the Chapter 11 Case.  As described above, however, Jones Day has undertaken a detailed search to determine whether it represents or has represented any significant creditors, equity holders, insiders or other parties in interest in such unrelated matters, and all such known representations within the last two years are set forth on Schedule 2 hereto.

(l)    In matters unrelated to the Debtor or the Chapter 11 Case, Jones Day has been involved in out-of-court restructurings and chapter 11 cases involving certain of the other professionals who will be representing the Debtor and other parties in the Chapter 11 Case, or who have represented the Debtor in the year prior to the Petition Date.  Jones Day, however, has not represented, and does not and will not represent, any of these entities in the Chapter 11 Case or in matters adverse to the Debtor or its estate.

***Jones Day's Services Prior to the Petition Date, Role in the 2021 Corporate Restructuring and Representation of Certain Non-Debtor Affiliates in Unrelated Matters***

17.    The Debtor ultimately is owned, through certain intermediate companies, by J&J.  Since 1989, Jones Day has provided certain legal services to J&J and certain of its direct and indirect subsidiaries, including the predecessor to the Debtor, Old JJCI.  These legal services have included advice and assistance related to intellectual property, labor and employment, mergers and acquisition, restructuring, and tax matter**s**.  Each year, Jones Day's work for J&J and its affiliates has represented less than 1% of the firm's total revenues.

18.    Earlier this year, Jones Day represented J&J and Old JJCI in connection with restructuring advice related to talc liabilities.  This included representing J&J and Old JJCI in connection with a corporate restructuring that was completed on October 12, 2021 (the "2021 Corporate Restructuring").  Prior to the 2021 Corporate Restructuring, the Debtor did not exist, and Jones Day's clients in that restructuring were J&J and Old JJCI.  The 2021 Corporate Restructuring was effectuated through a series of transactions that are described in greater detail

-9-

in the First Day Declaration.  As part of these transactions, Old JJCI, after converting to a Texas limited liability company, effected a divisional merger under the Texas merger statute.

19.    Upon the effectiveness of the divisional merger, (a) Old JJCI ceased to exist, (b) two new limited liability companies—the Debtor and Johnson & Johnson Consumer, Inc. ("New JJCI")—were created and (c) all of the assets and liabilities of Old JJCI were allocated between the Debtor and New JJCI.  Pursuant to the divisional merger, the Debtor: (a) became responsible for certain liabilities of Old JJCI, including Old JJCI's talc-related liabilities (other than liabilities for which the exclusive remedy is provided under a workers' compensation statute or similar laws); and (b) received certain assets, including cash, rights as a payee under a funding agreement (the "Funding Agreement")[4] and equity in Royalty A&M LLC. The Debtor also was assigned, among others, Jones Day's engagement by Old JJCI.[5]   Pursuant to the divisional merger, all other assets and liabilities of Old JJCI not allocated to the Debtor were allocated to New JJCI, with ownership of such other assets vesting in New JJCI, and New JJCI becoming the sole obligor for such other liabilities.

20.    In addition to the Funding Agreement, the Debtor receives support from Johnson & Johnson Services, Inc. through a services agreement and a secondment agreement, as described in the First Day Declaration.

21.    Jones Day has not represented, and does not and will not represent, New JJCI, J&J or any other affiliate of the Debtor in this Chapter 11 Case or in any matter

---

[4]    Following the divisional merger, the Funding Agreement became an agreement between the Debtor, as payee, and New JJCI and J&J, as payors.

[5]    The terms of Jones Day's engagement by Old JJCI regarding restructuring advice were superseded in their entirety by the Engagement Letter.

NAI-1522055035

adverse to the Debtor.  To that end, New JJCI and J&J have retained White & Case LLP to

represent them in matters relating to the Debtor and the Chapter 11 Case.

### Jones Day Is a Disinterested Person

22.     To the best of my knowledge, information and belief, insofar as I have

been able to ascertain after reasonable inquiry, Jones Day is a "disinterested person," as defined

in sections 101(14) and 1107(b) of the Bankruptcy Code and as required by section 327(a) of

the Bankruptcy Code, in that:  (a) Jones Day has no connection with the Debtor, its affiliates, its

creditors, the Bankruptcy Administrator, any person employed in the office of the Bankruptcy

Administrator or any other party with an actual or potential interest in the Chapter 11 Case or

their respective attorneys or accountants, except as set forth herein; (b) Jones Day is not a

creditor, equity holder or insider of the Debtor; (c) no Jones Day partner, associate or other

professional is, or was within two years of the Petition Date, a director, officer or employee of

the Debtor; and (d) Jones Day neither holds nor represents an interest materially adverse to

the Debtor or its estate.

23.     Despite the efforts described above to identify and disclose connections

with parties in interest in this case, because the Debtor is part of a large enterprise and has

thousands of creditors and other relationships, and because Jones Day is an international firm

with more than 2,500 attorneys in 42 offices around the globe, Jones Day is unable to state with

certainty that every client representation or other connection of Jones Day has been disclosed.

In this regard, if Jones Day discovers additional information that requires disclosure, Jones Day

will file supplemental disclosures with the Court.

24.     In addition, it is my understanding that if a conflict of interest with respect

to a party set forth on Schedule 2 or another party in interest later identified in this case should

arise, the Debtor will use the services of conflicts counsel in connection with that matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Dated:  November 15, 2021
         Dallas, Texas

*/s/ Gregory M. Gordon*
Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

NAI-1522055035

# **SCHEDULE 1**

Schedule of Potentially Interested Parties

**LTL Management LLC**
**Potentially Interested Parties**

**Debtor**

LTL Management LLC

**Direct Equity Owner of Debtor**

Johnson and Johnson Consumer Inc.

**Debtor's Direct Non-Debtor Subsidiary**

Royalty A&M LLC

**Other Non-Debtor Affiliates**

3Dintegrated ApS
Acclarent, Inc.
Actelion Ltd
Actelion Manufacturing GmbH
Actelion Pharmaceuticals Australia
    Pty. Limited
Actelion Pharmaceuticals Korea Ltd.
Actelion Pharmaceuticals Ltd
Actelion Pharmaceuticals Mexico
    S.A. De C.V.
Actelion Pharmaceuticals Trading
    (Shanghai) Co., Ltd.
Actelion Pharmaceuticals UK Limited
Actelion Pharmaceuticals US, Inc.
Actelion Registration Limited
Actelion Treasury Unlimited Company
Akros Medical, Inc.
Albany Street LLC
ALZA Corporation
Alza Land Management, Inc.
AMO (Hangzhou) Co., Ltd.
AMO (Shanghai) Medical Devices
    Trading Co., Ltd.
AMO ASIA LIMITED
AMO Australia Pty Limited
AMO Canada Company
AMO Denmark ApS
AMO Development, LLC
AMO France
AMO Germany GmbH

AMO Groningen B.V.
AMO International Holdings
AMO Ireland
AMO Ireland Finance Unlimited Company
AMO Italy SRL
AMO Japan K.K.
AMO Manufacturing Spain S.L.
AMO Manufacturing USA, LLC
AMO Netherlands BV
AMO Nominee Holdings, LLC
AMO Norway AS
AMO Puerto Rico Manufacturing, Inc.
AMO Sales and Service, Inc.
AMO Singapore Pte. Ltd.
AMO Spain Holdings, LLC
AMO Switzerland GmbH
AMO U.K. Holdings, LLC
AMO United Kingdom, Ltd.
AMO Uppsala AB
AMO US Holdings, Inc.
AMO USA Sales Holdings, Inc.
AMO USA, LLC
Animas Diabetes Care, LLC
Animas LLC
Animas Technologies LLC
AorTx, Inc.
Apsis
Aragon Pharmaceuticals, Inc.
Asia Pacific Holdings, LLC
Atrionix, Inc.
AUB Holdings LLC
Auris Health, Inc.
Backsvalan 2 Aktiebolag
Backsvalan 6 Handelsbolag
Beijing Dabao Cosmetics Co., Ltd.
BeneVir BioPharm, Inc.
Berna Rhein B.V.
BioMedical Enterprises, Inc.
Biosense Webster (Israel) Ltd.
Biosense Webster, Inc.
C Consumer Products Denmark ApS
Calibra Medical LLC
Campus-Foyer Apotheke GmbH

Carlo Erba OTC S.r.l.
Centocor Biologics, LLC
Centocor Research & Development, Inc.
ChromaGenics B.V.
Ci:Labo Customer Marketing Co., Ltd.
Ci:z. Labo Co., Ltd.
Cilag AG
Cilag GmbH International
Cilag Holding AG
Cilag Holding Treasury Unlimited Company
Cilag-Biotech, S.L.
CNA Development GmbH
Codman & Shurtleff, Inc.
Coherex Medical, Inc.
ColBar LifeScience Ltd.
Company Store.com, Inc.
Cordis de Mexico, S.A. de C.V.
Cordis International Corporation
Corimmun GmbH
CoTherix Inc.
CSATS, Inc.
Darlain Trading S.A.
Debs-Vogue Corporation
   (Proprietary) Limited
DePuy France
DePuy Hellas SA
DePuy International Limited
DePuy Ireland Unlimited Company
DePuy Mexico, S.A. de C.V.
DePuy Mitek, LLC
DePuy Orthopaedics, Inc.
DePuy Products, Inc.
DePuy Spine, LLC
DePuy Synthes Gorgan Limited
DePuy Synthes Institute, LLC
DePuy Synthes Leto SARL
DePuy Synthes Products, Inc.
DePuy Synthes Sales, Inc.
DePuy Synthes, Inc.
Dr. Ci:Labo Co., Ltd.
DR. CI:LABO COMPANY LIMITED
Dutch Holding LLC
ECL7, LLC
EES Holdings de Mexico,
   S. de R.L. de C.V.
EES, S.A. de C.V.

EIT Emerging Implant Technologies GmbH
Ethicon Biosurgery Ireland
Ethicon Endo-Surgery (Europe) GmbH
Ethicon Endo-Surgery, Inc.
Ethicon Endo-Surgery, LLC
Ethicon Holding Sarl
Ethicon Ireland Unlimited Company
Ethicon LLC
Ethicon PR Holdings Unlimited Company
Ethicon Sarl
Ethicon US, LLC
Ethicon Women's Health & Urology Sarl
Ethicon, Inc.
Ethnor (Proprietary) Limited
Ethnor del Istmo S.A.
Ethnor Farmaceutica, S.A.
Ethnor Guatemala, Sociedad Anomina
Finsbury (Development) Limited
Finsbury (Instruments) Limited
Finsbury Medical Limited
Finsbury Orthopaedics International Limited
Finsbury Orthopaedics Limited
FMS Future Medical System SA
GH Biotech Holdings Limited
Global Investment Participation B.V.
GMED Healthcare BV
Guangzhou Bioseal Biotech Co., Ltd.
Hansen Medical Deutschland GmbH
Hansen Medical International, Inc.
Hansen Medical UK Limited
Hansen Medical, Inc.
Healthcare Services (Shanghai) Ltd.
I.D. Acquisition Corp.
Innomedic Gesellschaft für innovative
   Medizintechnik und Informatik mbH
Innovalens B.V.
Innovative Surgical Solutions, LLC
J & J Company West Africa Limited
J&J Pension Trustees Limited
J.C. General Services BV
Janssen Alzheimer Immunotherapy
   (Holding) Limited
Janssen Biologics (Ireland) Limited
Janssen Biologics B.V.
Janssen BioPharma, Inc.
Janssen Biotech, Inc.

Janssen Cilag Farmaceutica S.A.
Janssen Cilag S.p.A.
Janssen Cilag SPA
Janssen Cilag, C.A.
Janssen de Mexico, S. de R.L. de C.V.
Janssen Development Finance
    Unlimited Company
Janssen Diagnostics, LLC
Janssen Egypt LLC
Janssen Farmaceutica Portugal Lda
Janssen Global Services, LLC
Janssen Group Holdings Limited
Janssen Holding GmbH
Janssen Inc.
Janssen Irish Finance Company UC
Janssen Korea Ltd.
Janssen Oncology, Inc.
Janssen Ortho LLC
Janssen Pharmaceutica
    (Proprietary) Limited
Janssen Pharmaceutica NV
Janssen Pharmaceutica S.A.
Janssen Pharmaceutical
Janssen Pharmaceutical K.K.
Janssen Pharmaceutical Sciences
    Unlimited Company
Janssen Pharmaceuticals, Inc.
Janssen Products, LP
Janssen R&D Ireland
Janssen Research & Development, LLC
Janssen Sciences Ireland
    Unlimited Company
Janssen Scientific Affairs, LLC
Janssen Supply Group, LLC
Janssen Vaccines & Prevention B.V.
Janssen Vaccines Corp.
Janssen-Cilag
Janssen-Cilag (New Zealand) Limited
Janssen-Cilag A/S
Janssen-Cilag AG
Janssen-Cilag Aktiebolag
Janssen-Cilag AS
Janssen-Cilag B.V.
Janssen-Cilag de Mexico S. de R.L. de C.V.
Janssen-Cilag Farmaceutica Lda.
Janssen-Cilag Farmaceutica Ltda.

Janssen-Cilag GmbH
Janssen-Cilag International NV
Janssen-Cilag Kft.
Janssen-Cilag Limited
Janssen-Cilag Limited
Janssen-Cilag Manufacturing, LLC
Janssen-Cilag NV
Janssen-Cilag OY
Janssen-Cilag Pharma GmbH
Janssen-Cilag Pharmaceutical S.A.C.I.
Janssen-Cilag Polska, Sp. z o.o.
Janssen-Cilag Pty Ltd
Janssen-Cilag S.A.
Janssen-Cilag s.r.o.
Janssen-Cilag, S.A.
Janssen-Cilag, S.A. de C.V.
Janssen-Pharma, S.L.
J-C Health Care Ltd.
Jevco Holding, Inc.
JJ Surgical Vision Spain, S.L.
JJC Acquisition Company B.V.
JJHC, LLC
JJSV Belgium BV
JJSV Manufacturing Malaysia SDN. BHD.
JJSV Norden AB
JJSV Produtos Oticos Ltda.
JNJ Global Business Services s.r.o.
JNJ Holding EMEA B.V.
JNJ International Investment LLC
JNJ Irish Investments ULC
Johnson & Johnson
Johnson & Johnson - Societa' Per Azioni
Johnson & Johnson (Angola), Limitada
Johnson & Johnson (China) Investment Ltd.
Johnson & Johnson (Egypt) S.A.E.
Johnson & Johnson (Hong Kong) Limited
Johnson & Johnson (Ireland) Limited
Johnson & Johnson (Jamaica) Limited
Johnson & Johnson (Kenya) Limited
Johnson & Johnson (Middle East) Inc.
Johnson & Johnson (Mozambique),
    Limitada
Johnson & Johnson (Namibia)
    (Proprietary) Limited
Johnson & Johnson (New Zealand) Limited
Johnson & Johnson (Philippines), Inc.

Johnson & Johnson (Private) Limited
Johnson & Johnson (Thailand) Ltd.
Johnson & Johnson (Trinidad) Limited
Johnson & Johnson (Vietnam) Co., Ltd
Johnson & Johnson AB
Johnson & Johnson AG
Johnson & Johnson Belgium
Finance Company BV
Johnson & Johnson Bulgaria EOOD
Johnson & Johnson China Ltd.
Johnson & Johnson Consumer
(Hong Kong) Limited
Johnson & Johnson Consumer
(Thailand) Limited
Johnson & Johnson Consumer B.V.
Johnson & Johnson Consumer
Holdings France
Johnson & Johnson Consumer Inc.
Johnson & Johnson Consumer NV
Johnson & Johnson Consumer
Saudi Arabia Limited
Johnson & Johnson Consumer Services
EAME Ltd.
Johnson & Johnson d.o.o.
Johnson & Johnson de Argentina
S.A.C. e. I.
Johnson & Johnson de Chile Limitada
Johnson & Johnson de Chile S.A.
Johnson & Johnson de Colombia S.A.
Johnson & Johnson de Costa Rica, S.A.
Johnson & Johnson de Mexico, S.A. de C.V.
Johnson & Johnson de Uruguay S.A.
Johnson & Johnson de Venezuela, S.A.
Johnson & Johnson del Ecuador, S.A.
Johnson & Johnson Del Paraguay, S.A.
Johnson & Johnson del Peru S.A.
Johnson & Johnson do Brasil Industria E
Comercio de Produtos Para Saude Ltda.
Johnson & Johnson Dominicana, S.A.S.
Johnson & Johnson Enterprise
Innovation Inc.
Johnson & Johnson European
Treasury Company
Johnson & Johnson Finance Corporation
Johnson & Johnson Finance Limited

Johnson & Johnson Financial
Services GmbH
Johnson & Johnson for Export and
Import LLC
Johnson & Johnson Foundation Scotland
(NON-PROFIT)
Johnson & Johnson Gateway, LLC
Johnson & Johnson Gesellschaft m.b.H.
Johnson & Johnson GmbH
Johnson & Johnson Guatemala, S.A.
Johnson & Johnson Health and
Wellness Solutions, Inc.
Johnson & Johnson Health Care
Systems Inc.
Johnson & Johnson Hellas Commercial and
Industrial S.A.
Johnson & Johnson Hellas Consumer
Products Commercial Societe Anonyme
Johnson & Johnson Hemisferica S.A.
Johnson & Johnson Holding GmbH
Johnson & Johnson Holdings K.K.
Johnson & Johnson Inc.
Johnson & Johnson Industrial Ltda.
Johnson & Johnson Innovation - JJDC, Inc.
Johnson & Johnson Innovation Limited
Johnson & Johnson Innovation LLC
Johnson & Johnson International
Johnson & Johnson International
(Singapore) Pte. Ltd.
Johnson & Johnson International Financial
Services Company
Johnson & Johnson Japan Inc.
Johnson & Johnson K.K.
Johnson & Johnson Kft.
Johnson & Johnson Korea Ltd.
Johnson & Johnson Korea Selling &
Distribution LLC
Johnson & Johnson Limitada
Johnson & Johnson Limited
Johnson & Johnson LLC
Johnson & Johnson Luxembourg Finance
Company Sarl
Johnson & Johnson Management Limited
Johnson & Johnson Medical (China) Ltd.
Johnson & Johnson Medical
(Proprietary) Ltd

Johnson & Johnson Medical (Shanghai) Ltd.

Johnson & Johnson Medical (Suzhou) Ltd.

Johnson & Johnson Medical B.V.

Johnson & Johnson Medical Devices & Diagnostics Group - Latin America, L.L.C.

Johnson & Johnson Medical GmbH

Johnson & Johnson Medical Korea Ltd.

Johnson & Johnson Medical Limited

Johnson & Johnson Medical Mexico, S.A. de C.V.

Johnson & Johnson Medical NV

Johnson & Johnson Medical Products GmbH

Johnson & Johnson Medical Pty Ltd

Johnson & Johnson Medical S.A.

Johnson & Johnson Medical S.p.A.

Johnson & Johnson Medical SAS

Johnson & Johnson Medical Saudi Arabia Limited

Johnson & Johnson Medical Servicios Profesionales S. de R.L. de C.V.

Johnson & Johnson Medical Taiwan Ltd.

Johnson & Johnson Medical, S.C.S.

Johnson & Johnson Medikal Sanayi ve Ticaret Limited Sirketi

Johnson & Johnson Middle East FZ-LLC

Johnson & Johnson Morocco Societe Anonyme

Johnson & Johnson Nordic AB

Johnson & Johnson Pacific Pty Limited

Johnson & Johnson Pakistan (Private) Limited

Johnson & Johnson Panama, S.A.

Johnson & Johnson Personal Care (Chile) S.A.

Johnson & Johnson Poland Sp. z o.o.

Johnson & Johnson Private Limited

Johnson & Johnson Pte. Ltd.

Johnson & Johnson Pty. Limited

Johnson & Johnson Research Pty Ltd

Johnson & Johnson Romania S.R.L.

Johnson & Johnson S.E. d.o.o.

Johnson & Johnson S.E., Inc.

Johnson & Johnson Sante Beaute France

Johnson & Johnson SDN. BHD.

Johnson & Johnson Services, Inc.

Johnson & Johnson Servicios Corporativos, S. de R.L. de C.V.

Johnson & Johnson Surgical Vision India Private Limited

Johnson & Johnson Surgical Vision, Inc.

Johnson & Johnson Taiwan Ltd.

Johnson & Johnson UK Treasury Company Limited

Johnson & Johnson Ukraine LLC

Johnson & Johnson Urban Renewal Associates

Johnson & Johnson Vision Care (Shanghai) Ltd.

Johnson & Johnson Vision Care Ireland Unlimited Company

Johnson & Johnson Vision Care, Inc.

Johnson & Johnson, S.A.

Johnson & Johnson, S.A. de C.V.

Johnson & Johnson, s.r.o.

Johnson & Johnson, s.r.o.

Johnson and Johnson (Proprietary) Limited

Johnson and Johnson Sihhi Malzeme Sanayi Ve Ticaret Limited Sirketi

JOM Pharmaceutical Services, Inc.

La Concha Land Investment Corporation

Latam International Investment Company Unlimited Company

Lifescan

McNeil AB

McNeil Consumer Pharmaceuticals Co.

McNeil Denmark ApS

McNeil Healthcare (Ireland) Limited

McNeil Healthcare (UK) Limited

McNeil Healthcare LLC

McNeil Iberica S.L.U.

McNeil LA LLC

McNEIL MMP, LLC

McNeil Nutritionals, LLC

McNeil Panama, LLC

McNeil Products Limited

McNeil Sweden AB

MDS Co. Ltd.

Medical Device Business Services, Inc.

Medical Devices & Diagnostics Global Services, LLC

Medical Devices International LLC
Medical Industrial do Brasil Ltda.
Medos International Sarl
Medos Sarl
MegaDyne Medical Products, Inc.
Menlo Care De Mexico, S.A. de C.V.
Mentor B.V.
Mentor Deutschland GmbH
Mentor Medical Systems B.V.
Mentor Partnership Holding
    Company I, LLC
Mentor Texas GP LLC
Mentor Texas L.P.
Mentor Worldwide LLC
Micrus Endovascular LLC
Middlesex Assurance Company Limited
Momenta Ireland Limited
Momenta Pharmaceuticals, Inc.
NeoStrata Company, Inc.
NeoStrata UG (haftungsbeschränkt)
Netherlands Holding Company
Neuravi Inc.
Neuravi Limited
NeuWave Medical, Inc.
Novira Therapeutics, LLC
NuVera Medical, Inc.
Obtech Medical Mexico, S.A. de C.V.
OBTECH Medical Sarl
OGX Beauty AU Pty Ltd
OGX Beauty Limited
OMJ Holding GmbH
OMJ Ireland Unlimited Company
OMJ Pharmaceuticals, Inc.
Omrix Biopharmaceuticals Ltd.
Omrix Biopharmaceuticals NV
Omrix Biopharmaceuticals, Inc.
Ortho Biologics LLC
Ortho Biotech Holding LLC
Ortho-McNeil Pharmaceutical, LLC
Orthotaxy
Patriot Pharmaceuticals, LLC
Peninsula Pharmaceuticals, LLC
Penta Pty. Limited
Percivia LLC
Perouse Plastie
Pharmadirect Ltd.

Pharmedica Laboratories (Proprietary)
    Limited
PMC Holdings G.K.
Princeton Laboratories, Inc.
Productos de Cuidado Personal y de La
    Salud de Bolivia S.R.L.
Proleader S.A.
PT Integrated Healthcare Indonesia
PT. Johnson & Johnson Indonesia
Pulsar Vascular, Inc.
Regency Urban Renewal Associates
RespiVert Ltd.
RoC International
Rutan Realty LLC
Scios LLC
Sedona Enterprise Co., Ltd.
Sedona Singapore International Pte. Ltd.
Sedona Thai International Co., Ltd.
Serhum S.A. de C.V.
Shanghai Elsker For Mother & Baby
    Co., Ltd
Shanghai Johnson & Johnson Ltd.
Shanghai Johnson & Johnson
Pharmaceuticals Ltd.
Sightbox, LLC
Sodiac ESV
Spectrum Vision Limited Liability Company
Spectrum Vision Limited Liability Company
Spectrum Vision Limited Liability
    Partnership
Spine Solutions GmbH
SterilMed, Inc.
Sterilmed, Inc.
Surgical Process Institute Deutschland
    GmbH
Synthes Costa Rica S.C.R., Limitada
SYNTHES GmbH
Synthes GmbH
Synthes Holding AG
Synthes Holding Limited
SYNTHES Medical Immobilien GmbH
Synthes Medical Surgical Equipment &
    Instruments Trading LLC
Synthes Produktions GmbH
Synthes Proprietary Limited
Synthes S.M.P., S. de R.L. de C.V.

Synthes Tuttlingen GmbH
Synthes USA Products, LLC
Synthes USA, LLC
Synthes, Inc.
TARIS Biomedical LLC
TearScience, Inc.
The Anspach Effort, LLC
The Vision Care Institute, LLC
Tibotec, LLC
Torax Medical, Inc.
TriStrata, Incorporated
UAB "Johnson & Johnson"
Vania Expansion
Verb Surgical Inc.
Vision Care Finance Unlimited Company
Vogue International LLC
Vogue International Trading, Inc.
WH4110 Development Company, L.L.C.
Xian Janssen Pharmaceutical Ltd.
XO1 Limited
Zarbee's, Inc.

**Managers and Officers of the Debtor**

John Kim
Richard Dickinson
Robert Wuesthoff
Russell Deyo

**Major Current Business Affiliations of Debtor's Managers**

American Foundation for Opioid
    Alternatives
Lawyers for Civil Justice
Migration Policy Institute
Miller Center for Community Protection &
    Reliance, Eagleton Institute of Politics,
    Rutgers University
National Center for State Courts
National Council, McLean Hospital
New Jersey Civil Justice Institute
One Mind

**Depository and Disbursement Banks**

Bank of America, N.A.

**Major Sureties**

Chubb
Federal Insurance Company
Liberty Mutual Insurance Company
Travelers Casualty and Surety Company of
    America

**Parties to Material Contracts with the Debtor**

Johnson & Johnson
Johnson & Johnson Consumer Inc.
Johnson & Johnson Services, Inc.
U.S. Bank N.A.

**Significant Co-Defendants in Talc-Related Litigation**

3M Company
A.O. Smith Corporation
Albertsons Companies, Inc.
Avon Products, Inc.
Barretts Minerals, Inc.
BASF Catalysts LLC
Block Drug Company, Inc.
Borg Warner Morse Tec, Inc.
Brenntag North America
Brenntag Specialties, Inc.
Bristol-Myers Squibb Company
Carrier Corporation
Chanel, Inc.
Charles B. Chrystal Co., Inc.
Chattem, Inc.
Colgate-Palmolive Company
Conopco Inc.
Costco Wholesale Corporation
Coty, Inc.
Crane Co.
CVS Health Corporation
CVS Pharmacy, Inc.
Cyprus Amax Minerals Company
Cyprus Mines Corporation
Dana Companies, LLC
DAP Products, Inc.
Dollar General Corporation
Duane Reade Inc.

Eaton Corporation
Eli Lilly and Company
Elizabeth Arden, Inc.
Estee Lauder Inc.
Family Dollar Stores Inc.
Flowserve US, Inc.
FMC Corporation
Food 4 Less of California, Inc.
Ford Motor Company
Foster Wheeler, LLC
Gardner Denver, Inc.
General Electric Company
Genuine Parts Company
Goodyear Tire & Rubber Co.
Goulds Pumps, LLC
Grinnell LLC
Honeywell International, Inc.
Imerys Talc America, Inc.
Imerys USA, Inc.
IMO Industries Inc.
John Crane, Inc.
K&B Louisiana Corporation
Kaiser Gypsum Company, Inc.
Kmart Corporation
Kolmar Laboratories
Longs Drug Stores California
L'Oreal USA, Inc.
Lucky Stores, Inc.
Macy's, Inc.
Mary Kay Inc.
Maybelline LLC
Metropolitan Life Insurance Company
Noxell Corporation
Personal Care Products Council
Pfizer, Inc.
Pharma Tech Industries, Inc.
Pneumo Abex, LLC
PTI Royston, LLC
Publix Super Markets, Inc.
R.T. Vanderbilt Holding Company, Inc.
Ralphs Grocery Company
Revlon Consumer Products Corporation
Revlon, Inc.
Rite Aid Corporation
Safeway, Inc.
Sanofi-Aventis U.S. LLC

Shulton, Inc.
Specialty Minerals Inc.
Target Corporation
The Dow Chemical Company
The Estee Lauder Companies, Inc.
The Kroger Co.
The Procter & Gamble Company
Thrifty Payless, Inc.
Unilever Home & Personal Care USA
Union Carbide Corporation
Vanderbilt Minerals, LLC
ViacomCBS, Inc.
Walgreen Co.
Walmart, Inc.
Warren Pumps, LLC
Whittaker Clark & Daniels, Inc.
Wyeth Holdings LLC
Yves Saint Laurent America, Inc.

**Debtors' Retained Professionals and
Claims Agent**

AlixPartners LLP
Bates White LLC
Epiq Corporate Restructuring LLC
Jones Day
King & Spalding LLP
McCarter & English, LLP
Rayburn Cooper & Durham, P.A.
Shook, Hardy & Bacon L.L.P.
Weil Gotshal & Manges LLP

**Debtors' Significant Ordinary Course
Professionals, Consultants, and Service
Providers**

Adler Pollock & Sheehan PC
Bailey Glasser LLP
Barnes & Thornburg, LLP
Barrasso Usdin Kupperman
    Freeman & Sarver, L.L.C.
Blake, Cassels & Graydon LLP
Blank Rome LLP
Brown Greer PLC
Butler Snow LLP
Carlton Fields, P.A.

Chehardy, Sherman, Williams,
    Recile, & Hayes
Covington & Burling LLP
Damon Key Leong Kupchak Hastert
Davis Hatley Haffeman & Tighe
Dechert LLP
Elliott Law Offices, PA
Faegre Drinker Biddle & Reath LLP
Foliart, Huff, Ottaway & Bottom
Gibson, Dunn & Crutcher LLP
Goldman Ismail Tomaselli Brennan &
    Baum
Hartline Barger
HeplerBroom LLC
Irwin Fritchie Urquhart & Moore LLC
Johnson & Bell Ltd.
Jones, Skelton & Hochuli, P.L.C.
Kaplan, Johnson, Abate & Bird LLP
Kelley Jasons McGowan Spinelli
    Hanna & Reber, LLP
Kirkland & Ellis LLP
Kitch Drutchas Wagner
    Valitutti & Sherbrook
Lewis Brisbois Bisgaard & Smith, LLP
Manion Gaynor & Manning LLP
Miles & Stockbridge
Milligan & Herns
Morgan Lewis
Nelson Mullins Riley & Scarborough, LLP
Nutter McClennen & Fish LLP
Orrick, Herrington, & Sutcliffe, LLP
Patterson Belknap Webb & Tyler LLP
Proskauer Rose LLP
Quattlebaum, Grooms & Tull PLLC
Schnader Harrison Segal & Lewis
Schwabe Williamson & Wyatt
Sidley Austin LLP
Skadden, Arps, Slate, Meager & Flom LLP
Stoel Rives LLP
Sullivan Whitehead & Deluca LLP
Swartz Campbell LLC
The Weinhardt Law Firm
Tucker Ellis LLP
Willcox & Savage, P.C.

**Known Professionals for Certain
Non-Debtor Parties in Interest**

Cravath, Swaine & Moore
White & Case LLP

**Material Potentially Indemnified Parties**

Bausch Health Companies Inc.
Cyprus Mines Corporation
Cyprus Talc Corp.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
Luzenac America, Inc.
Pharma Tech Industries, Inc.
PTI Royston, LLC
Rio Tinto America, Inc.
RTZ America, Inc.
Valeant Pharmaceuticals International, Inc.
Windsor Minerals Inc.
Costco Wholesale Corporation
Publix Super Markets, Inc.
Rite Aid Corporation
Safeway Inc.
Walmart Inc.

**Law Firms with Significant
Representations of Talc Claimants**

Arnold & Itkin LLP
Ashcraft & Gerel, LLP
Aylstock, Witkin, Kreis & Overholtz, PLLC
Barnes Firm
Beasley Allen Law Firm
Cellino Law LLP
Dalimonte Rueb Stoller, LLP
Dean Omar Branham Shirley, LLP
Driscoll Firm, LLC
Fears Nachawati Law Firm
Ferraro Law Firm
Flint Law Firm LLC
Golomb Spirit Grunfeld, P.C.
Honik LLC
Johnson Law Group
Karst & von Oiste LLP
Kazan, McClain, Satterly
    & Greenwood PLC

Lanier Law Firm
Levy Konigsberg LLP
Maune Raichle Hartley French &
  Mudd, LLC
Miller Firm, LLC
Motley Rice LLC
Napoli Shkolnik PLLC
OnderLaw, LLC
Simmons Hanly Conroy LLC
Simon Greenstone Panatiere
  Bartlett, PC
The Gori Law Firm
Trammell PC
Weitz & Luxenberg, P.C.
Williams Hart Law Firm

**Key Parties in _Imerys Talc America, Inc._
and _Cyprus Mines Corp. Chapter 11 Cases_**

Cyprus Amax Minerals Company
Cyprus Mines Corporation
Cyprus Talc Corporation
Imerys S.A.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
  (fka Windsor Minerals Inc.)
James L. Patton
Luzenac America, Inc.
Official Committee of Tort Claimants
  (_In re Imerys Talc America, Inc._)
Official Committee of Tort Claimants
  (_In re Cyprus Mines Corp._)
Roger Frankel

**Debtor's Insurers**

A.G. Securitas
ACE Property & Casualty Insurance
  Company
Aetna Casualty and Surety Company
Affiliated FM Ins. Company
AIG Europe S.A.
AIG Property and Casualty Company
AIU Ins. Company
Allianz Ins. Company

Allianz Global Risks US Insurance
  Company
Allstate Insurance Company
American Centennial Ins. Company
American Motorists Ins. Company
American Re-Insurance Company
Arrowood Indemnity Company
ASR Schadeverzekering N.V.
Assurances Generales De France
Assurantiekantoor VanWijk & Co.
Atlanta International Insurance Company
Birmingham Fire Ins. Company of
  Pennsylvania
Central National Ins. Company of Omaha
Century Indemnity Company
Champion Dyeing Allocation Year
Chubb
City Ins. Company
Colonia Versicherungs AG, Koln
Continental Insurance Company
Darag Deutsche Versicherungs-Und
  Rückversicherungs-AG
Drake Ins. Company of New York
Employers Ins. Company of Wausau
Employers Ins. of Wausau
Employers Mutual Casualty Company
Eurinco Allgemeine
  Versicherungs AG, Dusseldorf
Everest Reinsurance Company
Fireman's Fund Ins. Company
First State Ins. Company
GAP
Gibraltar Casualty Company
Granite State Ins. Company
Great American
Great Northern Ins. Company
Great Southwest Fire Ins. Company
Groupe Drouot
Harbor Ins. Company
Hartford Accident and Indemnity Company
Home Ins. Company
Ideal Mutual Ins. Company
Industrial Indemnity Company
Ins. Company of North America
Ins. Company of the State of Pennsylvania
Ins. Corporation of Singapore Limited

Integrity Ins. Company
International Ins. Company
International Surplus Lines Ins. Company
Lexington Ins. Company
London Guarantee and Accident
   Company of N.Y.
L'Union Atlantique S.A. d'Assurances
Mead Reinsurance Corporation
Middlesex Assurance Company
Midland Ins. Company
Midstates Reinsurance Corp.
Mission Ins. Company
Mission National Ins. Company
Munich Reinsurance America, Inc.
Mutual Fire, Marine, & Inland Ins.
   Company
N.V. De Ark
N.V. Rotterdamse Assurantiekas
N.V. Schadeverzekeringsmaatschappij
   Maas Lloyd
National Casualty Company
National Union Fire Ins. Company of
   Pittsburgh, PA
Nationwide
New Hampshire Ins. Company
North River Ins. Company
Northbrook Excess and Surplus
   Ins. Company
Northeastern Fire Ins. Company
   of Pennsylvania
Pacific Employers Ins. Company
ProSight
Prudential Reinsurance Company
Puritan Insurance Company
Republic Indemnity Company of America
Republic Ins. Company
Republic Western Ins. Company
Repwest Insurance Company
Resolute Management Inc.
Rheinland Versicherungen
Rheinland Verzekeringen
Riverstone Insurers
Royal Belge I.R., S.A. d'Assurances
Royal Indemnity Company
Royal Ins. Company
Safety Mutual Casualty Corporation

Safety National Casualty Corporation
Seguros La Republica SA
Sentry Insurance A Mutual Company
Southern American Ins. Company
Starr Indemnity & Liability Company
TIG Insurance Company
Transamerica Premier Insurance Company
Transit Casualty Company
Travelers Casualty and Surety Company
UAP
Union Atlantique d'Assurances S.A.
Union Indemnity Ins. Company
   of New York
Westchester Fire Insurance Company
Westport Insurance Corporation
XL Ins. Company

**Employees of the Bankruptcy
Administrator's Office for the Western
District of North Carolina**

Alexandria Kenny
Anne Whitley
David Shepherd
Katrina Adams
Sarah Scholz
Shelley K. Abel

**Bankruptcy Judges for the Western
District of North Carolina**

Judge George Hodges
Judge J. Craig Whitley
Judge Laura T. Beyer

## Bankruptcy Rule 2002 Appearances[1]

AIG Europe S.A. (as successor in interest to
    Union Atlantique d'Assurances S.A)
AIG Property Casualty Company (f/k/a
    Birmingham Fire Insurance Company of
    Pennsylvania)
AIU Insurance Company
Wanda Allen
Allstate Insurance Company, as successor in
    interest to Northbrook Excess & Surplus
    Insurance Company, formerly
    Northbrook Insurance Company
Atlanta International Insurance Company (as
    successor in interest to Drake Insurance
    Company)
Arnold & Itkin LLP
ASR Schadeverezekering N.V. (as successor
    in interest to Assurantiekoor Van Wijk
    & Co.)
Aylstock, Witkin, Kreis & Overholtz, PLLC
Barnes Law Group
Bausch Health Americas, Inc. f/k/a Valeant
    Pharmaceuticals International
Bausch Health Companies Inc. f/k/a Valeant
    Pharmaceuticals International, Inc.
Bausch Health US, LLC f/k/a Valeant
    Pharmaceuticals North America LLC
Bestwall LLC
Blue Cross Blue Shield Association
Blue Cross Blue Shield of Massachusetts,
    Inc
Edna Brown
Barbara Busch
Beatriz Cabeza
Monica Cambron
Tarshwa Carter
Bridget Coates
Cohen, Placitella & Roth P.C.
Lillian Cohn-Sharon
The Continental Insurance Company
Elaine Cook
Cyprus Amax Minerals Company

Cyprus Mines Corporation
Gloria Davis
Dawn Dispensa
Patricia Dunbar
Fears Nachawati PLLC
Ann Frye-Moragne
Debra Fugiel
Victoria Gomes
Granite State Insurance Company
Andrea Harris
Charlette Hein
Tabitha Henry
Christine Hodge
Darlene Holland
Imerys Talc America, Inc.
Imerys Talc Canada Inc.
Imerys Talc Vermont, Inc.
The Insurance Company of the State of
    Pennsylvania
Johnson & Johnson
Johnson & Johnson Consumer Inc.
Voncile Jones
Amanda Joyce
Kazan, McClain, Satterley &
    Greenwood, PLLC
Shelly King
Mildred Kirk-Brown
Julie Lamore
Susan Leach
Mary Leinen
Levy Konigsberg LLP
Lexington Insurance Company
Jo Ellen Luster
Nancy Lyman
Massey & Gail LLP
Bernadette McGinnis
Pamela Morrill
National Union Fire Insurance Company of
    Pittsburgh, Pa.
New Hampshire Insurance Company
The North River Insurance Company
N.V. Schadeverzekeringsmaatschappij Maas
    Lloyd (individually and as successor in

---

[1]    Where a Bankruptcy Rule 2002 appearance was filed by counsel on behalf of clients, the clients have been
    listed herein to the extent identified and where certain clients have not been identified, the filing counsel is
    listed, to the extent not otherwise listed herein.

interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark)

Kathleen O'Halloran

Lisa O'Neal

OnderLaw, LLC

The Plaintiffs Steering Committee in the In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Precuts Liability Multi-District Litigation

RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)

Rio Tinto America Inc.

Cora Robinson

Robinson Calcagnie, Inc.

Lisa Sabatine

Maraldine Schmidt

Valerie Schultz

Isabel Spano

Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company)

State of Texas, Attorney General of Texas

Three Crowns Insurance Company

Christine Torres

Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)

May Virata

Waldrep Wall Babcock & Bailey PLLC

Westchester Fire Insurance Company

Sharon Wildman

Oshunna Williams

## **SCHEDULE 2**

Disclosure Schedule

**SCHEDULE 2**

**LTL MANAGEMENT LLC**

**SCHEDULE OF INTERESTED PARTIES THAT CURRENTLY EMPLOY
OR HAVE FORMERLY EMPLOYED JONES DAY IN MATTERS
UNRELATED TO THE DEBTOR OR ITS CHAPTER 11 CASE**

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **PARTIES IN INTEREST (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST TWO YEARS[1]** | | |
| 3M Company | Significant Co-Defendants in Talc-Related Litigation | • Affiliate company 3M Media Company, LLC is now known as current client ***Range Media Partners LLC***; and <br><br> • Affiliate companies 3M France and 3M Bricolage & Bâtiment are former clients (both closed 2020). |
| ***A. O. Smith Corporation*** | Significant Co-Defendants in Talc-Related Litigation | • ***A. O. Smith Corporation*** is a current client. |
| Abbott Medical Optics Private Limited (n/k/a Johnson & Johnson Surgical Vision India Private Limited) <br> AMO Ireland <br> AMO Ireland Finance Unlimited Company | Other Non-Debtor Affiliates | • Parent company ***Abbott Laboratories*** is: (a) a current client; (b) a co-defendant and indemnitee in a current matter with current client ***AbbVie, Inc.***; and (c) a joint venture partner with current client ***SPD Swiss Precision Diagnostics GmbH*** in a matter closed in 2021. <br><br> • Affiliate companies ***Abbott Vascular, Inc.***, ***Abbott Cardiovascular Systems, Inc.***, ***Abbott Logistics B.V.*** and ***Abbott B.V.*** are current clients; |

---

[1]     The parties listed herein are parties in interest (or affiliated entities) who are current clients of Jones Day or were clients of Jones Day within the last two years.  The names of current clients of Jones Day appear in bold and italics.  The disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system.  Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties.  Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | • Affiliate company *Abbott Medical Optics, Inc.* is a current client in a matter with current client *Johnson & Johnson*; and<br><br>• Affiliate companies Abbott Laboratories (closed 2019), Abbott Healthcare Pvt. Ltd. and Abbott Diabetes Care (both closed 2020) are former clients. |
| Actelion Ltd.<br>Actelion Manufacturing GmbH<br>Actelion Pharmaceuticals Australia Pty. Limited<br>Actelion Pharmaceuticals Korea Ltd.<br>Actelion Pharmaceuticals Ltd<br>Actelion Pharmaceuticals Mexico S.A. De C.V.<br>Actelion Pharmaceuticals Trading (Shanghai) Co., Ltd.<br>Actelion Pharmaceuticals UK Limited<br>Actelion Pharmaceuticals US, Inc.<br>Actelion Registration Limited<br>Actelion Treasury Unlimited Company | Other Non-Debtor Affiliates | • Parent company *Johnson & Johnson* is a current client; and<br><br>• Affiliate companies Actelion Pharmaceuticals Shanghai Co., Ltd., Actelion Pharmaceuticals Trading (Shanghai) Co., Ltd., Actelion Parmaceuticals Ltd. and Actelion Pharmaceuticals México, S.A. de C.V. are former clients (all closed 2020).<br><br>• *See also* entry below for *Johnson & Johnson*, et al. regarding related disclosure. |
| Adler Pollock & Sheehan, P.C. | Debtors' Significant Ordinary Course Professionals, Consultants, and Service Providers | • Adler Pollack & Sheehan, P.C is the: general partner of two individuals, one a current shareholder and one a former shareholder of the firm, who are current clients. |
| Aetna Casualty and Surety Company | Debtor's Insurers | • Parent company Aetna, Inc. is a former client (closed 2020). |
| Albertsons Companies LLC | Significant Co-Defendants in Talc-Related Litigation | • Parent company *Albertsons Companies, Inc.* is: (a) a current client; and (b) the parent company of current client *Shaw's Supermarkets, Inc.*; and<br><br>• Affiliate companies Albertsons LLC, Albertsons OSCO Pharmacy and Albertsons Sav-on Pharmacy are former clients (all closed 2020).<br><br>• *See also* entry below for affiliate company Safeway, Inc. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Allianz Global Risks US Insurance Company<br><br>Allianz Insurance Company | Debtor's Insurers | • Parent company Allianz S.E. is a joint venture owner of former client Chapter Master Unit Trust (closed 2020);<br><br>• Affiliated entities **Allianz Private Credit Fund S.A. SICAV-RAIF**, **Allianz Global Investors GmbH** and **France Titrisation Allianz FCT Mid Cap Loans** are co-clients in a current matter with current client **BNP Paribas**;<br><br>• Affiliate company **Pacific Investment Management Company LLC (PIMCO)** is: (a) a current client; and (b) a member of a current ad hoc group representation of Intelsat Jackson unsecured noteholders; and (c) a member of a current hoc group representation of Envision term loan lenders;<br><br>• Allianz Real Estate Investment S.A. is a shareholder of **Chapter L.P.**, a co-client in a current matter with current client **Greystar Real Estate Partners, LLC**;<br><br>• Affiliate company AGF Private Equity is a stockholder of current client **Integragen**;<br><br>• Affiliated entities Allianz Innovation 7 and Allianz Eco Innovation 2 are stockholders of current client **Eurazeo Investment Manager – EIM S.A.**; and<br><br>• Affiliate company Allianz Deutscher Produzenten Film & Fernsehen e.V . is a former client (closed 2021). |
| Allstate Insurance Company<br><br>Allstate Insurance Company, as successor in interest to Northbrook Excess & Surplus Insurance Company, formerly Northbrook Insurance Company | Debtor's Insurers<br><br>Bankruptcy Rule 2002 Appearances | • Affiliate company Allstate Investments is a member of a current ad hoc group representation of Envision term loan lenders. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| American Centennial Ins. Company, n/k/a Berkshire Hathaway Direct Insurance Company  Whittaker Clark & Daniels, Inc. | Debtor's Insurers   Significant Co-Defendants in Talc-Related Litigation | <ul><li>Affiliate companies *Energy West Mining Company*, *The Lubrizol Corporation* and *Johns Manville Corporation* are current clients;</li><li>Affiliate company *BNSF Railway Company* is: (a) a current client; (b) a client in a current matter with current client *California Railroad Group*; and (c) a member of former client National Rail Group (closed 2020); and</li><li>Affiliate company Scott & Fetzer Company is a former client (closed 2021).</li></ul> |
| Assurances Generales De France | Debtor's Insurers | <ul><li>Affiliated entity *AGF Floating Rate Income Fund* is: (a) a member of a current ad hoc group representation of Envision term loan lenders; (b) a member of former clients TRU PropCo I Term Lenders (closed 2019); and Monitronics Term Lender Group (closed 2020); and</li><li>Affiliated entity AGF Private Equity is a stockholder of current client *Integragen*.</li></ul> |
| Atlanta International Insurance Company  Atlanta International Insurance Company (as successor in interest to Drake Insurance Company) | Debtor's Insurers   Bankruptcy Rule 2002 Appearances | <ul><li>Affiliate company *Townsend Holdings LLC*; and</li><li>Affiliate company Aon Public Limited Company is the ultimate parent company of former client Premier Auto Finance, Inc. (closed 2020).</li></ul> |
| Avon Products, Inc. | Significant Co-Defendants in Talc-Related Litigation | <ul><li>Ultimate parent company Natura Cosmeticos S.A.; and affiliate company Natura International, and two of its stockholders, Natura (Brasil) International B.V. and Natura Brasil, Inc., are former clients (all closed 2019).</li></ul> |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| *Bank of America, N.A.* | Depository and Disbursement Banks | • *Bank of America, N.A.* is a current client;<br><br>• Parent company Bank of America Corporation is the employer of an individual who is a former client (closed 2019);<br><br>• Affiliate companies *Bank of America Business Credit*, *Bank of America, N.A. London*, *Bank of America Merrill Lynch International DAC – Milan Branch*, *Merrill Lynch Kingdom of Saudi Arabia Ltd.* and *Merrill Lynch International* are current clients;<br><br>• Affiliate company Bank of America Merrill Lynch is the former employer and indemnitor for an individual who is a former client (closed 2020);<br><br>• Affiliate company *Bank of America Merrill Lynch International Designated Activity Company* is: (a) a current client; (b) a former client with current client *Natixis* in two matters closed in 2020 and 2021, respectively; and (c) a former client with current client *Deutsche Bank AG New York* in a matter closed in 2020;<br><br>• Affiliate company Banc of America Strategic Investments Corporation is a joint venture partner in current client *Visible Alpha LLC*;<br><br>• Affiliate company *Bank of America Securities, Inc.* is a client in a current matter with current client *Deutsche Bank AG New York*; and<br><br>• Affiliate companies Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Bank & Trust (Cayman) Limited and Merrill Lynch International, London Branch are former clients (all closed 2020). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| *Bestwall LLC* | Bankruptcy Rule 2002 Appearances | • *Bestwall LLC* and affiliate companies *Koch Companies Public Sector LLC*, *Koch-Glitsch Italia S.r.l.*, *Koch Chemicals Technology Group Italia S.r.l.*, *Koch Treasury*, *Koch Real Estate Investments*, *Koch Strategic Platforms*, *Koch Technology Solutions, LLC*, *Koch Technology Solutions UK Limited*, *Koch Financial Assets III, LLC*, *Koch Agronomic Services*, *Koch Chemical Technology Group S.L.*, *Koch Disruptive Technologies*, *Koch Minerals* and *Koch Equity Development* are current clients; <br><br> • Parent company *Koch Industries, Inc.* is: (a) a current client; (b) the ultimate parent company of current client *Georgia-Pacific, LLC*; (c) a joint venture owner of current client *Flint Group GmbH*; (d) the ultimate parent company of former client Infor, Inc. (closed 2021); (e) an equity holder of former client Truck-Lite Co., LLC (closed 2020); and (f) a stockholder of current client *Global Medical Response, Inc.*; and <br><br> • Affiliate companies Koch Ag & Energy Solutions, LLC and Koch Metals Trading Limited (both closed 2019); Koch Supply & Trading LLC, Koch Biological Solutions LLC and Koch Fertilizer LLC (all closed 2020); and Koch Shipping PTE Ltd. (closed 2021) are former clients. |
| Block Drug Company, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Affiliate company *GlycoVaxyn AG* is a current client. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Blue Cross Blue Shield Association | Bankruptcy Rule 2002 Appearances | • Affiliated entities **Blue Cross Blue Shield of Massachusetts** and **Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (BCBSMA)** are current clients; <br><br> • Affiliated entity **Blue Cross Blue Shield of Michigan** is: (a) a current client; and (b) the parent company of former clients Tessellate LLC and Blue Care Network of Michigan (both closed 2019); <br><br> • Blue Cross Blue Shield of Florida, Inc. is a subsidiary of GuideWell Mutual Holding Corporation, an affiliated entity of former client Special Committee of the Board of Directors of GuideWell Mutual Holding Corporation (closed 2020); and <br><br> • Affiliated entity Blue Cross Blue Shield of Minnesota is a member of a former group representation of Monotronics term lenders (closed 2020). |
| Borg Warner Morse Tec, Inc. | Significant Co-Defendants in Talc-Related Litigation | • An individual who is an officer of affiliate company Borg Warner Morse TEC LLC, is a current client; and <br><br> • Affiliate company BorgWarner, Inc. is a former client (closed 2021). |
| **Bristol-Myers Squibb Company** | Significant Co-Defendants in Talc-Related Litigation | • **Bristol-Myers Squibb Company** is: (a) a current client; and (b) a client in a joint representation with current client **Otsuka Pharmaceutical Co., Ltd.**; <br><br> • Affiliate company **Celgene Corporation** is: (a) a current client; and (b) the former employer of an individual who is a current client; and <br><br> • Affiliate company **Signal Pharmaceuticals, LLC** is a current client. |
| C Consumer Products Denmark ApS, n/k/a Coloplast Konsumerntvarer A/S | Other Non-Debtor Affiliates | • Parent **Coloplast A/S** and affiliate companies **Coloplast Hungary Kft** and **Laboratoires Coloplast SASU** are current clients. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Carrier Corporation | Significant Co-Defendants in Talc-Related Litigation | • Affiliate companies Carrier Enterprise México, S. de R.L. de C.V. (closed 2019) and Carrier Global Corporation (closed 2020) are former clients. |
| Chattem, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Parent company **Sanofi** is a current client.<br>• *See also* entry below for **Sanofi Aventis U.S. LLC** regarding related disclosure. |
| Costco Wholesale Corporation | Significant Co-Defendants in Talc-Related Litigation | • Costco Wholesale Corporation is a former client (closed 2019). |
| CVS Health Corporation<br>CVS Pharmacy, Inc. | Significant Co-Defendants in Talc-Related Litigation | • CVS Health Corporation is a former client (closed 2019). |
| DAP Products, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Parent company **RPM International, Inc.** is a current client. |
| DePuy France<br>DePuy Hellas SA<br>DePuy International Limited<br>DePuy Ireland Unlimited Company<br>DePuy Mexico, S.A. de C.V.<br>DePuy Mitek, LLC<br>**DePuy Orthopaedics, Inc.**<br>DePuy Products, Inc.<br>DePuy Spine, LLC<br>DePuy Synthes Gorgan Limited<br>DePuy Synthes Institute, LLC<br>DePuy Synthes Leto SARL<br>**DePuy Synthes Products, Inc.**<br>**DePuy Synthes Sales, Inc.**<br>**DePuy Synthes, Inc.** | Other Non-Debtor Affiliates | • Parent company **Johnson & Johnson** is a current client; and non-debtor affiliates **DePuy Spine, Inc.**, **DePuy Orthopaedics, Inc.**, **DePuy Synthes Products, Inc.**, **DePuy Sales, Inc.** and **DePuy Synthes, Inc.** are current clients.<br>• *See also* entry below for **Johnson & Johnson**, et al. regarding related disclosure. |
| Dollar General Corporation<br>**Family Dollar Stores Inc.** | Significant Co-Defendants in Talc-Related Litigation | • **Family Dollar Stores, Inc.** is a current client. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| ***The Dow Chemical Corporation*** <br> Union Carbide Corporation | Significant Co-Defendants in Talc-Related Litigation | • ***The Dow Chemical Corporation*** is: (a) a current client; and (b) a co-owner of current client ***Sadara Chemical Company***; <br><br> • Affiliate companies ***Dow AgroSciences LLC*** and ***Dow Química Méxicana, S.A. de C.V.*** are current clients; and <br><br> • Affiliate companies Union Carbide Corporation and Dow Silicones Corporation are former clients (both closed 2020). |
| Duane Reade, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Duane Reade, Inc. is a former client (closed 2019). |
| ***Eaton Corporation*** | Significant Co-Defendants in Talc-Related Litigation | • ***Eaton Corporation*** is a current client; and <br><br> • Affiliated entity Eaton Corporation Master Retirement Trust is a member of a former group representation of Preferred Proppants term lenders (closed 2019). |
| ***Elizabeth Arden, Inc.*** <br> ***Revlon Consumer Products Corporation*** <br> ***Revlon, Inc.*** | Significant Co-Defendants in Talc-Related Litigation | • ***Elizabeth Arden, Inc. Revlon Consumer Products Corporation***, ***Revlon, Inc.***; and affiliate companies ***NCH Marketing Services, Inc.***, ***Scientific Games Corporation*** and ***Revlon (Puerto Rico), Inc.*** are current clients; and <br><br> • Affiliate company AM General LLC is a former client (closed 2020). |
| ***Estee Lauder, Inc.*** <br> The Estee Lauder Companies, Inc. | Significant Co-Defendants in Talc-Related Litigation | • ***Estee Lauder, Inc.*** is a current client. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| ***Ethicon, Inc.***<br>Ethicon Biosurgery Ireland<br>Ethicon Endo-Surgery (Europe) GmbH<br>Ethicon Endo-Surgery, Inc.<br>Ethicon Endo-Surgery, LLC<br>Ethicon Holding Sarl<br>Ethicon Ireland Unlimited Company<br>Ethicon LLC<br>Ethicon PR Holdings Unlimited Company<br>Ethicon Sarl<br>Ethicon US, LLC<br>Ethicon Women's Health & Urology S,a.r.l. | Other Non-Debtor Affiliates | • Non-Debtor Affiliate ***Ethicon, Inc.*** is a current client.<br>• *See also* entry below for NeuWave Medical, Inc. regarding related disclosure. |
| Flowserve US, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Parent company ***Flowserve Corporation*** and affiliate companies ***Flowserve SIHI France SAS***, ***Flowserve FSD SAS***, ***Flowserve Pompes SAS***, ***Flowserve Sales International SAS (SIHI)***, ***Flowserve Spain S.L.*** and ***Flowserve GB Limited*** are current clients. |
| FMC Corporation | Significant Co-Defendants in Talc-Related Litigation | • FMC Corporation and affiliate company FMC Agro Singapore Pte. Ltd. are former clients (both closed 2021). |
| Food 4 Less of California, Inc.<br>The Kroger Company | Significant Co-Defendants in Talc-Related Litigation | • The Kroger Company is the parent company of Food 4 Less of California, Inc. and a former client (closed 2020). |
| ***Ford Motor Company*** | Significant Co-Defendants in Talc-Related Litigation | • ***Ford Motor Company*** is: (a) a current client; and (b) a shareholder of current client ***Argo AI LLC***;<br>• Affiliated entity Ford UK – Wheels Common Investment Fund Trustees Limited is a member of a current ad hoc group representation of Envision term lenders; and<br>• Affiliated company Manhattan Ford Lincoln, Inc. is a former client (closed 2019). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Foster Wheeler LLC | Significant Co-Defendants in Talc-Related Litigation | • Parent company John Wood Group Plc is a former client (closed 2019). |
| Gardner Denver, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Affiliate company Trane Technologies Plc is the parent company of current client *Aldrich Pump LLC and Murray Boiler LLC*. |
| *General Electric Company* | Significant Co-Defendants in Talc-Related Litigation | • *General Electric Company* is: (a) a current client; and (b) a minority shareholder of current client *Baker Hughes, Inc.* (f/k/a Baker Hughes, a GE Company);<br><br>• Affiliate companies *GE Transportation Parts, LLC*, *GE Lighting LLC*, *GE Power*, *GE Global Operations France SAS*, *GE Energy Power Conversion UK Limited*, *GE Power Conversion Naval Systems, Inc.*, *GE Renewable Holding France*, *GE Energy Parts, Inc.*, *GE Energy Products France SNC*, *General Electric Ticaret Ve Servis AS*, *General Electric International, Inc.*, *GE SCF S.C.A.*, *GE Aviation*, *GE Renewable Management SAS*, *GE Energy Power Conversion Technology, Ltd.*, GE Power Controls France (n/k/a *ABB Industrial Solutions (France) SAS*), *GE Water & Process Technologies*, *GE Hydro France* (a/k/a *Alstom Hydro France*), GE Power Controls Iberica (n/k/a *ABB Electrification Solutions SLU*), GE Power Controls Polska SP ZOO (n/k/a *ABB Industrial Solutions (Klodzko) SP ZOO*, *GE Energy Power Conversion France SAS* are current clients;<br><br>• Affiliate company *GE Lighting, a Savant Company*, (a/k/a *Consumer Lighting (U.S.) LLC*) is a current client;<br><br>• Affiliate company GE Healthcare is a joint venture partner in and shareholder of current client *Nihon Medi-Physics Co. Ltd.*;<br><br>• Affiliate company Employers Reassurance Corporation is a member of a current ad hoc group representation of NGL Energy bondholders; |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | • Affiliate companies General Electric Pension Trust and GE Capital Corporation are members of a former defense group representation of General Motors term lenders (closed 2020); <br><br> • Affiliate company GE Ventures Ltd. is an investor in former client Aver, Inc. (closed 2021); and <br><br> • Affiliate companies GE Oil and Gas Australia Pty Ltd., General Electric Energy UK Limited GE Capital Europe, Ltd. and GE Capital Aviation Services (all closed 2019); GE Power Services Belgium S.A., GE Digital LLC, GE Energy Connections, GE Energy Management, GE Healthcare Limited,, GE Water & Process Technologies France, GE- Hitachi Nuclear Energy Americas LLC, GE Eoliennes SN, GE Medical Systems Italia S.p.A., GE Healthcare Italia S.r.l. and GE Italia Holding S.r.l. (all closed 2020); and GE Japan Corporation, GE Medical Systems Trade & Development (Shanghai) Co., Ltd., GE Wind France S.A.S., GE Grid Australia Pty Ltd., GE IS&T S.A.S., GE Grid Solutions and GE Medical Systems Information Technologies, Inc. (all closed 2021) are former clients. |
| ***Goodyear Tire & Rubber Company*** | Significant Co-Defendants in Talc-Related Litigation | • ***Goodyear Tire & Rubber Company*** is: (a) a current client; and (b) a 50% joint venture partner in former client TireHub, LLC (closed 2021); and <br><br> • Affiliate companies ***Goodyear Middle East FZE***, ***Goodyear Services Comerciales, S. de R.L. de C.V.***, ***Goodyear SLP, S. de R.L. de C.V.*** and ***Cooper Tire & Rubber Company***; and affiliated entity ***Board of Directors of Goodyear Tire & Rubber Company*** are current clients. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Groupe Drouot<br>XL Ins. Company | Debtor's Insurers | • Parent company Axa S.A. is: (a) the parent company of Vendome Immobilier Commercial, the co-owner of current client *Hauteville 2011*; (b) the parent company of ESI ONE, a joint venture partner of former client Siresa House St. (closed 2021); and (c) the ultimate parent company of current client *AB Private Credit Investors LLC*; and<br><br>• Affiliate companies *AXA Banque* and *AXA Home Loan SFH* are clients in a current matter with current client *Natixis*. |
| *Imerys S.A.* | Key Parties in *Imerys Talc America, Inc.* and *Cyprus Mines Corp.* Chapter 11 Cases | • *Imerys S.A.* is a current client; and<br><br>• Affiliate companies Imerys Clays, Inc. (closed 2019); Imerys Talc Austria GmbH, Imerys Asia Pacific Pte Ltd. and Imerys Refractory Minerals USA, Inc. (all closed 2020); and Imerys USA, Inc. and Imerys Wollastonite USA (IWUSA) LLC (both closed 2021) are former clients. |
| Imerys Talc America, Inc. | Significant Co-Defendants in Talc-Related Litigation<br><br>Material Potentially Indemnified Parties<br>and<br>Key Parties in *Imerys Talc America, Inc.* and *Cyprus Mines Corp.* Chapter 11 Cases | |
| Imerys Talc Vermont, Inc. | Material Potentially Indemnified Parties<br>and<br>Key Parties in *Imerys Talc America, Inc.* and *Cyprus Mines Corp.* Chapter 11 Cases | |
| Imerys USA, Inc. | Significant Co-Defendants in Talc-Related Litigation | |
| Insurance Corporation of Singapore Limited, n/k/a Aviva Ltd. | Debtor's Insurers | • Affiliate company Aviva Investors Real Estate Capital Global Co-Investment Fund, L.P. is a former client (closed 2020). |

13

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **Johnson & Johnson** and each of the affiliate companies included in <u>Schedule 1</u> as attached hereto and incorporated herein | Other Non-Debtor Affiliates | • **Johnson & Johnson** is: (a) a current client; and (b) the parent company of former client Actelion Parmaceuticals Shanghai Co., Ltd. (closed 2020); <br><br> • Affiliate companies Shanghai Johnson & Johnson Pharmaceuticals Ltd. (closed 2019) and Janssen-Cilag GmbH (closed 2021) are former clients; and <br><br> • Affiliate company Johnson & Johnson Vision Care, Inc. is an investor in current client **VisionWeb, Inc.** <br><br> • *See also* entry above for DePuy France, et al. |
| **Kaiser Gypsum Company** | Significant Co-Defendants in Talc-Related Litigation | • **Kaiser Gypsum Company**, parent company **HeidelbergCement AG**; and affiliate companies **Hanson Permanente Cement, Inc.** and **Hanson Limited** are current clients; <br><br> • Affiliate company HeidelbergCement Asia Pte Limited is a former client (closed 2020); <br><br> • Affiliate company Hanson Australia Investments Pty Limited is a 50% joint venture partner in former client Metromix Pty Limited (closed 2021); and <br><br> • Affiliate company HeidelbergCapital Private Equity Fund I GmbH & Co. KG is a co-investor in former client Entrepreneurs Fund Management LLP (closed 2020). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| LifeScan | Other Non-Debtor Affiliates | • Parent company **Platinum Equity LLC**, and affiliate companies **Platinum Equity Advisors LLC**, **Cision US, Inc.** and **Wesco Aircraft Holdings, Inc.** are current clients;<br><br>• Affiliate company Hanson Australia Investments Pty Limited is a 50% joint venture partner in former client Metromix Pty Limited (closed 2021);<br><br>• Affiliate companies NextiraOne, N.V. and Vertiv Group Corporation (both closed 2019); and Platinum Equity Capital Partners II, L.P. (closed 2020) are former clients. |
| **Macy's, Inc.** | Significant Co-Defendants in Talc-Related Litigation | • **Macy's, Inc.** is a current client. |
| Metropolitan Life Insurance Company | Significant Co-Defendants in Talc-Related Litigation | • Affiliated entity Metropolitan Life Insurance Company Separate Account No. 558 is a member of a current ad hoc group representation of NGL Energy bondholders. |
| Munich Reinsurance America, Inc., f/k/a American Reinsurance Company | Debtor's Insurer | • Parent company **Munchener Ruckversicherungs-Gesellschaft AG** (a/k/a Munich Reinsurance or Munich Re) is: (a) a client; and (b) a stockholder in current client **DAS Holding N.V.**; and<br><br>• Affiliate companies **MEAG Munich Ergo AssetManagement GmbH** and **The MR Jordan, L.P.** are current clients. |
| Nationwide | Debtor's Insurers | • Parent company **Nationwide Mutual Insurance Company**; and affiliate companies **Nationwide Bank**, **Nationwide Financial General Agency, Inc.**, **Nationwide General Insurance Company**, **Nationwide Life Insurance Company**, **Nationwide Mutual Fire Insurance Company**, **Nationwide Property and Casualty Insurance Company**, **Nationwide Variable Life Insurance Company**, **Nationwide Corporation**, **Nationwide Insurance Company of America**, **Nationwide Insurance Company of Florida**, **Nationwide Lloyds**, |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | *Nationwide Agribusiness Insurance Company*, *Nationwide Assurance Company* and *Nationwide Realty Investors Ltd.* are current clients;<br><br>• Affiliated entities *Administrative Committee of the Nationwide Savings Plan*, *Human Resources Committee of the Board of Directors of Nationwide Mutual Insurance Company* and *Investment Committee of the Nationwide Savings Plan* are current clients;<br><br>• Affiliate company Nationwide Insurance is a joint venture partner in current client *Helios Infrastructure LLC*; and<br><br>• Affiliated entity Benefit Investment Committee of the Nationwide Savings Plan is a former client (closed 2021). |
| NeuWave Medical, Inc. | Other Non-Debtor Affiliates | • Parent company *Ethicon, Inc.* is a current client.<br><br>• *See also* entry above for *Ethicon, Inc.*, et al. regarding related disclosure. |
| Personal Care Products Council | Significant Co-Defendants in Talc-Related Litigation | • Personal Care Products Council is a former client (closed 2020). |
| Prudential Reinsurance Company | Debtor's Insurers | • Affiliate company *Prudential Investment Company of Australia Pty Ltd.* is a current client;<br><br>• Affiliate companies *PPM America, Inc.* and *Prudential (PGIM)* are members of a current ad hoc group representation of Envision term loan lenders;<br><br>• Affiliated company PGIM Broad Market High Yield Bond Fund, L.P. and other Prudential funds are members of former client Hexion 1.5 Lien Noteholder Group (closed 2019); and<br><br>• Affiliate company *PGIM, Inc.* is: (a) a member of a current ad hoc group representation of Intelsat Jackson unsecured noteholders; and (b) a member of a former group representation of Skillsoft Corporation first lien lenders |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | closed in 2019. |
| Publix Super Markets, Inc. | Significant Co-Defendants in Talc-Related Litigation and Material Potentially Indemnified Parties | • Publix Super Markets, Inc. is a former client (closed 2020). |
| Rio Tinto America, Inc. | Material Potentially Indemnified Parties | • Parent company Rio Tinto Plc is the former employer and indemnitor of an individual who is a current client;<br><br>• Affiliate company *Alcan Holdings Nederland B.V.* is a current client; and<br><br>• Affiliate company Aluminum & Chemie Rotterdam B.V. is a former client (closed 2019). |
| Rite Aid Corporation | Material Potentially Indemnified Parties and Significant Co-Defendants in Talc-Related Litigation | • Rite Aid Corporation is a former client (closed 2021). |
| Safety National Casualty Corporation | Debtor's Insurers | • Affiliate company Tokio Marine Capital Co., Ltd. is a former client (closed 2020). |
| Safeway, Inc. | Material Potentially Indemnified Parties and Significant Co-Defendants in Talc-Related Litigation | • Safeway, Inc. is a former client (closed 2020).<br><br>• *See also* entry above for parent company *Albertsons Companies, Inc.* |
| *Sanofi Aventis U.S. LLC* | Significant Co-Defendants in Talc-Related Litigation | • *Sanofi Aventis U.S. LLC*, parent company *Sanofi*; and affiliate companies *Sanofi HangZhou Pharmaceuticals Co., Ltd.*, *Sanofi-Aventis Participations SAS*, *Sanofi Aventis LLC*, *Sanofi U.S. Services, Inc.*, *Sanofi-Aventis Puerto Rico, Inc.*, *Sanofi Pasteur*, *Sanofi U.S. LLC* and *Genzyme Corporation* are current clients; and<br><br>• Affiliate companies Sanofi Pasteur Biologics LLC (closed 2019); Sanofi-Aventis U.S., Inc., Sanofi-Aventis de Venezuela S.A., Sanofi-Aventis Argentina, S.A., Sanofi-Aventis de Colombia S.A., |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | Sanofi-Aventis de Mexico S.A. de C.V., and Sanofi-Aventis Netherlands, B.V. (all  closed 2020); and Sanofi-Aventis Deutschland GmbH, Sanofi-Aventis Australia Pty Ltd., Sanofi Ventures, et al., Sanofi Genzyme and Sanofi Aventis Groupe, et al. are former clients (all closed 2021).<br><br>• *See also* entry above for Chattem, Inc. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Shulton, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Parent company **The Procter & Gamble Company** is: (a) a current client; and (b) a joint venture partner in current client **SPD Swiss Precision Diagnostics GmbH**;<br><br>• Affiliate companies **Procter & Gamble France SAS**, **Procter & Gamble International Operations S.A.**, **Procter & Gamble Germany GmbH & Co. Operations oHG**, **Procter & Gamble Manufacturing Berlin GmbH**, **Procter & Gamble Manufacturing Mexico S. de R.L. de C.V.**, **Procter & Gamble Amiens**, **Procter & Gamble Manufacturing GmbH**, **Procter & Gamble Australia Pty Ltd.**, **Procter & Gamble Distribution Company Europe BVBA**, (a/k/a **Procter & Gamble DCE BVBA**); and **Procter & Gamble Manufactura, S. de R.L. de C.V.** are current clients; and<br><br>• Affiliate company Procter & Gamble International Operations S.A. (Singapore Branch) is a former client (closed 2020). |
| Skadden, Arps, Slate, Meager & Flom LLP | Debtors' Significant Ordinary Course Professionals, Consultants, and Service Providers | • An individual partner at Skadden, Arps, Slate, Meager & Flom LLP is a former client (closed 2020) |
| State of Texas, Attorney General of Texas | Bankruptcy Rule 2002 Appearances | • Texas state governed entity, Texas County & District Retirement System, is a member of a former defense group representation of General Motors term lenders (closed 2020). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Transamerica Premier Insurance Company | Debtor's Insurers | • Parent company Aegon N.V. is a joint venture owner of Amvest Vastgoed B.V., the parent company of current client *Amvest RCF Custodian B.V.*; and<br><br>• Affiliate company TransAmerican Asset Management, Inc. and affiliated entities Transamerica Aegon High Yield Bond VP and Transamerica Series Trust are members of a former defense group representation of General Motors term lenders closed in 2020. |
| *U.S. Bank, N.A.* | Parties to Material Contracts with the Debtor | • *U.S. Bank, N.A.*, parent company *U.S. Bancorp*; and affiliate companies *U.S. Bank Trust Company, National Association* and *U.S. Bank Corporate Trust Services* are current clients. |
| *R. T. Vanderbilt Company, Inc.* *Vanderbilt Minerals LLC* | Significant Co-Defendants in Talc-Related Litigation | • *R.T. Vanderbilt Company, Inc.* and affiliate company *Vanderbilt Minerals LLC* are current clients. |
| ViacomCBS, Inc., (f/k/a CBS Corporation) | Significant Co-Defendants in Talc-Related Litigation | • ViacomCBS, Inc. (f/k/a CBS Corporation) and affiliated companies CBS UK, CBS Technologies and CBS International (Netherlands) B.V. are former clients (all closed 2021); and<br><br>• Affiliate company *Network Ten Pty Limited* is a current client. |
| *Walgreen Company* | Significant Co-Defendants in Talc-Related Litigation | • *Walgreen Company* is: (a) a current client; and (b) a current client in a matter with *R.J. Reynolds Tobacco Company*, the indemnitor for Walgreen's. |
| *Walmart, Inc.* | Material Potentially Indemnified Parties and Significant Co-Defendants in Talc-Related Litigation | • *Walmart, Inc.* and affiliate company *Walmart Stores East, L.P.* are current clients; and<br><br>• Affiliate companies Wal-Mart Stores Arkansas LLC (closed 2019) and Nueva Wal Mart de México, S. de R.L. de C.V. (closed 2020) are former clients. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Yves Saint Laurent America, Inc. | Significant Co-Defendants in Talc-Related Litigation | • Parent company Kering S.A. is a former client (closed 2021); and <br><br> • Affiliate company ***Kering Holland N.V.*** is a current client. |

NAI-1522463295v5

## <u>SCHEDULE 3</u>

Nonexclusive List of Certain Jones Day
Professionals and Their Current Standard Hourly Rates

| NAME | LOCATION | POSITION | BILLING RATE IN EFFECT AS OF THE PETITION DATE |
|---|---|---|---|
| Rebekah E. Blake | New York | Partner | $1,150.00 |
| Ann M. Bomberger | New York | Partner | $1,125.00 |
| Brad B. Erens | Chicago | Partner | $1,300.00 |
| Gregory M. Gordon | Dallas | Partner | $1,450.00 |
| Paul M. Green | Houston | Partner | $1,100.00 |
| James M. Jones | New York | Partner | $1,350.00 |
| Troy B. Lewis | Dallas | Partner | $1,150.00 |
| Dan Merrett | Atlanta | Partner | $1,025.00 |
| Mark W. Rasmussen | Dallas | Partner | $1,050.00 |
| David S. Torborg | Washington | Partner | $1,125.00 |
| Katie Wall | Dallas | Partner | $1,000.00 |
| Dan B. Prieto | Dallas | Of Counsel | $1,050.00 |
| Caitlin K. Cahow | Chicago | Associate | $925.00 |
| Amanda P. Johnson | Chicago | Associate | $625.00 |
| Isel M. Perez | Miami | Associate | $625.00 |
| Amanda Rush | Dallas | Associate | $975.00 |
| Daniel C. Villalba | Chicago | Associate | $575.00 |
| Christa L. Smith | Dallas | Paralegal | $400.00 |

## **EXHIBIT D**

Disclosure of Compensation of Jones Day

NAI-1522055035

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

### DISCLOSURE OF COMPENSATION OF JONES DAY

Pursuant to section 329(a) of the Bankruptcy Code, Bankruptcy Rule 2016(b) and Local Bankruptcy Rule 2016-1, I, Gregory M. Gordon hereby certifies as follows:

1.      I am a partner with the law firm of Jones Day and am duly authorized to make this Disclosure of Compensation on behalf of Jones Day in connection with the *Debtor's Ex Parte Application for an Order Authorizing It to Retain and Employ Jones Day as Counsel as of the Petition Date* (the "Application").[2]  The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

2.      Prior to the Petition Date, on October 12, 2021, Old JJCI paid Jones Day a retainer of $500,000.00 for professional services and expenses provided or to be provided to the Debtor (the "Retainer").

3.      The Retainer represents the total payment Jones Day received for services provided to the Debtor in the one-year period preceding the Petition Date.  As of the Petition Date, the Retainer balance was $0.00.  The application of the Retainer through the Petition Date

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

reflects estimated fees and expenses for the period from October 12, 2021 through October 14, 2021 (the "Debtor Estimated Amount").

4.    Jones Day expects to:  (a) complete its reconciliation of prepetition fees and expenses actually incurred for the period prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Case; (b) make a corresponding adjustment to the amount of the Retainer on or about that date; and (c) disclose such adjustment in its first interim fee application.  If Jones Day's unbilled actual fees and expenses prior to the Petition Date are less than the Debtor Estimated Amount, the balance will be added to the Retainer and applied by Jones Day consistent with the terms of the Interim Compensation Order.  Jones Day will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including an Interim Compensation Order.

5.    Jones Day requests that it be permitted to hold any amounts comprising the Retainer (following the reconciliation described herein) as a postpetition retainer subject to the terms of the Interim Compensation Order.

6.    In addition, prior to the Petition Date, J&J paid Jones Day a total of $4,953,859.25 for actual fees and expenses for March 30, 2021 through August 31, 2021 and estimated fees and expenses for September 1, 2021 through October 11, 2021 (the "J&J Estimated Amount")[3] relating to certain prepetition legal services provided to J&J and Old JJCI, in connection with (a) advice regarding restructuring matters related to talc liabilities; (b) the corporate restructuring completed on October 12, 2021; and (c) other related legal services.  As

---

[3]    Jones Day expects to complete its reconciliation of fees and expenses actually incurred for September 1, 2021 through October 11, 2021 soon.  Upon completion of the reconciliation process, if Jones Day's unbilled actual fees and expenses for that period are less than the J&J Estimated Amount, the balance of those funds will be returned to J&J.

described in the Gordon Declaration, as a result of this corporate restructuring, the Debtor was

assigned Jones Day's engagement with Old JJCI.[4]  Jones Day's representation of J&J in respect

of restructuring matters was terminated as of October 12, 2021.

7.    An accounting of prepetition payments made to Jones Day by Old JJCI

and J&J in the one-year period preceding the Petition Date is attached hereto as Schedule 1.

8.    To the best of my knowledge, information and belief, insofar as I have

been able to ascertain after reasonable inquiry, neither I nor Jones Day, nor any partner or

associate thereof, has received or been promised any compensation for legal services rendered or

to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by

the Bankruptcy Code.  Jones Day has not agreed to share compensation received in connection

with this case with any other person, except as permitted by section 504(b) of the

Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among

Jones Day's partners.

Dated: November 15, 2021          /s/  Gregory M. Gordon
      Dallas, Texas          Gregory M. Gordon (TX Bar No. 08435300)
                       JONES DAY
                       2727 North Harwood Street
                       Dallas, Texas  75201
                       Telephone:  (214) 220-3939
                       Facsimile:  (214) 969-5100

---

[4]    The terms of Jones Day's engagement by Old JJCI in respect of restructuring advice were superseded in
their entirety by the Engagement Letter.

## SCHEDULE 1

Accounting Summary of Payments

| PAYMENTS RECEIVED FOR SERVICES TO J&J AND OLD JJCI | | | |
|---|---|---|---|
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED** |
| July 22, 2021 | $479,247.75 | Payment of Invoice | $479,247.75 |
| July 22, 2021 | $195,338.25 | Payment of Invoice | $195,338.25 |
| September 7, 2021[1] | $211,484.25 | Payment of Invoice | $210,172.50 |
| September 22, 2021 | $179,255.25 | Payment of Invoice | $178,348.50 |
| October 12, 2021[2] | $4,370,000.00 | Payment of Invoice | $4,370,000.00 |
| **RETAINER RECEIVED FOR SERVICES TO THE DEBTOR** | | | |
| **DATE** | **INVOICE AMOUNT** | **TRANSACTION** | **PAYMENTS RECEIVED** |
| October 12, 2021 | $500,000.00 | Initial Retainer Payment | $500,000.00 |
| **TOTAL RETAINER PAYMENT RECEIVED FROM THE DEBTOR:** | | | **$500,000.00** |
| **RETAINER BALANCE** | | | |
| **BALANCE OF THE RETAINER AS OF THE PETITION DATE:** | | | **$0.00** |

---

[1] The difference between the invoiced amount and the payment received for September 7 and 22, 2021 reflects amounts written-off by Jones Day.

[2] J&J paid this invoice on or about October 8, 2021, and such payment was received by Jones Day on October 12, 2021.