**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

**EX PARTE APPLICATION TO EMPLOY KING & SPALDING LLP**
**AS DEBTOR'S SPECIAL COUNSEL PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE EFFECTIVE AS OF THE PETITION DATE**

The above captioned debtor (the "Debtor") applies to the Court for the entry of an order

authorizing it to retain and employ King & Spalding LLP ("K&S") as special counsel for the

Debtor as of October 14, 2021 (the "Petition Date"), pursuant to section 327(e) of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1(b) of the Local

Bankruptcy Rules of the United States Bankruptcy Court for the Western District of North

Carolina (the "Local Rules").

In support of this Application, the Debtor relies upon, and incorporates by reference, the

*Declaration of Kristen R. Fournier*, a partner located in the New York Office of K&S

(the "Fournier Declaration"), a copy of which is attached hereto as Exhibit A, and respectfully

states as follows:

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

**Jurisdiction**

1.      This United States Bankruptcy Court for the Western District of North Carolina

(the "<u>Court</u>") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief

sought herein are sections 105, 327, 330 and 331 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1(b).

**Background**

2.      On the Petition Date, the Debtor commenced this reorganization case by filing a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is authorized

to continue to manage its property and operate its business as a debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtor is a North Carolina limited liability company.  It is the direct parent of

Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of

royalty revenue streams, including some based on third-party sales of certain products, and will

seek opportunities to acquire or finance additional royalty revenue streams.  As of the Petition

Date, the Debtor was a defendant in thousands of lawsuits asserting personal injuries allegedly

caused by exposure to talc-containing products.

4.      A comprehensive description of the Debtor, its history, its assets and liabilities

and the events leading to the commencement of this chapter 11 case can be found in the

*Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 5] (the "<u>First Day</u>

<u>Declaration</u>"), which was filed on the Petition Date and is incorporated herein by reference.  In

addition to the First Day Declaration, the Debtor has filed an Informational Brief [Dkt. 3] to

provide additional information about its talc litigation, related costs and plans to address these matters in this chapter 11 case (the "Chapter 11 Case").

5.      On November 8, 2021, the Court entered an order [Dkt. 355] appointing an official committee of talc claimants (the "Talc Committee") in the Chapter 11 Case.

## Relief Requested

6.      Pursuant to sections 327(e) and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1(b) and consistent with the *Guidelines for Compensation and Expense Reimbursement of Professionals* issued by this Court (the "Compensation Guidelines"), the Debtor seeks the entry of an order, substantially in the form attached hereto as Exhibit B, authorizing it to retain and employ K&S in the Chapter 11 Case to represent the Debtor[2] as special counsel, effective as of the Petition Date, in accordance with the engagement letter dated November 9, 2021 (the "Engagement Letter"), a copy of which is attached hereto as Exhibit C.[3]

## Proposed Retention

7.      K&S has served as national coordinating counsel for Johnson & Johnson ("J&J") and Old JJCI in mesothelioma talc-related litigation and special counsel on certain aspects of ovarian talc-related litigation since February 2020, and has served as local and trial counsel in the talc-related litigation since 2017.  The Debtor does not propose the employment of K&S as

---

[2]      Prior to the Petition Date, thousands of talc personal injury claims had been filed or asserted against Johnson & Johnson Consumer Inc. ("Old JJCI").  On October 12, 2021, Old JJCI underwent an internal corporate restructuring (the "2021 Corporate Restructuring") as a result of which Old JJCI ceased to exist and two new entities were formed—the Debtor and Johnson & Johnson Consumer Inc. ("New JJCI").  The Debtor was allocated certain assets of Old JJCI and became responsible for Old JJCI's talc-related liabilities (other than claims for which the exclusive remedy is provided under a workers' compensation statute or similar laws).

[3]      Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the description provided herein.

general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), but instead as special counsel

pursuant to 11 U.S.C. § 327(e) to assist on issues relating to the resolution of talc claims in the

Chapter 11 Case, drawing on the work the firm has performed in the past for J&J and Old JJCI

and the expertise it has developed from this work.[4]  Since at least the Fall of 2017, K&S has

represented J&J, Old JJCI and now the Debtor in matters related to the defense of talc claims

alleging asbestos contamination, and possesses extensive knowledge concerning J&J and

Old JJCI's businesses; both company and broader industry wide history related to the use and

testing of talc; scientific research relating to alleged asbestos contamination in talc; the talc

related personal injury cases filed against J&J and Old JJCI; defenses to those claims; and J&J,

Old JJCI's and the Debtor's management of the defense and settlement of talc related claims.

8.    During the course of the Chapter 11 Case, the Debtor will be called upon to

address, among other things, the very issues for which K&S has served as long time counsel to

J&J and Old JJCI and, in which capacity, K&S has continued to serve the Debtor following the

2021 Corporate Restructuring that created the Debtor.

9.    In connection with the 2021 Corporate Restructuring, certain members of K&S

advised J&J and Old JJCI, until it ceased to exist, and thereafter to the Debtor on matters relating

to the conduct and management of the talc litigation, including in light of the restructuring.

Certain of K&S's professionals also were involved in working with relevant personnel to collect

and evaluate information in connection with preparations for the potential commencement of the

Chapter 11 Case.

---

[4]    K&S served as counsel to Old JJCI until it ceased to exist following the 2021 Corporate Restructuring.
Old JJCI's engagement of K&S was allocated to the Debtor in the 2021 Corporate Restructuring.  The
terms of  K&S's engagement by Old JJCI were superseded in their entirety by the Engagement Letter.  As
set forth herein and in the Fournier Declaration, K&S continues to represent J&J in certain talc-related
litigation, as it did prior to the 2021 Corporate Restructuring and the Petition Date.

**Scope of Proposed Retention**

10.     In light of the foregoing, the Debtor seeks to retain K&S as special counsel to advise the Debtor on issues relating to the defense of talc-related claims and the resolution thereof during the course of the Chapter 11 Case, drawing on K&S's prepetition experience and expertise relating to the Debtor's talc litigation.  To that end, K&S anticipates that it may provide the following services during this Chapter 11 Case:

a.      assisting the Debtor with discovery relating to allegations of asbestos contamination in talc, generally, or mesothelioma cases more specifically;

b.      assisting the Debtor in the defense of privilege and work product issues relating to the talc matters;

c.      assisting the Debtor in connection with any estimation proceeding regarding the Debtor's talc-related claims;

d.      assisting the Debtor in any stay issues or other matters relating to talc-related claims in non-bankruptcy forums;

e.      assisting the Debtor in negotiations relating to the resolution of talc-related claims in the Chapter 11 Case; and

f.      providing such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation, or resolution of the Debtor's talc-related claims in the Chapter 11 Case.

11.     K&S has indicated its willingness to render the necessary professional services described above as special counsel to the Debtor and will not serve as general bankruptcy and reorganization counsel to the Debtor.  The Debtor believes that the services K&S will provide will be complementary and not in any way duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel or the other firms retained by the Debtor in the Chapter 11 Case to assist in talc-related matters.  The Debtor is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of K&S's role as special counsel.

## Compensation and Fee Applications

12.      Pursuant to the terms of the Engagement Letter and subject to the Court's approval of this Application, K&S intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

13.      In addition, to the extent that K&S represents both the Debtor and J&J in a matter, K&S will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J.  In matters in which K&S represents solely the Debtor or J&J, K&S will allocate 100% of the fees and expenses to the entity represented.

14.      K&S will be compensated at its hourly rates, which are based on the professionals' level of experience.  At present, the hourly rates charged by K&S in the United States fall within the following ranges:[5]

| Billing Category | U.S. Range |
|---|---|
| Partners | $635 - $2,095 |
| Counsel/Of Counsel | $890 - $1,805 |
| Associates | $235 - $1,410 |
| Paralegals | $265 - $615 |

15.      These hourly rates may change from time to time in accordance with K&S's established billing practices and procedures, as contemplated by the Engagement Letter.

---

[5]      The hourly rates for the K&S lawyers anticipated to work for the Debtor as of October 14, 2021 range from $832 to $1035 for partners and $510 to $731 for associates.  See Fournier Declaration, Schedule 3.

16.    The names, positions, resident offices, and current hourly rates of those K&S professionals currently expected to spend significant time on the Chapter 11 Case are attached as Schedule C to the Fournier Declaration.

17.    K&S's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity.

18.    K&S will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Compensation Guidelines, and any additional procedures that may be established by the Court in the Chapter 11 Case.

19.    K&S intends to use the following billing categories:[6]

| *Category* | *Description* |
|---|---|
| Document Review and Production | Assistance in the collection, review, production, and logging of information sought in the Chapter 11 Case |
| Preparation of Historical Information | Activities related to review of historic records and preparing witnesses to address issues of company history and related matters and legal advice relating to these issues |
| Privilege and Work Product Defense | Activities to defend privilege and work product issues related to the talc claims and the defense thereof |
| Preparation of Expert Witnesses and Related Evidence | Work with expert witnesses to address issues relating to talc matters, as well as assist in the selection of expert witnesses and the identification and use of related evidence |
| Legal and Factual Analysis Relating to Talc Claims | Advice, counseling, and marshalling of the facts and law in connection with talc claims or any activities, to the extent not covered by another billing category |

---

[6]    These categories are consistent with and expand upon the project categories in the Compensation Guidelines.  K&S, in its discretion and in consultation with the Debtor, may determine to create separate or additional sub-billing categories for certain discrete projects undertaken during the Chapter 11 Case.

| Category | Description |
|---|---|
| Non-Bankruptcy Litigation Matters | Assist the Debtor and lead bankruptcy counsel in efforts to enforce or extend the automatic stay or address other issues arising in non-bankruptcy forums |
| Court Hearings | Includes preparation for and attendance at court hearings |
| Fee Application Preparation | Includes preparation of K&S's fee applications and related activities and the preparation of monthly invoices |
| Non-Working Travel | Includes time traveling when no services are being performed |

20.    K&S contemplates using the following expense categories:  (a) copies; (b) outside printing; (c) telephone; (d) facsimile; (e) online research; (f) delivery services/couriers; (g) postage; (h) local travel; (i) out-of-town travel (including subcategories for transportation, hotel, meals, ground transportation and other); (j) local meals; (k) court fees; (l) subpoena fees; (m) witness fees; (n) deposition transcripts; (o) trial transcripts; (p) trial exhibits; (q) litigation support vendors; (r) experts; (s) investigators; (t) arbitrators/mediators; and (u) other.

21.    Subject to this Court's approval and in accordance with sections 327(e), 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Orders and Rules of this Court, the Debtor requests that K&S be compensated on an hourly basis and be reimbursed for the actual, necessary expenses K&S incurs.

**Compensation Prior to the Petition Date**

22.    Prior to the Petition Date, K&S has not received any payments from the Debtor for services provided.

23.    In the one-year period preceding the Petition Date and before the formation of the Debtor, K&S incurred fees and expenses in the amount of $261,556.90 relating to preparations for a restructuring of Old JJCI and related issues raised by the talc litigation as a result.  On

account of those and other services performed for Old JJCI, K&S has or will bill those fees and

expenses to J&J, consistent with the terms of its engagement with J&J and prior engagement

with Old JJCI.

### Applicable Authority

24.     Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special
> purpose, other than to represent the trustee in conducting the case, an
> attorney that has represented the debtor, if in the best interest of the estate,
> and if such attorney does not represent or hold any interest adverse to the
> debtor or to the estate with respect to the matter on which such attorney is
> to be employed.

> 11 U.S.C. § 327(e)

25.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional
> services to be rendered, any proposed arrangement for compensation, and,
> to the best of the applicant's knowledge, all of the [firm's] connections with
> the debtor, creditors, any other party in interest, their respective attorneys
> and accountants, the United States trustee, or any person employed in the
> office of the United States trustee.

> Fed. R. Bankr. P. 2014.

26.     The Debtors submit that for all the reasons stated herein and in the Fournier

Declaration, the retention and employment of K&S as the Debtor's special counsel pursuant to

section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014(a) is warranted.

### No Adverse Interest with Respect to Matters
### Upon Which K&S Shall Be Employed

27.     The Fournier Declaration, incorporated herein by reference, discloses K&S's

connections to the Debtor and parties in interest in the Chapter 11 Case.  In reliance on

the Fournier Declaration, and except as set forth therein and in this Application, the Debtor

believes that: (a) K&S has no connection with the Debtor, its affiliates,[7] its creditors, the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator"), any person employed in the office of the Bankruptcy Administrator or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; (b) K&S is not a creditor,[8] equity security holder, or insider of the Debtor, except as set forth in herein and in the Fournier Declaration; (c) none of K&S's lawyers is, or was within two years of the Petition Date, a director, officer or employee of the Debtor; and (d) K&S neither holds nor represents an interest materially adverse to the Debtor or its estate with respect to the matters on which K&S is to be employed.

28.     In the event that K&S's representation of the Debtor in connection with any particular matter in the Chapter 11 Case would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtor shall use separate counsel to represent its interests with respect to such matter against such party.  If that occurs, it is anticipated that conflicts counsel may be retained in connection with that matter.

29.     The employment of K&S is in the best interests of the Debtor and the Debtor's estate.  The Debtor believes that the denial of this Application would be prejudicial to the Debtor and its bankruptcy estate.  Should the Debtor be required to retain counsel in substitution of K&S, the Debtor, its bankruptcy estate, and other parties in interest would be prejudiced by the time and expense required for substitute counsel to become familiar with the Debtor's defenses

---

[7]     As described in the Fournier Declaration, K&S has represented, and represents, certain non-debtor affiliates of the Debtor in matters unrelated to the Chapter 11 Case.

[8]     As of the Petition Date, $7,700,860.00 remains outstanding in actual fees and expenses for work performed with respect to the talc litigation on behalf of J&J and Old JJCI.  K&S has or will bill those fees and expenses to J&J, consistent with the terms of its engagement with J&J and prior engagement with Old JJCI.

to talc claims and obtain the expertise required to serve the Debtor and their estates in an effective manner.

30.     K&S understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Orders of this Court.

31.     As required by section 327(e) of the Bankruptcy Code and Rule 2014(a), the above-described facts set forth in this Application and the information in the exhibits attached hereto set forth: (a) the specific facts showing the necessity for K&S's employment; (b) the reasons for the Debtor's selection of K&S as its counsel in connection with the Chapter 11 Case; (c) the professional services proposed to be provided by K&S; (d) the arrangement between the Debtor and K&S with respect to K&S's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the Debtor's knowledge, the extent of K&S's connections, if any, to certain parties in interest in these matters.  Accordingly, K&S's retention by the Debtor should be approved.

## **Notice**

32.     Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor seeks approval of this Application on an ex parte basis.  Nevertheless, consistent with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Dkt. 322] (the "Case Management Order"), notice of this Application has been provided to:  (a) the Bankruptcy Administrator; (b) the Talc Committee; (c) counsel to the Debtor's non debtor affiliates, New JJCI and J&J; and (d) the other parties on the Service List established by the Case Management Order.  The Debtor submits that, in light of the ex parte nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

33.     No prior application for the relief sought herein has been made to this Court or
any other court.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an order,
substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and
(b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: November 15, 2021
        Charlotte, North Carolina

Respectfully submitted,

LTL Management LLC

By:  /s/ John K. Kim
        John K. Kim
        Chief Legal Officer

PROPOSED ATTORNEYS FOR
DEBTOR:

C. Richard Rayburn, Jr. (NC 6357)
John R. Miller, Jr. (NC 28689)
Matthew L. Tomsic (NC 52431)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina  28202
Telephone:  (704) 334-0891
Facsimile:  (704) 377-1897
Email: rrayburn@rcdlaw.net
        jmiller@rcdlaw.net
        mtomsic@rcdlaw.net

Gregory M. Gordon (TX Bar No. 08435300)
Daniel B. Prieto (TX Bar No. 24048744)
Amanda Rush (TX Bar No. 24079422)
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
E-mail:  gmgordon@jonesday.com
        dbprieto@jonesday.com
        asrush@jonesday.com
(Admitted *pro hac vice*)

Brad B. Erens (IL Bar No. 06206864)
JONES DAY
77 W Wacker
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
E-mail:  bberens@jonesday.com
(Admitted *pro hac vice*)

## EXHIBIT A

**Declaration of Kristen R. Fournier**

NAI-1521776609

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

## <u>DECLARATION OF KRISTEN R. FOURNIER</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "<u>Local Bankruptcy Rules</u>"), Kristen R. Fournier hereby declares as follows:

1.      I am an attorney at law admitted and in good standing to practice in the States of New York, Virginia and Washington, D.C. and before the United States District Court for the Eastern District of New York, the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of Virginia.

2.      I am a partner with the law firm of King & Spalding LLP ("<u>K&S</u>") and am duly authorized to make this declaration on behalf of K&S. I make this declaration in support of the *Ex Parte Application to Employ King & Spalding LLP as Debtor's Special Counsel Pursuant to Section 327(e) of the Bankruptcy Code Effective as of the Petition Date* (the "<u>Application</u>").[2] The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

---

[1]      The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

NAI-1521776609

### K&S's Qualifications

3.      K&S has served as national coordinating counsel for Johnson & Johnson ("J&J")

and Johnson & Johnson Consumer, Inc. ("Old JJCI") in mesothelioma talc-related litigation and

special counsel on certain aspects of ovarian talc-related litigation since February of 2020 and

has served as local and trial counsel in the talc-related litigation since 2017.  The Debtor does not

propose the employment of K&S as general bankruptcy counsel pursuant to 11 U.S.C. § 327(a),

but instead as special counsel pursuant to 11 U.S.C. § 327(e) to assist on issues relating to the

resolution of talc claims in the Chapter 11 Case drawing on the work the firm has performed in

the past for J&J, Old JJCI and the Debtor and the expertise it has developed from this work.[3]

Since at least the Fall of 2017, K&S has represented J&J, Old JJCI and now the Debtor in

matters related to the defense of talc claims alleging asbestos contamination, and possesses

extensive knowledge concerning J&J and Old JJCI's businesses; both company and broader

industry wide history related to the use and testing of talc; scientific research relating to alleged

asbestos contamination in talc; the talc related personal injury cases filed against J&J and Old

JJCI; defenses to those claims; and J&J, Old JJCI's and the Debtor's management of the defense

and settlement of talc related claims.

4.      During the course of the Chapter 11 Case, the Debtor will be called upon to

address, among other things, the very issues for which K&S has served as long time counsel to

J&J and Old JJCI and, in which capacity, K&S has continued to serve the Debtor following the

2021 Corporate Restructuring that created the Debtor.

---

[3]      K&S served as counsel to Old JJCI until it ceased to exist following the 2021 Corporate Restructuring.
Old JJCI's engagement of K&S was allocated to the Debtor in the 2021 Corporate Restructuring.  The
terms of K&S's engagement by Old JJCI were superseded in their entirety by the Engagement Letter.  As
set forth herein and in the Fournier Declaration, K&S continues to represent J&J in certain talc-related
litigation, as it did prior to the 2021 Corporate Restructuring and the Petition Date.

34.     In connection with the 2021 Corporate Restructuring, certain members of K&S advised J&J and Old JJCI, until it ceased to exist, and thereafter to the Debtor on matters relating to the conduct and management of the talc litigation, including in light of the restructuring. Certain of K&S's professionals also were involved in working with relevant personnel to collect and evaluate information in connection with preparations for the potential commencement of the Chapter 11 Case.

## Scope of Proposed Retention

5.     K&S anticipates that it may provide the following services during this Chapter 11 Case:

    a.  assisting the Debtor with discovery relating to allegations of asbestos contamination in talc, generally, or mesothelioma cases more specifically;

    b.  assisting the Debtor in the defense of privilege and work product issues relating to the talc matters;

    c.  assisting the Debtor in connection with any estimation proceeding for the Debtor's talc-related claims;

    d.  assisting the Debtor in any stay issues or other matters relating to talc-related claims in non-bankruptcy forums;

    e.  assisting the Debtor in negotiations relating to the resolution of talc-related claims in the Chapter 11 Case; and

    f.  providing such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation, or resolution of the Debtor's talc-related claims in the Chapter 11 Case.

6.     K&S is willing to render the necessary professional services described above as special counsel to the Debtor and will not serve as general bankruptcy and reorganization counsel to the Debtor.  K&S is mindful of the need to avoid the duplication of legal services and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of K&S's role as special counsel.

*Compensation and Fee Applications*

7.      Pursuant to the terms of the Engagement Letter and subject to the Court's

approval of this Application, K&S intends to: (a) charge for its legal services on an hourly basis

in accordance with the ordinary and customary hourly rates in effect on the date services are

rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

8.      In addition, to the extent that K&S represents both the Debtor and J&J in a matter,

K&S will allocate 50% of its fees and expenses incurred in such joint representation to the

Debtor and 50% to J&J.  In matters in which K&S represents solely the Debtor or J&J, K&S will

allocate 100% of the fees and expenses to the entity represented.

9.      K&S will be compensated at its hourly rates, which are based on the

professionals' level of experience.  At present, the hourly rates charged by K&S fall within the

following ranges:[4]

| Billing Category | U.S. Range |
|---|---|
| Partners | $635 - $2,095 |
| Counsel/Of Counsel | $890 - $1,805 |
| Associates | $235 - $1,410 |
| Paralegals | $265 - $615 |

10.      These hourly rates may change from time to time in accordance with established

billing practices and procedures, as contemplated by the Engagement Letter.

---

[4]      The hourly rates for the K&S lawyers anticipated to work for the Debtor as of October 14, 2021 range from $832 to $1035 for partners and $510 to $731 for associates.  See Schedule 3 hereto.

11.     The names, positions, resident offices and current hourly rates of those K&S professionals currently expected to spend significant time on the Chapter 11 Case are attached as Schedule 3 hereto.

12.     K&S's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity.

13.     K&S will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, and any additional procedures that may be established by the Court in the Chapter 11 Case.  In addition, K&S understands that interim and final fee awards are subject to approval by this Court.

***Compensation Prior to the Petition Date***

14.     Prior to the Petition Date, K&S has not received any payments from the Debtor for services provided.

15.     In the one-year period preceding the Petition Date and before the formation of the Debtor, K&S incurred fees and expenses in the amount of $261,556.90 relating to preparations for a restructuring of Old JJCI and related issues raised by the talc litigation as a result.  On account of those and other services performed for Old JJCI, K&S has or will bill those fees and expenses to J&J, consistent with the terms of its engagement with J&J and prior engagement with Old JJCI.

## Disclosure Concerning Disinterestedness

### *Interested Party List*

16.     The Debtor has provided K&S with a list of the names of individuals or institutions

that are potential significant parties in interest (collectively, the "Interested Parties") in the

following categories:

(a)     the Debtor's direct equity owner;

(b)     the Debtor's direct non-debtor subsidiary;

(c)     other non-debtor affiliates of the Debtor;

(d)     managers and officers of the Debtor;

(e)     major current business affiliations of the Debtor's managers;

(f)     depository and disbursement banks of the Debtor;

(g)     major sureties;

(h)     parties to material contracts with the Debtor;

(i)     significant co-defendants in talc-related litigation;

(j)     the Debtor's retained professionals and claims agent;

(k)     the Debtor's significant ordinary course professionals, consultants and service providers;

(l)     known professionals for certain non-Debtor parties in interest;

(m)     material potentially indemnified parties;

(n)     law firms with significant representations of talc claimants;

(o)     key parties in *Imerys Talc America, Inc.* and *Cyprus Mines Corp.* chapter 11 cases;

(p)     the Debtor's insurers; and

(q)     parties in interest that have filed a Bankruptcy Rule 2002 notice of appearance in the Chapter 11 Case.

17.     The list of Interested Parties also includes available information regarding (a) the Bankruptcy Administrator and attorneys for the Bankruptcy Administrator's Office for the Western District of North Carolina and (b) bankruptcy judges for the Western District of North Carolina.

18.     The identities of the Interested Parties, developed as of November 3, 2021, are set forth on Schedule 1 hereto.

### *Evaluation and Disclosure of Connections*

19.     To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtor, its creditors, other parties in interest, their respective attorneys, the Bankruptcy Administrator or any person employed in the office of the Bankruptcy Administrator, K&S researched its client database to determine whether it had any relationships with the Interested Parties. To the extent that K&S's research of its relationships with the Interested Parties indicates that K&S has represented in the past three years, or currently represents, any of these entities in matters unrelated to the Chapter 11 Case, the identities of these entities and such entities' relationship to the Debtor and connection to K&S, are set forth in Schedule 2 hereto.

20.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor K&S, nor any partner, associate or other professional thereof has any connection with the Debtor, its creditors, the Bankruptcy Administrator or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants, except as set forth below and in Schedule 2 attached hereto:

(a)     K&S has not represented, and does not and will not represent, any entity in matters adverse to the Debtor or to the estate with respect to matters on which K&S is to be employed.

(b)  Prior to the Petition Date, K&S represented the predecessor entity of the
Debtor as counsel, including as national coordinating counsel, special
counsel and defense counsel, in certain talc-related litigation (the same
role it served for the Debtor after the 2021 Corporate Restructuring).

(c)  Prior to the Petition Date, K&S represented the Debtor's parent company
and non-debtor affiliate, J&J, as counsel, including as national
coordinating counsel, special counsel and defense counsel, in certain talc-
related litigation.  K&S will continue to represent J&J in that capacity.

(d)  In matters unrelated to the Debtor or the Chapter 11 Case, K&S currently
represents or formerly represented certain of the Debtor's non-debtor
affiliates.  K&S, however, has not represented, and does not and will not
represent, any of these entities in matters adverse to the Debtor or to the
estate with respect to matters on which K&S is to be employed.

(e)  K&S currently represents certain of the Debtor's significant talc related
litigation co-defendants, certain of the Debtor's ordinary course
professionals, certain of the Debtor's material potentially indemnified
parties, and one of the Debtor's insurers.  These relationships are set forth
on the attached Schedule 2.  In all instances, K&S has not represented, and
does not and will not represent, any of these entities in matters adverse to
the Debtor or to the estate with respect to matters on which K&S is to be
employed.

***K&S's Services Prior to the Petition Date
and Representation of Non-Debtor Affiliates in Unrelated Matters***

21.  Since at least 2006, K&S has provided various legal services to certain of J&J's

direct and indirect subsidiaries, including the predecessor to the Debtor, Old JJCI.  These legal

services have included advice and assistance relating to litigation, investigations and general

corporate matters.

22.  Following the 2021 Corporate Restructuring, K&S has represented certain

affiliates of the Debtor that are not parties to the Chapter 11 Case (collectively, the "Non-Debtor

Affiliates"), in matters unrelated to the Debtor or the Chapter 11 Case as summarized in the

attached Schedule 2.

23.     As affiliates within the same enterprise, the interests of the Debtor and its Non-Debtor Affiliates have been aligned following the 2021 Corporate Restructuring, and I anticipate that they will continue to be aligned with respect to the Chapter 11 Case.  Nevertheless, K&S has not represented, and does not and will not represent, any Non-Debtor Affiliate in any matter adverse to the Debtor or to the estate with respect to matters on which K&S is to be employed. Likewise, to the extent necessary, in the event of any dispute between the Debtor and its Non-Debtor Affiliates, the Debtor will utilize separate counsel for such matters.

### K&S Holds No Adverse Interest with Respect to Matters Upon Which K&S Shall Be Employed

24.     To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, K&S does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters on which K&S is to be employed as required by section 327(e) of the Bankruptcy Code, in that: (a) K&S has no connection with the Debtor, its affiliates, its creditors, the Bankruptcy Administrator, any person employed in the office of the Bankruptcy Administrator or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants, except as set forth herein and on Schedule 2; (b) K&S is not a creditor,[5] equity security holder or insider of the Debtor, except as set forth herein and in the Application; (c) no K&S partner, associate or other professional is, or was within two years of the Petition Date, a director, officer or employee of the Debtor; and (d) none of the matters in which K&S represents an Interested Party are adverse to the Debtor or to the estate with respect to matters on which K&S is to be employed.

---

[5]     As of the Petition Date, $7,700,860.00 remains outstanding in fees and expenses for work performed with respect to the talc litigation on behalf of J&J and Old JJCI.  K&S has or will bill those fees and expenses to J&J, consistent with the terms of its engagement with J&J and prior engagement with Old JJCI.

25.      Despite the efforts described above to identify and disclose connections with parties in interest in this case, because the Debtor is part of a large enterprise and has thousands of creditors and other relationships, and because K&S is an international firm with more than 1,200 attorneys in 22 offices around the globe, K&S is unable to state with certainty that every client representation or other connection of K&S has been disclosed.  In this regard, if K&S discovers additional information that requires disclosure, K&S will file supplemental disclosures with the Court.

26.      In addition, it is my understanding that if a conflict of interest with respect to a party set forth on Schedule 2 or another party in interest later identified in this case should arise, the Debtor will use the services of other conflicts counsel in connection with that matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  November 15, 2021
        New York, NY

/s/ Kristen R. Fournier
Kristen R. Fournier (NY 4439857)
King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

## **SCHEDULE 1**

Potentially Interested Parties

**LTL Management LLC**
**Potentially Interested Parties**

**Debtor**

LTL Management LLC

**Direct Equity Owner of Debtor**

Johnson and Johnson Consumer Inc.

**Debtor's Direct Non-Debtor Subsidiary**

Royalty A&M LLC

**Other Non-Debtor Affiliates**

3Dintegrated ApS
Acclarent, Inc.
Actelion Ltd
Actelion Manufacturing GmbH
Actelion Pharmaceuticals Australia
   Pty. Limited
Actelion Pharmaceuticals Korea Ltd.
Actelion Pharmaceuticals Ltd
Actelion Pharmaceuticals Mexico
   S.A. De C.V.
Actelion Pharmaceuticals Trading
   (Shanghai) Co., Ltd.
Actelion Pharmaceuticals UK Limited
Actelion Pharmaceuticals US, Inc.
Actelion Registration Limited
Actelion Treasury Unlimited Company
Akros Medical, Inc.
Albany Street LLC
ALZA Corporation
Alza Land Management, Inc.
AMO (Hangzrou) Co., Ltd.
AMO (Shanghai) Medical Devices
   Trading Co., Ltd.
AMO ASIA LIMITED
AMO Australia Pty Limited
AMO Canada Company
AMO Denmark ApS
AMO Development, LLC
AMO France
AMO Germany GmbH

AMO Groningen B.V.
AMO International Holdings
AMO Ireland
AMO Ireland Finance Unlimited Company
AMO Italy SRL
AMO Japan K.K.
AMO Manufacturing Spain S.L.
AMO Manufacturing USA, LLC
AMO Netherlands BV
AMO Nominee Holdings, LLC
AMO Norway AS
AMO Puerto Rico Manufacturing, Inc.
AMO Sales and Service, Inc.
AMO Singapore Pte. Ltd.
AMO Spain Holdings, LLC
AMO Switzerland GmbH
AMO U.K. Holdings, LLC
AMO United Kingdom, Ltd.
AMO Uppsala AB
AMO US Holdings, Inc.
AMO USA Sales Holdings, Inc.
AMO USA, LLC
Animas Diabetes Care, LLC
Animas LLC
Animas Technologies LLC
AorTx, Inc.
Apsis
Aragon Pharmaceuticals, Inc.
Asia Pacific Holdings, LLC
Atrionix, Inc.
AUB Holdings LLC
Auris Health, Inc.
Backsvalan 2 Aktiebolag
Backsvalan 6 Handelsbolag
Beijing Dabao Cosmetics Co., Ltd.
BeneVir BioPharm, Inc.
Berna Rhein B.V.
BioMedical Enterprises, Inc.
Biosense Webster (Israel) Ltd.
Biosense Webster, Inc.
C Consumer Products Denmark ApS
Calibra Medical LLC
Campus-Foyer Apotheke GmbH

Carlo Erba OTC S.r.l.
Centocor Biologics, LLC
Centocor Research & Development, Inc.
ChromaGenics B.V.
Ci:Labo Customer Marketing Co., Ltd.
Ci:z. Labo Co., Ltd.
Cilag AG
Cilag GmbH International
Cilag Holding AG
Cilag Holding Treasury Unlimited Company
Cilag-Biotech, S.L.
CNA Development GmbH
Codman & Shurtleff, Inc.
Coherex Medical, Inc.
ColBar LifeScience Ltd.
Company Store.com, Inc.
Cordis de Mexico, S.A. de C.V.
Cordis International Corporation
Corimmun GmbH
CoTherix Inc.
CSATS, Inc.
Darlain Trading S.A.
Debs-Vogue Corporation
   (Proprietary) Limited
DePuy France
DePuy Hellas SA
DePuy International Limited
DePuy Ireland Unlimited Company
DePuy Mexico, S.A. de C.V.
DePuy Mitek, LLC
DePuy Orthopaedics, Inc.
DePuy Products, Inc.
DePuy Spine, LLC
DePuy Synthes Gorgan Limited
DePuy Synthes Institute, LLC
DePuy Synthes Leto SARL
DePuy Synthes Products, Inc.
DePuy Synthes Sales, Inc.
DePuy Synthes, Inc.
Dr. Ci:Labo Co., Ltd.
DR. CI:LABO COMPANY LIMITED
Dutch Holding LLC
ECL7, LLC
EES Holdings de Mexico,
   S. de R.L. de C.V.
EES, S.A. de C.V.

EIT Emerging Implant Technologies GmbH
Ethicon Biosurgery Ireland
Ethicon Endo-Surgery (Europe) GmbH
Ethicon Endo-Surgery, Inc.
Ethicon Endo-Surgery, LLC
Ethicon Holding Sarl
Ethicon Ireland Unlimited Company
Ethicon LLC
Ethicon PR Holdings Unlimited Company
Ethicon Sarl
Ethicon US, LLC
Ethicon Women's Health & Urology Sarl
Ethicon, Inc.
Ethnor (Proprietary) Limited
Ethnor del Istmo S.A.
Ethnor Farmaceutica, S.A.
Ethnor Guatemala, Sociedad Anomina
Finsbury (Development) Limited
Finsbury (Instruments) Limited
Finsbury Medical Limited
Finsbury Orthopaedics International Limited
Finsbury Orthopaedics Limited
FMS Future Medical System SA
GH Biotech Holdings Limited
Global Investment Participation B.V.
GMED Healthcare BV
Guangzhou Bioseal Biotech Co., Ltd.
Hansen Medical Deutschland GmbH
Hansen Medical International, Inc.
Hansen Medical UK Limited
Hansen Medical, Inc.
Healthcare Services (Shanghai) Ltd.
I.D. Acquisition Corp.
Innomedic Gesellschaft für innovative
   Medizintechnik und Informatik mbH
Innovalens B.V.
Innovative Surgical Solutions, LLC
J & J Company West Africa Limited
J&J Pension Trustees Limited
J.C. General Services BV
Janssen Alzheimer Immunotherapy
   (Holding) Limited
Janssen Biologics (Ireland) Limited
Janssen Biologics B.V.
Janssen BioPharma, Inc.
Janssen Biotech, Inc.

Janssen Cilag Farmaceutica S.A.
Janssen Cilag S.p.A.
Janssen Cilag SPA
Janssen Cilag, C.A.
Janssen de Mexico, S. de R.L. de C.V.
Janssen Development Finance
   Unlimited Company
Janssen Diagnostics, LLC
Janssen Egypt LLC
Janssen Farmaceutica Portugal Lda
Janssen Global Services, LLC
Janssen Group Holdings Limited
Janssen Holding GmbH
Janssen Inc.
Janssen Irish Finance Company UC
Janssen Korea Ltd.
Janssen Oncology, Inc.
Janssen Ortho LLC
Janssen Pharmaceutica
   (Proprietary) Limited
Janssen Pharmaceutica NV
Janssen Pharmaceutica S.A.
Janssen Pharmaceutical
Janssen Pharmaceutical K.K.
Janssen Pharmaceutical Sciences
   Unlimited Company
Janssen Pharmaceuticals, Inc.
Janssen Products, LP
Janssen R&D Ireland
Janssen Research & Development, LLC
Janssen Sciences Ireland
   Unlimited Company
Janssen Scientific Affairs, LLC
Janssen Supply Group, LLC
Janssen Vaccines & Prevention B.V.
Janssen Vaccines Corp.
Janssen-Cilag
Janssen-Cilag (New Zealand) Limited
Janssen-Cilag A/S
Janssen-Cilag AG
Janssen-Cilag Aktiebolag
Janssen-Cilag AS
Janssen-Cilag B.V.
Janssen-Cilag de Mexico S. de R.L. de C.V.
Janssen-Cilag Farmaceutica Lda.
Janssen-Cilag Farmaceutica Ltda.

Janssen-Cilag GmbH
Janssen-Cilag International NV
Janssen-Cilag Kft.
Janssen-Cilag Limited
Janssen-Cilag Limited
Janssen-Cilag Manufacturing, LLC
Janssen-Cilag NV
Janssen-Cilag OY
Janssen-Cilag Pharma GmbH
Janssen-Cilag Pharmaceutical S.A.C.I.
Janssen-Cilag Polska, Sp. z o.o.
Janssen-Cilag Pty Ltd
Janssen-Cilag S.A.
Janssen-Cilag s.r.o.
Janssen-Cilag, S.A.
Janssen-Cilag, S.A. de C.V.
Janssen-Pharma, S.L.
J-C Health Care Ltd.
Jevco Holding, Inc.
JJ Surgical Vision Spain, S.L.
JJC Acquisition Company B.V.
JJHC, LLC
JJSV Belgium BV
JJSV Manufacturing Malaysia SDN. BHD.
JJSV Norden AB
JJSV Produtos Oticos Ltda.
JNJ Global Business Services s.r.o.
JNJ Holding EMEA B.V.
JNJ International Investment LLC
JNJ Irish Investments ULC
Johnson & Johnson
Johnson & Johnson - Societa' Per Azioni
Johnson & Johnson (Angola), Limitada
Johnson & Johnson (China) Investment Ltd.
Johnson & Johnson (Egypt) S.A.E.
Johnson & Johnson (Hong Kong) Limited
Johnson & Johnson (Ireland) Limited
Johnson & Johnson (Jamaica) Limited
Johnson & Johnson (Kenya) Limited
Johnson & Johnson (Middle East) Inc.
Johnson & Johnson (Mozambique),
   Limitada
Johnson & Johnson (Namibia)
   (Proprietary) Limited
Johnson & Johnson (New Zealand) Limited
Johnson & Johnson (Philippines), Inc.

Johnson & Johnson (Private) Limited
Johnson & Johnson (Thailand) Ltd.
Johnson & Johnson (Trinidad) Limited
Johnson & Johnson (Vietnam) Co., Ltd
Johnson & Johnson AB
Johnson & Johnson AG
Johnson & Johnson Belgium
    Finance Company BV
Johnson & Johnson Bulgaria EOOD
Johnson & Johnson China Ltd.
Johnson & Johnson Consumer
    (Hong Kong) Limited
Johnson & Johnson Consumer
    (Thailand) Limited
Johnson & Johnson Consumer B.V.
Johnson & Johnson Consumer
    Holdings France
Johnson & Johnson Consumer Inc.
Johnson & Johnson Consumer NV
Johnson & Johnson Consumer
    Saudi Arabia Limited
Johnson & Johnson Consumer Services
    EAME Ltd.
Johnson & Johnson d.o.o.
Johnson & Johnson de Argentina
    S.A.C. e. I.
Johnson & Johnson de Chile Limitada
Johnson & Johnson de Chile S.A.
Johnson & Johnson de Colombia S.A.
Johnson & Johnson de Costa Rica, S.A.
Johnson & Johnson de Mexico, S.A. de C.V.
Johnson & Johnson de Uruguay S.A.
Johnson & Johnson de Venezuela, S.A.
Johnson & Johnson del Ecuador, S.A.
Johnson & Johnson Del Paraguay, S.A.
Johnson & Johnson del Peru S.A.
Johnson & Johnson do Brasil Industria E
    Comercio de Produtos Para Saude Ltda.
Johnson & Johnson Dominicana, S.A.S.
Johnson & Johnson Enterprise
    Innovation Inc.
Johnson & Johnson European
    Treasury Company
Johnson & Johnson Finance Corporation
Johnson & Johnson Finance Limited

Johnson & Johnson Financial
    Services GmbH
Johnson & Johnson for Export and
    Import LLC
Johnson & Johnson Foundation Scotland
    (NON-PROFIT)
Johnson & Johnson Gateway, LLC
Johnson & Johnson Gesellschaft m.b.H.
Johnson & Johnson GmbH
Johnson & Johnson Guatemala, S.A.
Johnson & Johnson Health and
    Wellness Solutions, Inc.
Johnson & Johnson Health Care
    Systems Inc.
Johnson & Johnson Hellas Commercial and
    Industrial S.A.
Johnson & Johnson Hellas Consumer
    Products Commercial Societe Anonyme
Johnson & Johnson Hemisferica S.A.
Johnson & Johnson Holding GmbH
Johnson & Johnson Holdings K.K.
Johnson & Johnson Inc.
Johnson & Johnson Industrial Ltda.
Johnson & Johnson Innovation - JJDC, Inc.
Johnson & Johnson Innovation Limited
Johnson & Johnson Innovation LLC
Johnson & Johnson International
Johnson & Johnson International
    (Singapore) Pte. Ltd.
Johnson & Johnson International Financial
    Services Company
Johnson & Johnson Japan Inc.
Johnson & Johnson K.K.
Johnson & Johnson Kft.
Johnson & Johnson Korea Ltd.
Johnson & Johnson Korea Selling &
    Distribution LLC
Johnson & Johnson Limitada
Johnson & Johnson Limited
Johnson & Johnson LLC
Johnson & Johnson Luxembourg Finance
    Company Sarl
Johnson & Johnson Management Limited
Johnson & Johnson Medical (China) Ltd.
Johnson & Johnson Medical
    (Proprietary) Ltd

Johnson & Johnson Medical (Shanghai) Ltd.

Johnson & Johnson Medical (Suzhou) Ltd.

Johnson & Johnson Medical B.V.

Johnson & Johnson Medical Devices & Diagnostics Group - Latin America, L.L.C.

Johnson & Johnson Medical GmbH

Johnson & Johnson Medical Korea Ltd.

Johnson & Johnson Medical Limited

Johnson & Johnson Medical Mexico, S.A. de C.V.

Johnson & Johnson Medical NV

Johnson & Johnson Medical Products GmbH

Johnson & Johnson Medical Pty Ltd

Johnson & Johnson Medical S.A.

Johnson & Johnson Medical S.p.A.

Johnson & Johnson Medical SAS

Johnson & Johnson Medical Saudi Arabia Limited

Johnson & Johnson Medical Servicios Profesionales S. de R.L. de C.V.

Johnson & Johnson Medical Taiwan Ltd.

Johnson & Johnson Medical, S.C.S.

Johnson & Johnson Medikal Sanayi ve Ticaret Limited Sirketi

Johnson & Johnson Middle East FZ-LLC

Johnson & Johnson Morocco Societe Anonyme

Johnson & Johnson Nordic AB

Johnson & Johnson Pacific Pty Limited

Johnson & Johnson Pakistan (Private) Limited

Johnson & Johnson Panama, S.A.

Johnson & Johnson Personal Care (Chile) S.A.

Johnson & Johnson Poland Sp. z o.o.

Johnson & Johnson Private Limited

Johnson & Johnson Pte. Ltd.

Johnson & Johnson Pty. Limited

Johnson & Johnson Research Pty Ltd

Johnson & Johnson Romania S.R.L.

Johnson & Johnson S.E. d.o.o.

Johnson & Johnson S.E., Inc.

Johnson & Johnson Sante Beaute France

Johnson & Johnson SDN. BHD.

Johnson & Johnson Services, Inc.

Johnson & Johnson Servicios Corporativos, S. de R.L. de C.V.

Johnson & Johnson Surgical Vision India Private Limited

Johnson & Johnson Surgical Vision, Inc.

Johnson & Johnson Taiwan Ltd.

Johnson & Johnson UK Treasury Company Limited

Johnson & Johnson Ukraine LLC

Johnson & Johnson Urban Renewal Associates

Johnson & Johnson Vision Care (Shanghai) Ltd.

Johnson & Johnson Vision Care Ireland Unlimited Company

Johnson & Johnson Vision Care, Inc.

Johnson & Johnson, S.A.

Johnson & Johnson, S.A. de C.V.

Johnson & Johnson, s.r.o.

Johnson & Johnson, s.r.o.

Johnson and Johnson (Proprietary) Limited

Johnson and Johnson Sihhi Malzeme Sanayi Ve Ticaret Limited Sirketi

JOM Pharmaceutical Services, Inc.

La Concha Land Investment Corporation

Latam International Investment Company Unlimited Company

Lifescan

McNeil AB

McNeil Consumer Pharmaceuticals Co.

McNeil Denmark ApS

McNeil Healthcare (Ireland) Limited

McNeil Healthcare (UK) Limited

McNeil Healthcare LLC

McNeil Iberica S.L.U.

McNeil LA LLC

McNEIL MMP, LLC

McNeil Nutritionals, LLC

McNeil Panama, LLC

McNeil Products Limited

McNeil Sweden AB

MDS Co. Ltd.

Medical Device Business Services, Inc.

Medical Devices & Diagnostics Global Services, LLC

Medical Devices International LLC
Medical Industrial do Brasil Ltda.
Medos International Sarl
Medos Sarl
MegaDyne Medical Products, Inc.
Menlo Care De Mexico, S.A. de C.V.
Mentor B.V.
Mentor Deutschland GmbH
Mentor Medical Systems B.V.
Mentor Partnership Holding
    Company I, LLC
Mentor Texas GP LLC
Mentor Texas L.P.
Mentor Worldwide LLC
Micrus Endovascular LLC
Middlesex Assurance Company Limited
Momenta Ireland Limited
Momenta Pharmaceuticals, Inc.
NeoStrata Company, Inc.
NeoStrata UG (haftungsbeschränkt)
Netherlands Holding Company
Neuravi Inc.
Neuravi Limited
NeuWave Medical, Inc.
Novira Therapeutics, LLC
NuVera Medical, Inc.
Obtech Medical Mexico, S.A. de C.V.
OBTECH Medical Sarl
OGX Beauty AU Pty Ltd
OGX Beauty Limited
OMJ Holding GmbH
OMJ Ireland Unlimited Company
OMJ Pharmaceuticals, Inc.
Omrix Biopharmaceuticals Ltd.
Omrix Biopharmaceuticals NV
Omrix Biopharmaceuticals, Inc.
Ortho Biologics LLC
Ortho Biotech Holding LLC
Ortho-McNeil Pharmaceutical, LLC
Orthotaxy
Patriot Pharmaceuticals, LLC
Peninsula Pharmaceuticals, LLC
Penta Pty. Limited
Percivia LLC
Perouse Plastie
Pharmadirect Ltd.

Pharmedica Laboratories (Proprietary)
    Limited
PMC Holdings G.K.
Princeton Laboratories, Inc.
Productos de Cuidado Personal y de La
    Salud de Bolivia S.R.L.
Proleader S.A.
PT Integrated Healthcare Indonesia
PT. Johnson & Johnson Indonesia
Pulsar Vascular, Inc.
Regency Urban Renewal Associates
RespiVert Ltd.
RoC International
Rutan Realty LLC
Scios LLC
Sedona Enterprise Co., Ltd.
Sedona Singapore International Pte. Ltd.
Sedona Thai International Co., Ltd.
Serhum S.A. de C.V.
Shanghai Elsker For Mother & Baby
    Co., Ltd
Shanghai Johnson & Johnson Ltd.
Shanghai Johnson & Johnson
Pharmaceuticals Ltd.
Sightbox, LLC
Sodiac ESV
Spectrum Vision Limited Liability Company
Spectrum Vision Limited Liability Company
Spectrum Vision Limited Liability
    Partnership
Spine Solutions GmbH
SterilMed, Inc.
Sterilmed, Inc.
Surgical Process Institute Deutschland
    GmbH
Synthes Costa Rica S.C.R., Limitada
SYNTHES GmbH
Synthes GmbH
Synthes Holding AG
Synthes Holding Limited
SYNTHES Medical Immobilien GmbH
Synthes Medical Surgical Equipment &
    Instruments Trading LLC
Synthes Produktions GmbH
Synthes Proprietary Limited
Synthes S.M.P., S. de R.L. de C.V.

Synthes Tuttlingen GmbH
Synthes USA Products, LLC
Synthes USA, LLC
Synthes, Inc.
TARIS Biomedical LLC
TearScience, Inc.
The Anspach Effort, LLC
The Vision Care Institute, LLC
Tibotec, LLC
Torax Medical, Inc.
TriStrata, Incorporated
UAB "Johnson & Johnson"
Vania Expansion
Verb Surgical Inc.
Vision Care Finance Unlimited Company
Vogue International LLC
Vogue International Trading, Inc.
WH4110 Development Company, L.L.C.
Xian Janssen Pharmaceutical Ltd.
XO1 Limited
Zarbee's, Inc.

**Managers and Officers of the Debtor**

John Kim
Richard Dickinson
Robert Wuesthoff
Russell Deyo

**Major Current Business Affiliations of Debtor's Managers**

American Foundation for Opioid
    Alternatives
Lawyers for Civil Justice
Migration Policy Institute
Miller Center for Community Protection &
    Reliance, Eagleton Institute of Politics,
    Rutgers University
National Center for State Courts
National Council, McLean Hospital
New Jersey Civil Justice Institute
One Mind

**Depository and Disbursement Banks**

Bank of America, N.A.

**Major Sureties**

Chubb
Federal Insurance Company
Liberty Mutual Insurance Company
Travelers Casualty and Surety Company of
    America

**Parties to Material Contracts with the Debtor**

Johnson & Johnson
Johnson & Johnson Consumer Inc.
Johnson & Johnson Services, Inc.
U.S. Bank N.A.

**Significant Co-Defendants in Talc-Related Litigation**

3M Company
A.O. Smith Corporation
Albertsons Companies, Inc.
Avon Products, Inc.
Barretts Minerals, Inc.
BASF Catalysts LLC
Block Drug Company, Inc.
Borg Warner Morse Tec, Inc.
Brenntag North America
Brenntag Specialties, Inc.
Bristol-Myers Squibb Company
Carrier Corporation
Chanel, Inc.
Charles B. Chrystal Co., Inc.
Chattem, Inc.
Colgate-Palmolive Company
Conopco Inc.
Costco Wholesale Corporation
Coty, Inc.
Crane Co.
CVS Health Corporation
CVS Pharmacy, Inc.
Cyprus Amax Minerals Company
Cyprus Mines Corporation
Dana Companies, LLC
DAP Products, Inc.
Dollar General Corporation
Duane Reade Inc.

Eaton Corporation
Eli Lilly and Company
Elizabeth Arden, Inc.
Estee Lauder Inc.
Family Dollar Stores Inc.
Flowserve US, Inc.
FMC Corporation
Food 4 Less of California, Inc.
Ford Motor Company
Foster Wheeler, LLC
Gardner Denver, Inc.
General Electric Company
Genuine Parts Company
Goodyear Tire & Rubber Co.
Goulds Pumps, LLC
Grinnell LLC
Honeywell International, Inc.
Imerys Talc America, Inc.
Imerys USA, Inc.
IMO Industries Inc.
John Crane, Inc.
K&B Louisiana Corporation
Kaiser Gypsum Company, Inc.
Kmart Corporation
Kolmar Laboratories
Longs Drug Stores California
L'Oreal USA, Inc.
Lucky Stores, Inc.
Macy's, Inc.
Mary Kay Inc.
Maybelline LLC
Metropolitan Life Insurance Company
Noxell Corporation
Personal Care Products Council
Pfizer, Inc.
Pharma Tech Industries, Inc.
Pneumo Abex, LLC
PTI Royston, LLC
Publix Super Markets, Inc.
R.T. Vanderbilt Holding Company, Inc.
Ralphs Grocery Company
Revlon Consumer Products Corporation
Revlon, Inc.
Rite Aid Corporation
Safeway, Inc.
Sanofi-Aventis U.S. LLC

Shulton, Inc.
Specialty Minerals Inc.
Target Corporation
The Dow Chemical Company
The Estee Lauder Companies, Inc.
The Kroger Co.
The Procter & Gamble Company
Thrifty Payless, Inc.
Unilever Home & Personal Care USA
Union Carbide Corporation
Vanderbilt Minerals, LLC
ViacomCBS, Inc.
Walgreen Co.
Walmart, Inc.
Warren Pumps, LLC
Whittaker Clark & Daniels, Inc.
Wyeth Holdings LLC
Yves Saint Laurent America, Inc.

**Debtors' Retained Professionals and Claims Agent**

AlixPartners LLP
Bates White LLC
Epiq Corporate Restructuring LLC
Jones Day
King & Spalding LLP
McCarter & English, LLP
Rayburn Cooper & Durham, P.A.
Shook, Hardy & Bacon L.L.P.
Weil Gotshal & Manges LLP

**Debtors' Significant Ordinary Course Professionals, Consultants, and Service Providers**

Adler Pollock & Sheehan PC
Bailey Glasser LLP
Barnes & Thornburg, LLP
Barrasso Usdin Kupperman
   Freeman & Sarver, L.L.C.
Blake, Cassels & Graydon LLP
Blank Rome LLP
Brown Greer PLC
Butler Snow LLP
Carlton Fields, P.A.

Chehardy, Sherman, Williams,
    Recile, & Hayes
Covington & Burling LLP
Damon Key Leong Kupchak Hastert
Davis Hatley Haffeman & Tighe
Dechert LLP
Elliott Law Offices, PA
Faegre Drinker Biddle & Reath LLP
Foliart, Huff, Ottaway & Bottom
Gibson, Dunn & Crutcher LLP
Goldman Ismail Tomaselli Brennan &
    Baum
Hartline Barger
HeplerBroom LLC
Irwin Fritchie Urquhart & Moore LLC
Johnson & Bell Ltd.
Jones, Skelton & Hochuli, P.L.C.
Kaplan, Johnson, Abate & Bird LLP
Kelley Jasons McGowan Spinelli
    Hanna & Reber, LLP
Kirkland & Ellis LLP
Kitch Drutchas Wagner
    Valitutti & Sherbrook
Lewis Brisbois Bisgaard & Smith, LLP
Manion Gaynor & Manning LLP
Miles & Stockbridge
Milligan & Herns
Morgan Lewis
Nelson Mullins Riley & Scarborough, LLP
Nutter McClennen & Fish LLP
Orrick, Herrington, & Sutcliffe, LLP
Patterson Belknap Webb & Tyler LLP
Proskauer Rose LLP
Quattlebaum, Grooms & Tull PLLC
Schnader Harrison Segal & Lewis
Schwabe Williamson & Wyatt
Sidley Austin LLP
Skadden, Arps, Slate, Meager & Flom LLP
Stoel Rives LLP
Sullivan Whitehead & Deluca LLP
Swartz Campbell LLC
The Weinhardt Law Firm
Tucker Ellis LLP
Willcox & Savage, P.C.

**Known Professionals for Certain
Non-Debtor Parties in Interest**

Cravath, Swaine & Moore
White & Case LLP

**Material Potentially Indemnified Parties**

Bausch Health Companies Inc.
Cyprus Mines Corporation
Cyprus Talc Corp.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
Luzenac America, Inc.
Pharma Tech Industries, Inc.
PTI Royston, LLC
Rio Tinto America, Inc.
RTZ America, Inc.
Valeant Pharmaceuticals International, Inc.
Windsor Minerals Inc.
Costco Wholesale Corporation
Publix Super Markets, Inc.
Rite Aid Corporation
Safeway Inc.
Walmart Inc.

**Law Firms with Significant
Representations of Talc Claimants**

Arnold & Itkin LLP
Ashcraft & Gerel, LLP
Aylstock, Witkin, Kreis & Overholtz, PLLC
Barnes Firm
Beasley Allen Law Firm
Cellino Law LLP
Dalimonte Rueb Stoller, LLP
Dean Omar Branham Shirley, LLP
Driscoll Firm, LLC
Fears Nachawati Law Firm
Ferraro Law Firm
Flint Law Firm LLC
Golomb Spirit Grunfeld, P.C.
Honik LLC
Johnson Law Group
Karst & von Oiste LLP
Kazan, McClain, Satterly
    & Greenwood PLC

Lanier Law Firm
Levy Konigsberg LLP
Maune Raichle Hartley French &
    Mudd, LLC
Miller Firm, LLC
Motley Rice LLC
Napoli Shkolnik PLLC
OnderLaw, LLC
Simmons Hanly Conroy LLC
Simon Greenstone Panatiere
    Bartlett, PC
The Gori Law Firm
Trammell PC
Weitz & Luxenberg, P.C.
Williams Hart Law Firm

**Key Parties in *Imerys Talc America, Inc.***
**and *Cyprus Mines Corp. Chapter 11 Cases***

Cyprus Amax Minerals Company
Cyprus Mines Corporation
Cyprus Talc Corporation
Imerys S.A.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
    (fka Windsor Minerals Inc.)
James L. Patton
Luzenac America, Inc.
Official Committee of Tort Claimants
    (*In re Imerys Talc America, Inc.*)
Official Committee of Tort Claimants
    (*In re Cyprus Mines Corp.*)
Roger Frankel

**Debtor's Insurers**

A.G. Securitas
ACE Property & Casualty Insurance
    Company
Aetna Casualty and Surety Company
Affiliated FM Ins. Company
AIG Europe S.A.
AIG Property and Casualty Company
AIU Ins. Company
Allianz Ins. Company

Allianz Global Risks US Insurance
    Company
Allstate Insurance Company
American Centennial Ins. Company
American Motorists Ins. Company
American Re-Insurance Company
Arrowood Indemnity Company
ASR Schadeverzekering N.V.
Assurances Generales De France
Assurantiekantoor VanWijk & Co.
Atlanta International Insurance Company
Birmingham Fire Ins. Company of
    Pennsylvania
Central National Ins. Company of Omaha
Century Indemnity Company
Champion Dyeing Allocation Year
Chubb
City Ins. Company
Colonia Versicherungs AG, Koln
Continental Insurance Company
Darag Deutsche Versicherungs-Und
    Rückversicherungs-AG
Drake Ins. Company of New York
Employers Ins. Company of Wausau
Employers Ins. of Wausau
Employers Mutual Casualty Company
Eurinco Allgemeine
    Versicherungs AG, Dusseldorf
Everest Reinsurance Company
Fireman's Fund Ins. Company
First State Ins. Company
GAP
Gibraltar Casualty Company
Granite State Ins. Company
Great American
Great Northern Ins. Company
Great Southwest Fire Ins. Company
Groupe Drouot
Harbor Ins. Company
Hartford Accident and Indemnity Company
Home Ins. Company
Ideal Mutual Ins. Company
Industrial Indemnity Company
Ins. Company of North America
Ins. Company of the State of Pennsylvania
Ins. Corporation of Singapore Limited

Integrity Ins. Company
International Ins. Company
International Surplus Lines Ins. Company
Lexington Ins. Company
London Guarantee and Accident
    Company of N.Y.
L'Union Atlantique S.A. d'Assurances
Mead Reinsurance Corporation
Middlesex Assurance Company
Midland Ins. Company
Midstates Reinsurance Corp.
Mission Ins. Company
Mission National Ins. Company
Munich Reinsurance America, Inc.
Mutual Fire, Marine, & Inland Ins.
    Company
N.V. De Ark
N.V. Rotterdamse Assurantiekas
N.V. Schadeverzekeringsmaatschappij
    Maas Lloyd
National Casualty Company
National Union Fire Ins. Company of
    Pittsburgh, PA
Nationwide
New Hampshire Ins. Company
North River Ins. Company
Northbrook Excess and Surplus
    Ins. Company
Northeastern Fire Ins. Company
    of Pennsylvania
Pacific Employers Ins. Company
ProSight
Prudential Reinsurance Company
Puritan Insurance Company
Republic Indemnity Company of America
Republic Ins. Company
Republic Western Ins. Company
Repwest Insurance Company
Resolute Management Inc.
Rheinland Versicherungen
Rheinland Verzekeringen
Riverstone Insurers
Royal Belge I.R., S.A. d'Assurances
Royal Indemnity Company
Royal Ins. Company
Safety Mutual Casualty Corporation

Safety National Casualty Corporation
Seguros La Republica SA
Sentry Insurance A Mutual Company
Southern American Ins. Company
Starr Indemnity & Liability Company
TIG Insurance Company
Transamerica Premier Insurance Company
Transit Casualty Company
Travelers Casualty and Surety Company
UAP
Union Atlantique d'Assurances S.A.
Union Indemnity Ins. Company
    of New York
Westchester Fire Insurance Company
Westport Insurance Corporation
XL Ins. Company

**Employees of the Bankruptcy**
**Administrator's Office for the Western**
**District of North Carolina**

Alexandria Kenny
Anne Whitley
David Shepherd
Katrina Adams
Sarah Scholz
Shelley K. Abel

**Bankruptcy Judges for the Western**
**District of North Carolina**

Judge George Hodges
Judge J. Craig Whitley
Judge Laura T. Beyer

## Bankruptcy Rule 2002 Appearances[1]

AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A)

AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania)

AIU Insurance Company

Wanda Allen

Allstate Insurance Company, as successor in interest to Northbrook Excess & Surplus Insurance Company, formerly Northbrook Insurance Company

Atlanta International Insurance Company (as successor in interest to Drake Insurance Company)

Arnold & Itkin LLP

ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.)

Aylstock, Witkin, Kreis & Overholtz, PLLC

Barnes Law Group

Bausch Health Americas, Inc. f/k/a Valeant Pharmaceuticals International

Bausch Health Companies Inc. f/k/a Valeant Pharmaceuticals International, Inc.

Bausch Health US, LLC f/k/a Valeant Pharmaceuticals North America LLC

Bestwall LLC

Blue Cross Blue Shield Association

Blue Cross Blue Shield of Massachusetts, Inc

Edna Brown

Barbara Busch

Beatriz Cabeza

Monica Cambron

Tarshwa Carter

Bridget Coates

Cohen, Placitella & Roth P.C.

Lillian Cohn-Sharon

The Continental Insurance Company

Elaine Cook

Cyprus Amax Minerals Company

Cyprus Mines Corporation

Gloria Davis

Dawn Dispensa

Patricia Dunbar

Fears Nachawati PLLC

Ann Frye-Moragne

Debra Fugiel

Victoria Gomes

Granite State Insurance Company

Andrea Harris

Charlette Hein

Tabitha Henry

Christine Hodge

Darlene Holland

Imerys Talc America, Inc.

Imerys Talc Canada Inc.

Imerys Talc Vermont, Inc.

The Insurance Company of the State of Pennsylvania

Johnson & Johnson

Johnson & Johnson Consumer Inc.

Voncile Jones

Amanda Joyce

Kazan, McClain, Satterley & Greenwood, PLLC

Shelly King

Mildred Kirk-Brown

Julie Lamore

Susan Leach

Mary Leinen

Levy Konigsberg LLP

Lexington Insurance Company

Jo Ellen Luster

Nancy Lyman

Massey & Gail LLP

Bernadette McGinnis

Pamela Morrill

National Union Fire Insurance Company of Pittsburgh, Pa.

New Hampshire Insurance Company

The North River Insurance Company

N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in

---

[1]    Where a Bankruptcy Rule 2002 appearance was filed by counsel on behalf of clients, the clients have been listed herein to the extent identified and where certain clients have not been identified, the filing counsel is listed, to the extent not otherwise listed herein.

interest to policies subscribed in favor of
    Johnson & Johnson by N.V.
    Rotterdamse Assurantiekas, n/k/a De
    Ark)
Kathleen O'Halloran
Lisa O'Neal
OnderLaw, LLC
The Plaintiffs Steering Committee in the In
    re: Johnson & Johnson Talcum Powder
    Products Marketing, Sales Practices and
    Precuts Liability Multi-District
    Litigation
RheinLand Versicherungen (as successor in
    interest only to the subscriptions of the
    former Dutch company Rheinland
    Verzekeringen)
Rio Tinto America Inc.
Cora Robinson
Robinson Calcagnie, Inc.
Lisa Sabatine
Maraldine Schmidt
Valerie Schultz
Isabel Spano
Starr Indemnity & Liability Company (as
    successor in interest to Republic
    Insurance Company)
State of Texas, Attorney General of Texas
Three Crowns Insurance Company
Christine Torres
Travelers Casualty and Surety Company
    (f/k/a The Aetna Casualty and Surety
    Company)
May Virata
Waldrep Wall Babcock & Bailey PLLC
Westchester Fire Insurance Company
Sharon Wildman
Oshunna Williams

# **<u>SCHEDULE 2</u>**

Disclosure Schedule

| CURRENT REPRESENTATION | |
|---|---|
| *Other Non-Debtor Affiliates* | Actelion Pharmaceuticals US, Inc. |
| | ALZA Corporation |
| | DePuy Orthopaedics, Inc. |
| | Ethicon Women's Health & Urology Sarl |
| | Ethicon, Inc. |
| | Janssen Ortho LLC |
| | Janssen Pharmaceuticals, Inc. |
| | Janssen Pharmaceutical |
| | Janssen Research & Development, LLC |
| | Johnson & Johnson |
| | Johnson & Johnson Inc. |
| | Johnson & Johnson International |
| | Johnson & Johnson Medical (China) Ltd. |
| | Johnson & Johnson Services, Inc. |
| | Johnson & Johnson Vision Care, Inc. |
| | Mentor Worldwide LLC |
| | Ortho-McNeil Pharmaceutical, LLC |
| | Scios LLC |
| | |
| *Depository and Disbursement Banks* | Bank of America, N.A. |
| | |
| *Parties to Material Contracts with the Debtor* | U.S. Bank N.A. |
| | |
| *Significant Co-Defendants in Talc-Related Litigation* | Bristol-Myers Squibb Company |
| | Colgate-Palmolive Company |
| | Costco Wholesale Corporation |
| | Eli Lilly and Company |
| | Estee Lauder Inc. |
| | Flowserve US, Inc. |
| | Ford Motor Company |
| | General Electric Company |
| | Genuine Parts Company |
| | Honeywell International, Inc. |
| | Kmart Corporation |
| | Mary Kay Inc. |
| | Metropolitan Life Insurance Company |
| | Pfizer, Inc. |
| | Pneumo Abex, LLC |
| | Revlon, Inc. |
| | Rite Aid Corporation |
| | Target Corporation |
| | The Dow Chemical Company |

| | The Kroger Co. |
|---|---|
| | The Estee Lauder Companies, Inc. |
| | The Procter & Gamble Company |
| | Union Carbide Corporation |
| | ViacomCBS, Inc. |
| | Walmart, Inc. |
| | Wyeth Holdings LLC |
| | |
| *Debtors' Significant Ordinary Course Professionals, Consultants, and Service Providers* | Faegre Drinker Biddle & Reath LLP |
| | Morgan Lewis |
| | Stoel Rives LLP |
| | |
| *Material Potentially Indemnified Parties* | Costco Wholesale Corporation |
| | Rite Aid Corporation |
| | Walmart Inc. |
| | |
| *Debtor's Insurers* | Great American |
| | |
| *Bankruptcy Rule 2002 Appearances* | Bestwall LLC |

| FORMER REPRESENTATION | |
| --- | --- |
| *Other Non-Debtor Affiliates* | Codman & Shurtleff, Inc. |
| | Janssen Pharmaceutica NV |
| | Johnson & Johnson Middle East FZ-LLC |
| | TearScience, Inc. |
| | |
| *Significant Co-Defendants in Talc-Related Litigation* | Eaton Corporation |
| | Goulds Pumps, LLC |
| | Personal Care Products Council |
| | Safeway, Inc. |
| | Sanofi-Aventis U.S. LLC |
| | |
| *Debtors' Significant Ordinary Course Professionals, Consultants, and Service Providers* | Nelson Mullins Riley & Scarborough LLP |
| | Skadden, Arps, Slate, Meager & Flom LLP |
| | |
| *Debtors' Retained Professionals and Claims Agent* | AlixPartners LLP |
| | Weil Gotshal & Manges LLP |
| | |
| *Material Potentially Indemnified Parties* | Bausch Health Companies Inc. |
| | Valeant Pharmaceuticals International, Inc. |
| | Publix Super Markets, Inc. |
| | Safeway Inc. |
| | |
| *Debtor's Insurers* | Arrowood Indemnity Company |
| | Nationwide |
| | ProSight |
| | Royal Indemnity Company |
| | |
| *Bankruptcy Rule 2002 Appearances* | Bausch Health Americas, Inc. f/k/a Valeant Pharmaceuticals International |
| | Bausch Health Companies Inc. f/k/a Valeant Pharmaceuticals International, Inc. |

## **SCHEDULE 3**

Nonexclusive List of Certain King & Spalding LLP Professionals
and Their Current Hourly Rates as of November 2021

| NAME | LOCATION | POSITION | BILLING RATE IN EFFECT AS OF THE PETITION DATE |
|---|---|---|---|
| Kristen Fournier | New York | Partner | $832 |
| Morton Dubin | New York | Partner | $1,035 |
| John Ewald | New York | Partner | $855 |
| Matthew Bush | New York | Senior Associate | $725 |
| Kevin Hynes | New York | Senior Associate | $731 |
| Evan Gascoine | Washington DC | Senior Counsel | $510 |
| Luis Fermin | New York | Paralegal | $345 |

## **EXHIBIT B**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

**<u>EX PARTE</u> ORDER APPROVING EMPLOYMENT OF KING & SPALDING LLP**
**AS DEBTOR'S SPECIAL COUNSEL PURSUANT TO SECTION 327(e)**
**<u>OF THE BANKRUPTCY CODE EFFECTIVE AS OF THE PETITION DATE</u>**

Upon the *Ex Parte Application to Employ King & Spalding LLP as Debtor's Special*

*Counsel Pursuant to Section 327(e) of the Bankruptcy Code Effective as of the Petition Date*

(the "<u>Application</u>"), filed by the debtor in the above-captioned case (the "<u>Debtor</u>"), for an order,

pursuant to section 327(e) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"),

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),

and Rules 2014-1 and 2016-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Court for the Western District of North Carolina (the "Local Rules"), authorizing the retention

and employment of the law firm of King & Spalding LLP ("K&S") as of the Petition Date as

special counsel for the Debtor as more fully set forth in the Application and upon the *Declaration

of Kristen R. Fournier* (the "Fournier Declaration"); and the Court being satisfied, based upon

the representations made in the Application and the Fournier Declaration, that K&S represents or

holds no interest adverse to the Debtor or its estate as to the matters upon which K&S is to be

engaged; that the employment of K&S would be for a special purpose pursuant to 11 U.S.C.

§ 327(e); that K&S has previously represented the Debtor in the matters for which it is to be

engaged; and that such engagement of K&S is necessary and would be in the best interests of the

Debtor and its estate; and it appearing that the Court has jurisdiction to consider the Application;

it appearing that the notice of the Application having been properly given and such notice being

adequate for the entry of this order; it appearing that no other notice is required; and after due

deliberation and sufficient cause appearing therefor,

       IT IS HEREBY ORDERED THAT:

       1.      The Application is GRANTED;

       2.      The Debtor is authorized to retain and employ King & Spalding LLP as its

special counsel in the above-captioned chapter 11 case (the "Chapter 11 Case"), in accordance

with section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local

Rules 2014-1 and 2016-1(b), on the terms and conditions set forth in the Application effective as

of the Petition Date;

       3.      King & Spalding LLP is authorized to render the professional services set

forth in the Application, the Engagement Letter, and the Fournier Declaration;

4.      King & Spalding LLP shall be compensated for its services and
reimbursed for any related expenses as set forth in the Application and the exhibits thereto, and
in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the
Local Rules, and any other applicable orders or procedures of this Court;

5.      This Order shall be immediately effective and enforceable upon its entry;

6.      Pursuant to Local Rule 9013-1(f), any party shall be entitled to a hearing or
request that the Court reconsider the entry of this Order by filing a motion for reconsideration
within 14 days of service of this Order;

7.      The Debtor is authorized and empowered to take all actions necessary to
implement the relief granted in this Order in accordance with the Application; and

8.      This Court shall retain exclusive jurisdiction over any and all matters arising
from or related to the implementation, interpretation, or enforcement of this Order.

This Order has been signed electronically.  The                    United States Bankruptcy Court
Judge's signature and Court's seal appear at
the top of the Order.

# **EXHIBIT C**

## **Engagement Letter**

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Kristen Renee Fournier
Partner
Direct Dial: +1 212 790 5342
Direct Fax: +1 212 556 2222
kfournier@kslaw.com

November 9, 2021

John K. Kim, Esq.
Chief Legal Officer
LTL Management LLC
501 George Street
New Brunswick, NJ 08933

Dear John:

Thank you for retaining King & Spalding LLP for this special counsel engagement. We are pleased that you have sought our counsel, and we look forward to assisting you on the matters described below. This letter sets forth the scope and terms of our engagement, effective as of October 12, 2021, by LTL Management LLC, a North Carolina limited liability company (the "Company" or "you"), in connection with providing litigation related advice in respect of the Company's administration and completion of a case under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, including but not limited to, assistance with the preparation and presentation of an estimation case (collectively, the "Matters").

I will be the lead lawyer on the Matters. If circumstances should necessitate a change, I will give you prompt notification and an opportunity to participate in the selection of the person who will take over responsibility for this engagement for the firm.

The Company is engaging the firm on an hourly basis; disbursements billed to the Company at cost. Our services will be billed on a monthly basis. To that end, we will submit billing statements to you on a monthly (or, if circumstances require, a more frequent) basis. If you have any question or concern about a billing statement, we ask that you raise it with us promptly upon your receipt of the statement.

The firm will assign to the Matters one or more partners, associates, and paralegals as may be necessary to accomplish the tasks relating to the engagement. We have discussed with

John K. Kim, Esq.
November 9, 2021
Page 2

you, and agreed upon, the current hourly rates of the firm's attorneys and other personnel
expected to be involved in the firm's representation of the Company. A general breakdown
of those rates are as follows:

| Billing Category | Range |
|---|---|
| Partners | $635 - $2,095 |
| Counsel/Of Counsel | $890 - $1,805 |
| Associates | $235 - $1,410 |
| Paralegals | $265 - $615 |

These hourly rates may change from time to time in accordance with K&S's established
billing practices and procedures, and after consultation with you. In addition, the names,
positions, resident offices and current hourly rates of those K&S professionals currently
expected to spend time on the Chapter 11 Case are as follows:

| NAME | LOCATION | POSITION | BILLING RATE IN EFFECT AS OF THE PETITION DATE |
|---|---|---|---|
| Kristen Fournier | New York | Partner | $832 |
| Morton Dubin | New York | Partner | $1,035 |
| John Ewald | New York | Partner | $855 |
| Matthew Bush | New York | Senior Associate | $725 |
| Kevin Hynes | New York | Senior Associate | $731 |
| Evan Gascoine | Washington DC | Senior Counsel | $510 |
| Luis Fermin | New York | Paralegal | $345 |

John K. Kim, Esq.
November 9, 2021
Page 3

    We look forward to representing the Company in the Matters and appreciate very much the confidence you have expressed in us by engaging our firm. If this engagement is acceptable according to the terms outlined above, kindly countersign this letter and return a scanned copy by email.

Regards,

Kristen Renee Fournier
Partner

LTL Management LLC

By: _____

Title: _____

Date: _____