# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. |  |

## DEBTOR'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING IT TO RETAIN AND EMPLOY SHOOK, HARDY & BACON L.L.P. AS SPECIAL COUNSEL AS OF THE PETITION DATE

The above-captioned debtor (the "Debtor") applies to the Court for the entry of an order authorizing it to retain and employ Shook, Hardy & Bacon L.L.P. ("Shook") as special counsel in this chapter 11 case as of October 14, 2021 (the "Petition Date"). In support of this Application, the Debtor respectfully represents as follows:

### Background

1. On the Petition Date, the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

2. The Debtor is a North Carolina limited liability company. It is the direct parent of Royalty A&M LLC, a North Carolina limited liability company, which manages a portfolio of royalty revenue streams, including some based on third-party sales of certain

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

products, and will seek opportunities to acquire or finance additional royalty revenue streams.

As of the Petition Date, the Debtor was a defendant in thousands of lawsuits asserting personal

injuries allegedly caused by exposure to talc-containing products.

3.      A comprehensive description of the Debtor, its history, its assets and

liabilities and the events leading to the commencement of this chapter 11 case can be found in

the *Declaration of John K. Kim in Support of First Day Pleadings* [Dkt. 5] (the "First Day

Declaration"), which was filed on the Petition Date and is incorporated herein by reference.  In

addition to the First Day Declaration, the Debtor has filed an Informational Brief [Dkt. 3] to

provide additional information about its talc litigation, related costs and plans to address these

matters in this chapter 11 case (the "Chapter 11 Case").

4.      On November 8, 2021, the Court entered an order [Dkt. 355] appointing

an official committee of talc claimants (the "Talc Committee") in the Chapter 11 Case.

### **Relief Requested**

5.      Pursuant to section 327(e) of the Bankruptcy Code, Rules 2014 and 2016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and

2016-1(b) of the Rules of Practice and Procedure of the United States Bankruptcy Court for

the Western District of North Carolina (the "Local Bankruptcy Rules"), and consistent with

the *Guidelines for Compensation and Expense Reimbursement of Professionals* issued by this

Court (the "Compensation Guidelines"), the Debtor hereby seeks the entry of an order,

substantially in the form attached hereto as Exhibit A, authorizing it to retain and employ Shook

as special counsel in the Chapter 11 Case to assist the Debtor[3] on issues relating to the defense of

---

[3]      Prior to the Petition Date, thousands of talc personal injury claims had been filed or asserted against
Johnson & Johnson Consumer Inc. ("Old JJCI").  On October 12, 2021, Old JJCI underwent an internal
corporate restructuring (the "2021 Corporate Restructuring") as a result of which Old JJCI ceased to exist
and two new entities were formed—the Debtor and Johnson & Johnson Consumer Inc. ("New JJCI").  The

talc-related claims and the resolution thereof, effective as of the Petition Date, in accordance

with the terms of the engagement letter dated November 8, 2021, a copy of which is attached

hereto as Exhibit B (the "Engagement Letter").[4]

6.     In support of this Application, the Debtor submits, and incorporates herein

by reference, (a) the *Declaration of Kathleen A. Frazier*, a partner at Shook (the "Frazier

Declaration"), a copy of which is attached hereto as Exhibit C, and (b) Shook's Disclosure of

Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as

Exhibit D.

## Argument

### *Shook's Qualifications*

7.     Shook, an international law firm with more than 500 attorneys, sixteen

offices in the United States and one office overseas, served as National Coordinating Counsel for

Johnson & Johnson ("J&J") and Old JJCI in connection with talc-related litigation for more than

a decade, and specifically in connection with litigation involving ovarian cancer claims since

2017.  Since at least 2004, Shook has represented J&J, Old JJCI, and now the Debtor, in matters

related to the defense of talc claims.  As a result, Shook possesses extensive knowledge

concerning Old JJCI's talc liabilities, its historical records, company witnesses, the scientific

issues associated with the talc-related claims against J&J and Old JJCI, Old JJCI's historical talc

litigation, and the management, defense and settlement of talc claims.

8.     For example, Shook served a primary role as Old JJCI's counsel

concerning (a) case-specific work-up of talc-related cases involving ovarian cancer claims across

---

Debtor was allocated certain assets of Old JJCI and became responsible for Old JJCI's talc-related liabilities (other than claims for which the exclusive remedy is provided under a workers' compensation statute or similar laws).

[4]     Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter.

NAI-1522251460

the country; (b) the assembly and review of the company's historical documents concerning the

talc products it made and/or sold; (c) various discovery issues that arose in multiple jurisdictions

with respect to defense of ovarian cancer talc-related claims; (d) preparation and defense of

company witnesses who gave deposition and/or trial testimony; (e) identification and

development of expert witnesses and defense of those experts in deposition or at trial; (f) taking

plaintiff expert depositions and advising the company's other counsel regarding same;

(g) preparation of significant trial briefs; (h) management and supervision of local counsel in the

preparation of cases for trial; (i) participation as trial counsel or in a supporting role at trial; and

(j) advice on overall strategic issues with respect to the talc-related litigation.

9.      During the course of the Chapter 11 Case, the Debtor will be called upon

to address, among other things, the very issues for which Shook has served as long-time counsel

to J&J and Old JJCI and for which Shook has continued to serve the Debtor following the 2021

Corporate Restructuring, which created the Debtor.[5]

10.     Shook's professionals have also worked with relevant personnel and other

advisors to collect and evaluate information in connection with preparations for the

commencement of the Chapter 11 Case.

### *Scope of Proposed Retention*

11.     The Debtor does not propose to employ Shook as general bankruptcy

counsel pursuant to 11 U.S.C. § 327(a), but instead as special counsel pursuant to 11 U.S.C.

§ 327(e) to assist on issues relating to the defense of talc-related claims and the resolution

thereof.  This proposed retention draws on the work Shook performed in the past for J&J,

---

[5]     Shook served as counsel to Old JJCI until it ceased to exist.  Old JJCI's engagement of Shook was
allocated to the Debtor in the 2021 Corporate Restructuring.  The terms of Shook's representation of Old
JJCI were superseded in their entirety by the Engagement Letter.  As set forth herein and in the Frazier
Declaration, Shook continues to represent J&J in certain talc-related litigation, as it did prior to the 2021
Corporate Restructuring and the Petition Date.

-4-

Old JJCI and the Debtor as National Coordinating Counsel and the expertise it developed

from this work.  The Debtor anticipates that Shook's services in this Chapter 11 Case

focusing primarily on claims and issues related to ovarian and other reproductive tract

cancers will include:

> (a)   assisting the Debtor with discovery relating to ovarian cancer talc-related claims;

> (b)   assisting the Debtor in the defense of privilege and work product issues relating to the talc-related matters;

> (c)   assisting the Debtor in connection with any estimation proceeding for the Debtor's talc-related claims;

> (d)   assisting the Debtor in any stay issues or other matters relating to talc-related claims in non-bankruptcy forums;

> (e)   assisting the Debtor in negotiations relating to the resolution of talc-related claims in the Chapter 11 Case; and

> (f)   providing such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation or resolution of the Debtor's talc-related claims in the Chapter 11 Case.

12.     As noted above, Shook has substantial expertise developed as a result of

its work for Old JJCI and J&J prior to the Petition Date.  Accordingly, the Debtor respectfully

submits that Shook is well-qualified to perform these services for the Debtor.

13.     Shook will provide the services described above as special counsel to the

Debtor and will not serve as general bankruptcy and reorganization counsel to the Debtor.  The

Debtor believes that the services Shook will provide will be complementary and not duplicative

of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel,

or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters.

The Debtor is mindful of the need to avoid the duplication of legal services and appropriate

procedures will be implemented to ensure that there is minimal duplication of effort as a result of

Shook's role as special counsel.

***Compensation and Fee Applications***

14.     Pursuant to the terms of the Engagement Letter and subject to the Court's

approval of this Application, Shook intends to:  (a) charge for its legal services on an hourly

basis in accordance with the ordinary and customary hourly rates in effect on the date services

are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

15.     In addition, to the extent that Shook represents both the Debtor and J&J in

a matter, Shook will allocate 50% of its fees and expenses incurred in such joint representation to

the Debtor and 50% to J&J.  In matters in which Shook represents solely the Debtor or J&J,

Shook will allocate 100% of the fees and expenses to the entity represented.

16.     Shook will be compensated at the discounted hourly rates previously

negotiated with the Debtor, which are based on the professionals' level of experience.  At

present, those hourly rates fall within the following ranges:

| *Billing Category* | *Range* |
|---|---|
| Partners | $288 - $863 |
| Counsel/Of Counsel | $268-$582 |
| Associates | $236-$446 |
| Paralegals | $88-$225 |
| Other (e.g., temps, Staff Attorneys) | $50-$290 |

17.     Shook's hourly rates may change from time to time in accordance with

Shook's established billing practices and procedures, as contemplated by the Engagement Letter.

The names, positions, resident offices, and previously negotiated discounted hourly rates as of

NAI-1522251460

October 2021 for those Shook professionals currently expected to spend significant time on this
Chapter 11 Case are attached as Schedule 3 to the Frazier Declaration.

18.     Shook's hourly fees are comparable to those charged by attorneys of
similar experience and expertise for engagements of similar scope and complexity.  Accordingly,
Shook's rates are reasonable and favorable to the Debtor's estate.

19.     Shook will maintain detailed, contemporaneous time records in six-minute
intervals and apply to the Court for payment of compensation and reimbursement of expenses in
accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local
Bankruptcy Rules, the Compensation Guidelines, the terms of any order establishing procedures
for interim compensation and reimbursement of expenses of retained professionals (any such
order, the "Interim Compensation Order") and any additional procedures that may be established
by the Court in the Chapter 11 Case.  Shook intends to use the following billing categories:[6]

| Category | Description |
|---|---|
| Document Review and Production | Assistance in the collection, review, production, and logging of information sought in the Chapter 11 Case relating to talc claims |
| Preparation of Historical Information | Activities related to review of historic records and preparing witnesses to address issues of company history and related matters, and legal advice relating to these issues |
| Privilege and Work Product Defense | Activities to defend privilege and work product issues related to talc claims and the defense thereof |
| Preparation of Expert Witnesses and Related Evidence | Work with expert witnesses to address issues relating to talc matters, as well as assist in the selection of expert witnesses and the identification and use of related evidence |

---

[6]     These categories are consistent with and expand upon the project categories in the Compensation
Guidelines.  Shook, in its discretion and in consultation with the Debtor, may determine to create separate
or additional sub-billing categories for certain discrete projects undertaken during the Chapter 11 Case.

NAI-1522251460

| Category | Description |
|---|---|
| Legal and Factual Analysis Relating to Talc Claims | Advice, counseling, and marshalling of the facts and law in connection with talc claims or any activities to resolve or address such claims, to the extent not covered by another billing category |
| Non-Bankruptcy Litigation Matters | Assist the Debtor and lead bankruptcy counsel in efforts to enforce or extend the automatic stay or address other issues arising in non-bankruptcy forums |
| Court Hearings | Includes preparation for and attendance at court hearings. |
| Fee Application Preparation | Includes preparation of Shook's fee applications and related activities and the preparation of monthly invoices |
| Non-Working Travel | Includes time traveling when no services are being performed |

20.     Shook contemplates using the following expense categories:  (a) long-distance telephone calls; (b) outgoing fax charges; (c) photocopying charges; (d) after normal hours word processing; (e) travel expenses; (f) delivery charges; (g) computerized legal research; (h) technical support services; and (i) other.

***Compensation Prior to the Petition Date***

21.     Prior to the Petition Date, no retainer or amounts were paid to Shook by the Debtor for professional services and expenses to be incurred.

22.     In the one-year period preceding the Petition Date, Shook received payments from J&J totaling approximately $16,862,313.00 (collectively, the "Prepetition Payments").  The Prepetition Payments reflect certain actual fees and expenses incurred primarily in connection with litigation-related work performed in the defense of talc claims on behalf of J&J and Old JJCI.  Approximately $3,000.00 of the Prepetition Payments relates to work in connection with preparations for the 2021 Corporate Restructuring and the Chapter 11 Case.

*Disclosure Concerning Disinterestedness*

23.    The Frazier Declaration, incorporated herein by reference, discloses Shook's connections to the Debtor and parties in interest in the Chapter 11 Case.  In reliance on the Frazier Declaration and upon Shook's reasonable inquiry, and except as set forth therein and in this Application, the Debtor believes that:  (a) Shook has no connection with the Debtor, its affiliates,[7] its creditors, the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator"), any person employed in the office of the Bankruptcy Administrator or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants, except as set forth in the Frazier Declaration; (b) Shook is not a creditor,[8] equity security holder or insider of the Debtor except as set forth herein and in the Disclosure of Compensation; (c) none of Shook's lawyers is, or was within two years of the Petition Date, a director, officer or employee of the Debtor; and (d) Shook neither holds nor represents an interest materially adverse to the Debtor or its estate with respect to the matters on which Shook is to be employed.

24.    In the event that Shook's representation of the Debtor in connection with any particular matter in the Chapter 11 Case would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtor will use separate counsel to represent its interests with respect to such matter against such party.  If that occurs, it is anticipated that conflicts counsel may be retained in connection with that matter.

---

[7]    As described in the Frazier Declaration, Shook has represented, and represents, the Debtor as well as certain non-debtor affiliates of the Debtor in matters unrelated to the Chapter 11 Case.

[8]    As of the Petition Date, $4,051,823.84 remains outstanding in actual fees and expenses for work performed with respect to the talc litigation on behalf of J&J and Old JJCI.  Shook has or will bill those fees and expenses to J&J, consistent with the terms of its engagement with J&J and prior engagement with Old JJCI.

NAI-1522251460

## Legal Basis for Relief Requested

25.    Under section 327(e) of the Bankruptcy Code, a debtor in possession is authorized to employ, "for a specified special purpose, … an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

26.    As required by section 329(a) of the Bankruptcy Code[9] and Bankruptcy Rule 2014(a),[10] the above-described facts set forth in this Application and the information in the exhibits attached hereto set forth:  (a) the specific facts showing the necessity for Shook's employment; (b) the reasons for the Debtor's selection of Shook as special counsel in connection with talc-related litigation during the Chapter 11 Case; (c) the professional services proposed to be provided by Shook; (d) the arrangement between the Debtor and Shook with respect to

---

[9]    Section 329(a) of the Bankruptcy Code provides as follows:

> Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a).  This information is set forth in the Disclosure of Compensation attached hereto as Exhibit D.

[10]    Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

NAI-1522251460

Shook's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the Debtor's knowledge, the extent of Shook's connections, if any, to certain parties in interest in these matters.  Accordingly, Shook's retention by the Debtor should be approved.

## **Notice**

27.    Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtor seeks approval of this Application on an <u>ex parte</u> basis.  Nevertheless, consistent with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Dkt. 322] (the "<u>Case Management Order</u>"), notice of this Application has been provided to:  (a) the Bankruptcy Administrator; (b) the Talc Committee; (c) counsel to the Debtor's non debtor affiliates, New JJCI and J&J; and (d) the other parties on the Service List established by the Case Management Order.  The Debtor submits that, in light of the <u>ex parte</u> nature of the relief requested, no other or further notice need be provided.

## **No Prior Request**

28.    No prior request for the relief sought in this Application has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court:  (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: November 15, 2021
       Charlotte, North Carolina

Respectfully submitted,

LTL Management LLC

By: */s/ John K. Kim*
    John K. Kim
    Chief Legal Officer

NAI-1522251460

PROPOSED ATTORNEYS FOR
DEBTOR:

C. Richard Rayburn, Jr. (NC 6357)
John R. Miller, Jr. (NC 28689)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
Telephone:  (704) 334-0891
Facsimile:   (704) 377-1897
E-mail:  rrayburn@rcdlaw.net
          jmiller@rcdlaw.net

Gregory M. Gordon (TX Bar No. 08435300)
Dan B. Prieto (TX Bar No. 24048744)
Amanda Rush (TX Bar No. 24079422)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
E-mail:  gmgordon@jonesday.com
          dbprieto@jonesday.com
          asrush@ jonesday.com
(Admitted *pro hac vice*)

Brad B. Erens (IL Bar No. 06206864)
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
E-mail:  bberens@jonesday.com
(Admitted *pro hac vice*)

# **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

**EX PARTE ORDER AUTHORIZING DEBTOR TO RETAIN AND EMPLOY SHOOK, HARDY & BACON L.L.P. AS SPECIAL COUNSEL AS OF THE PETITION DATE**

This matter coming before the Court on the *Debtor's Ex Parte Application for an Order Authorizing It to Retain and Employ Shook, Hardy & Bacon L.L.P. as Special Counsel as of the Petition Date* (the "Application"),[2] filed by the debtor in the above-captioned case (the "Debtor"); the Court having reviewed the Application, the Frazier Declaration, the Disclosure of Compensation and the Engagement Letter; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Capitalized terms not otherwise defined herein have the meanings given to the in the Application.

28 U.S.C. § 157(d)(2), (d) notice of the Application was sufficient under the circumstances,

(e) Shook does not hold nor represent any interest materially adverse to the Debtor's estate as

required by section 327(e) of the Bankruptcy Code, (f) the Debtor's retention and employment of

Shook is in the best interest of the estate as required by section 327(e) of the Bankruptcy Code

and (g) the Application and all related schedules and exhibits fully comply with the Bankruptcy

Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Compensation Guidelines; and

the Court having determined that the legal and factual bases set forth in the Application, the

Frazier Declaration and the Disclosure of Compensation establish just cause for the relief granted

herein;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED;

2.      The Debtor is authorized to retain and employ Shook as its special counsel

in the Chapter 11 Case, in accordance with section 327(e) of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1(b), on the terms and

conditions set forth in the Application and the Engagement Letter, as of the Petition Date.

3.      Shook is authorized to render the professional services set forth in the

Application, the Engagement Letter, and the Frazier Declaration.

4.      Shook will use its reasonable efforts to avoid any duplication of services

provided by any of the Debtor's other professionals in the Chapter 11 Case.

5.      Shook shall be compensated for its services and reimbursed for any related

expenses as set forth in the Application and the exhibits thereto, and in accordance with

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

-2-

Rules, the Interim Compensation Order, and any other applicable orders or procedures of this

Court.

6. To the extent that the terms of this Order are inconsistent with the terms of

the Engagement Letter, the terms of this Order shall control.

7. This Order shall be immediately effective and enforceable upon its entry.

8. Pursuant to Local Rule 9013-1(f), any party shall be entitled to a hearing

or request that the Court reconsider the entry of this Order by filing a motion for reconsideration

within 14 days of service of this Order.

9. The Debtor is authorized and empowered to take all actions necessary to

implement the relief granted in this Order in accordance with the Application.

10. This Court shall retain exclusive jurisdiction over any and all matters

arising from or related to the implementation, interpretation, or enforcement of this Order.

This Order has been signed electronically.     United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.

NAI-1522251460

## **EXHIBIT B**

Engagement Letter

SHOOK
HARDY & BACON

November 8, 2021

**VIA E-MAIL**

Kathleen Frazier

**CONFIDENTIAL**
**ATTORNEY-CLIENT PRIVILEGED COMMUNICATION**

JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston
Texas 77002
p 713.227.8008
dd 713.546.5611
f 713.227.9508

kfrazier@shb.com

John K. Kim
Chief Legal Officer
LTL Management LLC
501 George Street
New Brunswick, NJ 08933

**Re:  Engagement Letter – Chapter 11 Bankruptcy Matter**

Dear Mr. Kim:

Thank you for retaining Shook, Hardy & Bacon L.L.P. ("Shook") to represent LTL Management LLC ("LTL"), effective as of October 12, 2021. In accordance with our normal procedures, this letter describes the scope of the services our firm has been retained to provide during this engagement, as well as the terms and conditions of our representation.

I have enclosed our standard Terms of Representation which sets forth Shook's policies and practices regarding representation of clients, including the payment of legal fees and expenses. To the extent these terms and conditions conflict with the Outside Counsel Management and Billing Guidelines for U.S. Located Firms ("Billing Guidelines") issued by the Johnson & Johnson Law Department, which I understand LTL is utilizing for its outside counsel, the Billing Guidelines will govern. Regarding the scope of our representation, we understand that you have retained Shook as special counsel to advise on issues relating to the defense of talc-related claims and resolution thereof in connection with LTL's Chapter 11 bankruptcy case currently pending in the United States Bankruptcy Court for the Western District of North Carolina. We look forward to representing you in this matter and, unless agreed upon in writing, the scope of our representation will be limited to providing the legal services necessary to accomplish the foregoing.

We bill for legal services on an hourly basis, and we record time in six-minute increments. I will have primary responsibility for this matter, but may assign other partners, associates, and legal staff to assist as necessary in completing tasks related to this engagement. We have discussed with you, and agreed upon, the current hourly rates of the firm's attorneys and other personnel expected to be involved in Shook's representation of LTL, which reflect the rates previously negotiated with Old JJCI and J&J for work on talc matters.

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

4846-4519-7055 v1



November 8, 2021
Page 2

As you know, Shook also represents J&J on talc-related matters. To the extent that work on a matter is undertaken on behalf of both LTL and J&J, Shook will allocate 50% of its fees and expenses incurred in such joint representation to LTL and 50% to J&J.

We hope this letter and the attached Terms of Representation adequately explain the scope of our services as well as the payment terms for our fees. If they do and you agree with them, please sign this engagement letter and return it to me, along with the attached copy of the Terms of Representation.

If you have any questions or comments, please do not hesitate to contact me. We greatly appreciate the opportunity to work with you.

Sincerely,

Kathleen Frazier

KAF:bpm
Enclosures

**The undersigned hereby accepts the terms set forth in this engagement letter and the attached Terms of Representation.**

**LTL Management LLC**

By: _____

John K. Kim
Chief Legal Officer
LTL Management LLC

Dated: 11/12/21 _____

SHOOK
HARDY & BACON

## SHOOK, HARDY & BACON L.L.P.
### TERMS OF REPRESENTATION

**Confirmation of Services.** Shook, Hardy & Bacon L.L.P. is pleased to have this opportunity to serve you. Our goal is to provide you quality legal services on a prompt, efficient basis. We have found from past experience that our relationship will be stronger and more effective when at the beginning of each representation there is a clear understanding of the services we will perform, the fees we intend to charge for such services, and the payment thereof. Therefore, it is our standard procedure to be specific with our clients as to the scope of the services that we intend to provide and the terms by which we will bill fees and expenses. The letter accompanying these Terms of Representation sets forth that information. If what is set forth in the accompanying letter or in these Terms of Representation does not accurately describe your understanding of the services we are to perform or the terms for billing fees and expenses, please advise the attorney sending you the letter.

**Scope of Representation.** The scope of our representation of you is limited to providing only those services that are described in the accompanying letter. Unless otherwise agreed, we will render those legal services that are necessary to the representation. No other services are intended to be provided without the mutual agreement of you, as our client, and Shook, Hardy & Bacon L.L.P. Later, if you determine to change materially the scope of our representation, we will need to document that in additional correspondence.

**Attorneys and Others to Assist in Providing Services.** When it is appropriate for your particular matter and when it will serve to reduce costs, we intend to assign parts of your work to other attorneys, paralegals, law clerks, and document clerks. Often these individuals specialize in certain areas, and we have found that allocating work to them allows us to produce our best legal product in the most efficient manner. In such an event, however, the attorney designated in the accompanying letter is your primary contact with the firm. This attorney will supervise the work and will be responsible to you for the entire matter.

**Fees and Hourly Rates.** Our fees are based primarily on the time spent by each attorney and other professionals in the firm who work on your matter. The hourly rate of each attorney and other professional is based on that individual's expertise and experience. We reserve the right to adjust our fee rates on an annual basis and bills for our fees will reflect those adjustments.

We normally record time in six-minute increments for work done on your matter, including required travel time. We do not charge for attorney administrative time or for time spent in maintaining a general, current knowledge of the law.

**Expenses.** We will bill you for expenses we incur on your behalf. We will ask you to pay directly any significant outside expenses incurred on your behalf, such as deposition costs, investigators, consultants or experts necessary in our judgment to represent you in this matter. We will direct statements for such expenses to you for payment. It is our policy that clients advance any required filing fee.

We bill for long-distance telephone calls, outgoing FAX charges, photocopying charges, after normal hours word processing, travel expenses, delivery charges other than normal postage, and other necessary expenses. We separately bill for computerized legal research (LEXIS,



WestLaw and similar services) and related expenses. All expenses will be itemized on the statements we will send you.

**Technical Support Services.** At the request of the client, the firm can provide computer hardware, software, and technical support to design, operate, and maintain client-specific database systems to support specific projects. The firm charges for these services as expenses in addition to legal fees. We bill at rates commensurate with the level of technical expertise required. The firm also charges for any client-specific software or hardware which must be leased or purchased by the firm for any specific project or application; for setup of computers or other equipment for off-premise use, such as at trial sites; for scanning or electronic imaging of documents; for video-conferencing; and for third-party technology support or consultation required by the client's project.

**Billing Statements.** Unless there are circumstances which would indicate otherwise, each month you will receive a computer-generated statement showing a description of the services performed through the end of the preceding month, identifying the attorneys and others who performed the services, and itemizing expenses incurred by us for your work.

**Fees Not Contingent and Due Within 30 Days.** Except as may be set out in the accompanying letter, our fees are not contingent, and payment is due within 30 days of the receipt of the statement. If the firm has not received any comment from you about the statement within 45 days of its receipt, we will assume that you find it acceptable.

**Payment is to be made in U.S. dollars ($USD), by check or draft payable to "Shook, Hardy & Bacon L.L.P." If you choose to pay by wire transfer, set forth below are wire payment instructions:**

> ABA Number: 101000019
> Receiving Bank: Commerce Bank
> Account Name: Shook, Hardy & Bacon L.L.P.
> Account Number: 43056
> Reference: Shook invoice number
> Address for Bank: 1000 Walnut, Kansas City, MO 64106
> SWIFT Number: CBKCUS44

If any of our statements remain unpaid for more than 90 days, we may, consistent with our ethical and court-imposed obligations, cease to perform services until satisfactory arrangements have been made for the payment of the unpaid statements and future fees. In fairness to our many clients who promptly pay their statements each month, we reserve the right to take appropriate action with respect to delinquent accounts.

**Insurance Matters.** It is your responsibility to determine if you have insurance that may be applicable to the matter in which we represent you. If you have insurance which covers legal fees and expenses, we will cooperate with you in submitting our statements to your insurer. But, you agree that if your insurer does not pay such fees and expenses on a timely current basis, or fails or refuses to pay our statements in full, you are responsible for prompt payment of our statements.

**Attorney-Client Communication.** All communications from us, including our statements, may contain information protected by the attorney-client privilege. As the privilege could be deemed to have been waived if someone other than the client sees the

4846-4519-7055 v1



privileged material, we recommend that you keep our statements, as well as other letters and communications from us, including our statements, in a separate file marked "Attorney-Client Privileged Materials" and keep the file in a secure place.

**Client Confidences.**   Your communications with us are legally protected by the attorney-client privilege.  In addition, we will treat your matter as confidential, and we will not (unless you specifically grant us the authority to do so) discuss or otherwise make available to anyone, including other clients, any information about you, your business, or our work on your behalf.

**Conflicts of Interest.**   Based on our customary inquiries, we now believe there is no conflict of interest in our representation of you in this matter.  However, Shook, Hardy & Bacon L.L.P. represents numerous clients, many of whom rely on us for general legal representation.  It is possible, although we hope it will not happen, that adverse relationships, including litigation, could develop between you or companies or persons related to you and one of our other clients.  In such case, if we are not representing you in that matter and it does not involve a subject about which we have been given privileged or confidential information by you in this current matter, you agree that you would not object to our representation of another client in such other matter.

In our engagement letters with other clients, we ask for similar agreements to preserve our ability to represent you in a similar situation, if you would choose to have us do so.

**Termination of Services and Representation.**   You may terminate our services at any time.  Termination of our representation does not, however, relieve you from the responsibility of paying those fees and expenses incurred through the date we are notified of such termination.  Similarly, we may withdraw from this representation for reasons including your failure to promptly pay our statements; failure to disclose all facts material to our representation; failure to act in accordance with our advice; or development of one or more circumstances which, in our judgment, impair our ability to maintain an effective attorney-client relationship.

**Estimates of the Cost of Services to Be Performed.**   From time to time you may ask us to make an estimate of the cost of completing all or part of your matter.  Because it is often difficult to estimate at the beginning of a project how much time it will take to complete it, we treat any estimate as an "educated guess" and not as an assurance that we will be able to do the work for the estimated cost.  When an estimate is given, we will advise you when we are nearing the estimated price, and we will also advise you if we become aware that the estimate may be exceeded.  At that time, you can decide whether to terminate our work on the project, modify the project, or proceed to completion with a different cost estimate.

**Completion of Matter.**   After a particular matter is completed, we do not (unless you specifically request in writing that we do so) undertake to continue to review that matter and update you concerning legal developments, such as changes in applicable laws or regulations. If you do ask us to review a specific matter on which we have previously worked, we will consider that to be a new representation.  Thus, while we may, from time to time, call to your attention issues or legal developments that might be relevant to your operations, we are not undertaking to do so as a part of this representation.

Unless previously terminated, our representation will end upon our sending you our final statement for services rendered with respect to this matter.

4846-4519-7055 v1

SHOOK
HARDY & BACON

**Document Retention.**  If, upon any termination or completion of a matter, you wish to have your documents in our possession delivered to you, please advise us.  Otherwise, all such documents will be stored pursuant to our records retention program and may be destroyed at a subsequent date.

**No Guarantee.**  We will perform our professional services on your behalf to the best of our ability, but we cannot make and have not made any guarantees regarding the outcome of our work on this project.  Any expressions by us about the outcome of this project are our best professional views only and are limited by our factual knowledge at the time they are expressed.

**Questions or Additional Information.**  We hope this explanation is helpful to you, and we invite you to discuss any concern with us at any time or to inquire at any time about the fees or costs incurred.  It is extremely important that we proceed so that you and we have a clear and satisfactory understanding about the work to be performed.  We will strive to keep you fully informed during the course of this engagement and anticipate that you, likewise, will keep us informed of pertinent developments.  We trust you will find that we are not only available and responsive but that we will work diligently to meet your needs and deadlines. Accordingly, we encourage you to contact, at any time, the attorney who signed the accompanying letter or any other person working on this matter.

**Acceptance of Terms of Representation.**  If these Terms of Representation and the accompanying engagement letter correctly and completely set forth our mutual understanding of the terms of our engagement, please sign the engagement letter, and return them for our files.

## **EXHIBIT C**

Declaration of Kathleen A. Frazier

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

## DECLARATION OF KATHLEEN A. FRAZIER

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Bankruptcy Rules"), Kathleen A. Frazier hereby declares as follows:

1.       I am an attorney at law admitted and in good standing to practice in the State of Texas.

2.       I am a partner with the law firm of Shook, Hardy & Bacon L.L.P. ("Shook") and am duly authorized to make this declaration on behalf of Shook. I make this declaration in support of the *Debtor's Ex Parte Application for an Order Authorizing It to Retain and Employ Shook, Hardy & Bacon L.L.P. as Special Counsel as of the Petition Date* (the "Application").[2] The facts set forth in this declaration are personally known to me and, if called as a witness, I could and would testify thereto.

---

[1]       The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]       Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

<u>**Shook's Qualifications**</u>

3.        Shook, an international law firm with more than 500 attorneys, sixteen

offices in the United States and one office overseas, served as National Coordinating Counsel for

J&J and Old JJCI in connection with talc-related litigation for more than a decade, and

specifically in connection with litigation involving ovarian cancer claims since 2017.  Since at

least 2004, Shook has represented J&J, Old JJCI, and now the Debtor, in matters related to the

defense of talc claims.  As a result, Shook possesses extensive knowledge concerning Old JJCI's

talc liabilities, its historical records, company witnesses, the scientific issues associated with the

talc-related claims against J&J and Old JJCI, Old JJCI's historical talc litigation, and the

management, defense and settlement of talc claims.

4.        For example, Shook served a primary role as Old JJCI's counsel

concerning (a) case-specific work-up of talc-related cases involving ovarian cancer claims across

the country; (b) the assembly and review of the company's historical documents concerning the

talc products it made and/or sold; (c) various discovery issues that arose in multiple jurisdictions

with respect to defense of ovarian cancer talc-related claims; (d) preparation and defense of

company witnesses who gave deposition and/or trial testimony; (e) identification and

development of expert witnesses and defense of those experts in deposition or at trial; (f) taking

plaintiff expert depositions and advising the company's other counsel regarding same;

(g) preparation of significant trial briefs; (h) management and supervision of local counsel in the

preparation of cases for trial; (i) participation as trial counsel or in a supporting role at trial; and

(j) advice on overall strategic issues with respect to the talc-related litigation.

5.        During the course of the Chapter 11 Case, the Debtor will be called upon

to address, among other things, the very issues for which Shook has served as long-time counsel

NAI-1522251460

to J&J and Old JJCI and for which Shook has continued to serve the Debtor following the 2021

Corporate Restructuring, which created the Debtor.[3]

6.      Shook's professionals have also worked with relevant personnel and other

advisors to collect and evaluate information in connection with preparations for the potential

commencement of the Chapter 11 Case.

## Scope of Proposed Retention

7.      Shook anticipates that it may provide the following service during this

Chapter 11 Case, focusing primarily on those claims and issues related to ovarian and other

reproductive tract cancers:

(a)     assisting the Debtor with discovery relating to ovarian cancer talc-related claims;

(b)     assisting the Debtor in the defense of privilege and work product issues relating to the talc-related matters;

(c)     assisting the Debtor in connection with any estimation proceeding for the Debtor's talc-related claims;

(d)     assisting the Debtor in any stay issues or other matters relating to talc-related claims in non-bankruptcy forums;

(e)     assisting the Debtor in negotiations relating to the resolution of talc-related claims in the Chapter 11 Case; and

(f)     providing such other specific services as may be requested by the Debtor from time to time relating to the defense, estimation, or resolution of the Debtor's talc-related claims in the Chapter 11 Case.

---

[3]     Shook served as counsel to Old JJCI until it ceased to exist.  Old JJCI's engagement of Shook was allocated to the Debtor in the 2021 Corporate Restructuring.  The terms of Shook's representation of Old JJCI were superseded in their entirety by the Engagement Letter.  As set forth herein and in the Application, Shook continues to represent J&J in certain talc-related litigation, as it did prior to the 2021 Corporate Restructuring and the Petition Date.

8.      As noted above, Shook has substantial expertise developed as a result of its work for Old JJCI and J&J prior to the Petition Date.  Accordingly, the Debtor respectfully submits that Shook is well-qualified to perform these services for the Debtor.

9.      Shook will provide the services described above as special counsel to the Debtor and will not serve as general bankruptcy and reorganization counsel to the Debtor. Shook believes that the services it will provide will be complementary and not duplicative of the services to be performed by Jones Day, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtor in this Chapter 11 Case to assist in talc-related matters.

## **Compensation and Fee Applications**

10.      Pursuant to the terms of the Engagement Letter and subject to the Court's approval of the Application, Shook intends to:  (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

11.      In addition, to the extent that Shook represents both the Debtor and J&J in a matter, Shook will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J.  In matters in which Shook represents solely the Debtor or J&J, Shook will allocate 100% of the fees and expenses to the entity represented.

12.      Shook will be compensated at the discounted hourly rates previously negotiated with the Debtor, which are based on the professionals' level of experience.  At present, those hourly rates fall within the following ranges:

| *Billing Category* | *Range* |
|---|---|
| Partners | $288 - $863 |
| Counsel/Of Counsel | $268-$582 |

-4-

| Billing Category | Range |
|---|---|
| Associates | $236-$446 |
| Paralegals | $88-$225 |
| Other (e.g., temps, Staff Attorneys) | $50-$290 |

13.     Shook's hourly rates may change from time to time in accordance with the terms of the Engagement Letter and Shook's established billing practices and procedures. The names, positions, resident offices and current hourly rates of those Shook professionals currently expected to spend significant time on the Chapter 11 Case are attached as <u>Schedule 3</u> hereto.

14.     Shook's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity.

15.     Shook will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines, the Interim Compensation Order and any additional procedures that may be established by the Court in the Chapter 11 Case.  In addition, Shook understands that interim and final fee awards are subject to approval by this Court.

<b><u>Disclosure Concerning Disinterestedness</u></b>

***Interested Party List***

16.     The Debtor has provided Shook with a list of the names of individuals or institutions that are potential significant parties in interest (collectively, the "<u>Interested Parties</u>") in the following categories:

(a)     the Debtor's direct equity owner;

(b)     the Debtor's direct non-debtor subsidiary;

-5-

(c)    other non-debtor affiliates of the Debtor;

(d)    managers and officers of the Debtor;

(e)    major current business affiliations of the Debtor's managers;

(f)    depository and disbursement banks of the Debtor;

(g)    major sureties;

(h)    parties to material contracts with the Debtor;

(i)    significant co-defendants in talc-related litigation;

(j)    the Debtor's retained professionals and claims agent;

(k)    the Debtor's significant ordinary course professionals, consultants and service providers;

(l)    known professionals for certain non-Debtor parties in interest;

(m)    material potentially indemnified parties;

(n)    law firms with significant representations of talc claimants;

(o)    key parties in *Imerys Talc America, Inc.* and *Cyprus Mines Corp.* chapter 11 cases;

(p)    the Debtor's insurers; and

(q)    parties in interest that have filed a Bankruptcy Rule 2002 notice of appearance in the Chapter 11 Case.

17.    The list of Interested Parties also includes available information regarding (a) the Bankruptcy Administrator and employees for the Bankruptcy Administrator's Office for the Western District of North Carolina and (b) bankruptcy judges for the Western District of North Carolina. The identities of the Interested Parties, developed as of November 3, 2021, are set forth on Schedule 1 hereto.

***Evaluation and Disclosure of Connections***

18.    To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtor, its

-6-

creditors, other parties in interest, their respective attorneys, the Bankruptcy Administrator or

any person employed in the office of the Bankruptcy Administrator, Shook researched its client

database to determine whether it had any relationships with the Interested Parties.  To the extent

that Shook's research of its relationships with the Interested Parties indicates that Shook has

represented in the past two years, or currently represents, any of these entities in matters

unrelated to the Chapter 11 Case, the identities of these entities and such entities' relationship to

the Debtor and connection to Shook, are set forth in Schedule 2 hereto.

19.      To the best of my knowledge and belief, insofar as I have been able to

ascertain after reasonable inquiry, neither I, nor Shook, nor any partner, associate or other

professional thereof has any connection with the Debtor, its affiliates, its creditors, the

Bankruptcy Administrator any person employed in the office of the Bankruptcy Administrator or

any other party with an actual or potential interest in the Chapter 11 Case or their respective

attorneys or accountants, except as set forth below and in Schedule 2 attached hereto:

(a)      Shook has not represented, and does not and will not represent, any
entity in matters adverse to the Debtor or its estate with respect to
matters on which Shook is to be employed.

(b)      Prior to the Petition Date, Shook represented Old JJCI, as National
Coordinating Counsel in certain talc-related litigation (the same
role it served for the Debtor after the 2021 Corporate
Restructuring).

(c)      Prior to the Petition Date, Shook represented the Debtor's parent
company and non-debtor affiliate, J&J as National Coordinating
Counsel in certain talc-related litigation.

(d)      In matters unrelated to the Debtor or the Chapter 11 Case, Shook
currently represents or formerly represented certain of the Debtor's
non-debtor affiliates.  Shook, however, has not represented, and
does not and will not represent, any of these entities in matters
adverse to the Debtor or to the estate with respect to matters on
which Shook is to be employed.

NAI-1522251460

(e)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Shook currently represents Bank of America, N.A., which is the Debtor's Depository and Disbursement Bank. This relationship is set forth on the attached <u>Schedule 2</u>. Shook, however, has not represented, and does not and will not represent, this entity in matters adverse to the Debtor or to the estate with respect to matters on which Shook is to be employed.

(f)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Shook currently represents U.S. Bank N.A., which is a Party to Material Contracts with the Debtor. This relationship is set forth on the attached <u>Schedule 2</u>. Shook, however, has not represented, and does not and will not represent, this entity in matters adverse to the Debtor or to the estate with respect to matters on which Shook is to be employed.

(g)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Shook currently represents certain parties who are significant co-defendants in talc cases with the Debtor and affiliates thereof. These relationships are set forth on the attached <u>Schedule 2</u>. Shook, however, has not represented, and does not and will not represent, any of these entities in matters relating to the Debtor or the Chapter 11 Case.

(h)    In matters <u>unrelated</u> to the Debtor or the Chapter 11 Case, Shook currently represents a number of the Interested Parties categorized above. These relationships are set forth on the attached <u>Schedule 2</u>. Shook, however, has not represented, and does not and will not represent, any of these entities in matters adverse to the Debtor or to the estate with respect to matters on which Shook is to be employed.

**<u>Shook's Services Prior to the Petition Date</u>**

20.    The Debtor's ultimate parent company is J&J. Since at least 2004, Shook has provided various legal services to J&J and certain of its subsidiaries, including Old JJCI. These legal services have included serving as National Coordinating Counsel for J&J and Old JJCI with respect to their talc-related litigation, and representing Old JJCI in matters related to the defense of talc claims.

NAI-1522251460

**Shook Holds No Adverse Interest with
Respect to Matters Upon Which Shook Shall Be Employed**

21.     To the best of my knowledge, information and belief, insofar as I have

been able to ascertain after reasonable inquiry, Shook does not represent nor hold any interest

adverse to the Debtor or its estate with respect to the matters on which Shook is to be employed,

as required by section 327(e) of the Bankruptcy Code, in that:  (a) Shook has no connection with

the Debtor, its affiliates, its creditors, the Bankruptcy Administrator, any person employed in the

office of the Bankruptcy Administrator or any other party with an actual or potential interest in

the Chapter 11 Case or their respective attorneys or accountants, except as set forth herein and on

Schedule 2; (b) Shook is not a creditor,[4] equity security holder or insider of the Debtor, except as

set forth herein and in the Disclosure of Compensation; (c) no Shook partner, associate or other

professional is, or was within two years of the Petition Date, a director, officer or employee of

the Debtor; and (d) none of the matters in which Shook represents an Interested Party are adverse

to the Debtor or its estate with respect to matters on which Shook is to be employed.

22.     Despite the efforts described above to identify and disclose connections

with parties in interest in this case, because the Debtor is part of a large enterprise and has

thousands of creditors and other relationships, and because Shook is an international law firm

with more than 500 attorneys, sixteen offices in the United States and one office overseas, Shook

is unable to state with certainty that every client representation or other connection of Shook has

been disclosed.  In this regard, if Shook discovers additional information that requires disclosure,

Shook will file supplemental disclosures with the Court.

---

[4]     As of the Petition Date, $4,051,823.84 remains outstanding in actual fees and expenses for work performed
with respect to the talc litigation on behalf of J&J and Old JJCI.  Shook has or will bill those fees and
expenses to J&J, consistent with the terms of its engagement with J&J and prior engagement with Old JJCI.

NAI-1522251460

23.     In addition, it is my understanding that if a conflict of interest with respect to a party set forth on Schedule 2 or another party in interest later identified in this case should arise, the Debtor will use the services of other conflicts counsel in connection with that matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief

Dated:  November 15, 2021                 _/s/ Kathleen A. Frazier_____
       Houston, Texas                          Kathleen A. Frazier
                                          Shook, Hardy & Bacon L.L.P.

NAI-1522251460

**<u>Schedule 1</u>**

Schedule of Potentially Interested Parties

**LTL Management LLC**
**Potentially Interested Parties**

**Debtor**

LTL Management LLC

**Direct Equity Owner of Debtor**

Johnson and Johnson Consumer Inc.

**Debtor's Direct Non-Debtor Subsidiary**

Royalty A&M LLC

**Other Non-Debtor Affiliates**

3Dintegrated ApS
Acclarent, Inc.
Actelion Ltd
Actelion Manufacturing GmbH
Actelion Pharmaceuticals Australia
    Pty. Limited
Actelion Pharmaceuticals Korea Ltd.
Actelion Pharmaceuticals Ltd
Actelion Pharmaceuticals Mexico
    S.A. De C.V.
Actelion Pharmaceuticals Trading
    (Shanghai) Co., Ltd.
Actelion Pharmaceuticals UK Limited
Actelion Pharmaceuticals US, Inc.
Actelion Registration Limited
Actelion Treasury Unlimited Company
Akros Medical, Inc.
Albany Street LLC
ALZA Corporation
Alza Land Management, Inc.
AMO (Hangzhou) Co., Ltd.
AMO (Shanghai) Medical Devices
    Trading Co., Ltd.
AMO ASIA LIMITED
AMO Australia Pty Limited
AMO Canada Company
AMO Denmark ApS
AMO Development, LLC
AMO France
AMO Germany GmbH

AMO Groningen B.V.
AMO International Holdings
AMO Ireland
AMO Ireland Finance Unlimited Company
AMO Italy SRL
AMO Japan K.K.
AMO Manufacturing Spain S.L.
AMO Manufacturing USA, LLC
AMO Netherlands BV
AMO Nominee Holdings, LLC
AMO Norway AS
AMO Puerto Rico Manufacturing, Inc.
AMO Sales and Service, Inc.
AMO Singapore Pte. Ltd.
AMO Spain Holdings, LLC
AMO Switzerland GmbH
AMO U.K. Holdings, LLC
AMO United Kingdom, Ltd.
AMO Uppsala AB
AMO US Holdings, Inc.
AMO USA Sales Holdings, Inc.
AMO USA, LLC
Animas Diabetes Care, LLC
Animas LLC
Animas Technologies LLC
AorTx, Inc.
Apsis
Aragon Pharmaceuticals, Inc.
Asia Pacific Holdings, LLC
Atrionix, Inc.
AUB Holdings LLC
Auris Health, Inc.
Backsvalan 2 Aktiebolag
Backsvalan 6 Handelsbolag
Beijing Dabao Cosmetics Co., Ltd.
BeneVir BioPharm, Inc.
Berna Rhein B.V.
BioMedical Enterprises, Inc.
Biosense Webster (Israel) Ltd.
Biosense Webster, Inc.
C Consumer Products Denmark ApS
Calibra Medical LLC
Campus-Foyer Apotheke GmbH

Carlo Erba OTC S.r.l.
Centocor Biologics, LLC
Centocor Research & Development, Inc.
ChromaGenics B.V.
Ci:Labo Customer Marketing Co., Ltd.
Ci:z. Labo Co., Ltd.
Cilag AG
Cilag GmbH International
Cilag Holding AG
Cilag Holding Treasury Unlimited Company
Cilag-Biotech, S.L.
CNA Development GmbH
Codman & Shurtleff, Inc.
Coherex Medical, Inc.
ColBar LifeScience Ltd.
Company Store.com, Inc.
Cordis de Mexico, S.A. de C.V.
Cordis International Corporation
Corimmun GmbH
CoTherix Inc.
CSATS, Inc.
Darlain Trading S.A.
Debs-Vogue Corporation
    (Proprietary) Limited
DePuy France
DePuy Hellas SA
DePuy International Limited
DePuy Ireland Unlimited Company
DePuy Mexico, S.A. de C.V.
DePuy Mitek, LLC
DePuy Orthopaedics, Inc.
DePuy Products, Inc.
DePuy Spine, LLC
DePuy Synthes Gorgan Limited
DePuy Synthes Institute, LLC
DePuy Synthes Leto SARL
DePuy Synthes Products, Inc.
DePuy Synthes Sales, Inc.
DePuy Synthes, Inc.
Dr. Ci:Labo Co., Ltd.
DR. CI:LABO COMPANY LIMITED
Dutch Holding LLC
ECL7, LLC
EES Holdings de Mexico,
    S. de R.L. de C.V.
EES, S.A. de C.V.

EIT Emerging Implant Technologies GmbH
Ethicon Biosurgery Ireland
Ethicon Endo-Surgery (Europe) GmbH
Ethicon Endo-Surgery, Inc.
Ethicon Endo-Surgery, LLC
Ethicon Holding Sarl
Ethicon Ireland Unlimited Company
Ethicon LLC
Ethicon PR Holdings Unlimited Company
Ethicon Sarl
Ethicon US, LLC
Ethicon Women's Health & Urology Sarl
Ethicon, Inc.
Ethnor (Proprietary) Limited
Ethnor del Istmo S.A.
Ethnor Farmaceutica, S.A.
Ethnor Guatemala, Sociedad Anomina
Finsbury (Development) Limited
Finsbury (Instruments) Limited
Finsbury Medical Limited
Finsbury Orthopaedics International Limited
Finsbury Orthopaedics Limited
FMS Future Medical System SA
GH Biotech Holdings Limited
Global Investment Participation B.V.
GMED Healthcare BV
Guangzhou Bioseal Biotech Co., Ltd.
Hansen Medical Deutschland GmbH
Hansen Medical International, Inc.
Hansen Medical UK Limited
Hansen Medical, Inc.
Healthcare Services (Shanghai) Ltd.
I.D. Acquisition Corp.
Innomedic Gesellschaft für innovative
    Medizintechnik und Informatik mbH
Innovalens B.V.
Innovative Surgical Solutions, LLC
J & J Company West Africa Limited
J&J Pension Trustees Limited
J.C. General Services BV
Janssen Alzheimer Immunotherapy
    (Holding) Limited
Janssen Biologics (Ireland) Limited
Janssen Biologics B.V.
Janssen BioPharma, Inc.
Janssen Biotech, Inc.

Janssen Cilag Farmaceutica S.A.
Janssen Cilag S.p.A.
Janssen Cilag SPA
Janssen Cilag, C.A.
Janssen de Mexico, S. de R.L. de C.V.
Janssen Development Finance
    Unlimited Company
Janssen Diagnostics, LLC
Janssen Egypt LLC
Janssen Farmaceutica Portugal Lda
Janssen Global Services, LLC
Janssen Group Holdings Limited
Janssen Holding GmbH
Janssen Inc.
Janssen Irish Finance Company UC
Janssen Korea Ltd.
Janssen Oncology, Inc.
Janssen Ortho LLC
Janssen Pharmaceutica
    (Proprietary) Limited
Janssen Pharmaceutica NV
Janssen Pharmaceutica S.A.
Janssen Pharmaceutical
Janssen Pharmaceutical K.K.
Janssen Pharmaceutical Sciences
    Unlimited Company
Janssen Pharmaceuticals, Inc.
Janssen Products, LP
Janssen R&D Ireland
Janssen Research & Development, LLC
Janssen Sciences Ireland
    Unlimited Company
Janssen Scientific Affairs, LLC
Janssen Supply Group, LLC
Janssen Vaccines & Prevention B.V.
Janssen Vaccines Corp.
Janssen-Cilag
Janssen-Cilag (New Zealand) Limited
Janssen-Cilag A/S
Janssen-Cilag AG
Janssen-Cilag Aktiebolag
Janssen-Cilag AS
Janssen-Cilag B.V.
Janssen-Cilag de Mexico S. de R.L. de C.V.
Janssen-Cilag Farmaceutica Lda.
Janssen-Cilag Farmaceutica Ltda.

Janssen-Cilag GmbH
Janssen-Cilag International NV
Janssen-Cilag Kft.
Janssen-Cilag Limited
Janssen-Cilag Limited
Janssen-Cilag Manufacturing, LLC
Janssen-Cilag NV
Janssen-Cilag OY
Janssen-Cilag Pharma GmbH
Janssen-Cilag Pharmaceutical S.A.C.I.
Janssen-Cilag Polska, Sp. z o.o.
Janssen-Cilag Pty Ltd
Janssen-Cilag S.A.
Janssen-Cilag s.r.o.
Janssen-Cilag, S.A.
Janssen-Cilag, S.A. de C.V.
Janssen-Pharma, S.L.
J-C Health Care Ltd.
Jevco Holding, Inc.
JJ Surgical Vision Spain, S.L.
JJC Acquisition Company B.V.
JJHC, LLC
JJSV Belgium BV
JJSV Manufacturing Malaysia SDN. BHD.
JJSV Norden AB
JJSV Produtos Oticos Ltda.
JNJ Global Business Services s.r.o.
JNJ Holding EMEA B.V.
JNJ International Investment LLC
JNJ Irish Investments ULC
Johnson & Johnson
Johnson & Johnson - Societa' Per Azioni
Johnson & Johnson (Angola), Limitada
Johnson & Johnson (China) Investment Ltd.
Johnson & Johnson (Egypt) S.A.E.
Johnson & Johnson (Hong Kong) Limited
Johnson & Johnson (Ireland) Limited
Johnson & Johnson (Jamaica) Limited
Johnson & Johnson (Kenya) Limited
Johnson & Johnson (Middle East) Inc.
Johnson & Johnson (Mozambique),
    Limitada
Johnson & Johnson (Namibia)
    (Proprietary) Limited
Johnson & Johnson (New Zealand) Limited
Johnson & Johnson (Philippines), Inc.

Johnson & Johnson (Private) Limited
Johnson & Johnson (Thailand) Ltd.
Johnson & Johnson (Trinidad) Limited
Johnson & Johnson (Vietnam) Co., Ltd
Johnson & Johnson AB
Johnson & Johnson AG
Johnson & Johnson Belgium
   Finance Company BV
Johnson & Johnson Bulgaria EOOD
Johnson & Johnson China Ltd.
Johnson & Johnson Consumer
   (Hong Kong) Limited
Johnson & Johnson Consumer
   (Thailand) Limited
Johnson & Johnson Consumer B.V.
Johnson & Johnson Consumer
   Holdings France
Johnson & Johnson Consumer Inc.
Johnson & Johnson Consumer NV
Johnson & Johnson Consumer
   Saudi Arabia Limited
Johnson & Johnson Consumer Services
   EAME Ltd.
Johnson & Johnson d.o.o.
Johnson & Johnson de Argentina
   S.A.C. e. I.
Johnson & Johnson de Chile Limitada
Johnson & Johnson de Chile S.A.
Johnson & Johnson de Colombia S.A.
Johnson & Johnson de Costa Rica, S.A.
Johnson & Johnson de Mexico, S.A. de C.V.
Johnson & Johnson de Uruguay S.A.
Johnson & Johnson de Venezuela, S.A.
Johnson & Johnson del Ecuador, S.A.
Johnson & Johnson Del Paraguay, S.A.
Johnson & Johnson del Peru S.A.
Johnson & Johnson do Brasil Industria E
   Comercio de Produtos Para Saude Ltda.
Johnson & Johnson Dominicana, S.A.S.
Johnson & Johnson Enterprise
   Innovation Inc.
Johnson & Johnson European
   Treasury Company
Johnson & Johnson Finance Corporation
Johnson & Johnson Finance Limited

Johnson & Johnson Financial
   Services GmbH
Johnson & Johnson for Export and
   Import LLC
Johnson & Johnson Foundation Scotland
   (NON-PROFIT)
Johnson & Johnson Gateway, LLC
Johnson & Johnson Gesellschaft m.b.H.
Johnson & Johnson GmbH
Johnson & Johnson Guatemala, S.A.
Johnson & Johnson Health and
   Wellness Solutions, Inc.
Johnson & Johnson Health Care
   Systems Inc.
Johnson & Johnson Hellas Commercial and
   Industrial S.A.
Johnson & Johnson Hellas Consumer
   Products Commercial Societe Anonyme
Johnson & Johnson Hemisferica S.A.
Johnson & Johnson Holding GmbH
Johnson & Johnson Holdings K.K.
Johnson & Johnson Inc.
Johnson & Johnson Industrial Ltda.
Johnson & Johnson Innovation - JJDC, Inc.
Johnson & Johnson Innovation Limited
Johnson & Johnson Innovation LLC
Johnson & Johnson International
Johnson & Johnson International
   (Singapore) Pte. Ltd.
Johnson & Johnson International Financial
   Services Company
Johnson & Johnson Japan Inc.
Johnson & Johnson K.K.
Johnson & Johnson Kft.
Johnson & Johnson Korea Ltd.
Johnson & Johnson Korea Selling &
   Distribution LLC
Johnson & Johnson Limitada
Johnson & Johnson Limited
Johnson & Johnson LLC
Johnson & Johnson Luxembourg Finance
   Company Sarl
Johnson & Johnson Management Limited
Johnson & Johnson Medical (China) Ltd.
Johnson & Johnson Medical
   (Proprietary) Ltd

Johnson & Johnson Medical (Shanghai) Ltd.

Johnson & Johnson Medical (Suzhou) Ltd.

Johnson & Johnson Medical B.V.

Johnson & Johnson Medical Devices & Diagnostics Group - Latin America, L.L.C.

Johnson & Johnson Medical GmbH

Johnson & Johnson Medical Korea Ltd.

Johnson & Johnson Medical Limited

Johnson & Johnson Medical Mexico, S.A. de C.V.

Johnson & Johnson Medical NV

Johnson & Johnson Medical Products GmbH

Johnson & Johnson Medical Pty Ltd

Johnson & Johnson Medical S.A.

Johnson & Johnson Medical S.p.A.

Johnson & Johnson Medical SAS

Johnson & Johnson Medical Saudi Arabia Limited

Johnson & Johnson Medical Servicios Profesionales S. de R.L. de C.V.

Johnson & Johnson Medical Taiwan Ltd.

Johnson & Johnson Medical, S.C.S.

Johnson & Johnson Medikal Sanayi ve Ticaret Limited Sirketi

Johnson & Johnson Middle East FZ-LLC

Johnson & Johnson Morocco Societe Anonyme

Johnson & Johnson Nordic AB

Johnson & Johnson Pacific Pty Limited

Johnson & Johnson Pakistan (Private) Limited

Johnson & Johnson Panama, S.A.

Johnson & Johnson Personal Care (Chile) S.A.

Johnson & Johnson Poland Sp. z o.o.

Johnson & Johnson Private Limited

Johnson & Johnson Pte. Ltd.

Johnson & Johnson Pty. Limited

Johnson & Johnson Research Pty Ltd

Johnson & Johnson Romania S.R.L.

Johnson & Johnson S.E. d.o.o.

Johnson & Johnson S.E., Inc.

Johnson & Johnson Sante Beaute France

Johnson & Johnson SDN. BHD.

Johnson & Johnson Services, Inc.

Johnson & Johnson Servicios Corporativos, S. de R.L. de C.V.

Johnson & Johnson Surgical Vision India Private Limited

Johnson & Johnson Surgical Vision, Inc.

Johnson & Johnson Taiwan Ltd.

Johnson & Johnson UK Treasury Company Limited

Johnson & Johnson Ukraine LLC

Johnson & Johnson Urban Renewal Associates

Johnson & Johnson Vision Care (Shanghai) Ltd.

Johnson & Johnson Vision Care Ireland Unlimited Company

Johnson & Johnson Vision Care, Inc.

Johnson & Johnson, S.A.

Johnson & Johnson, S.A. de C.V.

Johnson & Johnson, s.r.o.

Johnson & Johnson, s.r.o.

Johnson and Johnson (Proprietary) Limited

Johnson and Johnson Sihhi Malzeme Sanayi Ve Ticaret Limited Sirketi

JOM Pharmaceutical Services, Inc.

La Concha Land Investment Corporation

Latam International Investment Company Unlimited Company

Lifescan

McNeil AB

McNeil Consumer Pharmaceuticals Co.

McNeil Denmark ApS

McNeil Healthcare (Ireland) Limited

McNeil Healthcare (UK) Limited

McNeil Healthcare LLC

McNeil Iberica S.L.U.

McNeil LA LLC

McNEIL MMP, LLC

McNeil Nutritionals, LLC

McNeil Panama, LLC

McNeil Products Limited

McNeil Sweden AB

MDS Co. Ltd.

Medical Device Business Services, Inc.

Medical Devices & Diagnostics Global Services, LLC

Medical Devices International LLC
Medical Industrial do Brasil Ltda.
Medos International Sarl
Medos Sarl
MegaDyne Medical Products, Inc.
Menlo Care De Mexico, S.A. de C.V.
Mentor B.V.
Mentor Deutschland GmbH
Mentor Medical Systems B.V.
Mentor Partnership Holding
    Company I, LLC
Mentor Texas GP LLC
Mentor Texas L.P.
Mentor Worldwide LLC
Micrus Endovascular LLC
Middlesex Assurance Company Limited
Momenta Ireland Limited
Momenta Pharmaceuticals, Inc.
NeoStrata Company, Inc.
NeoStrata UG (haftungsbeschränkt)
Netherlands Holding Company
Neuravi Inc.
Neuravi Limited
NeuWave Medical, Inc.
Novira Therapeutics, LLC
NuVera Medical, Inc.
Obtech Medical Mexico, S.A. de C.V.
OBTECH Medical Sarl
OGX Beauty AU Pty Ltd
OGX Beauty Limited
OMJ Holding GmbH
OMJ Ireland Unlimited Company
OMJ Pharmaceuticals, Inc.
Omrix Biopharmaceuticals Ltd.
Omrix Biopharmaceuticals NV
Omrix Biopharmaceuticals, Inc.
Ortho Biologics LLC
Ortho Biotech Holding LLC
Ortho-McNeil Pharmaceutical, LLC
Orthotaxy
Patriot Pharmaceuticals, LLC
Peninsula Pharmaceuticals, LLC
Penta Pty. Limited
Percivia LLC
Perouse Plastie
Pharmadirect Ltd.

Pharmedica Laboratories (Proprietary)
    Limited
PMC Holdings G.K.
Princeton Laboratories, Inc.
Productos de Cuidado Personal y de La
    Salud de Bolivia S.R.L.
Proleader S.A.
PT Integrated Healthcare Indonesia
PT. Johnson & Johnson Indonesia
Pulsar Vascular, Inc.
Regency Urban Renewal Associates
RespiVert Ltd.
RoC International
Rutan Realty LLC
Scios LLC
Sedona Enterprise Co., Ltd.
Sedona Singapore International Pte. Ltd.
Sedona Thai International Co., Ltd.
Serhum S.A. de C.V.
Shanghai Elsker For Mother & Baby
    Co., Ltd
Shanghai Johnson & Johnson Ltd.
Shanghai Johnson & Johnson
Pharmaceuticals Ltd.
Sightbox, LLC
Sodiac ESV
Spectrum Vision Limited Liability Company
Spectrum Vision Limited Liability Company
Spectrum Vision Limited Liability
    Partnership
Spine Solutions GmbH
SterilMed, Inc.
Sterilmed, Inc.
Surgical Process Institute Deutschland
    GmbH
Synthes Costa Rica S.C.R., Limitada
SYNTHES GmbH
Synthes GmbH
Synthes Holding AG
Synthes Holding Limited
SYNTHES Medical Immobilien GmbH
Synthes Medical Surgical Equipment &
    Instruments Trading LLC
Synthes Produktions GmbH
Synthes Proprietary Limited
Synthes S.M.P., S. de R.L. de C.V.

Synthes Tuttlingen GmbH
Synthes USA Products, LLC
Synthes USA, LLC
Synthes, Inc.
TARIS Biomedical LLC
TearScience, Inc.
The Anspach Effort, LLC
The Vision Care Institute, LLC
Tibotec, LLC
Torax Medical, Inc.
TriStrata, Incorporated
UAB "Johnson & Johnson"
Vania Expansion
Verb Surgical Inc.
Vision Care Finance Unlimited Company
Vogue International LLC
Vogue International Trading, Inc.
WH4110 Development Company, L.L.C.
Xian Janssen Pharmaceutical Ltd.
XO1 Limited
Zarbee's, Inc.

**Managers and Officers of the Debtor**

John Kim
Richard Dickinson
Robert Wuesthoff
Russell Deyo

**Major Current Business Affiliations of Debtor's Managers**

American Foundation for Opioid
    Alternatives
Lawyers for Civil Justice
Migration Policy Institute
Miller Center for Community Protection &
    Reliance, Eagleton Institute of Politics,
    Rutgers University
National Center for State Courts
National Council, McLean Hospital
New Jersey Civil Justice Institute
One Mind

**Depository and Disbursement Banks**

Bank of America, N.A.

**Major Sureties**

Chubb
Federal Insurance Company
Liberty Mutual Insurance Company
Travelers Casualty and Surety Company of
    America

**Parties to Material Contracts with the Debtor**

Johnson & Johnson
Johnson & Johnson Consumer Inc.
Johnson & Johnson Services, Inc.
U.S. Bank N.A.

**Significant Co-Defendants in Talc-Related Litigation**

3M Company
A.O. Smith Corporation
Albertsons Companies, Inc.
Avon Products, Inc.
Barretts Minerals, Inc.
BASF Catalysts LLC
Block Drug Company, Inc.
Borg Warner Morse Tec, Inc.
Brenntag North America
Brenntag Specialties, Inc.
Bristol-Myers Squibb Company
Carrier Corporation
Chanel, Inc.
Charles B. Chrystal Co., Inc.
Chattem, Inc.
Colgate-Palmolive Company
Conopco Inc.
Costco Wholesale Corporation
Coty, Inc.
Crane Co.
CVS Health Corporation
CVS Pharmacy, Inc.
Cyprus Amax Minerals Company
Cyprus Mines Corporation
Dana Companies, LLC
DAP Products, Inc.
Dollar General Corporation
Duane Reade Inc.

Eaton Corporation
Eli Lilly and Company
Elizabeth Arden, Inc.
Estee Lauder Inc.
Family Dollar Stores Inc.
Flowserve US, Inc.
FMC Corporation
Food 4 Less of California, Inc.
Ford Motor Company
Foster Wheeler, LLC
Gardner Denver, Inc.
General Electric Company
Genuine Parts Company
Goodyear Tire & Rubber Co.
Goulds Pumps, LLC
Grinnell LLC
Honeywell International, Inc.
Imerys Talc America, Inc.
Imerys USA, Inc.
IMO Industries Inc.
John Crane, Inc.
K&B Louisiana Corporation
Kaiser Gypsum Company, Inc.
Kmart Corporation
Kolmar Laboratories
Longs Drug Stores California
L'Oreal USA, Inc.
Lucky Stores, Inc.
Macy's, Inc.
Mary Kay Inc.
Maybelline LLC
Metropolitan Life Insurance Company
Noxell Corporation
Personal Care Products Council
Pfizer, Inc.
Pharma Tech Industries, Inc.
Pneumo Abex, LLC
PTI Royston, LLC
Publix Super Markets, Inc.
R.T. Vanderbilt Holding Company, Inc.
Ralphs Grocery Company
Revlon Consumer Products Corporation
Revlon, Inc.
Rite Aid Corporation
Safeway, Inc.
Sanofi-Aventis U.S. LLC

Shulton, Inc.
Specialty Minerals Inc.
Target Corporation
The Dow Chemical Company
The Estee Lauder Companies, Inc.
The Kroger Co.
The Procter & Gamble Company
Thrifty Payless, Inc.
Unilever Home & Personal Care USA
Union Carbide Corporation
Vanderbilt Minerals, LLC
ViacomCBS, Inc.
Walgreen Co.
Walmart, Inc.
Warren Pumps, LLC
Whittaker Clark & Daniels, Inc.
Wyeth Holdings LLC
Yves Saint Laurent America, Inc.

**Debtors' Retained Professionals and Claims Agent**

AlixPartners LLP
Bates White LLC
Epiq Corporate Restructuring LLC
Jones Day
King & Spalding LLP
McCarter & English, LLP
Rayburn Cooper & Durham, P.A.
Shook, Hardy & Bacon L.L.P.
Weil Gotshal & Manges LLP

**Debtors' Significant Ordinary Course Professionals, Consultants, and Service Providers**

Adler Pollock & Sheehan PC
Bailey Glasser LLP
Barnes & Thornburg, LLP
Barrasso Usdin Kupperman
    Freeman & Sarver, L.L.C.
Blake, Cassels & Graydon LLP
Blank Rome LLP
Brown Greer PLC
Butler Snow LLP
Carlton Fields, P.A.

Chehardy, Sherman, Williams,
    Recile, & Hayes
Covington & Burling LLP
Damon Key Leong Kupchak Hastert
Davis Hatley Haffeman & Tighe
Dechert LLP
Elliott Law Offices, PA
Faegre Drinker Biddle & Reath LLP
Foliart, Huff, Ottaway & Bottom
Gibson, Dunn & Crutcher LLP
Goldman Ismail Tomaselli Brennan &
    Baum
Hartline Barger
HeplerBroom LLC
Irwin Fritchie Urquhart & Moore LLC
Johnson & Bell Ltd.
Jones, Skelton & Hochuli, P.L.C.
Kaplan, Johnson, Abate & Bird LLP
Kelley Jasons McGowan Spinelli
    Hanna & Reber, LLP
Kirkland & Ellis LLP
Kitch Drutchas Wagner
    Valitutti & Sherbrook
Lewis Brisbois Bisgaard & Smith, LLP
Manion Gaynor & Manning LLP
Miles & Stockbridge
Milligan & Herns
Morgan Lewis
Nelson Mullins Riley & Scarborough, LLP
Nutter McClennen & Fish LLP
Orrick, Herrington, & Sutcliffe, LLP
Patterson Belknap Webb & Tyler LLP
Proskauer Rose LLP
Quattlebaum, Grooms & Tull PLLC
Schnader Harrison Segal & Lewis
Schwabe Williamson & Wyatt
Sidley Austin LLP
Skadden, Arps, Slate, Meager & Flom LLP
Stoel Rives LLP
Sullivan Whitehead & Deluca LLP
Swartz Campbell LLC
The Weinhardt Law Firm
Tucker Ellis LLP
Willcox & Savage, P.C.

**Known Professionals for Certain Non-Debtor Parties in Interest**

Cravath, Swaine & Moore
White & Case LLP

**Material Potentially Indemnified Parties**

Bausch Health Companies Inc.
Cyprus Mines Corporation
Cyprus Talc Corp.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
Luzenac America, Inc.
Pharma Tech Industries, Inc.
PTI Royston, LLC
Rio Tinto America, Inc.
RTZ America, Inc.
Valeant Pharmaceuticals International, Inc.
Windsor Minerals Inc.
Costco Wholesale Corporation
Publix Super Markets, Inc.
Rite Aid Corporation
Safeway Inc.
Walmart Inc.

**Law Firms with Significant Representations of Talc Claimants**

Arnold & Itkin LLP
Ashcraft & Gerel, LLP
Aylstock, Witkin, Kreis & Overholtz, PLLC
Barnes Firm
Beasley Allen Law Firm
Cellino Law LLP
Dalimonte Rueb Stoller, LLP
Dean Omar Branham Shirley, LLP
Driscoll Firm, LLC
Fears Nachawati Law Firm
Ferraro Law Firm
Flint Law Firm LLC
Golomb Spirit Grunfeld, P.C.
Honik LLC
Johnson Law Group
Karst & von Oiste LLP
Kazan, McClain, Satterly
    & Greenwood PLC

Lanier Law Firm
Levy Konigsberg LLP
Maune Raichle Hartley French &
 Mudd, LLC
Miller Firm, LLC
Motley Rice LLC
Napoli Shkolnik PLLC
OnderLaw, LLC
Simmons Hanly Conroy LLC
Simon Greenstone Panatiere
 Bartlett, PC
The Gori Law Firm
Trammell PC
Weitz & Luxenberg, P.C.
Williams Hart Law Firm

**Key Parties in _Imerys Talc America, Inc._
and _Cyprus Mines Corp. Chapter 11 Cases_**

Cyprus Amax Minerals Company
Cyprus Mines Corporation
Cyprus Talc Corporation
Imerys S.A.
Imerys Talc America, Inc.
Imerys Talc Vermont, Inc.
 (fka Windsor Minerals Inc.)
James L. Patton
Luzenac America, Inc.
Official Committee of Tort Claimants
 (_In re Imerys Talc America, Inc._)
Official Committee of Tort Claimants
 (_In re Cyprus Mines Corp._)
Roger Frankel

**Debtor's Insurers**

A.G. Securitas
ACE Property & Casualty Insurance
 Company
Aetna Casualty and Surety Company
Affiliated FM Ins. Company
AIG Europe S.A.
AIG Property and Casualty Company
AIU Ins. Company
Allianz Ins. Company

Allianz Global Risks US Insurance
 Company
Allstate Insurance Company
American Centennial Ins. Company
American Motorists Ins. Company
American Re-Insurance Company
Arrowood Indemnity Company
ASR Schadeverzekering N.V.
Assurances Generales De France
Assurantiekantoor VanWijk & Co.
Atlanta International Insurance Company
Birmingham Fire Ins. Company of
 Pennsylvania
Central National Ins. Company of Omaha
Century Indemnity Company
Champion Dyeing Allocation Year
Chubb
City Ins. Company
Colonia Versicherungs AG, Koln
Continental Insurance Company
Darag Deutsche Versicherungs-Und
 Rückversicherungs-AG
Drake Ins. Company of New York
Employers Ins. Company of Wausau
Employers Ins. of Wausau
Employers Mutual Casualty Company
Eurinco Allgemeine
 Versicherungs AG, Dusseldorf
Everest Reinsurance Company
Fireman's Fund Ins. Company
First State Ins. Company
GAP
Gibraltar Casualty Company
Granite State Ins. Company
Great American
Great Northern Ins. Company
Great Southwest Fire Ins. Company
Groupe Drouot
Harbor Ins. Company
Hartford Accident and Indemnity Company
Home Ins. Company
Ideal Mutual Ins. Company
Industrial Indemnity Company
Ins. Company of North America
Ins. Company of the State of Pennsylvania
Ins. Corporation of Singapore Limited

Integrity Ins. Company
International Ins. Company
International Surplus Lines Ins. Company
Lexington Ins. Company
London Guarantee and Accident
   Company of N.Y.
L'Union Atlantique S.A. d'Assurances
Mead Reinsurance Corporation
Middlesex Assurance Company
Midland Ins. Company
Midstates Reinsurance Corp.
Mission Ins. Company
Mission National Ins. Company
Munich Reinsurance America, Inc.
Mutual Fire, Marine, & Inland Ins.
   Company
N.V. De Ark
N.V. Rotterdamse Assurantiekas
N.V. Schadeverzekeringsmaatschappij
   Maas Lloyd
National Casualty Company
National Union Fire Ins. Company of
   Pittsburgh, PA
Nationwide
New Hampshire Ins. Company
North River Ins. Company
Northbrook Excess and Surplus
   Ins. Company
Northeastern Fire Ins. Company
   of Pennsylvania
Pacific Employers Ins. Company
ProSight
Prudential Reinsurance Company
Puritan Insurance Company
Republic Indemnity Company of America
Republic Ins. Company
Republic Western Ins. Company
Repwest Insurance Company
Resolute Management Inc.
Rheinland Versicherungen
Rheinland Verzekeringen
Riverstone Insurers
Royal Belge I.R., S.A. d'Assurances
Royal Indemnity Company
Royal Ins. Company
Safety Mutual Casualty Corporation

Safety National Casualty Corporation
Seguros La Republica SA
Sentry Insurance A Mutual Company
Southern American Ins. Company
Starr Indemnity & Liability Company
TIG Insurance Company
Transamerica Premier Insurance Company
Transit Casualty Company
Travelers Casualty and Surety Company
UAP
Union Atlantique d'Assurances S.A.
Union Indemnity Ins. Company
   of New York
Westchester Fire Insurance Company
Westport Insurance Corporation
XL Ins. Company

**Employees of the Bankruptcy**
**Administrator's Office for the Western**
**District of North Carolina**

Alexandria Kenny
Anne Whitley
David Shepherd
Katrina Adams
Sarah Scholz
Shelley K. Abel

**Bankruptcy Judges for the Western**
**District of North Carolina**

Judge George Hodges
Judge J. Craig Whitley
Judge Laura T. Beyer

**Bankruptcy Rule 2002 Appearances**[1]

AIG Europe S.A. (as successor in interest to
    Union Atlantique d'Assurances S.A)

AIG Property Casualty Company (f/k/a
    Birmingham Fire Insurance Company of
    Pennsylvania)

AIU Insurance Company

Wanda Allen

Allstate Insurance Company, as successor in
    interest to Northbrook Excess & Surplus
    Insurance Company, formerly
    Northbrook Insurance Company

Atlanta International Insurance Company (as
    successor in interest to Drake Insurance
    Company)

Arnold & Itkin LLP

ASR Schadeverzekering N.V. (as successor
    in interest to Assurantiekoor Van Wijk
    & Co.)

Aylstock, Witkin, Kreis & Overholtz, PLLC

Barnes Law Group

Bausch Health Americas, Inc. f/k/a Valeant
    Pharmaceuticals International

Bausch Health Companies Inc. f/k/a Valeant
    Pharmaceuticals International, Inc.

Bausch Health US, LLC f/k/a Valeant
    Pharmaceuticals North America LLC

Bestwall LLC

Blue Cross Blue Shield Association

Blue Cross Blue Shield of Massachusetts,
    Inc

Edna Brown

Barbara Busch

Beatriz Cabeza

Monica Cambron

Tarshwa Carter

Bridget Coates

Cohen, Placitella & Roth P.C.

Lillian Cohn-Sharon

The Continental Insurance Company

Elaine Cook

Cyprus Amax Minerals Company

Cyprus Mines Corporation

Gloria Davis

Dawn Dispensa

Patricia Dunbar

Fears Nachawati PLLC

Ann Frye-Moragne

Debra Fugiel

Victoria Gomes

Granite State Insurance Company

Andrea Harris

Charlette Hein

Tabitha Henry

Christine Hodge

Darlene Holland

Imerys Talc America, Inc.

Imerys Talc Canada Inc.

Imerys Talc Vermont, Inc.

The Insurance Company of the State of
    Pennsylvania

Johnson & Johnson

Johnson & Johnson Consumer Inc.

Voncile Jones

Amanda Joyce

Kazan, McClain, Satterley &
    Greenwood, PLLC

Shelly King

Mildred Kirk-Brown

Julie Lamore

Susan Leach

Mary Leinen

Levy Konigsberg LLP

Lexington Insurance Company

Jo Ellen Luster

Nancy Lyman

Massey & Gail LLP

Bernadette McGinnis

Pamela Morrill

National Union Fire Insurance Company of
    Pittsburgh, Pa.

New Hampshire Insurance Company

The North River Insurance Company

N.V. Schadeverzekeringsmaatschappij Maas
    Lloyd (individually and as successor in

---

[1]    Where a Bankruptcy Rule 2002 appearance was filed by counsel on behalf of clients, the clients have been
listed herein to the extent identified and where certain clients have not been identified, the filing counsel is
listed, to the extent not otherwise listed herein.

interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark)

Kathleen O'Halloran

Lisa O'Neal

OnderLaw, LLC

The Plaintiffs Steering Committee in the In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Precuts Liability Multi-District Litigation

RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)

Rio Tinto America Inc.

Cora Robinson

Robinson Calcagnie, Inc.

Lisa Sabatine

Maraldine Schmidt

Valerie Schultz

Isabel Spano

Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company)

State of Texas, Attorney General of Texas

Three Crowns Insurance Company

Christine Torres

Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)

May Virata

Waldrep Wall Babcock & Bailey PLLC

Westchester Fire Insurance Company

Sharon Wildman

Oshunna Williams

## **Schedule 2**

Disclosure Schedule

| **Direct Equity Owner of Debtor** | |
| **Other Non-Debtor Affiliates** | |
|---|---|
| Acclarent, Inc. | Shook represents this entity in unrelated matters. |
| DePuy International Limited | Shook represents this entity in unrelated matters. |
| DePuy Mitek, LLC | Shook represents this entity in unrelated matters. |
| DePuy Orthopaedics, Inc. | Shook represents this entity in unrelated matters. |
| DePuy Products, Inc. | Shook represents this entity in unrelated matters. |
| DePuy Synthes Products, Inc. | Shook represents this entity in unrelated matters. |
| DePuy Synthes Sales, Inc. | Shook represents this entity in unrelated matters. |
| DePuy Synthes, Inc. | Shook represents this entity in unrelated matters. |
| Ethicon Endo-Surgery, Inc. | Shook represents this entity in unrelated matters. |
| Ethicon LLC | Shook represents this entity in unrelated matters. |
| Ethicon Women's Health & Urology Sarl | Shook represents this entity in unrelated matters. |
| Janssen Biotech, Inc. | Shook represents this entity in unrelated matters. |
| Janssen Ortho LLC | Shook represents this entity in unrelated matters. |
| Janssen Pharmaceuticals, Inc. | Shook represents this entity in unrelated matters. |
| Janssen Products, LP | Shook represents this entity in unrelated matters. |
| Janssen Research & Development, LLC | Shook represents this entity in unrelated matters. |
| Johnson & Johnson Consumer Inc. | Shook represents this entity in unrelated matters. |
| Johnson & Johnson International | Shook represents this entity in unrelated matters. |
| Johnson & Johnson S.E., Inc. | Shook represents this entity in unrelated matters. |
| Johnson & Johnson Services, Inc. | Shook represents this entity in unrelated matters. |
| Medical Device Business Services, Inc. | Shook represents this entity in unrelated matters. |
| OMJ Pharmaceuticals, Inc. | Shook represents this entity in unrelated matters. |
| Ortho-McNeil Pharmaceutical, LLC | Shook represents this entity in unrelated matters. |
| Synthes USA Products, LLC | Shook represents this entity in unrelated matters. |
| Synthes USA, LLC | Shook represents this entity in unrelated matters. |
| Synthes, Inc. | Shook represents this entity in unrelated matters. |
| **Depository and Disbursement Banks** | |
| Bank of America, N.A. | Shook represents this entity in unrelated matters. |

| **Major Sureties** | |
|---|---|
| Chubb | Shook represents this entity in unrelated matters. |
| Federal Insurance Company | Shook represents this entity in unrelated matters. |
| Liberty Mutual Insurance Company | Shook represents this entity in unrelated matters. |
| **Parties to Material Contracts with the Debtor** | |
| Johnson & Johnson Services, Inc. | Shook represents this entity in unrelated matters. |
| U.S. Bank N.A. | Shook represents this entity in unrelated matters. |
| **Significant Co-Defendants in Talc-Related Litigation** | |
| 3M Company | Shook represents this entity in unrelated matters. |
| Avon Products, Inc. | Shook represents this entity in unrelated matters. |
| BASF Catalysts LLC | Shook represents this entity in unrelated matters. |
| Bristol-Myers Squibb Company | Shook represents this entity in unrelated matters. |
| Colgate-Palmolive Company | Shook represents this entity in unrelated matters. |
| Conopco Inc. | Shook represents this entity in unrelated matters. |
| Costco Wholesale Corporation | Shook represents this entity in unrelated matters. |
| Crane Co. | Shook represents this entity in unrelated matters. |
| CVS Pharmacy, Inc. | Shook represents this entity in unrelated matters. |
| Eli Lilly and Company | Shook represents this entity in unrelated matters. |
| Family Dollar Stores Inc. | Shook represents this entity in unrelated matters. |
| Ford Motor Company | Shook represents this entity in unrelated matters. |
| Grinnell LLC | Shook represents this entity in unrelated matters. |
| Honeywell International, Inc. | Shook represents this entity in unrelated matters. |
| John Crane, Inc. | Shook represents this entity in unrelated matters. |
| Macy's, Inc. | Shook represents this entity in unrelated matters. |
| Pfizer, Inc. | Shook represents this entity in unrelated matters. |
| Revlon, Inc. | Shook represents this entity in unrelated matters. |
| Rite Aid Corporation | Shook represents this entity in unrelated matters. |
| Sanofi-Aventis U.S. LLC | Shook represents this entity in unrelated matters. |
| Shulton, Inc. | Shook represents this entity in unrelated matters. |
| The Procter & Gamble Company | Shook represents this entity in unrelated matters. |
| Union Carbide Corporation | Shook represents this entity in unrelated matters. |
| ViacomCBS, Inc. | Shook represents this entity in unrelated matters. |

| | |
|---|---|
| Walgreen Co. | Shook represents this entity in unrelated matters. |
| Walmart, Inc. | Shook represents this entity in unrelated matters. |
| **Material Potentially Indemnified Parties** | |
| Costco Wholesale Corporation | Shook represents this entity in unrelated matters. |
| Rite Aid Corporation | Shook represents this entity in unrelated matters. |
| Walmart Inc. | Shook represents this entity in unrelated matters. |
| **Debtor's Insurers** | |
| AIG Property and Casualty Company | Shook represents this entity in unrelated matters. |
| Century Indemnity Company | Shook represents this entity in unrelated matters. |
| Chubb | Shook represents this entity in unrelated matters. |
| Continental Insurance Company | Shook represents this entity in unrelated matters. |
| Employers Ins. Company of Wausau | Shook represents this entity in unrelated matters. |
| Fireman's Fund Ins. Company | Shook represents this entity in unrelated matters. |
| Granite State Ins. Company | Shook represents this entity in unrelated matters. |
| Great American | Shook represents this entity in unrelated matters. |
| Ins. Company of North America | Shook represents this entity in unrelated matters. |
| Ins. Company of the State of Pennsylvania | Shook represents this entity in unrelated matters. |
| International Surplus Lines Ins. Company | Shook represents this entity in unrelated matters. |
| Lexington Ins. Company | Shook represents this entity in unrelated matters. |
| National Casualty Company | Shook represents this entity in unrelated matters. |
| National Union Fire Ins. Company of Pittsburgh, PA | Shook represents this entity in unrelated matters. |
| Nationwide | Shook represents this entity in unrelated matters. |
| New Hampshire Ins. Company | Shook represents this entity in unrelated matters. |
| ProSight | Shook represents this entity in unrelated matters. |
| Resolute Management Inc. | Shook represents this entity in unrelated matters. |
| Sentry Insurance A Mutual Company | Shook represents this entity in unrelated matters. |
| TIG Insurance Company | Shook represents this entity in unrelated matters. |
| Westport Insurance Corporation | Shook represents this entity in unrelated matters. |
| **Bankruptcy Rule 2002 Appearances** | |
| The Continental Insurance Company | Shook represents this entity in unrelated matters. |

| | |
|---|---|
| Granite State Insurance Company | Shook represents this entity in unrelated matters. |
| The Insurance Company of the State of Pennsylvania | Shook represents this entity in unrelated matters. |
| Johnson & Johnson | Shook represents this entity in unrelated matters. |
| Johnson & Johnson Consumer Inc. | Shook represents this entity in unrelated matters. |
| Lexington Insurance Company | Shook represents this entity in unrelated matters. |
| National Union Fire Insurance Company of Pittsburgh, Pa. | Shook represents this entity in unrelated matters. |
| New Hampshire Insurance Company | Shook represents this entity in unrelated matters. |

## Schedule 3

Nonexclusive List of Certain Shook, Hardy & Bacon L.L.P.
Professionals and Their Previously Negotiated Discounted Hourly Rates as of October 2021

| NAME | LOCATION | POSITION | BILLING RATE IN EFFECT AS OF THE PETITION DATE |
|---|---|---|---|
| Kathleen A. Frazier | Houston | Partner | $487.90 |
| Scott A. James | Houston | Partner | $475.60 |
| Ashleigh Nwanguma | Houston | Associate | $319.00 |
| Stephanie Lingor | Houston | Paralegal | $188.00 |
| Kerry Stufflebean | Kansas City | Paralegal | $164.00 |

## **EXHIBIT D**

Disclosure of Compensation

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (JCW) |
| Debtor. | |

## DISCLOSURE OF COMPENSATION OF SHOOK, HARDY & BACON L.L.P.

Pursuant to section 329(a) of the Bankruptcy Code, Bankruptcy Rule 2016(b) and Local Bankruptcy Rule 2016-1, Kathleen A. Frazier hereby certifies as follows:

1.     I am a partner with the law firm of Shook, Hardy & Bacon L.L.P. ("Shook") and am duly authorized to make this Disclosure of Compensation on behalf of Shook in connection with the *Debtor's Ex Parte Application for an Order Authorizing It to Retain and Employ Shook, Hardy & Bacon L.L.P. as Special Counsel as of the Petition Date* (the "Application").[2]  The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

2.     Prior to the Petition Date, no retainers were paid to Shook by the Debtor for professional services and expenses to be incurred.

3.     In the one-year period preceding the Petition Date, Shook received payments from J&J totaling approximately $16,862,313.00 (collectively, the "Prepetition Payments").  The Prepetition Payments reflect certain actual fees and expenses incurred primarily in connection with litigation-related work performed in the defense of talc claims on

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

behalf of J&J and Old JJCI.  Approximately $3,000.00 of the Prepetition Payments relates to work in connection with preparations for the 2021 Corporate Restructuring and the Chapter 11 Case.

4.      To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Shook, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Chapter 11 Case, other than as permitted by the Bankruptcy Code.  Shook has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Shook's partners.

Dated: November 15, 2021
      Houston, Texas

*/s/ Kathleen A. Frazier*
Kathleen A. Frazier
Shook, Hardy & Bacon L.L.P.