| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admissions *pro hac vice* pending)<br><br>PROPOSED ATTORNEYS FOR DEBTOR | **McCARTER & ENGLISH LLP**<br>Thomas W. Ladd, Esq. (Bar No. 022631986)<br>Brett Kahn, Esq. (Bar No. 012872008)<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br>tladd@mccarter.com<br>bkahn@mccarter.com<br>(Admissions *pro hac vice* pending)<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>     Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge:  Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>December 15, 2021, at 10:00 am |

## APPLICATION FOR RETENTION OF
## McCARTER & ENGLISH LLP, EFFECTIVE AS OF OCTOBER 14, 2021

1. The applicant, LTL Management, LLC (the "Debtor"), is the:

    ☐ Trustee:    ☐ Chap. 7    ☐ Chap. 11    ☐ Chap. 13.

    ☒ Debtor:     ☒ Chap. 11                 ☐ Chap. 13

---

[1]  The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

ME1 38305371v.1
NAI-1523783004

☐ Official Committee of _____

2. The applicant seeks to retain the following professional, McCarter & English LLP, to serve as (check all that apply):

☐ Attorney for:    ☐ Trustee    ☐ Debtor-in-Possession

☐ Official Committee of _____

☐ Accountant for:    ☐ Trustee    ☐ Debtor-in-possession

☐ Official Committee of _____

☒ Other Professional:

☐ Realtor    ☐ Appraiser    ☒ Special Counsel

☐ Auctioneer    ☐ Other (specify):

3. The employment of the professional is necessary because:

The Debtor requires the services of attorneys who are knowledgeable in the complex area of insurance law and who will be able to render expert legal advice and counsel to assist the Debtor in its goal to reorganize under chapter 11 of the Bankruptcy Code. As discussed below, McCarter & English represented Johnson & Johnson and Johnson & Johnson Consumer Inc. ("Old JJCI") for nearly five years in insurance coverage matters relating to talc liabilities. McCarter & English has similarly represented Johnson & Johnson and Old JJCI in insurance related matters for over twenty years. As such, McCarter & English's retention as special insurance counsel is necessary to assist with the Debtor's chapter 11 case (the "Chapter 11 Case").[2]

4. The professional has been selected because:

McCarter & English, a national law firm with more than 350 attorneys and 10 offices nationwide, served as insurance coverage counsel for Johnson & Johnson and Old JJCI, providing insurance coverage advice, counseling and representation with respect to the talc litigation for nearly five years. In particular, in connection with this representation, McCarter & English, among other things, assisted with: (a) the assembly and review of

---

[2] In addition to its proposed role as special insurance counsel, McCarter & English also serves as counsel to the Debtor in the defense of certain talc-related litigation, which services are ordinary course in nature and which will be compensated pursuant to the procedures outlined in the *Debtor's Motion for an Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business* [Dkt. 12] or such other procedures as approved by the Court (the "OCP Procedures").

ME1 38305371v.1
NAI-1523783004

the company's insurance policies and related documents for the relevant time periods at issue in the talc-related litigation; (b) advice on overall strategic issues with respect to insurance coverage for Old JJCI in the talc-related litigation; (c) representation of Old JJCI in the declaratory judgment action regarding insurance coverage for the talc-related claims and currently docketed in the Superior Court of New Jersey captioned *Atlanta International Insurance Company, et al. v. Johnson & Johnson, et al.*, Docket No: MID-L-3563-19, Law Division, Middlesex County (the "Talc Declaratory Judgment Action");[3] (d) various discovery issues that arose with respect to the talc-related litigation; and (e) other insurance issues not stated above relating to the talc-related claims.

McCarter & English similarly represented the Debtor's non-debtor affiliate, Johnson & Johnson, in other insurance-related matters for over twenty years and provided products liability counseling and representation to Johnson & Johnson and Old JJCI relating to talc liabilities for several years prior to October 14, 2021 (the "Petition Date"). As a result, McCarter & English possesses extensive knowledge concerning Old JJCI's insurance policies and coverage, historical records, company witnesses, the related talc litigation against Old JJCI, and the management, defense and settlement of talc-related claims.[4]

5. The professional services to be rendered are as follows:

The Debtor does not propose to employ McCarter & English as general bankruptcy counsel pursuant to 11 U.S.C. § 327(a), but instead as special insurance counsel pursuant to 11 U.S.C. § 327(e). This proposed retention draws on the work McCarter & English performed in the past for Johnson & Johnson and Old JJCI as insurance coverage counsel and the expertise it has developed from this work. The Debtor anticipates that McCarter & English's services in this Chapter 11 Case subject to this Application will include:

(a) counseling and representing the Debtor in connection with matters arising from or relating to the Debtor's insurance coverage, particularly with respect to talc liabilities;

(b) counseling and representing the Debtor and assisting general bankruptcy counsel in connection with issues related to insurance coverage for talc liabilities;

(c) assisting the Debtor with discovery related issues to the extent they bear upon insurance coverage for talc liabilities;

---

[3] McCarter & English represented Old JJCI before the formation of the Debtor and represents non-debtor affiliates Johnson & Johnson and Middlesex Assurance Company in the Talc Declaratory Judgment Action. As a result of the corporate restructuring that lead to the formation of the Debtor, the Debtor was assigned McCarter & English's engagements with Old JJCI and became responsible for any liabilities thereunder.

[4] Following the Petition Date, McCarter & English will continue this representation as to Johnson & Johnson, and to the extent necessary, the Debtor, and in particular, with respect to certain appeals related to talc liabilities. As set forth above, to the extent any such services are provided to the Debtor, the Debtor believes those services would be in the ordinary course and subject to the OCP Procedures.

    (d)    assisting the Debtor in negotiations relating to the resolution of talc claims in the Chapter 11 Case to the extent such negotiations bear upon insurance coverage for talc liabilities; and

    (e)    performing such other services as may be requested by the Debtor from time to time relating to insurance coverage for talc liabilities.

6. The proposed arrangement for compensation is as follows:

Pursuant to the terms of the engagement letter between the Debtor and McCarter & English (the "Engagement Letter") and subject to the Court's approval of this Application, McCarter & English intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

In addition, and including with respect to services subject to the OCP Procedures, to the extent that McCarter & English represents both the Debtor and Johnson & Johnson in a matter, McCarter & English will allocate 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to Johnson & Johnson. However, with respect to the Talc Declaratory Judgment Action, McCarter & English will allocate one-third of its fees and expenses incurred in such action to the Debtor and the other two-thirds to the other two defendants that McCarter & English represents in that action. In matters in which McCarter & English represents solely the Debtor or Johnson & Johnson, McCarter & English will allocate 100% of the fees and expenses to the entity represented.

McCarter & English will be compensated at its hourly rates, which are based on the professionals' level of experience. At present, the hourly rates charged by McCarter & English fall within the following ranges:

| *Billing Category* | *Range* |
|---|---|
| Partners | $500-$1,100 |
| Counsel/Of Counsel | $520-$950 |
| Associates | $340-$550 |
| Paralegals | $150-$360 |

McCarter & English's hourly rates may change from time to time in accordance with the terms of the Engagement Letter and McCarter & English's billing practices and procedures.

Notwithstanding anything to the contrary in the Engagement Letter, McCarter & English has agreed that the bankruptcy court will hear and adjudicate any dispute arising between

McCarter & English and the Debtor regarding fees and expenses during the pendency of the Chapter 11 Case.

With respect to the services performed pursuant to this Application, McCarter & English will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court District of New Jersey, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, and any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals (any such order, the "Interim Compensation Order") and any additional procedures that may be established by the Court in the Chapter 11 Case.  See also Exhibit A for additional information relating to the billing and expense categories to be utilized in the Chapter 11 Case.

7. To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    ☐ None

    ☒ Describe connection: See Cert. of Thomas W. Ladd, attached hereto as Exhibit B.

8. To the best of the applicant's knowledge, the professional (check all that apply):

    ☐ does not hold an adverse interest to the estate.

    ☐ does not represent an adverse interest to the estate.

    ☐ is a disinterested person under 11 U.S.C. § 101(14).

    ☒ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

    ☒ Other; explain:

    See also Cert. of Thomas W. Ladd, attached hereto as Exhibit B.

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A.

ME1 38305371v.1
NAI-1523783004

WHEREFORE, LTL Management respectfully requests authorization to employ McCarter & English, effective as of October 14, 2021, to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

Date: 11/24/2021

/s/ John K. Kim
John K. Kim
Chief Legal Officer

NAI-1523783004