**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
PROPOSED ATTORNEYS FOR DEBTOR

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER APPOINTING JOSEPH W. GRIER, III**
**AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**

The relief set forth on the following pages, numbered two (2) through six (6), are

hereby **ORDERED**.

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Appointing Joseph W. Grier, III As Legal Representative For Future Talc
Claimants

Upon the motion (the "Motion"),[1] of LTL Management LLC (the "Debtor"), the

debtor in the above-captioned case, for entry of an order (this "Order") appointing Joseph W.

Grier, III as legal representative for future talc claimants, and this Court having jurisdiction over

the matter pursuant to 28 U.S.C. §§ 157(b) and 1334; and venue being proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being good and sufficient

notice thereof; and upon consideration of the Motion and any response filed thereto; and this

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtor's estate, its creditors and other parties in interest and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and any objections to the

requested relief having been withdrawn or overruled on the merits; and sufficient cause

appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth in this Order.

2.      Pursuant to sections 105(a) and 524(g)(4)(B)(i) of the Bankruptcy Code,

Joseph W. Grier, III is hereby appointed as the Future Claimants' Representative to represent and

protect the rights of persons who may, subsequent to confirmation of a plan of reorganization for

the Debtor, hold claims against the Debtor in any way related to talc or talc-containing materials

that are based on, arising out of, or related to injury, disease, or death that has not manifested,

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1523893394

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Appointing Joseph W. Grier, III As Legal Representative For Future Talc
Claimants

become evident, or been diagnosed as of the effective date of a plan (collectively, the "Future

Claimants").  The Future Claimants' Representative shall represent the interests of, appear and

act on behalf of, and be a fiduciary to Future Claimants to protect the rights and interests of such

Future Claimants and shall be entitled to compensation in connection therewith from the date of

the filing of this Motion.  However, Mr. Grier shall not have been obligated to perform the duties

of Future Claimants' Representative until the entry of this Order, nor shall Mr. Grier be liable to

any party on account of services performed prior to entry of this Order.  Mr. Grier will have no

other obligations except those that may be prescribed by orders of the Court and accepted by Mr.

Grier.

   3. The Future Claimants' Representative shall be a party in interest in this

chapter 11 case and shall have standing under section 1109(b) of the Bankruptcy Code to be

heard on any issue in this case in the Bankruptcy Court, the District Court, or any other court

affecting the rights of Future Claimants.  The Future Claimants' Representative shall have the

powers and duties of a committee set forth in section 1103 of the Bankruptcy Code as are

appropriate for a Future Claimants' Representative.

   4. In his role as the Future Claimants' Representative, Mr. Grier may employ

attorneys and other professionals consistent with sections 105, 327, and 1103 of the Bankruptcy

Code, subject to prior approval of this Court, and such attorneys and other professionals shall be

subject to the terms of any Interim Compensation Order.  In addition, without prejudice to the

right of Mr. Grier separately to seek employment of his firm in this Chapter 11 Case on a more

(Page 4)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Appointing Joseph W. Grier, III As Legal Representative For Future Talc
Claimants

broad basis, absent such retention, solely for administrative purposes, Mr. Grier may utilize the

services of his firm, Grier Wright Martinez, P.A. ("Grier Wright Martinez"), without further

Court approval but subject to the terms of any Interim Compensation Order with respect to the

payment of any of Grier Wright Martinez's fees or the reimbursement of any of Grier Wright

Martinez's expenses.  Mr. Grier shall include the services provided by Grier Wright Martinez in

his applications for payment, pursuant and subject to the orders and procedures of this Court.

     5.     Compensation, including professional fees and reimbursement of actual

and necessary expenses, shall be payable to Mr. Grier and his professionals from the Debtor's

estate, as appropriate, subject to approval of this Court, and in accordance with the terms,

conditions, and procedures set forth in the Interim Compensation Order.  In his role as the Future

Claimants' Representative, Mr. Grier shall be compensated at the rate of $600 per hour, subject

to periodic adjustment (usually on January 1 of each year) in the ordinary course of his business,

plus reimbursement of actual, reasonable, and documented out-of-pocket expenses.

     6.     The Future Claimants' Representative shall not be liable for any damages,

or have any obligation other than as prescribed by order of the Court; provided, however, that the

Future Claimants' Representative may be liable for damages caused by willful misconduct or

gross negligence.  The Future Claimants' Representative shall not be liable to any person as a

result of any action or omission taken or made in good faith.  The Debtor jointly and severally

shall indemnify, defend, and hold harmless Mr. Grier, his partners, associates, principals,

employees, and professionals (individually an "Indemnified Party") from all claims against any

NAI-1523893394

(Page 5)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Appointing Joseph W. Grier, III As Legal Representative For Future Talc
Claimants

of them, and all losses, claims, damages, or liabilities (or actions in respect thereof) to which any

of them may become subject, as a result of or in connection with such party rendering services

pursuant to this Order or to the Future Claimants' Representative, unless and until it is finally

judicially determined that such losses, claims, damages, or liabilities were caused by willful

misconduct or gross negligence on the part of such Indemnified Party.  If before the earlier of

(i) the entry of an order confirming a plan of reorganization in this case, and such order having

become final and no longer subject to appeal, and (ii) the entry of an order closing this Chapter

11 Case, an Indemnified Party believes that he, she, or it is entitled to payment of any amount by

the Debtor on account of the Debtor's obligations to indemnify, defend, and hold harmless as set

forth herein, including, without limitation, the advancement of defense costs, the Indemnified

Party must file an application for such amounts with the Court, and the Debtor may not pay any

such amounts to the Indemnified Party before the entry of an order by the Court authorizing such

payments.  The preceding sentence is intended to specify the period of time during which the

Court has jurisdiction over the Debtor's obligations to indemnify, defend, and hold harmless as

set forth herein, and is not a limitation on the duration of the Debtor's obligation to indemnify

any Indemnified Party.  In the event that a cause of action is asserted against any Indemnified

Party arising out of or relating to the performance of his, her, or its duties pursuant to this Order

or to the Future Claimants' Representative, the Indemnified Party shall have the right to choose

his, her, or its own counsel.

NAI-1523893394

(Page 6)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Appointing Joseph W. Grier, III As Legal Representative For Future Talc
Claimants

7.      Mr. Grier and any Court-approved counsel retained by Mr. Grier in his role as Future Claimants' Representative shall be deemed members of the "Master Service List" (or equivalent thereof) for purposes of any Case Management Order.

8.      Unless otherwise ordered by this Court or as provided for in any confirmed plan of reorganization, Mr. Grier's appointment as Future Claimants' Representative shall terminate upon the effective date of a plan of reorganization in this Chapter 11 Case or otherwise by written resignation or incapacity to serve.

9.      The Debtor is hereby authorized to take all actions it deems necessary to effectuate the relief granted in this Order.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

NAI-1523893394