# BAILEY GLASSER LLP

1055 Thomas Jefferson
St. NW
Suite 540
Washington, DC 20007
Tel: 202.463.2101
Fax: 202.463.2103

**Brian A. Glasser**
bglasser@baileyglasser.com

December 7, 2021

*Via Email and First Class Mail*
The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

Re:   LTL Management LLC, Case No.: 21-30589(MBK)

Dear Judge Kaplan,

Debtor's letter of this morning is overblown.

The motion to dismiss hearing will be a watershed moment in this bankruptcy for our constituency and the TCC ought to have a full and fair opportunity to conduct as much discovery as is possible to accomplish in the tight time frame available. To that end, the Debtor, which has access to literally thousands of lawyers and the resources of a company with a better credit rating than the United States of America, ought to be cooperating, not impeding the process. In fact, the Debtor had to know this discovery was coming and ought to be producing documents, already, on a rolling basis.

We have been negotiating the scope of discovery and have not reached impasse on any issue except for the deposition of Michelle Goodridge.

In respect of the number of custodians, the TCC asked Jones Day to run a sample using our proposed search terms on four of the five custodians they are willing to offer, so that both sides will have actual data on the efficacy of the proposed search terms, when we return to the bargaining table on the identity and number of the required custodians. Jones Day has informed us that we will have the results of that search this week. We have also asked Debtor to produce to us the non-disclosure agreements and consulting agreements they, or their affiliates, had signed by participants in this reorganization, so we can know the identity and role of the participants in the process. Debtor has not given us a final answer on that request. So, Debtor's desire to have a ruling about the number or identity of the final group of agreed custodians today is premature and designed to have us stake a position with no information and not a single deposition of a person with knowledge.

Similarly, we have asked to take the deposition of Michelle Goodridge, and two others, in December. We have said that we would then be in a position to understand the total number of

December 7, 2021
Page 2

depositions we might need. If the deponents are knowledgeable and answer questions openly, it would obviously eliminate the need for some additional depositions. If the answer to every question is "I do not know and you need to talk to X, Y and Z," more depositions will be needed. We think asking the TCC to commit to a total number of depositions, today, is also premature and designed to have us stake a position with excruciatingly limited information.

    We look forward to addressing these issues at 4 pm with the Court.

Sincerely,

*Brian Glasser*

Brian A. Glasser