# **<u>EXHIBIT B</u>**

```
 1                   UNITED STATES BANKRUPTCY COURT
                   WESTERN DISTRICT OF NORTH CAROLINA
 2                         CHARLOTTE DIVISION

 3   IN RE:                          :    Case No. 21-30589-JCW

 4   LTL MANAGEMENT LLC,             :    Chapter 11

 5       Debtor,                     :    Charlotte, North Carolina
                                          Wednesday, November 10, 2021
 6                                   :    9:30 a.m.

 7   : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

 8   LTL MANAGEMENT LLC,             :    AP 21-03032-JCW

 9       Plaintiff,                  :

10           v.                      :

11   THOSE PARTIES LISTED ON         :
     APPENDIX A TO COMPLAINT and
12   JOHN AND JANE DOES 1-1000,      :

13       Defendants.                 :

14   : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

15

16                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE J. CRAIG WHITLEY,
17                UNITED STATES BANKRUPTCY JUDGE

18

19   Audio Operator:              COURT PERSONNEL

20
     Transcript prepared by:      JANICE RUSSELL TRANSCRIPTS
21                                1418 Red Fox Circle
                                  Severance, CO  80550
22                                (757) 422-9089
                                  trussell31@tdsmail.com
23
     Proceedings recorded by electronic sound recording; transcript
24   produced by transcription service.

25
```

1   basis that the divisional merger was prejudicial to claimants,

2   a lot depended on how the debtor treated it once they got into

3   chapter 11.  If the debtor is true to its word, if J&J is true

4   to its word and they are interested in a full and fair and

5   final treatment of these talc claims liabilities, then there

6   may be no reason to, to attack the corporate restructuring at

7   all.  On the other hand, if this is a craven effort to,

8   effectively, maroon your, your creditors in a bankruptcy case

9   and effectively try to delay them until they knuckle under,

10  then it's probably not a fair exercise and it is a fraudulent

11  conveyance.  But, you know, we'll see.

12          But the point is that I think that, particularly given

13  that I am moving the case, the last thing I want to do is send

14  it with it on fire to the, to the recipient court.  And so we

15  need to, to slow down just for a little bit here and let a new

16  judge take a look at this situation, read what we've written

17  before, and then get the other constituencies onboard before we

18  go any further with that.

19          Everybody understand?

20     (No response)

21          THE COURT:  Okay.  I am, with the slight modification,

22  asking the debtor to take the, the order that they proposed

23  earlier.  I would suggest that you change the wording in it

24  that the debtor is not -- it states the debtor is acting in

25  good faith.  I'd rather you say the debtor maintains they're