**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on December 17, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan |

### AMENDED ORDER AUTHORIZING INTERIM RETENTION OF
### WEIL, GOTSHAL & MANGES LLP AS THE DEBTOR'S SPECIAL COUNSEL

The relief set forth on the following pages, numbered two (2) through four (4), are hereby **ORDERED**.

**DATED: December 17, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Weil

Upon the applicant's, LTL Management LLC (the "Debtor" or "LTL Management"),[2] request for authorization to retain Weil, Gotshal & Manges LLP ("Weil") as special counsel to the Debtor, *nunc pro tunc* to October 14, 2021 (the "Application"), and the supplemental certification (the "Supplemental Certification") in support of the Application, filed on December 10, 2021, and the U.S. Trustee having objected to the approval of this Interim Order, and the Court having overruled the objection, it is hereby **ORDERED**:

1. The Debtor is authorized, on an interim basis, to retain Weil in the professional capacity noted in the Application. Such interim retention shall be effective as of October 14, 2021.

   The professional's address is:   Weil, Gotshal & Manges LLP
   767 Fifth Avenue
   New York, New York 10153

2. The Court does not make any findings of fact and, except as set forth in Paragraph 1 above, does not reach any conclusions of law respecting the Application. For the avoidance of doubt, the Court does not make any findings or reach any conclusion as to whether Weil "does not represent or hold any interest adverse to the [D]ebtor or to the [Debtor's] estate with respect to the matter on which [Weil] is to be employed," as such phrase is used in Section 327(e) of the Bankruptcy Code. The rights of any party in interest to raise any issue of fact or law pertaining to Weil and the Application are fully preserved, including, without limitation, that (i) Weil is not eligible for retention under section 327(e) of the Bankruptcy Code; and (ii) that Weil is not "disinterested" or does not "hold or represent an interest adverse to the estate" (as such terms are used in section 327(a) of the Bankruptcy Code).

3. The Court shall hold a final hearing on the Application and the objection to the Application filed by the Talc Committee, (the "Objector") on January 11, 2022 at 10:00 a.m. prevailing Eastern time, or such other date and time as the Debtor and the Objector may agree or is acceptable to the Court (the "Final Hearing"). Weil may file any reply and supplemental declaration in support of the Application by no later than 5:00 p.m.

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Weil

    Eastern on January 4, 2022.  The Objector may file a surreply by no later than 5:00 p.m. Eastern on January 7, 2022.

4. No party shall use this Interim Order to assert res judicata, collateral estoppel, waiver, acquiescence, "law of the case," or any other similar doctrines.  For the avoidance of doubt, this Interim Order shall not preclude any party from requesting or receiving authority from the Court to prosecute estate claims against Weil, or any party from opposing any such request, and Weil may not rely on this Interim Order to preclude any such motion or ruling.

5. Weil shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of any party in interest to object to any such fee request, and the right of Weil to respond to any such objection, are fully preserved. For any period prior to the Final Hearing, no party shall object to Weil's monthly or interim fee applications based on the interim nature of this Order or the absence of findings herein, but may object on any other ground.

6. All fees and expenses paid to Weil prior to the Final Hearing are subject to disgorgement in the event the retention of Weil is denied.  To the extent Weil's retention is approved, the Interim Compensation order shall apply to any and all fees and expenses paid to Weil.

7. Notwithstanding anything to the contrary in the Application and the Supplemental Certification, all parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

8. Weil shall bill only 50% for its services for non-working travel.

9. Weil shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Weil's fee applications in this case.

(Page 4)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Weil

10. Weil will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").  The rights of any party in interest to seek information from Weil, including with respect to the Application, fee requests or any other matter or adversary proceeding arising in the case, are fully preserved.

11. Weil shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

12. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.