**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Proposed Local Counsel to the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>105 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Proposed Co-Counsel for the Official*<br>*Committee of Talc Claimants* |

| | |
|---|---|
| **PARKINS LEE & RUBIO LLP**<br>Leonard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX  77002<br>Tel: (713) 715-1666<br>*Proposed Special Counsel to the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Proposed Special Counsel for the Official*<br>*Committee of Talc Claimants* |

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>                              Debtor. | Chapter 11<br><br>Case No.:  21-30589(MBK)<br><br>Honorable Michael B. Kaplan |
| **LTL MANAGEMENT, LLC,**<br>Plaintiff,<br>vs.<br>**THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,**<br>Defendants. | Adv. No.:  21-03032(MBK) |

## CERTIFICATION OF SERVICE

1.  I, Lorrie L. Denson:

     ☐  represent _____ in this matter.

     ✗  am the secretary/paralegal for Daniel M. Stolz, who represents

     The Official Committee of Talc Claimants_____ in this matter.

     ☐  am the _____ in this case and am representing myself.


2.       On December 3, 2021, I sent a copy of the following pleadings and/or documents to the parties

         listed in the chart below.

         Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) -

         Document Production.

3.      I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:    December 20,                 */s/  Lorrie L. Denson*                    

2021                                           Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Purple Strategies LLC<br>Attn: Records Custodian<br>815 Slaters Ln<br>Alexandria, VA 22314 | Via: UPS and regular mail on 12/3/2021; via Guaranteed Subpoena on 12/7/2021 | ☐ Hand-delivered<br>X Regular mail<br>☐ Certified mail/RR<br>X Other  UPS and Guaranteed Subpoena<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| PricewaterhouseCoopers<br>Attn: Records Custodian<br>400 Campus Drive<br>Florham Park, NJ 07932 | Via: UPS and regular mail on 12/3/2021; via Guaranteed Subpoena on 12/6/2021 | ☐ Hand-delivered<br>X Regular mail<br>☐ Certified mail/RR<br>X Other  UPS and Guaranteed Subpoena<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Gregory M. Gordon, Esq.<br>JONES DAY<br>2727 North Harwood Street<br>Suite 500<br>Dallas, TX  75201 | Counsel for Debtor<br>Via email on 12/3/2021<br>Via UPS and regular mail on 12/8/2021 | ☐ Hand-delivered<br>X Regular mail<br>☐ Certified mail/RR<br>X Other   UPS and email<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| James N. Lawlor, Esq.<br>Wollmuth Maher & Deutsch, LLP<br>500 Fifth Avenue, 12th Floor<br>New York, New York 10110 | Counsel for Debtor<br>Via email on 12/3/2021<br>Via UPS and regular mail on 12/8/2021 | ☐ Hand-delivered<br>X Regular mail<br>☐ Certified mail/RR<br>X Other   UPS  and email<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>X Regular mail<br>☐ Certified mail/RR<br>X Other  UPS _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

2

AO 88 (11/91) Subpoena in a Civil Case

PROOF OF SERVICE

| **SERVED** | DATE:<br>**12/6/2021 3:10 PM** | PLACE:<br>**400 CAMPUS DRIVE   FLORHAM PARK  NJ  07932** | 20211206135004 |
|---|---|---|---|

| SERVED ON:   **PRICEWATERHOUSECOOPERS, ATTN:<br>RECORDS CUSTODIAN**<br>ACCEPTED BY: **KYDRIQUE MCCRAY**<br>RELATIONSHIP/TITLE: **PERSON AUTHORIZED TO ACCEPT<br>SERVICE** | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE<br>SERVING: **LETTER, SUBPOENA TO TESTIFY, EXHIBIT,<br>CERTIFICATION, DECLARATION, ATTACHMENTS** |
|---|---|
| SERVED BY         **NICHOLAS CIULLO** | TITLE<br>**PROCESS SERVER** |

## DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX:<u>M</u>   AGE:<u>21-35</u>  HEIGHT: <u>5'4"-5'8"</u>   WEIGHT: _____   SKIN:<u>BLACK</u>   HAIR:<u>BLACK</u>   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in
this Certification of Service is true and correct.

**DocuSigned by:**
*NICHOLAS CIULLO*
59150C558EDA4F5... _____ L.S.

SIGNATURE OF <u>NICHOLAS CIULLO</u>
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:   12/6/2021 3:10 PM

ATTORNEY:      DANIEL M. STOLZ, ESQ.
PLAINTIFF:       LTL MANAGEMENT LLC
DEFENDANT:     THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT AND JOHN AND JANE
VENUE:          DOES 1-1000
DOCKET:         DISTRICT
FEE:             21 30589 MBK
                 $55.00

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# AFFIDAVIT OF SERVICE

## UNITED STATES BANKRUPTCY COURT
### District of New Jersey

Case Number: 21 30589 MBK

Plaintiff:
**LTL MANAGEMENT LLC**

vs.

Defendant:
**THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT AND JOHN AND JANE DOES 1-1000**

For:
DANIEL STOLZ

Received by Guaranteed Subpoena Service, Inc. to be served on **PURPLE STRATEGIES LLC, ATTN: RECORDS CUSTODIAN, 815 SLATERS LN, ALEXANDRIA, VA 22314.**

I, Aya DeBruhl, being duly sworn, depose and say that on the **7th day of December, 2021 at 1:10 pm, I:**

Served LETTER, SUBPOENA TO TESTIFY, EXHIBIT, CERTIFICATION, EXHIBIT A, DECLARATION, ATTACHMENTS, WITNESS FEE IN THE AMOUNT OF 55.00 personally to Tamicka Spurlock as agent of PURPLE STRATEGIES LLC. Service occurred at 815 SLATERS LN, ALEXANDRIA, VA 22314.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: Black, Height: 5'6", Weight: 160, Hair: Dark Blonde, Glasses: N

I am a natural person over the age of eighteen and am not a party to or otherwise interested in the subject matter in controversy. I am a private process server authorized to serve this process in accordance with relevant law. Under penalty of perjury, I declare that the foregoing is true and correct.



Subscribed and sworn to in my state and county by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Date: 12/8/2021

**Aya DeBruhl**

**Guaranteed Subpoena Service, Inc.**
**2009 Morris Ave**
**Union, NJ 07083**
**(800) 672-1952**

Our Job Serial Number: GTS-0000067499
Ref: 20211207100039

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c



B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## District of New Jersey

In re  LTL MANAGEMENT LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

LTL MANAGEMENT LLC
_____
Plaintiff

v.

THOSE PARTIES LISTED ON APPENDIX A TO
COMPLAINT and JOHN AND JANE DOES 1-1000
_____
Defendant

Case No.  21-30589 (MBK)

Chapter  11

Adv. Proc. No.  21-03032 (MBK)

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  PricewaterhouseCoopers, Attn: Records Custodian, 400 Campus Drive, Florham Park, NJ 07932
_____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | **Bailey & Glasser LLP** **923 Haddonfield Road, Suite 300,** **Cherry Hill, 08002** | DATE AND TIME: **December 17, 2021 at 4:00 p.m.** |
|---|---|---|

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/3/2021_____

CLERK OF COURT

_____          OR          */s/  Daniel M. Solz*
  *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Talc Claimants for LTL Management, LLC  , who issues or requests this subpoena, are:
Daniel M. Stolz, Esq., Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, (973) 230-2095,
dstolz@genovaburns.com
_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: <u>PricewaterhouseCoopers, Attn: Records Custodian</u>
on *(date) 12/3/2021__.*

☒ I served the subpoena by delivering a copy to the named person as follows: <u>by UPS and regular mail</u>

_____

_____ on *(date)* 12/3/2021_____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.


I declare under penalty of perjury that this information is true and correct.

Date: _12/3/2021_____

                                        */s/ Daniel M. Stolz*
                                        _____
                                                    *Server's signature*

                                        Daniel M. Stolz, Esq., local counsel for Official
                                        Committee of Talc Claimants for LTL Management LLC
                                        _____
                                                    *Printed name and title*


                                        Genova Burns LLC
                                        110 Allen Road, Suite 304
                                        Basking Ridge, NJ 07920
                                        _____
                                                    *Server's address*


Additional information concerning attempted service, etc.:

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Exhibit A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Talc Claimants, by its proposed counsel, hereby requests the production of the specified documents below by electronic means to Bailey & Glasser LLP, 923 Haddonfield Road, Suite 300, Cherry Hill, NJ 08002, attention: Katherine E. Charonko, Esq., kcharonko@baileyglasser.com.

All documents produced in response to this subpoena should be produced in native file format. If You determine that You cannot comply with the production of documents in a native file format, You shall promptly inform the requesting party why compliance is impracticable and meet and confer to establish a reasonably useable format for production.

## **DEFINITIONS**

1.      The "First Day Declaration" shall refer to the Declaration of John K. Kim in Support of First Day Pleadings, dated October 14, 2021, filed in the main bankruptcy case as Dkt. No. 5 and included with these requests.

2.      "You," "Your," and "Yours" shall refer to the entity to whom this subpoena is directed as well as the entity's present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on their behalf.

3.      "Debtor" shall refer to LTL Management LLC, the debtor in this case.

4.      "Identified Custodians" are those persons identified as custodians for the purpose of conducting searches of documents requested herein and listed in the attached Document Custodian List.

5.       Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the First Day Declaration, except that any capitalized term in the First Day Declaration referring to an entity, here, shall also mean that entity's present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on their behalf.

6.       The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes without limitation electronic data, electronic databases, electronic media, the original and any draft, version or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received (or neither), and it shall include, without limitation, any paper, book, account, minutes, photograph, agreement, contract, memorandum, advertising material, letter, e-mail (or other electronic communication), any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, emails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams,

instructions, minutes or meetings, correspondence, and communications of any type (including, but not limited to, video files, audio files, inter- and intra-office communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films, webcasts, presentations (e.g. Microsoft PowerPoint), tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, electronically stored information (of any kind), object, report, record, summary accounting, transcript, study, notation, working paper, interoffice or intraoffice communication, charts or minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which the Debtor has access or of which the Debtor is aware .and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of Debtor or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of Debtor, or the former or present directors, offices, counsel, agents, employees, partners, consultants, principals, and /or persons acting on Debtor behalf.

7.     The term "all documents" means every document, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

8.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) including but not limited to any oral or written transmittal

and/or receipt of facts, information, thoughts, inquiries, opinions, including, without limitation, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, telexes, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements and press releases, and newspaper stories. References to communications with business entities shall be deemed to include all officers, directors, employees, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

9.     The term "all communications" shall mean each and every communication, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

10.    The term "electronic data," "electronic database," "database" and "data" mean the original (native electronic format) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such terms include, by way of example only, computer programs (whether private, commercial or works-in-progress), programming notes or instructions, activity listings or electronic mail receipts and /or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PID files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media or which they reside and

regardless of whether said electronic data consists of an active file, deleted file or file fragment. Such terms include any and all items stored on computer memories, hard disks, floppy disks, CD-ROMS, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. Such terms also include the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

11.    The term "electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and /or transmittal.

12.    The term "native electronic format" shall mean and refer the state of an electronic file as it presently exists on any and all computers, electronic media devices and networks or any other location where data may be stored (including back-up servers, deleted folders, hidden folders, etc.), with all of the file's original metadata intact, meaning that the metadata fields have not been altered, deleted, updated or modified in any way.

13.    The term "network" means any hardware and /or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or

transferring data via indirect routs utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e. peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

14.     The term "computer" means all devices utilizing microchips to facilitate processing, analysis or storage of data, including microcomputers (as known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (as known as personal digital assistants or PDA's), minicomputers and mainframe computers. "computer system," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including the operating system, private- and custom-developed applications, commercial applications and/or shareware.

15.     The terms "concern" or "concerning" shall mean refer to, allude to, related to, connected with, in respect of, about, regarding, discussing, showing, evidencing, describing, in support of, in substitution of, reflecting, and analyzing.

16.     The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, a group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors), an entity, including without limitations sole proprietorship, firm, association, company, partnership, joint venture corporation or division or subsidiary thereof, trust, estate, and other incorporated or unincorporated business.

17.     The "2021 Corporate Restructuring" shall refer, individually and collectively, to the series of corporate or company transactions and filings, whenever they occurred, that culminated in the formation, capitalization and/or re-domiciling of the Debtor and New JJCI on or about October 12, 2021, involving all entities and transactions that resulted in the division of

Chenango Zero LLC ("Chenango Zero") into the Debtor and New JJCI as described in Section II of the First Day Declaration.

18.    The "Closing Binder" shall refer to the final, compiled record (in whatever form) of the fully-executed transaction documents delivered to the parties in connection with the 2021 Corporate Restructuring.

19.    "Financial statements" means such records that reflect the financial performance of an entity during a particular time period and/or as of a particular date, as the context requires, and include, but are not limited to, the consolidated and consolidating balance sheet, income statement and statement of cash flow, along with associated notes, footnotes, exceptions or management discussion and analysis.

20.    "Working Papers" shall have the meaning ascribed to it in AU Section 339A.

21.    Plural words include the singular equivalent, and singular words include the plural equivalent.

22.    The term "and" includes the disjunctive "or," and "or" includes the conjunction "and."

## **INSTRUCTIONS**

1.      If a claim of privilege is asserted in any objection to any document request or portion thereof, and documents are withheld on the basis of that assertion of privilege, the objection shall comply with Local Bankruptcy Rule 7026-1 and, in addition, identify:

a.      the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked; and

b.       (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the document.

2.      A request for a document shall be deemed to include a request for all transmittal sheets, cover letters, transmittal emails, exhibits, enclosures and attachments to the document, in addition to the document itself.

3.      A request for a document shall be deemed to include a request for all drafts, revisions, modifications, versions and supplements thereof, in addition to the original document itself.

4.      The masculine or feminine gender of any word shall be construed to include the masculine, feminine and neuter genders.

5.      The past tense of any verb shall embrace and be applied as the present tense, or the context requires or as applicable, and vice versa.

6.      Each request is to be construed and considered to act independently, and is not to be referenced to any other request for purposes of limitation.

7.      These requests are intended to cover all documents (including, without limitation electronically stored information), wherever located, in your possession, custody or control, including, without limitation, all documents in the personal possession of any agent, attorney, servant, employee, officer, director, affiliate, subsidiary, corporate parent, expert and other representative of yours, and any other person or entity from which you may obtain documents.

**<u>REQUESTS FOR PRODUCTION</u>**

1.      All documents and communications between you and any Identified Custodian concerning the 2021 Corporate Restructuring.

2.      Any engagement letter or drafts of engagement letters associated with the 2021 Corporate Restructuring.

3.      All Working Papers concerning the 2021 Corporate Restructuring.

4.      Any workflow lists, task lists or closing checklists generated or received in connection with the 2021 Corporate Restructuring and all communications related thereto.

5.      From January 1, 2020 to the present, Financial Statements for Old JJCI.

6.      Financial Statements for Old JJCI as of the end of each of the 2018, 2019, and 2020 fiscal years, and as of the end of each quarter (or any stub period therein) during the first three quarters of fiscal year 2021.

7.      Financial Statements for Chenango Zero.

8.      Financial Statements for each of Chenango One and Chenango Two.

9.      Financial Statements for Currahee.

10.      Financial Statements for Royalty A&M.

11.      Financial Statements for New JJCI.

12.     All documents concerning any valuation, whether formal or informal, external or internal, performed with respect to the Debtor, New JJCI, or any portion of either's assets or liabilities, including, but not limited to, the valuation itself and any pro forma projections or budgets for those entities, any work papers or communications existing in connection with any valuation work concerning those entities.

13.     From and after January 1, 2018, any valuations or assessments of liabilities, reserves, or accruals, for talcum powder related claims, costs or liabilities, prepared in connection with J&J's consolidated financial reporting, and all communications concerning any such valuations or assessments, reserves or accruals.

14.     All documents concerning any valuation, whether formal or informal, of any royalties assigned to or acquired by Royalty A&M, including, without limitation,  any pro forma projections or budgets used in the valuation, any work papers or communications existing in connection therewith.

15.     Any engagement letters or services agreements between You, on the one hand, and Debtor or any J&J entity, on the other, and any exhibits, schedules, amendments or modifications thereto.

16.     All documents and communications concerning the purpose(s) and reason(s) for the 2021 Corporate Restructuring and each transaction therein.

17.     All documents and communications concerning "Project Plato," including, without limitation, all documents and communications containing the term "Plato."

# Talc Creditors Committee (LTL Bankruptcy)

## Document Custodian List

| | | |
|---|---|---|
| Andrew, Chris | Green, N. | Mulcahy, Ann M. |
| Azevedo, Jose | Goodbridge, Michelle | Munoz, M. |
| Batesko, Peter | Gorsky, Alex | Murdica, Jim |
| Beckerle, Mary | Haas, Erik | Neat, Kevin |
| Borst, Chuck | Hewson, Maryllin | Nixon, Randy |
| Braunreuther, Joseph | Joly, Hubert | Orlando, Matthew |
| Brennan, Sarah | Kim, John | Picariello, Christopher |
| Cnossen, Valeria | Kerrane, Peter | Prince, Charles O. |
| Coulson, V. | Kowlalski, Steve | Purple Strategies |
| Davis, D.Scott | Kozak, J | Rivera, Stephen |
| Davis, Ian E.L. | Larkin, M. | Romanko, Lisa |
| DeCandia, Leonardo | Lawrence, Alyson | Ruh, Paul |
| Decker, Robert J. Jr. | Lisman, Adam | Ryan, Michelle |
| Devine, K. | Manfre, K. | Schneider, Mark |
| Deyo, Russell | McCann, Tom | Sneed, Michael |
| Dickinson, Richard | McClellan, Mark B. | Spellman, Thomas |
| Doudna, Jennifer A. | McKeegan, John | Stanzione, C. |
| Duato, Jaoquin | McGraw, D. | Stoffels, P. |
| Freinberg, Tony | McGraw, Donny | Taubert, Jennifer |
| French, Tina | Mongon, Thibaut | Telofski, Lorena |
| Freyne, L. | Montagnino, K. | Turk, Catherine |
| Giacino, Laura | Morano, S. | Ullman, Michael |

Van Arsdale, Duane

Vertenten, M.

Washington, Eugene

Weingrod, Louise

Weinberger, M.

West, Nadja

Williams, Ronald A.

White, A.

Widmer, Kathy

Wolk, Joseph

Wuesthoff, Bob

Zavis, Phillip

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## District of New Jersey

In re  LTL MANAGEMENT LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

LTL MANAGEMENT LLC
_____
Plaintiff

v.

THOSE PARTIES LISTED ON APPENDIX A TO
COMPLAINT and JOHN AND JANE DOES 1-1000
_____
Defendant

Case No.  21-30589 (MBK)

Chapter  11

Adv. Proc. No.  21-03032 (MBK)

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Purple Strategies LLC, Attn: Records Custodian, 815 Slaters Ln, Alexandria, VA 22314
_____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | **BAILEY & GLASSER LLP** **1055 Thomas Jefferson Street NW, Suite 540** **Washington, DC  20007** | DATE AND TIME December 17, 2021 at 4:00EST |
|---|---|---|

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/3/2021 _____

CLERK OF COURT

_____          OR          /s/  Daniel M. Stolz
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Talc Claimants for LTL Management, LLC  ,  who issues or requests this subpoena, are:

Daniel M. Stolz, Esq., Genova Burns LLC, 110 Allen Road, Suite 304, Basking Ridge, NJ 07920, (973) 230-2095,
dstolz@genovaburns.com
_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Purple Strategies LLC, Attn: Records Custodian
on *(date) 12/3/2021__.*

[X]  I served the subpoena by delivering a copy to the named person as follows:  by UPS and regular mail

_____ on *(date)* 12/3/2021_____; or

[ ]  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____.

 My fees are $_____for travel and $_____for services, for a total of $_____.

        I declare under penalty of perjury that this information is true and correct.

Date:  12/3/2021_____

                                                    */s/ Daniel M. Stolz*
                                                           *Server's signature*

                                                    Daniel M. Stolz, Esq., local counsel for Official
                                                    Committee of Talc Claimants for LTL Management LLC
                                                           *Printed name and title*

                                                    Genova Burns LLC
                                                    110 Allen Road, Suite 304
                                                    Basking Ridge, NJ  07920
                                                           *Server's address*

Additional information concerning attempted service, etc.:

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Exhibit A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rule 9016 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Talc Claimants, by its proposed counsel, hereby requests the production of the specified documents below by electronic means to Bailey & Glasser LLP, 923 Haddonfield Road, Suite 300, Cherry Hill, NJ 08002, attention: Katherine E. Charonko, Esq., kcharonko@baileyglasser.com.

All documents produced in response to this subpoena should be produced in native file format. If You determine that You cannot comply with the production of documents in a native file format, You shall promptly inform the requesting party why compliance is impracticable and meet and confer to establish a reasonably useable format for production.

## DEFINITIONS

1. The "First Day Declaration" shall refer to the Declaration of John K. Kim in Support of First Day Pleadings, dated October 14, 2021, filed in the main bankruptcy case as Dkt. No. 5 and is included with these requests.

2. "You," "Your" and "Yours" shall refer to the entity to whom this subpoena is directed as well as the entity's present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on their behalf.

3. "Debtor" shall refer to LTL Management LLC, the debtor in this case.

4. Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the First Day Declaration, except that any capitalized term in the First Day Declaration referring to an entity, here, shall also mean that entity's present and former parents, subsidiaries, affiliates, directors, officers, members, managers, employees, agents, attorneys and representatives, and every other person acting on their behalf.

5.     The term "document" is defined to be synonymous in meaning and equal in scope

to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P.

34(a)(1)(A), and includes without limitation electronic data, electronic databases, electronic

media, the original and any draft, version or copy which differs in any way from the original of

any written or graphic matter, however produced or reproduced, of any kind or description,

whether sent or received (or neither), and it shall include, without limitation, any paper, book,

account, minutes, photograph, agreement, contract, memorandum, advertising material, letter,

e-mail (or other electronic communication), any written, printed, typed, photostatic,

photographed, recorded, computer-generated, computer-stored, or otherwise maintained or

reproduced communication or representation, any database or data compilation in any form,

whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals

or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof

including, without limitation, all memoranda, notes, records, letters, envelopes, emails,

voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates,

working papers, accounts, analytical records, reports and/or summaries of investigations,

opinions or reports of consultants, opinions or reports of experts, opinions or reports of

accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles,

magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts,

drawings, diagrams, instructions, minutes or meetings, correspondence, and communications of

any type (including, but not limited to, video files, audio files, inter- and intra-office

communications), questionnaires, surveys, charts, graphs, photographs, phonographs, films,

webcasts, presentations (e.g. Microsoft PowerPoint), tapes, discs, data cells, drums, printouts, all

other compiled data which can be obtained (translated, if necessary, through intermediary or other

devices into useable forms), documents maintained on, stored in or generated on any electronic

transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing,

electronically stored information (of any kind), object, report, record, summary accounting,

transcript, study, notation, working paper, interoffice or intraoffice communication, charts or

minutes, index sheet, computer software, check, check stub, ledger entry, delivery ticket, bill of sale, invoice, recording of telephone or other conversations (or of interviews or conferences), or any written, recorded, transcribed, punched, taped, filmed or other graphic matter or data compilations, however produced or reproduced, to which the Debtor has access or of which the Debtor is aware .and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of Debtor or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of Debtor, or the former or present directors, offices, counsel, agents, employees, partners, consultants, principals, and /or persons acting on Debtor behalf.

6.      The term "all documents" means every document, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) including but not limited to any oral or written transmittal and/or receipt of facts, information, thoughts, inquiries, opinions, including, without limitation, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, telexes, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements and press releases, and newspaper stories. References to communications with business entities shall be deemed to include all officers, directors, employees, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

8.      The term "all communications" shall mean each and every communication, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

9.      The term "electronic data," "electronic database," "database" and "data" mean the original (native electronic format) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such terms include, by way of example only, computer programs (whether private, commercial or works-in-progress), programming notes or instructions, activity listings or electronic mail receipts and /or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PID files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media or which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Such terms include any and all items stored on computer memories, hard disks, floppy disks, CD-ROMS, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to, EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. Such terms also include the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

10.     The term "electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to, EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and /or transmittal.

11.     The term "native electronic format" shall mean and refer the state of an electronic file as it presently exists on any and all computers, electronic media devices and networks or any

other location where data may be stored (including back-up servers, deleted folders, hidden folders, etc.), with all of the file's original metadata intact, meaning that the metadata fields have not been altered, deleted, updated or modified in any way.

12.     The term "network" means any hardware and /or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routs utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e. peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

13.     The term "computer" means all devices utilizing microchips to facilitate processing, analysis or storage of data, including microcomputers (as known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (as known as personal digital assistants or PDA's), minicomputers and mainframe computers. "computer system," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including the operating system, private- and custom-developed applications, commercial applications and/or shareware.

14.     The terms "concern" or "concerning" shall mean refer to, allude to, related to, connected with, in respect of, about, regarding, discussing, showing, evidencing, describing, in support of, in substitution of, reflecting, and analyzing.

15.     The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, a group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors), an entity, including without limitations sole proprietorship, firm, association, company, partnership, joint venture corporation or division or subsidiary thereof, trust, estate, and other incorporated or unincorporated business.

16.    "Motion" shall refer to the TCC's Motion to Dismiss the Debtor's Chapter 11 Case pursuant to § 1112(b).

17.    The "Adversary Proceeding" refers to the adversary proceeding captioned, LTL Management LLC v. Those Parties Listed on Appendix A to Complaint and John and Jane Does 1 – 1000, Adv. Pro. No. 21-03032 MBK, now pending in the United States Bankruptcy Court for the District of New Jersey.

18.    The "2021 Corporate Restructuring" shall refer, individually and collectively, to the series of corporate or company transactions and filings, whenever they occurred, that culminated in the formation, capitalization and/or re-domiciling of the Debtor and New JJCI on or about October 12, 2021, involving all entities and transactions that resulted in the division of Chenango Zero LLC ("Chenango Zero") into the Debtor and New JJCI as described in Section II of the First Day Declaration.

19.    Plural words include the singular equivalent, and singular words include the plural equivalent.

20.    The term "and" includes the disjunctive "or," and "or" includes the conjunction "and."

## INSTRUCTIONS

1.    If a claim of privilege is asserted in any objection to any document request or portion thereof, and documents are withheld on the basis of that assertion of privilege, the objection shall comply with Local Bankruptcy Rule 7026-1 and, in addition, identify:

a.    the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked; and

b.    (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee

of the document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the document.

2.    A request for a document shall be deemed to include a request for all transmittal sheets, cover letters, transmittal emails, exhibits, enclosures and attachments to the document, in addition to the document itself.

3.    A request for a document shall be deemed to include a request for all drafts, revisions, modifications, versions and supplements thereof, in addition to the original document itself.

4.    The masculine or feminine gender of any word shall be construed to include the masculine, feminine and neuter genders.

5.    The past tense of any verb shall embrace and be applied as the present tense, or the context requires or as applicable, and vice versa.

6.    Each request is to be construed and considered to act independently, and is not to be referenced to any other request for purposes of limitation.

7.    These requests are intended to cover all documents (including, without limitation electronically stored information), wherever located, in your possession, custody or control, including, without limitation, all documents in the personal possession of any agent, attorney, servant, employee, officer, director, affiliate, subsidiary, corporate parent, expert and other representative of yours, and any other person or entity from which you may obtain documents.

## **REQUESTS FOR PRODUCTION**

1.    All documents and communications concerning services or research performed by You for Debtor, J&J or any other J&J entity concerning talcum powder products, talcum powder litigation or the 2021 Corporate Restructuring from January 1, 2020 through the present.

2.    Copies of all presentations and drafts of presentations prepared by You for Debtor, J&J or any other J&J entity concerning talcum powder products, talcum powder litigation or the 2021 Corporate Restructuring from January 1, 2020 through the present.

3.      Any engagement letters or services agreements between You, on the one hand, and the Debtor, J&J or any other J&J entity on the other, and any drafts, exhibits, schedules, amendments or modifications thereto.

4.      All documents or communications concerning the purpose(s) or reason(s) for the 2021 Corporate Restructuring and each transaction therein.

5.      All documents or communications concerning any reasons for the timing of the filing of the Debtor's bankruptcy case, including, but not limited to, any connection of the bankruptcy filing to (a) the *Robert Ingham et al. v. Johnson & Johnson, et al.* or (b) J&J's announced spinoff of its consumer health business.

6.      All communications, at any time during the period of March 1, 2021 through October 31, 2021, inclusive, between You and any person at J&J, Janssen Pharmaceuticals, Inc., Old JJCI, New JJCI, the Debtor, or any other subsidiary of J&J containing any of the terms "bankruptcy," "bankrupt," "bk" "talc", "talcum powder", "ovarian cancer," "meso," "mesothelioma," "cancer," "baby powder," "Project Plato," "Plato," "stock performance," "stock price," "market," "reaction,", "fraud" "fraudulent," "two-step," "Chenango," "Currahee," "divisive merger", "automatic stay," "funding agreement," "LTL,"  "liability management," or "injunction."

7.      Any non-disclosure or consulting agreements signed by You related to the 2021 Corporate Restructuring or any aspect of "Project Plato" from January 1, 2020 to the present.