UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Order Filed on December 21, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Case No.:

Adv. No.:

Hearing Date:

Judge:

The relief set forth on the following pages, numbered two (2) through _____ is hereby **ORDERED**.

**DATED: December 21, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re | Chapter 11 |
| LTL Management LLC,[1] | Case No. 21-30589-MBK |
| Debtor. | |

<u>**AGREED PROTECTIVE ORDER  GOVERNING CONFIDENTIAL INFORMATION**</u>

This matter comes before the Court on the joint request of the Debtor[2] and the Committee, pursuant to sections 105(a), 107(b) and 1102(b)(3)(A) of chapter 11 of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") and Rule 9018 of the <u>Federal Rules of Bankruptcy Procedure (the</u> "<u>Bankruptcy Rules</u>"), for entry of this Protective Order.

<u>**RECITALS**</u>

WHEREAS, the Committee and the Futures Representative may from time to time request certain nonpublic, confidential or proprietary information from the Debtor, including its experts; and

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]    Capitalized terms used herein and not otherwise defined herein shall have the meanings provided in Paragraph A below.

WHEREAS, the Debtor may from time to time request certain nonpublic, confidential or proprietary information from the Committee and the Futures Representative, including their respective experts; and

WHEREAS, this Protective Order is intended to facilitate the delivery of Confidential Information among the Parties, and to establish the Parties' rights and obligations with respect to such information, without prejudice to the rights of any Party to propound, or to object to, any information requests or discovery on any basis and for any reason;

NOW, THEREFORE, based on the foregoing, and as a condition to any Party providing Confidential Information, the Parties hereby stipulate and agree, and the Court hereby ORDERS, as follows:

A.    **Defined Terms**.

1.    "Applicable Rules and Law" shall mean the Bankruptcy Rules, the Federal Rules of Civil Procedure, applicable local rules, any applicable case or common law or any other applicable law or applicable jurisprudence.

2.    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of New Jersey.

3.    "Bankruptcy Proceedings" shall mean, collectively, the Chapter 11 Case and any related adversary proceedings in the Bankruptcy Court or the District Court, and any courts in which appeals or other applications for review of orders or judgments of the Bankruptcy Court or the District Court may be made.

4.    "Chapter 11 Case" shall mean the above-captioned chapter 11 case of the Debtor pending in the Bankruptcy Court and any portion of such case that is withdrawn, or appealed, to the District Court.

5.      "Committee" shall mean the Official Committee of Talc Claimants appointed pursuant to section 1102 of the Bankruptcy Code by the November 8, 2021 *Order Appointing the Official Committee of Talc Claimants* in the North Carolina Proceeding [Dkt. 355], as such committee may be supplemented, reconstituted or reformulated from time to time.

6.      "Compelled Party" shall mean any Party or any Party's Representatives that are, in the opinion of their respective counsel, compelled as a matter of law to disclose any Covered Information to a third party.

7.      "Confidential Information" shall mean, subject to Section D below, (i) information, documents or things produced or provided (formally or informally) by the Disclosing Party that such Disclosing Party or a Designating Party reasonably believes in good faith contains confidential, proprietary or commercially sensitive information, including, but not limited to, (a) trade secrets, (b) confidential, proprietary business information and (c) information implicating an individual's legitimate expectation of privacy, including medical information and social security numbers, and (ii) information designated as Confidential in the North Carolina Proceeding.  This term shall include information furnished or otherwise disclosed in any manner, including, without limitation, in written form, orally or through any electronic, facsimile or computer-related communication, and also shall include, without limitation, (i) those portions of deposition testimony (whether based upon oral examination or written questions), answers to interrogatories, requests for admissions, responses to requests for admission, notes, summaries, compilations, memoranda or similar materials disclosing or discussing Confidential Information and (ii) any Oral Confidential Information.

8.      "Court" means the Bankruptcy Court, the District Court or other court of competent jurisdiction, as context requires.

9.      "Covered Information" shall mean Confidential Information, together with Derivative Information, and shall include any information or documents designated as Confidential in the North Carolina Proceeding.

10.      "Debtor" shall mean LTL Management LLC.

11.      "Derivative Information" shall mean all estimates, analyses, notes, summaries, extracts and other materials and documents prepared by or for a Party or its Representatives based on, derived from or containing any Confidential Information.

12.      "Designating Party" shall mean the Person designating Confidential Information under this Protective Order and may, or may not be, the Disclosing Party.  For purposes of this Protective Order, the Designating Party may include third parties that are not parties to the Bankruptcy Proceedings, including non-debtor affiliates of the Debtor, if the third party is the Disclosing Party or has a direct ownership interest in the Confidential Information at issue.

13.      "Disclosing Party" shall mean the Person disclosing the Confidential Information.  For purposes of this Protective Order, Disclosing Party may include third parties that are not parties to the Bankruptcy Proceedings, including non-debtor affiliates of the Debtor.

14.      "District Court" shall mean the United States District Court for the District of New Jersey.

15.      "Futures Representative" shall mean any legal representative of future talc claimants who is appointed by order of the Bankruptcy Court.

-4-

16.    "North Carolina Proceeding" shall mean the Chapter 11 case initiated by the Debtor's Petition in the United States Bankruptcy Court for the Western District of North Carolina, Case No. 21-30589 (JCW), and related adversary proceeding Adv. Pro. No. 21-03032 (JCW), that were transferred to this Court on November 16, 2021.

17.    "Oral Confidential Information" shall mean, collectively: (a) any written Confidential Information that is orally discussed; and (b) any other Confidential Information disclosed orally.

18.    "Party" shall mean the Debtor, the Committee, and any other party that agrees to the Protective Order by signing a copy of the Acknowledgment attached as Exhibit A to the Protective Order, and "Parties" shall mean all of these Persons collectively.

19.    "Person" or "Persons" shall be interpreted broadly to include, without limitation, any individual, corporation, limited liability company, partnership or other entity.

20.    "Petition" shall mean the Debtor's October 14, 2021 filing for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina.

21.    "Petition Date" shall mean October 14, 2021.

22.    "Protective Order" shall mean this *Agreed Protective Order Governing Confidential Information.*

23.    "Professional Vendors" shall mean Persons who provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing and retrieving data in any form or medium) and their respective employees and subcontractors, all of whom have been retained by or on behalf of or directed by counsel for any of the Parties; are not current employees or affiliates of a Party; and at

the time of retention, are not anticipated to become employees or affiliates of a Party. This definition includes ESI vendors and professional trial consultants retained in connection with the Bankruptcy Proceedings to assist a Party or that Party's counsel.

24.    "Representative" shall mean, with respect to any Party, any of its directors, officers, members, partners, employees, advisors, agents, representatives, consultants, accountants, experts, legal counsel and other professionals

25.    "Talc Claims Databases" shall mean databases containing historical talc claims data of the Debtor and its predecessors, including any reports, summaries, data, information or extracts derived therefrom, that is maintained by or on behalf of the Debtor.

**B.    Scope.** Confidential Information shall be furnished or otherwise disclosed or made known subject to the terms and conditions of this Protective Order unless otherwise agreed in writing by the Parties or their Representatives. This Protective Order shall apply to all Covered Information furnished or otherwise disclosed on or after the Petition Date. This Protective Order, however, does not supersede any prior confidentiality agreement(s) entered into between the Debtor or any of its non-debtor affiliates, or the Committee and any member of the Committee or any of their respective Representatives with respect to information provided under the terms of such prior confidentiality agreement(s), and such prior confidentiality agreement(s) shall continue to govern by their terms with respect to all such prior information, except as otherwise agreed by the parties thereto or as ordered by the Court.

**C.    Identification of Confidential Information.**

1.    Any information designated as Confidential Information shall be stamped "CONFIDENTIAL" on each page being so designated (if the information is produced in written form) or otherwise shall be labeled conspicuously as "CONFIDENTIAL" (if it is in the form of

tape, disc or other form that makes it difficult to label each page). Documents produced in native format may be designated as containing Confidential Information by including the term "CONFIDENTIAL" (or similar term) in the file name or name of the folder in which such file is transmitted. Such designations shall be made at the time such Confidential Information is provided or produced.

       2.     In the case of depositions, if counsel for the Disclosing Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Information, counsel shall so state on the record and shall request that the entire transcript or relevant portion thereof be sealed. In addition, the Disclosing Party may designate the relevant portion of the transcript or videotape of a deposition, and any exhibits thereto, as Confidential Information within 30 days of the Disclosing Party's receipt of the transcript from the court reporter. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel of record, identifying the portion of the transcript, or exhibits thereto, that constitute items designated as Confidential Information. All pages of the transcript and exhibits designated as Confidential Information shall be stamped "CONFIDENTIAL."

       3.     In designating Confidential Information as confidential, the Designating Party shall do so only with a reasonable and good-faith belief that such designation is appropriate, and shall not designate any information that is generally known or available to the public through no act of a Receiving Party, or any of its Representatives. In addition, the Designating Party shall use reasonable efforts to avoid overbroad designations and to designate as Confidential Information only those portions of information that the Designating Party believes in good faith to contain or reveal matters that should be kept confidential.

4.      Notwithstanding the foregoing, any failure to mark written information as "CONFIDENTIAL" or to designate oral information as Oral Confidential Information shall not constitute a waiver thereof and such designations shall be made as soon as reasonably practicable. A Designating Party may subsequently designate any information "CONFIDENTIAL" if such Confidential Information is inadvertently disclosed, and the protections afforded under this Protective Order to Confidential Information shall become effective upon this subsequent designation; *provided*, *however*, that such late designation shall not deprive any Party from challenging the designation of material as Confidential Information pursuant to the procedures set forth herein.

D.      **Information Not Confidential.**   Notwithstanding anything to the contrary contained herein, Confidential Information does not include any information that:

1.      is or becomes generally available to the public, except as a result of disclosure or actions by any Party, a Representative of any Party or any member of the Committee or their respective Representatives in violation of this Protective Order, or in violation of any other confidentiality agreement or protective order between any of the Parties or between the Debtor and/or its non-debtor affiliates on the one hand, and any member of the Committee on the other;

2.      becomes available to a Party or a Representative of a Party on a non-confidential basis from a source other than a Disclosing Party or its Representatives unless the Party knows, after reasonable diligence, that such source is prohibited from disclosing such information by a contractual, legal or fiduciary obligation;

3.      was in the possession of a Party prior to the date of this Protective Order and was obtained on a non-confidential basis, *provided that* the information was not obtained from

a source that was prohibited from disclosing such information by a contractual, legal or fiduciary obligation;

4.      is disclosed or is required to be disclosed by law, rule, regulation or legal process, subject to the requirements of Section H below;

5.      is agreed by the Designating Party is not Confidential Information;

6.      is determined by the Court not to be Confidential Information, as set forth in Section E below or by other applicable ruling of the Court; or

7.      a Designating Party does not timely seek to protect by filing a Motion to Seal pursuant to Sections I.1 or I.2.

For the avoidance of doubt, except as otherwise set forth in this Order, a Party may use or disclose its own information as it wishes, including by agreeing to remove its own designation of information as Confidential Information upon notice to the other Parties.

E.      **Challenges to Designations of Confidential Information.**  By agreeing to this Protective Order, the Parties do not concede that any material designated as Confidential Information does in fact contain or reflect information that may be protected under the Applicable Rules and Law or that has been properly designated as Confidential Information.  Any Party may move at any time for relief from the provisions of this Protective Order with respect to confidentiality designations, as set forth below.

1.      If any Party believes that information designated as Confidential Information is not properly designated as such and is not protected under the Applicable Rules and Law, such Party (the "Requesting Party") may at any time so notify the Designating Party in writing, identifying with specificity the information at issue, and request modification of the designation of Confidential Information (a "Written Challenge").

2.      If the Designating Party does not agree to the requested modification within five (5) business days of receipt of a Written Challenge and no other resolution is reached, the Requesting Party may file a motion with the Bankruptcy Court requesting a determination by the Bankruptcy Court as to whether the information at issue shall be treated as information subject to confidentiality protection under the Applicable Rules and Law.  The Requesting Party may seek to shorten notice of such motion and request a hearing on the motion on a date other than one previously scheduled as a hearing date in the Bankruptcy Proceedings, and the Designating Party may object to such request to shorten notice.

3.      If the Requesting Party files a motion with the Bankruptcy Court requesting such a determination, the confidential status of the information shall be maintained pending the Bankruptcy Court's ruling on the motion.  The burden of proving the confidentiality of designated information shall remain with the Designating Party.  Nothing in this Protective Order shall affect the right of any Party to appeal the Bankruptcy Court's determination regarding confidentiality.

4.      The Parties shall not be obligated to challenge the propriety of any designation of Confidential Information and the failure to do so promptly shall not preclude any subsequent objection to such designation.

F.      **<u>Confidential Treatment of Covered Information.</u>**  All Confidential Information furnished or otherwise disclosed in any manner, including, without limitation, in written form, orally or through any electronic, facsimile or computer-related communication, identified as confidential as provided in Paragraphs C or I.2 hereof, and all Covered Information shall be used by the Parties and their Representatives solely and exclusively in accordance with Paragraphs G through J of this Protective Order, shall be kept confidential by the Parties and their Representatives, shall be protected by the Parties and their Representatives through

-10-

the implementation of reasonable security measures, and shall not be disclosed by the Parties or their Representatives to any other Person, without the Disclosing Party's prior written consent, except that, subject to Paragraph J, the Covered Information may be disclosed, without the Disclosing Party's written consent:

1.    to those Representatives of a Party who have executed the acknowledgment attached hereto as Exhibit A and need the Covered Information for the purposes for which Covered Information may be used pursuant to Paragraph G of this Protective Order; or

2.    to those Professional Vendors to whom disclosure is reasonably necessary, *provided that*, before disclosure of Covered Information, an authorized representative of each Professional Vendor has executed the acknowledgment attached hereto as Exhibit A on behalf of that Professional Vendor; or

3.    to any member of the Committee or such member's counsel who need the Covered Information for the purposes for which it may be used pursuant to Paragraph G of this Protective Order, so long as such member of the Committee or such member's counsel has executed the acknowledgement attached hereto as Exhibit A prior to receipt by such member or such member's counsel of the Covered Information;

4.    to the Bankruptcy Court, the District Court or any courts in which appeals or other applications for review of orders or judgments of the Bankruptcy Court or the District Court may be made, in each case subject to the provisions of Paragraph I; or

5.    if the Futures Representative is appointed and becomes a party to this Protective Order, the Futures Representative and any Representatives of the Futures Representative who need the Covered Information for the purposes for which it may be used pursuant to Paragraph G of this Protective Order, so long as the Futures Representative or such

Representative of the Futures Representative, as applicable, has executed the acknowledgement attached hereto as Exhibit A.

6.      The Parties shall advise each Representative and Professional Vendor who receives Covered Information of the terms of this Protective Order and such person's obligations concerning the confidentiality of all such Covered Information hereunder and the proper use thereof.   The Parties shall not be responsible for any actions by their Representatives or Professional Vendors that are inconsistent with the terms of this Protective Order unless the Party has failed to obtain an executed acknowledgment in the form attached hereto as Exhibit A from the Representative or Professional Vendor, as applicable, in which case the Party will be responsible for its Representative's or Professional Vendor's actions.

G.      **Permitted Use of Covered Information.**  The Committee, its members and their respective Representatives shall use Covered Information received from the Debtor solely for the purpose of carrying out the duties of the Committee pursuant to the Bankruptcy Code in connection with the Bankruptcy Proceedings.   The Debtor and its Representatives shall use Covered Information received hereunder from the Committee or the Futures Representative, if the Futures Representative becomes a party to this Protective Order, solely for the purpose of carrying out the duties of the Debtor pursuant to the Bankruptcy Code in connection with the Bankruptcy Proceedings.  If the Futures Representative becomes a party to this Protective Order pursuant to Paragraph S below, the Futures Representative and his or her Representatives shall use Covered Information received hereunder from the Debtor solely for the purpose of carrying out the duties of the Futures Representative in connection with the Bankruptcy Proceedings.  For the avoidance of doubt, absent agreement from the Disclosing Party, Covered Information received by any Party

from another Party under this Protective Order may not be disclosed or used for any purpose outside of the Bankruptcy Proceedings.

      **H.**    **Disclosure Under Legal Compulsion.**  If any Party or any Party's Representative is, in the opinion of its counsel, compelled as a matter of law to disclose any Covered Information to a third party, the Compelled Party shall promptly provide a written notice of the order or other process compelling disclosure to the Designating Party, if known, or to the Disclosing Party if the Designated Party is not known.  Such notice must be sent to the Designating Party or the Disclosing Party within the earlier of three (3) business days of receipt and one (1) business day of the Compelled Party's determination that the order or other process compels the disclosure of Covered Information, to permit the Designating Party or the Disclosing Party, at its own expense, to seek a protective order or take other appropriate action.  The Compelled Party and its Representatives shall use reasonable best efforts to assist in the Designating Party's or the Disclosing Party's efforts to obtain, at the Designating Party's or the Disclosing Party's own expense, a protective order or other reasonable assurance that confidential treatment will be accorded such Covered Information. In the absence of a protective order, the Compelled Party or its Representatives may disclose to the third party compelling disclosure (without liability hereunder) only the part of the Covered Information as the Compelled Party or its Representatives may reasonably determine in good faith is required by law to be disclosed (in which case, prior to disclosure, the Compelled Party or its Representatives shall use reasonable best efforts to advise and consult with the Designating Party or the Disclosing Party as to such disclosure and the nature and wording of such disclosure).

      **I.**    **Disclosure of Covered Information in the Bankruptcy Proceedings.**

      1.    Protection of Covered Information – Written Filings.  A Party that desires to use any Covered Information in any motions, briefs, pleadings and/or other documents filed in

the Bankruptcy Court, the District Court or any courts in which appeals or other applications for

review of orders or judgments of the Bankruptcy Court or the District Court may be made shall

either:

(i)     give the Designating Party written notice of the Party's intent to use such
Covered Information at least five (5) business days prior to the date that
the Party desires to do so to provide an opportunity for (a) the Designating
Party and the Party that desires to use the Covered Information to
negotiate an agreement that avoids the need to file Covered Information
under seal or, in the absence of an agreement, (b) the Designating Party to
file a motion seeking an order sealing, redacting, or otherwise protecting
such Covered Information from public disclosure (a "Motion to Seal").  If
the Designating Party files a Motion to Seal within five (5) business days
following receipt of such written notice, the Party desiring to use Covered
Information shall (a) maintain the confidential status of the Covered
Information pending the court's ruling on the Motion to Seal and (b) use
the Covered Information only in strict conformity with the court's ruling
on the Motion to Seal.  If the Designating Party fails to file a Motion to
Seal within five (5) business days of receipt of the written notice, any
Party desiring to use Covered Information may use the applicable Covered
Information in the court without any confidentiality protection.  If the
Party that desires to use Covered Information is the Designating Party, it
may file a Motion to Seal without prior notice to any other Party or

(ii)    as an alternative to subpart (i) above, the Party seeking to use Covered
Information in the Court may file a Motion to Seal pursuant to D.N.J. LBR
9018-1 of the Rules of Practice and Procedure of the United States
Bankruptcy Court for the District of New Jersey and other applicable local
and civil rules of procure as appropriate; *provided that* (a) pending a ruling
on such Motion to Seal or other agreement or Court order that permits the
public filing of the materials at issue, the Parties shall maintain the
confidentiality of the Covered Information; (b) where necessary, the
moving party may file a redacted copy of its Motion to Seal, brief or other
relevant materials, eliminating the Covered Information; and (c) the
moving party may provide an unredacted copy of these materials to the
Court under seal to assist in its consideration of the Motion to Seal.  For
any Motion to Seal filed pursuant to this subpart (2), D.N.J. LBR 9018-
1(b) is hereby modified so that motion must only include a statement that
Covered Information is subject to this Protective Order.  Filing such a
Motion to Seal shall not constitute any admission or inference that the
moving party believes the Covered Information which is the subject of the
Motion to Seal is in fact Confidential Information or should be protected
from public disclosure and shall be without prejudice to the right of the
moving Party to seek to unseal such documents or to contest the
confidentiality designation of the Covered Information.

For avoidance of doubt, nothing herein affects or alters the rights of any party to file a motion to seal under D.N.J. LBR 9018-1.

2.    <u>Protection of Covered Information – Hearings and Trial</u>.  At least 48 hours (or if not practicable, as soon as practicable) prior to the use of any Covered Information at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Covered Information at trial or any hearing to be held in open court shall meet and confer in good faith with the Designating Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Covered Information, then the Designating Party bears the burden of requesting relief from the Court by filing a Motion to Seal or making a Motion to Seal orally prior to, or at the commencement of, such trial or evidentiary hearing and, in the absence of filing such Motion to Seal or making such Motion to Seal orally, there shall be no limitations on the ability of the Parties to offer or otherwise use such Covered Information  at trial or any hearing held in open court.

3.    <u>Depositions</u>.  In the event that a Party wishes to use or refer to Covered Information at any deposition pertaining to the Bankruptcy Proceedings, the Designating Party may require all Persons other than the deponent, court reporter, other Parties or their Representatives already permitted access to the Covered Information and Persons entitled to attend the deposition who execute the acknowledgment attached hereto as <u>Exhibit A</u>, to be excused from the deposition during the time that the Covered Information is being disclosed or discussed.  The Designating Party also may request that the court reporter acknowledge in writing or on the record that he or she will not disclose the Covered Information to any Person other than to the Parties and

their Representatives who are permitted access to such Covered Information and other Persons entitled to attend the deposition who have executed the acknowledgment attached hereto as <u>Exhibit A</u>.   The portions of any deposition transcript, video record or associated exhibits containing Covered Information shall be designated "Confidential" and the portions thereof containing such Covered Information shall be subject to the provisions of this Protective Order.  A Person, other than a Party or a Representative, who is entitled to attend the deposition as a party in interest in the Chapter 11 Case and who executes the acknowledgment for purposes of attending portions of a deposition during times Covered Information is being disclosed or discussed, shall have all the rights and obligations of a Party with respect to the use and protection of such Covered Information.

J.    **"Professional Eyes Only" Restrictions**.  Notwithstanding anything to the contrary in this Protective Order, the Talc Claims Databases shall be subject to "Professional Eyes Only" restrictions as set forth in this Paragraph J.  In particular, only Bailey Glasser LLP ("<u>Bailey</u>"), Brown Rudnick LLP ("<u>Brown</u>"), Otterbourg PC ("<u>Otterbourg</u>"), Genova Burns LLC ("<u>Genova</u>"), Parkins Lee & Rubio LLP ("<u>Parkins</u>"), and Massey & Gail LLP ("<u>Massey</u>"), in their respective capacities as counsel and special counsel to the Committee and any other counsel retained by the Committee (collectively, "<u>Committee Counsel</u>"), and any financial advisor, consulting expert, testifying expert, or other professionals retained by the Committee (collectively, the "<u>Committee Advisors</u>" and together with the Committee Counsel, the "<u>Committee Professionals</u>") (while serving in their capacity as such) shall be authorized to review a copy of the Talc Claims Databases and the information contained therein; provided, however, if the Futures Representative elects to become a Party to this Protective Order pursuant Paragraph S, the Futures Representative and the Futures Representative's court-appointed legal counsel (the "<u>FCR Legal Counsel</u>") and any

financial advisor, consulting expert, testifying expert, or other professional retained by the (the "FCR Other Professionals") shall be authorized to review a copy of the Talc Claims Databases and the information contained therein after execution of the acknowledgment attached hereto as Exhibit A (while they are serving as Court-approved advisors to the FCR).  The Committee Professionals, FCR Legal Counsel, and FCR Other Professionals shall keep the Talc Claims Databases confidential, and shall not disclose it or its contents to any Party or Representative, including any member of the Committee or their respective Representatives, without the Debtor's prior written consent or an order of the Bankruptcy Court following a challenge to confidentiality in accordance with the provisions in Paragraph E above; provided, however, that the Committee Professionals, FCR Legal Counsel, and FCR Other Professionals shall be authorized to prepare summaries or analyses of the Talc Claims Databases that do not disclose individual settlement amounts or settlement amounts by law firm and such summaries and analyses shall be treated as Covered Information pursuant to the terms of this Protective Order; provided, further that, to permit the experts to verify the information contained in the Talc Claims Databases the Committee Professionals, FCR Legal Counsel, and FCR Other Professionals may disclose the settlement information of a law firm to such law firm only and not to any other law firm.  Other Covered Information may be designated "Professional Eyes Only" and shall be treated consistent with this Paragraph J.

**K.    Notices**.    Except as otherwise provided herein, all notices and other communications between the Parties required or permitted under this Protective Order shall be in writing and shall become effective when delivered by electronic mail, overnight courier service, registered or certified mail (postage prepaid) or hand delivery, addressed as follows or to such

other addresses or electronic mail as may be thereafter designated in writing by such party to the

other parties:

The Committee:                  GENOVA BURNS LLC
                                Daniel M. Stolz, Esq.
                                Donald W. Clarke, Esq.
                                Matthew I.W. Baker, Esq.
                                dstolz@genovaburns.com
                                dclarke@genovaburns.com
                                mbaker@genovaburns.com
                                110 Allen Road, Suite 304
                                Basking Ridge, NJ 07920
                                Tel: (973) 467-2700
                                Fax: (973) 467-8126

                                -and-

                                BAILEY GLASSER LLP
                                Brian A. Glasser, Esq.
                                Thomas B. Bennett, Esq.
                                bglasser@baileyglasser.com
                                tbennett@baileyglasser.com
                                105 Thomas Jefferson St. NW, Suite 540
                                Washington, DC 20007
                                Tel: (202) 463-2101
                                Fax: (202) 463-2103

                                -and-

                                BROWN RUDNICK LLP
                                David J. Molton, Esq.
                                Robert J. Stark, Esq.
                                Michael Winograd, Esq.
                                Jeffrey L. Jonas, Esq.
                                dmolton@brownrudnick.com
                                rstark@brownrudnick.com
                                mwinograd@brownrudnick.com
                                jjonas@brownrudnick.com
                                Seven Times Square
                                New York, NY 10036
                                Tel: (212) 209-4800
                                Fax: (212) 209-4801

                                Sunni P. Beville, Esq.
                                sbeville@brownrudnick.com

-18-

One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

-and-

MASSEY & GAIL LLP
Jonathan S. Massey
1000 Maine Avenue SW Suite 450
Washington, DC 20024
Main: 202-652-4511
Facsimile: 312-379-0467
Email: jmassey@masseygail.com

-and-

PARKINS LEE & RUBIO LLP
Leonard M. Parkins, Esq.
Charles M. Rubio, Esq.
lparkins@parkinslee.com
crubio@parkinslee.com
Pennzoil Place
700 Milan St., Suite 1300
Houston, TX 77002
Tel: (713) 715-1666

-and-

OTTERBOURG PC
Melanie L. Cyganowski, Esq.
Adam C. Silverstein, Esq.
Jennifer S. Feeney, Esq.
mcyganowski@otterbourg.com
asilverstein@otterbourg.com
jfeeney@otterbourg.com
230 Park Avenue
New York, NY 10169
Tel: (212) 905-3628
Fax: (212) 682-6104

The Debtor:                    JONES DAY
                               Gregory M. Gordon
                               Dan B. Prieto
                               Amanda Rush
                               Mark W. Rasmussen
                               2727 North Harwood Street
                               Dallas, Texas 75201
                               Telephone:  (214) 220-3939
                               Facsimile: (214) 969-5100
                               gmgordon@jonesday.com
                               dbprieto@jonesday.com
                               asrush@jonesday.com
                               mrasmussen@jonesday.com


                               Brad B. Erens
                               JONES DAY
                               77 West Wacker
                               Chicago, Illinois 60601
                               Telephone: (312) 782-3939
                               Facsimile: (312) 782-8585
                               E-mail: bberens@jonesday.com

                               James M. Jones
                               JONES DAY
                               250 Vesey Street
                               New York, NY  10281-1047
                               Telephone: (212) 326-3939
                               Facsimile: (412) 394-7959
                               jmjones@jonesday.com

                               -and-


                               Paul R. DeFilippo, Esq.
                               James N. Lawlor, Esq.
                               Lyndon M. Tretter, Esq.
                               Joseph F. Pacelli, Esq.
                               Wollmuth Maher & Deutsch LLP
                               500 Fifth Avenue
                               New York, New York 10110
                               Telephone: (212) 382-3300
                               Email: pdefilippo@wmd-law.com
                                      jlawlor@wmd-law.com
                                      ltretter@wmd-law.com
                                      jpacelli@wmd-law.com

L.    **Term and Related Matters.**  Unless otherwise provided in a plan of reorganization

or court order, within ninety (90) days after:  (1) the later of either the effective date of a plan of

reorganization in the Chapter 11 Case, or the exhaustion of all appeals, if any, of the order

confirming the plan or plans; or (2) the entry of an order dismissing the Chapter 11 Case, all

Covered Information shall promptly be either destroyed (with a certificate of destruction executed

by counsel for the Party destroying the Covered Information to be relayed to the Disclosing Party

within forty-eight (48) hours of said destruction) or returned to the Designating Party, without

retention of any copy thereof except that (i) counsel may retain for its records their work product

(including but not limited to interview or document summaries, internal memoranda, and papers

prepared, created or served in connection with the Bankruptcy Proceedings) and a copy of court

filings, deposition transcripts or recordings, as well as any exhibits used therein, expert reports and

exhibits introduced at any hearing and (ii) emails are not subject to the foregoing destruction or

return requirement.  Furthermore, any Person receiving Covered Information may retain such

information that is auto-archived or otherwise "backed up" on electronic management and

communications systems or servers, or as may be required for regulatory recordkeeping purposes.

Any and all such retained Covered Information, including emails that are not required to be

destroyed or returned, shall remain subject to the terms of this Protective Order.

M.    **Inadvertent Production**.    Inadvertent disclosure or production of Covered

Information that is subject to the attorney-client privilege, the work-product doctrine,

the joint-defense or common-interest doctrine or any other privilege or immunity from discovery

or disclosure shall not constitute a waiver of, or an estoppel as to any claim of, such privilege,

immunity or protection.  Any Receiving Party, upon learning that such Covered Information is

subject to a claim of privilege or protection, through a communication from the Designating Party

or the Disclosing Party, shall destroy or return to the Disclosing Party such Covered Information

no later than ten (10) days from either learning of the erroneous production or receiving a written

request by the Designating Party or the Disclosing Party for the return or destruction of the

inadvertently produced Covered Information, and the Receiving Party shall not retain or keep any

copy, including any electronic or hard copy, of the inadvertently disclosed Covered Information

or notes regarding the Covered Information or its contents; *provided*, *however*, that the Receiving

Party may have an auto-archived or otherwise backed-up copy pursuant to its archiving policy and

is not otherwise required to initiate any additional steps to destroy or otherwise compromise its

auto-archived files.  Nothing in this Paragraph M shall affect any Party's right to file a motion to

compel the production of inadvertently disclosed Covered Information on the basis that such

Covered Information is not subject to the attorney-client privilege, the work product doctrine, the

joint defense or common-interest doctrine or any other privilege or immunity from discovery or

disclosure.

N.    **Waivers**.  No failure or delay by any Party in exercising any right, power or

privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof

preclude any other or further exercise thereof or the exercise of any right, power or privilege

hereunder.

O.    **Consent to Jurisdiction; Venue**.  The Parties shall have standing to enforce

the terms of this Protective Order, or to seek relief from its terms, by appropriate proceedings

brought before the Bankruptcy Court on due notice thereof and opportunity to be heard.

The Parties, their Representatives and any Person signing a written acknowledgement of this

Protective Order pursuant to Exhibit A hereof hereby irrevocably and unconditionally submit to

the exclusive jurisdiction and venue of the Bankruptcy Court for purposes of any suit, action

or other proceeding arising out of or relating to the enforcement or interpretation of this Protective Order and for no other purposes.

P.      **Privileges and Immunities**.  Nothing in this Protective Order shall operate to require the production or disclosure of Covered Information, or any portion thereof, that is subject to a good-faith assertion of the attorney-client privilege, joint defense privilege, common-interest doctrine or work product doctrine.

Q.      **Amendments**.  This Protective Order may be amended by further order of the Bankruptcy Court.

R.      **Change of Venue/Withdrawal of Reference**.  If these Bankruptcy Proceedings are transferred to another bankruptcy court, the Parties agree to present to that bankruptcy court a protective order that (1) is substantially in the form of this Protective Order and (2) provides that all information designated as confidential either before or after the entry of the new protective order shall be governed by that order and not this Protective Order.  Unless otherwise agreed by the Parties, until another bankruptcy court enters a new protective order substantially in the form described in the preceding sentence, information designated as confidential shall continue to be governed by this Protective Order.  If the reference of these Bankruptcy Proceedings is withdrawn, in whole or in part, to the District Court, unless otherwise agreed by the Parties or the District Court orders otherwise, this Protective Order shall continue to govern information designated as confidential, but challenges to confidentiality designations and any other disputes regarding matters within the scope of the withdrawn reference and governed by this Protective Order shall be presented to and determined by the District Court.

S.      **Futures Representative**.  The Futures Representative, if appointed, may elect to be a Party to this Protective Order by filing a notice with the Bankruptcy Court indicating that the

Futures Representative has made such an election.  The Futures Representative shall be deemed a

Party to this Protective Order, with all the rights and obligations of a Party under this Protective

Order, as of the date such notice is filed with the Bankruptcy Court.


REMAINDER OF PAGE INTENTIONALLY LEFT BLANK
SIGNATURES BEGIN ON FOLLOWING PAGE

AGREED AND CONSENTED TO BY:

*/s/ Mark W. Rasmussen*
JONES DAY
Gregory M. Gordon (TX Bar 08435300)
Dan B. Prieto (TX Bar 24048744)
Amanda Rush (TX Bar 24079422)
Mark W. Rasmussen (TX Bar 24086291)
2727 North Harwood Street
Dallas, Texas 75201
Telephone:  (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
mrasmussen@jonesday.com

Brad B. Erens (IL Bar No. 06206864)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
E-mail: bberens@jonesday.com

James M. Jones (NY Bar. No. 5522115)
JONES DAY
250 Vesey Street
New York, NY  10281-1047
Telephone: (212) 326-3939
Facsimile: (412) 394-7959
jmjones@jonesday.com

-and-

Paul R. Defilippo, Esq.
Wollmuth Maher & Deutsch LLP
90 Washington Valley Road
Bedminster, NJ 07921
Telephone: (973) 733-9200
Email: pdefilippo@wmd-law.com

COUNSEL FOR THE DEBTOR

*/s/ Sunni Beville*
GENOVA BURNS LLC
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
Matthew I.W. Baker, Esq.
dstolz@genovaburns.com
dclarke@genovaburns.com
mbaker@genovaburns.com
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Tel: (973) 467-2700
Fax: (973) 467-8126

-and-

BAILEY GLASSER LLP
Brian A. Glasser, Esq.
Thomas B. Bennett, Esq.
bglasser@baileyglasser.com
tbennett@baileyglasser.com
105 Thomas Jefferson St. NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103

-and-

BROWN RUDNICK LLP
David J. Molton, Esq.
Robert J. Stark, Esq.
Michael Winograd, Esq.
Jeffrey L. Jonas, Esq.
dmolton@brownrudnick.com
rstark@brownrudnick.com
mwinograd@brownrudnick.com
jjonas@brownrudnick.com
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

Sunni P. Beville, Esq.

sbeville@brownrudnick.com
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

-and-

MASSEY & GAIL LLP
Jonathan S. Massey
1000 Maine Avenue SW Suite 450
Washington, DC 20024
Main: 202-652-4511
Facsimile: 312-379-0467
Email: jmassey@masseygail.com

-and-

PARKINS LEE & RUBIO LLP
Leonard M. Parkins, Esq.
Charles M. Rubio, Esq.
lparkins@parkinslee.com
crubio@parkinslee.com
Pennzoil Place
700 Milan St., Suite 1300
Houston, TX 77002
Tel: (713) 715-1666

-and-

OTTERBOURG PC
Melanie L. Cyganowski, Esq.
Adam C. Silverstein, Esq.
Jennifer S. Feeney, Esq.
mcyganowski@otterbourg.com
asilverstein@otterbourg.com
jfeeney@otterbourg.com
230 Park Avenue
New York, NY 10169
Tel: (212) 905-3628
Fax: (212) 682-6104

PROPOSED CO-COUNSEL FOR THE
OFFICIAL COMMITTEE OF TALC
CLAIMANTS

This Order has been signed electronically.
The judge's signature and court's seal appear
at the top of the Order.

United States Bankruptcy Court

## EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re | Chapter 11 |
| LTL Management LLC,[1] | |
| Debtor. | Case No. 21-30589-MBK |

## ACKNOWLEDGEMENT

I, _____, hereby understand and agree that Covered Information, as such term is defined in the *Agreed Protective Order Governing Confidential Information* (the "Protective Order") entered by the Bankruptcy Court in the above-captioned matter, may only be provided to me subject to the terms and conditions set forth in the Protective Order.  Capitalized terms not otherwise defined herein have the meanings given to them in the Protective Order.

I hereby acknowledge that I have been given a copy of and have read and understand the Protective Order.  I agree that I shall not disclose Confidential Information to others and that Confidential Information shall be used only for the purpose of the Bankruptcy Proceedings, as set forth in the Protective Order.

I further agree to be bound by the terms of the Protective Order and to subject myself to the jurisdiction of the Bankruptcy Court for the enforcement of the Protective Order and understand that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions by the Bankruptcy Court and/or be liable to a Party for misappropriation, trade-secret violations or other possible causes of action.

Date: _____     Signature: _____

Firm: _____     Printed Name: _____

Title: _____

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.