| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| LLT MANAGEMENT, LLC,<br><br>            Debtor. |

**Order Filed on January 13, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No. 21-30589

Chapter 11

Judge Michael B. Kaplan

# AMENDED CASE MANAGEMENT ORDER SETTING SELECTION PROTOCOL FOR FUTURE TALC CLAIMS REPRESENTATIVE

The relief set forth on the following pages, numbered two (2) through three (3), is hereby ORDERED.

DATED: January 13, 2022

**DATED: January 13, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**THIS MATTER** having come before the Court by way of the Debtor's Motion for an Order Appointing Joseph W. Grier as Legal Representative for Future Talc Claimants (ECF No. 726) ("Debtor's Motion"); and several parties informally objecting to such appointment; and the Court having expressed its concern regarding anticipated costs, delays and use of resources associated with litigation over nomination and appointment of a Future Talc Claims Representative ("FTCR"); and the Debtor, acting at the Court's direction having withdrawn Debtor's Motion without prejudice on January 3, 2022 (ECF No. 1035); and pursuant to the authority given the Court in 11 U.S.C §105 and 11 U.S.C §524(g)(4)(B)(i), and for good cause shown;

**IT IS ON THIS 13th DAY OF JANURY, 2022, HEREBY ORDERED:**

1. On or before **February 8, 2022**, the Debtor and the Official Committees of Talc Claimants I & II (collectively, "Committees") shall each submit *ex parte* to the Court up to **three** (**3**) names [for a total of **six** names] of nominees for appointment as the FTCR. Along with each nominee's name, the parties must provide the Court with a *curriculum vitae* and a verified statement consistent with the requirements of Fed. R. Bankr. P. 2014.

2. The Office of the US Trustee may submit *ex parte* to the Court its own single nominee in the same time period and in the same format. Likewise, the Court may also add a nominee for consideration.

3. Upon the submission of nominees, the Court will assemble and docket the list of names and supporting documentation. All parties will have an opportunity for limited discovery, directed at the nominees, which discovery is to conclude no later than **fourteen (14) days** following the conclusion of the hearing on the pending Motions to Dismiss the Chapter 11 proceeding.

4. After the discovery period, the Debtor and Committees may each strike the names of up to two nominees [for a total of four stricken nominees] without further discussion or explanation. The Court will then schedule a final hearing at which all parties in interest may argue in favor and/or against any of the remaining nominees. In advance of the hearing, the parties will file statements indicating their preferences and/or objections. The Court will thereafter select and appoint the FTCR after consideration of oral argument and submissions. There will be no testimony at the final hearing absent approval in advance by the Court.

5. Discovery may be sought only as to the identified nominees and inquiry is limited to (1) information relative to a nominee's experience, qualifications, competence and prior engagements as a future claims representative, and (2) information having a direct bearing upon whether the nominee is a "disinterested person" as the term is defined under 11 U.S.C §101(14).