# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: <br><br> LTL MANAGEMENT LLC,[1] <br><br>       Debtor. | Chapter 11 <br><br> Case No.: 21-30589 <br><br> Judge: Michael B. Kaplan |

**SUPPLEMENTAL CERTIFICATION OF**
**GREGORY M. GORDON IN SUPPORT OF APPLICATION**
**FOR RETENTION OF JONES DAY, EFFECTIVE AS OF OCTOBER 14, 2021**

  I, Gregory M. Gordon, being of full age, certify as follows:

  1.  I am a partner with the law firm of Jones Day and am duly authorized to make this certification on behalf of Jones Day.

---

[1]   The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2. My professional credentials include being admitted and in good standing to practice law in the State of Texas, before the United States District Court for the Northern District of Texas, and before the United States Court of Appeals for the Eighth Circuit. I am permitted to appear *pro hac vice* in this case. See Dkt. 604.

3. I submit this supplement (the "Supplemental Certification") in further support of the *Application for Retention of Jones Day, Effective as of October 14, 2021* [Dkt. 541] filed by the Debtor (the "Application")[2] and to supplement my certifications attached to the Application [Dkts. 541-2 & 541-3] (together, the "Original Certification"). Unless otherwise stated in this Supplemental Certification, I have personal knowledge of the facts set forth herein.

4. The Debtor is owned, through certain intermediate companies, by J&J. I am generally familiar with the general nature of the legal services Jones Day has provided to J&J, as reflected in the Firm's records, and have made appropriate investigation of those records where appropriate for purposes of this supplement. Jones Day does not act as general counsel for our clients. Rather, our work and advice is limited to specific matters on which we are specifically engaged. As to J&J, the Firm's records reflect that Jones Day has largely represented J&J and its affiliates on intellectual property matters.[3] To a much lesser extent, Jones Day has also provided legal services in the areas of labor and employment, mergers and acquisitions, tax and (recently) restructuring. In each of the past ten years, Jones Day's work for

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

[3] The Debtor's direct subsidiary, Royalty A&M LLC, owns a portfolio of royalty revenue streams, including royalty revenue streams based on third-party sales of LACTAID®, MYLANTA® / MYLICON® and ROGAINE® products. Jones Day does not represent J&J in matters involving these products.

J&J and its affiliates has represented less than one half of 1% of the Firm's total annual revenue, and, in 2021, it has been similarly small.

5. In March 2021, J&J engaged Jones Day to provide legal advice with respect to a potential restructuring. In the course of that engagement, Jones Day assisted J&J and Old JJCI in the corporate restructuring that was completed on October 12, 2021 (the "<u>2021 Corporate Restructuring</u>").[4] Jones Day did not represent the Debtor in the 2021 Corporate Restructuring. Indeed, the Debtor did not exist prior to the 2021 Corporate Restructuring. Rather, on October 12, 2021, the Debtor was created in the course of the 2021 Corporate Restructuring. Jones Day then concluded its representation of J&J in the 2021 Corporate Restructuring, as reflected in an email between J&J and Jones Day dated October 12, 2021, attached hereto as <u>Exhibit A</u>, and its representation of Old JCCI, which ceased to exist, altogether. As of the Debtor's formation on that day, Jones Day agreed to represent the Debtor. Reflecting the new representation, Jones Day entered into an engagement letter with the Debtor, attached hereto as <u>Exhibit B</u>.

6. In the course of Jones Day's now-concluded representations of J&J and Old JCCI in the 2021 Corporate Restructuring, Jones Day's professionals worked closely with individuals who now serve in the Debtor's management as well as other professionals who had been advising J&J and Old JCCI. As a result, Jones Day's professionals became knowledgeable regarding the Debtor's and Old JJCI's defense of talc claims, the history of Old JJCI, the Debtor's assets and liabilities, and other details of the Debtor relevant to issues that will be important in the prosecution and resolution of this Chapter 11 Case. In short, Jones Day has

---

[4] The 2021 Corporate Restructuring was effectuated through a series of transactions that are described in greater detail in the First Day Declaration.

developed substantial knowledge regarding the Debtor that will result in effective and efficient services in the Chapter 11 Case.

7. Jones Day has represented and will represent only the Debtor in the Chapter 11 Case. Jones Day has not represented and does not represent New JJCI, J&J, or any other affiliate of either of them or of the Debtor in the Chapter 11 Case or in any other matter adverse to the Debtor. Indeed, Jones Day has not represented, and does not represent, New JJCI in any matter. New JJCI and J&J have retained White & Case LLP to represent them in matters relating to the Debtor and the Chapter 11 Case.

I certify under penalty of perjury that the above information is true.

Dated: January 18, 2022

/s/ Gregory M. Gordon
Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100