UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1(b)**

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones
Karen B. Dine
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
　　　　kdine@pszjlaw.com
　　　　crobinson@pszjlaw.com
　　　　pkeane@pszjlaw.com

*Counsel to Arnold & Itkin LLP*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>　　　　　　　　　　Debtor.¹ | Chapter 11<br><br>Case No. 21-30589 (MBK)<br><br>**Hearing Date and Time:**<br>February 2, 2022 at 10:00 a.m. |

## ARNOLD & ITKIN LLP'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH REGARD TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING THE EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

The law firm of Arnold & Itkin LLP ("Arnold & Itkin"), on behalf of over 7,000 talc personal injury claimants who are represented by Arnold & Itkin ("Claimants"), by and through the undersigned counsel, hereby submits this limited objection and reservation of rights with regard to the *Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) Extending*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

DOCS_DE:237956.3 05471/002

*the Exclusive Periods to File a Plan of Reorganization and Solicit Acceptances Thereof* [Docket No. 1127] (the "Exclusivity Motion").  In support hereof, Claimants respectfully represent as follows:

## LIMITED OBJECTION

1. Given the status of this case, in particular the upcoming hearing on the (i) *Motion to Dismiss Bankruptcy Case* filed by Claimants [Docket No. 766] (the "A&I Motion to Dismiss"), and (ii) the *Motion of the Official Committee of Talc Claimants to Dismiss Debtor's Chapter 11 Case* [Docket No. 632] (the "TCC Motion to Dismiss," together with the A&I Motion to Dismiss, the "Motions to Dismiss"), it would be premature for the Court to extend the Exclusive Periods[2] through June 13, 2022 and August 10, 2022, respectively, at this time.[3]  Instead, the Court should limit the extension of the Exclusive Periods to thirty (30) days after the Court rules on the Motions to Dismiss.

2. The Motions to Dismiss present ***the*** threshold issue in this case.  If the Motions to Dismiss are granted, the Exclusivity Motion will be mooted.  If the Court denies the Motions to Dismiss, the Debtors should not immediately have the advantage of a plan exclusivity period that extends through the middle of June, during which talc claimants and any official committee for talc claimants are prohibited from proposing a plan of reorganization themselves.

3. Importantly, in connection with the hearing on the Motions to Dismiss and the hearing on February 17, 2022 on the continuation of the bridge order [Adv. Pro. Docket No. 157] (the "Injunction Order") entered on the *Debtor's Request for Preliminary Injunctive Relief* [Adv. Pro. Docket No. 1] (the "Injunction Request"), the Court may hear facts and arguments that

---

[2] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Exclusivity Motion.
[3] The Court is currently scheduled to hear the Motions to Dismiss at a multi-day evidentiary hearing starting on February 14, 2022.

could influence its decision on the Exclusivity Motion and the appropriate length of an extension of the Exclusive Periods. Prematurely granting the Exclusivity Motion in full before the hearings on the Motions to Dismiss and the Injunction Request prejudices talc claimants, including Claimants. In the (highly unlikely) event the Court denies the Motions to Dismiss, extends the Injunction Order and grants the Exclusivity Motion now, this case will represent the exact opposite of a "level playing field." Talc claimants will be enjoined from either proposing a plan of reorganization (as will any official committee of talc claimants) or pursuing their claims against J&J and other third parties, including the Debtor's other non-debtor affiliates and will be forced to wait while the only plan the Debtor will ever propose is one that will undoubtedly include third-party releases for the Debtor's parent and other non-debtor affiliates and permanently enjoin talc litigation against them, further denying Claimants the opportunity to seek redress for their claims against responsible parties.

4. If the Court limits the extension of the Exclusive Periods to thirty (30) days after a ruling on the Motions to Dismiss, the Debtor will not be prejudiced. It can seek a further extension and at that time explain to the Court why it is justified in light of facts and arguments presented to the Court in connection with the upcoming hearings.

## **RESERVATION OF RIGHTS**

5. Claimants reserve all rights with respect to the Exclusivity Motion and expressly reserve the right to raise additional arguments at the hearing thereon.

WHEREFORE, Claimants respectfully request that the Court enter an order: (i) denying the Exclusivity Motion or granting a limited extension of the Exclusive Periods to a date that is thirty (30) days after the Court rules on the Motions to Dismiss; and (ii) granting such other relief as the Court deems just.

Dated: January 26, 2022                                         **PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Colin R. Robinson*
Laura Davis Jones
Karen B. Dine
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       kdine@pszjlaw.com
       crobinson@pszjlaw.com
       pkeane@pszjlaw.com

*Counsel for Arnold & Itkin LLP*