E. Richard Dressel, Esquire (ED 1793)
Lex Nova Law LLC
10 E. Stow Road, Suite 250
Marlton, NJ  08053
856.382.8211
rdressel@lexnovalaw.com
Attorneys for Erwin Chemerinsky,
    Proposed Amicus Curiae

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 21-30589 (MBK) |
| LTL MANAGEMENT, LLC, | Chapter 11 |
| Debtor. | Hon. Michael B. Kaplan |
| | Hearing Date: |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEAN CHEMERINSKY**
**FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

    Erwin Chemerinsky, Dean of the University of California, Berkeley School of Law ("Dean Chemerinsky"), by and through his undersigned counsel, hereby submits this Motion for leave to file an amicus curiae brief in support of the Motion of the Official Committee of Talc Claimants to Dismiss Debtor's Chapter 11 Case [ECF No. 632] (the "Motion to Dismiss").  In support of the relief sought, Dean Chemerinsky respectfully states as follows:

**INTEREST OF PROPOSED AMICUS CURIAE**

    1.    Dean Chemerinsky is a legal scholar with substantial expertise in constitutional law and constitutional issues relating to the bankruptcy courts.  As set forth in the Motion to Dismiss, mass tort claims are pending against Johnson & Johnson in a variety of non-bankruptcy forums, including a multi-district litigation before Chief Judge Freda Wolfson of the United States District

Court for the District of New Jersey. *See* Motion to Dismiss at ¶15; *see also In re Johnson & Johnson*, 509 F. Supp. 3d 116 (D.N.J. 2019).

2.  As a legal scholar, Dean Chemerinsky has a professional interest in providing the Court with information regarding the constitutional guarantees afforded to mass tort plaintiffs with cases against Johnson & Johnson that are potentially infringed upon as the consequence of the Debtor's bankruptcy filing, and the impact of the Court's adjudication of the Motion to Dismiss.

## LEGAL ARGUMENT

3.  This Court has inherent authority to appoint amicus curiae to assist in its proceedings. *See Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F.Supp. 2d 206, 209 (E.D.Pa. 2005).

4.  The decision to permit submissions from amicus curiae is within the broad discretion of this Court. *See United States v. Alkaabi*, 223 F.Supp. 2d 583, 592 (D.N.J. 2002).

5.  Although there is no rule in the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules of this Court governing the appearance of amicus curiae, the Third Circuit's application of Federal Rule of Appellate Procedure 29 provides guidance to this Court. *Ibid.*

6.  Federal Rule of Appellate Procedure 29 provides that a motion for leave to appear as amicus curiae "must be accompanied by the proposed brief and (A) state the movant's interest and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." F.R.A.P. 29(a)(3).

7.  Thus, a movant must show "(a) an adequate interest, (b) desirability, and (c) relevance…." *Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128, 131 (3d Cir. 2002). A movant is not required to demonstrate impartiality, or that the party to be supported is unrepresented or inadequately represented. *Id.* at 132.

8. Further, "it is preferable to err on the side of granting leave" so that a court will not "be deprived of a resource that might have been of assistance." *Id.* at 133; *see also ibid.* ("[O]ur court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted."); *Newark Branch, NAACP v. Town of Harrison,* 940 F.2d 792, 808 (3d Cir. 1991) (amicus briefs help "insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision").

9. Here, Dean Chemerinsky's proposed amicus curiae brief satisfies all three conditions set forth in Federal Rule of Appellate Procedure 29, as interpreted by the Third Circuit.

10. First, Dean Chemerinsky has an adequate interest in the Court's adjudication of the Motion to Dismiss. The Third Circuit permits parties with a wide range of interests, including "pecuniary, as well as policy, interests" to file amicus curiae submissions. *Neonatology*, *supra*, 293 F.3d at 132. Here, Dean Chemerinsky has professional and policy interests in the outcome of the Motion to Dismiss because his scholarship focuses on constitutional law and constitutional issues relating to the bankruptcy courts. The outcome of the Motion to Dismiss will have significant constitutional consequences for the mass-tort litigation currently pending against Johnson & Johnson, and will potentially have constitutional ramifications in bankruptcy cases designed to shield large corporations from liability in mass tort actions.

11. With respect to the second and third factors, the Third Circuit has held that a proposed amicus curiae brief is "relevant" and "desirable" where the brief "alerts the [court] to possible implications" of its decision. *Neonatology*, *supra*, 293 F.3d at 133. Further, the Third Circuit quoted with approval a legal treatise setting forth other qualities that render an amicus brief desirable and relevant:

> Some amicus briefs collect background or factual references that merit judicial notice. Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Ibid.* (quoting Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J. App. Prac. & Process 279 (1999)).

12. Dean Chemerinsky's proposed amicus curiae brief provides substantial information to the Court regarding the possible implications of its adjudication of the Motion to Dismiss, and supplies Dean Chemerinsky's expertise regarding the protection of constitutional guarantees such as due process in mass tort actions in the bankruptcy courts.

13. Accordingly, Dean Chemerinsky's proposed amicus curiae brief is desirable and relevant.

14. For the foregoing reasons, Dean Chemerinsky respectfully submits that his proposed amicus curiae brief satisfies the standard in Federal Rule of Appellate Procedure 29, and requests the Court to exercise its discretion to accept his brief.

## CONCLUSION

**WHEREFORE**, Dean Chemerinsky respectfully requests that this Court grant (i) his Motion; and (ii) such other and further relief as may be just and proper.

**LEX NOVA LAW LLC**

Dated: January 31, 2022

By: /s/ E. Richard Dressel
E. RICHARD DRESSEL
Attorneys for Dean Erwin Chemerinsky,
Proposed Amicus Curiae