# EXHIBIT A

(Filed as Redacted-Confidential)

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                      :    Chapter 11
                                                            :
IMERYS TALC AMERICA, INC., et al.,[1]                       :    Case No. 19-10289 (LSS)
                                                            :
        Debtors.                                            :    (Jointly Administered)
------------------------------------------------------------ :
                                                            x
IMERYS TALC AMERICA, INC., IMERYS                           :
TALC VERMONT, INC. AND IMERYS TALC                          :
CANADA INC.,                                                :    Adv. Pro. No. 19-50115 (LSS)
                                                            :
        Plaintiffs,                                         :    **Re: Adv. Docket No. 114**
                                                            :
THE OFFICIAL COMMITTEE OF TORT                              :
CLAIMANTS and JAMES L. PATTON, JR., AS                      :
FUTURE CLAIMS REPRESENTATIVE,                               :
                                                            :
        Plaintiff-Intervenors,                             :
                                                            :
v.                                                          :
                                                            :
CYPRUS AMAX MINERALS COMPANY and                            :
CYPRUS MINES CORPORATION,                                   :
                                                            :
        Defendants.                                         :
                                                            :
------------------------------------------------------------ x

## ORDER APPROVING
## ADVERSARY PROCEEDING PROTECTIVE ORDER

Upon the motion (the "**Motion**")[2] of the Parties for entry of an order approving the

*Adversary Proceeding Protective Order*, all as more fully set forth in the Motion; and the Court

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference from the United States District Court for the District of Delaware*, dated

February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2) and that this Court may enter an order consistent with Article III of the United States

Constitution; and the Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate

notice of the Motion has been given and that no other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and the Court having determined that there is

good and sufficient cause for the relief granted in this order, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      The *Adversary Proceeding Protective Order*, attached hereto as <u>Exhibit 1</u>, is hereby

APPROVED.

3.      The Parties are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.


**Dated: September 27th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

2

Case 19-50125-LSS    Doc 1335-1    Filed 05/29/19    Page 1 of 26

Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re:                                          :    Chapter 11
                                                :
IMERYS TALC AMERICA, INC., et al.,[1]           :    Case No. 19-10289 (LSS)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
                                                :
                                                :
----------------------------------------------------------- x
                                                :
IMERYS TALC AMERICA, INC., IMERYS              :    Adv. Pro. No. 19-50115 (LSS)
TALC VERMONT, INC. AND IMERYS TALC             :
CANADA INC.,                                    :
                                                :
                                                :
            Plaintiffs,                         :
                                                :
v.                                              :
                                                :
CYPRUS AMAX MINERALS COMPANY and               :
CYPRUS MINES CORPORATION,                       :
                                                :
                                                :
            Defendants.                         :
                                                :
----------------------------------------------------------- x
```

## <u>ADVERSARY PROCEEDING PROTECTIVE ORDER</u>

Based upon the agreement of Plaintiffs Imerys Talc America, Inc. ("<u>ITA</u>"), Imerys Talc

Vermont, Inc. ("<u>ITV</u>"), and Imerys Talc Canada Inc. ("<u>ITC</u>" and together with ITA and ITV, the

"<u>Debtors</u>"), Defendants Cyprus Amax Minerals Company ("<u>CAMC</u>") and Cyprus Mines

Corporation ("<u>CMC</u>" and together with CAMC, "<u>Cyprus</u>"), and those additional parties and non-

parties identified as signatories to this Adversary Proceeding Protective Order (each, a "<u>Party</u>" and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

collectively, the "Parties" to this Adversary Proceeding Protective Order regardless as to whether

they are parties to the Adversary Proceeding), and subject to the approval of the United States

Bankruptcy Court for the District of Delaware (the "Court"), this protective order pursuant to Fed.

R. Bankr. P. 7026 and 9018 and Fed. R. Civ. P. 26(c) shall govern the disclosure of information

and documents, including deposition testimony or transcripts ("Disclosure Materials"), in

connection with the above-captioned adversary proceeding (the "Adversary Proceeding"):

## **DEFINITIONS**

1.     A "Producing Party" is a person or entity that produces Disclosure Materials in

response to formal or informal discovery served in connection with the Adversary Proceeding.

2.     A "Receiving Party" is a person or entity to whom a Producing Party produces

Disclosure Materials in response to formal or informal discovery served in connection with the

Adversary Proceeding.

3.     A "Designating Party" is a person or entity that designates Disclosure Materials as

"Confidential" or "Highly Confidential" in connection with the Adversary Proceeding.

4.     "Confidential Information" shall mean any nonpublic information, Disclosure

Materials, or things produced or provided (formally or informally) by the Producing Party that

such party has a good faith reasonable belief contains confidential, proprietary, or personally or

commercially sensitive information of the Producing Party, including, without limitation, (a)

nonpublic information concerning the Producing Party's assets, liabilities, business operations,

business practices, business plans, intellectual property and trade secrets, financial projections,

financial and business analyses, insurance, and compilations and studies relating to the foregoing,

and other nonpublic documents prepared by or for the Producing Party or any of its affiliates,

insurers, or their respective employees, agents, attorneys, professionals, consultants or other

agents; (b) information implicating an individual's legitimate expectation of privacy, including

medical information and social security numbers; (c) materials related to, or, at the time of

production, subject to the protections of, any joint defense, common interest, or similar agreements

as among Cyprus, the Debtors, and/or another Producing Party; and (d) any and all information

required to be maintained confidentially by federal, state or local laws, rules, regulations or

ordinances governing or relating to privacy rights, which are furnished, disclosed or made known

to a Receiving Party, whether intentionally or unintentionally and in any manner, including in

written form, orally or through any electronic, facsimile or computer-related means of

communication. Confidential Information shall also include, without limitation: (i) any notes,

summaries, compilations, presentations, memoranda or similar written materials disclosing,

discussing or that is based on or reflects Confidential Information; (ii) any written Confidential

Information that is discussed or presented orally; and (iii) any other Confidential Information

conveyed to a Receiving Party orally that the Producing Party or their advisors or other agents

advise the Receiving Party should be treated as confidential.  Information or material that is

available to the public shall not be designated as Confidential Information.

   5.  "Highly Confidential Information" shall mean Confidential Information that shall

be disclosed on an "attorneys' and advisors' eyes only" basis and shall be limited to nonpublic

information marked or designated as "Highly Confidential," whether written, oral, photographic,

electronic or otherwise, whether in the form of slides, handouts, letters, memoranda, agreements,

facsimile transmissions, meetings, conference and other telephone calls, diskettes, files, and/or any

other mode, and that, if disclosed to non-Qualified Persons (as defined herein), could cause

significant competitive, commercial, privacy, personal, or litigation harm to the Designating Party.

## DESIGNATION AND TREATMENT OF CONFIDENTIAL INFORMATION

6.      Upon a good faith determination by the Producing Party that any Disclosure

Materials being produced or disclosed to a Receiving Party, whether formally or informally,

contain Confidential Information or Highly Confidential Information, the Producing Party shall

identify such Confidential Information or Highly Confidential Information by affixing to it, in a

manner that shall not interfere with its legibility, the words "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" on each page so designated (if the information is produced in written form) or

otherwise conspicuously labeling it on a part thereof (if in the form of tape, disc, or other form that

makes it difficult to label each page).  For any Disclosure Materials produced in native form such

that they could not be conspicuously labelled with the appropriate confidentiality designation, the

inclusion of the words "Confidential" or "Highly Confidential" in the file names shall be deemed

to comply with this requirement.  Any summary, compilation or copy of any document or thing so

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be treated as so

designated pursuant to this Adversary Proceeding Protective Order. The "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" designation shall, wherever practicable, be made prior to, or

contemporaneously with, production or disclosure, except in the case of depositions, which shall

be designated as set forth in Paragraph 15.

7.      Disclosure Materials, or information derived therefrom, shall be used solely in

connection with the Adversary Proceeding, and shall not be used in any other proceeding or for

any other purpose. Neither the Disclosure Materials designated as "CONFIDENTIAL"

("Confidential Materials") nor the contents thereof shall be given, shown, made available,

communicated, used or otherwise disclosed to anyone other than (a) the Court, the court reporter,

and the Court's personnel, (b) retained counsel and in-house counsel for the parties to the

Adversary Proceeding, and paralegal, stenographic and clerical personnel of such counsel, (c)

experts (including financial advisors, consultants, and other retained professionals) specifically retained by the parties for purposes relating to the Adversary Proceeding, (d) litigation vendors and other third-party litigation support personnel engaged for purposes of the Adversary Proceeding, and (e) the parties to the Adversary Proceeding, provided that in the case of the Official Committee of Tort Claimants (the "Committee"), the term party shall be limited to the Committee and those members thereof (or such member's designee to the Committee) who have accepted the terms of this Adversary Proceeding Protective Order. Confidential Materials may also be provided to such other persons as required by Paragraphs 12, 13, and 17 of this Adversary Proceeding Protective Order.

8.      Neither the Disclosure Materials designated as "HIGHLY CONFIDENTIAL" ("Highly Confidential Materials") nor the contents thereof shall be given, shown, made available, communicated, used or otherwise disclosed to anyone (including without limitation the Parties and their members, employees, officers, and agents) other than (a) the Court, the court reporter, and the Court's personnel, (b) retained counsel and in-house counsel for the parties, and paralegal, stenographic and clerical personnel of such counsel, provided that in the case of the Committee, the term retained counsel shall only include outside counsel for the Committee in the Adversary Proceeding (*i.e.* Robinson & Cole LLP, Willkie Farr & Gallagher LLP, and Gilbert LLP) and not include any member or its designee to the Committee, (c) experts (including financial advisors, consultants, and other retained professionals) specifically retained by the parties for purposes relating to the Adversary Proceeding, and (d) litigation vendors and other third-party litigation support personnel engaged for purposes of the Adversary Proceeding. Highly Confidential Materials may also be provided to such other persons as required by Paragraphs 12, 13, and 17 of this Adversary Proceeding Protective Order.

9.      Disclosure to the individuals authorized pursuant to Paragraphs 7 and 8 of this Adversary Proceeding Protective Order ("Qualified Persons") shall be made only as necessary for matters in the Adversary Proceeding and only after the person to whom the disclosure is to be made has been informed of the confidential or highly confidential nature of the Disclosure Materials and agrees to be bound by the terms of this Adversary Proceeding Protective Order, including, upon request of the Producing Party, that counsel for the Receiving Party shall confirm that all Qualified Persons have executed an Agreement To Be Bound By The Protective Order attached hereto as Exhibit A.  No Qualified Person to whom Confidential Materials or Highly Confidential Materials are disclosed shall disclose such materials or the contents of such materials to any person to whom disclosure is not authorized by the terms hereof.

10.      This Adversary Proceeding Protective Order does not restrict in any manner the use or disclosure by the Producing Party of any its own Disclosure Materials.  If disclosure of a document labeled Confidential or Highly Confidential is made by the Producing Party in a document filed with the Court not under seal, in a court hearing, or a deposition and not designated Confidential or Highly Confidential, such information shall no longer be considered Confidential Information or Highly Confidential Information.

11.      A Receiving Party shall have no obligation under this Adversary Proceeding Protective Order as to Confidential Information or Highly Confidential Information which: (a) is known to the Receiving Party at the time of disclosure, without obligation of confidentiality; (b) is independently developed by the Receiving Party without reference to or use of Confidential Information or Highly Confidential Information; (c) becomes known to the Receiving Party from another source, unless the Receiving Party knows or reasonably believes that such other source

was subject to a confidentiality restriction at the time of disclosure; or (d) becomes part of the

public domain through no wrongful act of the Receiving Party.

## COMPELLED DISCLOSURE OF CONFIDENTIAL INFORMATION

12.    Confidential Information and Highly Confidential Information shall not be

disclosed or made available by any Receiving Party to persons other than Qualified Persons, except

as necessary to comply with applicable law that mandates the disclosure of such information or

the valid order of a court of competent jurisdiction that mandates the disclosure of such

information; provided, however, that in the event that a Receiving Party receives a request for

Confidential Information or Highly Confidential Information or for a court order that mandates the

disclosure of such information, the Receiving Party will (a) notify the Producing Party as promptly

as practicable after being notified of a disclosure compelled by law, a request for disclosure of

such information, or valid court order, and in any event, prior to production of the Confidential

Information, or Highly Confidential Information, and the Producing Party shall notify any party

or entity known to the Producing Party to have asserted a claim of its own Privilege or Protection

in such Confidential Information or Highly Confidential Information; (b) notify the court and any

party seeking disclosure of the Confidential Information or Highly Confidential Information as to

the degree of confidentiality of the information sought; (c) produce only what is necessary to

comply with the valid court order, discovery request, or disclosure compelled by law; and (d) to

the extent a protective order or similar protection is available, produce such information under said

protective order or similar protection.

## FILING UNDER SEAL

13.    Any document containing Confidential Information or Highly Confidential

Information that is submitted to or filed with the Court shall be filed under seal as a restricted

document in accordance with Rule 9018-1 of the Local Rules of Bankruptcy Practice and
Procedure of the United States Bankruptcy Court for the District of Delaware and any applicable
Chambers Procedures (the "Local Rules"). The filing party shall file publicly a redacted form of
the document (redacting Confidential Information, Highly Confidential Information, and/or
information subject to any applicable common interest or joint defense privilege) within five (5)
days of the filing of the document under seal as a restricted document unless doing so would
compromise any applicable Privilege or Protection. Should the filing party or any other Party to
this Agreement assert that an applicable Privilege or Protection requires that such document not
be publicly filed even in a redacted format, any other party shall have the right to object to such
assertion of privilege. Should all or a part of the proposed sealed materials contain unredacted
information protected by the attorney-client privilege, joint defense privilege, common interest
privilege, work product doctrine or any other applicable privilege, the moving party shall notify in
writing all parties and non-parties with which it shares the applicable privileges (the "Common
Interest Parties") prior to filing its motion to seal. The Common Interest Parties shall have the right
to object to and be heard regarding the future filing of such materials under seal. Any party that
files a motion to file under seal in the Bankruptcy Court for the District of Delaware shall provide
counsel to the U.S. Trustee with a copy of all documents sought to be sealed, pursuant to
Bankruptcy Code § 107(c)(3)(A), provided however, that the filing party may move the
Bankruptcy Court (under the motion to seal or otherwise) to limit access to all or a part of the
proposed sealed materials on grounds of the attorney-client privilege, joint defense privilege,
common interest privilege, work product doctrine or any other applicable privilege, provided
further that the U.S. Trustee's rights to object to the same are fully preserved. The party seeking
to use Disclosure Materials containing Confidential Information or Highly Confidential

Information must submit an unredacted version of such paper or pleading to the court overseeing the Adversary Proceeding for in camera review in connection with any objection to the motion to seal. Pending a ruling on an objection to any motion to seal, any Party (including the U.S. Trustee) that receives a filing or document subject to a motion to seal shall treat such material as non-public information subject to the continuing protections accorded such material under this Adversary Proceeding Protective Order and as subject to the limitation on use and disclosure as set forth in Local Rule 9018-1(f). Moreover, if the motion to seal is denied, the material subject to the motion to seal shall be returned to the filer, unless otherwise expressly agreed by the filer in writing, provided further that such material need not be returned to the filer if the subject material later is filed as a public document. The mere inclusion in a paper or pleading of factual information derived from documents or things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not require that paper or pleading to be filed under seal if the Parties agree in writing prior to filing the paper or pleading that the factual information actually contained in that paper or pleading would not itself be properly subject to such designation. If the Parties cannot resolve a dispute regarding the inclusion in a paper or pleading of facts from documents or things marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the procedures of this paragraph shall be followed prior to the filing of any such paper or pleading.

## USE OF CONFIDENTIAL INFORMATION AT TRIAL OR DEPOSITION

14.     Except as otherwise approved by the Designating Party or by an order of the Court, the Receiving Party may use the Confidential Information or Highly Confidential Information, including any information contained in documents so designated, in preparing and deposing only: (a) an individual who has had or who is eligible to have access to the Confidential Information or Highly Confidential Information by virtue of his or her past or present employment or role with

the Producing Party, the Debtors, Cyprus, and any other Party, or any of their affiliates; (b) an individual identified in the Confidential Information or Highly Confidential Information as an author, addressee, or copy recipient of such information; (c) an individual who, although not identified as an author, addressee, or copy recipient of such Confidential Information or Highly Confidential Information, has seen such Confidential Information or Highly Confidential Information in the ordinary course of business; (d) any of the professionals retained by the Producing Party or any other Party to this Adversary Proceeding Protective Order; or (e) any Qualified Person who has executed the Agreement To Be Bound By The Protective Order attached hereto.

15.    Information disclosed at depositions in this Adversary Proceeding may be designated as Confidential Information or Highly Confidential Information by indicating on the record at the deposition that the testimony contains Confidential Information or Highly Confidential Information and is subject to the provisions of this Protective Order. The portions of any deposition transcript that the Designating Party has designated on the record as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and any Confidential Information or Highly Confidential Information that is marked as a deposition exhibit shall be treated as Confidential Information or Highly Confidential Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Information for seven (7) days after the transcript is delivered to counsel for the Producing Party. During the seven (7) day period, the Producing Party may designate by page and line number any portion of a deposition transcript, to the extent not previously designated, as Confidential Information or Highly Confidential Information. Transcript pages and exhibits containing Confidential Information or Highly Confidential Information shall be distributed only in accordance with this Adversary Proceeding

Protective Order and to the deponent, and the deponent's counsel (who shall first have executed

the Agreement To Be Bound By The Protective Order attached hereto if such counsel is not also

counsel for one of the Parties to this Adversary Proceeding Protective Order).

16.     Except as set forth in paragraph 17 below as to the U.S. Trustee, no one may attend

or review the portion(s) of transcripts of any depositions designated as containing Confidential

Information or Highly Confidential Information, other than those Qualified Persons otherwise

permitted to view Confidential Information or Highly Confidential Information pursuant to the

terms of this Adversary Proceeding Protective Order.

17.     The Parties shall discuss the manner of use of Confidential Information or Highly

Confidential Information at any hearing or trial in the Adversary Proceeding, including any

procedures related to the non-public disclosure of Confidential Information or Highly Confidential

Information, and shall consult with the U.S. Trustee with regards to any planned use of

Confidential Information or Highly Confidential Information at any hearing or trial in the Chapter

11 Cases that involves the non-public disclosure thereof. In the event that an agreement cannot be

reached on such procedures, the issue shall be determined by the Bankruptcy Court. All trial

exhibits or other materials to be offered into evidence at a hearing or proceeding in the Bankruptcy

Court as to which a party seeks to prevent or limit public disclosure shall be provided to counsel

to the U.S. Trustee before the hearing in the form such materials will be offered into evidence,

subject to the continuing restrictions on use and disclosure provided hereunder, to the extent not

already provided.

## DESIGNATION DISPUTES AND INADVERTENT PRODUCTIONS

18.     In the event that a dispute arises concerning the question of whether information

should be treated as Confidential Information or Highly Confidential Information, the party

challenging the need for such treatment shall advise the Designating Party by written notification, specifying why such treatment is improper. The parties shall attempt to resolve in good faith within three business day any such disputes as to the need to treat the information as Confidential Information or Highly Confidential Information; provided, however, if any such dispute cannot be resolved in three business days, the party objecting to the confidential nature of the information may, on an expedited basis, move for an Order relieving it from the obligations of this Adversary Proceeding Protective Order, with respect to such Confidential Information or Highly Confidential Information. The Designating Party shall fully cooperate with efforts to bring the dispute to the Court on an expedited basis. The party challenging the designation shall demonstrate to the Court that good faith attempts to resolve the dispute without the need for the Court's intervention have been exhausted. The Disclosure Materials at issue shall be treated as Confidential Materials or Highly Confidential Materials, as designated by the Producing Party, until the issue is determined by the Court; provided, however, that the burden shall remain with the Designating Party to demonstrate that Disclosure Materials in dispute are properly designated as Confidential Materials or Highly Confidential Materials.

19. A Party's failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver of that Party's later claim that such information should be entitled to another designation pursuant to this Adversary Proceeding Protective Order ("Misdesignated Material") at any time thereafter. Any Misdesignated Material inadvertently disclosed by or on behalf a Producing Party without being designated "Confidential" or "Highly Confidential" may thereafter be so designated by promptly notifying the Receiving Party in writing that such materials are Confidential or Highly Confidential, as the case may be. The Receiving Party shall thereafter treat such materials as so designated. To the extent the Misdesignated

Case 21-30589-MBK   Doc 1325-1   Filed 01/31/22   Entered 01/31/22 20:54:37   Desc
Case 15-50189-rlj11   Doc 119-1   Filed 09/27/19   Page 18 of 35
Exhibits A through C    Page 18 of 35

Material was provided to parties to which disclosure would be barred under the proper confidentiality designation, the Producing Party shall make all reasonable efforts to ensure such Misdesignated Materials either (a) be returned by the Receiving Party to the Producing Party without the keeping a copy thereof, which includes best efforts to erase any electronically stored information; or (b) destroyed by the Receiving Party without keeping a copy thereof, which includes best efforts to erase any electronically stored information.

20.     If Disclosure Material (designated Confidential, Highly Confidential or neither) that is subject to a claim of attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, or any other applicable privilege or protection from disclosure (a "Privilege or Protection"), is nevertheless inadvertently produced ("Inadvertently Produced Material"), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of Privilege or Protection to which such inadvertently Producing Party or any person or entity claiming a shared Privilege or Protection would otherwise be entitled, in the Adversary Proceeding, the Debtors' bankruptcy cases, proceedings or contested matters therein, or any other federal or state proceeding.  This Adversary Proceeding Protective Order shall be interpreted to provide the maximum protection allowed by rule 502(d) of the Federal Rules of Evidence, and the Parties agree that their productions satisfy the provisions of rule 502(b).  If a claim of inadvertent production is made pursuant to this paragraph, the Receiving Party shall, upon notification and request, return or destroy the Inadvertently Produced Material (including all copies thereof) as to which the claim of inadvertent production has been made, within three business days, and the information shall not be used for any purpose.  Such request shall describe the Inadvertently Produced Material with a reasonable degree of specificity (such as a Bates number or range, or other manner by which the Receiving Party can identify the material) and state the

applicable privilege or protection upon which a claim of inadvertent disclosure is predicated.  If a Producing Party discovers that it has produced Disclosure Materials that appear to be subject to a Privilege or Protection, the Producing Party who provided the Disclosure Materials shall immediately notify the Receiving Party in writing or electronic mail regarding the production and shall provide the Receiving Party with the first bates number or bates range of the Inadvertently Produced Materials.  If a Receiving Party discovers that it has received Disclosure Materials that it knows or is reasonably certain are Inadvertently Produced Materials, the Receiving Party shall immediately notify the Producing Party regarding the production and provide the Producing Party with the first bates number or bates range of the potentially Inadvertently Produced Materials. Nothing in this Paragraph is intended to limit any obligations or rights a Party, or other parties or entities, may otherwise have under this Adversary Proceeding Protective Order or any other applicable law or regulation with regards to the treatment of inadvertently produced documents subject to any Privilege or Protection.  The Producing Party shall immediately provide notice of a request for the return of Inadvertently Produced Materials to any party or entity known, or reasonably certain, to such Producing Party to assert a claim of its own Privilege or Protection in such Inadvertently Produced Materials, and the Producing Party shall provide such party or entity a copy of the documents or information identified as Inadvertently Produced Material and as to which such person or entity is known, or reasonably certain, to assert a claim of its own Privilege or Protection.  For the avoidance of doubt, the procedures set forth in this paragraph shall apply to any formal or informal production made by a Producing Party during the pendency of the Chapter 11 Cases prior to or pending approval of this Adversary Proceeding Protective Order by the Court. If the Debtors become aware that they provided material subject to a shared Privilege or Protection to James L. Patton , Jr. or to Young Conaway Stargatt & Taylor, LLP or Ankura Consulting Group,

LLC before the Chapter 11 Cases, then the procedures set forth in this paragraph shall apply to any such material.[2]

21.      In the event that a dispute arises concerning the question of whether Disclosure Materials are subject to a claim of any Privilege or Protection (the "<u>Disputed Protected Materials</u>"), the party challenging the need for such treatment shall advise the party claiming the relevant privilege or protection by written notification, specifying why such treatment is improper.  The parties shall attempt to resolve in good faith within three (3) business days any such disputes as to the need to treat the Disputed Protected Materials as subject to a claim of Privilege or Protection; provided, however, if any such dispute cannot be resolved in three (3) business days, the party objecting to the treatment of such information as privileged or protected may, on an expedited basis, move for an Order compelling production of the Disputed Protected Materials.  The Producing Party shall fully cooperate with efforts to bring the dispute to the Court on an expedited basis.  The party challenging a claim of Privilege or Protection shall demonstrate to the Court that good faith attempts to resolve the dispute without the need for the Court's intervention have been exhausted.  The Disputed Protected Materials will be treated as privileged or protected as claimed by the Producing Party until the issue is determined by the Court.  A party or entity may utilize the protections and procedures set out in paragraphs 20 and 21 with regard to that party's or entity's claim of its own Privilege or Protection in Disclosure Materials even though it was not the Producing Party.

---

[2] For the avoidance of doubt, the provisions of this Adversary Proceeding Protective Order requiring the disclosure of any documents produced in the Adversary Proceeding that are subject to a shared Privilege or Protection to the parties that share in the Privilege or Protection shall not apply to the informal exchange process between the Debtors and Cyprus as described in the Amended Scheduling Order governing this Adversary Proceeding [Adv. D.I. 55], except to the extent that any documents shared in the informal exchange process are disclosed to a party that does not share in the Privilege or Protection.  *See* Am. Sched. Order at ¶ 6, n. 3.

22.     In the event of a disclosure by a Receiving Party of Confidential Information or Highly Confidential Information to persons or entities not authorized by this Adversary Proceeding Protective Order to receive such Confidential Information or Highly Confidential Information, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information or Highly Confidential Information subject to this Adversary Proceeding Protective Order; (ii) immediately make reasonable efforts to recover the disclosed Confidential Information or Highly Confidential Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information or Highly Confidential Information and ensure against further dissemination or use thereof.  Counsel for the Producing Party thereafter shall notify any party that such counsel knows to have asserted a claim of its own Privilege or Protection in such Confidential Information or Highly Confidential Information and provide a copy to that party of that portion of the Confidential Information or Highly Confidential Information as to which such person or entity is known to assert a claim of its own Privilege or Protection.  Disclosure of Confidential Information or Highly Confidential Information other than in accordance with the terms of this Adversary Proceeding Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

23.     When counsel for any Party or an attorney who has executed this Adversary Proceeding Protective Order or the Agreement To Be Bound By The Protective Order attached hereto becomes aware of any violation of this Adversary Proceeding Protective Order, or of facts

constituting good cause to believe that a violation of this Adversary Proceeding Protective Order

may have occurred, such attorney shall promptly report, with appropriate particulars to assist in

aiding any investigation, to counsel for the Producing Party that there may have been a violation

of this Adversary Proceeding Protective Order, and the Producing Party shall notify any party

that such attorney knows to have asserted a claim of its own Privilege or Protection in Disclosure

Materials if such Disclosure Materials are the subject of the violation or alleged violation of this

Adversary Proceeding Protective Order and provide a copy to that party of that portion of the

Confidential Information or Highly Confidential Information as to which such person or entity is

known to assert a claim of its own Privilege or Protection.

## CONTINUED APPLICABILITY

24.     The Parties to this Adversary Proceeding Protective Order (including parties

executing the Agreement To Be Bound By The Protective Order attached hereto) agree that prior

to and after the completion of the Adversary Proceeding, the provisions of this Adversary

Proceeding Protective Order shall continue to be binding and the Court shall retain jurisdiction

over the Parties and any other person who has had access to Confidential Materials or Highly

Confidential Materials pursuant to this Adversary Proceeding Protective Order, in order to enforce

the provisions of this Adversary Proceeding Protective Order.

25.     Within sixty (60) days after the entry of a final judgment in this Adversary

Proceeding, as well as any associated appeals, all Confidential Materials and Highly Confidential

Materials produced to a Receiving Party, including any copies of documents or reproductions of

things, shall, at the option of the Receiving Party, either: (a) be returned to the Producing Party

without keeping a copy thereof, which includes erasing any electronically stored information; or

(b) destroyed by the Receiving Party without keeping a copy thereof, which includes erasing any

electronically stored information. Counsel for any Party or non-Party receiving Confidential

Information or Highly Confidential Information shall provide written certification of compliance

with this provision to counsel for the Producing Party within sixty (60) days of any request by the

Producing Party in accordance with this paragraph. Electronic mail of a Party or non-Party or its

counsel that evidences, refers to or contains Confidential Information or Highly Confidential

Information is not subject to the foregoing destruction or return requirement, but otherwise remains

subject to the provisions of this Adversary Proceeding Protective Order. Notwithstanding anything

to the contrary, counsel for the Parties may retain Confidential Materials and Highly Confidential

Materials constituting, containing, or incorporated in pleadings, motion papers, and exhibits

contained in the official court record, work product, discovery responses, deposition transcripts,

and deposition and trial exhibits, but otherwise subject to the provisions of this Adversary

Proceeding Protective Order.  Moreover, counsel for the Parties do not need to return or destroy

Confidential Materials and Highly Confidential Materials that are stored on archival or other

backup systems and are not reasonably accessible to persons other than personnel who maintain

such systems. All such archival copies shall be maintained in accordance with the terms of this

Adversary Proceeding Protective Order.

## **INTERESTED PARTIES**

26.    Any interested party with respect to this Adversary Proceeding, including any

Common Interest Parties and any other person required to produce documents, disclose

information or provide testimony in connection therewith, may become a Party to this Adversary

Proceeding Protective Order by executing, prior to any disclosure, the Agreement To Be Bound

By The Protective Order attached hereto, in which case the provisions of this Adversary

Proceeding Protective Order shall apply fully to any discovery material that he, she or it may provide or receive.

**BREACH**

27.     Nothing contained in this Adversary Proceeding Protective Order authorizes a Producing Party to disclose to the Committee, Future Claimants Representative or any other party or entity, or their respective professionals, another party's or entity's privileged information generated in connection with the defense of talc related and/or asbestos related claims that is subject to a shared Privilege or Protection as between the Producing Party and such party or entity.  In the event that the Producing Party intends to produce any such information that is subject to a claim by another party or entity of a shared Privilege or Protection (which may include information that was prepared by, or delivered by the Producing Party to, counsel retained to represent the Producing Party in filed or threatened talc-related litigation), the Producing Party will provide advance notice by email or other writing to the counterparty under the shared Privilege or Protection prior to production by the Producing Party of such information under this Protective Order.  The notice shall attach the documents or information sought to be produced.  Such counterparty will have three (3) business days after receipt of the Producing Party's notice to object by email or other writing to the Producing Party's proposed production and, if such objection is delivered to the Producing Party within the three (3) day period, then the Producing Party and the counterparty will confer in good faith regarding the objection and proposed production.  In the event that an agreement cannot be reached between the Producing Party and the objecting counterparty, then the Producing Party will not produce the subject documents or information and the issue will be determined by the Bankruptcy Court

Case 21-30589-MBK    Doc 1325-1    Filed 01/31/22    Entered 01/31/22 20:51:37    Desc
Case 19-50128-bb    Doc 119-1    Filed 09/27/19    Page 24 of 26
Exhibits A through C    Page 25 of 35

28.     The Parties to this Adversary Proceeding Protective Order acknowledge that because of the unique nature of the Confidential Information and Highly Confidential Information, any breach of any of the terms and conditions of this Adversary Proceeding Protective Order would cause irreparable damage to the Producing Party and that monetary damages and other damages available at law may be inadequate to compensate for such breach. Accordingly, the Parties agree that, in addition to any other remedies available to them at law or in equity, the Parties will be entitled to injunctive relief and specific performance to enforce the provisions of this Adversary Proceeding Protective Order without proof of actual damages and without any requirement to post a bond or provide other security.

29.     Nothing herein shall be deemed to prevent a Producing Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal, or proprietary nature of the information being sought or to preclude a Party from seeking additional or further limitations on the use or disclosure of such information being sought in discovery.

30.     No waiver of any breach or default shall be deemed or construed to constitute a waiver of any other violation or other breach of any of the terms, provisions and covenants contained in this Adversary Proceeding Protective Order, and forbearance to enforce one or more of the remedies provided herein in the event of a default will not be deemed or construed to constitute a waiver of that default or of any other remedy provided for in this Adversary Proceeding Protective Order. Furthermore, nothing contained herein shall reduce any protections otherwise provided by other confidentiality agreements to which the Debtors, Cyprus, the Committee, and any other person or entity who become a Party hereto are a party.

## EXECUTION AND AMENDMENT

31.     This Adversary Proceeding Protective Order may be executed in several
counterparts, each of which shall be deemed an original, but all of which together shall constitute
one instrument. Upon approval by the Court, this Adversary Proceeding Protective Order is a
binding agreement upon the signatories hereto (and to the Agreement To Be Bound By The
Protective Order attached hereto) and constitutes an order of the Court, the violation of which is
subject to enforcement and imposition of legal sanction in the same manner as any other order of
the Court.

32.     This Adversary Proceeding Protective Order may be amended by agreement of the
Parties and further order of the Court.  The Parties reserve their rights to seek amendment of this
Adversary Proceeding Protective Order as necessary to allow for the use and continued protection
of Confidential Information, Highly Confidential Information, and information subject to any
applicable common interest or joint defense privilege.

Dated: September 27, 2019
Wilmington, Delaware


Stipulated and agreed to by:


| | |
|---|---|
| /s/ Marcos A. Ramos | /s/ Mark A. Fink |

Mark D. Collins (No. 2981)  
Michael J. Merchant (No. 3854)  
Marcos A. Ramos (No. 4450)  
Amanda R. Steele (No. 5530)  
RICHARDS, LAYTON & FINGER, P.A.  
One Rodney Square  
920 North King Street  
Wilmington, DE 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701  
E-mail:  collins@rlf.com  
        merchant@rlf.com  
        ramos@rlf.com  
        steele@rlf.com  

Jeffrey E. Bjork (admitted *pro hac vice*)  
Kimberly A. Posin (admitted *pro hac vice*)  
Helena G. Tseregounis (admitted *pro hac vice*)  
LATHAM & WATKINS LLP  
355 South Grand Avenue, Suite 100  
Los Angeles California 90071-1560  
Telephone:  (213) 485-1234  
Facsimile:  (213) 891-8763  
E-mail:  jeff.bjork@lw.com  
        kimposin@lw.com  
        helena.tseregounis@lw.com  

Richard A. Levy (admitted *pro hac vice*)  
LATHAM & WATKINS LLP  
330 North Wabash Avenue, Suite 2800  
Chicago, Illinois 60611  
Telephone: (312) 876-7700  
Facsimile: (312) 993-9767  
E-mail:  richard.levy@lw.com  


*Counsel for the Debtors*

Natalie D. Ramsey (No. 5378)  
Mark A. Fink (No. 3946)  
ROBINSON & COLE LLP  
1000 North West Street  
Suite 1200  
Wilmington, DE 19801  
Telephone: (302) 495-4800  
Facsimile: (212) 451-2999  
E-mail:  nramsey@rc.com  
        mfink@rc.com  

Rachel C. Strickland  
WILLKIE FARR & GALLAGHER LLP  
787 Seventh Avenue  
New York, NY 10019  
Telephone: (212) 728-8544  
Facsimile: (212) 728-9544  
E-mail:  rstrickland@willkie.com  

Kami E. Quinn  
GILBERT LLP  
1100 New York Ave. NW, Suite 700  
Washington, DC 20005  
Telephone:  (202) 772-2200  
E-mail:  quinnk@gilbertlegal.com  


*Counsel for the Committee*

/s/ Robert J. Dehney

Robert J. Dehney (No. 3578)
Gregory Werkheiser (No. 3553)
MORRIS, NICHOLS, ARSHT & TUNNELL
LLP
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
E-mail:  rdehney@mnat.com
            gwerkheiser@mnat.com


Matthew W. Moran (SBT # 24002642)
Paul E. Heath (SBT # 09355050)
Katherine Drell Grissel (SBT #24059865)
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
E-mail:  mmoran@velaw.com
            pheath@velaw.com
            kgrissel@velaw.com


*Counsel for Cyprus*

/s/ Edwin J. Harron

Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
YOUNG   CONAWAY   STARGATT   &
TAYLOR, LLP
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
E-mail:  rbrady@ycst.com
            eharron@ycst.com
            szieg@ycst.com


*Counsel for Future Claimants' Representative*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re:                                             :    Chapter 11
                                                   :
IMERYS TALC AMERICA, INC., et al.,¹                :    Case No. 19-10289 (LSS)
                                                   :
            Debtors.                               :    (Jointly Administered)
                                                   :
                                                   :
                                                   :
----------------------------------------------------------- x
                                                   :
IMERYS TALC AMERICA, INC., IMERYS                  :    Adv. Pro. No. 19-50115 (LSS)
TALC VERMONT, INC. AND IMERYS TALC                 :
CANADA INC.,                                       :
                                                   :
                                                   :
            Plaintiffs,                            :
                                                   :
v.                                                 :
                                                   :
CYPRUS AMAX MINERALS COMPANY and                   :
CYPRUS MINES CORPORATION,                          :
                                                   :
                                                   :
            Defendants.                            :
                                                   :
----------------------------------------------------------- x
```

## AGREEMENT TO BE BOUND BY THE ADVERSARY PROCEEDING PROTECTIVE ORDER

This is to certify that: (a) I am producing and/or being given access to Confidential

Information or Highly Confidential Information under the Adversary Proceeding Protective Order

entered in the above-captioned proceeding; (b) I have read the Adversary Proceeding Protective

Order; and (c) I agree to be bound by the terms and conditions thereof as a "Receiving Party" and

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The
Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

"Producing Party," as the case may be, including, without limitation, the obligations regarding the use, non-disclosure and return of such Confidential Information or Highly Confidential Information. I further agree that in addition to being contractually bound by the Adversary Proceeding Protective Order, I am subject to the powers of the Bankruptcy Court for any violation of the Adversary Proceeding Protective Order.

Date: _____

_____
Name (Printed)

_____
Signature

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re:                                  :   Chapter 11
                                        :
IMERYS TALC AMERICA, INC., et al.,[1]   :   Case No. 19-10289 (LSS)
                                        :
       Debtors.                         :   (Jointly Administered)
                                        :
                                        :
                                        :   Re: Docket No. 2863
------------------------------------------------------- x
```

### PLAN PROPONENTS' NOTICE OF TOPICS FOR ANTICIPATED
### EXPERT TESTIMONY IN SUPPORT OF CONFIRMATION

In accordance with the Plan Confirmation Schedule as set forth in the *Order (i) Approving Disclosure Statement and Form and Manner of Notice of Hearing Thereon, (ii) Establishing Solicitation Procedures, (iii) Approving Form and Manner of Notice to Attorneys and Certified Plan Solicitation Directive, (iv) Approving Form of Ballots, (v) Approving Form, Manner, and Scope of Confirmation Notices, (vi) Establishing Certain Deadlines in Connection with Approval of Disclosure Statement and Confirmation of Plan, and (vii) Granting Related Relief* [Docket No. 2863], the Plan Proponents[2] in the above-captioned chapter 11 cases expect to offer expert testimony on the follow topics:[3]

1.     The estimated total number, timing, and disease types of claims that will be channeled to the Talc Personal Injury Trust.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them under Plan [Docket No. 2852].

[3]     Pursuant to the Plan Confirmation Schedule, affirmative expert reports will be made available on April 19, 2021.

2.      The Scheduled Values, Maximum Values, and Average Values as set forth in the

Trust Distribution Procedures.

3.      The initial payment percentages proposed by the Trust Distribution Procedures.

4.      Any other subject raised by objectors during the case and appropriate for expert

testimony.

Dated: February 19, 2021
      Wilmington, Delaware

Respectfully submitted,
  */s/ Marcos A. Ramos*                     

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:  collins@rlf.com
        merchant@rlf.com
        ramos@rlf.com
        steele@rlf.com

- and -

**LATHAM & WATKINS LLP**

Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
Amy C. Quartarolo (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
E-mail:  jeff.bjork@lw.com
        kim.posin@lw.com
        amy.quartarolo@lw.com

- and -

Richard A. Levy (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  richard.levy@lw.com

- and –

3

**NEAL, GERBER & EISENBERG LLP**

Angela R. Elbert (admitted *pro hac vice*)
Jason A. Frye (admitted *pro hac vice*)
Two North LaSalle Street, Suite 1700
Chicago, Illinois  60602-3801
Telephone:  (312) 269-5995
Facsimile:  (312) 578-8396
E-mail:  aelbert@nge.com
         jfrye@nge.com


*Counsel for Debtors and Debtors-in-Possession*