**JONES DAY**

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-3759
gmgordon@jonesday.com

February 1, 2022

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

Re: LTL Management LLC, Case No. 21-30589 (MBK)

Dear Chief Judge Kaplan:

This responds to the letter submitted to the Court on January 31 by Mr. Capone, counsel to the Official Committee of Talc Claimants II.

Mr. Capone's letter addresses TCC II's renewed request for an expert report prepared by Charles H. Mullin, Ph.D., on behalf of J&J and Old JJCI in the chapter 11 cases of *Imerys Talc America, Inc.*, Case No. 19-10289 (Bankr. D. Del.). TCC II argues that Dr. Mullin's *Imerys* report is relevant to his opinions offered in this case because it is about "the exact same topic involving the exact same liabilities and the exact same entities in the *Imerys* bankruptcy." That is not true.

In this chapter 11 case, Dr. Mullin offers the opinion that a bankruptcy reorganization provides a more efficient and equitable venue than the tort system for resolving the talc claims against the Debtor and J&J. In *Imerys*, Dr. Mullin was not asked to, and did not, address the potential talc liability of the Debtor or J&J. Instead, he testified as a rebuttal witness to critique the analysis of the experts retained by the Imerys future claimants representative ("Imerys FCR") and the talc claimants committee ("Imerys TCC") regarding Imerys' alleged talc liability.

TCC II also argues that there are no obstacles to the Debtor's producing Dr. Mullin's *Imerys* report here. That is incorrect. As TCC II knows, Dr. Mullin testified in this proceeding in connection with the North Carolina preliminary injunction hearing that the contents of his *Imerys* report are confidential and subject to the protective order in place in *Imerys*. There was nothing "inexcusable" or "unfair" about the Debtor's characterization of the report as confidential during the January 24 hearing before Your Honor.

Further, TCC II incorrectly states that "circumstances suggest that third-party confidential information is not present in the Report." They point to no evidence to support this incorrect assertion. In fact, because Dr. Mullin served as a rebuttal expert in *Imerys*, his *Imerys* report contains confidential information from the Imerys debtors, the Imerys FCR, and the Imerys TCC.

NAI-1526166142v3

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

February 1, 2022
Page 2

This information is covered by the protective order in place in that case and can be disclosed only to parties permitted to receive it under the protective order.[1] TCC II is not among those permitted parties.

    Thank you for your consideration of this letter.

Respectfully submitted,

*/s/ Gregory M. Gordon*


Gregory M. Gordon

---

[1] TCC II attached to its letter the incorrect protective order. The applicable protective order is attached as Exhibit A.

NAI-1526166142v3