# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------- x
In re:                                                 :   Chapter 11
                                                       :
IMERYS TALC AMERICA, Inc., et al.,[1]                  :   Case No. 19-10289 (LSS)
                                                       :
            Debtors.                                   :   (Jointly Administered)
                                                       :
                                                       :   Re: Docket No. 1081
----------------------------------------------------- x
```

## ORDER APPROVING
## STIPULATED PROTECTIVE ORDER

Upon consideration of the *Joint Motion for Entry of an Order Approving Stipulated Protective Order* and the *[Proposed] Stipulated Protective Order* (the "**Stipulated Protective Order**") attached hereto as Exhibit 1,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Stipulated Protective Order is approved and entered as an order of this Court.

3. Pursuant to Local Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, parties under the Stipulated Protective Order shall file a publicly viewable redacted form of a document subject to a motion to seal within five (5) days after the filing under seal of such document.

4. Pending a ruling on a motion to seal, any party (including the U.S. Trustee) that receives a filing or document subject to a motion to seal shall treat such material as non-public

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

information subject to the continuing protections accorded such material under the Stipulated Protective Order and the party's Acknowledgement and as further subject to the limitation on use and disclosure as set forth in Local Rule 9018-1(f).  If the motion to seal is denied, the material subject to the motion to seal shall be returned to the filer, unless otherwise expressly agreed by the filer in writing, provided further that such material need not be returned to the filer if the subject material later is filed as a public document.

5.    For the avoidance of doubt, if any:  (a) except as set forth in the Amended Scheduling Order [Adv. D.I 55] in Adversary Proceeding No. 19-50115 (the "**Cyprus Adversary Proceeding**"), the Stipulated Protective Order as embodied in this Order does not apply in the Cyprus Adversary Proceeding; and (b) the Stipulated Protective Order is not intended to, nor shall it, ratify, authorize, amend, or modify any actions or obligations of the Debtors, on one hand, and Cyprus Mines Corporation and Cyprus Amax Mineral Corporation, on the other hand, relating to any shared Privileges or Protections.

6.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 27th, 2019
Wilmington, Delaware

2

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1**

Stipulated Protective Order

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                          :     Chapter 11
                                                :
IMERYS TALC AMERICA, INC., *et al.*,[1]         :     Case No. 19-10289 (LSS)
                                                :
                Debtors.                        :     (Jointly Administered)
                                                :
                                                :
                                                :
------------------------------------------------------------- x

## [PROPOSED] STIPULATED PROTECTIVE ORDER

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

Based upon the agreement of debtors Imerys Talc America, Inc. ("ITA"), Imerys Talc

Vermont, Inc. ("ITV"), and Imerys Talc Canada Inc. ("ITC" and together with ITA and ITV, the

"Debtors") and those parties identified as signatories to this Stipulated Protective Order (each, a

"Party," and collectively, the "Parties"), and subject to the approval of the United States

Bankruptcy Court for the District of Delaware (the "Court"), this protective order pursuant to

Fed. R. Bankr. P. 7026 and 9018 and Fed. R. Civ. P. 26(c) shall govern the disclosure of

information and documents, including deposition testimony or transcripts ("Disclosure

Materials"), in connection with the above-captioned proceedings (the "Chapter 11 Cases"):

1.      A "Producing Party" is a person or entity that produces Disclosure Materials in

response to formal or informal discovery served in connection with these Chapter 11 Cases,

including any related contested matter, adversary action, or appeal (each, as applicable, a

"Proceeding," and collectively, the "Proceedings").

2.      A "Receiving Party" is a person or entity to whom a Producing Party produces

Disclosure Materials in response to formal or informal discovery served in connection with any

of the Proceedings.

3.      "Confidential Information" shall include any nonpublic information, documents,

or things produced or provided (formally or informally) by the Producing Party that such party

has a good faith reasonable belief contains confidential, proprietary, or personally or

commercially sensitive information of the Producing Party, including, without limitation, (a)

nonpublic information concerning the Producing Party's assets, liabilities, business operations,

business practices, business plans, intellectual property and trade secrets, financial projections,

financial and business analyses, and compilations and studies relating to the foregoing, and other

nonpublic documents prepared by the Producing Party or any of its affiliates or their respective

2

employees, agents, attorneys, professionals, consultants or other agents; (b) information

implicating an individual's legitimate expectation of privacy, including medical information and

social security numbers; and (c) any and all information required to be maintained confidentially

by federal, state or local laws, rules, regulations or ordinances governing or relating to privacy

rights, which are furnished, disclosed or made known to a Receiving Party, whether intentionally

or unintentionally and in any manner, including in written form, orally or through any electronic,

facsimile or computer-related means of communication.  Confidential Information shall also

include, without limitation:  (i) any notes, summaries, compilations, presentations, memoranda or

similar written materials disclosing, discussing or that is based on or reflects Confidential

Information; (ii) any written Confidential Information that is discussed or presented orally; and

(iii) any other Confidential Information conveyed to a Receiving Party orally that the Producing

Party or their advisors or other agents advise the Receiving Party should be treated as

confidential.

4.    "Highly Confidential Information" shall mean for "attorneys' and advisors' eyes

only" and shall be limited to nonpublic information produced or provided (formally or

informally) that is marked or designated as "Highly Confidential," whether written, oral,

photographic, electronic or otherwise, whether in the form of slides, handouts, letters,

memoranda, agreements, facsimile transmissions, meetings, conference and other telephone

calls, diskettes, files, and/or any other mode, and that, if disclosed, could cause significant

competitive, commercial, privacy, personal, or litigation harm to the Producing Party.

5.    Upon a good faith determination by the Producing Party that any Disclosure

Materials being produced or disclosed to a Receiving Party, whether formally or informally,

contain Confidential Information or Highly Confidential Information, the Producing Party shall

3

identify such Confidential Information or Highly Confidential Information by affixing to it, in a

manner that shall not interfere with its legibility, the words "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" on each page so designated (if the information is produced in written form)

or otherwise conspicuously labeling it on a part thereof (if in the form of tape, disc, or other form

that makes it difficult to label each page).  Any summary, compilation or copy of any document

or thing so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be

treated as so designated pursuant to this Stipulated Protective Order.  The "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" designation shall, wherever practicable, be made prior to, or

contemporaneously with, production or disclosure, except in the case of depositions, which shall

be designated as set forth in Paragraph 13.

      6.      Disclosure Materials, or information derived therefrom, shall be used solely in

connection with the Proceedings, and shall not be used in any other proceeding or for any other

purpose.  Neither the Disclosure Materials designated as "CONFIDENTIAL" ("Confidential

Materials") nor the contents thereof shall be given, shown, made available, communicated, used

or otherwise disclosed to anyone other than (a) the Court, (b) outside counsel for the parties to

the Proceedings, and paralegal, stenographic and clerical personnel of such counsel, (c) experts

(including financial advisors, consultants, and other retained professionals) specifically retained

by the parties for purposes relating to the Proceedings, (d) litigation vendors and other third-

party litigation support personnel engaged for purposes of the Proceedings, and (e) the parties to

the Proceeding, provided that in the case of a Committee, the term party shall be limited to the

Committee and those members thereof (or such member's designee to the Committee) who have

accepted the terms of this Stipulated Protective Order, except:  (i) with prior written approval of

the Producing Party or its attorneys in the case of Disclosure Materials or the party requesting the

4

designation in the case of deposition transcripts; or (ii) upon further order of the Court and after
notice to all parties to the Proceeding; or (iii) as set forth in paragraphs 11 and 15 below with
respect to the United States Trustee for the District of Delaware ("U.S. Trustee"), and his
counsel.

7.      Disclosure Materials designated as "HIGHLY CONFIDENTIAL" ("Highly
Confidential Materials") or the contents thereof shall not be given, shown, made available,
communicated, used or otherwise disclosed to anyone, including without limitation the Parties
and their members, employees, officers, and agents, and in-house counsel, other than (a) the
Court, (b) outside counsel for the parties to the Proceedings, and paralegal, stenographic and
clerical personnel of such counsel, provided that in the case of the Committee, the term outside
counsel shall not include any member or its representative on the Committee, but shall include
professionals formally engaged to represent the Committee in the Proceedings even if the
retention application of such professional has not yet been filed with, or approved by, the
Bankruptcy Court,  and, for the avoidance of any doubt, such professionals shall include
Robinson & Cole LLP and Willkie Farr & Gallagher LLP, and (c) experts (including financial
advisors, consultants, and other retained professionals) specifically retained by the parties for
purposes relating to the Proceedings, and (d) litigation vendors and other third-party litigation
support personnel engaged for purposes of the Proceedings, except:  (i) with prior written
approval of the party requesting the designation in the case of deposition transcripts or of the
Producing Party or its attorneys in the case of other Highly Confidential Materials; or (ii) upon
further order of the Court and after notice to all Parties to the Proceeding; or (iii) as set forth in
paragraphs 11 and 15 below with respect to the U.S. Trustee and his counsel.

RLF1 21750690v.7

8.      Disclosure to the individuals authorized pursuant to Paragraphs 6 and 7 of this Stipulated Protective Order shall be made only as necessary for matters in the Proceedings and only after the person to whom the disclosure is to be made has been informed of the confidential or highly confidential nature of the Disclosure Materials and agrees to be bound by the terms of this Stipulated Protective Order.  No person to whom Confidential Materials or Highly Confidential Materials are disclosed shall disclose such materials or the contents of such materials to any person to whom disclosure is not authorized by the terms hereof.

9.      This Stipulated Protective Order does not restrict in any manner the use or disclosure by the Producing Party of any of its own Disclosure Materials.  If a disclosure of its own Disclosure Materials designated Confidential or Highly Confidential is made by the Producing Party in a document filed with the Court not under seal, in a court hearing, or a deposition and not designated Confidential or Highly Confidential at such deposition, such Disclosure Materials shall no longer be considered Confidential Information or Highly Confidential Information.  For the avoidance of doubt, in this paragraph the phrase "own Disclosure Materials" does not include privileged information generated in connection with the defense of talc related and/or asbestos related claims that another party or entity claims is subject to its shared Privilege or Protection.

10.     A Receiving Party shall have no obligation under this Stipulated Protective Order as to Confidential Information or Highly Confidential Information which: (a) is known to the Receiving Party at the time of disclosure, without obligation of confidentiality, unless the Receiving Party became aware of the Confidential Information or Highly Confidential Information as a result of a violation of this Stipulated Protective Order; (b) is independently developed by the Receiving Party without reference to or use of Confidential Information or

6

Highly Confidential Information; (c) becomes known to the Receiving Party from another

source, unless the Receiving Party knows or reasonably believes that such other source was

subject to a confidentiality restriction at the time of disclosure; (d) is or becomes part of the

public domain through no wrongful act of the Receiving Party; or (e) is disclosed publicly

pursuant to any judicial or government request or order; provided that with regard to 10(e) of this

paragraph, unless requested not to do so by the judicial or governmental entity, the Receiving

Party shall take reasonable steps to give sufficient prior written notice so that the Producing

Party may seek a protective order to contest or limit the scope of such request or order as much

as possible.

      11.     Any document containing Confidential Information or Highly Confidential

Information that is submitted to or filed with the Court shall be filed under seal as a restricted

document in accordance with Rule 9018-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules")

and any applicable Chambers Procedures.  The filing party shall file a publicly viewable redacted

form of the document within five (5) days of the filing of the document under seal as a restricted

document.  Any party that files a motion to file under seal in the Bankruptcy Court for the

District of Delaware shall provide counsel to the U.S. Trustee with an unredacted copy of all

documents sought to be sealed, pursuant to Bankruptcy Code § 107(c)(3)(A), provided however,

that the filing party may move the Bankruptcy Court (under the motion to seal or otherwise) to

limit access to all or a part of the proposed sealed materials on grounds of the attorney-client

privilege, joint defense privilege, common interest privilege, work product doctrine or any other

applicable privilege, provided further that, for the avoidance of doubt, (1) the U.S. Trustee's,

Johnson & Johnson's and Johnson & Johnson Consumer Inc.'s (collectively "J&J"), and the

7

Cyprus Historical Excess Insurers' rights to object to the same are fully preserved and (2) the

reference herein to "attorney-client privilege, joint defense privilege, common interest privilege,

work product doctrine or any other applicable privilege" is not intended to, and does not,

authorize the disclosure of any such information in contravention of applicable agreement or law

or the terms of this Stipulated Protective Order or the Order approving the same.  Pending a

ruling on a motion to seal, any party (including the U.S. Trustee) that receives a filing or

document subject to a motion to seal shall treat such material as non-public information subject

to the continuing protections accorded such material under this Stipulated Protective Order and

as subject to the limitation on use and disclosure as set forth in Local Rule 9018-1(f).  Moreover,

if the motion to seal is denied, the material subject to the motion to seal shall be returned to the

filer, unless otherwise expressly agreed by the filer in writing, provided further that such material

need not be returned to the filer if the subject material later is filed as a public document.  The

mere inclusion in a paper or pleading of factual information derived from documents or things

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not require that paper or

pleading to be filed under seal if the Parties agree in writing prior to filing the paper or pleading

that the factual information actually contained in that paper or pleading would not itself be

properly subject to such designation.  If the Parties cannot resolve a dispute regarding the

inclusion in a paper or pleading of facts from documents or things marked "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL," the procedures of this paragraph shall be followed prior to the

filing of any such paper or pleading.

      12.    Except as otherwise approved by the Producing Party or by an order of the Court,

the Receiving Party may use the Confidential Information or Highly Confidential Information,

including any information contained in documents so designated, in preparing and deposing

only: (a) an individual who has had or who is eligible to have access to the Confidential Information or Highly Confidential Information by virtue of his or her employment with the Producing Party, the Debtors, any Party, or an affiliate of the Debtors; (b) an individual identified in the Confidential Information or Highly Confidential Information as an author, addressee, or copy recipient of such information; (c) an individual who, although not identified as an author, addressee, or copy recipient of such Confidential Information or Highly Confidential Information, has seen such Confidential Information or Highly Confidential Information in the ordinary course of business; (d) any of the professionals retained by the Producing Party including the Producing Party's accountants; or (e) any other non-Party witness who has executed the Agreement To Be Bound By The Protective Order attached hereto.

13.     The portions of any deposition transcript that the Producing Party has designated on the record as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and any Confidential Information or Highly Confidential Information that is marked as a deposition exhibit shall be treated as Confidential Information or Highly Confidential Information.  Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Information for seven (7) days after the transcript is delivered to counsel for the Producing Party.  During the seven (7) day period, the Producing Party may designate by page and line number any portion of a deposition transcript, to the extent not previously designated, as Confidential Information or Highly Confidential Information.  Transcript pages and exhibits containing Confidential Information or Highly Confidential Information shall be distributed only in accordance with this Stipulated Protective Order and to the deponent, and the deponent's counsel (who shall first have executed the Agreement To Be Bound By The Protective Order attached hereto if such counsel is not also counsel for one of the Parties).

9

14.     Nothing contained in this Stipulated Protective Order authorizes a Producing

Party to disclose to the Committee, Future Claimants Representative or any other party or entity,

or their respective professionals, another party's or entity's privileged information generated in

connection with the defense of talc related and/or asbestos related claims that is subject to a

shared Privilege or Protection as between the Producing Party and such party or entity.  In the

event that the Producing Party intends to produce any such information that is subject to a claim

by another party or entity of a shared Privilege or Protection (which may include information

that was prepared by, or delivered by the Producing Party to, counsel retained to represent the

Producing Party in filed or threatened talc-related litigation), the Producing Party will provide

advance notice by email or other writing to the counterparty under the shared Privilege or

Protection prior to production by the Producing Party of such information under this Protective

Order.  The notice shall attach the documents or information sought to be produced.  Such

counterparty will have three (3) business days after receipt of the Producing Party's notice to

object by email or other writing to the Producing Party's proposed production and, if such

objection is delivered to the Producing Party within the three (3) day period, then the Producing

Party and the counterparty will confer in good faith regarding the objection and proposed

production.  In the event that an agreement cannot be reached between the Producing Party and

the objecting counterparty, then the Producing Party will not produce the subject documents or

information and the issue will be determined by the Bankruptcy Court.

15.     Except as set forth in paragraph 16 below as to the U.S. Trustee, no one may

attend or review the portion(s) of transcripts of any depositions designated as containing

Confidential Information or Highly Confidential Information, other than the Court and its

personnel, the court reporter, outside counsel for the Receiving Party, counsel for a non-Party

10

deponent (who shall first have executed the Agreement To Be Bound By The Protective Order

attached hereto if such counsel is not also counsel for one of the Parties), and those individuals

otherwise permitted to view Confidential Information or Highly Confidential Information

pursuant to the terms of this Agreement and whose attendance at or review of this data is

reasonably necessary to assist in connection with the Proceeding.

16.     The Parties shall discuss the manner of use of Confidential Information or Highly

Confidential Information at any hearing or trial in the Proceedings, including any procedures

related to the non-public disclosure of Confidential Information or Highly Confidential

Information, and shall consult with the United States Trustee with regards to any planned use of

Confidential Information or Highly Confidential Information at any hearing or trial in the

Chapter 11 Cases that involves the non-public disclosure thereof.  In the event that an agreement

cannot be reached on such procedures, the issue shall be determined by the Bankruptcy Court.

All trial exhibits or other materials to be offered into evidence at a hearing or proceeding in the

Bankruptcy Court as to which a party seeks to prevent or limit public disclosure shall be

provided to counsel to the U.S. Trustee in an unredacted form before the hearing, subject to the

continuing restrictions on use and disclosure provided hereunder, to the extent not already

provided.

17.     In the event that a dispute arises concerning the question of whether information

should be treated as Confidential Materials or Highly Confidential Materials, the party

challenging the need for such treatment shall advise the designating party by written notification,

specifying why such treatment is improper.  The parties shall attempt to resolve in good faith

within three (3) business days any such disputes as to the need to treat the information as

Confidential Materials or Highly Confidential Materials; provided, however, if any such dispute

11

cannot be resolved in three (3) business days, the party objecting to the confidential nature of the information may, on an expedited basis, move for an Order relieving it from the obligations of this Stipulated Protective Order, with respect to such Confidential Materials or Highly Confidential Materials.  The Producing Party shall fully cooperate with efforts to bring the dispute to the Court on an expedited basis.  The party challenging the designation shall demonstrate to the Court that good faith attempts to resolve the dispute without the need for the Court's intervention have been exhausted.  The Disclosure Materials at issue shall be treated as Confidential Materials or Highly Confidential Materials, as designated by the Producing Party, until the issue is determined by the Court; provided, however, that the burden shall remain with the Producing Party to demonstrate that Disclosure Materials in dispute are properly designated as Confidential Materials or Highly Confidential Materials.

18.    A Party's failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver of that Party's later claim that such information should be entitled to another designation pursuant to this Stipulated Protective Order ("Misdesignated Material") at any time thereafter.  Documents or information inadvertently disclosed by or on behalf a Producing Party without being designated "Confidential" or "Highly Confidential" may thereafter be so designated by promptly notifying the Receiving Party in writing that such materials are Confidential or Highly Confidential, as the case may be.  The Receiving Party shall thereafter treat such materials as so designated.

19.    If Disclosure Material (designated Confidential, Highly Confidential or neither) that is subject to a claim of attorney-client privilege, joint defense privilege, common interest privilege, work product doctrine, or any other applicable privilege or protection from disclosure (a "Privilege or Protection"), is nevertheless inadvertently produced ("Inadvertently Produced

12

Material"), such production shall in no way prejudice or otherwise constitute a waiver of, or

estoppel as to, any claim of Privilege or Protection to which such inadvertently Producing Party

or any person or entity claiming a shared Privilege or Protection would otherwise be entitled, in

these Proceedings or any other federal or state proceeding.  This Stipulated Protective Order

shall be interpreted to provide the maximum protection allowed by rule 502(d) of the Federal

Rules of Evidence, and the Parties agree that their productions satisfy the provisions of rule

502(b).  If a claim of inadvertent production is made pursuant to this paragraph, the Receiving

Party shall, upon notification and request, return or destroy the Inadvertently Produced Material

(including all copies thereof) as to which the claim of inadvertent production has been made,

within three (3) business days, and the information shall not be used for any purpose.  Such

request shall describe the Inadvertently Produced Material with a reasonable degree of specificity

(such as a Bates number or range, or other manner by which the Receiving Party can identify the

material) and state the applicable Privilege or Protection upon which a claim of inadvertent

disclosure is predicated.  If a Producing Party discovers that it has produced Disclosure Materials

that appear to be subject to a Privilege or Protection, the Producing Party who provided the

Disclosure Materials shall immediately notify the Receiving Party in writing or electronic mail

regarding the production and shall provide the Receiving Party with the first bates number or

bates range of the Inadvertently Produced Materials.  If a Receiving Party discovers that it has

received Disclosure Materials that it knows or is reasonably certain are Inadvertently Produced

Materials, the Receiving Party shall immediately notify the Producing Party regarding the

production and provide the Producing Party with the first bates number or bates range of the

potentially Inadvertently Produced Materials.  Nothing in this Paragraph is intended to limit any

obligations or rights a Party, or other parties or entities, may otherwise have under this Order or

13

any other applicable law or regulation with regards to the treatment of inadvertently produced

documents subject to any Privilege or Protection.  The Producing Party shall immediately

provide notice of a request for the return of Inadvertently Produced Materials to any party or

entity known, or reasonably certain, to such Producing Party to assert a claim of its own

Privilege or Protection in such Inadvertently Produced Materials, and the Producing Party shall

provide such party or entity a copy of the documents or information identified as Inadvertently

Produced Material and as to which such person or entity is known, or reasonably certain, to

assert a claim of its own Privilege or Protection.  For the avoidance of doubt, the procedures set

forth in this paragraph shall apply to any formal or informal production made by a Producing

Party during the pendency of the Chapter 11 Cases prior to or pending approval of this Stipulated

Protective Order by the Court.  If the Debtors become aware that they provided material subject

to a shared Privilege or Protection to James L. Patton , Jr. or to Young Conaway Stargatt &

Taylor, LLP or Ankura Consulting Group, LLC before the Chapter 11 Cases, then the procedures

set forth in this paragraph shall apply to any such material.[2]

20.      In the event that a dispute arises concerning the question of whether Disclosure

Materials are subject to a claim of any Privilege or Protection (the "Disputed Protected

Materials"), the party challenging the need for such treatment shall advise the party claiming the

relevant Privilege or Protection by written notification, specifying why such treatment is

improper.  The parties shall attempt to resolve in good faith within three (3) business days any

---

[2]      For the avoidance of doubt, the provisions of this Stipulated Protective Order, if any, that may require the
disclosure of any documents produced in adversary proceeding no. 19-50115 (Bankr. D. Del.) that are subject to
a shared Privilege or Protection to the parties that share in the Privilege or Protection shall not apply to the
informal exchange process between the Debtors and Cyprus Amax Minerals Company and Cyprus Mines
Corporation as described in the Amended Scheduling Order governing that adversary proceeding [Adv. D.I.
55], except to the extent that any documents shared in the informal exchange process are disclosed to a party
that does not share in the Privilege or Protection.  *See* Am. Sched. Order at ¶ 6, n. 3.

14

such disputes as to the need to treat the Disputed Protected Materials as subject to a claim of

Privilege or Protection; provided, however, if any such dispute cannot be resolved in three

business days, the party objecting to the treatment of such information as privileged or protected

may, on an expedited basis, move for an Order compelling production of the Disputed Protected

Materials. The Producing Party shall fully cooperate with efforts to bring the dispute to the

Court on an expedited basis. The party challenging a claim of Privilege or Protection shall

demonstrate to the Court that good faith attempts to resolve the dispute without the need for the

Court's intervention have been exhausted. The Disputed Protected Materials will be treated as

privileged or protected as claimed by the Producing Party until the issue is determined by the

Court. A party or entity may utilize the protections and procedures set out in paragraphs 19 and

20 with regard to that party's or entity's claim of its own Privilege or Protection in Disclosure

Materials even though it was not the Producing Party.

      21.     In the event of a disclosure by a Receiving Party of Confidential Information or

Highly Confidential Information to persons or entities not authorized by this Stipulated

Protective Order to receive such Confidential Information or Highly Confidential Information,

the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (i)

immediately notify the person or entity to whom the disclosure was made that the disclosure

contains Confidential Information or Highly Confidential Information subject to this Stipulated

Protective Order; (ii) immediately make reasonable efforts to recover the disclosed Confidential

Information or Highly Confidential Information as well as preclude further dissemination or use

by the person or entity to whom the disclosure was made; and (iii) immediately notify the

Producing Party of the identity of the person or entity to whom the disclosure was made, the

circumstances surrounding the disclosure, and the steps taken to recover the disclosed

15

Confidential Information or Highly Confidential Information and ensure against further

dissemination or use thereof, and the Producing Party thereafter shall notify any party that such

attorney knows to have asserted a claim of its own Privilege or Protection in such Confidential

Information of Highly Confidential Information.  Disclosure of Confidential Information or

Highly Confidential Information other than in accordance with the terms of this Stipulated

Protective Order may subject the disclosing person to such sanctions and remedies as the Court

may deem appropriate.

22.     When counsel for any Party or an attorney who has executed this Stipulated

Protective Order or the Agreement To Be Bound By The Protective Order attached hereto

becomes aware of any violation of this Stipulated Protective Order, or of facts constituting good

cause to believe that a violation of this Stipulated Protective Order may have occurred, such

attorney shall promptly report, with appropriate particulars to assist in aiding any investigation,

to counsel for the Producing Party that there may have been a violation of this Stipulated

Protective Order, and the Producing Party shall notify any party that such attorney knows to have

asserted a claim of its own Privilege or Protection in Disclosure Materials if such Disclosure

Materials are the subject of the violation or alleged violation of this Stipulated Protective Order.

23.     The Parties to this Stipulated Protective Order (including parties executing the

Agreement To Be Bound By The Protective Order attached hereto) agree that prior to and after

the completion of the Proceeding, the provisions of this Stipulated Protective Order shall

continue to be binding and the Court shall retain jurisdiction over the Parties and any other

person who has had access to Confidential Information or Highly Confidential Information

pursuant to this Stipulated Protective Order, in order to enforce the provisions of this Stipulated

Protective Order.

16

24.     Within sixty (60) days after the entry of a final decree closing these Chapter 11
Cases, or upon the written request of the Producing Party within sixty (60) days after the closing
of any Proceeding, as well as any associated appeals, all Confidential Information and Highly
Confidential Information produced to a Receiving Party, including any copies of documents or
reproductions of things, shall, at the option of the Receiving Party, either: (a) be returned to the
Producing Party without keeping a copy thereof, which includes erasing any electronically stored
information; or (b) destroyed by the Receiving Party without keeping a copy thereof, which
includes erasing any electronically stored information.  Counsel for any Party or non-Party
receiving Confidential Information or Highly Confidential Information shall provide written
certification of compliance with this provision to counsel for the Producing Party within sixty
(60) days of any request by the Producing Party in accordance with this paragraph.  Electronic
mail of a Party or non-Party or its counsel that evidences, refers to or contains Confidential
Information or Highly Confidential Information is not subject to the foregoing destruction or
return requirement, but otherwise remains subject to the provisions of this Stipulated Protective
Order.  Notwithstanding anything to the contrary, counsel for the Parties may retain Confidential
Information and Highly Confidential Information constituting, containing, or incorporated in
pleadings, motion papers, and exhibits contained in the official court record, work product,
discovery responses, deposition transcripts, and deposition and trial exhibits, but otherwise
subject to the provisions of this Stipulated Protective Order.  Moreover, counsel for the Parties
do not need to return or destroy Confidential Information and Highly Confidential Information
that are stored on archival or other backup systems and are not reasonably accessible to persons
other than personnel who maintain such systems.  All such archival copies shall be maintained in
accordance with the terms of this Stipulated Protective Order.

17

25.     Any interested party with respect to these Chapter 11 Cases, including but not limited to any person intending or planning to receive or produce documents, receive or disclose information, or provide testimony in connection therewith, may become a Party to this Stipulated Protective Order by executing, prior to any disclosure, the Agreement To Be Bound By The Protective Order attached hereto, in which case the provisions of this Stipulated Protective Order shall apply fully to any discovery material that he, she or it may provide or receive.

26.     The Parties to this Stipulated Protective Order acknowledge that because of the unique nature of the Confidential Information and Highly Confidential Information, any breach of any of the terms and conditions of this Stipulated Protective Order would cause irreparable damage to the Producing Party and that monetary damages and other damages available at law may be inadequate to compensate for such breach.  Accordingly, the Parties agree that, in addition to any other remedies available to them at law or in equity, the Parties will be entitled to injunctive relief and specific performance to enforce the provisions of this Stipulated Protective Order without proof of actual damages and without any requirement to post a bond or provide other security.

27.     If a Receiving Party or any of its advisors is legally compelled (whether by regulatory request, deposition, interrogatory, request for documents, subpoena, civil investigation, demand or similar process) to disclose any of the Confidential Information or Highly Confidential Information, the Receiving Party shall immediately notify the Producing Party, and the Producing Party shall notify any party or entity known to the Producing Party to have asserted a claim of its own Privilege or Protection in such Confidential Information or Highly Confidential Information (in this paragraph only, collectively with the Producing Party, the "Interested Parties"), in writing of such requirement to disclose Confidential or Highly

18

Confidential Information, so that the Interested Parties, collectively or alone, may seek a
protective order or other appropriate remedy. The Receiving Party will use its best efforts, at the
expense of those Interested Parties that elect to seek a protective order or pursue other
appropriate remedy, to obtain or assist such Interested Parties in obtaining any such protective
order. Failing the entry of a protective order or the receipt of a waiver hereunder, the Receiving
Party may disclose, without liability hereunder, that portion (and only that portion) of the
Confidential Information or Highly Confidential Information that the Receiving Party has been
advised by written opinion of counsel reasonably acceptable to the Interested Parties that it is
legally compelled to disclose; provided, however, that the Receiving Party agrees to use its best
efforts to obtain assurance that confidential treatment will be accorded to such Confidential
Information or Highly Confidential Information by the person or persons to whom it is disclosed.

28.     Nothing herein shall be deemed to prevent a Producing Party, or any party or
entity claiming a Privilege or Protection in connection thereto, from objecting to discovery or
asserting that information being sought in discovery is of such a nature that discovery should not
be afforded because of the confidential, personal, or proprietary nature of the information being
sought or to preclude a Party from seeking additional or further limitations on the use or
disclosure of such information being sought in discovery.

29.     No waiver of any breach or default shall be deemed or construed to constitute a
waiver of any other violation or other breach of any of the terms, provisions and covenants
contained in this Stipulated Protective Order, and forbearance to enforce one or more of the
remedies provided herein in the event of a default will not be deemed or construed to constitute a
waiver of that default or of any other remedy provided for in this Stipulated Protective Order.
Furthermore, nothing contained herein shall reduce any protections otherwise provided by other

19

confidentiality agreements to which the Debtors, the Parties, and other person who becomes a Party hereto are a party.

30.     This Stipulated Protective Order may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Upon approval by the Court, this Stipulated Protective Order is a binding agreement upon the signatories hereto (and to the Agreement To Be Bound By The Protective Order attached hereto) and constitutes an order of the Court, the violation of which is subject to enforcement and imposition of legal sanction in the same manner as any other order of the Court.

31.     This Stipulated Protective Order may be amended by agreement of the Parties and further order of the Court.

RLF1 21750690v.7

Dated:  September 26, 2019
Wilmington, Delaware

Stipulated and agreed to by:

/s/ Marcos A. Ramos
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Marcos A. Ramos (No. 4450)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:  collins@rlf.com
            merchant@rlf.com
            ramos@rlf.com
            steele@rlf.com

Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
E-mail:  jeff.bjork@lw.com
            kim.posin@lw.com
            helena.tseregounis@lw.com

Richard A. Levy (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  richard.levy@lw.com

*Counsel for Debtors*

/s/ Mark A. Fink
Natalie D. Ramsey (No. 5378)
Mark A. Fink (No. 3946)
ROBINSON & COLE LLP
1000 North West Street
Suite 1200
Wilmington, DE 19801
Telephone:  (302) 495-4800
Facsimile:  (212) 451-2999
E-mail:  nramsey@rc.com
            mfink@rc.com

Rachel C. Strickland
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8544
Facsimile:  (212) 728-9544
E-mail:  rstrickland@willkie.com

*Counsel for the Tort Claimants' Committee*

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

/s/      Sharon M. Zeig
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
Email: eharron@ycst.com
Email: szieg@ycst.com

*Counsel to the Future Claimants'
Representative*

21

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

----------------------------------------------------------- x

In re:                                                  :       Chapter 11

                                                        :

IMERYS TALC AMERICA, INC., *et al.*,[1]                 :       Case No. 19-10289 (LSS)

                                                        :

    Debtors.                        :       (Jointly Administered)

                                                        :

                                                        :

                                                        :

----------------------------------------------------------- x

## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

This is to certify that: (a) I am producing and/or being given access to Confidential Information or Highly Confidential Information under the Protective Order entered in the above-captioned proceeding; (b) I have read the Protective Order; and (c) I agree to be bound by the terms and conditions thereof as a "Receiving Party" and "Producing Party," as the case may be, including, without limitation, the obligations regarding the use, non-disclosure and return of such Confidential Information or Highly Confidential Information.  I further agree that in addition to being contractually bound by the Protective Order, I am subject to the powers of the Bankruptcy Court for any violation of the Protective Order.

Date: _____

_____

Name (Printed)

Signature

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.