# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-3759
gmgordon@jonesday.com

February 1, 2022

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

Re: LTL Management LLC, Case No. 21-30589 (MBK)

Dear Chief Judge Kaplan:

This responds to Mr. Glasser's letter, submitted earlier today, regarding logistics for the hearing on the motions to dismiss. In lieu of the movants' proposal, the Debtor proposes the following.

Chess Clock and Time Allocation: The respective cases of the movants as one side and the Debtor as the other will be governed by a chess clock. As Mr. Glasser stated, the clock will be "all-in" (openings, closings, directs, cross, redirects, all charged against the party opening, arguing, or eliciting the testimony). However, an uneven split of the time, as proposed by the movants, is not appropriate and would prejudice the Debtor. The Debtor carries the ultimate burden of proof and should be permitted the same amount of time to rebut the movants' case as the movants have to collectively present their case. The movants may coordinate their presentations as they please, but there is no reason that they should be permitted more presentation time than the party who carries the burden of proof. The very fact that movants have insisted that each have the opportunity to advance its respective position affirms that the Debtor should have equal time to respond. A 50/50 split would result in movants having 12 hours to present their case and the Debtor having 12 hours to present its case.

Witnesses: The Debtor and the movants have identified the following fact and expert witnesses in the most recent exchanges on witness matters:

| Witnesses Identified By Debtor | Direct Testimony | Witnesses Identified By Movants | Direct Testimony |
|---|---|---|---|
| **Fact Witnesses** | | | |
| John Kim | Live | Kristie Doyle | Live |
| Adam Lisman | Live | Rebecca Love | Live |
| Thibaut Mongon | Live | Bob Wuesthoff | Live |

NAI-1526179472v4

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

February 1, 2022
Page 2

|  |  | Michelle Goodridge | Live |
|---|---|---|---|
|  |  |  |  |
| **Expert Witnesses** | | | |
| Greg Bell, Ph.D. | Declaration/Report | Saul Burian | Declaration/Report |
| John Castellano | Declaration/Report | Matthew Diaz | Declaration/Report |
| Charles Mullin, Ph.D. | Declaration/Report |  |  |

The parties will submit direct declarations and deposition designations and cross-designations for other witnesses before the hearing. During the parties' meet and confer, the movants indicated they planned to present Ms. Doyle and Ms. Love via stipulation. In his letter, Mr. Glasser now states that Ms. Doyle and Ms. Love will be presented live. The Debtor objects to the presentation of evidence from these plaintiffs in any form as their testimony is irrelevant to the issues raised in the motions to dismiss. If the Court determines to permit this testimony, the Debtor requests that the Court order that they appear for deposition before the hearing.

The Debtor objects to the movants' proposal that each party that has tendered an expert report be limited to offering testimony from one expert. Under this proposal, the Committees, each of which has a single expert (although the expert reports are largely duplicative), would be permitted to present the full extent of their expert evidence while the Debtor, which has three experts who address different topics, would be precluded from putting on two-thirds of its expert evidence. This would be highly prejudicial to the Debtor and would eliminate—with no motion practice whatsoever—the Debtor's right to proffer testimony that was duly disclosed and is relevant to the issues raised in the motions. There has been no argument—nor could there be—that the expert testimony that the Debtor has proffered is duplicative or otherwise inadmissible for any reasons.[1] And, with the discipline of a chess clock and the parties' agreement to present expert directs by declaration, there is no basis to artificially limit the Debtor's ability to present its case.

Order of Witnesses: All fact witnesses should testify first. And, thereafter, may be excused. Expert witnesses would then follow. This will limit the amount of time the fact witnesses need to

---

[1] The Debtor has submitted expert reports from three experts, none of which are duplicative. As stated in the Debtor's initial disclosure of testimony, Dr. Gregory K. Bell, Ph.D, of Charles River Associates, will testify on the impact on Old JJCI of talcum powder personal injury litigation and related investigations, proceedings, and activities, including OldJJCI's financial viability and ability to compete in the marketplace for its products. John Castellano, of AlixPartners, will testify on the implications of subjecting all of Old JJCI to a chapter 11 proceeding compared to the chapter 11 filing of LTL Management LLC, including the additional costs, risks, and complexity of a hypothetical Old JJCI bankruptcy. And Dr. Charles H. Mullin, Ph.D., of Bates White, will to testify on the economic efficiency and equity of evaluating and resolving mass tort claims, including personal injury claims involving JOHNSON'S® Baby Powder and Shower to Shower, through a bankruptcy process compared to evaluating and resolving these claims in the tort system. By contrast, the expert testimony proffered by TCC I and TCC II—much of which is merely legal argument—is almost entirely duplicative.

NAI-1526179472v4

JONES DAY

February 1, 2022
Page 3

be away from their jobs or other activities and will enable the Court to hear each of the fact witness testimony and expert witness testimony together.

    Thank you for your consideration of this letter.

    Respectfully submitted,

    */s/ Gregory M. Gordon*

    Gregory M. Gordon

NAI-1526179472v4