Case 21-30589-MBK    Doc 1346-5    Filed 02/03/22    Entered 02/03/22 10:15:44    Desc
Exhibit E    Page 1 of 4

# EXHIBIT E

January 26, 20226:36 PM EST
Last Updated 8 days ago

# Bankruptcy experts join call to dismiss J&J talc Ch. 11

By Maria Chutchian

3 minute read



A bottle of Johnson and Johnson Baby Powder in a photo illustration. REUTERS/Shannon Stapleton/Illustration


Summary  Law firms  Related documents


Seven law profs call case "direct attack" on bankruptcy system

Judge will hear bid to toss bankruptcy on Feb. 15

The company and law firm names shown above are generated automatically based on the text of the article. We are improving this feature as we continue to test and develop in beta. We welcome feedback, which you can provide using the feedback tab on the right of the page.

(Reuters) - A group of bankruptcy law professors are looking to weigh in on Johnson & Johnson's use of the bankruptcy system to settle lawsuits alleging that its talc products cause cancer, calling the strategy a "serious abuse."

The group filed court papers on Tuesday seeking approval to submit a "friend of the court" brief in support of an effort by a committee representing people who have sued over J&J's talc products to get the bankruptcy of J&J subsidiary LTL Management LLC thrown out. The seven professors argued that the pharmaceutical giant should not be permitted to use bankruptcy to rid itself of its talc-related liabilities when it's in strong financial health.

Repo

The filing comes a few weeks before U.S. Bankruptcy Judge Michael Kaplan in New Jersey is set to hear arguments over the committee's motion to dismiss the case.

Register now for FREE unlimited access to Reuters.com     Register

LTL's bankruptcy was filed in October to resolve around 38,000 claims alleging J&J's talc-based products caused mesothelioma and ovarian cancer. J&J, which maintains that its talc products are safe, created LTL to offload talc-related liabilities and then placed it into bankruptcy with the goal of settling those claims instead of litigating them individually in various courts.

Report ad

The professors, including Jared Ellias of the University of California Hastings School of Law and Kenneth Ayotte of University of California Berkeley School of Law, accused J&J of attempting to "deprive innocent talc victims of their day in court." While this is not the first time a company has used bankruptcy to handle tort liabilities, it is an "alarming" trend, the professors said.

A spokesperson for LTL said in a statement on Wednesday that courts have recognized that resolving these types of claims through Chapter 11 is legitimate use of the restructuring process. The spokesperson also stated that while LTL does not believe the claims are valid, it expects them to grow in number.

"Our overarching objective is to reach a fair and equitable resolution for claimants through a plan of reorganization," the spokesperson said.

The professors echoed the talc committee's concerns over the validity of the bankruptcy, calling it a "direct attack on the fundamental integrity" of Chapter 11.

Clay Thompson of Maune Raichle Hartley French & Mudd, who represents plaintiffs accusing J&J of causing their mesothelioma, said the "frank, unvarnished talk from academics is rare and highlights how egregious J&J's abuse of the bankruptcy process is."

The case is In re LTL Management LLC, U.S. Bankruptcy Court, District of New Jersey, No. 21-30589.

For LTL Management: Gregory Gordon, Dan Prieto, Amanda Rush and Brad Erens of Jones Day

For the committee: David Molton of Brown Rudnick; Melanie Cyganowski of Otterbourg; Daniel Stolz of Genova Burns; Brian Glasser of Bailey Glasser; Lenard Parkins of Parkins Lee & Rubio; and Jonathan Massey of Massey & Gail

For the professors: Sean O'Donnell, Stephen Selbst, Steven Smith and Rachel Ginzburg of Herrick Feinstein

Read more:

J&J unit, talc claimants look to February hearing over bankruptcy validity

J&J's legal strategy for Baby Powder, talc liability