

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Geoffrey Brounell**
212.489.8230 tel
212.489.8340 fax

GeoffreyBrounell@dwt.com

February 4, 2022

**VIA ELECTRONIC FILING & EMAIL**

Honorable Michael B. Kaplan
U.S. Bankruptcy Court for the District of New Jersey
402 East State Street
Trenton, NJ 08608
Courtroom #8

Re: *In re LTL Management, LLC* (Case No. 21-30589(MBK))

Dear Judge Kaplan:

We represent non-party Reuters News & Media, Inc. ("Reuters") and write in regards to LTL Management, LLC and Johnson & Johnson's (together "Movants") Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 1359) (the "Motion") and Movants' Application for Order Shortening Time, which requests a hearing today, February 4, 2022 (Dkt. No. 1360).

Movants have asked this Court to issue an order enjoining Reuters from publishing an article concerning the talc litigation against Johnson & Johnson.  As their basis, Movants argue that Reuters received "confidential information" in violation of a Protective Order in the Bankruptcy Proceeding to which Reuters is not a party.  *See* Mot. at 2-3.

The relief that Movants ask this Court to impose is among the most extraordinary remedies a litigant can request under the law—a prior restraint of speech on a matter of public interest.  Such a restraint is the "most serious and least tolerable infringement on First Amendment rights" in the American republic.  *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).  To the extent Movants believe that issuance of a temporary restraining order is meant to merely preserve the status quo, *see* Mot. at 7, "[w]here the freedom of the press is concerned . . . the status quo is to publish news promptly that editors decide to publish."  *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996) (internal quotations omitted).  "A restraining order disturbs the status quo" in the First Amendment context.  *Id.*

We, therefore, request that the Court allow Reuters the opportunity to brief this issue before any relief is entered.  Because Movants filed their Motion after 11:00 p.m. yesterday, February 3, and did not provide a copy of the Application for Order Shortening Time until 10:11 a.m. today,

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Michael B. Kaplan
February 4, 2022
Page 2

Reuters respectfully requests that the deadline for its Opposition to the Motion be set for Monday, February 7, 2022. Reuters stands ready to be heard on the Motion at the Court's convenience thereafter.

In addition, attached to this letter, please find a letter my colleague, Katherine Bolger, sent this morning to Movants' attorneys informing them that the very premise of their request for an unconstitutional prior restraint is false. Of the two alleged "confidential documents" cited in the Motion, Jones Day removed the confidentiality designation on one and the other is not in Reuters' possession. In the letter, Ms. Bolger urges opposing counsel to withdraw this action, but they have not done so. In addition, Ms. Bolger makes clear that Reuters intends to move forward with the publication of its article given the frivolous position Movants have taken here.

Reuters reserves all defenses and objections.

Respectfully,

Davis Wright Tremaine LLP

*/s/ Geoffrey Brounell*

Geoffrey Brounell



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Kate Bolger**
(212) 402-4068 tel
(212) 379-5244 fax

KateBolger@dwt.com

February 4, 2022

| | |
|---|---|
| Paul R. DeFilippo<br>Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, NY 10110<br>pdefilippo@wmd-law.com | Kenneth A. Rosen<br>Mary E. Seymour<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>krosen@lowenstein.com<br>mseymour@lowenstein.com |
| Gregory M. Gordon<br>Brad B. Erens<br>Dan B. Prieto<br>Amanda Rush<br>Jones Day<br>2727 N. Harwood Street<br>Dallas, TX 75201<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com | Jessica C. Lauria<br>Glenn M. Kurtz<br>Gregory M. Starner<br>White & Case LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Jessica.lauria@whitecase.com<br>gkurtz@whitecase.com<br>gstarner@whitecase.com |

Re: LTL Management LLC
21-30589 (MBK), United States Bankruptcy Court, District of New Jersey

Dear Counsel:

We have been retained to represent Reuters News & Media, Inc. to respond to the request for a Temporary Restraining Order and Preliminary Injunction To Prevent Reuters From Publicizing Confidential Documents Subject To A Protective Order (Dkt. No. 1359).

Before we oppose this motion publicly, I am writing to inform you that it is based on two false statements and to give you the opportunity to withdraw it.

The *sine qua non* of your argument is that, "Of note, Mr. Spector discussed two documents that were produced in this bankruptcy proceeding pursuant to the Protective Order and that were marked "Confidential":

February 4, 2022
Page 2 of 2

(1) "the minutes from a May 17, 2021 Special Meeting of the Board of Directors of J&J, during which J&J General Counsel Michael Ullman briefed directors on talc litigation and J&J's appeal of a Missouri talc verdict to the U.S. Supreme Court (LTL 0019825);" and

(2) "a series of communications in April 2021 regarding a meeting that included Jones Day partner Greg Gordon and his team to discuss a potential divisional merger and bankruptcy (LTL 0036459-61)."

See Mot. at 3.

But you are wrong.  First, regarding the minutes from the May 17, 2021 J&J board meeting: On January 7, 2022, Jones Day partner Mark Rasmussen, representing LTL, specifically agreed that the redacted May 17, 2021 board meeting minutes (LTL 19825-26) are *not* confidential and, accordingly, agreed to remove the "Confidential" designation on the document.

Second, regarding our alleged possession of April 2021 communications regarding a meeting with Jones Day lawyers to discuss a potential divisional merger and bankruptcy (LTL 0036459-61): Reuters does not possess those communications. Our information about that meeting is gleaned from a *publicly filed* deposition of LTL Chief Legal Officer John Kim. This deposition can be found on PACER at Docket No. 142 in case 21-03032-MBK, *LTL Management LLC v. Those Parties Listed on Appendix A to the Complaint*. The deposition is attached as Exhibit A to the Declaration of Melanie L. Cyganowski.

Because these two documents represent the entire basis for your Motion, we trust you will withdraw it immediately.  If you do not do so, Reuters will seek fees against you for your frivolous litigation conduct.  *See* Fed. R. Bankr. P. 9011(b)(3), (c).

In addition, given the frivolousness of the position and because the status quo in matters involving freedom of the press is to publish, Reuters will proceed with its publication of the article.

Sincerely,

Davis Wright Tremaine LLP

Katherine M. Bolger

Cc:  Tom Clare (tom@clarelocke.com)
Joe Oliveri (joe@clarelocke.com)
Dustin Pusch (dustin@clarelocke.com)