

NEW YORK, NY
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
HOUSTON, TX

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212.561.7700**

FACSIMILE: 212.561.7777

**LOS ANGELES**

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE: 310.277.6910**

FACSIMILE: 310.201.0760

**SAN FRANCISCO**

ONE MARKET PLAZA, SPEAR TOWER
40th FLOOR, SUITE 4000
SAN FRANCISCO
CALIFORNIA 94105-1020

**TELEPHONE: 415.263.7000**

FACSIMILE: 415.263.7010

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302.652.4100**

FACSIMILE: 302.652.4400

**TEXAS**

440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE: 713.691.9385**

FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

John A. Morris

February 4, 2022

212.561.7700
jmorris@pszjlaw.com

The Honorable Michael B. Kaplan
United States Bankruptcy Court,
 District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, New Jersey 08608

      Re:    **LTL Management, LLC, Case No. 21-30589 (MBK)**

Dear Judge Kaplan:

      We represent Arnold & Itkin ("A&I"), a law firm representing approximately 7,000 talc personal injury claimants, and write in advance of the hearing on Arnold & Itkin's motion to dismiss (the "Motion") to move *in limine* to exclude on relevance grounds any evidence that Debtor may offer concerning any alleged financial distress suffered by non-Debtor Johnson & Johnson Consumer Inc. ("Old JJCI") as a result of its talc liabilities, including but not limited to the expert opinions of Dr. Gregory K. Bell.

      "The purpose of a motion in limine is to bar irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrowing the evidentiary issues for trial." *Karpf v. Mass. Mut. Life Ins. Co.,* No. 10-1401, 2019 U.S. Dist. LEXIS 19209, at *18 (E.D. Pa. Feb. 5, 2019) (internal quotation marks and alterations omitted).

      A&I expects that the Debtor will offer evidence (from Dr. Bell or otherwise) that Old JJCI's continued participation in the tort system was not sustainable for a variety of reasons, including litigation costs, reputational harm and drain on finances. *See Debtor's Objection to the Motions to Dismiss* [Docket No. 956] (the "Objection") at 2, 11. However, this evidence is not probative of

DOCS_NY:45002.7 05471/002



The Honorable Michael B. Kaplan
February 4, 2022
Page 2

*the Debtor's* financial state and is therefore irrelevant; and even if it had any probative value (which it does not), that value is outweighed by the confusion, delay, and waste of time that its admission will cause.  *See* Fed. R. Evid. 403.

*First*, Old JJCI is not the Debtor, the only party whose financial state matters for purposes of the Motion.  For purposes of applying the "financial distress" element of the "good faith" test in this Circuit, the question is whether *the Debtor* is in financial distress (here, as a result of the pending talc litigation). *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.),* 384 F.3d 108, 121 (3d Cir. 2004) ("good faith necessarily requires some degree of financial distress *on the part of a debtor*" (emphasis added));  *Schwartz v. Rent-A-Wreck of Am., Inc. (In re Rent-A-Wreck of Am., Inc.)*, 596 B.R. 112, 118 (D. Del. 2019) (access to bankruptcy process "assumes *a debtor* in financial distress" (emphasis added)).  Johnson & Johnson ("J&J") elected not to file a chapter 11 case for Old JJCI (or even to have it remain in existence), but instead to form a bespoke entity, LTL Management LLC, to become the Debtor in its stead.  J&J created LTL to sit by itself in bankruptcy; and only LTL's financial state, and not that of Old JJCI, is relevant to the Motion.  As the Third Circuit has observed, "[c]ourts…have consistently dismissed Chapter 11 petitions *filed by financially healthy companies* with no need to reorganize under the protection of Chapter 11." *Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.),* 200 F.3d 154, 166 (3d Cir. 1999) (emphasis added).  Whatever Old JJCI's state of financial distress or otherwise (and A&I contends it was not in distress), its condition cannot be imputed to LTL.

Second, Old JJCI's former financial state bears no relationship to Debtor's present financial state.  Debtor was carved out of Old JJCI and has a financial structure (consisting of a $6 million contribution; possible funding of a Qualified Settlement Trust; a limited royalty stream; and a Funding Agreement that assertedly requires J&J and New JJCI to fund the payment of the costs of resolving and satisfying talc personal injury claims against the Debtor as set forth therein) that is completely different from that of Old JJCI (a consumer health care business deriving revenue from the sale of consumer products).  There is no dispute that Old JJCI is not the Debtor; and Old JJCI's business model, revenue streams,



The Honorable Michael B. Kaplan
February 4, 2022
Page 3

intercompany agreements, and funding sources available to satisfy talc personal injury claims differs vastly from those of the Debtor. Indeed, Old JJCI does not even exist today.

      As a matter of law and fact, Old JJCI's purported financial distress is irrelevant to A&I's Motion, and all evidence and testimony – including but not limited to Dr. Bell's report and opinions – concerning any alleged financial distress of Old JJCI should be excluded.

                Very truly yours,

                */s/ John A. Morris*

                John A. Morris

JAM

cc:    Laura Davis Jones
       Mark Rasmussen
       Brian Glasser
       Jeffrey Jonas
       (all by email)

DOCS_NY:45002.7 05471/002