# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-3759
gmgordon@jonesday.com

February 4, 2022

Honorable Michael B. Kaplan
402 East State Street
Trenton, N.J. 08608
Courtroom #8

Dear Chief Judge Kaplan,

We write to update you on the *Motion for Temporary Restraining Order and Preliminary Injunction To Prevent Reuters From Publicizing Confidential Documents Subject To A Protective Order* (Dkt. No. 1359) ("TRO") filed by Johnson & Johnson and LTL Management LLC (collectively, the "Movants").

In the hours since that filing, Reuters has sent correspondence to the Movants about the contents of the filing. In that correspondence, Reuters has now done what it steadfastly refused to do throughout last evening before the filing, which is to provide information regarding their source for certain information discussed in their February 2, 2022 email communication to Johnson & Johnson.

While Movants appreciate Reuters' new-found willingness to communicate on these issues, we remain concerned about the status of confidential documents due to the positions taken by Reuters' own general counsel a mere twelve hours ago, namely:

> *[Y]our claim that Reuters has asked about documents obtained in violation of Judge Kaplan's protective order is unsupported. As you are well aware, a 'confidentiality' designation atop a document does not necessarily reflect the document's current status.*
>
> *[E]ven if any document received by Reuters were currently designated confidential under a protective order, which we do not concede,* ***Reuters is not a party to these bankruptcy proceedings, and not subject to the order.***
> (Emphasis added.)

Accordingly, Movants are now seeking Reuter's unequivocal assurance that it is not now and never has been in possession of, and further does not intend to rely upon or publish, Confidential documents in violation of this Court's protective order.

Moreover, there should be *no confusion* that this further communication from Reuters has not allayed Movants' substantial concerns that one or more of the constituent members of the Committee or the law firms working with them are contemporaneously feeding non-public information (both documents and deposition testimony) from these proceedings to Reuters in a

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

transparent effort to try this matter in the press. To the contrary, these concerns have only deepened *in the very last hour*.

Despite the pending TRO, and as Your Honor is now aware from its most recent letter, Reuters has just this afternoon published an extensive article on this proceeding and the transaction leading up to it in which it states that it's reporting is based on a review of "internal company documents" and "depositions" – materials that are largely not publicly available and would only be accessible to Reuters via a party to the litigation. *See https://www.reuters.com/business/healthcare-pharmaceuticals/inside-jjs-secret-plan-cap-litigation-payouts-cancer-victims-2022-02-04/* (attached as Exhibit A). The article is a quintessential "hit job," rife with one sided, misleading and out of context statements. Movants will evaluate all possible legal remedies.

For purposes of this matter, the significance of the article is simple, and precisely what Movants told this Court at the February 3 hearing: Reuters is acting as a mouthpiece for mass tort lawyers desperate to try this case inside the court of public opinion instead of the four walls your Honor's courtroom.

Sadly, Movants already knew this. Reuters communication to the Movant earlier today made clear that it is (a) in possession of certain non-public materials produced in this case, and/or (b) speaking directly to the lawyers working on the matter. Similarly, the arguments made in the February 3 hearing confirmed the proposition as well. As your Honor is aware, counsel for one of the amici admitted that an early, non-final draft of the amici's brief was shared with the Committee for comment. Not coincidentally, coverage of the amici filing then appeared in Reuters, complete with a quote from one mass tort lawyer (whose firm is a member of the proposed TCC 2) praising the "frank, unvarnished talk" of the amici.

We stand firm in our belief that these relentless efforts to try this case in the press are highly prejudicial to both the parties *and this Court* and serve as a nothing but a distraction in the short time remaining before the February 14 hearing in this matter, a hearing Movants are eager to have proceed on the facts and merits, as intended, before Your Honor.

It also remains true that certain characterizations of non-public but non-Confidential materials contained within Reuters' February 2, 2022 email communication to Johnson & Johnson are misleading on their face. Apparently, a highly curated portion of these same materials already were the basis of an earlier and similarly misleading article by Reuters, a fact that Movants are only now aware of due to ongoing communications with Reuters over the last twenty-four hours. Interestingly, and despite threats to do so, this afternoon's article contains no mention of the material or prior characterizations of it. We will continue to discuss this matter with Reuters; it is our hope that Reuters will reconsider such characterizations and, if it intends to publish further on the material, do so in a full and fair manner.

In short, while Movants are heartened that publication of Confidential documents may no longer be imminent, as we were led to believe last night, there remain outstanding and significant questions left to be answered. Put simply, Movants are not prepared to agree that the TRO is moot in the absence of certain simple assurances from Reuters. Nevertheless, and as has been conveyed to your staff, we no longer seek an immediate hearing today on this matter. Instead, we intend to continue

2

JONES DAY

discussions with Reuters in the hopes of resolving this issue short of judicial intervention and will keep this Court apprised.

Respectfully submitted,

*/s/ Gregory M. Gordon*
Gregory M. Gordon, Jones Day
Counsel for LTL Management LLC

*/s/ Jessica Lauria*
Jessica Lauria, White & Case LLP

Counsel for Johnson & Johnson