

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Geoffrey Brounell**
212.489.8230 tel
212.489.8340 fax

GeoffreyBrounell@dwt.com

February 7, 2022

**VIA ELECTRONIC FILING**

Honorable Michael B. Kaplan
U.S. Bankruptcy Court for the District of New Jersey
402 East State Street
Trenton, NJ 08608
Courtroom #8

Re: *In re LTL Management, LLC* (Case No. 21-30589(MBK))

Dear Judge Kaplan:

      We represent non-party Reuters News & Media, Inc. ("Reuters") and write in response to the letter from counsel for LTL Management, LLC and Johnson & Johnson (together "Movants") dated February 6, 2022 (Dkt. No. 1397).  While Reuters is pleased to see that Movants have withdrawn their motion requesting an unconstitutional prior restraint, Reuters wishes to correct the inaccuracies in Movants' description of their communications with Reuters.

      On February 3, 2022, prior to the publication of Reuters' article, attorneys from the law firm Clare Locke LLP (who were acting on Movants' behalf) threatened to bring a request for an injunction against Reuters.  In response, Reuters responded that Movants' "claim that Reuters has asked about documents obtained in violation of Judge Kaplan's protective order is unsupported" and that Reuters "do[es] not concede" that "any document received by Reuters" was "currently designated confidential under a protective order."  Ex. A.

      On February 4, 2022, completely in accordance with its prior communication, Reuters explained in both a letter to this Court and a separate letter to Movants' counsel that of the two purportedly "confidential" documents discussed in their motion for injunctive relief, one document was not in Reuters' possession and the other was de-designated "confidential" by Jones Day—the same law firm representing Movants in its request for injunctive relief.  *See* Ex. B.

      Contrary to Movants' position, therefore, Reuters put Movants on notice on Thursday that that they needed to check their facts before proceeding with any request for a prior restraint.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Michael B. Kaplan
February 7, 2022
Page 2

        Respectfully,

        Davis Wright Tremaine LLP

        */s/ Geoffrey Brounell*

        Geoffrey Brounell
        Katherine M. Bolger

# EXHIBIT A

| | |
|---|---|
| **From:** | Larsen, Katharine (TR General Counsel) <katharine.larsen@thomsonreuters.com> |
| **Sent:** | Thursday, February 3, 2022 2:25 PM |
| **To:** | Dustin Pusch; Tom Clare; Joe Oliveri |
| **Subject:** | RE: Time-Sensitive Legal Correspondence on Behalf of Johnson & Johnson |

Dear Mr. Clare,
Dear Mr. Oliveri,
Dear Mr. Pusch,

I write in response to your email and correspondence sent at 10:57 pm last night, February 2, which demands that Reuters identify its confidential sources, refrain from publishing information in the public interest, and destroy evidence that you claim was improperly obtained. I am also aware of the letter filed with Judge Kaplan by Mr. Gordon of Jones Day (Dkt. 1346) today at 10:15 am. In your correspondence, you state you will consider seeking a prior restraint from Judge Kaplan to enjoin Reuters from reporting on the relevant bankruptcy proceedings.

In no uncertain terms, we reject your factually-unfounded and legally-meritless demands.

In short, given the 15-hour deadline you unilaterally imposed:

First, we stand behind the professionalism of our journalists, who contacted your client to transparently share their "preliminary findings and ask a series of questions," with the goal of ensuring that Reuters reporting is "fair and accurate."

Second, your claim that Reuters has asked about documents obtained in violation of Judge Kaplan's protective order is unsupported. As you are well aware, a 'confidentiality' designation atop a document does not necessarily reflect the document's current status.

Third, even if any document received by Reuters were currently designated confidential under a protective order, which we do not concede, Reuters is not a party to these bankruptcy proceedings, and not subject to the order. Moreover, we note that it was Mr. Gordon of Jones Day who filed, in the public court record, detailed descriptions of what you claim to be confidential documents under the protective order.

Fourth, it is well established that the First Amendment bars the imposition of liability against a publisher for truthful speech about a matter of public concern, even if the third-party who provided the information obtained that information unlawfully. *See Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001).

Fifth, prohibiting Reuters from publishing fair reports of information of public concern would constitute a prior restraint in violation of the First Amendment. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) (overturning injunction against *Business Week* magazine based on publication of information obtained in violation of confidentiality order because "[p]rohibiting the publication of a news story . . . is the essence of censorship" and "[t]he private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds for imposing a prior restraint"); *Matter of Providence Journal Co.*, 820 F.2d 1342, 1349 (1st Cir. 1986) (holding that it would be an unconstitutional prior restraint to prevent the Providence Journal Company from publishing information obtained through a FOIA request, "[e]ven if the materials had been given to the Journal improperly or unlawfully"). We note with concern Mr. Gordon's misleading claim, in the filing to Judge Kaplan, that *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 397 (E.D.N.Y. 2007) could possibly support an injunction against Reuters. As the decision reflects, no injunction was issued against either the reporter or the publication in that case. To the contrary, the court stated: "No newspaper

or website is directed to do anything or to refrain from doing anything. … No person is enjoined from expressing an opinion or speaking or writing about the documents."

Sixth, any effort to compel our journalists to identify our confidential sources would be unlawful.  *See, e.g.*, N.J.S.A. 2A:84A-21.

Seventh, we stand behind the accuracy of our prior reporting on these subjects, as set out in past correspondence with you and your colleagues.

Eighth, for the avoidance of doubt, we do not agree to confidentiality over any part of your communications.  The unilateral labeling of correspondence as "not for publication" does not create an off-the-record agreement with our newsroom.

Last, in keeping with the [Reuters Trust Principles](), we are dedicated to accuracy, integrity and independence in our newsgathering and publication.  We have no basis to believe we have fallen short of these standards here.  We reject any demand that we refrain from publishing fair and accurate reports regarding matters in the public interest.  Instead, we encourage your client to respond to the inquiries from our newsroom, so that their positions can be included in any news reports we publish on this subject.

This message does not constitute a full recitation of the facts related to this matter and is without prejudice to Reuters' rights, claims and defenses, all of which are expressly reserved.

Sincerely,
Katharine Larsen


**Katharine Larsen**
Chief Counsel, **Reuters News**
Teams:  +1 332 219 1465

---

**From:** Dustin Pusch <dustin@clarelocke.com>
**Sent:** Wednesday, February 2, 2022 10:57 PM
**To:** Larsen, Katharine (TR General Counsel) <katharine.larsen@thomsonreuters.com>
**Cc:** Tom Clare <tom@clarelocke.com>; Joe Oliveri <joe@clarelocke.com>
**Subject:** [EXT] Time-Sensitive Legal Correspondence on Behalf of Johnson & Johnson

**External Email:** Use caution with links and attachments.

Dear Katharine,

I hope you are well.  Please see the attached correspondence from my colleagues, Tom Clare and Joe Oliveri, on behalf of our clients, Johnson & Johnson and their affiliates.

We look forward to your prompt response.  Please confirm receipt.

Sincerely,

Dustin A. Pusch | Partner
C L A R E   L O C K E   L L P
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7406 - direct | (617) 543-4459 - cell

2

dustin@clarelocke.com | www.clarelocke.com

This electronic message transmission contains information from the law firm of Clare Locke LLP, which may be confidential or privileged.  The information is intended exclusively for the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited.  If you received this electronic transmission in error, please notify us immediately at admin@clarelocke.com.

# EXHIBIT B



21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Geoffrey Brounell**
212.489.8230 tel
212.489.8340 fax

GeoffreyBrounell@dwt.com

February 4, 2022

**VIA ELECTRONIC FILING & EMAIL**

Honorable Michael B. Kaplan
U.S. Bankruptcy Court for the District of New Jersey
402 East State Street
Trenton, NJ 08608
Courtroom #8

Re: *In re LTL Management, LLC* (Case No. 21-30589(MBK))

Dear Judge Kaplan:

We represent non-party Reuters News & Media, Inc. ("Reuters") and write in regards to LTL Management, LLC and Johnson & Johnson's (together "Movants") Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 1359) (the "Motion") and Movants' Application for Order Shortening Time, which requests a hearing today, February 4, 2022 (Dkt. No. 1360).

Movants have asked this Court to issue an order enjoining Reuters from publishing an article concerning the talc litigation against Johnson & Johnson.  As their basis, Movants argue that Reuters received "confidential information" in violation of a Protective Order in the Bankruptcy Proceeding to which Reuters is not a party.  *See* Mot. at 2-3.

The relief that Movants ask this Court to impose is among the most extraordinary remedies a litigant can request under the law—a prior restraint of speech on a matter of public interest.  Such a restraint is the "most serious and least tolerable infringement on First Amendment rights" in the American republic.  *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).  To the extent Movants believe that issuance of a temporary restraining order is meant to merely preserve the status quo, *see* Mot. at 7, "[w]here the freedom of the press is concerned . . . the status quo is to publish news promptly that editors decide to publish."  *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996) (internal quotations omitted).  "A restraining order disturbs the status quo" in the First Amendment context.  *Id.*

We, therefore, request that the Court allow Reuters the opportunity to brief this issue before any relief is entered.  Because Movants filed their Motion after 11:00 p.m. yesterday, February 3, and did not provide a copy of the Application for Order Shortening Time until 10:11 a.m. today,

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Michael B. Kaplan
February 4, 2022
Page 2

Reuters respectfully requests that the deadline for its Opposition to the Motion be set for Monday, February 7, 2022.  Reuters stands ready to be heard on the Motion at the Court's convenience thereafter.

In addition, attached to this letter, please find a letter my colleague, Katherine Bolger, sent this morning to Movants' attorneys informing them that the very premise of their request for an unconstitutional prior restraint is false.  Of the two alleged "confidential documents" cited in the Motion, Jones Day removed the confidentiality designation on one and the other is not in Reuters' possession.  In the letter, Ms. Bolger urges opposing counsel to withdraw this action, but they have not done so.  In addition, Ms. Bolger makes clear that Reuters intends to move forward with the publication of its article given the frivolous position Movants have taken here.

Reuters reserves all defenses and objections.

Respectfully,

Davis Wright Tremaine LLP

*/s/ Geoffrey Brounell*

Geoffrey Brounell



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Kate Bolger**
(212) 402-4068 tel
(212) 379-5244 fax

KateBolger@dwt.com

February 4, 2022

| | |
|---|---|
| Paul R. DeFilippo<br>Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, NY 10110<br>pdefilippo@wmd-law.com | Kenneth A. Rosen<br>Mary E. Seymour<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>krosen@lowenstein.com<br>mseymour@lowenstein.com |
| Gregory M. Gordon<br>Brad B. Erens<br>Dan B. Prieto<br>Amanda Rush<br>Jones Day<br>2727 N. Harwood Street<br>Dallas, TX 75201<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com | Jessica C. Lauria<br>Glenn M. Kurtz<br>Gregory M. Starner<br>White & Case LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Jessica.lauria@whitecase.com<br>gkurtz@whitecase.com<br>gstarner@whitecase.com |

Re:  LTL Management LLC
     21-30589 (MBK), United States Bankruptcy Court, District of New Jersey

Dear Counsel:

We have been retained to represent Reuters News & Media, Inc. to respond to the request for a Temporary Restraining Order and Preliminary Injunction To Prevent Reuters From Publicizing Confidential Documents Subject To A Protective Order (Dkt. No. 1359).

Before we oppose this motion publicly, I am writing to inform you that it is based on two false statements and to give you the opportunity to withdraw it.

The *sine qua non* of your argument is that, "Of note, Mr. Spector discussed two documents that were produced in this bankruptcy proceeding pursuant to the Protective Order and that were marked "Confidential":

February 4, 2022
Page 2 of 2

(1) "the minutes from a May 17, 2021 Special Meeting of the Board of Directors of J&J, during which J&J General Counsel Michael Ullman briefed directors on talc litigation and J&J's appeal of a Missouri talc verdict to the U.S. Supreme Court (LTL 0019825);" and

(2) "a series of communications in April 2021 regarding a meeting that included Jones Day partner Greg Gordon and his team to discuss a potential divisional merger and bankruptcy (LTL 0036459-61)."

*See* Mot. at 3.

But you are wrong. First, regarding the minutes from the May 17, 2021 J&J board meeting: On January 7, 2022, Jones Day partner Mark Rasmussen, representing LTL, specifically agreed that the redacted May 17, 2021 board meeting minutes (LTL 19825-26) are *not* confidential and, accordingly, agreed to remove the "Confidential" designation on the document.

Second, regarding our alleged possession of April 2021 communications regarding a meeting with Jones Day lawyers to discuss a potential divisional merger and bankruptcy (LTL 0036459-61): Reuters does not possess those communications. Our information about that meeting is gleaned from a *publicly filed* deposition of LTL Chief Legal Officer John Kim. This deposition can be found on PACER at Docket No. 142 in case 21-03032-MBK, *LTL Management LLC v. Those Parties Listed on Appendix A to the Complaint*. The deposition is attached as Exhibit A to the Declaration of Melanie L. Cyganowski.

Because these two documents represent the entire basis for your Motion, we trust you will withdraw it immediately. If you do not do so, Reuters will seek fees against you for your frivolous litigation conduct. *See* Fed. R. Bankr. P. 9011(b)(3), (c).

In addition, given the frivolousness of the position and because the status quo in matters involving freedom of the press is to publish, Reuters will proceed with its publication of the article.

Sincerely,

Davis Wright Tremaine LLP

*Katherine M. Bolger*

Katherine M. Bolger

Cc: Tom Clare (tom@clarelocke.com)
Joe Oliveri (joe@clarelocke.com)
Dustin Pusch (dustin@clarelocke.com)