| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Committee of Talc Claimants I* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>sdwoskin@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Committee of Talc Claimants I* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official Committee of Talc Claimants I* | **PARKINS LEE & RUBIO LLP**<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX  77002<br>Tel: (713) 715-1666<br>*Special Counsel to the Official Committee of Talc Claimants I* |

| | |
|---|---|
| In Re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No.:  21-30589(MBK)<br><br>Honorable Michael B. Kaplan<br><br>Hearing: *February 10, 2022, at 1:00 p.m.* |

### RESPONSE OF THE OFFICIAL COMMITTEE
### OF TALC CLAIMANTS I TO DEBTOR'S MOTION IN LIMINE TO STRIKE
### CERTAIN TESTIMONY OF SAUL E. BURIAN

The Official Committee of Talc Claimants I ("TCC I") of LTL Management LLC, ("LTL" or the "Debtor"), by and through its undersigned proposed counsel, submits this Response to the *Debtor's Motion in Limine* [Dkt. No. 1417] (the "Motion") seeking to, *inter alia*, exclude portions of the Expert Report of Saul Burian (the "Burian Report")[1] and respectfully states as follows:

### PRELIMINARY STATEMENT

1. The Motion is little more than further effort by the Debtor to distract the attention of the Court and the parties from the (lack of) merit to their opposition to the motions to dismiss. *First,* this court will review and evaluate Mr. Burian's expert report, not a jury. There is no danger that this Court will be confused by Mr. Burian laying out factual predicates and evidence upon which he relies for his opinion (which includes evidence in the record, and findings in previous opinions that are now law of the case). While this evidence (and these previous findings) are highly damaging to J&J and LTL, they will come in at trial (or are already findings of Judge Whitley prior to the transfer of this case) and TCC I does not rely on the Burian Report to introduce

---

[1] The Motion does not attach a copy of the Burian Report. It is attached as *Exhibit A to TCC I's Motion to Seal, filed contemporaneously herewith*..

2

those. *Second*, the "legal conclusions" that LTL seeks to strike are nothing of the sort and again, this Court (and not a jury) will evaluate the Burian Report and will not be misled about this Court's role in deciding the law. Further, LTL offers no basis whatsoever for their assertion (made only in an appendix) that "commentary on bankruptcy policy" is inadmissible while submitting an entire expert report (the Mullen Report) that is, at its core, nothing more than an assertion that the tort system of the United States (federal and state) is a "lottery" and advocating for this bankruptcy proceeding to replace it on policy grounds. The Motion should be denied.

## ARGUMENT

### I.    It Is Well Settled That Experts May State Evidence They Rely On In Their Report.

2.     LTL confuses the well-understood rule that an expert may not "simply summarize the facts and the depositions of others" (impermissible) with its purported new rule that experts may not *state* facts upon which they rely (not only allowed, but required). *Compare Crowley v. Chait*, 322 F. Supp. 2d 530, 553 (D.N.J. 2004) (preventing experts from giving testimony that "simply" summarizes existing testimony) *with* Fed. R. Civ. P. 26(a)(2)(b)("The report **must** contain: (i) a complete statement of all opinions the witness will express **and the basis and reasons for them**; (ii) **the facts or data considered by the witness in forming them**[.]") (emphasis added).

3.     LTL complains of (a) quotes from Judge Whitley's opinion transferring venue as "cumulative evidence" (the "Judge Whitley Quotes") and (b) "All selective quotations of deposition testimony and documentary evidence" (the "Evidence Quotes") as inappropriate summarization and "cumulative evidence." But both the Judge Whitley Quotes and the Evidence Quotes are explicitly and clearly listed as pieces of evidence underlying Mr. Burian's opinions and conclusions regarding the business and restructuring purpose of LTL (or lack thereof). That opinion is stated at the top of page 13, 14, and 15, and below each conclusion or opinion, in sub-

bullets, is key evidence (or previous findings of fact) upon which Mr. Burian relied. This alone is fatal to LTL's argument.

4. It is well understood that an expert may (and in an expert report, **must**) testify as to the facts upon which he or she relies, and it is only if that underlying evidence is inadmissible (which LTL does not allege here) does care need to be taken in screening that information from the factfinder. *See* FRE 703 ("But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.") As Mr. Burian is listing evidence upon which he relies for conclusions that the Debtor does not challenge the admissibility of, their claims that he "simply" recites evidence falls flat.

5. Additionally, the objection to the Judge Whitley Quotes fails first because the objection – "cumulative evidence" – misunderstands what evidence is. Judge Whitley's findings of fact are *law of the case*, not evidence. *See, e.g., In re City of Philadelphia Litig.*, 158 F.3d 711, 722 (3d Cir. 1998) (prior holdings and factual findings are law of the case even if made on a different issue). Mr. Burian is entitled to rely on those findings (and, arguably, must rely on them). Nor will this Court be confused by the "cumulative" evidence on factual findings that bind this Court unless LTL makes a showing (which it has not attempted to do) that the high standard to reconsider those findings is met.

## II. Mr. Burian Does Not Violate The Prohibition On Testifying About The Governing Law Or What The Law Requires

6. LTL complains that Mr. Burian offers opinions that "go to legal issues at the core of this litigation." Motion at 2. Of course they do. They *go to* those issues because those opinions and conclusions are relevant to this Court's underlying analysis of the relevant issues in order for the Court to reach its legal conclusions, which is the purpose of an expert report. While the

4

standard is that experts may not "opine on "what the law required" or "testify as to the governing law" they certainly may offer opinions within their expertise to aid the Court in its ultimately determinations. *Casper v. SMG*, 389 F. Supp. 2d 618, 621 (D.N.J. 2005). This is precisely what Mr. Burian did here, and thus the Motion should be denied.

7. In fact, it is well understood that an expert testifying on a matter that involves frequent contact with the legal system will, at times, have conclusions or opinions that involve discussion of the legal system and sound similar to legal conclusions, but are not and should not be excluded. *See Suter v. Gen. Acc. Ins. Co. of Am.*, 424 F. Supp. 2d 781, 792 (D.N.J. 2006) ("Mr. Bado's testimony sounds less like an impermissible legal conclusion or personal viewpoint than like the type of knowledge that would be possessed, or the type of conclusion that might be reached, by any similarly situated insurance professional. Opinions that are based on this type of generalized understanding of the laws affecting a single business or industry are not necessarily the types of legal conclusions sought to be excluded from evidence.").

8. Conclusions that would be reached by a restructuring professional – such as Mr. Burian, who has advised companies in approximately 150 complex restructurings, financings, and other transactions – will necessarily involve *discussion* of the law. But it is not discussion of the law that is prohibited: it is stating what the governing law is, or what the law requires. *Compare Suter v. Gen. Acc. Ins. Co. of Am.*, 424 F. Supp. 2d 781, 792 (D.N.J. 2006) (expert testimony as to reasonability and good faith admissible, though drawing on legal knowledge and discussion of a hypothetical court) *with Casper v. SMG*, 389 F. Supp. 2d 618, 621 (D.N.J. 2005) (expert not permitted to testify as to if a party is an employer as defined in Section 8(e) of the National Labor Relations Act).

5

9. Had Mr. Burian sought to testify that LTL's bankruptcy filing did not meet the definition of "good faith" under relevant third circuit precedent, LTL's Motion might have been proper. But he did not; and the Motion therefore is not. Mr. Burian testifies, based on his decades of restructuring experience involving approximately 150 transactions, that (a) the transaction is an abuse (not in bad faith), and the differences in how other companies resolve mass torts in bankruptcy compared to this bankruptcy (*see* page 42 of the Burian Report); and (b) that approving the transaction will lead to widespread abuse (*see* page 43 of the Burian Report). In neither case does he seek to assert what the governing law is with respect to the Motion to Dismiss, nor to state what the law requires.

10. Further, unlike where expert testimony will be presented to a jury there is no concern where, as here, it will be provided to the Court for consideration. *See Id.* at 793 ("Where, as here, there is no jury to instruct, the ability of the witness to "stray[ ] out of bounds and into the rightful territory of the Court" is significantly lessened.") This Court will have no difficulties understanding what is an opinion of Mr. Burian based on his decades of restructuring experience that is relevant to the issues for this Court to decide, and what are issues that are the exclusive province of this Court to decide.

11. Finally, LTL in its appendix argues – for the first time, unsupported by any argument in the Motion – that Mr. Burian is not permitted to provide "commentary on bankruptcy policy[.]" *See* Motion at Appendix 1. The word "policy" does not appear in the Motion, nor does LTL provide any explanation for this argument. This, too, should be denied as a basis to strike Mr. Burian's testimony.

## **CONCLUSION**

12.     Based on the foregoing, TCC I respectfully requests that the Court overrule the Motion as to the Burian Report.

Respectfully submitted,

**GENOVA BURNS, LLC**

By:    /s/  Donald W. Clarke   .

Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 533-0777
Facsimile: (973) 467-8126
Email: dstolz@genovaburns.com
Email: dclarke@genovaburns.com

*Local Counsel to the Official Committee of Tort Claimants I*

64404250 v1-WorkSiteUS-000002/3929

7