| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br><br>**Lite DePalma Greenberg & Afanador, LLC**<br>570 Broad Street, Suite 1201<br>Newark, New Jersey 07102<br>Direct Dial: (973) 877-3814<br>Main No.: (973) 623-3000<br>www.litedepalma.com<br>Counsel to *DeSanto Canadian Class Action Creditors*<br>Allen J. Underwood II, Esq.<br>Email: aunderwood@litedepalma.com | |
| In re:<br><br>LTL MANAGEMENT LLC<br><br>Debtor. | Case No. 21-30589 (MBK)<br>Chapter 11<br>Judge: Hon. Michael B. Kaplan, C.U.S.B.J. |

**CANADIAN CLASS ACTION PLAINTIFFS' CLARIFICATION BASED UPON COMMITTEE RESPONSE**

TO:   THE HONORABLE MICHAEL B. KAPLAN,
      CHIEF JUDGE UNITED STATES BANKRUPTCY
      COURT FOR THE DISTRICT OF NEW JERSEY

The representative plaintiff in *DiSanto v Johnson & Johnson*, Alberta Court of Queen's Bench (File Number 1901-11748) as represented by The Guardian Law Group LLP in Canada ("*DiSanto*"), in support of its *Opposition* (CM/ECF Docket No. 1432) to the pending *Motions to Dismiss*, files the within clarification of the record in response to the February 10, 2022 *Joint Response of TCC I & TCC II* (CM/ECF Docket No. 1457) to the *Opposition*, and states:

1.     Correcting footnote 1 of the *Opposition*, the *DiSanto* Complaint was filed in Canada against Johnson & Johnson in 2019. On December 17, 2021, prior to the entry of the CCAA *Recognition Order*, Canadian counsel filed an Amended Complaint in Canada naming LTL as a defendant.

1

2, The *Opposition* is timely filed, as it was filed seven (7) days prior to the designated return date. Both of the *Notices of Motion to Dismiss* state a February 15, 2022 return date, and both *Notices of Motion to Dismiss* state that opposition must be filed seven (7) days prior to the return date. The Debtor's *Opposition*, and every other docket reference to the matter through the present, cites February 15, 2022 as the return date. Exhaustive review of the docket failed to reveal a scheduling order for the *Motions* setting an opposition date for general creditors other than that set forth as stated above.[1]

3. The Committees are correct (as *DiSanto* <u>stated in its *Opposition*</u>) that the *DiSanto Complaint* reflects an uncertified class. Nevertheless the Committees are incorrect that the *Opposition* should be disregarded on that basis.

4. The *DiSanto* class action differs from US class actions not only because personal injury mass tort class actions remain viable and the norm in Canada, but also because: a) Alberta is an "opt-out" jurisdiction – Alberta residents who do not wish to be part of a certified class and be bound by it must take steps to opt out; b) non-Alberta Canadian residents must also opt out if they do not wish to be part of the class[2]; and c) Canada does not have "multidistrict litigation." Multiple cases against the same defendant, as to the same claims, are not necessarily consolidated, and class actions can proceed in multiple jurisdictions simultaneously.

5. There are a handful of class actions pending in different provinces in Canada as to J&J talc liability. Upon information and belief, only one was certified prior to the entry of the *Recognition Order*. The rationale behind Alberta having an "opt-out" regime is to enable a streamlining of proceedings, for judicial economy and to enable access to justice to Canadian

---

[1] This creditor could locate no scheduling order on the docket establishing deadlines for opposition by the Debtor or any parties. Presumably, if the Committees could point to an Order or docket entry, they would have.
[2] 2003, S.A., c. C-16.5 [CPA], as amended by the <u>Class Proceedings Amendment Act, 2010, S.A., c. 15</u>.

citizens by automatically including all persons who fall within the definition of a certified class, whether or not they take any steps to join. To US eyes this may seem odd. In operation, it likely avoids the crippling circumstance that is all to obvious in this matter - thousands of individual personal injury cases in the US, in multiple jurisdictions, over decades. For these reasons, consideration of the *Opposition* is important. Given the above, and the fact that Canadian mass tort class actions can take many years to reach certification, trial and resolution, the concerns underlying the *DiSanto Opposition* are clear.

6. Moreover, no claims bar date has been established and no claims noticing has occurred in this case. Typically, *Rule* 7023 bankruptcy certification as to a putative class for bankruptcy purposes should occur at the time of the filing of the proof of claim. *In re First Interregional Equity Corp.,* 227 B.R. 358, (Bankr. D.N.J. 1998). Under the circumstances, certification of a putative Canadian class for US bankruptcy purposes should not be required merely for this Court to consider the legal arguments of the putative class as to *Motions to Dismiss* filed early in the case.

7. Whether putative class members have received actual notice of the general claims bar date in the bankruptcy – not merely constructive notice – is one of the first and most important issues for a bankruptcy court to review in in determining whether to accept a class proof of claim (a stage we are not even at yet). *In re PG&E Corp.*, 2020 Bankr. LEXIS 487, 2020 WL 5626038 (Bankr. N.D.CA 2020). Debtors initial Master Creditor List contains largely only the names of US law firms, and ergo, despite 40,5858 entries, appears to only address US claimants. Known creditors are entitled to actual written notice of the claims bar date. *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

8. And it is at this point again that the distinction as to Canada class action law, and the opt out nature of the Alberta *DiSanto* class, compared with US personal injury practice, is quite material. Debtor's Master Creditor List – which lists names of individuals but whose addresses

3

are almost exclusively law firms, was clearly derived from a listing of all US litigation plaintiffs using the addresses of their counsel – perhaps derived from filed and served US personal injury complaints. In Canada, as noted, because mass tort class action are still valid and the norm, and particularly in Alberta, because it is an opt out jurisdiction, meaning that an action is filed in the name of a representative plaintiff, and all other eligible claimants are presumed to be a part of the class without having to take further steps (again – that is Canadian public policy and law – different - but not necessarily better or worse than US law), there is no massive list of Plaintiffs derived from thousands of individual complaints. Rather, to simplify, there is one complaint (in this case, actually perhaps four), and a presumption of inclusion within the class. What this means at this stage is that in Alberta, the Debtor may be incapable of providing actual written notice of a claims bar date to each putative plaintiff – they simply are not yet known – whether to Debtor or the Canadian Class Action counsel. Moreover, orders restraining notice generally were entered on the first day in this case – so for instance, it appears that the Clerk of the Court did not even provide mail notice of the petition filing to all on the Master Creditor list, as we might normally expect as to all creditors. Notice at best was provided to the law firms representing the creditors in the US. Unlike many mass tort related bankruptcies, it does not appear that there has been any advertising, or that there is as yet any order or plan for advertising, for claims filing, whether in the US or Canada.

9.  Foreign creditors must also weigh – even if they have actual notice - whether to participate and file a claim in a US bankruptcy at all. Certainly, until a foreign recognition order is entered (in this case in mid-December 2021), this question is a significant foreign creditor consideration. The Committees' footnote to *Rodriguez v. Tarragon Corp. (In re Tarragon Corp.)*, 2010 Bankr. LEXIS 3410, 2010 WL 3842409, 2-5 (Bankr. D.N.J. Sept. 24, 2010) adds nothing – the decision regards claims expungement as to a putative class claim. Here again, no claims bar date has even been set, and there do not appear to be many if any Canadian Creditors on the 40,585

4

entry Master Creditor List. It appears that to date 3 proofs of claim have been filed with the Court, and 11 with the Claims agent Epiq. Under these circumstances, ignoring the opposition filed by a Canadian class representative would be bad precedent, particularly in the earliest stage of the case.

10. Finally, the *Opposition* cannot be ignored, because at the least and if nothing else, it represents the interests of an individual creditor – the class representative Diane DiSanto.

11. The Committees' reference to Canadian trial counsel Mr. Farrell opposing recognition (this counsel had not been engaged at that time, and as a non-Canadian attorney, could not have appeared in any event) tells this Court very little, if anything, An objection by a foreign creditor represented by foreign counsel on a virtual foreign recognition hearing early in a case should never bar that creditor's subsequent understanding that a US bankruptcy affords the better path.

12. The Committees' argue that counsel: "has not participated in the litigation requesting dismissal of the chapter 11 case. More specifically, counsel has not: (i) participated at any hearings relevant to the Motion to Dismiss; (ii) had any involvement in any of the historical briefing or discovery relating to the same. . ." Giving any weight to that statement is nonsensical. The entire point of filing written motions is so that parties in interest can review them – and all of the information on the docket - and draw their own conclusions as to a proper course. A careful review of the docket and an *Opposition* filed in a creditor's interests citing the appropriate law should be more than sufficient. Moreover, the *Opposition* is based upon an understanding of the factual skeleton of Debtor and non-debtor pre-petition acts, publicly laid bare in the Debtors first day pleadings. The *Opposition* actually starts with the premise that the *Movants* may prove bad faith – however it then seeks to address the more difficult question – "what next?"

13. The Committees state that counsel never "(iii) had any communication whatsoever with either Committee's professionals." I spoke with Committee Counsel Mr. Stolz via telephone

5

on November 19, 2021.[3] The purpose of that call was to generally understand the Committee's position going forward in New Jersey. The Committee's position in desiring dismissal has not changed since that call. I believe we disagreed even then. I had not been engaged at the time, but based upon another representation of Canadian creditors in a US bankruptcy, I thought I might be. That did not happen as soon as I might have hoped - the *DiSanto* engagement was entered on February 8 – Tuesday of this week.

14. The suggestion that the legal argument espoused in the *DiSanto Opposition* is "uninformed" is, in it's own right, "uninformed." It is demeaning to the US bankruptcy process to suggest that a creditor cannot take a differing but informed viewpoint from a Committee. The law set forth in the *DiSanto Opposition* is either as stated by the US Supreme Court, the Third Circuit Court of Appeals, from cases within the Third Circuit, or if reference is made to state law, it is New Jersey law. The mere weight of the US plaintiff's bar, as reflected in the Committees' tactical position, should not overcome the statutes and law this Court will follow.

[continued on next page]

---

[3] CM/ECF Docket Entry 912-1, entered 12/20/21, Exhibit A-Genova Burns Statement of Services, page 6 of 34. "11/19/21 DMS B110 Call from Underwood, attorney for plaintiffs. .30 650.00 195.00"

Nothing contained herein shall constitute a waiver of any rights or remedies of the Creditor under title 11 of the United States Code or applicable law, including, without limitation, the right to (i) amend, modify, or supplement this filing, or (ii) raise any other additional arguments at a later date, including, but not limited to, in an objection to any Plan, and the right to assert lack of subject matter jurisdiction.

Dated: February 11, 2022

Respectfully submitted,

/s/ Allen J. Underwood, II
**LITE DEPALMA GREENBERG & AFANADOR**
Allen J. Underwood II, Esq.
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
e-mail: aunderwood@litedepalma.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, a true and correct copy of the foregoing Clarification was filed via this Court's CM/ECF system and will be forwarded by electronic transmission to all parties registered to receive electronic notice in these cases, as identified on the Notice of Electronic Filing (NEF).

*/s/ Allen J. Underwood II*
Allen J. Underwood II