February 13, 2022

*Via Email*
The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

**Re:    LTL Management LLC, Case No.:  21-30589(MBK)**

Dear Judge Kaplan,

The parties have met and conferred regarding the Movants' request for judicial notice ("Request") [Dkt. 1428] and jointly submit this letter to provide an update. The parties have reached an agreement on all of the items in the Request except Paragraph 19. The Movants therefore withdraw their Request in all respects except Paragraph 19. The parties set forth their positions with respect to Paragraph 19 below.

In Paragraph 19 of the request, Movants seek to have the Court take judicial notice of the fact that in certain jurisdictions, where some talc claimants have cases pending, there are procedures for expediting trials for plaintiffs who would likely not survive until they would reach their trial date in the normal course. That these procedures exist is a "fact" subject to being judicially noticed provided that it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201. Movants have done exactly that by providing the relevant statutes and orders and Debtor does not maintain that these statutes and orders attached to the Request for Judicial Notice can be reasonably questioned. Movants have not characterized or interpreted these rules and orders and they do not ask that the Court to do this either. Instead, Movants have presented them to the court so the court is aware that claimants have these rights in certain jurisdictions. This is exactly the type of "fact" that Federal Rule of Evidence 201 was designed to address.

Debtor asserts that this is not the proper method to present these authorities to the Court because Paragraph 19 asks the Court to take judicial notice of the Movants' interpretation and characterization of state court procedural rules and practices, not adjudicative facts. *See* Fed. R. Evid. 201 advisory committee's note to the 1972 proposed rules ("[A]djudicative facts" are those which "relate to the parties" and "normally go to the jury [or fact-finder] in a jury case."); *Bodnar v. Nationwide Mut. Ins. Co.*, No. 3:12-CV-01337, 2013 WL 5656118, at *2 (M.D. Pa. Oct. 15, 2013) ("[T]he 'facts' for which Defendant seeks notice appear much more like legal conclusions than they do 'the facts of the particular case' . . . interpretations of case law, which [are] the essence of legal reasoning, [] are excluded from the definition of adjudicative facts.") (subsequent history omitted); *see also* Kurtis A. Kemper, Annotation, What Constitutes "Adjudicative Facts" Within Meaning of Rule 201 of Federal Rules of Evidence Concerning Judicial Notice of Adjudicative Facts, 150 A.L.R. Fed. 543 (1998) ("[L]egal arguments and conclusions are not adjudicative facts subject to judicial notice under Rule 201."). The Debtor is not opposed to the Movants citing these

January 13, 2022
Page 2

authorities or using them in argument but their characterization of them is not the proper subject of judicial notice under Federal Rule of Evidence 201.

The parties ask that the Court take this up at a convenient time during the hearing on the motion to dismiss over the next several days.

Sincerely,

s/ *Brian A. Glasser*            s/ *Gregory M. Gordon*

Brian A. Glasser                 Gregory M. Gordon