| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* |

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | |

# DECLARATION OF ORDINARY COURSE PROFESSIONAL

**Faegre Drinker Biddle & Reath LLP**

The undersigned hereby declares, under penalty of perjury, as follows:

1. I am a partner of the following firm (the "Firm"), which maintains offices at the address and phone number listed below:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

| | |
|---|---|
| <u>Firm</u>: | Faegre Drinker Biddle & Reath LLP |
| <u>Address and Telephone Number</u>: | 600 Campus Drive, Florham Park, New Jersey 07932-1047 (973) 549-7000 (Telephone) (973) 360-9831 (Facsimile) |

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey authorizing LTL Management LLC (the "<u>Debtor</u>") to retain certain professionals in the ordinary course of business during the pendency of the Debtor's chapter 11 case [Dkt. 849] (the "<u>Order</u>"). Following the date that the Debtor's chapter 11 case was commenced (the "<u>Petition Date</u>"), the Debtor has requested that the Firm provide professional services (or continue to provide such services) to the Debtor, and the Firm has agreed to provide such services. Accordingly, the Firm is submitting this Declaration pursuant to the Order.

3. The Firm, through me, and other members, partners, associates, or employees of the Firm, has provided, or plans to provide, the following services to the Debtor from and after the Petition Date: litigation advice and services (i) related to pending personal injury claims arising from the alleged use of talc-containing products manufactured, distributed, marketed, and/or sold by the Debtor and (ii) as Delaware counsel in the Imerys chapter 11 cases (Bankr. D. Del. Case No. 19-10289).

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties-in-interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases,

2

proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties-in-interest in this chapter 11 case. The Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

5.     To the best of my knowledge, information, and belief, formed after due inquiry, the Firm does not represent or hold an interest adverse to the Debtor or its estate with respect to the matter(s) on which the Firm is to be retained and employed.

6.     The Firm believes that it is owed $61,577.60[2] on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtor.

7.     The Firm further states that it has not shared, has not agreed to share, nor will agree to share any compensation received in connection with this chapter 11 case with any party or person, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

---

[2]     As of the Petition Date, $1,415,750.60 was owed for work performed on behalf of Johnson & Johnson and the Debtor's predecessor, Johnson & Johnson Consumer, Inc., (i) with respect to claims asserted against Johnson & Johnson and Johnson & Johnson Consumer, Inc., and now the Debtor, arising from the alleged use of certain talc-containing products and (ii) as Delaware counsel in the Imerys chapter 11 cases (Bankr. D. Del. Case No. 19-10289). Johnson & Johnson satisfied $1,354,173.00 following the Petition Date consistent with Johnson & Johnson's engagement with the Firm. The Firm has billed the remaining $61,577.60 to Johnson & Johnson, consistent with the terms of its engagement with Johnson & Johnson.

8. As of the Petition Date, which was the date on which the Debtor commenced this chapter 11 case, the Firm was not party to an agreement for indemnification with the Debtor.

9. If, at any time during its employment by the Debtor, the Firm discovers any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on February 23, 2022, at 8:15 am.

By: _____
Susan M. Sharko, Esq.

SWORN AND SUBSCRIBED before
me this 23 day of February, 2022.

_____
Notary Public

TINA L. TUCCI
Notary Public, State of New Jersey
ID # 2184009
My Commission Expires November 30, 2025

| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** |
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* |

| In re: | Chapter 11 |
|---|---|
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | |

## RETENTION QUESTIONNAIRE

**RETENTION QUESTIONNAIRE TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL EMPLOYED BY THE DEBTOR**

Do not file this Questionnaire with the Court.  Please return it to:

>Jones Day
>Attn:   Dan B. Prieto, Esq.
>         Amanda Rush, Esq.
>         2727 North Harwood Street, Suite 500, Dallas, Texas 75201
>         dbprieto@jonesday.com
>         asrush@jonesday.com

>and

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

>Jones Day
>Attn: Isel M. Perez
>600 Brickell Avenue, Suite 3300, Miami, Florida 33131
>iperez@jonesday.com

If more space is needed, please complete on a separate page and attach.

1. Name and Address of Firm:

>Faegre Drinker Biddle & Reath LLP
>600 Campus Drive
>Florham Park, New Jersey 07932-1047
>(973) 549-7000 (Telephone)
>(973) 360-9831 (Facsimile)

2. Date of retention:

>October 14, 2021.

3. Type of services to be provided:

>Litigation advice and services (i) related to pending personal injury claims arising from the alleged use of talc-containing products manufactured, distributed, marketed, and/or sold by the Debtor and (ii) as Delaware counsel in the Imerys chapter 11 cases (Bankr. D. Del. Case No. 19-10289) (the "Imerys Chapter 11 Cases").

4. Brief description of services to be provided:

>With regards to (i) in paragraph 3 above, monitoring case dockets and assisting with matters related to enforcing the automatic stay and, to the extent necessary and permitted by order of this Court, services would also include the evaluation of pending and future talc personal injury and consumer claims under the relevant substantive law, the conduct of discovery on those claims (including fact depositions and written discovery), the preparation of briefs and other pleadings related to the merits of the underlying claims, the preparation of expert witnesses and discovery-related thereto, the trial of remaining factual issues upon the conclusion of discovery, and merits briefing and other related litigation services as the Debtor may require.

>With regards to (ii) in paragraph 3 above, monitoring the Imerys Chapter 11 Cases, preparing for and attending hearings and other court proceedings in the Imerys Chapter 11 Cases as may be required, and providing other related litigation services, including preparing court filings, as the Debtor may require.

5. Arrangements for compensation (hourly, contingent, etc.)

The Firm bills hourly rates for its services (in one-tenth hour increments) and will also seek reimbursement of costs and expenses.

(a) Average hourly rate (if applicable):

Paralegals: $202.00 - $321.47
Associates: $354.00 - $800.80
Counsel/of counsel: $475.00 - $1,012.00
Partners: $456.00 - $1,440.00

(b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

Approximately $17,500

6. Prepetition claims against the Debtor held by the firm:

$61,577.60[2]

7. Prepetition claims against the Debtor held individually by any member, associate, or professional employee of the company:

None.

8. Disclose the nature and provide a brief description of any interest adverse to the Debtor or to its estates for the matters on which the firm is to be employed:

The Firm does not have an interest adverse to the Debtor. The Firm does jointly represent Johnson & Johnson in litigation and advisory matters related to certain talc-related claims as well as the Imerys Chapter 11 Cases.

9. Name and title of individual completing this form:

Susan M. Sharko, Partner

Dated: February 23, 2022

---

[2] As of the Petition Date, $1,415,750.60 was owed for work performed on behalf of Johnson & Johnson and the Debtor's predecessor, Johnson & Johnson Consumer, Inc., (i) with respect to claims asserted against Johnson & Johnson and Johnson & Johnson Consumer, Inc. and now the Debtor, arising from the alleged use of certain talc-containing products and (ii) as Delaware counsel in the Imerys chapter 11 cases (Bankr. D. Del. Case No. 19-10289). Johnson & Johnson satisfied $1,354,173.00 following the Petition Date consistent with Johnson & Johnson's engagement with the Firm. The Firm has billed the remaining $61,577.60 to Johnson & Johnson, consistent with the terms of its engagement with Johnson & Johnson.

3