# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-3759
gmgordon@jonesday.com

February 23, 2022

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

Re: LTL Management LLC, Case No. 21-30589 (MBK)

Dear Chief Judge Kaplan:

This responds briefly to Mr. Stolz's letter filed earlier today.

First, the Debtor's willingness to agree to an examiner is not an attempt to "head off" a derivative standing motion. As the Court knows, the Debtor strongly believes that the prepetition corporate restructuring did not effect a fraudulent transfer or otherwise harm claimants but instead ensures that at least the same asset value that was available to pay talc claims pre-restructuring remained available post-restructuring. Nonetheless, in the event the Court determines to deny the motions to dismiss, the Debtor is amenable to an independent third party evaluating the restructuring to clear up any lingering concerns that may exist and to remove a potential impediment to a consensual resolution. If, instead, the examiner concludes that a fraudulent conveyance may have occurred, the Debtor made clear that it would not oppose a grant of derivative standing to a committee. In short, there would be no need for a committee to file a motion for derivative standing.

Second, the appointment of an examiner will not cause delay. The Debtor requested that, if its chapter 11 case is not dismissed, the Court promptly appoint both an FCR and a mediator to assist the parties in negotiating a resolution of this case. The mediation and the examiner's investigation could proceed in parallel to avoid any delay.

Third, there was no "procedural infirmity" with the Debtor's suggestion regarding the appointment of an examiner. The Court has the authority to appoint an examiner *sua sponte* if it determines that such an appointment is in the interests of creditors and other stakeholders. See, e.g., In re Moshaashaee, 2015 WL 4689019, at *2 (Bankr. E.D.N.C. Aug. 6, 2015) ("court has authority to appoint an examiner without motion or request by a party in interest"); Keene Corp. v. Coleman (In re Keene Corp.), 164 B.R. 844, 855 (Bankr. S.D.N.Y. 1994) (court has authority to appoint examiner *sua sponte*); In re UNR Industries, Inc., 72 B.R. 789, 793 (Bankr. N.D. Ill.

JONES DAY

**February 23, 2022**
Page 2

1987) ("Under Section 105(a) the Court on its own motion can move for the appointment of an examiner.").

    Thank you for your consideration of this letter.

                          Respectfully submitted,

                          */s/ Gregory M. Gordon*
                          Gregory M. Gordon