

Arthur J. Abramowitz, Esq.
Direct Dial 856.661.2081
Direct Fax 856.773.5308
aabramowitz@shermansilverstein.com

February 25, 2022

<u>VIA ECF & E-MAIL</u>
Honorable Michael B. Kaplan
United States Bankruptcy Judge, Chief
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    LTL Management LLC
                  Case No. 21-30589 (MBK)
                  Docket No. 1273

Dear Chief Judge Kaplan:

On behalf of the Official Committee of Talc Claimants II ("<u>TCC II</u>"), we write to respectfully request an extension of the March 9, 2022 date on which the two official committees in this case will be disbanded and the original Official Committee of Talc Claimants will be reinstated, as set forth in in the Court's January 26, 2022 Order (the "<u>Order</u>").[1]

As demonstrated at last week's trial, mesothelioma claimants in this case have unique and discrete interests separate and apart from the ovarian cancer claimants. The United States Trustee ("<u>UST</u>") correctly recognized that, as a result of those facts and circumstances, mesothelioma claimants require separate official representation pursuant to section 1102(a) of the Bankruptcy Code. TCC II respectfully disagrees with the Court's decision to deny the motions to dismiss. Nonetheless, to the extent that this case remains in chapter 11, TCC II wholeheartedly endorses the goal articulated in the Court's decision that this chapter 11 proceeding be administered in a manner that results in the development of a global resolution that has the support of all major

---

[1] *Order Regarding: (A) Debtor's Motion For An Order Determining That The United States Trustee's Notice Of "Reconstituted And Amended" Talc Claimants Committee Is Invalid And Reinstating That Committee; And (B) Motion For Order Vacating Appointment Of Second Official Committee Of Talc Claimants And Addition Of New Committee Members Filed By Arnold & Itkin LLP* [Docket No. 1273].

All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Order.

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

2961450.1
264793419

Honorable Michael B. Kaplan
Re: LTL Management LLC, Case No. 21-30589 (MBK)
Docket No. 1273
February 25, 2022
Page 2

parties in interest as soon as possible. We respectfully submit that this outcome is best achieved by maintaining TCC II as a separate mesothelioma claimants committee.

Moreover, although the Court ordered the disbandment of TCC II, it did so "without prejudice" and with the express proviso that its decision was only effective "unless and until the U.S. Trustee pulls back the curtains on the decision-making process" to allow the Court to "accord the U.S. Trustee such deference and properly evaluate the objections raised by Movants or the arguments supporting the U.S. Trustee's position [on appointment]." *See* Memorandum Opinion [Docket No. 1212] at 17.

In view of the Court's directives, and based on statements made on the record, we understand that the UST is deciding whether to file a motion to amend or reconsider the North Carolina bankruptcy court's committee appointment order to authorize the appointment of separate mesothelioma and ovarian cancer committees in this case. TCC II also understands that the UST delayed making a decision pending this Court's adjudication of the motions to dismiss, given that the dismissal of these cases may have obviated the need for a motion to amend.

However justified, the UST's deferral in filing a motion to amend creates an untenable situation where TCC II may be disbanded prior to the Court's having a full and fair opportunity to decide the motion. To the extent the Debtor opposes the motion it will require briefing, and possibly discovery, all of which cannot be completed prior to March 9. Disbanding TCC II prior to the completion of this process will have profound consequences for the mesothelioma claimants represented by TCC II and create the exact type of delay and inefficiency that this Court sought to avoid when it initially delayed the effectiveness of the Order. *See* Hr'g Tr. Jan. 19, 2022 at 95:2–13.

Accordingly, TCC II respectfully requests that the Court modify the Order to extend the March 9, 2022 deadline to the date on which the Court issues a decision on any motion to amend or reconsider the North Carolina bankruptcy court's committee appointment order. Such an extension will provide the parties with sufficient time to fully brief the motion and complete any discovery.

264793419

Honorable Michael B. Kaplan
Re: LTL Management LLC, Case No. 21-30589 (MBK)
Docket No. 1273
February 25, 2022
Page 3

    We respectfully request that the Court schedule a conference with all parties in interest to discuss the foregoing prior to the next-scheduled hearing in this case, which is currently set for March 8, 2022. This letter is submitted without prejudice to, and with a full reservation of, all of TCC II's rights and defenses.

                        Respectfully submitted,

            SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
                       A Professional Corporation

                        ARTHUR J. ABRAMOWITZ

264793419