# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number:  (214) 969-3759
gmgordon@jonesday.com

February 28, 2022

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

Re:  LTL Management LLC, Case No. 21-30589 (MBK)

Dear Chief Judge Kaplan:

This responds to the letter of the Committee of Talc Claimants II ("TCC II") filed late in the day on February 25, 2022.

The Debtor objects to TCC II's request to modify the Court's order [Dkt 1273] providing for the disbandment of TCC II on March 9, 2022.  Parties have had ample time since the Court's decision on January 19, 2022 to seek relief in respect of the appointment of an additional claimants' committee.  Yet, as of the date of this letter, no party has filed a motion seeking such relief.  The Debtor respectfully submits that further delaying the disbandment of TCC II, which the Court found was not properly appointed by the United States trustee (the "UST"), is not justified or necessary.

TCC II claims that the Court's March 9 deadline should be extended because the UST *may* soon file a potential motion to appoint a separate mesothelioma claimants' committee in this case.  The Court afforded the UST sufficient time to file any motion seeking to reconstitute TCC II to ensure the parties had the certainty they required to move forward with a prompt resolution by March 9.  But to date no such motion has been filed and, the UST, on whose behalf the TCC II's letter was apparently filed, has not asked for additional time.  There is no need to modify the Court's prior order, and it would only impede progress in this case to do so.

The Debtor continues to believe there is no need to have two official committees of talc claimants based primarily on disease type, a result that is unprecedented.  As demonstrated at the hearings on the motions to dismiss and for a preliminary injunction, the two talc committees advanced many of the same arguments and took many of the same positions in respect of the motions.  This duplication is costly and wasteful.  Mesothelioma claimants simply do not need their own committee, particularly given their substantial representation on the original talc claimants' committee (the "Original TCC").  In addition, the continuation of TCC II will only

JONES DAY

February 28, 2022
Page 2

add to the complexity of this case at a time when the parties will soon begin mediation to reach a consensual resolution of the Debtor's talc liability.

The Debtor has advised both committees as well as the UST that it is amenable to the Court's suggestion that a mesothelioma claimants' ex officio subcommittee be added to the Original TCC. However, neither committee has indicated that such suggestion is acceptable. The Debtor opposes any modification of the Court's order to extend the March 9, 2022 deadline to permit a possible late-filed motion, and will oppose any motion seeking to appoint a separate mesothelioma claimants' committee.

Thank you for your consideration of this letter.

Respectfully submitted,

*/s/ Gregory M. Gordon*
Gregory M. Gordon