**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

---

Order Filed on March 7, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br><br>        Plaintiff,<br>v.<br><br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br><br>        Defendants. | Adv. No.: 21-3032 (MBK) |

**ORDER (I) DECLARING THAT AUTOMATIC STAY APPLIES TO CERTAIN ACTIONS AGAINST NON-DEBTORS AND (II) PRELIMINARILY ENJOININ**

**DATED: March 7, 2022**

The relief set forth on the following pages is hereb

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 21-3032-MBK
Caption: Order (I) Declaring that Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions

This matter coming before the Court on the *Complaint for Declaratory and Injunctive Relief (I) Declaring That the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Dkt. 1] (the "Complaint"), the *Debtor's Motion for an Order (I) Declaring that the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Dkt. 2] (the "Motion"),[2] both filed by the above-captioned plaintiff and debtor (the "Debtor");[3] the Court having considered (i) the submissions of the parties, including the Complaint, the Motion, the Debtor's supplemental memorandum of law, and the responses, objections and replies in respect of the Motion or the Complaint,[4] (ii) the arguments set forth on the record at a hearing held on February 18, 2022, and (iii) the evidence submitted by the parties, including declarations, testimony and exhibits filed with or presented to

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion. For purposes of this Order only, the term "Enjoined Talc Claims" shall mean, collectively, any talc-related claims against the Debtor, including all claims relating in any way to talc or talc-containing materials that formerly were asserted against (or that could have been asserted against) the former Johnson & Johnson Consumer Inc. ("Old JJCI") on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise). For the avoidance of doubt, Enjoined Talc Claims include, without limitation, all talc personal injury claims and other talc-related claims allocated to the Debtor from Old JJCI in the documents implementing the 2021 Corporate Restructuring. The Enjoined Talc Claims do not include talc-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws.

[3] The Plaintiff in this adversary proceeding (the "Adversary Proceeding") is Debtor LTL Management LLC. The Defendants in the Adversary Proceeding are those parties listed on Appendix A to the Complaint, as amended [Adv. Pro. Dkt. 60], as well as John and Jane Does 1-1000. The Defendants listed on Appendix A are all named plaintiffs in talc-related lawsuits against the Debtor (or for which the Debtor is responsible or alleged responsible) as of the Petition Date who sought to hold, or may seek to hold, the Protected Parties liable for the Enjoined Talc Claims. The Protected Parties are listed in Appendix B to the Complaint. Defendants John and Jane Does 1-1000 are prospective plaintiffs who may at any time while the above-captioned chapter 11 case is pending seek to hold the Protected Parties liable for the Enjoined Talc Claims.

[4] See Adv. Dkts. 44, 45, 49, 50, 52, 58, 104, 128, 141, 142, 143, and 146.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-3032-MBK
Caption:  Order (I) Declaring that Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions

the Court or the Bankruptcy Court for the Western District of North Carolina;[5] the Court having entered the *Bridge Order Extending Termination Date of Order Granting the Debtor's Request for Preliminary Injunctive Relief* [Adv. Dkt. 157] and having issued the *Memorandum Opinion* [Adv. Dkt. 184] (the "PI Opinion"); for the reasons set forth in the PI Opinion, which is incorporated herein by reference, **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED and the Adversary Proceeding is resolved in favor of the Debtor.  All objections to the relief granted herein are OVERRULED.

2. The Defendants are prohibited and enjoined, pursuant to sections 105 and 362 of the Bankruptcy Code, from commencing or continuing to prosecute any Enjoined Talc Claim against any of the Protected Parties, on any theory of liability, whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise, for the period this Order is effective pursuant to paragraph 15, below.  This injunction includes, without limitation:  (a) the pursuit of discovery from the Protected Parties or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Protected Parties; (c) further motions practice related to the foregoing; and (d) any collection activity on account of an Enjoined Talc Claim against any Protected Party or its officers, directors, employees or agents or its respective assets.

3. In addition, and without limiting the foregoing, the Court finds and declares that the commencement or continued prosecution of any Enjoined Talc Claim by any Defendant against any of the Protected Parties while the Chapter 11 Case remains pending,

---

[5] See Adv. Dkt. 176.

(Page 4)
Debtor: LTL Management LLC
Case No. 21-3032-MBK
Caption:  Order (I) Declaring that Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions

including the actions listed in the last sentence of paragraph 2, above, would violate the automatic stay imposed by sections 362(a)(l) and 362(a)(3) of the Bankruptcy Code and therefore is prohibited.

4. This Order is entered without prejudice to the Debtor's right to request that the Court extend this Order to include other entities or persons not previously identified in Appendix A or Appendix B to the Complaint.  In the event that the Debtor seeks to supplement either Appendix A or Appendix B, the Debtor shall file with the Court and serve a notice, together with a proposed order, setting forth any such modifications to Appendix A or Appendix B.  The burden of proof for any modification of Appendix A or Appendix B is not affected by this Order.  Parties shall have 14 days from the date of service of the notice to object to the modification(s) to Appendix A or Appendix B, and the Debtor shall have 7 days from the service of such objection to file and serve a response.  Absent a timely objection, the Debtor's proposed modifications to Appendix A or Appendix B shall be approved by order of the Court without the necessity of a hearing.  For the avoidance of doubt, the inclusion of a talc-related claim on Appendix A is not an admission that such Defendant holds a currently pending claim against either the Debtor or the Protected Parties.

5. Notwithstanding anything to the contrary in this Order, Imerys Talc America, Inc. and its affiliates (collectively, the "Imerys Entities") or Cyprus Mines Corporation and its affiliates (collectively, the "Cyprus Entities") are not Defendants in this proceeding.  The relief granted herein shall not apply to the Imerys Entities or the Cyprus Entities, and this Order and the PI Opinion shall not bind the Imerys Entities or the Cyprus Entities.  The right of the

(Page 5)
Debtor: LTL Management LLC
Case No. 21-3032-MBK
Caption:  Order (I) Declaring that Automatic Stay Applies to Certain Actions Against
Non-Debtors and (II) Preliminarily Enjoining Certain Actions

Debtor to seek to enjoin the Imerys Entities or the Cyprus Entities, and the right of the Imerys Entities or Cyprus Entities to oppose such relief, are hereby preserved in all respects.

6. Notwithstanding anything to the contrary in this Order, governmental units (as defined under section 101 of the Bankruptcy Code) are not Defendants in this proceeding. The relief granted herein, including any relief granted under this Order under section 105 of the Bankruptcy Code, shall not apply to restrict or enlarge the rights of the Debtor or any governmental unit under applicable bankruptcy law and all such rights are hereby preserved.

7. Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.  This Order is without prejudice to the Debtor's or others' rights to seek relief pursuant to section 362 of the Bankruptcy Code.

8. Notwithstanding anything to the contrary in this Order, any party asserting Enjoined Talc Claims, without leave of the Court, may take reasonable steps to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if such testimony is not perpetuated during the duration of this Order.  Notice shall be provided to the Debtor by notifying counsel for the Debtor of the perpetuation of such testimony.  The Debtor shall have the right to object to the notice on any grounds it would have if it were a party to the underlying proceeding and not subject to the terms of this Order, and the Debtor may raise any such objection with the Court, except that the Debtor, Old JJCI and J&J waive objecting to the use of such testimony based on lack of notice or lack of opportunity to cross-examine.  The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction.  All parties reserve and do not waive any and all objections

(Page 6)
Debtor: LTL Management LLC
Case No. 21-3032-MBK
Caption: Order (I) Declaring that Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions

with respect to such testimony. Defendants or other individuals asserting Enjoined Talc Claims may not seek to perpetuate the testimony of representatives, including directors, officers, employees and agents of the Debtor or the Protected Parties without the consent of the Debtor or an order of the Court. Notwithstanding the forgoing, parties in lawsuits pending in the MDL who wish to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not perpetuated during the duration of this Order shall comply with the process outlined in the <u>In Extremis Deposition Protocol</u> entered on January 23, 2017 in the MDL.

9. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security in connection with this Order pursuant to Civil Rule 65(c).

10. This Order shall be immediately effective and enforceable upon its entry.

11. In accordance with section 108(c) of the Bankruptcy Code, this Order shall toll, as of November 10, 2021, any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period under which an enjoined Defendant is required to commence or continue a civil action in a court other than this Court on any Enjoined Talc Claim asserted against the Debtor or any of the Protected Parties until the later of: (a) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (b) 30 days after the termination or expiration of the preliminary injunction issued by this Order.

12. The automatic stay shall continue to be lifted solely to permit the applicable Defendants to proceed with and complete the following appeals, in each of which

(Page 7)
Debtor: LTL Management LLC
Case No. 21-3032-MBK
Caption:  Order (I) Declaring that Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions

surety bonds have been issued in connection with the appeal: (a) <u>Leavitt</u>: (b) <u>Olson</u>; (c) <u>Schmitz</u>; (d) <u>Barden</u> (as to Barden, Etheridge, McNeill and Ronning); (e) <u>Soskin</u>; and (f) <u>Prudencio</u>.

13. The personal injury claims (including pain and suffering damages) of the plaintiff in the <u>Vanklive</u> lawsuit shall be preserved even if the plaintiff subsequently dies (with no impairment of such plaintiff's personal injury damages, including pain and suffering damages). The Debtor, New JJCI, and J&J specifically consent and agree to this provision.

14. The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on counsel for the known Defendants within three business days of its entry on the Court's docket.

15. This Order shall be promptly filed in the Clerk of Court's office and entered into the record, and, except as the Court may otherwise determine, it shall remain effective for the period through and including 30 days after the effective date of a confirmed plan of reorganization in the Chapter 11 Case that is no longer subject to appeal or discretionary review.

16. The Court will revisit continuation of the automatic stay and preliminary injunction ordered herein in 120 days from entry of the PI Opinion, on June 29, 2022, and similar periods thereafter.

17. The Court shall have exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.