| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **COOLEY LLP**<br>Cullen D. Speckhart (admitted pro hac vice)<br>Ian Shapiro (admitted pro hac vice)<br>Russell Capone (admitted pro hac vice)<br>Michael Klein (admitted pro hac vice)<br>55 Hudson Yards<br>New York, NY 10001<br>Tel: (212) 479-6000<br>Fax: (212) 479-6275<br>Email: cspeckhart@cooley.com<br>       ishapiro@cooley.com<br>       rcapone@cooley.com<br>       mklein@cooley.com<br><br>Matthew Kutcher (admitted pro hac vice)<br>444 W Lake Street, Suite 1700<br>Chicago, IL 60606<br>Tel: (312) 881-6500<br>Fax: (312) 881-6598<br>Email: mkutcher@cooley.com<br><br>Shamis Beckley (admitted pro hac vice)<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Tel: (617) 937-2300<br>Fax: (617) 937-2400<br>Email: sbeckley@cooley.com<br><br>Kathleen Hartnett (admitted pro hac vice)<br>Julie Veroff (admitted pro hac vice)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br>Email: khartnett@cooley.com<br>       jveroff@cooley.com<br><br>*Proposed Co-Counsel to the*<br>*Official Committee of Talc Claimants II* | **BAILEY GLASSER LLP**<br>Brian A. Glasser (admitted pro hac vice)<br>Thomas B. Bennett (admitted pro hac vice)<br>Kevin W. Barrett (admitted pro hac vice)<br>Maggie B. Burrus (admitted pro hac vice)<br>1055 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>Email: bglasser@baileyglasser.com<br>       tbennett@baileyglasser.com<br>       kbarrett@baileyglasser.com<br>       mburrus@baileyglasser.com<br><br>*Proposed Co-Counsel to the*<br>*Official Committee of Talc Claimants II* |

265403115

| | |
|---|---|
| **WALDREP WALL**<br>**BABCOCK & BAILEY PLLC**<br>Thomas W. Waldrep, Jr. (admitted pro hac vice)<br>Kevin L. Sink (admitted pro hac vice)<br>James C. Lanik (admitted pro hac vice)<br>Jennifer B. Lyday (admitted pro hac vice)<br>370 Knollwood Street, Suite 600<br>Winston-Salem, NC 27103<br>Tel: (336) 717-1280<br>Fax: (336) 717-1340<br>Email: notice@waldrepwall.com<br><br>*Proposed Co-Counsel to the*<br>*Official Committee of Talc Claimants II* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey (admitted pro hac vice)<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>Email: jmassey@masseygail.com<br><br>*Proposed Co-Counsel to the*<br>*Official Committee of Talc Claimants II* |
| **SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br>Arthur J. Abramowitz<br>Alan I. Moldoff<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>         amoldoff@shermansilverstein.com<br>         rswitkes@shermansilverstein.com<br><br>*Proposed Local Counsel to the*<br>*Official Committee of Talc Claimants II* | |
| In re:<br><br>**LTL MANAGEMENT LLC,**<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan |

**MOTION OF OFFICIAL COMMITTEE OF TALC CLAIMANTS II FOR MODIFICATION OF THE COURT'S ORDER REGARDING: (A) DEBTOR'S MOTION FOR AN ORDER DETERMINING THAT THE UNITED STATES TRUSTEE'S NOTICE OF "RECONSTITUTED AND AMENDED" TALC CLAIMANTS COMMITTEE IS INVALID AND REINSTATING THAT COMMITTEE; AND (B) MOTION FOR ORDER VACATING APPOINTMENT OF SECOND OFFICIAL COMMITTEE OF TALC CLAIMANTS AND ADDITION OF NEW COMMITTEE MEMBERS FILED BY ARNOLD & ITKIN LLP [DOCKET NO. 1273], TO AUTHORIZE TCC II TO CONTINUE TO EXIST FOR PURPOSES OF PURSUING APPEALS OF THE MOTION TO DISMISS AND PRELIMINARY INJUNCTION ORDERS**

1

265403115

The Official Committee of Talc Claimants II ("TCC II") of LTL Management LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned case (the "Case"), files this motion (the "Motion") for entry of an order, substantially in the form submitted herewith (the "Proposed Order"), for modification of the Court's *Order Regarding: (A) Debtor's Motion For An Order Determining That The United States Trustee's Notice Of "Reconstituted And Amended" Talc Claimants Committee Is Invalid And Reinstating That Committee; And (B) Motion For Order Vacating Appointment Of Second Official Committee Of Talc Claimants And Addition Of New Committee Members Filed By Arnold & Itkin LLP* [Docket No. 1273] to authorize TCC II to continue to exist for purposes of pursuing appeals of the Motion to Dismiss and Preliminary Injunction Orders. In support of the Motion, TCC II respectfully states as follows:

**BACKGROUND**

**I.      The Official Committees Are Formed In This Case**

1.      On November 4, 2021, the United States Bankruptcy Court for the Western District of North Carolina (the "NC Bankruptcy Court") entered an order [Docket No. 355] granting the motion [Docket No. 227] filed by the Bankruptcy Administrator for the Western District of North Carolina, for appointment of an official committee of talc claimants (as so ordered, the "Original TCC"). On November 10, 2021, the NC Bankruptcy Court issued an order transferring the Case to this District. *See* Docket No. 416.

2

2. On December 23, 2021, the United States Trustee for Region 3 (the "U.S. Trustee") "reconstitute[d] and amend[ed]" the Original TCC and formed two committees, the Official Committee of Talc Claimants I ("TCC I") and TCC II, pursuant to his obligations under 11 U.S.C. § 1102(a), by filing the *Notice of the United States Trustee's Filing of Reconstituted and Amended: (i) Notice of Appointment of Official Committee of Talc Claimants; and (ii) Notice of Appointment of Official Committee of Talc Claimants II* [Docket No. 965] (the "Notice of Appointment").

3. TCC I is comprised of nine members, seven of whom were members of the Original TCC plus two new members. Eight of them are ovarian cancer claimants and one is an insurance claimant. TCC II consists of seven mesothelioma claimants, four of whom were members of the Original TCC plus three new members.

## II. The Court Reinstates the Original TCC But With a Delayed Effective Date That Allows TCC II to Try the Motion to Dismiss and Preliminary Injunction Before This Court

4. On January 3, 2022, the Debtor filed its motion [Docket No. 1047] seeking to disband TCC I and TCC II and reinstate the Original TCC.

5. On January 5, 2022, Arnold & Itkin LLP filed a motion [Docket No. 1067] (collectively, the "Reinstatement Motions") seeking the same relief.

6. At a January 19, 2022, hearing on the Reinstatement Motions, the Court granted the motions and memorialized its oral ruling in a Memorandum Opinion [Docket No. 1212], dated January 20, 2022. Subsequently, on January 26, 2022, the Court entered an order [Docket No. 1273] (the "Reinstatement Order".)

7. In the Reinstatement Order, the Court struck the Notice of Appointment "without prejudice." Reinstatement Order ¶ 2. The Court ordered that the "committees formed thereunder shall be disbanded on March 9, 2022," *id.*, and that the Original TCC "is reinstated in its original

3

265403115

form as of March 9, 2022," *id.* ¶ 3—in both cases, "**subject to further order of the Court**." Reinstatement Order, ¶ 2 (emphasis added). The Reinstatement Order also provided that "the Official Committee of Talc Claimants I and the Official Committee of Talc Claimants II appointed pursuant to the Committee Reconstitution Notice shall remain in full force and effect through March 8, 2022." *Id.* ¶ 5.

8. On March 1, 2022, the U.S. Trustee filed a letter with the Court indicating that it had decided not to file a motion for relief with respect to the Reinstatement Order [Docket No. 1596].

### III. TCC II Prosecutes Its Motion to Dismiss the Case and Objection to the Preliminary Injunction Motion

9. Immediately upon its formation in December, TCC II took an active, leading role in prosecuting critical matters before this Court, including advocating in support of (i) the *Motion of the Official Committee of Talc Claimants to Dismiss Debtor's Chapter 11 Case* [Docket No. 632] (the "Motion to Dismiss"); and (ii) the objection [Adv. 21-03032, Docket No. 142] to the Debtor's request for an *Order (I) Declaring That the Automatic Stay Applies to Certain Actions Against Non-Debtors or (II) Preliminarily Enjoining Such Actions and (III) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. 21-03032, Docket Nos. 2, 128] (the "PI Motion") in adversary proceeding no. 21-03032 (the "Adversary Proceeding").[1]

---

[1] This Court entered an order holding that TCC II is deemed to have separately filed any motions or pleadings that were filed by the Original TCC, and granting TCC II discretion to prosecute any such matters. *See Joint Stipulation And Agreed Order Between The Official Committee Of Talc Claimants I And The Official Committee Of Talc Claimants II Regarding Pleadings Previously Filed*, ¶¶ 1-2 [Docket No. 1226] (providing that (i) all "motions, pleadings, and related court filings in this Case" filed by the Original TCC "shall be deemed filed separately by each of the TCC I and the TCC II" and that (ii) TCC I and TCC II "shall each have the discretion to determine and pursue the manner in which each such Committee may prosecute (or not prosecute)" any of the prior motions); *Joint Stipulation And Agreed Order Between The Official Committee Of Talc Claimants I, The Official Committee Of Talc Claimants II, And The Debtor Regarding Stipulation And Agreed Order Authorizing The Official Committee Of Talc Claimants To Intervene In Preliminary Injunction Adversary Proceeding*, ¶¶ 1-3 [Adv. 21-03032, Docket No. 164] (providing similar relief, and also authorizing TCC I and TCC II to intervene in the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 24 and Federal Rule of Bankruptcy Procedure 7024).

265403115

10. Specifically, and among other things, TCC II has undertaken the following actions on behalf of mesothelioma claimants in this Case:

- Reviewed thousands of documents produced by the Debtor and third-parties during discovery.

- Successfully sought the production of documents which the Debtor improperly withheld or redacted for privilege by filing and arguing multiple motions to compel with the Court.

- Participated in twelve depositions of the Debtor's witnesses and two third-party witnesses for the Motion to Dismiss trial.

- Submitted an expert report for the Motion to Dismiss trial concerning, among other things, the 2021 corporate restructuring and Debtor's bankruptcy filing; historical talc litigation against J&J and Johnson & Johnson Consumer, Inc. ("JJCI"); and the value and financial position of J&J, JJCI, and the Debtor.

- Submitted a 37-page reply brief in support of the Motion to Dismiss.

- Presented its Motion to Dismiss case during a four-and-a-half day trial that involved thirteen witnesses, hundreds of exhibits, and over seventeen hours of testimony.

- Prosecuted its objection to the PI Motion at oral argument.

11. After a weeklong trial, on March 2, 2022, the Court entered its *Order Denying Motions to Dismiss* [Docket No. 1603] (the "MTD Order") which denied the Motion to Dismiss for the reasons set forth in the Court's Memorandum Opinion [Docket No. 1572] (the "MTD Opinion"). On March 4, the Court entered its *Order (I) Declaring That Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions* [Adv. 21-03032, Docket No. 187] (the "PI Order") granting the PI Motion for the reasons set forth in the Memorandum Opinion [Docket No. 1573], to be revisited in 120-days. PI Order, ¶ 16.

12. TCC II intends to immediately appeal the MTD Order and the PI Order, and to seek direct certification of its appeals to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 152(d)(2).

265403115

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey, dated September 18, 2012. TCC II confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

14. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

15. The bases for the relief requested herein are sections 105(a) and 1102 of the Bankruptcy Code.

**RELIEF REQUESTED**

16. Pursuant to section 105(a) of the Bankruptcy Code, TCC II seeks entry of the Proposed Order modifying the Reinstatement Order to authorize TCC II to continue to exist for purposes of pursuing the appeals of the MTD Order and the PI Order.

**BASIS FOR RELIEF**

17. Section 105 of the Bankruptcy Code authorizes this Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "This section has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings." *In re Combusti`on Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). The Court's broad authority under 105(a) includes extending the existence of a creditors' committee for limited purposes even after the committee was scheduled to dissolve. *See Lyons Transp. Lines, Inc. v. White (In re Lyons*

*Transp. Lines Inc.)*, 162 B.R. 460, 463 (Bankr. W.D. Pa. 1994) (continuing the existence of creditors' committee after conversion of case to chapter 7 to "facilitate administration of the case").

18.     In addition, even after creditors' committees are dissolved as part of confirmation plans, they typically continue to have standing and the right to be heard for the purpose of pursuing appeals. *See e.g. In re PHI*, No. 19-30923-HDH11, 2019 WL 3539941, at *22-23 (Bankr. N.D. Tex. Aug. 2, 2019) (approving confirmation plan that dissolves creditors' and equity committees as of the effective date, but authorizing the committees to "continue in existence and have standing and the right to be heard for the following limited purposes: . . . (c) participating in any appeals of the Confirmation Order or other appeal to which the [committee] is a party"); *In re Residential Cap.*, LLC, No. 12-12020 (MG), 2013 WL 12161584, at *36-37 (Bankr. S.D.N.Y. Dec. 11, 2013) (providing similar treatment to a creditors' committee); *In re Neenah Enters., Inc.*, No. 10-10360 (MFW), 2010 WL 3493037, at *25 (Bankr. D. Del. July 6, 2010) (same).

19.     In fact, at least one court has held that a plan's failure to preserve an equity committee's standing to appeal a confirmation order violates section 1129(a)(3)'s good faith requirement. *See In re Chemtura Corp.*, 439 B.R. 561, 613-14 (Bankr. S.D.N.Y. 2010) (revising plan to provide that "Equity Committee shall remain in existence" for the purpose of pursuing an appeal).

20.     In this case, the rights conferred on TCC II to prosecute the Motion to Dismiss and to object to the PI Motion also warrant granting the committee the corresponding right to appeal the Court's decisions on those motions.

21.     TCC II was appointed on December 23, 2021, shortly after the Original TCC filed its Motion to Dismiss. TCC II thereafter actively litigated the Motion to Dismiss, and objected to the Debtor's PI Motion, directing its counsel's discovery strategy and the arguments set forth in

TCC II's reply brief in support of the Motion to Dismiss and sur-reply in opposition to the PI Motion.  While all of the movants supported the Motion to Dismiss and opposed the PI Motion, TCC II litigated both motions in materially different respects than the other movants.  These strategic choices were reflected in TCC II's third-party discovery, in the committee's briefing on both motions, and in the committee's arguments at trial and on the PI Motion, among other aspects of the case.

22.     In particular, unlike the other movants, TCC II was especially focused on the absence of the Debtor's financial distress and in disputing the Debtor's contention that the 1979 transfer agreement imposed an indemnification obligation on JJCI for all of the Debtor's talc liabilities. The members of TCC II believe that these are among the most important issues to be litigated on appeal to the Third Circuit.

23.     The members of TCC II (through their counsel) participated in TCC II's deliberations to ensure that both motions were litigated as they believed would produce the greatest likelihood of success, either at trial or on appeal.  And the members of TCC II relied on TCC II's existence, and their oversight of TCC II's litigation strategy, in deciding not to participate directly in the trial, as they had the right to do, and as Arnold & Itkin, LLP and Aylstock, Witkin, Kreis & Overholtz, PLLC did, on behalf of other talc claimants.

24.     Given this substantial reliance of the members of TCC II on their committee's representation, it would be unfair to compromise their right to appeal now by disbanding the committee that represented them at trial for all purposes, including the prosecution of an appeal, and requiring them to be represented by a committee that did not represent them at trial, did not participate in the trial, and is likely to make different choices about how to pursue the appeal.

265403115

25. In addition, granting TCC II standing to pursue the appeal is also far more efficient. In the absence of an order allowing TCC II to pursue the appeal, the members of the committee (and likely additional claimants) intend to file notices of appeal to pursue these appeals in their own names. Thus, authorizing TCC II to represent them, as the committee has for the last three months, will result in a far more streamlined appeal process, for the benefit of the appellate courts and Debtors.

## CONCLUSION

26. For all of the foregoing reasons, TCC II, on behalf of its members, and the hundreds of mesothelioma claimants to whom they owe a fiduciary duty, respectfully ask the Court to exercise its authority pursuant to section 105(a) to modify the Reinstatement Order to continue the existence of TCC II for the limited purpose of pursuing its appeals of the MTD Order and PI Order.

Date: March 7, 2022

Respectfully submitted,

**SHERMAN, SILVERSTEIN,
KOHL, ROSE & PODOLSKY, P.A.**

By: /s/ Arthur J. Abramowitz
Arthur J. Abramowitz
Ross J. Switkes
Sherman, Silverstein,
Kohl, Rose & Podolsky, P.A.
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Proposed Local Counsel to the
Official Committee of Talc Claimants II*