Order Filed on March 10, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br>*PROPOSED ATTORNEYS FOR DEBTOR* | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**<br>Allison Meghan Brown, Esq.<br>One Manhattan West<br>New York, New York 10001<br>Telephone: (212) 735-3222<br>Facsimile: (917) 777-3222<br>Email: Allison.Brown@skadden.com<br><br>*PROPOSED SPECIAL COUNSEL FOR DEBTOR* |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br>Case No.: 21-30589<br>Judge: Michael B. Kaplan<br>**Hearing Date and Time:**<br>January 11, 2022 at 10:00 a.m. |

## ORDER AUTHORIZING RETENTION OF
## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

      The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: March 10, 2022**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Skadden, Arps, Slate, Meagher & Flom LLP

Upon the applicant's, LTL Management LLC (the "Debtor"), request for authorization to retain Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") as counsel to the Debtor, effective as of October 14, 2021, it is hereby **ORDERED**:

1. The Application is Granted to the extent set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Skadden as its special counsel in the Chapter 11 Case, effective as of the Petition Date.

3. Skadden shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of all parties in interest with respect to any such fee requests are fully preserved.

4. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5. Skadden shall bill only 50% for its services for non-working travel.

6. Skadden shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Skadden's fee applications in this case.

7. Skadden will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under*

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Skadden, Arps, Slate, Meagher & Flom LLP

> *11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

8. Skadden will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

9. Skadden shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

10. All parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

11. To the extent that the Official Committee of Talc Claimants appointed in this Chapter 11 Case (the "Committee") discovers any facts or circumstances indicating that Skadden's retention under section 327(e) of the Bankruptcy Code is not appropriate, Skadden holds or represents an interest adverse to the Debtor or its estate with respect to the matters for which Skadden is retained, or Skadden is acting outside the scope of the matters for which it was retained, the Committee's right to seek at that time any appropriate relief is fully preserved.