UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Order Filed on March 18, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

LTL Management LLC

Case No.: 21-30589

Adv. No.:

Hearing Date:

Judge: Michael B. Kaplan

# ORDER ESTABLISHING MEDIATION PROTOCOL

The relief set forth on the following page is hereby **ORDERED**.

**DATED: March 18, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Angelo J. Genova, Esq.<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>agenova@genovaburns.com<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Committee of Talc Claimants I* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Committee of Talc Claimants I* |
| **PARKINS LEE & RUBIO LLP**<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel to the Official Committee of Talc Claimants I* | **OTTERBOURG P.C.**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official Committee of Talc Claimants I* |

|  |  |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>      Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |

## ORDER ESTABLISHING MEDIATION PROTOCOL

The relief set forth on the following pages is hereby Ordered.

WHEREAS, at a hearing held March 8, 2022, in the above-captioned case (the "Case"), the Court determined that a mediation may produce a mutually agreeable resolution of all or some of the issues and claims in the Case;

Now, therefore, it is hereby **ORDERED** that:

1. The Hon. Joel Schneider (Ret.), whose address is Montgomery McCracken Walker & Rhoads LLP, LibertyView, 457 Haddonfield Road, Suite 600, Cherry Hill, NJ 08002, and Gary Russo, whose address is Jones Walker LLP, Suite 1600, 600 Jefferson Street, Lafayette, LA 70501, are hereby appointed Co-Mediators in accordance with the terms of this Order Establishing Mediation Protocol.

2. The Co-Mediators are authorized to mediate (the "Mediation") a comprehensive resolution of issues in the Case (the "Mediation Issues"), which includes, without limitation, a chapter 11 plan, and all matters related to the estimation and plan treatment of personal injury claims against the estate related to talc or talc-containing products.

3. The following parties (collectively, the "Mediation Parties") are referred to the mediation: (i) the Debtor and its affiliates; (ii) the Official Committee of Talc Claimants I, by their member representatives; (iii) the Official Committee of Talc Claimants II, by their member representatives; and (iv) any Court-appointed Future Talc-Claimants Representative(s).

4. D.N.J. LBR 9019-1 and 9019-2, including, but not limited to, all confidentiality and privilege provisions therein, as well as the following terms and guidelines will govern the Mediation process between the Mediation Parties:

   a. The Debtor must immediately serve the Co-Mediators with a copy of the Appointment Order and this Order (collectively, the "Mediation Orders").

b. Promptly after receiving the Mediation Orders, the Co-Mediators must determine whether there is a basis for disqualification or whether the Co-Mediators are unable to serve for any other reason.

c. The scheduling and location of all Mediation sessions will be determined by the Co-Mediators. Sessions may be held in person, telephonically or by videoconference.

d. If all issues are not resolved through mediation by May 9-12, 2022, these dates are reserved for in-person mediation sessions to be held in a place and with persons and parties designated by the Co-Mediators.

e. Notwithstanding anything to the contrary in the Local Rules, the Co-Mediators may conduct the Mediation as they see fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediators deem appropriate to conduct the Mediation, subject to the terms of this Order.

f. The Mediation Parties will make a good faith attempt to settle the Mediation Issues. The Mediation Parties, either personally or through a representative with authority to negotiate and settle the Mediation Issues, will attend all sessions scheduled by the Co-Mediators.

g. The Co-Mediators will be compensated at the rate of no more than $850.00/hour. The mediators are authorized to use associates of paralegals from their offices for necessary and reasonable assistance, at their standard rates. The Debtor is solely responsible for the Co-Mediator's fees. The fees are due not later than 30 days after presentation of both of the Co-Mediator's invoices, with copies to TCC I, TCC II, and the United States Trustee.

h. The Co-Mediators are permitted, at their discretion, to speak *ex parte* with the Court and/or the individual Mediation Parties and/or their representatives about the Mediation Issues.

i. The Co-Mediators shall provide a status report, substantially in the form of the Local Form Mediation Report, no later than May 31, 2022, and periodic status reports as they deem appropriate. Reports shall be filed under seal in the event that such reports disclose confidential settlement terms or proposals.

j. Not later than 7 days after the conclusion of the Mediation, the date of which will be determined by the Co-Mediators or the Court, the Co-Mediators must file a Local Form Mediation Report.

k. The undersigned Mediation Party hereby agrees that (1) their participation in the mediation, (2) everything said by any Mediation Party during, respecting or related to the mediation, (3) the fact that mediation is taking place, (4) any other Mediation Party's participation in the mediation, (5) the date, time or place of the mediation, (6) statements made by the Mediators or any Mediation party in, during or related to the mediation, (7) who is participating or has participated in the mediation, (8) all documents. letters, emails, reports, analyses and the like prepared for, distributed during, or utilized in connection with or related to the mediation shall not, <u>without the express written authorization of the mediators</u>, be disclosed, summarized or described by any Mediation party to any person(s) orally, in open Court, in any court pleading, in any press release or in any public statement or other form of communication.

l. For the avoidance of doubt, nothing herein prohibits a Mediation Party from disclosing its own work product or underlying documents that were not prepared by another Mediation Party or the Mediators for the purposes of Mediation in any subsequent litigation (including in the Court during the pendency of the Bankruptcy Cases) solely because such documents were also used in whole or in part during the Mediation.

5. In the event of a conflict between the terms of this Order and those of D.N.J. LBR 9019-1 and 9019-2, the terms of this Order shall control.

6. All rights of the Parties are preserved and shall not be prejudiced by participation in the Mediation.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.