| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **COOLEY LLP** <br> Cullen D. Speckhart (admitted pro hac vice) <br> Ian Shapiro (admitted pro hac vice) <br> Russell Capone (admitted pro hac vice) <br> Michael Klein (admitted pro hac vice) <br> 55 Hudson Yards <br> New York, NY 10001 <br> Tel: (212) 479-6000 <br> Fax: (212) 479-6275 <br> Email:  cspeckhart@cooley.com <br>           ishapiro@cooley.com <br>           rcapone@cooley.com <br>           mklein@cooley.com <br><br> *Co-Counsel to the Official Committee of Talc Claimants II* | **BAILEY GLASSER LLP** <br> Brian A. Glasser (admitted pro hac vice) <br> Thomas B. Bennett (admitted pro hac vice) <br> Kevin W. Barrett (admitted pro hac vice) <br> Maggie B. Burrus (admitted pro hac vice) <br> 1055 Thomas Jefferson St. NW, Suite 540 <br> Washington, DC 20007 <br> Tel: (202) 463-2101 <br> Fax: (202) 463-2103 <br> Email: bglasser@baileyglasser.com <br>            tbennett@baileyglasser.com <br>            kbarrett@baileyglasser.com <br>            mburrus@baileyglasser.com <br><br> *Co-Counsel to the Official Committee of Talc Claimants II* |
| **WALDREP WALL BABCOCK & BAILEY PLLC** <br> Thomas W. Waldrep, Jr. (admitted pro hac vice) <br> Kevin L. Sink (admitted pro hac vice) <br> James C. Lanik (admitted pro hac vice) <br> Jennifer B. Lyday (admitted pro hac vice) <br> 370 Knollwood Street, Suite 600 <br> Winston-Salem, NC 27103 <br> Tel: (336) 717-1280 <br> Fax: (336) 717-1340 <br> Email: notice@waldrepwall.com <br><br> *Co-Counsel to the Official Committee of Talc Claimants II* | **MASSEY & GAIL LLP** <br> Jonathan S. Massey (admitted pro hac vice) <br> 1000 Maine Ave. SW, Suite 450 <br> Washington, DC 20024 <br> Tel: (202) 652-4511 <br> Fax: (312) 379-0467 <br> Email: jmassey@masseygail.com <br><br> *Co-Counsel to the Official Committee of Talc Claimants II* |
| **SHERMAN, SILVERSTEIN,** <br> **KOHL, ROSE & PODOLSKY, P.A.** <br> Arthur J. Abramowitz <br> Alan I. Moldoff <br> Ross J. Switkes <br> 308 Harper Drive, Suite 200 <br> Moorestown, NJ 08057 <br> Tel: (856) 662-0700 <br> Email: aabramowitz@shermansilverstein.com <br>            amoldoff@shermansilverstein.com <br>            rswitkes@shermansilverstein.com <br><br> *Local Counsel to the Official Committee of Talc Claimants II* | |

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No.:  21-30589 (MBK)<br><br>Honorable Michael B. Kaplan |
| **LTL MANAGEMENT LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT** and **JOHN AND JANE DOES 1-1000**,<br><br>Defendants. | Adv. Pro. No.: 21-03032 (MBK) |
| **OFFICIAL COMMITTEE OF TALC CLAIMANTS II, KRISTIE DOYLE** as Estate Representative of Dan Doyle, **KATHERINE TOLLEFSON, TONYA WHETSEL** as Estate Representative of Brandon Whetsel, **RANDY DEROUEN, PATRICIA COOK, EVAN PLOTKIN, GIOVANNI SOSA** and **JAN DEBORAH MICHELSON-BOYLE**,<br><br>Appellants,<br><br>v.<br><br>**LTL MANAGEMENT LLC,**<br><br>Appellee. | Case Nos.:  22-cv-01289 (FLW)<br>               22-cv-01296 (FLW)<br>               22-cv-01303 (FLW) |

**APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Appellants Official Committee of Talc Claimants II ("TCC II"), together with Patricia Cook, Evan Plotkin, Randy Derouen, Kristie Doyle as estate representative of Dan Doyle, Katherine Tollefson, Tonya Whetsel as estate representative of Brandon Whetsel, Giovanni Sosa, and Jan Deborah Michelson-Boyle (together with TCC II, the "TCC II Appellants"), respectfully

2

submit this statement of issues to be presented on appeal from (a) the *Order Denying Motions to Dismiss* (D.I. 1603), entered on March 2, 2022 (the "MTD Order"), and (b) the *Order (I) Declaring That Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions* (Adv. Pro. D.I. 187; D.I. 1635) (the "PI Order") entered on March 4, 2022 and March 7, 2022, respectively, by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

### A. Issues On Appeal From the MTD Order

1. Whether the Bankruptcy Court's denial of the motions to dismiss cannot stand under the Third Circuit's decisions in in *In re Integrated Telecom Express, Inc.*, 384 F.3d 108 (3d Cir. 2004), *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999), and *In re 15375 Memorial Corp.*, 589 F.3d 605 (3d Cir. 2009).

2. Whether the Bankruptcy Court erred in determining that, under the totality of the circumstances, the Debtor's petition was filed in good faith.

3. Whether, when considering the Debtor's financial distress (as well as whether the Debtor had a valid reorganization purpose), the Bankruptcy Court must limit its examination to the Debtor or also can consider Old JJCI, an entity that no longer exists and that previously had assets and liabilities that differed from those of the Debtor.

   (a) Whether the Bankruptcy Court erred in concluding that Old JCCI was in financial distress.

   (b) Whether the Bankruptcy Court erred in determining the magnitude of Old JCCI's liabilities.

   (c) Whether the Bankruptcy Court erred in concluding that all of J&J's talc-related liabilities were the legal responsibility of Old JJCI.

3

    (d)    Whether the Bankruptcy Court erred in finding that Old JJCI incurred a loss in 2020.

4.    Whether the Bankruptcy Court erred in finding that LTL was in financial distress.

    (a)    Whether the Bankruptcy Court erred in finding that it could not distinguish between the financial burden facing Old JJCI and that facing LTL.

    (b)    Whether the Bankruptcy Court erred in determining the magnitude of LTL's liabilities.

    (c)    Whether the Bankruptcy Court erred by determining that the alleged prospect of significant future liabilities, which in the future might result in financial distress, is sufficient to establish Debtor's financial distress.

    (d)    Whether the Bankruptcy Court erred in concluding that the estimates of talc liabilities provided by J&J to Standard & Poor's were "estimates of short-term reserves" or estimates of bankruptcy settlements and therefore, not relevant to J&J's estimate of its talc liabilities in the Tort system.

5.    Whether the Bankruptcy Court erred in concluding that LTL's bankruptcy filing served a valid reorganization purpose.

    (a)    Whether the Bankruptcy Court erred in concluding that LTL's bankruptcy maximized the value available to creditors.

    (b)    Whether the Bankruptcy Court erred in holding that determining whether Debtor was pursuing a valid reorganizational purpose required "examining whether it had a more beneficial and equitable path to resolve its liabilities."

6.    Whether the Court erred in concluding that the bankruptcy filing was not undertaken to secure an unfair litigation advantage.

      (a)      Whether the Bankruptcy Court erred in holding that, in order to find a lack of good faith on the Debtor's part, the applicable legal standard required the Court to find that the petition was filed "merely" to secure an unfair litigation advantage rather than primarily to secure an unfair litigation advantage.

      (b)      Whether the Bankruptcy Court erred in failing to address the evidence that J&J undertook the corporate restructuring and caused LTL to file for bankruptcy to limit its talc liability through a talc settlement.

      (c)      Whether the Bankruptcy Court erred in failing to address that through the bankruptcy filing, the Debtor shifted J&J and Old JJCI's leverage in the underlying tort cases decidedly in its favor.

7. Whether the Bankruptcy Court erred by determining that the Debtor met the statutory requirements for a channeling injunction or other relief under section 524(g) of the Bankruptcy Code, and, alternatively, that the Bankruptcy Court could order similar relief under section 105(a) or other provisions of the Bankruptcy Code.

8. Whether the Bankruptcy Court erred in concluding that "which judicial system served the best interest of the bankruptcy estate" was a "far more significant issue" than whether the bankruptcy served a valid reorganizational purpose and whether the bankruptcy was primarily to secure a litigation advantage.

9. Whether the Bankruptcy Court erred in comparing the tort and bankruptcy systems and in considering "which judicial system served the best interest of the bankruptcy estate" as a key factor in the totality of the circumstances analysis used to evaluate whether the Debtor's Chapter 11 petition was filed in good faith.

10. Whether the Bankruptcy Court erred in determining that the Debtor may, consistent with the Bankruptcy Code, use a Texas Business Organizations Code divisional merger to allocate selected tort liabilities to a new entity, and then subsequently file a bankruptcy petition for that new entity, while enabling other assets and other corporate affiliates in the same corporate group to remain outside of bankruptcy, granting those affiliates material benefits of bankruptcy without any of the burdens, and whether such a result is permissible under applicable law.

11. Whether the Bankruptcy Court erred by failing to acknowledge that the bankruptcy proceeding in this case violates Article III of the U.S. Constitution, the Seventh Amendment right to jury trial, and the Due Process Clause of the Fifth and Fourteenth Amendments.

12. Whether the Bankruptcy Court erred in concluding that "interests of current tort creditors and the absence of viable protections for future tort claimants outside of bankruptcy" constitute "'unusual circumstances' as to preclude either dismissal or conversion of the case" pursuant to section 1112(b)(2) of the Bankruptcy Code, and whether there is any other basis for finding "unusual circumstances" pursuant to that section.

13. Whether the Bankruptcy Court erred in failing to consider all of the exhibits and deposition designations admitted into evidence.

14. TCC II also incorporates by reference the Statements of Issues submitted by the other appellants that have sought review of the MTD Order.

    B.    **Issues On Appeal From the PI Order**

1. Because the Debtor's lack of good faith mandates dismissal of this proceeding and therefore precludes granting of a preliminary injunction in aid of this proceeding, TCC II incorporates by reference all the issues presented above as also relevant to its appeal of the PI Order.

2. Whether the Bankruptcy Court erred in holding that the automatic stay provision of section 362(a) of the Bankruptcy Code could be extended to stay actions against numerous non-debtors ("Protected Parties"), including Debtor's indirect parent Johnson & Johnson Inc. ("J&J"), which has been found by numerous courts to have talc-related liability independent from that of the Debtor.

3. Whether the Bankruptcy Court erred by concluding that section 362 of the Bankruptcy Code provides an independently sufficient basis for extending the automatic stay to non-debtor entities, such that the Court need not invoke section 105 of the Bankruptcy Code or the court's inherent powers to do so.

4. Whether the Bankruptcy Court erred in concluding that an "identity of interest" exists between the Debtor and the Protected Parties.

5. Whether the Bankruptcy Court erred in determining that the Debtor's predecessor Old JJCI agreed to indemnify non-debtors for, and/or financially assume the burden of, talc product liability claims.

6. Whether the Bankruptcy Court erred in determining that "the allocation of agreements to the debtor on the eve of the bankruptcy filing" constitutes a valid basis for extending the automatic stay to non-debtors, including to the very non-debtors who allocated such agreements to the debtor.

7. Whether the Bankruptcy Court erred in holding that extending relief to non-debtor entities was necessary to prevent impairment or disruption of the Debtor's assets or reorganization.

8. Whether the Bankruptcy Court erred in relying on disputed non-debtor insurance policies in granting relief to non-debtor parties, when the Court itself acknowledged that "[a]dmittedly, certain coverage is disputed, and no definitive determination has been made as to

exhaustion" and "[a]dmittedly, the record in the instant case is not as sufficiently developed with respect to the insurance policies as in some of the other cases that have extended the stay on this basis."

9. Whether the Bankruptcy Court erred in granting relief to non-debtor retailers based on indemnification obligations.

10. Whether the Bankruptcy Court erred in granting relief to non-debtor entities based on the principles of res judicata, collateral estoppel, and "record taint."

11. Whether the Bankruptcy Court erred in considering as part of its analysis of section 105(a) of the Bankruptcy Code the Debtor's ability to seek a channeling injunction or similar relief under section 524(g) of the Bankruptcy Code or other provisions, when the Debtor cannot meet the statutory requirements for a channeling injunction or similar relief.

12. Whether the Debtor's request to extend the automatic stay under section 362(a) of the Bankruptcy Code or for a preliminary injunction under section 105(a) of the Bankruptcy Code falls within a Bankruptcy Court's "core" jurisdiction.

13. Whether the Bankruptcy Court erred in finding that "Debtor is likely to suffer irreparable injury without relief," that the balance of the equities supported the requested relief, and that public policy favored the requested relief.

14. Whether the Bankruptcy Court erred by failing to recognize that the grant of a preliminary injunction is inequitable insofar as it benefits entities that participated in a divisional merger that is inequitable under Texas law and the Bankruptcy Code.

15. Whether the Bankruptcy Court erred by failing to recognize that the PI Order violates Article III of the U.S. Constitution, the Seventh Amendment right to jury trial, and the Due Process Clause of the Fifth and Fourteenth Amendments.

16. TCC II also incorporates by reference the Statements of Issues submitted by the other appellants that have sought review of the PI Order.

| | |
|---|---|
| Date: March 21, 2022 | **SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.** |
| | /s/ *Arthur J. Abramowitz* |
| | Arthur J. Abramowitz |
| | Ross J. Switkes |
| | Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. |
| | 308 Harper Drive, Suite 200 |
| | Moorestown, NJ 08057 |
| | Tel: (856) 662-0700 |
| | aabramowitz@shermansilverstein.com |
| | rswitkes@shermansilverstein.com |
| | |
| | *Local Counsel to the Official Committee of Talc Claimants II* |
| | |
| | **WEITZ & LUXENBERG, P.C.** |
| | |
| | /s/ *Lisa Nathanson Busch* |
| | Lisa Nathanson Busch |
| | 700 Broadway |
| | New York, NY 10083 |
| | Tel: (212) 558-5500 |
| | lbusch@weitzlux.com |
| | |
| | *Counsel to Patricia Cook* |
| | |
| | **LEX NOVA LAW, LLC** |
| | |
| | /s/ *E. Richard Dressel* |
| | E. Richard Dressel |
| | 10 E. Stow Rd., Suite 250 |
| | Marlton, NJ 08053 |
| | Tel: (856) 382-8550 |
| | rdressel@lexnovalaw.com |
| | |
| | *Counsel to Evan Plotkin and Giovanni Sosa* |
| | |
| | **LEVY KONIGSBERG LLP** |
| | |
| | /s/ *Jerome H. Block* |
| | Jerome H. Block |

605 Third Avenue, 33rd Floor
New York, NY 10158
Tel: (212) 605-6200
jblock@levylaw.com

*Counsel to Randy Derouen*

**SAIBER LLC**

*/s/ John M. August*
Marc E. Wolin
John M. August
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: (973) 622-8401
mwolin@saiber.com
jaugust@saiber.com

*Counsel to Kristie Doyle, as estate representative of Dan Doyle*

**MAUNE RAICHLE HARTLEY FRENCH & MUDD LLC**

*/s/ Suzanne M. Ratcliffe*
Suzanne M. Ratcliffe
150 West 30th Street, Suite 201
New York, NY 10001
Tel: (800) 358-5922
sratcliffe@mrhfmlaw.com

*Counsel to Katherine Tollefson and Jan Deborah Michelson-Boyle*

**KARST & von OISTE, LLP**

*/s/ David A. Chandler*
David A. Chandler
505 Main Street
Port Jefferson, NY 11777
Tel: (855) 970-9988
dac@karstvonoiste.com

*Counsel to Tonya Whetsel, as estate representative of Brandon Whetsel*

10