**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

Order Filed on March 25, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 |
| Debtor. | Judge: Michael B. Kaplan |

**FINAL ORDER AUTHORIZING**
**RETENTION OF JONES DAY**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: March 25, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1527748018

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Final Order Authorizing Retention of Jones Day

Upon the applicant's, LTL Management LLC's (the "<u>Debtor's</u>"),[2] request for authorization to retain Jones Day as counsel to the Debtor, *nunc pro tunc* to October 14, 2021 [Dkt. 541] (the "<u>Application</u>"); the Court having reviewed the reply and the supplemental reply in support of the Application [Dkts. 810, 1190, 1629], including the supplemental certification of Gregory M. Gordon, the supplemental declaration of John K. Kim, and the declaration of Johnson & Johnson filed therewith, and the objections [Dkts. 750, 753, 758, 1600] (collectively, the "<u>Objections</u>") and surreplies [Dkts. 1228, 1231] to the Application filed by the Official Committee of Talc Claimants, the Official Committee of Talc Claimants I, the U.S. Trustee, and Aylstock, Witkin, Kreis & Overholtz, PLLC, and the Court having previously entered the *Order Authorizing Interim Retention of Jones Day* [Dkt. 857] (the "<u>Interim Order</u>") and the *Order Amending Order Authorizing Interim Retention of Jones Day* [Dkt. 1294] (the "<u>Amended Interim Order</u>"); the Court having held hearings on January 25, 2022 and March 8, 2022; the Court having overruled the Objections as set forth herein; and for the reasons set forth at the March 8, 2022 hearing, it is hereby **ORDERED**:

1. The Debtor is authorized to retain Jones Day in the professional capacity noted in the Application. Such retention shall be effective as of October 14, 2021.

   The professional's address is:       JONES DAY
   2727 North Harwood Street
   Dallas, Texas  75201

2. Jones Day shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of any party in interest to object to any such fee

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

NAI-1527748018

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Final Order Authorizing Retention of Jones Day

request, and the right of Jones Day to respond to any such objection, are fully preserved.

3. If any facts or circumstances develop or are discovered that render Jones Day ineligible under Bankruptcy Code section 327(a), the right of any party in interest to seek appropriate relief is preserved.

4. Jones Day shall bill only 50% for its services for non-working travel.

5. Jones Day shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Jones Day's fee applications in this case.

6. Jones Day will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines"). The rights of any party in interest to seek information from Jones Day, including with respect to the Application, fee requests or any other matter or adversary proceeding arising in the case, are fully preserved.

7. Jones Day shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

8. Jones Day shall not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court, including any interim compensation order entered in the Chapter 11 Case. The rights of any party in interest to object to any proposed application of the Retainer are fully preserved.

9. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

   ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

NAI-1527748018

(Page 4)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Final Order Authorizing Retention of Jones Day


☐  Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

NAI-1527748018