**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET FOR THE**
**PERIOD DECEMBER 1, 2021 THROUGH DECEMBER 31, 2021**

| | |
|---|---|
| Debtor:  LTL Management LLC | Applicant:  Jones Day |
| Case No.:  21-30589-MBK | Client:  LTL Management LLC |
| Chapter:  11 | Case Filed:  October 14, 2021 (the "Petition Date") |

**SECTION 1**
**FEE SUMMARY**

☐ Interim Fee Application No. _____ or ☐ Final Fee Application

Summary of Amounts Requested for the Period from December 1, 2021 through December 31, 2021 (the "Third Statement Period").

| | |
|---|---:|
| Total Fees: | $2,689,787.50 |
| Total Disbursements: | $13,907.71 |
| Total Fees Plus Disbursements: | $2,703,695.21 |
| Minus 20% Holdback of Fees: | $537,957.50 |
| Amount Sought at this Time:[1] | $2,165,737.71 |

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees Requested: | $3,704,913.75 | $39,097.84 |
| Total Fees Allowed to Date: | N/A | N/A |
| Total Retainer (If Applicable): | $289,712.50[2] | N/A |
| Total Holdback (If Applicable): | $740,982.75 | $0.00 |
| Total Received by Applicant: | $1,309,609.00 | $2,726.00 |

---

[1] Consistent with its own internal policies and to comply with the "reasonableness" requirements of section 330 of the Bankruptcy Code, Jones Day has reviewed its monthly service descriptions and expenses and has determined that certain fees and expenses should not be charged to the Debtor.  In particular, Jones Day has voluntarily determined that $24,150.00 in fees and $75.60 in expenses should not be charged to the Debtor.  This Third Monthly Fee Application reflects these adjustments.

[2] Jones Day has completed its reconciliation of prepetition fees and expenses actually incurred for services provided to the Debtor for the period prior to the Petition Date and has made a corresponding adjustment to the amount of the retainer held by Jones Day.  The remaining amount of the retainer is $289,712.50.  Upon the filing of a certificate of no objection in respect of Jones Day's fee application for the period November 1, 2021 through November 30, 2021 (the "Second Statement Period"), Jones Day will apply the retainer to its fees and expenses incurred during the Second Statement Period.

NAI-1528042622

| Name of Professional & Title | Year Admitted | Hours | Rate | Fees |
|---|---|---|---|---|
| J M Burnham, Partner | 2009 | 4.30 | $1,175.00 | $5,052.50 |
| B B Erens, Partner | 1991 | 126.30 | $1,300.00 | $164,190.00 |
| B B Erens, Partner | 1991 | 5.50 | $650.00 | $3,575.00 |
| G M Gordon, Partner | 1980 | 137.60 | $1,450.00 | $199,520.00 |
| G M Gordon, Partner | 1980 | 4.00 | $725.00 | $2,900.00 |
| H K Gordon, Partner | 1988 | 67.50 | $1,300.00 | $87,750.00 |
| P M Green, Partner | 2007 | 96.60 | $1,100.00 | $106,260.00 |
| J M Jones, Partner | 1986 | 133.10 | $1,350.00 | $179,685.00 |
| T B Lewis, Partner | 1987 | 29.00 | $1,150.00 | $33,350.00 |
| C K Marshall, Partner | 2001 | 19.60 | $1,175.00 | $23,030.00 |
| D J Merrett, Partner | 2007 | 82.30 | $1,025.00 | $84,357.50 |
| M W Rasmussen, Partner | 2006 | 234.80 | $1,050.00 | $246,540.00 |
| D S Torborg, Partner | 1998 | 170.10 | $1,125.00 | $191,362.50 |
| K L Wall, Partner | 2009 | 111.10 | $1,000.00 | $111,100.00 |
| R W Hamilton, Of Counsel | 1984 | 27.80 | $1,000.00 | $2,7800.0 |
| D B Prieto, Of Counsel | 2000 | 244.80 | $1,050.00 | $257,040.00 |
| D B Prieto, Of Counsel | 2000 | 6.20 | $525.00 | $3255.00 |
| M C Alfano, Associate | 2017 | 9.10 | $550.00 | $5,005.00 |
| A A Beck, Associate | 2017 | 10.80 | $675.00 | $7,290.00 |
| H C Bedell, Associate | 2021 | 47.60 | $550.00 | $26,180.00 |
| J R Boule, Associate | 2018 | 51.40 | $725.00 | $37,265.00 |
| C K Cahow, Associate | 2014 | 96.40 | $925.00 | $89,170.00 |
| G Ghaul, Associate | 2013 | 185.80 | $975.00 | $181,155.00 |
| A P Johnson, Associate | 2018 | 57.10 | $625.00 | $35,687.50 |
| J Kairey, Associate | 2018 | 6.90 | $675.00 | $4,657.50 |
| I M Perez, Associate | 2016 | 174.90 | $625.00 | $109,312.50 |
| A Rush, Associate | 2011 | 201.10 | $975.00 | $196,072.50 |
| A Rush, Associate | 2011 | 8.0 | $487.50 | $3,900.00 |
| J Solis, Associate | 2020 | 4.90 | $500.00 | $2,450.00 |
| D C Villalba, Associate | 2019 | 131.90 | $575.00 | $75,842.50 |
| T M Villari, Associate | 2021 | 85.70 | $550.00 | $47,135.00 |
| N P Yeary, Associate | 2021 | 115.80 | $625.00 | $72,375.00 |
| M P Huneycutt, Staff Attorney | 2003 | 6.50 | $500.00 | $3,250.00 |
| G C Cefali, Law Clerk | 2021 | 8.20 | $575.00 | $4,715.00 |
| K B Grigel, Law Clerk | 2019 | 38.40 | $575.00 | $22,080.0 |
| J V Shawver, Law Clerk | 2022 | 7.80 | $600.00 | $4,680.00 |
| C L Smith, Paralegal | N/A | 78.10 | $400.00 | $31,240.00 |
| N T Bittle, Project Manager | N/A | 8.10 | $325.00 | $2,632.50 |
| K A Loomis, Librarian | N/A | 3.70 | $250.00 | $925.00 |
| **TOTAL** | | **2,838.80** | | **$2,689,787.50** |

NAI-1528042622

# SECTION II
# SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEES |
|---|---|---|
| **Automatic Stay** <br> Matters relating to extension or enforcement of automatic stay. | 106.00 | $85,062.50 |
| **Case Administration** <br> Matters relating to administration of case, including maintenance of docket and calendar; and service matters. | 79.90 | $78,180.00 |
| **Claims Administration** <br> Matters relating to claim inquiries; bar date motions; analyses, objections and allowance of claims. | 11.60 | $9,472.50 |
| **Court Hearings** <br> Matters relating to preparation for and attendance at hearings. | 141.30 | $163,270.00 |
| **Creditor Inquiries** <br> Matters relating to responding to creditor inquiries about the case that are general in nature. | 17.90 | $16,422.50 |
| **Employee Matters** <br> Matters relating to any direct or seconded employees. | 0.00 | $0.00 |
| **Executory Contracts and Unexpired Leases.** <br> Matters relating to contract and lease analysis, assumption, assumption and assignment, rejection or recharacterization of executory contracts and unexpired leases. | 0.00 | $0.00 |
| **Fee Application Preparation** <br> Matters relating to preparation of Jones Day fee applications and the preparation of monthly invoices. | 31.50 | $15,812.50 |
| **Financing Matters** <br> Matters relating to funding the Debtor. | 0.00 | $0.00 |
| **General Corporate** <br> Matters relating to transactional, corporate governance and related matters that do not relate to the plan or disclosure statement process. | 46.80 | $47,130.00 |
| **Litigation and Adversary Proceedings** <br> Matters relating to non-bankruptcy litigation and adversary proceedings, including the adversary proceeding for an injunction to extend the stay to non-debtor protected parties. | 1,532.50 | $1,502,795.00 |
| **Non-Working Travel** <br> Matters relating to non-working travel time, billed at 50% of a timekeeper's customary rate. | 23.70 | $13,630.00 |
| **Plan of Reorganization and Disclosure Statement** <br> Matters relating to formulation, negotiation, preparation and promulgation of a plan, a disclosure statement and matters related to exclusivity. | 0.00 | $0.00 |
| **Professional Retention/Fee Issues** <br> Matters relating to retention of professionals, including preparation of retention applications, and objections to professionals fees. | 488.30 | $424,107.50 |
| **Schedules/SOFA/U.S. Trustee Reporting** <br> Matters relating to preparation of schedules and amendments thereto, statement of financial affairs and amendments thereto, monthly operating reports and other reports required by the U.S. Trustee, the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. | 73.20 | $58,832.50 |

NAI-1528042622

| SERVICES RENDERED | HOURS | FEES |
|---|---|---|
| **Talc Matters**<br>Matters relating to talc claims, including analysis, valuation, strategy, negotiations, communications and meetings related to talc claims and any assistance in claims estimation matters relating to talc claims. | 286.10 | $275,072.50 |
| **Tax Advice**<br>Matters relating to federal and state income, property, excise and other tax matters, including tax planning matters. | 0.00 | $0.00 |
| **Use, Sale, Lease of Assets**<br>Matters relating to postpetition uses of property of the estate, including any acquisitions or dispositions. | 0.00 | $0.00 |
| **SERVICE TOTALS** | **2,838.80** | **$2,689,787.50** |

NAI-1528042622

# SECTION III
# SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | AMOUNT |
|---|---|
| Conference Charges | $150.00 |
| Federal Express Charges | $43.64 |
| General Communication Charges | $10.99 |
| Imaging Services | $960.37 |
| Local Transportation | $54.00 |
| Meeting Room Charges | $300.00 |
| Postage Charges | $1.06 |
| Staff Overtime Charges | $32.33 |
| Travel - Air Fare | $4,129.44 |
| Travel - Food and Beverage Expenses | $1,642.47 |
| Travel - Hotel Charges | $2,436.69 |
| Travel - Other Costs | $92.60 |
| Travel - Taxi Charges | $3,863.12 |
| Travel - Train Fare | $191.00 |
| **DISBURSEMENTS TOTALS** | **$13,907.71** |

## SECTION IV
## CASE HISTORY

1.    Date of Retention: December 16, 2021, effective as of the Petition Date [Dkt. 1855] (the "Retention Order").[3]

2.    Summary explaining the nature of the work performed and the results achieved:[4]

During the Third Statement Period, Jones Day professionals and paraprofessionals performed the following work on behalf of the Debtor:

- participating in conference calls with the Debtor's management and other professionals, as well as internal Jones Day meetings, to discuss and review pending motions and applications, relief granted to various parties by the Court and other work in process;

- drafting and maintaining a detailed work in process report that is distributed to the Debtor and other professionals to track the progress of motions, applications and other matters relating to the chapter 11 case. This report assists Jones Day lawyers in assigning tasks and responsibilities, avoiding duplication of effort among Jones Day lawyers and between Jones Day and its co-counsel. The report also accommodates more efficient communication with the Debtor regarding pending work in process items than otherwise would be the case;

- preparing for, attending and participating in the December 6, 2021 initial Debtor interview;

- preparing for, attending and participating in the December 15, 2021 section 341 meeting, including collecting and producing documents and information requested by the U.S. Trustee;

- reviewing and analyzing issues relating to the application of the stay in pending litigation, analyzing the impact of the automatic stay, and drafting a potential motion to stay certain pending actions;

- drafting and filing a reply in support of the motion to authorize the Debtor to act as a foreign representative in actions pending in Canada;

- researching and drafting the Debtor's motion requesting a waiver of the local rule requirement relating to bar dates for general unsecured claims;

---

[3]    The Retention Order is attached hereto as Exhibit A.

[4]    The summary set forth below is qualified in its entirety by reference to the time and services detail in the invoice attached hereto as Exhibit B.

NAI-1528042622

- preparing for and attending the December 2, 7, 15 and 30, 2021 hearings;

- reviewing and analyzing matters relating to the proposed qualified settlement fund, including attending telephone conferences with the U.S. Trustee, reviewing objections filed to the motion for approval of the qualified settlement fund, and drafting and revising a motion to seal related confidential information;

- drafting, revising and filing the Debtor's schedules of assets and liabilities and statement of financial affairs, which were filed on December 6, 2021;

- completing reporting obligations required in the chapter 11 case, including the monthly operating report for the period ending November 30, 2021 and the Rule 2015.3 periodic report on related entities regarding value, operations and profitability;

- researching matters relating to the sealing of exhibits used in the preliminary injunction hearing held in the North Carolina bankruptcy court;

- drafting and revising the Debtor's supplemental brief in support of the Motion for an Order (I) Declaring the Automatic Stay Applies to Certain Actions Against Non-Debtor or (II) Preliminarily Enjoining Certain Actions Against Non-Debtors and (III) Granting a Temporary Restraining Order Pending a Final Hearing (the "PI Motion");

- reviewing and analyzing supplemental objections to the PI Motion;

- researching, drafting and revising the Debtor's reply in support of the PI Motion;

- reviewing and analyzing the motion to withdraw the reference of the PI Motion filed by the talc claimants' committee;

- drafting and revising the Debtor's objection to the motion to withdraw the reference of the PI Motion;

- researching, reviewing and analyzing matters relating to the motions to dismiss the chapter 11 case;

- participating in conferences with the Debtor and the Debtor's professionals regarding the motions to dismiss the chapter 11 case, oppositions thereto and related discovery requests;

- reviewing discovery requests propounded in connection with the motions to dismiss and responding to such requests;

NAI-1528042622

- preparing for and participating in meet and confer conferences with counsel regarding discovery and other matters relating to the motions to dismiss;

- drafting and revising the agreed protective order governing confidential information;

- drafting and revising the ESI protocol governing discovery in connection with the motions to dismiss;

- preparing for and attending the depositions of the Debtor's corporate representatives, which depositions occurred on December 20 and 22, 2021;

- participating in conferences with the Debtor's experts regarding the motions to dismiss and reviewing expert reports;

- drafting and revising the opposition to the motions to dismiss;

- reviewing and analyzing the U.S. Trustee's motion to appoint an examiner, including researching matters related to the motion;

- drafting and revising the Debtor's motion to extend the period within which the Debtor may remove actions;

- drafting and revising retention applications and attendant certifications for the Debtor's professionals, including numerous conferences with the professionals;

- reviewing and analyzing U.S. Trustee's comments to the Debtor's applications to retain professionals;

- participating in conference calls with the Debtor, the Debtor's professionals and the U.S. Trustee regarding retention application and interim compensation matters;

- reviewing and analyzing objections to the Debtor's application to retain Jones Day as bankruptcy counsel;

- drafting and revising the Debtor's reply in support of the application to retaining Jones Day as bankruptcy counsel, including conducting related research;

- drafting and revising orders approving the retentions of the Debtor's professionals;

- drafting and revising the proposed order establishing interim compensation procedures;

- reviewing and analyzing objections to the Debtor's motion authorizing the retention and compensation of professionals utilize in the ordinary course of the Debtor's business (the "OCP Motion");

- drafting and revising the Debtor's reply in support of the OCP Motion, including conducting related research;

- reviewing and analyzing the monthly fee applications of the talc claimants' committee professionals;

- reviewing Jones Day's October and November 2021 invoices for privilege and drafting and revising Jones Day's first monthly fee application;

- selecting the representative to serve as the legal representative of future talc claimants (the "FTCR") and drafting the Debtor's motion to appoint that representative as the FTCR;

- reviewing and responding to discovery requests relating to the Debtor's motion to appoint the FTCR, including gathering and producing documents;

- preparing for and attending conferences with the U.S. Trustee regarding the Debtor's motion to appoint the FTCR;

- reviewing and analyzing the U.S. Trustee notice of amended and reconstituted talc committee (the "Amended Notice");

- participating in conference calls with the Debtor and the Debtor's professionals regarding the Amended Notice; and

- drafting and revising the Debtor's motion to reinstate the original talc claimants' committee appointed by the North Carolina bankruptcy court, including conducting research in support of the motion.

I certify under penalty of perjury that the above is true.

Date: March 25, 2022                     */s/ Dan B Prieto*
                                          Dan B. Prieto

NAI-1528042622