**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET FOR THE**
**PERIOD OCTOBER 14, 2021 THROUGH JANUARY 31, 2022**

| Debtor: LTL Management LLC | Name of Applicant: Weil, Gotshal & Manges LLP |
|---|---|
| Case No.: 21-30589 (MBK) | Client: Special Counsel to LTL Management LLC |
| Chapter: 11 | Case Filed: October 14, 2021 (the "Petition Date") |

### SECTION I
### FEE SUMMARY

☒ Interim Fee Application No. __1__    or    ☐ Final Fee Application

|  | **FEES** | **Expenses** |
|---|---|---|
| **Total Previous Fee Requested:** | $767,385.79[1] | $9,687.24 |
| **Total Fees Allowed To Date:** | $0.00 | $0.00 |
| **Total Retainer (If Applicable)** | $0.00 | $0.00 |
| **Total Holdback (If Applicable)** | $153,477.16 | $0.00 |
| **Total Received By Applicant** | $613,908.63 | $9,687.24 |

| **Fee Total:** | $767,385.79 |
|---|---|
| **Disbursement Total:** | $9,687.24 |
| **Total Fee Application:** | $777,073.03 |

---

[1] The total amount of fees and expenses incurred by Weil during the Compensation Period for matters in which it represented solely LTL and jointly LTL and Johnson & Johnson is $1,205,190.13. Of this amount, as set forth in this fee statement, Weil is seeking payment in the amount of $767,385.79 in fees and $9,687.24 in expenses from LTL for work performed solely for LTL. Weil's fees for matters in which it is solely representing J&J are not reflected in this interim fee application.

**COMPENSATION BY PROFESSIONAL**
**OCTOBER 14, 2021 THROUGH JANUARY 31, 2022**

The attorneys and paraprofessionals who rendered professional services in these chapter 11 cases from October 14, 2021 through January 31, 2022 (the "**Compensation Period**") are:

| NAME OF PROFESSIONAL & TITLE | DEPARTMENT[†] | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| *Partners and Counsel* | | | | | |
| Cailteux, Konrad L. | LIT | 1985 | $1,188.00 | 75.70 | $89,931.60 |
| Sullivan, Diane P. | LIT | 1987 | $1,452.00 | 47.80 | $69,405.60 |
| Holtzer, Gary T. | RES | 1991 | $1,579.60 | 16.00 | $25,273.60 |
| Tsekerides, Theodore E. | LIT | 1994 | $1,139.60 | 100.20 | $114,187.92 |
| Berkovich, Ronit J. | RES | 2002 | $1,452.00 | 147.70 | $214,460.40 |
| Berkovich, Ronit J. | RES | 2002 | $726.00[2] | 5.00 | $3,630.00 |
| Friedmann, Jared R. | LIT | 2004 | $1,139.60 | 6.80 | $7,749.28 |
| Barrington, Luna Ngan | LIT | 2011 | $1,078.00 | 4.0 | $4,312.00 |
| Hoehne, Debora (Counsel) | RES | 2008 | $977.50 | 67.10 | $65,590.25 |
| Davis, Carolyn R. (Counsel) | LIT | 2012 | $977.50 | 7.90 | $7,722.25 |
| Semaya, Allison H. (Counsel) | LIT | 2014 | $977.50 | 40.20 | $39,295.50 |
| *Associates* | | | | | |
| Friedman, Julie | RES | 2003 | $552.50 | 45.90 | $25,359.75 |
| Crozier, Jennifer Melien Brooks | LIT | 2015 | $935.00 | 8.50 | $7,947.50 |
| Nolan, John J. | LIT | 2015 | $935.00 | 4.70 | $4,394.50 |
| Brady, Corey | LIT | 2015 | $913.75 | 1.60 | $1,462.00 |
| Lane, Erik | LIT | 2016 | $884.00 | 26.20 | $23,160.80 |
| Andrews, Fraser Gavin | RES | 2017 (AUS) | $760.75 | 37.80 | $28,756.40 |
| Lopatka, Thaddeus | LIT | 2018 | $837.25 | 48.00 | $40,188.03 |

---

[†] RES – Restructuring; LIT – Litigation

[2] Non-working travel is billed at 50% of the standard hourly rate.

| NAME OF PROFESSIONAL & TITLE | DEPARTMENT[†] | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Ha, Frances R. | RES | 2018 | $654.50 | 170.30 | $111,461.35 |
| George, Jason | RES | 2019 | $654.50 | 166.80 | $109,170.60 |
| Horne, Shelby | LIT | 2020 | $654.50 | 33.60 | $21,991.20 |
| Rose, Alexandra Katherine | LIT | 2020 | $654.50 | 64.80 | $42,411.60 |
| Massey, Seth | RES | 2022 | $535.50 | 47.90 | $25,650.45 |
| Ollestad, Jordan Alexandra | LIT | 2022 | $535.50 | 16.70 | $8,942.85 |
| Wheeler, Emma | RES | 2022 | $535.50 | 42.10 | $22,544.55 |
| Hedaya, Morris | RES | * | $535.50 | 40.20 | $21,527.10 |
| *Paraprofessionals & Other Non Legal Staff* | | | | | |
| Lee, Kathleen Anne | RES | N/A | $391.00 | 49.40 | $19,315.40 |
| Gilchrist, Roy W. | LIT | N/A | $357.00 | 4.70 | $1,677.90 |
| Haiken, Lauren C. | LSS | N/A | $348.50 | 0.80 | $278.80 |
| Fabsik, Paul | RES | N/A | $344.25 | 71.50 | $24,613.91 |
| Kleissler, Matthew Joseph | RES | N/A | $233.75 | 3.40 | $794.77 |
| Okada, Tyler | RES | N/A | $221.00 | 5.20 | $1,149.20 |
| Pal, Himansu | RES | N/A | $221.00 | 6.60 | $1,458.60 |
| **Blended Attorney Rate** | | | $879.55 | | |
| **Blended Rates for All Timekeepers** | | | $825.86 | | |
| | | | **TOTALS:** | 1,415.10[3] | $1,185,815.66[4] |
| | | | **TOTAL FEES REQUESTED:** | | $767,385.79 |

---

[3] Represents the total number of hours for the work performed solely for LTL and jointly for LTL and J&J.

[4] Represents the total amount of compensation for the work performed solely for LTL and jointly for LTL and J&J, including the portions billed to J&J, not LTL.

3

## SECTION II

## SUMMARY OF SERVICES

| TASK CODE | DESCRIPTION | HOURS | AMOUNT | LTL % | LTL PORTION |
|---|---|---|---|---|---|
| L120 | Strategy | 242.70 | $252,966.12 | 50% | $126,483.07 |
| L130 | Experts & Science | 1.20 | $1,523.72 | 50% | $761.86 |
| L140 | Database & Document Management | 60.50 | $19,930.80 | 50% | $9,965.40 |
| L210 | Pleadings, Legal Research, etc. | 311.00 | $256,864.03 | 50% | $128,432.02 |
| L320 | Document Collection & Production | 9.60 | $9,506.73 | 50% | $4,753.37 |
| L330 | Depositions | 0.40 | $345.95 | 50% | $172.98 |
| L450 | Court Conferences & Hearings | 165.20 | $151,695.69 | 50% | $75,847.85 |
| L601 | Automatic Stay | 169.10 | $131,576.98 | 50% | $65,788.50 |
| L602 | Weil Retention/Fee Application Preparation | 375.50 | $284,076.35 | 100% | $284,076.35 |
| L603 | Non-Working Travel[5] | 5.00 | $3,630.00 | 50% | $1,815.00 |
| L604 | Imerys/Cyprus info for LTL | 67.90 | $64,879.49 | 100% | $64,879.49 |
| L606 | NJ Consolidated Talc Cases | 7.00 | $8,819.80 | 50% | $4,409.90 |
| | **Total Fees Requested:** | **1,415.10** | **$1,185,815.66** | | **$767,385.79** |

---

[5] Non-working travel is billed at 50% of the standard hourly rate.

# SECTION III

# SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | AMOUNTS | LTL % | LTL PORTION |
|---|---|---|---|
| Court Reporting | $14,311.55 | 50% | $7,155.77 |
| Court Telephone/CourtSolutions | $150.00 | 50% | $75.00 |
| Duplicating | $373.79 | 50% | $186.90 |
| Computerized Research | $2,483.71 | 50% | $1,326.86 |
| Online News Monitoring | $595.00 | 50% | $212.50 |
| Outside Messenger Service | $95.90 | 50% | $47.95 |
| Travel | $1,364.52 | 50% | $682.26 |
| **Total Disbursements Requested:** | **$19,374.47** | | **$9,687.24** |

I certify under penalty of perjury that the above is true.

Dated: March 25, 2022         /s/ *Ronit J. Berkovich*
                              Ronit J. Berkovich

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br> **WOLLMUTH MAHER & DEUTSCH LLP** <br> Paul R. DeFilippo, Esq. <br> 500 Fifth Avenue <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> Facsimile: (212) 382-0050 <br> pdefilippo@wmd-law.com <br><br> **JONES DAY** <br> Gregory M. Gordon, Esq. <br> Brad B. Erens, Esq. <br> Dan B. Prieto, Esq. <br> Amanda Rush, Esq. <br> 2727 N. Harwood Street <br> Dallas, Texas 75201 <br> Telephone: (214) 220-3939 <br> Facsimile: (214) 969-5100 <br> gmgordon@jonesday.com <br> bberens@jonesday.com <br> dbprieto@jonesday.com <br> asrush@jonesday.com <br> (Admitted pro hac vice) <br><br> *ATTORNEYS FOR DEBTOR* | **WEIL, GOTSHAL & MANGES LLP** <br> Gary Holtzer <br> Diane Sullivan <br> Ronit Berkovich <br> Theodore Tsekerides <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br> Gary.Holtzer@weil.com <br> Diane.Sullivan@weil.com <br> Ronit.Berkovich@weil.com <br> Theodore.Tsekerides@weil.com <br><br> *SPECIAL COUNSEL FOR DEBTOR* |
| In re <br><br> LTL MANAGEMENT LLC,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No.: 21-30589 <br><br> Judge: Michael B. Kaplan <br><br> Hearing Date: May 4, 2022 |

**FIRST INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS SPECIAL COUNSEL TO THE DEBTOR, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 14, 2021 THROUGH AND INCLUDING JANUARY 31, 2022**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Weil, Gotshal & Manges LLP ("**Weil**"), as special counsel to the Debtor in the above-captioned matter, submits this application (the "**Application**") pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2016-3, as its first interim fee application for interim allowance of compensation for professional services performed by Weil during the period commencing October 14, 2021 through and including January 31, 2022 (the "**Compensation Period**") in the amount of $767,385.79, and for reimbursement of its actual and necessary expenses in the amount of $9,687.24 incurred during the Compensation Period, and respectfully represents as follows:

### Preliminary Statement

1. During the Compensation Period, Weil advised the Debtor primarily in connection with the chapter 11 cases of *In re Imerys Talc America, Inc.*, Case No. 19-1029 (LSS) (Bankr. D. Del.) (the "**Imerys Bankruptcy Case**") and *In re Cyprus Mines Corporation*, Case No. 21-10398 (LSS) (Bankr. D. Del.) (the "**Cyprus Bankruptcy Case**," and together with the Imerys Bankruptcy Case, the "**Imerys/Cyprus Bankruptcy Cases**"). Weil's work was focused on, among other things: (i) reviewing relevant pleadings filed in the Imerys/Cyprus Bankruptcy Cases to assess any potential impact on the Debtor and to provide relevant information to the Debtor; (ii) analyzing the impact of the mediation motions filed in the Imerys/Cyprus Bankruptcy Cases on the Debtor's rights vis-à-vis Imerys and Cyprus, including conducting legal research and drafting a limited objection to the mediation motions to preserve the Debtor's ability to obtain discovery in connection with potential plan objections; (iii) conducting legal research regarding and drafting and filing various pleadings related to the adversary proceeding filed against the Debtor's predecessor in the Imerys Bankruptcy Case, *Imerys Talc America, Inc., and Imerys Talc Vermont, Inc., v. J&J*, Adv. Proc. No. 21-51006 (the "**Imerys Adversary Proceeding**"); and (iv) analyzing and advising the Debtor on the impact of the Debtor's chapter 11 filing on the

Imerys/Cyprus Bankruptcy Cases and various potential strategies to pursue in the Imerys/Cyprus Bankruptcy Cases to protect the Debtor's interests.

2. Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary to protect the Debtor's interests and rights in relation to the Imerys/Cyprus Bankruptcy Cases. Weil respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses incurred.

### Relief Requested

3. This Application has been prepared in accordance with sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-3 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Bankruptcy Rules**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "**Revised UST Guidelines**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals Retained* (Docket No. 761) (the "**Initial Interim Compensation Order**"), and the *Modified Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* (Docket No. 870) (the "**Modified Interim Compensation Order**," and together with the Initial Interim Compensation Order, the "**Interim Compensation Orders**").

4. A proposed form of order granting the relief requested herein is attached hereto as *Exhibit H* (the "**Proposed Order**").

### Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C.

WEIL:\98502693\15\54966.0222

§ 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules and Rules 2016-1 and 2016- 3 of the Local Bankruptcy Rules.

### Background

6. On October 14, 2021 (the "**Petition Date**"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina (the "**NC Bankruptcy Court**"). On November 16, 2021, the NC Bankruptcy Court entered an order transferring the case to the District of New Jersey, which referred the case to this Court (Docket No. 416).

7. The U.S. Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are annexed hereto as exhibits and filled out with data to the extent relevant to this chapter 11 case:

| | | |
|---|---|---|
| *Exhibit A:* | Summary of Timekeepers Included in This Application; |
| *Exhibit B*: | Summary of Compensation Requested by Project Category; |
| *Exhibit C:* | Summary of Expense Reimbursement Requested by Category; |
| *Exhibit D:* | Customary and Comparable Compensation Disclosures with Fee Applications; and |
| *Exhibit E:* | Summary Cover Sheet. |

### Debtor's Retention of Weil

8. On November 24, 2021, the Debtor filed the *Application for Retention of Weil, Gotshal & Manges LLP as Special Counsel as of the Petition Date* (Docket No. 552)

(the "**Retention Application**").[2]  On December 10, 2021, Weil filed the *Supplemental Certification of Ronit J. Berkovich in Support of Application for Retention of Weil, Gotshal & Manges LLP as Special Counsel as of the Petition Date* (Docket No. 782).  On December 16, 2021, the Court entered the *Order Authorizing Interim Retention of Weil, Goshal & Manges LLP as the Debtor's Special Counsel* (Docket No. 863).  On December 17, 2022, the Court further entered the *Amended Order Authorizing Interim Retention of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel* (Docket No. 866).  On January 28, 2022, the Court entered the *Order Amending Order Authorizing Interim* Retention *of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel* (Docket No. 1293).  On March 17, 2022, the Court entered the *Order Authorizing Retention of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel* (the "**Final Retention Order**") (Docket No. 1752).  The Final Retention Order is attached hereto as ***Exhibit F***.

9. To the extent that Weil represented both the Debtor and Johnson & Johnson ("**J&J**") in a matter during the Compensation Period, including the Imerys/Cyprus Cases, Weil allocated 50% of its fees and expenses incurred in such joint representation to the Debtor and 50% to J&J.  In matters in which Weil represented solely the Debtor or J&J during the Compensation Period, Weil allocated 100% of the fees and expenses to the entity represented.  *See* Retention Application ¶ 6; Final Retention Order; *see also **Exhibit B***, Summary of Compensation Requested by Project Category.

10. Detailed descriptions of all services rendered and expenses incurred during the Compensation Period are included in the Monthly Fee Statements and are incorporated herein by reference as if fully set forth in their entirety.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Retention Application.

**Weil's Application for Compensation and Reimbursement of Expenses**

**A.    Interim Fee Applications**

11.    This Application is Weil's fist interim application for compensation filed in this chapter 11 case.

**B.    Monthly Fee Statements during the Compensation Period**

12.    In accordance with the procedures prescribed in the Interim Compensation Orders, Weil has filed and served monthly fee statements (the "**Monthly Fee Statements**") during the Compensation Period.

13.    On January 13, 2022, Weil filed and served its first monthly fee statement (the "**First Monthly Fee Statement**"), requesting payment of fees in the amount of $582,933.22 and reimbursement of expenses in the amount of $8,015.92 incurred for the period of October 14, 2021 through December 15, 2021 (Docket No. 1144).  No objections were filed to the First Monthly Fee Statement and the corresponding Certificate of No Objection (Docket No. 1292) was filed on January 21, 2022.

14.    On January 28, 2022, Weil filed and served its second monthly fee statement (the "**Second Monthly Fee Statement**"), requesting payment of fees in the amount of $61,504.57 and reimbursement of expenses in the amount of $1,243.61 incurred for the period of December 16, 2021 through December 31, 2021 (Docket No. 1292).  No objections were filed to the Second Monthly Fee Statement and the corresponding Certificate of No Objection (Docket No. 1477) was filed on February 14, 2022.

15.    On March 4, 2022, Weil filed and served its third monthly fee statement (the "**Third Monthly Fee Statement**"), requesting payment of fees in the amount of $122,948.00 and reimbursement of expenses in the amount of $427.71 incurred for the period of January 1, 2022 through January 31, 2022 (Docket No. 1626).  No objections were filed to the Third Monthly

Fee Statement and the corresponding Certificate of No Objection (Docket No. 1799) was filed on March 21, 2022.

16. As of the date hereof, Weil has received payment for fees in the amount of $613,908.63 and payment for expenses in the amount of $9,687.24.

17. In accordance with the Interim Compensation Orders, Weil seeks interim allowance of all fees and expenses sought in the Monthly Fee Statements and payment in an amount equal to the difference between the amount of the fees and expenses allowed and the actual payments received by Weil on account of the Monthly Fee Statements.

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

18. As set forth in the Application cover sheet submitted herewith, Weil seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $767,385.79 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $9,687.24. The professional services performed by Weil on behalf of the Debtor during the Compensation Period required an aggregate expenditure of approximately 929.20 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended, approximately 320.80 recorded hours were expended by partners and counsel of Weil, approximately 513.60 recorded hours were expended by associates, and approximately 94.80 recorded hours were expended by paraprofessionals and other non-legal staff of Weil. Of the twenty-five (25) Weil attorneys who billed time, six (6) billed fewer than 15 hours to this matter. Of the seven (7) Weil paraprofessionals and non-legal staff who billed time, five (5) billed fewer than 15 hours to this matter.

19. During the Compensation Period, Weil billed the Debtor for time expended by attorneys based on hourly rates ranging from $535.50 to $1,579.60 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for Weil attorneys in this Application of approximately $879.55 (based on 834.40 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services).

20. The fees charged by Weil in these cases are billed in accordance with Weil's billing rates and procedures in effect during the Compensation Period.[3] The rates Weil charges for the services rendered by its professionals and paraprofessionals in this chapter 11 case are no greater than the rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters in a competitive national legal market.

21. There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases. During the Compensation Period, Weil received no payment or promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

**Summary of Services Performed by
Weil during the Compensation Period**

22. The following is a summary of the significant professional services rendered by Weil during the Compensation Period, organized in accordance with Weil's internal

---

[3] Weil's billing rates are discounted 12% for partners and 15% for all others pursuant to Weil's fee agreement with Old JJCI, effective from May 1, 2021 to April 30, 2022.

task codes. The total hours for each task code represent the total number of hours for the work performed solely for LTL and jointly for LTL and J&J (as applicable).

a. Strategy (Task Code L120)
   Fees: $126,483.07; Total Hours: 242.70

   - Reviewed pleadings filed in the Imerys/Cyprus Bankruptcy Cases and the Debtor's bankruptcy case to assess any potential impact on the Debtor and its strategy relating to the Imerys/Cyprus Bankruptcy Cases, and prepared updates to the Debtor regarding the same;

   - Analyzed various potential strategies to pursue in the Imerys/Cyprus Bankruptcy Cases to protect the Debtor's interests following (i) the Imerys bankruptcy court's decision on the motion of J&J and the Debtor's predecessor to designate certain votes and various motions to change votes and the Imerys debtors' resulting decision to refrain from pursuing confirmation of their proposed plan indefinitely; and (ii) the Debtor's chapter 11 filing; and

   - Participated in internal team conferences and conferences with the Debtor, J&J, and other counsel to discuss and analyze strategies and various workstreams in the Imerys/Cyprus Bankruptcy Cases, including consideration of potential impact of Debtor's chapter 11 filing on the Imerys/Cyprus Bankruptcy Cases.

b. Database & Document Management (Task Code L140)
   Fees: $9,965.40; Total Hours: 60.50

   - Monitored dockets of the Imerys/Cyprus Bankruptcy Cases and the Debtor's bankruptcy case and the Boy Scouts of America bankruptcy cases (which involve issues similar to those the Debtor faces in the Imerys/Cyprus Bankruptcy Cases and are pending in front of the same judge) for updates.

c. Pleadings, Legal Research, etc. (Task Code L210)
   Fees: $128,432.02; Total Hours: 311.00

   - Conducted legal research to develop strategies in light of the Imerys court's voting decision;

   - Responded to the mediation motions filed in the Imerys/Cyprus Bankruptcy Cases, including conducting legal research and drafting limited objection to the mediation motions to preserve the Debtor's ability to obtain discovery in connection with any plan filed by the Imerys debtors;

- Conducted legal research regarding and drafted and filed various pleadings related to the Imerys Adversary Proceeding, including researching/drafting response to the Cyprus TCC and FCR motions to intervene in the Imerys Adversary Proceeding and researching and drafting outline of reply in support of the motion to dismiss the Imerys Adversary Proceeding; and

- Conducted legal research on Imerys indemnity agreements to maximize value of the Debtor's estate.

d. <u>Court Conferences & Hearings Task Code L450)</u>
Fees: $75,847.85; Total Hours: 165.20

- Prepared for and attended various hearings in the Debtor's bankruptcy case, including the first day hearing in North Carolina, and in the Imerys Bankruptcy Case, including the hearing on the motion for mediation in the Imerys Bankruptcy Case, to protect the Debtor's interests; and

- Monitored hearings in the Imerys/Cyprus Bankruptcy Cases, the Debtor's bankruptcy case, and the Boy Scouts of America bankruptcy cases to determine impact on the Debtor in the Imerys/Cyprus Bankruptcy Cases.

e. <u>Automatic Stay (Task Code L601)</u>
Fees: $65,788.50; Total Hours: 169.10

- Drafted the notice of the Debtor's bankruptcy filing and stay of proceedings in the Imerys/Cyprus Bankruptcy Cases, the Cyprus Adversary Proceeding, and the Imerys Adversary Proceeding; and

- Conducted legal research on the effects of the Debtor's automatic stay on various actions that the debtors in Imerys/Cyprus Bankruptcy Cases may take that could negatively impact the Debtor.

f. <u>Weil Retention/Fee Application Preparation (Task Code L602)</u>
Fees: $284,076.35; Total Hours: 375.50

- Prepared and assisted the Debtor's counsel in filing the Debtor's applications to retain Weil as special counsel in the Western District of North Carolina and the District of New Jersey;

- Corresponded with the U.S. Trustee to discuss and address questions raised by the U.S. Trustee with respect to Weil's retention application and drafted and filed a revised proposed retention order in light of the U.S. Trustee's comments;

- Prepared and filed a supplemental certification in support of Weil's retention in the Debtor's bankruptcy case;

- Reviewed objections to Weil's retention and participated in internal team conferences and conferences with the Debtor's counsel to discuss strategies for responding to objections to Weil's retention application and related discovery requests and assisted the Debtor's counsel in drafting replies in support of Weil's retention application; and

- Drafted, reviewed, and assisted the Debtor's counsel in filing Weil's Monthly Fee Statements.

g. <u>Imerys/Cyprus info for LTL (Task Code L604)</u>
   Fees: $64,879.49; Total Hours: 67.90

- Provided information relating to the Imerys Bankruptcy Case to assist the Debtor in addressing the objections to the Debtor's motion for a preliminary injunction (in particular relating to such objections' referencing of events that occurred in the Imerys Bankruptcy Case);

- Provided information relating to the Imerys Bankruptcy Case to assist the Debtor in addressing, among other things, the motion to transfer and the motion to dismiss (in particular relating to such motions' referencing of events that occurred in the Imerys Bankruptcy Case); and

- Coordinated with the Debtor's counsel regarding discovery requests relating to the settlement information produced in the Imerys Bankruptcy Case and expert report from the Imerys Bankruptcy Case.

23. The foregoing professional services were necessary and appropriate to the administration of the Debtor's chapter 11 case and were in the best interests of the Debtor. Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in the services for which Weil has been retained this chapter 11 case. All of Weil's professional services were performed skillfully and efficiently. As such, Weil submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

**Actual and Necessary Disbursements of Weil**

24. As set forth in ***Exhibit C*** annexed hereto, Weil incurred out-of-pocket expenses during the Compensation Period in the amount of $9,687.24 which were "actual, necessary expenses" in connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code. Such expenses include, but are not limited to, telephone charges, messenger service, legal research, travel expenses, and photocopy charges. Weil has made every effort to minimize the expenses in this matter by utilizing the most cost efficient methods of communication consistent with the necessary time restraints.

25. With respect to photocopying expenses, in compliance with the Revised UST Guidelines, Weil charges all of its clients $0.10 per black-and-white page; Weil charges $0.50 per color page. With respect to legal research, Weil does not charge more than the actual cost. Each of these categories of expenses does not exceed the maximum rate set by the Revised UST Guidelines. These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into Weil's hourly billing rates. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients that do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

26. On certain occasions, delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services. These disbursements are not included in Weil's overhead for the purpose of setting billing rates. Weil has made every effort to minimize its disbursements in these cases. The actual expenses incurred

in providing professional services were those that were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtor.

27. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

### Certification of Counsel

28. A Certification of Counsel is attached hereto as *Exhibit G*.

### Compliance with Guidelines

29. Weil believes that this Application substantially complies with the Local Bankruptcy Rules of this Court and the Revised UST Guidelines. To the extent there has not been material compliance with any particular rules or guidelines, Weil respectfully requests a waiver or an opportunity to cure.

### Notice

30. Notice of this Application will be provided in accordance with the procedures set forth in the Interim Compensation Orders. Weil respectfully submits that no further notice is required.

31. No previous request for the relief sought herein has been made by Weil or the Debtor to this Court or any other court.

### Conclusion

WHEREFORE, for all of the foregoing reasons, pursuant to sections 328, 330, and 331 of the Bankruptcy Code, Weil respectfully requests (i) allowance of Weil's compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by Weil during the Compensation Period in the amount of $777,073.03, consisting of $767,385.79

representing 100% of fees incurred during the Compensation Period, and $9,687.24 representing 100% of actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Period in the event such fees and expenses were not processed at the time of this Application; (ii) payment of the outstanding fees and expenses due Weil for the Compensation Period; and (iii) such other and further relief the Court deems just and proper.

Dated:   March 25, 2022
         New York, New York

           */s/ Ronit J. Berkovich*
WEIL, GOTSHAL & MANGES LLP

Gary Holtzer
Diane Sullivan
Ronit Berkovich
Theodore Tsekerides
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Gary.Holtzer@weil.com
         Diane.Sullivan@weil.com
         Ronit.Berkovich@weil.com
         Theodore.Tsekerides@weil.com

*SPECIAL COUNSEL FOR DEBTOR*

WEIL:\98502693\15\54966.0222