

**Arthur J. Abramowitz, Esq.**
**Direct Dial 856.661.2081**
**Direct Fax 856.773.5308**
**aabramowitz@shermansilverstein.co**m

March 28, 2022

Hon. Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher U.S. Courthouse
402 East State Street, Courtroom #8
Trenton, N.J. 08608

    **Re:**    **LTL Management LLC, Case No. 21-30589**
            **(Related Docket Nos. 1650, 1657, 1824, 1829, 1834)**

Dear Chief Judge Kaplan:

We respectfully submit this reply on behalf of The Official Committee of Talc Claimants II ("TCC II") as an omnibus reply to objections filed by TCC I, Arnold & Itkin ("A&I"), and the Debtor, and in further support of TCC II's letter motion ("TCC II Motion"), dated March 7, 2022, seeking the appointment of a separate FTCR for mesothelioma claims.

Events since the March 8, 2022 hearing in this rapidly moving case have only strengthened the considerations favoring appointment of a separate mesothelioma FTCR. As TCC II promised at the March 8 hearing, notwithstanding TCC II's pending appeal and its disagreement with the premise of this Chapter 11, TCC II has been an active, constructive participant in moving the case swiftly and efficiently into mediation. On March 18, 2022, just ten days after the hearing, this Court was able to enter its Order Establishing Mediation Protocol ("Mediation Protocol"), appointing two co-mediators and defining their authority and duties.

The case is now structured for immediate mediation on two tracks with the separate representation of mesothelioma and ovarian cancer claims. The Mediation Protocol expressly refers TCC II to the mediation and names it a Mediation Party. TCC II stands ready to continue as an active participant in the mediation for as long as it is able to do so.

Thus, as TCC II predicted at the March 8 hearing, separate representation of ovarian cancer and mesothelioma claims has not been an impediment to progress, but quite the opposite. Appointing a mesothelioma FTCR would further serve this two-track structure and would promote a more efficient mediation process by ensuring separate representation of two distinct classes of claimants with different interests, reducing any possible friction, and allowing each class to advocate for its own distinct interests in attempting to reach a consensual resolution with the Debtor.

At the same time, appointing a mesothelioma FTCR would not only enhance the fairness of the process for future high-value claimants, but would also insulate this case against potentially disruptive future legal challenges. A future claims representative is a fiduciary for future claimants, *In re Combustion Eng'r Inc.*, 391 F.3d 190, 237 (3d Cir. 2004), with an important role in ensuring that a discharge of future claims

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**

Hon. Michael B. Kaplan
March 28, 2022
Page Two

satisfies due process standards. *Wright v. Owens Corning*, 679 F.3d 101, 108 n.7 ("These representatives are appointed, in part, to address the broader issue of whether discharging unknown future claims comports with due process."). The Third Circuit has recognized that appointment of a separate future claims representative may be necessary where the interests of future claimants are "not necessarily aligned." *Combustion Eng'r*, 391 F.3d at 238. Commentators have suggested that, under existing Supreme Court precedents, disparate future claims need separate representation. Georgene Vairo, Mass Torts Bankruptcies: The Who, the Why and the How, 78 Am. Bankr. L.J. 93, 140 (2004) ("There must be separate future claims representatives to represent definably separate groups of future claimants in order to meet the concerns expressed by the Supreme Court in *Amchem* over conflicts of interest between members of a single class."); S. Elizabeth Gibson, A Response to Professor Resnick: Will This Vehicle Pass Inspection?, 148 U. Pa. L. Rev. 2095, 2114–15 (2000) (noting that "the Bankruptcy Review Commission wisely suggests that some mass tort bankruptcies may require the appointment of multiple future claims' representatives"). Thus, whatever generalizations may be made about existing practices regarding future claims, the law is undeveloped and unsettled. Appointing a mesothelioma FTCR protects this proceeding from uncertainties, while also adding to the fairness of the process.

Tellingly, notwithstanding the common-sense considerations favoring two FTCRs and the rapid progress made since March 8 with a two-track approach to mediation, TCC I, A&I, and the Debtor have filed objections totaling well over 30 pages of briefing in opposition to TCC II's motion. The vehemence of opposition to a modest request for fairer, more adequate representation of future mesothelioma claims speaks clearly of the real divergence between the two classes of claims, particularly when that opposition comes from TCC I, which represents almost exclusively ovarian cancer claims, and from A&I, whose clients exclusively hold ovarian cancer claims. Indeed, TCC I's opposition explicitly sets out to minimize the incontrovertible and historically confirmed differences in value between the ovarian cancer and mesothelioma claims, arguing that the "average settlement for a death" should be the same for the two cancers, as if it could thereby skirt the huge, documented differences in survival rates and ignore that Johnson & Johnson has taken a completely different approach to settling the two classes of claims.[1] To the extent TCC I (or any other party, including a reconstituted committee comprised of a majority of ovarian cancer claims) seeks to pool future ovarian cancer and mesothelioma claims in order to use higher-value future mesothelioma claims to capture benefits for lower-value ovarian cancer claims, that simply demonstrates the need for separate representation of the two classes of claims. Such separate representation, including a separate FTCR, can reduce friction and can open the way to a fairer, more representative mediated settlement.

Strikingly absent from the objectors' briefing is any concrete discussion of how a court-appointed mesothelioma FTCR would have any adverse effects whatsoever on the progress of this case. The Debtor's 18-page brief devotes just one short paragraph to contending, in entirely conclusory terms, that two FTCRs would "complicate" the case and "impede the parties' ability to achieve a consensus." In support, the Debtor merely suggests that it is somehow preferable for "potential divergent interests" to be

---

[1] *Objection of the Official Committee of Talc Claimants I to Request for the Appointment of a Second FTCR* ("TCC I Objection") [Docket No. 1824], ⁋ 5, n.4.

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

Hon. Michael B. Kaplan
March 28, 2022
Page Three

"addressed and resolved" within the confines of a single FTCR's mind, rather than through open negotiation and compromise among adequate representatives.[2]

A&I says that appointing a mesothelioma FTCR is wrong because it reflects a purportedly "Hobbesian view of this bankruptcy process," as a "fight[ ]" for a "zero-sum pot."[3] We fail to see the analogy between (i) a court-ordered and court-supervised Chapter 11 mediation, the role of a court-appointed FTCR in that process, or the goal of fair and adequate representation of future claims, and (ii) a "Hobbesian" state of unregulated, damaging competition. In fact, if the Debtor has enough assets to go around, as A&I insists in its objection that it does, then A&I should have no concerns if separate representatives advocate single-mindedly for independent and fair resolution of their claims.

Lastly, TCC I argues that a separate FTCR is unnecessary because TCC II still exists and has been a constructive participant in the mediation, and because two "cooks in the kitchen" would be "too many."[4] We disagree. Two expert, court-appointed representatives for two clearly distinct, divergent sets of future claimants is not "too many." Two FTCRs are consistent with the two-track mediation in which the two committees are currently engaged.

Having failed to provide concrete reasons why they might be harmed by a more representative future claims process on the facts of this case, the objectors fall back on a purported lack of precedent and on a hypothetical slippery slope. Both those arguments are misplaced.

The objectors say that cases in which there is a published record of the appointment of multiple future claimant representatives involved different disease-causing sources, such as asbestos and silica, rather than different diseases caused by a single source, such as Johnson & Johnson's talcum powder products.[5] This is a distinction without a difference. Here the two classes of claims rely on different types of exposure and different physical causal theories supported by different bodies of medical research literature.[6] J&J recognizes and admits some of those fundamental differences in insisting that asbestos does not cause ovarian cancer but not disputing that asbestos causes mesothelioma.[7] And the District Court has also

---

[2] The Debtor stands alone among the three objections in devoting much of its objection to a procedural argument that the Court should decline to hear TCC II's Motion on timeliness grounds. *See Debtor's Objection to Letter Motion of the Official Committee of Talc Claimants II for Appointment of a Separate Legal Representative for Future Mesothelioma Claimants* ("Debtor Objection") [Docket No. 1834], ¶¶ 2, 6-10. The Debtor raised similar arguments at the March 8 hearing, and the Court nonetheless ruled that it would "hear the parties substantively as to the merits of a second FCR, really to protect the interest of the mesothelioma claimants." Hr'g Tr. 3/8/2022 at 14:14-16. For reasons TCC II has made clear in the TCC II Motion and on the record of the March 8 hearing, TCC II believes that the adequate representation of future mesothelioma claims has important ramifications for constitutional due process and basic fairness and agrees that those issues should be addressed on their merits. The Debtor has suffered minimal prejudice, if any, from the timing of TCC II's application, and the mediation process, in particular, has proceeded efficiently and without material distraction. Nor, we note, has TCC II changed its position on Ms. Ellis' appointment as FTCR. TCC II fully supports Ms. Ellis' appointment whether or not the Court opts to appoint a separate FTCR for mesothelioma claimants, and, if it does, whether that be Ms. Ellis or someone else. Of critical importance is that the FTCR has undivided loyalty in its representation of future claimants and protection of their due process rights.

[3] *A&I Objection to TCC II Motion* ("A&I Objection") [Docket No. 1829] at 9.

[4] TCC I Objection, ¶ 4.

[5] Debtor Objection, ¶ 20; TCC I Objection, ¶ 5; A&I Objection at 6.

[6] *See generally* TCC II Motion at 2-3.

[7] *See* Debtor's Informational Br. [Docket No. 3], ¶ 73-75.

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

Hon. Michael B. Kaplan
March 28, 2022
Page Four

recognized that mesothelioma claims rest on a stronger causal link between inhaled asbestos and mesothelioma. *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Prod. Litig.*, 509 F. Supp. 3d 116, 176-77 (D.N.J. 2020). When there are distinct exposures and causal mechanisms giving rise to very different types of claim, separate future claims representatives make sense.

Moreover, the record also shows that there are powerful and entirely case-specific reasons for providing additional, separate protection for the interests of future mesothelioma claimants in this proceeding. It shows that Johnson & Johnson values the two categories of claims differently and has shown a very different willingness to settle the two categories of claims. Those differences go beyond formal distinctions between products and injury types.

Nor would appointing a separate FTCR in this case somehow mean that separate future claims representatives are required in every case for every disease type, degree of injury, or the like, as the objectors try to suggest. This unique set of talc-related claims is not the standard asbestos case, and this case especially lends itself to drawing a bright line between two distinct classes of future claims at issue to enhance fairness and efficiency and to protect any restructuring that the Debtor is able to accomplish.

In both the short and longer view, logic and common sense dictate that the more likely path to a productive mediation will involve independent and untethered negotiations of these two creditor classes. This path will allow for a simplified process rather than one unnecessarily complicated by the legal and structural differences that have already revealed themselves in this process.

For the reasons set forth herein, and in the TCC II Motion, TCC II respectfully requests the appointment of a FTCR for mesothelioma claims.

Respectfully submitted,

*/s/ Arthur J. Abramowitz*

Arthur J. Abramowitz

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.