**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)**

| | |
|---|---|
| **COOLEY LLP**<br>Cullen D. Speckhart (admitted pro hac vice)<br>Ian Shapiro (admitted pro hac vice)<br>Russell Capone (admitted pro hac vice)<br>Michael Klein (admitted pro hac vice)<br>55 Hudson Yards<br>New York, NY 10001<br>Tel: (212) 479-6000<br>Fax: (212) 479-6275<br>Email: cspeckhart@cooley.com<br>         ishapiro@cooley.com<br>         rcapone@cooley.com<br>         mklein@cooley.com<br><br>Matthew Kutcher (admitted pro hac vice)<br>444 W Lake Street, Suite 1700<br>Chicago, IL 60606<br>Tel: (312) 881-6500<br>Fax: (312) 881-6598<br>Email: mkutcher@cooley.com<br><br>Shamis Beckley (admitted pro hac vice)<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Tel: (617) 937-2300<br>Fax: (617) 937-2400<br>Email: sbeckley@cooley.com<br><br>Kathleen Hartnett (admitted pro hac vice)<br>Julie Veroff (admitted pro hac vice)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Tel: (415) 693-2000<br>Fax: (415) 693-2222<br>Email: khartnett@cooley.com<br>         jveroff@cooley.com<br><br>*Co-Counsel to the*<br>*Official Committee of Talc Claimants II* | **BAILEY GLASSER LLP**<br>Brian A. Glasser (admitted pro hac vice)<br>Thomas B. Bennett (admitted pro hac vice)<br>Kevin W. Barrett (admitted pro hac vice)<br>Maggie B. Burrus (admitted pro hac vice)<br>1055 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>Email: bglasser@baileyglasser.com<br>         tbennett@baileyglasser.com<br>         kbarrett@baileyglasser.com<br>         mburrus@baileyglasser.com<br><br>*Co-Counsel to the*<br>*Official Committee of Talc Claimants II* |

| | |
|---|---|
| **WALDREP WALL**<br>**BABCOCK & BAILEY PLLC**<br>Thomas W. Waldrep, Jr. (admitted pro hac vice)<br>Kevin L. Sink (admitted pro hac vice)<br>James C. Lanik (admitted pro hac vice)<br>Jennifer B. Lyday (admitted pro hac vice)<br>370 Knollwood Street, Suite 600<br>Winston-Salem, NC 27103<br>Tel: (336) 717-1280<br>Fax: (336) 717-1340<br>Email: notice@waldrepwall.com<br><br>*Co-Counsel to the*<br>*Official Committee of Talc Claimants II* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey (admitted pro hac vice)<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>Email: jmassey@masseygail.com<br><br>*Co-Counsel to the*<br>*Official Committee of Talc Claimants II* |
| **SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br>Arthur J. Abramowitz<br>Alan I. Moldoff<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel: (856) 662-0700<br>Email: aabramowitz@shermansilverstein.com<br>      amoldoff@shermansilverstein.com<br>      rswitkes@shermansilverstein.com<br><br>*Local Counsel to the*<br>*Official Committee of Talc Claimants II* | |
| In re:<br><br>**LTL MANAGEMENT LLC,**<br><br>                    Debtor. | Chapter 11<br><br>Case No.:  21-30589 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>**Re: Docket No. 1645** |

**REPLY OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS II IN SUPPORT OF ITS MOTION FOR MODIFICATION OF THE COURT'S ORDER REGARDING: (A) DEBTOR'S MOTION FOR AN ORDER DETERMINING THAT THE UNITED STATES TRUSTEE'S NOTICE OF "RECONSTITUTED AND AMENDED" TALC CLAIMANTS COMMITTEE IS INVALID AND REINSTATING THAT COMMITTEE; AND (B) MOTION FOR ORDER VACATING APPOINTMENT OF SECOND OFFICIAL COMMITTEE OF TALC CLAIMANTS AND ADDITION OF NEW COMMITTEE MEMBERS FILED BY ARNOLD & ITKIN LLP [DOCKET NO. 1273], TO AUTHORIZE TCC II TO CONTINUE TO EXIST FOR PURPOSES OF PURSUING APPEALS OF THE MOTION TO DISMISS AND PRELIMINARY INJUNCTION ORDERS**

1

266504985 v5

The Official Committee of Talc Claimants II ("TCC II") of LTL Management LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned case, files this reply (the "Reply") in support of its *Motion for Modification of the Court's Order Regarding: (A) Debtor's Motion For An Order Determining That The United States Trustee's Notice Of "Reconstituted And Amended" Talc Claimants Committee Is Invalid And Reinstating That Committee; And (B) Motion For Order Vacating Appointment Of Second Official Committee Of Talc Claimants And Addition Of New Committee Members Filed By Arnold & Itkin LLP [Docket No. 1273], to Authorize TCC II To Continue To Exist For Purposes of Pursuing Appeals of the Motion to Dismiss and Preliminary Injunction Orders* [Docket No. 1645] (the "Motion"), and in response to (i) the *Statement and Reservation of Rights of the Official Committee of Talc Claimants I with Respect to the Official Committee of Talc Claimants II's Motion to Continue in Existence* [Docket No. 1831] (the "ROR"); and (ii) the *Debtor's Objection to Motion of Talc Claimants II to Modify Order Reinstating Original Talc Committee to Permit Talc Committee II to Continue for Purposes of Pursuing Appeals* [Docket No. 1836] (the "Opposition"). In support of the Reply, TCC II respectfully states as follows:

## PRELIMINARY STATEMENT[1]

1. Since its formation, TCC II has served a critical role in this case as the sole fiduciary representing mesothelioma claimants. In that capacity, TCC II has taken important and independent actions in furtherance of the unique interests of mesothelioma claimants, including in its prosecution of the Motion to Dismiss and objection to the PI Motion, and on the ensuing appeals. As this case enters the mediation phase, TCC II hopes that its representation of mesothelioma claimants can continue in pursuit of an appropriate resolution to all outstanding

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

266504985 v5

issues in this case.[2] TCC II's continued existence is conducive to the mediation and enhances the possibility of a consensual plan resolution.

2. Nonetheless, TCC II filed this Motion as a protective measure to ensure that if TCC II is disbanded in the future, this Court would order the continued existence of TCC II for the limited purpose of pursuing its appeals of the MTD Order and PI Order. That relief is authorized by section 105(a) of the Bankruptcy Code, is well within the Court's discretion, and is a corollary to the Court's prior decisions to extend TCC II's existence during the motion to dismiss and preliminary injunction trials.

3. If TCC II is disbanded without the relief sought here, the Original TCC, where mesothelioma claimants are in the minority, would become vested with the right to make all decisions on TCC II's appeals. It would be manifestly unfair to vest those important rights in a committee that did not represent mesothelioma claimants at trial and whose majority made different strategic choices about how to litigate the case at trial. The Debtor is the only party that opposes the Motion.[3] The Opposition seeks to influence and limit how two official committees in this case prosecute their own appeals and fails to address the pragmatic bases for relief set forth in the Motion.

---

[2] Events since the March 8, 2022 hearing have structured the case for immediate mediation on parallel tracks with separate representation of mesothelioma and ovarian cancer claimants. Accordingly, TCC II believes that the continued existence of two committees past the April 12, 2022 dissolution date for all purposes is appropriate and warranted at this critical juncture.

[3] It is significant that Arnold & Itkin LLP, which was a co-movant on the Reinstatement Motions, seeking to disband TCC II, does not object to this Motion. TCC I also did not object to the Motion and instead filed the ROR in which it requests that if the Motion is granted, both TCC I and TCC II should be maintained for appellate purposes. *See* ROR ¶¶ 2–3.

# ARGUMENT

I. **The Court is Empowered Under Section 105(a) to Continue the Existence of TCC II for the Purpose of Pursuing its Appeals**

4. Section 105(a) of the Bankruptcy Code authorizes this Court to extend the existence of TCC II. The Debtor's arguments to the contrary conflict with both the prior rulings of the Court and the Debtor's own Opposition.

5. TCC II's existence was first extended by the Court on January 26, 2022 to allow TCC II to continue prosecuting critical matters, including the Motion to Dismiss and PI Motion. *See* Motion ¶¶ 2–9. The presence of TCC II was further extended by the Court on March 8, 2022 to allow TCC II to be heard and appear on **all matters**. 3/8/22 Hr'g Tr. at 20:8-11, 26:12-25 (denying the Debtor's request for TCC II to "continu[e] in effect for just the purpose of addressing the[] two issues" regarding appointment of a separate FTCR and TCC II's continued existence for purposes of pursing appeals, and ruling to "continue *in toto* TCC 2" so "[t]hey can hear and appear on all matters").

6. Indeed, the Debtor recognizes the Court's authority to continue TCC II's existence, stating that TCC II's "continued existence to March 9, 2022 was a short-term accommodation to ensure timely completion of the trial." Opposition ¶ 1. The Court is just as empowered to continue TCC II's existence for longer and for any purpose, including to prosecute its appeals.

7. Notwithstanding the Court's authority under section 105(a) to extend TCC II's existence, the Debtor contends that TCC II should have filed a motion under section 1102(a)(2) for appointment as an additional official committee. Opposition ¶ 2. But the Debtor's argument is incorrect. If the Court had the authority to extend TCC II's existence through April 12, 2022, then it necessarily has the authority to extend TCC II's existence further for the purpose of pursuing the appeals.

4

8. Contrary to the Debtor's contentions,[4] the Court's Reinstatement Order did not limit the rights that were conferred on TCC II by the Bankruptcy Code upon the U.S. Trustee's filing of the Notice of Appointment. *See* 11 U.S.C. §§ 1103, 1109. To the contrary, the Reinstatement Order provided that "the Official Committee of Talc Claimants I and the Official Committee of Talc Claimants II appointed pursuant to the Committee Reconstitution Notice shall remain in full force and effect through March 8, 2022." Reinstatement Order ¶ 5. Further, at the March 8, 2022 hearing, the Court expressly declined to place any limits on TCC II's rights during the period of its continued existence. 3/8/22 Hr'g Tr. at 20:24-25, 26:12-25 (stating that "it hasn't been my intention to keep [TCC II] going unless the facts and the law warrant it" and ruling to "continue *in toto* TCC 2" so "[t]hey can hear and appear on all matters").

9. The Debtor also fails to distinguish the two cases that support the relief requested in the Motion. First, the Debtor does not disagree that the court in *In re Chemtura Corp.*, 439 B.R. 561 (Bankr. S.D.N.Y. 2010) invoked its authority under section 105(a) to order the committee's continued existence for purposes of prosecuting the appeal. Opposition ¶ 5.[5]

10. Second, the Debtor's attempt to distinguish the facts of *Lyons Transp. Lines, Inc. v. White (In re Lyons Transp. Lines Inc.)*, 162 B.R. 460 (Bankr. W.D. Pa. 1994) does not undercut the legal principle for which it was cited. While this is not a chapter 7 case (as TCC II had already acknowledged), *Lyons* confirms the Court's broad authority under section 105(a) to extend the existence of an official committee for limited purposes even after the committee was scheduled to

---

[4] Opposition ¶ 3.

[5] The fee issue that the Debtor raises in connection with *Chemtura* is distinguishable because that decision involved the post-confirmation existence of a committee, which is not the case here. *See* 11 U.S.C. § 1141(b) (providing that "the confirmation of a plan vests all of the property of the estate in the [reorganized] debtor."); *see also, e.g.*, *In re Mullendore,* 517 B.R. 232, 238 (Bankr. D.Mont. 2014) (noting that after a plan is effective and all assets of the estate have vested in the reorganized debtor, the debtor "no longer has the status and trustee powers of a debtor in possession under § 1107(a), including the trustee's power to employ professionals under § 327(a), or the trustee's power to compensate professionals under § 330(a)(1)").

5

dissolve. 162 B.R. at 463 (finding that the "facts of this case warrant continuation of the Chapter 11 Committee . . . after conversion," and holding that "it was appropriate to exercise our authority under § 105(a) to keep the Chapter 11 Committee intact"). While the Debtor seeks to distinguish *Lyons* and *In re Chemtura*, the Debtor never disputes that section 105(a) empowers courts with the discretion to authorize committees to continue for purposes of pursuing appeals.

## II. The Members of TCC II Have a Substantial Reliance Interest in Pursuing their Appeal through TCC II

11. TCC II's Motion argued that TCC II litigated both the Motion to Dismiss and objection to the PI Motion in materially different respects than the other movants and relied on TCC II's existence, and their oversight of TCC II's litigation strategy, in deciding not to participate directly in the trial, as they had the right to do. Motion ¶¶ 21–24. Therefore, TCC II argued, it would be unfair to compromise their right to appeal now by disbanding the committee that represented them at trial for all purposes, and requiring them to be a represented by a committee that did not represent them at trial, did not participate in the trial, and is likely to make different choices about how to pursue the appeal. *Id.*

12. In response, the Debtor offers only the conclusory claims that the members of TCC II will be "fully and adequately" represented by the Original TCC and that the "similarities between [TCC II's and TCC I's] approaches vastly outweigh any alleged differences." Opposition ¶¶ 8–9. Yet, those arguments do not address the specific materially different strategic choices that TCC II identified in the Motion, including the focus on the absence of the Debtor's financial distress and disputing the Debtor's contention that the 1979 transfer agreement imposed an indemnification obligation on JJCI for all of the Debtor's talc liabilities. Motion ¶ 22.

13. This was not a mere "division of labor," as the Debtor contends, but reflected a genuine and material difference of opinion over which legal arguments will be most persuasive at

6

266504985 v5

trial and also on appeal. In fact, while the Debtor attaches an exhibit to the Opposition that purports to address these points, in response to TCC II's identification of these material differences in emphasis, the Debtor is only able to cite the following line from TCC I's opening: "The multiple mov[ants] are aligned. Some focus on certain arguments more than others." Opposition, Ex. 1 at 2.

14. Thus, the Debtor is unable to offer any basis for the Court to conclude that the Original TCC, which would be controlled by the members of TCC I and their counsel, would emphasize the same arguments that TCC II emphasized at trial and that the members' right to appeal the Court's decisions based on the strategic choices they pursued at trial would not be compromised by reconstitution.

### III. Granting TCC II Standing to Pursue the Appeal Would Serve Efficiency

15. TCC II's Motion also argued that granting TCC II standing to appeal is also far more efficient because in the absence of representation by TCC II, the members of the committee intend to file notices of appeal to pursue those appeals in their own names. Motion ¶ 25. As the Debtor recognizes, the members of the committee have joined TCC II's notice of appeal and certification motion. Opposition at 3–4.

16. The Debtor responds to this important basis for preserving TCC II's ability to prosecute the appeals by suggesting that the individual members might not have standing to pursue the appeals. TCC II disagrees. But, if the Debtor is correct, it would only increase the importance of ensuring that the individual members of TCC II can pursue the appeals through the committee that represented them at trial.

*[Remainder of page intentionally left blank]*

## CONCLUSION

17. For all of the foregoing reasons, TCC II, on behalf of its members, and the hundreds of mesothelioma claimants they represent, respectfully asks the Court to exercise its authority pursuant to section 105(a) to modify the Reinstatement Order to continue the existence of TCC II for the limited purpose of pursuing its appeals of the MTD Order and PI Order.

Date: March 28, 2022

Respectfully submitted,

**SHERMAN, SILVERSTEIN,**
**KOHL, ROSE & PODOLSKY, P.A.**

By: */s/ Arthur J. Abramowitz*
Arthur J. Abramowitz
Ross J. Switkes
Sherman, Silverstein,
Kohl, Rose & Podolsky, P.A.
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Local Counsel to the*
*Official Committee of Talc Claimants II*

8

266504985 v5