**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.:  21-30589 (MBK) |
| Debtor. | Judge:  Michael B. Kaplan |
| | **Hearing Date and Time:**<br>March 30, 2022 at 10:00 a.m. |

**DEBTOR'S STATEMENT IN SUPPORT OF**
**U.S. TRUSTEE'S MOTION FOR AN ORDER APPOINTING AN**
**INDEPENDENT FEE EXAMINER AND ESTABLISHING PROCEDURES**

LTL Management LLC, the debtor in the above-captioned case (the "Debtor"),

supports the relief sought by the *Motion of the United States Trustee for an Order Appointing an*

*Independent Fee Examiner and Establishing Procedures* [Dkt. 1812] (the "Motion"), including

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1528630927

the appointment of Mr. Keach as the Fee Examiner.[2]  The Debtor believes that, given the numerous professionals retained in this case and the significant amount of fees and expenses already incurred to date, scrutiny of the fees and expenses by a fee examiner is warranted.

Indeed, since the inception of this case last October, millions of dollars in fees and expenses have been incurred by counsel to TCC I and TCC II, often as a result of what appears to be (i) an excessive number of professionals staffed to matters (particularly attending depositions and hearings), (ii) duplication of effort across multiple firms and consultants, (iii) work that either did not benefit the Debtor's estate or requires explanation to clarify how it possibly could, and (iv) inappropriate expenses billed to the Debtor.  Such irregularities appear pervasive and can be found in virtually every fee application submitted by such counsel to date. Illustrative examples include:

**Excessive Staffing**

- In connection with a single, six and a half hour deposition of John Kim, Chief Legal Officer of the Debtor, at *least 39 separate timekeepers* across *eight* separate firms billed time preparing for and attending the deposition. See January Monthly Fee Statements for Brown Rudnick LLP [Dkt. 1470], Otterbourg P.C. [Dkt. 1527], Bailey Glasser LLP [Dkt. 1418], Parkins Lee & Rubio LLP [Dkt. 1469], Genova Burns LLC [Dkt. 1451], Massey Gail LLP [Dkt. 1588], Miller Thompson LLC [Dkt. 1526] and Cooley LLP [Dkt. 1765]. Taking just the time billed on January 31, the official first day of deposition questioning, 22 timekeepers were engaged on this task at a blended rate of $847/hour, amounting to **$18,634 *per hour* for a deposition.**

- In addition, well *over a dozen timekeepers* from at least *four* firms, and sometimes more, billed time preparing for and attending the depositions of each of Michelle Goodridge, Thibaut Mongon and Michelle Ryan, and some *32 timekeepers* billed over 200 hours to generic "deposition preparation." See id.; see also December Monthly Fee Statements for Brown Rudnick LLP [Dkt. 1114], Otterbourg P.C. [Dkt. 1185], Bailey Glasser LLP [Dkt. 1146] and Genova Burns LLC [Dkt. 1097].

---

[2]   Capitalized terms not defined herein shall have the meaning given to such terms in the Motion.

- With regard to the hearing on the motions to dismiss the chapter 11 case and the Debtor's preliminary injunction motion which took place from February 14 to February 18, 2022, *one firm* representing TCC I and *one firm* representing TCC II together had *more than 20 timekeepers* attending and/or participating in the hearings *each day*. And this does **not** include the other multiple firms that have been retained to represent TCC I and TCC II who also had scores of lawyers in attendance.

**Duplication**

- Cooley LLP, on behalf of TCC II, has been incurring significant fees analyzing issues related to the Debtor's insurance policies and related coverage, while TCC I is seeking to retain Gilbert LLP, a law firm already familiar with the Debtor's insurance policies, to do the very same work. See generally January Monthly Fee Statement for Cooley LLP [Dkt. 1765].[3]

- For the period of November 15, 2021 through January 31, 2022 alone, time billed to "creditor committee meetings" surpassed *1,200 hours* across *seven separate firms* and more than *$1,200,000.00* in fees, suggesting a high likelihood of duplication.

**Work That Does Not Benefit the Estate**

- It appears that FTI Consulting, Inc., the committee's "financial advisor", has spent significant time on efforts to influence the media, and by extension, the public. See *First Interim Fee Statement of FTI Consulting Inc., as Financial Advisor to the Official Committee of Talc Claimants for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from December 13, 2021 through and including January 31, 2022* [Dkt. 1755], at 4 (**billing over 240 hours to "strategic communications"**). Illustrative entries include:

    o "Review optimal options re: public affairs strategy"

    o "Prepare communications strategy and workplan re: messaging and media coverage"

    o "Review next steps re: media engagement strategy and advocacy website"

    o "Prepare updates to media coverage list re: potential media contacts"

    o "Prepare analysis of influencers and stakeholders re: public affairs strategy"

---

[3] See *Application of the Official Committee of Talc Claimants for Retention of Gilbert LLP as Special Insurance Counsel* [Dkt. 1702].

- o "Review initial media outreach strategy"

  These entries appear to confirm the concerns raised by the Debtor prior to the motion to dismiss hearing that one or both of the committees, and/or law firms working with them, are seeking to negatively impact public opinion in an attempt to exert pressure on the Debtor and this Court. It is difficult to understand how any such activity – apparently designed to undermine these proceedings and the Debtor's reorganization – benefits the Debtor's estate and should be compensable by the Debtor.

- Further, it is not presently clear that any valid purpose has been served by certain vendors utilized by counsel for TCC I. For example, Brown Rudnick LLP hired both Quilligence, LLC, a cyber-private investigator, and BRI LLC, which provides investigative services, to perform work in the month of January. See *Fee Application Cover Sheet for the Period January 1, 2022 through January 31, 2022* [Dkt. 1470], at 5. There is no explanation provided for these vendors' work, nor is the need for a private investigator apparent to the Debtor.

**Inappropriate Expenses**

- In connection with their first fee application, Cooley LLP submitted expenses for a TCC II related dinner for 12 attendees totaling $2,832.51, which amount included two bottles of wine costing $395 and $210 a bottle. See *Fee Application for the Period December 31, 2021 through January 31, 2022* [Dkt. 1767], at 176.

In sum, the Debtor has significant concerns about the pattern and scope of billing to date in this matter. As a result, the Debtor not only supports but welcomes the appointment of a fee examiner and procedures that will establish an orderly process for a detailed review of and means to appropriately address the professional fees and expenses incurred in this case.

| | |
|---|---|
| Dated: March 29, 2022 | **WOLLMUTH MAHER & DEUTSCH LLP** |
| | |
| | */s/ Paul R. DeFilippo* |
| | Paul R. DeFilippo, Esq. |
| | James N. Lawlor, Esq. |
| | Joseph F. Pacelli, Esq. (*pro hac vice*) |
| | 500 Fifth Avenue |
| | New York, New York 10110 |
| | Telephone: (212) 382-3300 |
| | Facsimile: (212) 382-0050 |
| | pdefilippo@wmd-law.com |
| | jlawlor@wmd-law.com |
| | jpacelli@wmd-law.com |
| | |
| | **JONES DAY** |
| | Gregory M. Gordon, Esq. |
| | Brad B. Erens, Esq. |
| | Dan B. Prieto, Esq. |
| | Amanda Rush, Esq. |
| | 2727 N. Harwood Street |
| | Dallas, Texas 75201 |
| | Telephone: (214) 220-3939 |
| | Facsimile: (214) 969-5100 |
| | gmgordon@jonesday.com |
| | bberens@jonesday.com |
| | dbprieto@jonesday.com |
| | asrush@jonesday.com |
| | (Admitted *pro hac vice*) |
| | |
| | *ATTORNEYS FOR DEBTOR* |