UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | |

## DECLARATION OF ORDINARY COURSE PROFESSIONAL

### SCHWABE, WILLIAMSON & WYATT

The undersigned hereby declares, under penalty of perjury, as follows:

1.  I am a member, partner or similar representative of the following firm (the "Firm"), which maintains offices at the address and phone number listed below:

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

Page 1 -   DECLARATION OF ORDINARY COURSE PROFESSIONAL
SCHWABE, WILLIAMSON & WYATT

<u>Firm</u>: Schwabe, Williamson & Wyatt, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204, 503-222-9981.

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey authorizing LTL Management LLC (the "<u>Debtor</u>") to retain certain professionals in the ordinary course of business during the pendency of the Debtor's chapter 11 case [Dkt. 849] (the "<u>Order</u>"). Following the date that the Debtor's chapter 11 case was commenced (the "<u>Petition Date</u>"), the Debtor has requested that the Firm provide professional services (or continue to provide such services) to the Debtor, and the Firm has agreed to provide such services. Accordingly, the Firm is submitting this Declaration pursuant to the Order.

3. The Firm, through me, and other members, partners, associates or employees of the Firm, has provided, or plans to provide, the following services to the Debtor from and after the Petition Date: litigation advice and services related to pending personal injury claims arising from the alleged use of talc-containing products manufactured, distributed, marketed, and/or sold by the Debtor.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties-in-interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties-in-interest in this chapter 11 case. To the best of my knowledge, information, and belief, formed after due inquiry, the Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained.

5. To the best of my knowledge, information and belief, formed after due inquiry, the Firm does not represent or hold an interest adverse to the Debtor or its estate with respect to the matter(s) on which the Firm is to be retained and employed.

6. The Firm believes that it is owed approximately $30,495.00 on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtor.[2]

7. The Firm further states that it has not shared, has not agreed to share nor will agree to share, any compensation received in connection with this chapter 11 case with any party or person, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

8. As of the Petition Date, which was the date on which the Debtor commenced this chapter 11 case, the Firm was not party to an agreement for indemnification with the Debtor.

9. If, at any time during its employment by the Debtor, the Firm discovers any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

---

[2] This amount remains outstanding as of the Petition Date for work performed on behalf of Johnson & Johnson and the Debtor's predecessor, Johnson & Johnson Consumer, Inc., with respect to personal injury claims asserted against Johnson & Johnson and Johnson & Johnson Consumer, Inc., and now the Debtor, arising from the alleged use of certain talc-containing products. The Firm has billed those fees and expenses to Johnson & Johnson, consistent with the terms of its engagement with Johnson & Johnson.

Page 3 -    DECLARATION OF ORDINARY COURSE PROFESSIONAL
SCHWABE, WILLIAMSON & WYATT

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on March 30, 2022, at Portland, Oregon.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____
Andrew J. Lee, OSB #023646

SWORN AND SUBSCRIBED before me this 30 day of ~~April~~ March, 2022.

_____ Notary Public

OFFICIAL STAMP
ELIZABETH SORENSEN MORROW
NOTARY PUBLIC-OREGON
COMMISSION NO. 973872
MY COMMISSION EXPIRES APRIL 18, 2022

Page 4 -    DECLARATION OF ORDINARY COURSE PROFESSIONAL
SCHWABE, WILLIAMSON & WYATT