UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:    jeffrey.m.sponder@usdoj.gov
           lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No. 21-30589 (MBK) |
| Debtor. | Hearing Date: |
| | Honorable Michael B. Kaplan, Chief Judge |

**CERTIFICATION OF LAUREN BIELSKIE, ESQ., IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION PURSUANT TO FED. R. BANKR. P. 9023 AND 9024 SEEKING RELIEF WITH RESPECT TO THE ORDER ESTABLISHING MEDIATION PROTOCOL**

I, Lauren Bielskie, of full age, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed as a Trial Attorney by the Office of the United States Trustee ("OUST") in Newark, New Jersey, and I base this Certification on my personal communications concerning the Mediation Order and my review of the docket of this case and the documents and audio filed therein, as well as the transcripts from prior hearings.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

### A. LTL's Bankruptcy Case

1. On October 14, 2021, LTL Management, LLC (the "Debtor")[2], filed a voluntary petition for chapter 11 relief in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division (the "N.C. Court"). *See* Dkt. 1.

2. On November 16, 2021, the N.C. Court entered an order transferring venue of this case to the District of New Jersey (the "Venue Order"). *See* Dkt. 416.

3. Various parties filed motions to dismiss the chapter 11 case as a bad faith filing. On February 25, 2022, after a week-long trial, the Court issued a Memorandum Opinion denying the Motions to Dismiss. *See* Dkt. 1572.

### B. Mediation Order

4. During the next Omnibus hearing, which occurred on March 8, 2022, Debtor's counsel announced an agreement was reached with TCC I to name the Honorable Joel Schneider (Ret.) and Gary Russo, Esq. as co-mediators. *See* 3/8/22 Transcript, 30:8-10. The Debtor and TCC I further advised they would work on a mediation protocol. *See id.*, 30:12-18. TCC II asked for additional time to vet the proposed mediators and the opportunity to provide input on the protocol. *See id.*, 31:4-7. During the hearing the Court authorized the appointment of Messrs. Schneider and Russo as co-mediators, without prejudice to others subsequently raising issues with

---

[2] LTL is an indirect subsidiary of Johnson & Johnson ("J&J"), one of the world's largest consumer products companies. *See* Dkt. 5 at ¶ 9. On October 12, 2021, J&J's corporate subsidiary Johnson & Johnson Consumer Inc. ("Old JJCI") engaged in a Divisional Merger and a series of related transactions in order to "globally resolve talc-related claims through a chapter 11 reorganization without subjecting the entire Old JJCI enterprise to a bankruptcy proceeding" (the "Divisional Merger"). *See id.* at ¶ 15. The assets and liabilities of Old JJCI were allocated between the Debtor and New JJCI. The Debtor solely assumed all of Old JJCI's talc liabilities and was allocated the following principal assets: (i) approximately $6 million in cash, (ii) Old JJCI's equity interest in Royalty A&M, and (iii) Old JJCI's rights under the Funding Agreement. Substantially all of Old JJCI's other assets and liabilities were assigned to New JJCI. *See id.* at ¶¶ 24-25.

the appointments. *See id.*, 34:16-20. The Court also scheduled a telephonic hearing for March 16, 2022, to discuss the parties' efforts to develop a mediation protocol. *See id.*, 129:8.

5. On March 10, 2022, TCC II, by letter to the Court, advised that it had no objection to the proposed co-mediators. *See* Dkt. 1694.

6. Prior to the March 16, 2022 telephonic hearing, the proposed mediation protocol was not provided to all parties in interest. Neither counsel for the Aylstock firm nor the U.S. Trustee received it. *See* Dkt. 1740, Audio of 3/16/22 Hearing. Judge Kaplan started the March 16, 2022 conference by noting that a mediation protocol had been submitted in advance of the hearing and announced there was one change made due to the co-mediators' concerns regarding confidentiality. *See id*. Judge Kaplan read the provision aloud before hearing from any parties on the protocol. *See id*.

7. Without having seen the proposed mediation protocol, counsel for the U.S. Trustee advised that while there was no *per se* objection to a confidentiality provision, the U.S. Trustee was concerned about the broad language and wanted clarity as to whether it would preclude the U.S. Trustee from receiving updates or status of the mediation from the parties. *See id*. Judge Kaplan stated that he did not envision a problem with the U.S. Trustee receiving information and stated a provision could be added to the order. *See id*. The matter was marked "Order to be Submitted." *See id*.

8. After the March 16th conference, counsel for TCC I circulated a revised form of order setting forth a proposed mediation protocol. This was the first time the U.S. Trustee saw the proposed mediation protocol. The proposed order did not include a paragraph for providing information to the U.S. Trustee.

9. Various communications occurred on March 17, 2022, regarding the form of order.

Counsel for the U.S. Trustee circulated proposed language regarding the U.S. Trustee's ability to seek the status of the mediation process from the parties. Mr. Russo responded via email with questions for the U.S. Trustee. TCC I circulated a revised order after 10:00 p.m., and noted the order would be submitted to chambers by 10:00 a.m. the next day absent further comments.

10. In light of the 10:00 a.m. deadline, counsel for the U.S. Trustee and Mr. Russo spoke on Friday, March 18, 2022, at 8:45 a.m. regarding the ability of the U.S. Trustee to seek status updates from the parties. After 9:00 a.m. TCC I circulated a further revised order and stated the mediators were to submit the final version to chambers once they signed off.

11. Unbeknownst to the parties, the Court entered the Mediation Order at 9:12 a.m. *See* Dkt. 1780. As relevant here, the Mediation Order provides that D.N.J. LBR 9019-1 and 9019-2 and all confidentiality and privilege provisions therein, as well as the terms of the Mediation Order will govern the mediation process. The Mediation Order includes a broad confidentiality provision:

> The undersigned Mediation Party hereby agrees that (1) their participation in the mediation, (2) everything said by any Mediation Party during, respecting or related to the mediation, (3) the fact that mediation is taking place, (4) any other Mediation Party's participation in the mediation, (5) the date, time or place of the mediation, (6) statements made by the Mediators or any Mediation party in, during or related to the mediation, (7) who is participating or has participated in the mediation, (8) all documents, letters, emails, reports, analyses and the like prepared for, distributed during, or utilized in connection with or related to the mediation shall not, without the express written authorization of the mediators, be disclosed, summarized or described by any Mediation party to any person(s) orally, in open Court, in any court pleading, in any press release or in any public statement or other form of communication.

*See* Dkt. 1780, para 4.k.

12. The only carve-out from this provision is in paragraph 4.l., which provides that nothing in the Mediation Order prohibits a Mediation Party from "disclosing its own work product

4

or underlying documents[.]" *See* Dkt. 1780.  As defined in the Order, the "Mediation Parties" are (i) the Debtor and its affiliates; (ii) the TCC I; (iii) TCC II; and (iv) any Court-appointed Future Talc-Claimants Representative(s).  *See id*.

    I certify under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

ANDREW R. VARA  
UNITED STATES TRUSTEE  
REGIONS 3 & 9  

By:  */s/ Lauren Bielskie*  
     Lauren Bielskie  
     Trial Attorney

Dated: March 30, 2022