## **EXHIBIT B**

Retention Order

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* | **Order Filed on February 15, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                      Debtor. | Chapter 11<br><br>Case No.:  21-30589 (MBK)<br><br>Judge:  Michael B. Kaplan |

## ORDER AUTHORIZING RETENTION OF BATES WHITE, LLC

    The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: February 15, 2022**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

---

[1]  The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Bates White, LLC

Upon the applicant's, LTL Management LLC's (the "Debtor" or "LTL Management"),[2] request for authorization to retain Bates White, LLC ("Bates White") as talc consultant and expert for the Debtor, *nunc pro tunc* to October 14, 2021 [Dkts. 410, 547] (the "Application"), the Court having considered the Supplemental Certification of Charles H. Mullin, PH.D. in support of the Application [Dkt. 803] (the "Certification"), the replies in support of the Application [Dkts. 810, 1196] and the objection [Dkt. 750] (the "Objection") to the Application and having previously entered the *Order Authorizing Interim Retention of Bates White, LLC* [Dkt. 858], and the Objection having been resolved, it is hereby **ORDERED**:

1. The Application is granted as set forth herein.

2. Except as otherwise provided in this Order, the Debtor is authorized to retain Bates White as set forth in the Application and the documents attached thereto, including, but not limited to, the engagement letter attached to the Application as Exhibit A (the "Engagement Letter"), effective as of October 14, 2021.

3. Any additional services proposed to be provided by Bates White not described in the Application and the Engagement Letter shall require further Court approval.

4. Bates White shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court, including the Interim Compensation Order; provided, however, that if Bates White seeks to redact its time records to protect any privileges asserted it shall first apply to the Bankruptcy Court for permission to do so under Section 107 of the Bankruptcy Code, with the rights of all parties in interest with respect to any such relief fully preserved. The Debtor shall be solely responsible for paying all amounts due under

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Bates White, LLC

> this retention, subject to Court approval.  The rights of any party in interest to object to any such fee request, and the right of Bates White to respond to any such objection, are fully preserved.

5. Notwithstanding anything to the contrary in the Application, all parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

6. For the avoidance of doubt, no fees earned and payable to Bates White shall constitute a "success fee," "bonus" or "fee enhancement" under applicable law.

7. Subject to the terms of the Interim Compensation Order, Bates White is authorized to hold the Retainer as security for payment of postpetition fees and expenses.  Bates White shall not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by further order of the Bankruptcy Court, including the Interim Compensation Order.

8. Notwithstanding any contrary provision of the Engagement Letter including but not limited to paragraph 16, the Bankruptcy Court shall have jurisdiction over, hear and adjudicate any dispute that may arise under the Engagement Letter among the parties to the Engagement Letter during the pendency of the Chapter 11 Case.

9. The limitation of liability contained in paragraph 17 of the Engagement Letter is deemed to be of no force or effect during the pendency of this Chapter 11 Case with respect to the services to be provided pursuant to this Order.

10. Paragraph 19 of the Engagement Letter is revised to reflect that termination will only be allowed upon entry of an Order by the Bankruptcy Court.

11. Paragraphs 9 and 11 of the Engagement Letter are revised to reflect that no interest shall accrue on any invoices or payments and that Bates White may not withhold services unless upon entry of an Order by the Bankruptcy Court.

(Page 4)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Bates White, LLC


12. Paragraph 20 of the Engagement Letter is revised to reflect that the survival of certain paragraphs of the Engagement Letter is subject to the revisions contained in this Order.

13. Paragraph 15 of the Engagement Letter is revised to reflect that the Bankruptcy Court shall hear and adjudicate any disputes arising between Bates White and Jones Day or the Debtor during the pendency of the Chapter 11 Case.

14. In the event Bates White seeks to use any of its affiliates to perform services for Jones Day or the Debtor, the Debtor shall seek the separate retention of any affiliates upon notice and a hearing, with the rights of all parties in interest preserved in respect of any such request.

15. To the extent Bates White uses the services of independent contractors (the "Contractors") in the Chapter 11 Case, Bates White shall: (a) pass through the cost of such Contractors to the Debtor at the same rate that Bates White pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) require the Contractors to file Rule 2014 affidavits (copies of which shall be promptly provided to any official committee(s) of talc claimants appointed in this Chapter 11 Case (the "Committee")) indicating that the Contractors have reviewed the Parties in Interest List in this case, disclose the Contractors' relationships, if any, with Parties in Interest List and indicate that the Contractors are disinterested; (d) confirm that the Contractors remain disinterested during the time that Bates White is involved in providing services to the Debtor; (e) require the Contractors to represent that they will not provide services in this Chapter 11 Case to the Debtor or other parties in interest during the time Bates White is involved in providing services to the Debtor; and (f) Bates White shall attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case. The rights of all parties in interest with respect to the use of any Contractors (including, without limitation, with respect to whether any

(Page 5)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Bates White, LLC

Contractor is disinterested) and the payment of any Contractor invoices as set forth herein are fully preserved.

16.    To the extent that any party-in-interest, including the Committee and the U.S. Trustee, discovers any facts or circumstances indicating that Bates White's retention under section 327(a) of the Bankruptcy Code is not appropriate, the right of any party-in-interest, the Committee and the U.S. Trustee to seek at that time any appropriate relief is fully preserved.

17.    If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

Form order – ntcorder

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

                      Case No.: 21–30589–MBK
                      Chapter: 11
                      Judge: Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   LTL Management LLC
   fka Chenango One LLC
   501 George Street
   New Brunswick, NJ 08933

Social Security No.:

Employer's Tax I.D. No.:
   87–3056622

## NOTICE OF JUDGMENT OR ORDER
## Pursuant to Fed. R. Bankr. P. 9022

     Please be advised that on February 15, 2022, the court entered the following judgment or order on the court's docket in the above–captioned case:

Document Number: 1483 – 410, 547
ORDER AUTHORIZING RETENTION OF BATES WHITE, LLC (related document:410 Ex Parte Application w/Affidavit to Employ Professional Bates White, LLC filed by John R. Miller Jr. on behalf of LTL Management LLC. (Miller, John) [Transferred from North Carolina Western on 11/16/2021.] filed by Debtor LTL Management LLC, 547 Application For Retention of Professional Bates White, LLC as Talc Consultants Filed by Paul R. DeFilippo on behalf of LTL Management LLC. (Attachments: # 1 Exhibit A – Engagement Letter # 2 Exhibit B – Certification of Charles H. Mullin, Ph.D. in Support of Application for Retention of Bates White, LLC # 3 Exhibit 1 to Certification of Charles H. Mullin, Ph.D. – Charles H. Mullin, Ph.D. Curriculum Vitae # 4 Exhibit 2 to Certification of Charles H. Mullin, Ph.D. – Interested Parties List # 5 Exhibit 3 to Certification of Charles H. Mullin, Ph.D. – Schedule of Affiliations # 6 Proposed Order) filed by Debtor LTL Management LLC). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 2/15/2022. (wir)

     Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: February 15, 2022
JAN: wir

                                                                          Jeanne Naughton
                                                                        Clerk