

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:        jeffrey.m.sponder@usdoj.gov
               lauren.bielskie@usdoj.gov

**Order Filed on March 31, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC, | Case No. 21-30589 |
| Debtor. | Hearing Date: March 30, 2022 at 10 a.m. |
| | Honorable Michael B. Kaplan, Chief Judge |

**ORDER APPOINTING AN INDEPENDENT
FEE EXAMINER AND ESTABLISHING PROCEDURES**

       The relief set forth on the following page(s), numbered two (2) through eight (8), is hereby
**ORDERED**.

......

**DATED: March 31, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**(Page 2)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

Upon consideration of the Motion of the United States Trustee, by and through counsel, for an Order appointing an independent Fee Examiner and establishing procedures, and for related modifications to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* ("Interim Compensation Order") (Dkt. 761); and given the size and complexity of this Chapter 11 case that has and will continue to result in the filing of numerous, lengthy and complex professional fee applications; and upon the Court's determination that the legal and factual bases set forth in in the Motion establishes cause for the relief requested,

It is hereby ORDERED:

1.     The Court appoints Robert J. Keach, Esq., of Bernstein, Shur, Sawyer & Nelson, P.A., as the Fee Examiner in this case.

2.     The Fee Examiner may retain attorneys and other professionals or consultants if he deems it necessary to discharge his duties, subject to filing of retention applications, notice and an opportunity to be heard, and subject to Court approval under standards equivalent to 11 U.S.C. § 327.

3.     Based upon the Declaration of Robert J. Keach, Mr. Keach is a disinterested person as defined under the Bankruptcy Code.

4.     Unless otherwise ordered by this Court, this Order shall apply to all professionals in this case requesting compensation and/or reimbursement of expenses for services rendered pursuant to section 327, 328, 330, 331 or 1103 of the Bankruptcy Code ("Retained Professionals"); provided, however, this Order shall not apply to (i) ordinary course professionals employed by the

**(Page 3)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

Debtor in accordance with the *Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtors in the Ordinary Course of Business* ("OCP Order") (Dkt. 849), and (ii) members of Official Committee of Talc Claimants I ("TCC I"), and Official Committee of Talc Claimants II TCC I and ("TCC II"), on account of such members' applications for reimbursement of expenses incurred in such capacity.

5.      The terms, conditions, and procedures of the Interim Compensation Order shall remain in full force and effect except as expressly modified by this Order.  In the event of a conflict between the provisions of the Interim Compensation Order and this Order, the provisions of this Order shall control.  Nothing in this Order shall be construed to limit in any way the rights of any party in interest, including the U.S. Trustee, to object or otherwise be heard with respect to any Fee Application (defined below) or issues pertaining to the Interim Compensation Order.

6.      The following procedures ("Review Procedures") shall be implemented for the review of any Monthly Fee Statement, and any Interim Fee Application or Final Fee Application (together with Interim Fee Application, the "Fee Applications") filed by Retained Professionals (each, an "Applicant"), and in accordance with any chapter 11 plan ("Plan") confirmed in this case:

> a.  The Fee Examiner shall be deemed a Notice Party for purposes of the Interim Compensation Order and any Monthly Fee Statement or Fee Application submitted by a Retained Professional shall be served on the Fee Examiner in accordance with the terms of the Interim Compensation Order.  Any Monthly Fee Statement or Fee Application served pursuant to the Interim Compensation Order prior to entry of this Order shall be served on the Fee Examiner as soon as is reasonably practical after entry of this Order.  Notwithstanding the foregoing, any Final Fee Applications shall be served on the Fee Examiner in accordance with the terms of any Plan, if applicable.

(Page 4)

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

_____

b. The Fee Examiner may review any Monthly Fee Statement and shall review any Fee Application served by each Retained Professional in the Chapter 11 case. During the course of his review of any Fee Application, the Fee Examiner shall consult, as he deems appropriate, with each applicable Retained Professional concerning any such Fee Application.

c. As soon as practicable after a Fee Application is filed and served upon the Fee Examiner, and in any event not later than forty-five days (45) after service upon the Fee Examiner of such Fee Application, the Fee Examiner may serve a report (each, a "Preliminary Report") on an Applicant designed to, *inter alia*, quantify and present factual data, as well as factual inquiries and legal issues, relevant to whether the requested fees, disbursements, and expenses are reasonable in accordance with the applicable standards of sections 330 and 331 of the Bankruptcy Code and whether the Applicant complied with, or made a reasonable, good faith effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the U.S. Trustee Guidelines. For the avoidance of doubt, the Fee Examiner shall not be required to serve a Preliminary Report with respect to all Fee Applications or as to all Applicants. The Fee Examiner shall, in the exercise of his discretion, make the determination of whether to serve a Preliminary Report on an Applicant with respect to any Fee Application.

d. The Debtor, TCC I, TCC II, and the Fee Examiner shall consult and request that the Court set a hearing (each, a "Fee Hearing") on Interim Fee Applications and Final Fee Applications in accordance with the terms of the Interim Compensation Order and Plan, as applicable. At least 14 days prior to any Fee Hearing, the Fee Examiner shall file with the Court a report (each, a "Final Report") designed to: (i) quantify and present factual data and legal issues relevant to whether the requested fees and expenses of each applicable Retained Professional are reasonable in accordance with the applicable standards of sections 330 and 331 of the Bankruptcy Code, (ii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have been consensually resolved and the nature of such resolution, and (iii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have not yet been resolved. For the avoidance of doubt, the Fee Examiner shall not raise any new issues not contained in the Preliminary Report unless such issues arise from, or were created, in the first instance, by new materials, information or documents provided to the Fee Examiner by the Retained Professional in response to the Preliminary Report. For the avoidance of doubt, a Final Report may cover multiple Fee Applications, as applicable, to be considered at an applicable Fee Hearing.

(Page 5)

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

_____

  e.  In lieu of a Final Report, at least 14 days prior to any Fee Hearing, the Fee Examiner may file an objection (a "Fee Examiner Objection") to any Fee Application with the Court and prosecute such Fee Examiner Objection at the Fee Hearing.  The Fee Examiner Objection shall be limited to issues raised in the Preliminary Report unless such issues arise from, or were created, in the first instances, by new materials, information or documents provided to the Fee Examiner by the Retained Professional in response to the Preliminary Report.

  f.  Any Retained Professional may file with this Court a response to a Final Report or Fee Examiner Objection no later than (3) days prior to the Fee Hearing.  Such Retained Professional may adjourn consideration of any fees or expenses still in dispute at the time of a Fee Hearing for consideration at a subsequent Fee Hearing so as to allow continuing discussions with the Fee Examiner.

  g.  Any Fee Hearing shall be scheduled so as to give the Fee Examiner sufficient time to serve a Preliminary Report regarding any Fee Applications to be considered at the Fee Hearing and consult with any Applicant whose Fee Applications are subject to a Preliminary Report before filing such Preliminary Report.  During the period between service of the Preliminary Report and the applicable Fee Hearing, (i) the Fee Examiner and applicable Retained Professional shall make reasonable efforts to resolve issues raised in the Preliminary Report, and (ii) each applicable Retained Professional shall provide the Fee Examiner with supplemental information such Retained Professional believes relevant to the factual and legal issues raised by the Preliminary Report.

  h.  For the avoidance of doubt, all Monthly Fee Statements shall be served and paid by the Debtor in accordance with the Interim Compensation Order.

  i.  The Fee Examiner shall use his best efforts to avoid duplicative review when reviewing Final Fee Applications comprised of Interim Fee Application requests that have already been reviewed by the Fee Examiner.

  7.  The Debtor, TCC I, TCC II, and all Retained Professionals shall reasonably cooperate in good faith with the Fee Examiner in the discharge of his duties and shall respond as soon as reasonably practical to any reasonable requests for information, meetings, or calls from the Fee Examiner.  No later than five (5) business days after the filing of each monthly Fee

**(Page 6)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

Statement or Fee Application, the requesting party shall send to the Fee Examiner by electronic mail the Monthly Fee Statement or Fee Application in Adobe Acrobat and the fee detail containing the daily time entries and the expense detail (the "Fee Detail") in the LEDES electronic format. Fee Details in LEDES electronic format for Final Fee Applications do not need to be resubmitted. Each Retained Professional may supply to the Fee Examiner any invoices, payment records, or other documents reasonably requested by the Fee Examiner in the possession of the Retained Professional and supporting any request for reimbursement of expenses to the extent such invoices, payment records or other documents are maintained in the ordinary course of business of the Retained Professional. For the avoidance of doubt, invoices do not need to be supplied for copies (unless done by a third-party service provider), for postage or other delivery expenses, or for electronic research (such as WestLaw or LEXIS), and internally produced summaries are sufficient for such expenses. If required to maintain privilege or to comply with other confidentiality requirements, such documents may be redacted.

8. In determining whether to serve an Initial Report with respect to any Fee Application, the Fee Examiner shall consult with counsel to the Debtor, TCC I, and TCC II and may supplement its own analysis of any Fee Application with any analysis performed by such counsel. Any comments or analyses to be provided by counsel to the Debtor, TCC I, and TCC II (collectively, the "Fee Analyses") shall be in a form to be agreed upon by and among the Debtor, TCC I, and TCC II. The Fee Examiner shall consult with counsel to the Debtor, TCC I, and TCC II regarding additional procedures to streamline the submission and the Fee Examiner's

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

_____

consideration of the Fee Analyses.  Following the submission of the Fee Analyses, the Fee Examiner

shall attempt to resolve any issues identified by counsel to the Debtor, TCC I, and TCC II, as well

as any additional issues identified by the Fee Examiner, in accordance with the terms of this Order.

9.    The provisions of this Order remain applicable to any Retained Professional

regardless of whether TCC I and TCC II cease to exist.  If the Original Committee, formed pursuant

to the *Order Appointing the Official Committee of Talc Claimants* (Dkt. 355) is reinstated,

reconstituted or otherwise re-formed, this Order shall be equally applicable to the Original

Committee.

10.    The Fee Examiner, the Retained Professionals and the Debtor shall use commercially

reasonable efforts to have any undisputed portion of the Fee Applications paid as soon as practicable.

11.    The Fee Examiner shall be deemed to have filed a request for notice of papers filed

in these cases pursuant to Bankruptcy Rule 2002 and shall be served with all such papers.  The Fee

Examiner shall review, to the extent appropriate, any relevant documents filed in this chapter 11

case and remain generally familiar with the chapter 11 cases and the dockets and proceedings,

including hearings.

12.    Any time period set forth in this order may be extended with the consent of the Fee

Examiner and the affected Retained Professional or by order of this Court.

13.    The fees and expenses of the Fee Examiner, and any counsel retained pursuant to

court order, shall be subject to application and review pursuant to section 330 of the Bankruptcy

Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, the U.S. Trustee Guidelines, and the

Interim Compensation Order, and shall be paid from the Debtor's estate as an administrative expense

under section 503(b)(2) of the Bankruptcy Code.  The Fee Examiner's expenses and those of any

**(Page 8)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

_____

counsel retained pursuant to court order, shall be subject to the information detail requirements set forth in D.N.J. LBR 2016-1.

14.     Nothing herein shall limit the right of any entity to object to the allowance or payment of fees or reimbursement of expenses sought by any Retained Professional on any grounds, to the extent such right exists under the Bankruptcy Code or the Interim Compensation Order.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.  Notwithstanding any provisions of this Order to the contrary, this Court shall retain the ultimate authority to determine whether fees and expenses requested satisfy section 330 of the Bankruptcy Code.

16.     This Order shall remain in effect unless and until this Court orders otherwise.

United States Bankruptcy Court
District of New Jersey

| In re: | | Case No. 21-30589-MBK |
|---|---|---|
| LTL Management LLC | | Chapter 11 |
| Debtor | | |

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Mar 31, 2022 | Form ID: pdf903 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 02, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Glenn M. Kurtz, White & Case LLP, 1221 Avenue of the America, New York, NY 10020-1001 |
| aty | + | Jessica Lauria, White & Case LLP, 1221 Avenue of the America, New York,, NY 10020-1001 |
| aty | + | Rayburn, Cooper & Durham, P.A., The Carillon, Suite 1200, 227 West Trade St., Charlotte, NC 28202-1672 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/Text: jkim8@its.jnj.com | | |
| | | | Mar 31 2022 20:30:00 | LTL Management LLC, 501 George Street, New Brunswick, NJ 08933-0001 |
| aty | + | Email/Text: tlindsay@rcdlaw.net | | |
| | | | Mar 31 2022 20:30:00 | Rayburn, Cooper & Durham, P.A., The Carillon, Suite 1200, 227 West Trade St., Charlotte, NC 28202-1672 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 02, 2022          Signature:          /s/Joseph Speetjens