UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1(b)**

**TRIF & MODUGNO LLC**
Louis Modugno
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
Telephone:  973-547-3611
Facsimile:  973-554-1220
lmodugno@tm-firm.com

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman
Shaya Rochester (*admitted pro hac vice*)
Terence P. Ross (*admitted pro hac vice*)
50 Rockefeller Plaza
New York, New York 10020
sreisman@katten.com
srochester@katten.com
tross@katten.com

**MENDES & MOUNT LLP**
Eileen McCabe (*admitted pro hac vice*)
Stephen Roberts (*admitted pro hac vice*)
750 Seventh Avenue
New York, New York 10019
eileen.mccabe@mendes.com
stephen.roberts@mendes.com

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                              Debtor. | Chapter 11<br><br>Case No. 21-30589 (MBK) |

**NEW JERSEY COVERAGE ACTION PLAINTIFF-INSURERS' JOINDER
TO TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION FOR
AN ORDER ADDING TRAVELERS AS A MEDIATION PARTY OR,
<u>IN THE ALTERNATIVE, MODIFYING THE MEDIATION PROTOCOL</u>**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

152515723

The plaintiff-insurers (collectively, the "Plaintiff-Insurers")[1] in the lawsuit, *Atlanta International Insurance Company, et al. v. Johnson & Johnson, et al.*, Case No. MID-L-003563-19, currently pending in the Superior Court of New Jersey (the "New Jersey Coverage Action"), hereby file this joinder (the "Joinder") to *Travelers Casualty and Surety Company's Motion for an Order Adding Travelers as a Mediation Party or, in the Alternative, Modifying the Mediation Order* [Docket No. 1900] (the "Mediation Motion"). In support of the Joinder, the Plaintiff-Insurers respectfully state as follows:

## JOINDER

1. By the New Jersey Coverage Action, the Plaintiff-Insurers seek various forms of declaratory relief from the Superior Court of New Jersey, including without limitation, a ruling that Johnson & Johnson ("J&J") and its affiliates have breached the claims control provisions (the "Claims Control Provisions") in certain insurance policies issued to J&J. *See, e.g., Motion for an Order (i) Confirming That The Automatic Stay Does Not Apply To The New Jersey Coverage Action Or, In The Alternative, (ii) Granting Relief From The Automatic Stay To Allow The New Jersey Coverage Action To Proceed* [Docket No. 1491] (the "Lift Stay Motion"). ¶ 17. As set forth in the Lift Stay Motion, the Claims Control Provisions provide, for example, that the insurer

---

[1] The "Plaintiff-Insurers" are: Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company; Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and Rheinland Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen).

"shall have full control over the defense and settlement of all claims or potential claims." *See id.*, ¶ 14.

2. On March 30, 2022, after hearing oral argument on the Lift Stay Motion, this Court carried over the Lift Stay Motion for a hearing on June 14, 2022. As a result of the Court's decision to carry over the Lift Stay Motion, the Plaintiff-Insurers' request for a declaratory judgment regarding the Claims Control Provisions pending in the Superior Court of New Jersey remains effectively stayed. Accordingly, the Plaintiff-Insurers join in the relief requested in the Mediation Motion, as and to the extent set forth herein.[2]

3. The Plaintiff-Insurers join the relief sought in Section I of the Mediation Motion and respectfully request that the Plaintiff-Insurers be included as a "Mediation Party" under this Court's *Order Establishing Mediation Protocol* [Docket No. 1780] (the "<u>Mediation Order</u>").

4. The Plaintiff-Insurers also join in the alternative relief sought in Section II of the Mediation Motion. For the reasons set forth in the Mediation Motion, the Mediation Order should: (a) not prevent disclosure to the Plaintiff-Insurers or discovery of discussions and documents reflecting or relating to any proposed trust distribution procedures, the valuation, qualification, or payment of any talc-related claims, or provisions in any Chapter 11 plan or related documents; (b) not prevent disclosure to the Plaintiff-Insurers or discovery of discussions and documents relating to the Plaintiff-Insurers or any other insurer of the Debtor or J&J that could impact the Plaintiff-Insurers' rights, defenses, or obligations in this Chapter 11 case or in any insurance coverage action; and (c) clarify that nothing in the mediation shall increase, impair, or otherwise impact the

---

[2] The Plaintiff-Insurers reserve all of their rights at law and equity as to whether the mediation and all settlement discussions in connection therewith constitute a further breach of the Claims Control Provisions, which will be determined in the New Jersey Coverage Action.

152515723                                                    3

rights, defenses, or obligations of the Plaintiff-Insurers, the Debtor or J&J under any insurance contract issued to J&J or any of its subsidiaries or affiliates.

## RESERVATION OF RIGHTS

5. The Plaintiff-Insurers reserve all rights with respect to the Mediation Motion, including the right to supplement this Joinder and to raise additional arguments before or at the hearing to consider the relief herein sought.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff-Insurers respectfully request that the Court grant the relief requested herein and in the Mediation Motion.

Dated: April 4, 2022

/s/ Louis A. Modugno
Louis A. Modugno
**TRIF & MODUGNO LLC**
89 Headquarters Plaza North Tower, Suite 1201
Morristown, New Jersey 07960
Email: lmodugno@tm-firm.com

Steven J. Reisman
Shaya Rochester (*admitted pro hac vice*)
Terence P. Ross (*admitted pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza
New York, New York 10020
Email: sreisman@katten.com
  srochester@katten.com
  tross@katten.com

Eileen McCabe (*admitted pro hac vice*)
Stephen Roberts (*admitted pro hac vice*)
**MENDES & MOUNT LLP**
750 Seventh Avenue
New York, New York 10019
Email: eileen.mccabe@mendes.com
  stephen.roberts@mendes.com

*Co-Counsel to the Plaintiff-Insurers*