| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br><br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>Nancy Isaacson, Esq. (NI/1325)<br>75 Livingston Avenue<br>Roseland, New Jersey 07068<br>(973) 535-1600<br>nisaacson@greenbaumlaw.com<br><br>Attorneys for Motley Rice, LLC and<br>Shirleeta Ellison | |
| In re:<br><br>LTL MANAGEMENT, LLC,[1]<br><br>                      Debtor. | Case No.: 21-30589<br><br>Chapter: 11<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>April 12, 2022 at 10:00 a.m. |

**MOTION OF CLAIMANT SHIRLEETA ELLISON FOR APPOINTMENT TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

Claimant Shirleeta Ellison, by and through her undersigned counsel, files this motion (the "Motion") for entry of an order, substantially in the form submitted herewith (the "Proposed Order"), permitting Ms. Ellison to remain as a member of the Official Committee of Talc Claimants after the Official Committee of Talc Claimants I ("TCC I") and Official Committee of Talc Claimants II ("TCC II") are disbanded on April 12, 2022. In support of the Motion, Claimant respectfully states as follows:

---

[1] The last four digits of Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

## JURISDICTION AND VENUE

1.\qquad This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey, dated September 18, 2021.

2.\qquad Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.\qquad The bases for the relief requested herein are sections 105(a) and 1102(a)(4) of the Bankruptcy Code.

## BACKGROUND

4.\qquad On October 14, 2021 (the "Petition Date"), two days after it was formed, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina (the "NC Bankruptcy Court").

5.\qquad On October 15, 2021, the United States Bankruptcy Administrator (hereinafter "Administrator") filed a *Notice of Solicitation of Parties Interested in Serving on an Official Committee of Talc Claimants* [D.I. 38], wherein the Administrator requested that interested claimants complete and submit a Questionnaire Form if they wished to be considered for membership on a committee of talc claimants.

6.\qquad Shirleeta Ellison, a New Jersey resident, did not submit a Questionnaire Form to the Administrator for consideration because the pending bankruptcy proceeding was venued in North Carolina. As a result, the Administrator did not have the opportunity to consider Ms.

Ellison for inclusion on the committee before requesting that the NC Bankruptcy Court approve the formation of an official committee.

7. On October 28, 2021, the Administrator filed a *Motion of the Bankruptcy Administrator to Appoint an Official Committee of Talc Claimants* [D.I. 227]. The Administrator's Motion requested that the NC Bankruptcy Court approve the formation of an official committee of talc claimants consisting of eleven members. *See* D.I. 227 at ¶6 and Exhibit A, attached thereto.

8. On November 8, 2021, on Motion of the Bankruptcy Administrator, the NC Bankruptcy Court entered the *Talc Committee Appointment Order* [D.I. 355], granting the Administrator's motion [D.I. 227] and appointing the Official Committee of Talc Claimants as requested by the Administrator.

9. The Honorable J. Craig Whitley, at the hearing regarding the Official Committee stated "So I'm going to, effectively, give you a split decision. I'm going to approve what the Bankruptcy Administrator has, has proposed now…but without prejudice to consider this further either by me or by another court and to consider addition, deletions, changes, whatever is appropriate under the circumstances… and I may add one or two of you later on, maybe more, who knows… And I will just hold this decision as to, until after the venue and then if need be, I will put it on for further consideration and, and give you notice. Otherwise, I will leave then, if there is a, a successor judge, then I'll leave it in their hands as to whether to change the composition." *See* Transcript of Proceedings Before The Honorable J. Craig Whitley, United States Bankruptcy Judge, November 4, 2021, Western District of North Carolina, Charlotte Division, Case No. 21-30589, 62:2-63:9.

10. Judge Whitley effectively held the final decision as to the individuals who would make up of the Committee open due to the unique circumstances of this case.

11. On November 16, 2021, the NC Bankruptcy Court entered an *Order Transferring Case to the District of New Jersey*, which referred the case to this Court [D.I. 416].

12. On November 23, 2021, the Office of United States Trustee (hereinafter "UST") sent notification to Claimants who previously filed pleadings in the NC Bankruptcy Court seeking appointment to the Committee, requesting that Claimants advise the UST if they were still interested in serving on the Committee. Motley Rice LLC, on behalf of its claimants who previously sought appointment, received the UST's notification.

13. By letter dated November 24, 2021, Motley Rice LLC advised the UST that two clients who previously filed pleadings in the NC Bankruptcy Court seeking appointment to the Committee were still interested in serving. *See* November 24, 2021 Letter from Daniel Lapinski, Esq. to Linda Richenderfer, attached hereto as Exhibit A (hereinafter "MR Letter"). In the same letter, Motley Rice LLC identified Shirleeta Ellison, a New Jersey resident, as a claimant willing and desirous to serve on the Committee. *Id.*

14. On November 29, 2021, Shirleeta Ellison provided to the UST a Questionnaire for Official Committee of Talc Claimants, a copy of which is attached hereto as Exhibit B.

15. On December 2, 2021, Ms. Ellison participated in a telephonic interview with the UST regarding her willingness and desire to serve on the Committee. During the telephonic interview, in addition to the information previously shared with the UST, Ms. Ellison discussed her reasons for wanting to participate as a committee member. Ms. Ellison, a survivor of ovarian cancer, discussed that she was a community-oriented person, including serving as the President

of the Urban League of Bergen County, New Jersey. Because these proceedings present a significant issue to her community, Ms. Ellison was driven to participate.

16. On December 23, 2021, the UST filed its *Notice of the United States Trustee's Filing of Reconstituted and Amended: (i) Notice of Appointment of Official Committee of Talc Claimants I; and (ii) Notice of Appointment of Official Committee of Talc Claimants II* [D.I. 965] (the "UST Notice"). Pursuant to the UST Notice, the Official Committee of Talc Claimants was reconstituted and amended. *See* D.I. 965 at 1. The UST Notice also added new members, including Claimant Shirleeta Ellison. *See* D.I. 965-1 (the Official Committees are referred to herein as "TCC I" and "TCC II").

17. On January 3, 2022, the Debtor filed its motion seeking to disband TCC I and TCC II, and to reinstate the original TCC [D.I. 1047].

18. On January 5, 2022, Arnold & Itkin LLP filed a motion seeking the same relief as sought by the Debtor [D.I. 1067] (collectively, the "Reinstatement Motions").

19. On January 15, 2022, Claimant filed her objection to the Reinstatement Motions [D.I. 1164], wherein Claimant separately objected to her removal as a member of the TCC if the Court granted the motions.

20. On January 19, 2022, following a hearing on the issue, the Court granted the Reinstatement Motions and subsequently entered a Memorandum Opinion [D.I. 1212] and Order [D.I. 1273] (the "Reinstatement Order) memorializing the ruling.

21. In the Reinstatement Order, the court struck the Notice of Appointment "without prejudice" and ordered that the "committees formed thereunder shall be disbanded on March 9, 2022," and that the Original TCC "is reinstated to its original form as of March 9, 2022," subject to further order of the Court." Reinstatement Order at ¶¶ 2-3.

22.	On March 1, 2022, the U.S. Trustee filed a letter with the Court indicating that it had decided not to file a motion for relief with respect to the Reinstatement Order [D.I. 1596].

23.	On March 7, 2022, TCC II filed a motion seeking modification of the Court's Reinstatement Order, requesting that TCC II be permitted to continue to exist [D.I. 1645].

24.	At a March 8, 2022 hearing, the Court issued a bench order extending the existence of both TCC I and TCC II through and including April 12, 2022. *See* Transcript of Proceedings Before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, March 8, 2022, District of New Jersey, Case No. 21-30589, at 18:19-21.

25.	On March 23, 2022, the Debtor filed its objection to TCC II's motion seeking modification of the Court's Reinstatement Order [D.I. 1836], primarily arguing that TCC II was not validly formed, and that the interests of mesothelioma claimants are adequately represented by the Original TCC in that mesothelioma claimants comprise 40% of the Original TCC. *Id.* at ¶¶ 3 through 8 (hereinafter "Debtor Objection").

26.	At a March 30, 2022 hearing, the Court denied TCC II's motion for modification of the Reinstatement Order, holding that TCC I and TCC II would be disbanded on April 12, 2022, and revert back to the Original Committee TCC. *See* Transcript of Proceedings Before The Honorable Michael B. Kaplan, United States Bankruptcy Judge, March 30, 2022, District of New Jersey, Case No. 21-30589, at 104:3-8.

27.	On March 31, 2022, the Court entered the Order [D.I. 1923] memorializing the ruling, denying the motion to authorize TCC II to continue to exist for purposes of pursuing appeals.

28. Pursuant to sections 105(a) and 1102(a)(4) of the Bankruptcy Code, Claimant seeks entry of the Proposed Order permitting Ms. Ellison to remain as a member of the Official Committee of Talc Claimants after TCC I and TCC II are disbanded on April 12, 2022.

### BASIS FOR RELIEF REQUESTED

29. Section 105 of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "This section has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

30. Section 1102(a)(4) of the Bankruptcy Code authorizes this Court to "order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure the adequate representation of creditors or equity security holders." 11 U.S.C. § 1102(a)(4).

31. At the time the Original TCC was formed, Judge Whitley, stated that the formation was "… ***without prejudice to consider this further either by me or by another court and to consider addition, deletions, changes, whatever is appropriate under the circumstances… and I may add one or two of you later on, maybe more, who knows***." *See* Transcript of Proceedings Before The Honorable J. Craig Whitley, United States Bankruptcy Judge, November 4, 2021, Western District of North Carolina, Charlotte Division, Case No. 21-30589, 62:2-63:9 (emphasis added).

32. Ms. Ellison's current participation as a member of TCC I and, moving forward, her participation as a member of the Original TCC subsequent to the April 12, 2022 disbandment of TCC I and TCC II, will ensure the adequate representation of creditors in this action.

33. Throughout the end of November and early December, Ms. Ellison was thoroughly vetted by the UST to be a member of the TCC. Following the vetting process, the UST chose Ms. Ellison as an appropriate representative of the interests of creditors. *See* UST Notice [D.I. 965-1].

34. With the addition of Ms. Ellison, TCC I more adequately represented the interests of Claimants. Prior to the addition of Ms. Ellison, no member of the original TCC was a resident of New Jersey, even though the bankruptcy is currently pending in New Jersey, the underlying Multi-District Litigation is pending in New Jersey, and hundreds of additional claimants have lawsuits filed in the Superior Court of New Jersey.

35. The addition of Ms. Ellison also more adequately aligns committee membership with the population of claimants. As has been previously noted, 40% of the Original TCC is comprised of mesothelioma claimants, notwithstanding that mesothelioma claimants comprise only 1% of the talc claims pending against the Debtor. *See* Debtor Objection at ¶ 8. The addition of Ms. Ellison appropriately increases the number TCC members diagnosed with ovarian cancer.

36. Finally, the addition of Ms. Ellison, an African American woman, helps to further diversify the TCC, which only includes two minority women. This is particularly significant given Debtor's marketing efforts that specifically targeted minorities. For example, in a 1980s advertisement, Debtor featured images of a black family with the tag line "Everyone, including the man of the house, will enjoy the fresh, clean feeling of pure JOHNSON'S Baby Powder."

Similarly, in and around 2006, Debtor directed its marketing efforts towards African American women, contracting with a North Carolina marketing firm that specialized in "ethnic consumers", concluding that the "right place" to focus advertising was in areas of higher African American populations.[2] Debtor was responsible for the distribution of samples of its talcum powder products to African American churches and beauty salons in African American neighborhoods. *Id.* In 2010, Debtor launched a radio advertisement campaign aiming to reach "women 18-49 Skewing African American." *Id.* the campaign was approved for use "with those general market stations that have good Hispanic reach and good [African American] reach." *Id.*

37. Since becoming a member of TCC I, Ms. Ellison and her counsel have worked tirelessly and collaboratively with other members of TCC I and their counsel. Ms. Ellison and her representatives were actively involved in decisions related to the Motion to Dismiss and Debtor's Preliminary Injunction Motion, participating in deliberations to ensure the motions were litigated in a manner that would have the greatest likelihood of success for claimants. The efforts put forth by Ms. Ellison and TCC I have resulted in consensual agreements on appointment of a future claims representative as well as co-mediators, among other things.

38. Lastly, Ms. Ellison's appointment and ability to continue as a member of the TCC will minimize any further disruption to these ongoing proceedings. Minimizing disruption of any such efforts moving forward inures to the benefit of all claimants and helps to ensure the adequate representation possible.

---

[2] *See* Special Report: As Baby Powder concerns mounted, J&J focused marketing on minority, overweight women; https://www.reuters.com/article/us-johnson-johnson-marketing-specialrepo/special-report-as-baby-powder-concerns-mounted-jj-focused-marketing-on-minority-overweight-women-idUSKCN1RL1JZ. (Last visited Jan. 8, 2022).

## CONCLUSION

39. For all the foregoing reasons, Ms. Ellison respectfully requests that the Court enter an order permitting Ms. Ellison to remain as a member of the Official Committee of Talc Claimants after the Official Committee of Talc Claimants I and Official Committee of Talc Claimants II are disbanded on April 12, 2022.

Dated:  April 4, 2022

                                            GREENBAUM, ROWE, SMITH & DAVIS LLP

                                            Counsel for Claimant Shirleeta Ellison

                                            By:  */s/ Nancy Isaacson*

                                                  Nancy Isaacson