**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 |
| Debtor. | Judge: Michael B. Kaplan |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER WAIVING
THE REQUIREMENT OF RULE 3003-1(a)(2) OF THE LOCAL RULES
OF THE UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

The above-captioned debtor (the "Debtor") moves the Court for the entry of an

order waiving the requirement of Rule 3003-1(a)(2) of the Local Rules of the United States

Bankruptcy Court District of New Jersey (the "Local Bankruptcy Rules"), without prejudice to

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1528990041

the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim, including by governmental units. In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

2. The statutory predicates for the relief requested herein are sections 105 and 502(b)(9) of the Bankruptcy Code, Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 1001-1(b).

### Background

3. On October 14, 2021 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina (the "NC Bankruptcy Court"). On November 16, 2021, the NC Bankruptcy Court entered an order transferring the case to the District of New Jersey, which referred the case to this Court.

4. A comprehensive description of the Debtor, its history, its assets and liabilities, and the events leading to the commencement of this chapter 11 case can be found in the declaration of John K. Kim [Dkt. 5], which was filed on the Petition Date. In addition to the First Day Declaration, the Debtor filed an Informational Brief [Dkt. 3] to provide additional

information about its talc litigation, related costs, and plans to address these matters in this chapter 11 case (the "Chapter 11 Case").

5.  On November 8, 2021, the NC Bankruptcy Court entered an order [Dkt. 355] appointing the Official Committee of Talc Claimants (the "Talc Committee").[2] On March 18, 2022, this Court entered an order [Dkt. 1786] appointing Randi S. Ellis as the legal representative of future talc claimants (the "FTCR").

6.  On November 22, 2021, the Debtor served the *Notice of Commencement of Chapter 11 Case and Meeting of Creditors* [Dkt. 544] (the "341 Notice"). The 341 Notice provided that (a) the Debtor intended to seek relief from Local Bankruptcy Rule 3003-1(a)(1), including seeking to modify the deadline for filing proofs of claim, (b) no bar date had yet been established for the filing of proofs of claim and (c) if and when a bar date is established, a separate notice of the bar date will be provided.

7.  On December 21, 2021, the Debtor filed the *Motion of the Debtor for Entry of an Order Waiving the Requirement of Rule 3003-1(a)(1) of the Local Rules of the United States Bankruptcy Court District of New Jersey* [Dkt. 934]. On January 13, 2022, the Court entered an order granting the Debtor's motion [Dkt. 1129]. That order, however, did not apply to the deadlines for filing proofs of claim applicable to governmental units set forth in Local Bankruptcy Rule 3003-1(a)(2). Id. at ¶ 2.

---

[2] On December 23, 2021, the United States Trustee for the District of New Jersey (the "U.S. Trustee") filed a notice [Dkt. 965] ("Amended Notice") that purported to form two new committees, the Official Committee of Talc Claimants I ("TCC I") and the Official Committee of Talc Claimants II ("TCC II"). On January 26, 2022, the Court entered an order [Dkt. 1273] striking the Amended Notice and reinstating the Talc Committee as of March 9, 2022. Subsequently, the Court authorized the continuance of TCC I and TCC II until April 12, 2022. The Court recently denied a request to further continue the existence of TCC I and TCC II and, as a result, the Talc Committee is set to be reinstated on April 12, 2022.

**Relief Requested**

8.    By this Motion, the Debtor seeks the entry of an order, pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(3) and Local Bankruptcy Rule 1001-1(b), waiving the requirement of Local Bankruptcy Rule 3003-1(a)(2), without prejudice to the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim, including by governmental units.[3]  The Debtor intends to seek to establish a bar date for governmental units following the conclusion of its mediation efforts with representatives of talc claimants and various states.

**Basis for Relief Requested**

9.    Pursuant to Bankruptcy Rule 3003(c)(3), "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Section 502(b)(9) of Bankruptcy Code specifies "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief *or such later time as the Federal Rules of Bankruptcy Procedure may provide*."  11 U.S.C. § 502(b)(9) (emphasis added).  Local Bankruptcy Rule 3003-1(a)(2) provides that governmental units "*must*" file a proof of claim or interest no "later than 180 days after the date of the order for relief."  D.N.J. LBR 3003-1(a)(2) (emphasis added).  Local Bankruptcy Rule 1001-1(b), however, expressly authorizes the Court to "modify the application of a Local Bankruptcy Rule in a particular case or proceeding."  D.N.J. LBR 1001-1(b).  Further, pursuant to section 105(a)

---

[3]    In addition to this Motion, the Debtor will be filing an application and proposed order shortening the notice period for the Motion, as well as a bridge order to extend the period for governmental units to file proofs of claim through and including the date on which the Court enters an order with respect to the relief requested in this Motion and the application to shorten notice.

-4-

of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

10. The Debtor respectfully submits that waiver of the requirement of Local Bankruptcy Rule 3003-1(a)(2) is appropriate. The Debtor anticipates that it will shortly be engaging in settlement discussions with certain states that are conducting investigations or have commenced lawsuits related to the talc products of the Debtor's predecessor and Johnson & Johnson. In particular, the Debtor recently has confirmed that various states that have initiated investigations or proceedings based on alleged unfair business practices and consumer protection violations, including Arizona, Maryland, Mississippi, North Carolina, Texas, and Washington, have agreed to stay their proceedings or investigations and engage in mediation efforts with the Debtor. In total, 42 states (collectively, the "Mediating States") have joined these efforts in an attempt to resolve potential claims. Counsel to the ad hoc committee of the Mediating States has requested that the Debtor seek the relief requested herein, and the Debtor has agreed.

11. Absent a waiver of Local Bankruptcy Rule 3003-1(a)(2), governmental units would be subject to the deadline set by the Local Bankruptcy Rule, without Court approval of a claim form customized for this Chapter 11 Case, or procedures for submitting claims or for providing notice to parties. The relief requested by this Motion, if granted, will permit the Debtor to engage in settlement discussions with the ad hoc committee of the Mediating States (and representatives of talc claimants) without the Mediating States and other governmental authorities having to file proofs of claim before such discussions conclude, while permitting the Debtor at a later date to seek the establishment of one or more bar dates tailored for this Chapter 11 Case. The Debtor intends to seek an order from the Court fixing the time for the

filing of proofs of claim, including by governmental units, following the conclusion of its mediation efforts with representatives of talc claimants and the Mediating States.

12. For the foregoing reasons, the Debtor respectfully submits that relief from the requirements of Local Bankruptcy Rule 3003-1(a)(2) is appropriate.

## Waiver of Memorandum of Law

13. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies on is incorporated herein and the Motion does not raise any novel issues of law.

## Notice

14. Notice of this Motion has been provided to (a) the U.S. Trustee; (b) counsel to TCC I; (c) counsel to TCC II; (d) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Consumer Inc. and Johnson & Johnson; (e) the FTCR and her counsel; (f) the fee examiner appointed in this Chapter 11 Case and his counsel; and (g) any other party entitled to notice. The Debtor respectfully submits that no further notice is required.

## No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other court in connection with the Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) waiving the requirement of Local Bankruptcy Rule 3003-1(a)(2), without prejudice to the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim, including by governmental units; and (b) granting such other and further relief to the Debtor as the Court may deem just and proper.

Dated: April 5, 2022

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*