| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)** | |
| **TRIF & MODUGNO LLC**<br>Louis Modugno<br>89 Headquarters Plaza<br>North Tower, Suite 1201<br>Morristown, New Jersey 07960<br>lmodugno@tm-firm.com<br><br>**KATTEN MUCHIN ROSENMAN LLP**<br>Steven J. Reisman<br>Shaya Rochester (*admitted pro hac vice*)<br>Terence P. Ross (*admitted pro hac vice*)<br>575 Madison Avenue<br>New York, New York 10022<br>sreisman@katten.com<br>srochester@katten.com<br>tross@katten.com<br><br>**MENDES & MOUNT LLP**<br>Eileen McCabe (*admitted pro hac vice*)<br>Stephen Roberts (*admitted pro hac vice*)<br>750 Seventh Avenue<br>New York, New York 10019<br>eileen.mccabe@mendes.com<br>stephen.roberts@mendes.com<br><br>*Attorneys for the New Jersey Coverage Action Plaintiff-Insurers[1]* | Stephen V. Gimigliano<br>John Maloney<br>Robin Rabinowitz<br>**GIMIGLIANO MAURIELLO & MALONEY**<br>A Professional Association<br>163 Madison Avenue, Suite 500<br>P.O. Box 1449<br>Morristown, New Jersey 07962-1449<br>(973) 946-8360<br><br>Andrew T. Frankel<br>Kathrine A. McLendon (*pro hac vice*)<br>**SIMPSON THACHER & BARTLETT LLP**<br>425 Lexington Avenue<br>New York, New York 10017<br>(212) 455-2000<br><br>*Counsel to Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)* |
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>                             Debtor.[2] | Chapter 11<br><br>Case No. 21-30589 (MBK) |

---

[1] Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company ("North River"); Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company);N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and Rheinland Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen) (collectively, the "Plaintiff-Insurers").

1

**ORDER REGARDING MOTIONS OF NEW JERSEY COVERAGE ACTION PLAINTIFF-INSURERS AND TRAVELERS CASUALTY AND SURETY COMPANY TO ALLOW NEW JERSEY COVERAGE ACTION TO PROCEED**

The relief set forth on the following pages, numbered three (3) through four (4), is hereby

**ORDERED.**

---

[2] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Regarding Motions of New Jersey Coverage Action Plaintiff Insurers and Travelers Casualty and Surety Company to Allow New Jersey Coverage Action to Proceed

Upon consideration of (a) *New Jersey Coverage Action Plaintiff-Insurers' Motion for an Order (I) Confirming that the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief from the Automatic Stay to Allow the New Jersey Coverage Action to Proceed* [Dkt. 1491] (the "Plaintiff-Insurers' Motion"),[3] filed on February 15, 2022, pursuant to 11 U.S.C. § 362, Federal Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1, and the supporting *Declaration of Shaya Rochester in Support of New Jersey Coverage Action Plaintiff-Insurers' Motion for an Order (I) Confirming that the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief from the Automatic Stay to Allow the New Jersey Coverage Action to Proceed* and its attached exhibits, (b) *Travelers Casualty and Surety Company's Motion for an Order Granting Relief From the Automatic Stay to Allow the NJ Coverage Action to Proceed* [Dkt. 1488] (the "Travelers Motion", and together with the Plaintiff-Insurers' Motion, the "Motions");[4] and (c) the objections to the Motions filed by TCC I [Dkt. 1738] the Debtor [[Dkt. 1739]; this Court having jurisdiction over the relief requested in the Motions pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested in the Motions being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motions having been provided, and it appearing that no other or further notice need be provided under the circumstances; and the Court having considered the statements of counsel with respect

---

[3] Republic Indemnity Company of America, a party in the New Jersey Coverage Action, joined the relief requested in the Plaintiff-Insurers' Motion.
[4] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motions.

to the Motions at a hearing before the Court (the "Hearing"); the Court having determined to adjourn the Motions until a hearing on June 14, 2022 for the reasons set forth on the record at the Hearing; and the Plaintiff-Insurers and Travelers having consented to such adjournment;

**IT IS HEREBY ORDERED THAT:**

1. The Motions are adjourned to a hearing on June 14, 2022 at 10:00 a.m. (prevailing Eastern time).

2. On or before June 7, 2022, each of the Debtor, TCC I, the Plaintiff-Insurers, and Travelers is authorized (but not required) to file with the Court a written submission to address whether the Court should take further action with respect to the Motions and the automatic stay; *provided*, however, that the parties are not required to submit any additional briefing.

3. This Court shall retain jurisdiction with respect to the implementation and interpretation of this Order.