Suzanne C. Midlige, Esq.
COUGHLIN MIDLIGE & GARLAND LLP
P.O. Box 1917
350 Mount Kemble Avenue
Morristown, New Jersey 07962-1917
Tel: (973) 267-0058
Fax: (973) 267-6442
E-mail: smidlige@cmg.law
*Attorneys for Arrowood Indemnity Company*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>        Debtors. | Chapter 11<br><br>Case No. 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan |

**ARROWOOD INDEMNITY COMPANY'S JOINDER IN TRAVELERS CASUALTY & SURETY COMPANY'S MOTION FOR AN ORDER ADDING TRAVELERS AS A MEDIATION PARTY OR, IN THE ALTERNATIVE, MODIFYING THE MEDIATION PROTOCOL**

Arrowood Indemnity Company ("Arrowood") hereby joins Travelers Casualty & Surety Company's ("Travelers") motion to be added as a Mediation Party or, in the alternative, modifying the Mediation Order (the "Travelers Motion," Dkt. No. 1900).

As grounds for this joinder, Arrowood adopts and incorporates the arguments set forth in the Travelers Motion as if fully set forth here, and also states as follows:

Arrowood, along with Travelers and other insurers, is a party to an insurance coverage action in New Jersey state court captioned *Atlanta Int'l Ins. Co., et al. v. Johnson & Johnson, et al.*, MID-L-3563-19 (Law Div.) (the "Coverage Action"). The Coverage Action seeks declaratory relief resolving disputes arising from demands by J&J and Johnson &

1

Johnson Consumer, Inc. ("Old JJCI," and collectively with J&J, the "J&J Defendants") for insurance coverage for talc-related bodily injury claims. Arrowood believes that it would be appropriate and preferable for all insurance coverage disputes relating to talc-related bodily injury claims against the J&J Defendants (and now LTL), to be resolved in the Coverage Action, either by litigation or by mediation under the auspices of the state court presiding over the Coverage Action. Nonetheless, Arrowood requests to be designated as a Mediation Party along with Travelers and any other insurers who make a similar request.

In addition, Arrowood joins in Travelers' request that the Mediation Order be modified to remove any restrictions that would bar Debtor, Old JJCI, or J&J from disclosing, to Arrowood and other insurers, information related to, or exchanged in, the mediation in this bankruptcy case relating to possible settlement of the talc bodily injury claims against the J&J Defendants or LTL. Such disclosure of information is actually required by the cooperation provisions in, or incorporated in, the insurance policies issued by Arrowood. Debtor has essentially invited this Court to grant it, and the J&J defendants, judicial authorization to breach the terms of the insurance policies from which Debtor and the J&J Defendants seek insurance coverage. LTL and the J&J Defendants are contractually obligated to assist and cooperate with Arrowood in the defense, investigation, and settlement of claims, and no mediation order should preclude LTL or the J&J Defendants from complying with those contractual obligations. The Court should therefore modify the mediation order, as requested by Travelers, so that all insurers' contractual rights are respected and preserved.

2

WHEREFORE, Arrowood requests that the Court grant the relief requested herein and in the Travelers Motion.

    Respectfully submitted,

    COUGHLIN MIDLIGE & GARLAND LLP
    *Attorneys for Arrowood Indemnity Company*

    By: <u>Suzanne C. Midlige</u>
    SUZANNE C. MIDLIGE, ESQ.

DATE: April 6, 2022