**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

Order Filed on April 6, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date:**<br>March 30, 2022 at 10:00 a.m. |

# ORDER AUTHORIZING RETENTION OF
# ORRICK, HERRINGTON & SUTCLIFFE LLP AS SPECIAL
# APPELLATE COUNSEL, EFFECTIVE AS OF OCTOBER 14, 2021

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: April 6, 2022**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1527253191

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Orrick, Herrington & Sutcliffe LLP as Special Appellate Counsel, Effective as of October 14, 2021

Upon the applicant's, LTL Management LLC (the "<u>Debtor</u>"), request for authorization to retain Orrick, Herrington & Sutcliffe LLP ("<u>Orrick</u>") as special appellate counsel to the Debtor, effective as of October 14, 2021, it is hereby **ORDERED**:

1. The Application is Granted in its entirety as set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Orrick as its special appellate counsel in the Chapter 11 Case to provide the services described in the Application effective as of October 14, 2021.

3. Orrick shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures.  The rights of all parties in interest with respect to any such fee requests are fully preserved.

4. If the professional requested a waiver as noted below, it is  ☐ Granted   ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5. Orrick shall bill only 50% for its services for non-working travel.

6. Orrick shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Orrick's fee applications in this case.

7. Orrick will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>").

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Orrick, Herrington & Sutcliffe LLP as Special Appellate Counsel, Effective as of October 14, 2021

8. Orrick will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

9. Orrick shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

10. All parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J.

11. Notwithstanding anything to the contrary in the Standard Terms of Engagement attached to the Engagement Letter, the third paragraph of section 6 of the Standard Terms of Engagement attached to the Engagement Letter shall have no force and effect during the pendency of the Chapter 11 Case.

12. Notwithstanding anything to the contrary in section 11 of the Standard Terms of Engagement attached to the Engagement Letter, the Bankruptcy Court shall hear and adjudicate any fee disputes arising between Orrick and the Debtor during the pendency of the Chapter 11 Case.

13. To the extent that any party-in-interest including any official committee(s) of talc claimants appointed in this Chapter 11 Case (the "Committee"), and the U.S. Trustee, discovers any facts or circumstances indicating that Orrick's retention under section 327(e) of the Bankruptcy Code is not appropriate, Orrick holds or represents an interest adverse to the Debtor or its estate with respect to the matters for which Orrick is retained, or Orrick is acting outside the scope of the matters for which it was retained, the right of any party-in-interest, the Committee and the U.S. Trustee to seek at that time any appropriate relief is fully preserved.