| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>KENNEDYS CMK LLP<br>Heather E. Simpson<br>120 Mountain View Boulevard<br>P.O. Box 650<br>Basking Ridge, New Jersey 07920<br>Telephone No.:  (908) 848-6300<br>Fax No.:  (908) 647-8390<br>heather.simpson@kennedyslaw.com<br><br>*Attorneys for TIG Insurance Company and Everest Reinsurance Company* | Case No.:  21-30589(MBK)<br><br>Chapter 11<br><br>Honorable Michael B. Kaplan |
| In Re:<br><br>    LTL Management LLC,<br><br>        Debtor. | |

**JOINDER OF TIG INSURANCE COMPANY AND EVEREST REINSURANCE COMPANY TO TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION FOR AN ORDER ADDING TRAVELERS AS A MEDIATION PARTY OR, IN THE ALTERNATIVE, MODIFYING THE MEDIATION PROTOCOL**

TIG Insurance Company ("TIG")  and Everest Reinsurance Company ("Everest"), parties in the lawsuit, *Atlanta International Insurance Company, et al. v. Johnson & Johnson, et al.*, Case No. MID-L-003563-19, currently pending in the Superior Court of New Jersey (the "New Jersey Coverage Action"), hereby file this joinder (the "Joinder") to *Travelers Casualty and Surety Company's Motion for an Order Adding Travelers as a Mediation Party or, in the Alternative, Modifying the Mediation Order* [Docket No. 1900] (the "Mediation Motion").  In support of the Joinder, TIG and Everest, as Interested Parties herein, respectfully state as follows:

## JOINDER

1. TIG and Everest are parties to the New Jersey Coverage Action with respect to their potential coverage obligations, if any, for talc claims under multiple policies of insurance issued to Johnson & Johnson ("J&J"). ¶ 17.

2. On March 30, 2022, the Court heard argument on *Travelers Casualty and Surety Company's Motion for an Order (i) Confirming That The Automatic Stay Does Not Apply To The New Jersey Coverage Action Or, In The Alternative, (ii) Granting Relief From The Automatic Stay To Allow The New Jersey Coverage Action To Proceed* [Docket No. 1491] (the "Lift Stay Motion"). After hearing argument, the Court carried the Lift Stay Motion to June 14, 2022. As a result of the Court's decision to carry the Lift Stay Motion, the New Jersey Coverage Action remains effectively stayed.

3. Meanwhile, as detailed in the Mediation Motion, any resolution reached by J&J through mediation can impact the rights and obligations of J&J's Insurers, including TIG and Everest. Accordingly, TIG and Everest join in the relief requested in the Mediation Motion, as and to the extent set forth herein.

3. TIG and Everest join the relief sought in Section I of the Mediation Motion and respectfully request that each be included as a "Mediation Party" under this Court's *Order Establishing Mediation Protocol* [Docket No. 1780] (the "Mediation Order").

4. TIG and Everest also join in the arguments and the alternative relief sought in Section II of the Mediation Motion. For the reasons set forth in the Mediation Motion, the Mediation Order should: (a) not prevent disclosure to TIG and Everest or discovery of discussions and documents reflecting or relating to any proposed trust distribution procedures, the valuation, qualification, or payment of any talc-related claims, or provisions in any Chapter 11 plan or related

documents; (b) not prevent disclosure to TIG and Everest or discovery of discussions and documents relating to TIG and Everest or any other insurer of the Debtor or J&J that could impact the Insurers' rights, defenses, or obligations in this Chapter 11 case or in any insurance coverage action; and (c) clarify that nothing in the mediation shall increase, impair, or otherwise impact the rights, defenses, or obligations of TIG and Everest, the Debtor or J&J under any insurance contract issued to J&J or any of its subsidiaries or affiliates.

5. TIG and Everest reserve all rights with respect to the Mediation Motion, including the right to supplement this Joinder and to raise additional arguments before or at the hearing to consider the relief herein sought. TIG and Everest further reserve all rights under their policies and at law.

## CONCLUSION

WHEREFORE, for the foregoing reasons, TIG and Everest respectfully request that the Court grant the relief requested herein and in the Mediation Motion.

Dated: April 11, 2022

*/s/ Heather E. Simpson*
Heather E. Simpson
**KENNEDYS CMK LLP**
120 Mountain View Boulevard
Basking Ridge, New Jersey 07920
Heather.simpson@kennedyslaw.com
*Attorneys for Interested Parties TIG Insurance Company and Everest Reinsurance Company*