# HOULIHAN LOKEY

*Personal and Confidential*

March [25], 2022

The Official Committee (the "Committee") of Talc Claimants I
of LTL Management LLC (the "Debtor")
in care of the Co-Chairs of the Committee

Michelle Parfitt, Esq., as specifically authorized by committee co-chair Rebecca Love
c/o Ashcraft & Gerel, LLP
1825 K Street, NW, Suite 700
Washington, DC 20006

Leigh O'Dell, Esq., as specifically authorized by committee co-chair Alishia Landrum
c/o Beasley Allen Law Firm
PO Box 4160
Montgomery, AL 36103

James Onder, Esq., as specifically authorized by committee co-chair Darlene Evans
c/o OnderLaw, LLC
110 East Lockwood Avenue
St. Louis, MO 63119


Dear Ladies and Gentlemen:

Reference is hereby made to that certain letter agreement between the Committee and Houlihan Lokey Capital, Inc., dated as of December 17, 2021 (the "Agreement"). Pursuant to the second paragraph of Section 3 of the Agreement, the parties hereby agree to modify and amend the Agreement in the following limited respects:

1. Section 3(i) of the Agreement ("Monthly Fees") is hereby amended as follows:

    a) "$300,000" in romanette (ii) of Section 3(i) shall be replaced with "$200,000".
    b) The following is hereby added to the end of Section 3(i):

    Beginning with the Monthly Fee corresponding to the month starting on October 17th, 2022, 50% of the Monthly Fees received by Houlihan Lokey and approved by the final order of the Bankruptcy Court shall be credited against the Deferred Fee (as defined below) to which Houlihan Lokey becomes entitled hereunder (it being understood and agreed that no Monthly Fee shall be credited more than once), except that, in no event, shall such Deferred Fee be reduced below zero; and

2. A new Section 3(ii) is hereby inserted as follows:

As of March [23], 2022
Page 2

    *(ii)*    *Deferred Fee*:  In addition to the other fees provided for herein, the Debtor shall pay Houlihan Lokey a fee (the "Deferred Fee") to be paid in cash of $5,000,000.  The Deferred Fee shall be earned and payable upon the consummation of a Chapter 11 plan of reorganization with respect to the Debtor.

3. The second paragraph of Section 3 (beginning with, "At any time after the fourth monthly anniversary of the Effective Date") is hereby deleted.

4. The following paragraph is hereby added at the end of Section 4 of the Agreement:

In addition, notwithstanding the expiration or termination of this Agreement, Houlihan Lokey shall be entitled to full payment by the Debtor of the Deferred Fee described in this Agreement so long as the conditions set forth in Section 3(ii) hereunder causing such Deferred Fee to be due and payable are satisfied during the term of this Agreement or after termination of this Agreement.

Undefined capitalized terms used in this letter shall have the meanings ascribed thereto in the Agreement. Except as expressly amended hereby, all terms and provisions of the Agreement are hereby ratified and confirmed in all respects and shall remain in full force and effect in accordance with the terms thereof. To the extent any provision of the Agreement is inconsistent with this letter, this letter shall control. From and after the date hereof, each reference in the Agreement to "this Agreement," "hereunder," "hereof" or words of like import shall mean and be a reference to the Agreement, as amended hereby.

This letter and all controversies arising hereunder or relating hereto will be governed by, and construed and enforced in accordance with, the laws of the State of New York without regard to principles of conflicts of laws.

This letter shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective successors and assigns, and may be amended only by a written instrument signed by the parties.

This letter may be executed in any number of counterparts, each of which will be deemed an original and all of which will constitute one and the same instrument. Such counterparts may be delivered by one party to the other by facsimile or other electronic transmission, and such counterparts shall be valid for all purposes.

Very truly yours,

**HOULIHAN LOKEY CAPITAL, INC.**

By: _____
**Saul E. Burian
Managing Director**

Accepted and agreed to as of the Effective Date:

**OFFICIAL COMMITTEE OF TALC
CLAIMANTS OF LTL MANAGEMENT, LLC**

By: _____, **Co-Chair of the Committee**

By: _____, **Co-Chair of the Committee**

By: _____, **Co-Chair of the Committee**