UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**Order Filed on April 12, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Case No.:            _____

Chapter:             _____

Hearing Date:        _____

Judge:               _____

# AMENDED ORDERORDER AUTHORIZING RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS I

The relief set forth on the following pages, is **ORDERED**.

**DATED: April 12, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Matthew I.W. Baker, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> mbaker@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ  07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Local Counsel to Official Committee of Talc Claimants I* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Robert J. Stark, Esq. <br> Jeffrey L. Jonas, Esq. <br> Michael Winograd, Esq. <br> dmolton@brownrudnick.com <br> rstark@brownrudnick.com <br> jjonas@brownrudnick.com <br> mwinograd@brownrudnick.com <br> Seven Times Square <br> New York, NY  10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> and <br><br> Sunni P. Beville, Esq. <br> sbeville@brownrudnick.com <br> One Financial Center <br> Boston, MA  02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants I* |
| **PARKINS LEE & RUBIO LLP** <br> Leonard M. Parkins, Esq. <br> Charles M. Rubio, Esq. <br> lparkins@parkinslee.com <br> crubio@parkinslee.com <br> Pennzoil Place <br> 700 Milan St., Suite 1300 <br> Houston, TX  77002 <br> Tel: (713) 715-1666 <br> *Special Counsel for the* <br> *Official Committee of Talc Claimants I* | **OTTERBOURG PC** <br> Melanie L. Cyganowski, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> mcyganowski@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> 230 Park Avenue <br> New York, NY  10169 <br> Tel: (212) 905-3628 <br> Fax: (212) 682-6104 <br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants I* |

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>                      Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |

**ORDER AUTHORIZING RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS I**

      The relief set forth on the following page is **ORDERED**.

This Court, having considered (i) the *Amended Application for Retention of Gilbert LLP as Special Insurance Counsel for the Official Committee of Talc Claimants I* (the "Application") which supersedes all prior applications and (ii) the Amended *Certification of Kami E. Quinn in Support of Application for Retention of Gilbert LLP as Special Insurance Counsel to the Official Committee of Talc Claimants I* (the "Quinn Certification") and is of the opinion that Gilbert LLP ("Gilbert") does not hold or represent any interest adverse to the estates, that Gilbert is a disinterested person within the definition of 11 U.S.C. § 101(14), that Gilbert's employment is in the best interest of the Official Committee of Talc Claimants I (the "TCC I") (for the period of February 23, 2022 through April 12, 2022) and the Official Committee of Talc Claimants ("TCC 0") (for the period after April 12, 2022), as applicable (the "Committee")[1], and that no further hearing on the Application is required. Upon the applicant's request for authorization to retain Gilbert as Special Insurance Counsel to the Committee, it is hereby ORDERED:

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the Committee is authorized and empowered to employ and retain, and the Debtor is authorized to compensate and reimburse Gilbert as special insurance counsel during the noted periods in the above-captioned chapter 11 case upon the terms and conditions set forth in the Application.

3. The scope of Gilbert's retention will not include any dispute that may arise between Imerys Talc America, Inc. and LTL with respect to each entity's respective rights to proceeds under the policies.

4. To the extent that the Committee, the Imerys Committee or the Imerys Future Claimants' Representative determines that a conflict has arisen with respect to the Shared Coverage as defined in the

---

[1] The defined term the "Committee" shall reference TCC I for the period prior to April 12, 2022 and TCC 0 for the period after April 12, 2022. For the avoidance of doubt, nothing in this Order shall limit or restrict TCC 0's right to determine whether to continue with, or terminate, the retention of professionals retained by TCC I, including Gilbert.

Application, then upon notice to Gilbert, Gilbert shall no longer represent the Committee with respect to the Shared Coverage but shall continue to represent the Imerys Committee and Imerys Future Claimants' Representative. In such circumstances, the Committee has the right to seek to retain separate special insurance counsel with regard to the Shared Coverage.

5. Gilbert shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

6. Gilbert shall apply for compensation in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, this Order and any applicable orders of this Court. Gilbert's services are subject to the standard of review set forth in section 330 of the Bankruptcy Code.

7. Gilbert is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applications as approved by this Court.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Committee and Gilbert are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The Court retains jurisdiction with respect to all matters arising from our related to the implementation of this Order.

11. The applicant is authorized to retain the above party in the professional capacity noted.

   The professional's address is:

   700 Pennsylvania Ave, SE
   Suite 400
   Washington, DC  20003

12. Compensation will be paid in such amounts as may be allowed by the Court on proper application(s).

13. At least ten (10) days before implementing any increases in Gilbert's rates for professionals in this

case, Gilbert shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

14. Gilbert will only bill 50% for non-working travel and shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Gilbert's fee applications in this case.

15. Gilbert agrees to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

16. Gilbert will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

17. Gilbert shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

18. If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

    ☒ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

19. The effective date of retention is February 23, 2022._____.

Case 21-30589-MBK    Doc 2077    Filed 04/12/22    Entered 04/12/22 13:23:06    Desc Main
Document    Page 7 of 7