|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**OFFIT KURMAN, P.A.**<br>Paul J. Winterhalter, Esquire (006961986)<br>99 Wood Avenue South, Suite 302<br>Iselin, New Jersey 08830<br>Telephone:     (267) 338-1370<br>Facsimile:       (267) 338-1335<br>E-mail:           pwinterhalter@offitkurman.com<br><br>**KTBS LAW LLP**<br>Michael L. Tuchin, Esq. (*pro hac vice*)<br>Robert J. Pfister, Esq. (*pro hac vice*)<br>Samuel M. Kidder, Esq. (*pro hac vice*)<br>Nir Maoz, Esq. (*Pro Hac Vice*)<br>1801 Century Park East, 26th Floor<br>Los Angeles, California 90067<br>Telephone:     (310) 407-4000<br>Facsimile:       (310) 407-9090<br>Email:            mtuchin@ktbslaw.com<br>                      rpfister@ktbslaw.com<br>                      skidder@ktbslaw.com<br>                      nmaoz@ktbslaw.com<br><br>*Attorneys for Aylstock, Witkin, Kreis & Overholtz, PLLC* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                                        Debtor. | Chapter 11<br><br>Case No.:  21-30589 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date & Time:**<br>May 4, 2022 at 10:00 a.m. |

**SUPPLEMENTAL STATEMENT OF AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC IN SUPPORT OF MOTION FOR AN ORDER REGARDING THE COMPOSITION OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

Consistent with the colloquy on the record at the April 12, 2022 omnibus hearing, Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") respectfully submits this supplemental

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

statement in further support of its *Motion for an Order Regarding the Composition of the Official Committee of Talc Claimants* [Docket No, 2029] (the "AWKO Motion").[2]

1.  The AWKO Motion describes how procedural disputes have overshadowed and masked the underlying substantive question of whether the Committee that was preliminarily constituted by the North Carolina court is adequately representative of the tort creditor body in this case. *See generally* AWKO Mot. at 2–7 (describing the history of the Committee and the arguments that have been made throughout this case as to its composition, and concluding that "throughout this saga, **no one** – not the Debtor, not the Bankruptcy Administrator, not the UST, not the North Carolina court, and not this Court – has ever justified 40% representation of mesothelioma claimants on the Committee when the undisputed fact is that 99% of the tort creditors in this case are ovarian cancer claimants (approximately 38,000 in total) and only 1% are mesothelioma claimants (approximately 430 in total)." (emphasis in original)).

2.  In preliminary response to the AWKO Motion, the UST takes no position whatsoever on the substantive question of whether the Committee is adequately representative. *See Response of the United States Trustee to the Various Motions for Appointment to the Official Committee of Talc Claimants* [Docket No. 2062] ¶ 27 ("The U.S. Trustee is not taking a position on this issue …."). The Debtor, in turn, "submits that requests to change the membership of the TCC are premature," *Debtor's Preliminary Response to Motions to Alter Membership of the Official Committee of Talc Claimants* [Docket No. 2071] ("Debtor Response") at 3, but nonetheless reiterates the indisputable fact that mesothelioma claimants "are significantly overrepresented on the TCC," *id*. at 5.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the AWKO Motion.

2

3. If one group of claimants is ***over***-represented on the Committee, another group of claimants is necessarily ***under***-represented on the Committee. And underrepresentation is not "adequate representation," 11 U.S.C. § 1102(a)(2). True, some courts have fashioned elaborate, multi-factor tests under section 1102(a)(2). *See, e.g.*, Debtor Resp. at 3 (block-quoting a 10-factor test from *In re Park West Circle Realty, LLC*, 2010 WL 3219531, at *2 (Bankr. S.D.N.Y. 2010) – which includes as its last factor "any other relevant factors"). But even the cases setting out such tests recognize that the inquiry must be made "on a case-by-case basis, with no one factor being dispositive, both individually and in the aggregate." *Park West Circle Realty*, 2010 WL 3219531, at *3. At bottom, the determination is a practical one that this Court makes *de novo*. *See* AWKO Mot. at 8 (citing 7 COLLIER ON BANKRUPTCY ¶ 1102.07[2] (Richard Levin & Henry J. Sommer eds., 16th ed.)).

4. Here, the 88-to-1 disparity between ovarian cancer claims and mesothelioma claims is inescapable. Pointing that disparity out in no way denigrates the severity of the mesothelioma claims or diminishes the important contributions of the attorneys representing those claimants. And notwithstanding arguments that have been made concerning the relative "value" of mesothelioma claims versus ovarian cancer claims, *see generally Supplement to Motion of Claimant Brandi Carl Regarding the Composition of the Official Committee of Talc Claimants* [Docket No. 2126] (discussing these matters in detail and with appropriate nuance and context), the fact of the matter is that unliquidated tort claims are customarily allowed for voting purposes in the amount of $1 each. *See, e.g.*, *In re Imerys Talc Am., Inc.*, 2021 WL 4786093, at *11 (Bankr. D. Del. Oct. 13, 2021).

5. An imbalanced Committee runs the risk of a repeat of the *Imerys* case, in which settlements were reached that earmarked 40% of the funds solely for mesothelioma claimants.

*See id*. at *3.  That allocation was apparently acceptable to the committee in *Imerys* (on which mesothelioma claimants were overrepresented in proportion to their numbers in the creditor body generally), but it could not garner the necessary support of the broader tort creditor body and, accordingly, the proposed plan in *Imerys* failed – after great cost and delay.  AWKO respectfully submits that the best way to avoid a repeat of *Imerys* is for the Committee to be more adequately representative of the broader creditor body.

DATED:  April 19, 2022                             Respectfully submitted,

**OFFIT KURMAN, P.A.**

/s/ Paul J. Winterhalter
Paul J. Winterhalter
99 Wood Avenue South, Suite 302
Iselin, New Jersey 08830
Telephone:    (267) 338-1370
Facsimile:     (267) 338-1335
E-mail:          pwinterhalter@offitkurman.com

- and -

**KTBS LAW LLP**
Michael L. Tuchin (*pro hac vice*)
Robert J. Pfister  (*pro hac vice*)
Samuel M. Kidder (*pro hac vice*)
Nir Maoz (*pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Telephone:    (310) 407-4000
Facsimile:     (310) 407-9090
Email:           mtuchin@ktbslaw.com
                      rpfister@ktbslaw.com
                      skidder@ktbslaw.com
                      nmaoz@ktbslaw.com

*Attorneys for Aylstock, Witkin, Kreis & Overholtz, PLLC*