**Caption in Compliance with D.N.J. LBR** 9004-1(b)
E. Richard Dressel, Esquire (ED1793)
Lex Nova Law LLC
10 E. Stow Road, Suite 250 Marlton, NJ 08053
(856) 382-8211
rdressel@lexnovalaw.com

*Attorneys for Claimant Giovanni Sosa*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | : Case No. 21-30589 (MBK) |
|  | : |
|  | : Chapter 11 |
| LTL Management LLC, | : |
|  | : The Honorable Michael B. Kaplan, Chief Judge |
| Debtor. | : |
|  | : Hearing Date: May 4, 2022 @ 10:00 a.m. |

**SUPPLEMENT TO MOTION OF GIOVANNI SOSA FOR CONSIDERATION OF HIS APPOINTMENT TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

Now comes Giovanni Sosa, through his undersigned attorneys, and in conformance with this Honorable Court's Order of April 12, 2022, hereby supplements his previously-filed Motion for Entry of an Order Appointing Mr. Sosa to the Official Committee of Talc Claimants (the "Motion") [Dkt. 2041]. Giovanni Sosa hereby supplements the Motion as follows:

**PRELIMINARY STATEMENT**

In late December 2021, Giovanni Sosa ("Mr. Sosa" of "Claimant") was appointed by the U.S. Trustee to the Official Committee of Talc Claimants II ("TCCII") pursuant to Bankruptcy Code Section 1102(a)(1). After several meetings of TCCII attended by Mr. Sosa and his counsel, the Debtor moved to invalidate the U.S. Trustee's decision and dissolve the two committees. This Court granted Debtor's motion, and reinstated the Committee previously selected by the

1

Bankruptcy Administrator for the Western District of North Carolina, effective April 12[th,]. The effect of this ruling was to remove Mr. Sosa from serving on any official committee.

On April 10th Mr. Sosa sought relief from this Court seeking the entry of an Order directing that he be appointed to the soon-to-be reinstated Official Committee. To the extent that Claimant's motion may have requested relief in a procedurally irregular manner, Claimant now supplements his motion with an alternative claim for relief. Specifically, if this Court finds that it does not have the authority to directly appoint Mr. Sosa to the Claimants Committee, Mr. Sosa alternatively requests that the Court enter an order directing the United States Trustee to change the membership of the committee pursuant to 11 U.S.C. § 1102(a)(4) in order to secure adequate representation of claimants and creditors on he Committee. According to the United States Trustee's response to Claimant's original motion, the Trustee does not take issue with Claimant's challenge to the composition of the reinstated Committee, only to the manner of executing the relief sought.

## **JURISDICTION**

1. Pursuant to 28 U.S.C. § 1334, and applicable orders of the United States District Court for the District of New Jersey issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this matter.

## **HISTORY AND RELEVANT FACTS**

2. On October 14, 2021, LTL Management LLC[3] ("Debtor"), filed a voluntary petition for chapter 11 relief in the United States Bankruptcy Court for the Western District of North Carolina (the "NC Court"). [Dkt. 1].

3. On October 28, 2021, the United States Bankruptcy Administrator ("BA") filed a *Motion to Appoint an Official Committee of Talc Claimants* ("BA's Committee Motion"). [Dkt. 227]. Mr. Sosa was not named in the BA's Committee Motion.

4. On November 8, 2021, the NC Court entered an *Order Appointing the Official Committee of Talc Claimants* ("NC Committee Order"), which appointed the Original Committee, comprising the eleven members proposed by the BA. [Dkt. 355]. The NC Committee Order stated the BA's Committee Motion was granted "without prejudice to further consideration of the Response Seeking Additions and the Composition/Timing Objections by this or any Court with jurisdiction." *See id*.

5. On November 16, 2021, the NC Court entered an *Order Transferring Case to the District of New Jersey*. [Dkt. 416].

6. On December 23, 2021, after assessment and interviews of Mr. Sosa and several other committee candidates, the U.S. Trustee filed the *Notice of Filing of Reconstituted and Amended: (i) Notice of Appointment of Official Committee of Talc Claimants I; and (ii) Notice of* creating two separate committees. [Dkt. 965]. This order appointed Mr. Sosa to TCCII. [Dkt. 965-2].

7. Mr. Sosa is a Canadian citizen residing in Regina, Saskatchewan. He is the assistant manager of the Regina Soccer Association and has been exposed to J & J talc since birth, both as a baby and throughout his athletic career. As a lifelong soccer player, he would constantly and generously apply baby powder after showers, in his shoes, and in his clothes to prevent chafing. He was diagnosed with malignant mesothelioma on November 25, 2020. He is twenty-one years of age and attending university in Saskatchewan.

8. Mr. Sosa is the only foreign claimant appointed to any of the previously constituted committees. Debtor was the largest world-wide manufacturer and supplier of baby powder for many decades, and it is estimated that there are thousands of victims exposed to Johnson & Johnson personal talc products outside the United States. Indeed, Johnson & Johnson reported greater non-U.S. sales of its personal products than domestic sales in its SEC filings the past three years[1].

9. Mr. Sosa's representation of these claimants is a vital factor in any estimation or resolution of this bankruptcy. Mr. Sosa understands his fiduciary obligation to *all* of the claimants and an obligation to keep them and their lawyers fully informed of any and all developments in the bankruptcy case. He has already spent substantial time in conferences and meetings with TCC2 and its counsel preparing for his role and responsibilities.

## SUPPLEMENTAL ARGUMENT

10. Cancers do not respect borders. People exposed to asbestos containing talc are susceptible on every continent. While the diseases caused by talc exposure are the same, the legal remedies and legal processes in foreign countries are different than in the U.S. Debtor apparently intends for this bankruptcy to include all of its foreign claimants, and these claimants, whatever their disease, require adequate representation on the Claimants' committee.

---

[1] See https://www.sec.gov/ix?doc=/Archives/edgar/data/200406/000020040622000022/jnj-20220102.htm#i01be8f8f216a4c39adb513a606bfe937_22  Page 77. (Accessed April 18, 2022.)

11. There is no definition of 'adequate representation' in the Bankruptcy Code. Courts have generally applied a similar set of factors in analyzing the adequacy of representation. These factors are:

    1. The ability of the committee to function;

    2. The nature of the case; and

    3. The standing and desires of the various constituencies.

    In re ENRON CORP 279, B.R. 671 (2002) S.D. New York (citations omitted).

12. Regarding the first key factor, it is premature to speculate as to how the newly reconstituted committee will function, as it has only been revived within the past week. Mr. Sosa's experience on TCC2 demonstrates that he is well prepared and able to assist the reconstituted committee in all of its functions.

13. The nature of the case is an important factor. The Debtor is a multinational corporation seeking to discharge its *global* liabilities for fatal injuries to victims in dozens of countries. Each country has a unique legal system, a unique compensation system, and a unique health care system, all of which must factor into any potential plan of resolution. Less than one-third of Debtor's sales of baby products take place in the United States, the vast majority of sales are abroad. Adequate representation through membership of a foreign claimant on the committee will ensure that these claims will be properly considered.

14. The standing and desires of the various constituencies have been repeatedly considered by this Court and by the U.S. Trustee. Specifically, Mr. Sosa was thoroughly vetted and interviewed by the U.S. Trustee and found to be a "capable and effective" fiduciary for *all* of the creditors, not just the tens of thousands of foreign claimants. The Trustee has repeatedly stressed that his opposition to the Motion should not be viewed as an attempt to thwart his participation on the

5

Committee, only as to the appointment procedure Mr. Sosa requested in the Motion. It does not appear that any other constituency has offered its view on the need for foreign claim representation, and it does not appear that the issue of foreign claimants was brought to this Court's attention before Mr. Sosa's filed the Motion.

15. The importance of adequate representation for holders of foreign claims cannot be overestimated and must not be overlooked. The reasons for having a foreign claimant on the committee fall squarely within the standard for determining the adequacy of representation. Without a foreign claimant the committee will not include what is perhaps the largest constituency of claimants, (based on reported baby product sales). This would be a huge and preventable oversight. Moreover, regardless of the evolving litigation strategy of the debtor in this case, the inclusion of at least one international member is critical In light of the potentially conflicted status of a committee comprised exclusively of domestic creditors. Mr. Soto's petition is the only one before this court not having a foundational basis in the *relative representation* of creditor classes , but rather one directed to address and obviate the *exclusion* of perhaps the largest creditor class.

**Conclusion**

Mr. Sosa was found to be a capable and effective fiduciary by the US Trustee and has had an additional four months to familiarize himself with the committee process. His membership would not cause any delay to Committee proceedings and will provide valuable and necessary perspective to all members.

Wherefore, for the reasons stated above and in the Motion, Mr. Sosa respectfully requests that this Honorable Court enter an order finding that, absent a foreign claim member, the Committee as currently constituted does not satisfy the standard of adequate representation, and

direct the U.S. Trustee to direct the U.S. Trustee to appoint Mr. Sosa or another foreign claimant to remedy the lack of representation. Alternatively, Mr. Sosa requests that this Court, in exercise of its inherent authority under section 105, enter an order appointing Giovanni Sosa to the Committee.

Respectfully submitted

Dated:  April 20, 2022       By:     /s/ E. Richard Dressel
E. Richard Dressel, Esquire (ED 1793)
Lex Nova Law LLC
10 E. Stow Road, Suite 250
Marlton, NJ  08053
Telephone: (856)382-8211
rdressel@lexnovalaw.com
*Attorneys for Claimant Giovanni Sosa*

Dated:  April 20, 2022       By:      /s/ John Cooney
John Cooney, Esquire
Kathy Byrne, Esquire
120 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Tel: 312-236-6166
Fax: 312-236-3029
Email: jcooney@cooneyconway.com
         kbyrne@cooneyconway.com
*Attorneys for Claimant Giovanni Sosa*