**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
E. Richard Dressel, Esquire (ED1793)
Lex Nova Law LLC
10 E. Stow Road, Suite 250
Marlton, NJ 08053
(856) 382-8211
rdressel@lexnovalaw.com

Attorneys for Claimant Evan Plotkin

In re:

LTL MANAGEMENT, LLC,[1]

                             Debtor.

Chapter 11

Case No.: 21-30589 (MBK)

Honorable Michael B. Kaplan

**Hearing Date and Time:**

May 4, 2022 @ 10:00 am

**SUPPLEMENT TO MOTION OF EVAN PLOTKIN FOR CONSIDERATION OF HIS
APPOINTMENT TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

Now comes Evan Plotkin, through his undersigned attorneys, and in conformance with this Honorable Court's Order of April 12, 2022, supplements his previously filed *Motion of Claimant Evan Plotkin for Order Appointing Mr. Plotkin to the Official Committee of Talc Claimants (*Dkt. 2043) (the "Plotkin Motion"). In support of and supplementary to the previously filed motion, Claimant states as follows:

**PRELIMINARY STATEMENT**

In late December 2021, Evan Plotkin was appointed by the U.S. Trustee to the Official Committee of Talc Claimants II ("TCCII") pursuant to section 1102(a)(1). After many meetings of TCCII attended over the course of four months by Mr. Plotkin and his counsel, the Debtor moved to invalidate the U.S. Trustee's decision and dissolve the two committees. This Court granted Debtor's

---

[1] The last four digits of Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

motion, and reinstated the Talc Claimants Committee previously selected by the Bankruptcy Administrator for the Western District of North Carolina ("TCC 0"), effective April 12, 2022. The effect of this ruling was to remove Mr. Plotkin from serving on any official committee.

On April 9th, Mr. Plotkin sought relief from this court asking for an order directing that he be appointed to the soon-to-be reinstated TCC 0. To the extent that Claimant's motion may have requested relief in a procedurally irregular manner, Claimant now supplements his motion with the instant alternative claim for relief. Specifically, Mr. Plotkin alternatively requests that the Court enter an Order directing the United States Trustee to change the membership of the committee pursuant to 11 U.S.C. § 1102(a)(4) to secure adequate representation of claimants and creditors. According to the United States Trustee's response to the Plotkin Motion, the Trustee does not take issue with Claimant's challenge to the composition of TCC 0, only to the manner of executing the relief sought. *See Response of the United States Trustee to the Various Motions for Appointment to the Official Committee of Talc Claimants*, (Dkt. 2062) (the "UST Response").

## JURISDICTION AND VENUE

1.      Under 28 U.S.C. §157 and 1334, and the Standing Order of Reference from the United States District Court for the District of New Jersey issued September 18, 2021, this Court has jurisdiction to hear and determine this matter.

2.      Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.      The bases for relief requested herein are §§105(a) and 1102(a)(4) of the United States Bankruptcy Code.

## FACTUAL AND PROCEDURAL BACKGROUND

4.      Movant includes all facts alleged in the Plotkin Motion, summarized as below.

5.      On October 14, 2021, LTL Management LLC[3] ("Debtor"), filed a voluntary petition for chapter 11 relief in the United States Bankruptcy Court for the Western District of North Carolina (the "NC Court"). ( Dkt. 1).

6.      On October 28, 2021, the United States Bankruptcy Administrator ("BA") filed a *Motion to Appoint an Official Committee of Talc Claimants* ("BA's Committee Motion"). (Dkt. 227). Mr. Plotkin was not named in the BA's Committee Motion.

7.      On November 8, 2021, the NC Court entered an *Order Appointing the Official Committee of Talc Claimants* ("NC Committee Order"), which appointed TCC 0, comprising the eleven members proposed by the BA. (Dkt. 355). Recognizing that the case may be transferred and that the appointment of TCC 0 was preliminary and might subject to further review, the NC Committee Order stated the BA's Committee Motion was granted "without prejudice to further consideration of the Response Seeking Additions and the Composition/Timing Objections by this or any court with jurisdiction." *See id.*

8.      On November 16, 2021, the NC Court entered an Order Transferring Case to the District of New Jersey. (Dkt. 416).

9.      Upon transfer of the case to New Jersey, the United States Trustee recognized the inadequacy of TCC 0.  On December 23, 2021, after assessment and interviews of Mr. Plotkin and several other committee candidates, the U.S. Trustee filed the *Notice of Filing of Reconstituted and Amended: (i) Notice of Appointment of Official Committee of Talc Claimants I; and (ii) Notice of* creating two separate committees. *See* Dkt. 965.  This order appointed Mr. Plotkin to TCC II. (Dkt. 965) .  Mr. Plotkin is 64 years old.  He was diagnosed with mesothelioma, a terminal disease caused by exposure to asbestos, on March 31, 2021. He has significant exposures to Johnson & Johnson ("J&J") asbestos containing talc products.  His parents used J&J Baby Powder on him as an infant. Mr. Plotkin personally used J&J Baby Powder on his body throughout his life on a daily or near daily

3

basis, beginning as a wrestler in high school in the early 1960s.  Still not knowing the hazards of asbestos containing talc, Mr. Plotkin used J&J Baby Powder on his own children.

10.    Mr. Plotkin is a real estate developer and has spent his life involved in complex commercial transactions of the kind at issue in this case.  He served as the chairman of an official committee of creditors in a real estate bankruptcy and as such, he is likely the only talc claimant in this case who has direct experience he can bring to the Talc Claimants Committee in this case.

11.    Mr. Plotkin's representation of these claimants is a vital factor in any estimation or resolution of this bankruptcy. Mr. Plotkin understands his fiduciary obligation to *all* the claimants and an obligation to keep them and their lawyers fully informed of any and all developments in the bankruptcy case. He has already spent substantial time in conferences and meetings with TCC2 and its counsel preparing for his role and responsibilities.

## **SUPPLEMENTAL ARGUMENT**

12.    At issue is the adequacy of the representation of the membership of the Talc Claimants Committee in this case.  "Adequate representation" is not defined in the Bankruptcy Code, but Courts have generally applied a similar set of factors in analyzing the adequacy of representation.  These factors are:

    (a)    The ability of the committee to function;

    (b)    The nature of the case; and

    (c)    The standing and desires of the various constituencies.

    In re ENRON CORP, 279 B.R. 671 (2002) S.D. New York (citations omitted).

13.    With respect to the first key factor, it is premature to speculate as to how the newly reconstituted committee will function, as it has only been revived within the past week.  Mr. Plotkin's experience on TCC2 demonstrates that he is well prepared and able to assist the reconstituted committee in its functions.

14.     However, "The problem is that the committee may function just fine...and still not adequately represent a particular creditor group" Id. at 685.  The nature of the case is an important factor. The Debtor is the result of a large solvent corporation seeking to insulate itself from its liabilities for injuries to talc victims.  These talc victims are uniform only in that they have been injured by J&J's talc products.

15.     The standing and desires of the various constituencies have been repeatedly considered by this Court and by the U.S. Trustee. Specifically,  Mr. Plotkin was thoroughly vetted and interviewed by the U.S. Trustee and found to be a "capable and effective" fiduciary for *all* of the creditors, not just the tens of thousands of foreign claimants. The Trustee has repeatedly stressed that his opposition to Mr. Plotkin's motion should not be viewed as an attempt to thwart his participation on the Committee, only as to the appointment procedure Mr. Plotkin requested in his original motion. As the U.S. Trustee recognized by its appointment of separate committees, there are distinct creditor groups which share much in common, but have significant differences.  As has been brought before this Court several times, there are distinctions among the talc claimants based upon the nature of the claimants' underlying diseases, the volume of claims based on those diseases, and the value of those claims based on disease type.  Currently, there are more ovarian cancer claimants than mesothelioma claimants on TCC 0.  Directing the U.S. Trustee to add Mr. Plotkin to TCC 0 would address this imbalance.

16.     The importance of adequate representation for the different claims based on disease type cannot be overlooked. The reasons for having an additional mesothelioma claimant on the committee, especially one with the commercial and bankruptcy sophistication of Mr. Plotkin, fall squarely within the standard for determining the adequacy of representation. Without an additional mesothelioma claimant on the committee will not adequately protect what is perhaps the largest constituency of claimants by value.  This would be a huge and preventable oversight.

## **CONCLUSION**

17.     Mr. Plotkin was found to be a capable and effective fiduciary by the US Trustee and has had an additional four months to familiarize himself with the committee process. His membership would not cause any delay to Committee proceedings and will provide valuable  and necessary perspective to all members.

Wherefore, for the reasons stated above and in Movant's original motion, Evan Plotkin respectfully requests that this Honorable Court enter an order finding that, the Committee as currently constituted does not satisfy the standard of adequate representation, and direct the U.S. Trustee to appoint Mr. Plotkin to remedy the adequacy of representation. Alternatively, Mr. Plotkin requests that this Court, in exercise of its inherent authority under section 105, enter an order directing the U.S. Trustee to appoint Evan Plotkin to the Committee.

Respectfully submitted,

Dated:  April 20, 2022         By:     */s/ E. Richard Dressel*
                                        E. Richard Dressel, Esquire (ED 1793)
                                        Lex Nova Law LLC
                                        10 E. Stow Road, Suite 250
                                        Marlton, NJ  08053
                                        Telephone: (856)382-8211
                                        rdressel@lexnovalaw.com
                                        *Attorneys for Claimant Evan Plotkin*


                               By:     */s/ Charles W. Branham, III*
                                        Charles W. Branham III, Esquire
                                        Dean Omar Branham Shirley, LLP
                                        302 N. Market Street, Suite 300
                                        Dallas, TX 75214
                                        Telephone: (214) 722-5990
                                        tbranham@dobslegal.com
                                        *Attorneys for Claimant Evan Plotkin*