UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**Order Filed on April 19, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

  LTL MANAGEMENT LLC

Case No.: 21-30589

Adv. No.:

Hearing Date:

Judge: Michael B. Kaplan

**AMENDED INTERIM ORDER AUTHORIZING RETENTION OF THE BRATTLE GROUP, INC. AS TALC CONSULTANTS TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS I**

The relief set forth on the following page is hereby **ORDERED**.

**DATED: April 19, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Matthew I.W. Baker, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> mbaker@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ  07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Local Counsel to Official Committee of Talc Claimants I* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Robert J. Stark, Esq. <br> Jeffrey L. Jonas, Esq. <br> Michael Winograd, Esq. <br> dmolton@brownrudnick.com <br> rstark@brownrudnick.com <br> jjonas@brownrudnick.com <br> mwinograd@brownrudnick.com <br> Seven Times Square <br> New York, NY  10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> and <br><br> Sunni P. Beville, Esq. <br> sbeville@brownrudnick.com <br> One Financial Center <br> Boston, MA  02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br> *Co-Counsel for the Official Committee of Talc Claimants I* |
| **PARKINS LEE & RUBIO LLP** <br> Leonard M. Parkins, Esq. <br> Charles M. Rubio, Esq. <br> lparkins@parkinslee.com <br> crubio@parkinslee.com <br> Pennzoil Place <br> 700 Milan St., Suite 1300 <br> Houston, TX  77002 <br> Tel: (713) 715-1666 <br> *Special Counsel for the Official Committee of Talc Claimants I* | **OTTERBOURG PC** <br> Melanie L. Cyganowski, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> mcyganowski@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> 230 Park Avenue <br> New York, NY  10169 <br> Tel: (212) 905-3628 <br> Fax: (212) 682-6104 <br> *Co-Counsel for the Official Committee of Talc Claimants I* |

In re:

**LTL MANAGEMENT, LLC,**

                      Debtor.

Chapter 11

Case No.:  21-30589(MBK)

Honorable Michael B. Kaplan

**AMENDED INTERIM ORDER AUTHORIZING RETENTION OF
THE BRATTLE GROUP, INC. AS
TALC CONSULTANTS TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS I**

The relief set forth on the following page is **ORDERED**.

This Court, having considered (i) the *Application for Retention of The Brattle Group, Inc. as Talc Consultants for the Official Committee of Talc Claimants I* (the "Application") and (ii) the *Certification of Yvette Austin Smith in Support of Application for Retention of The Brattle Group, Inc. as Talc Consultants to the Official Committee of Talc Claimants I* (the "Austin Smith Certification"); and upon the applicant's request for authorization to retain Brattle as Talc Consultants to the Official Committee of Talc Claimants I ("TCC I" or the "Committee"), it is hereby ORDERED:

1. The Application is GRANTED, on an interim basis, as set forth herein.

2. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), TCC I is authorized and empowered to employ and retain, and the Debtor is authorized to compensate and reimburse, Brattle as TCC I's talc consultant in the above-captioned chapter 11 case upon the terms and conditions set forth in the Application, on an interim basis, subject to paragraph 5 herein.

3. The Court does not make any findings of fact and, except as set forth in paragraphs 1 and 2, does not reach any conclusions of law respecting the Application. The rights of the Debtor to raise any objections are fully preserved.

4. The Court shall hold a final hearing on the Application on  May 4  , 2022 at  10:00  a.m. prevailing Eastern Time, or such other date and time as the Debtor and the Committee may agree or is acceptable to the Court (the "Final Hearing").

5. No party shall use this Interim Order to assert res judicata, collateral estoppel, waiver, acquiescence, "law of the case," or any other similar doctrines, including in respect of the Order Regarding: (A) Debtor's Motion for an Order Determining That the United States Trustee's Notice of "Reconstituted and Amended" Talc Claimants Committee Is Invalid and Reinstating that Committee; and (B) Motion for Order Vacating Appointment of Second Official Committee of Talc Claimants and Addition of New Committee Members Filed by Arnold & Itkin LLP [Dkt. 1273] (the "Two Committee Order") or in connection with any pleading filed pursuant to paragraph 4 of the Two Committee Order. This Interim Order shall not affect the Two Committee Order or any pleading filed pursuant to paragraph 4 of the Two Committee Order, and all parties'

rights in respect of the Two Committee Order and any pleading filed pursuant to paragraph 4 of the Two Committee Order are fully preserved.

6. Brattle shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

7. Brattle shall apply for compensation in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, this Interim Order and any applicable orders of this Court. Brattle's services are subject to the standard of review set forth in section 330 of the Bankruptcy Code.

8. The compensation provisions of the Engagement Letter are hereby approved on an interim basis. Brattle shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and any applicable orders of the Court subject to paragraph 5 herein. Brattle is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applications as approved by this Court. For any period prior to the Final Hearing, no party shall object to Brattle's monthly or interim fee applications based on the interim nature of this Interim Order, but may object on any other ground.

9. The Committee and Brattle are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

10. The indemnification and limitation of liability provisions set forth in the Engagement Letter, are approved, on an interim basis, subject to the following provisions during the pendency of this case

    a. Brattle shall not be entitled to indemnification, contribution or reimbursement from the Debtor or the estate pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement thereof are approved by this Court;

    b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtor and the estate shall have no obligation to indemnify Brattle, or provide contribution or reimbursement to Brattle, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Brattle's fraud, bad faith, gross negligence, willful misconduct or self-dealing to which the Debtor or the estate has not consented, (ii) for a

        contractual dispute in which the Debtor or the estate alleges the breach of Brattle's contractual obligations or obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtor's or the estate's consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Brattle is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Interim Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Brattle believes that it is entitled to the payment of any amounts by the Debtor or the estate on account of the Debtor's or the estate's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Interim Order), including, without limitation, the advancement of defense costs, Brattle must file an application therefor in this Court, and the Debtor and the estate may not pay any such amounts to Brattle before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for fees and expenses by Brattle for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtor's or the estate's obligation to indemnify, or make contributions or reimbursements to, Brattle. All parties in interest shall retain the right to object to any demand by Brattle for indemnification, contribution and/or reimbursement.

11. Notwithstanding any provision in the Engagement Letter to the contrary, any limitation of liability provisions in the Application, Austin Smith Certification, or the Engagement Letter shall have no force or effect.

12. The terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

13.    The professional's address is:

        7 Times Square
        Suite 1700
        New York, NY 10036

14. The effective date of retention is January 15, 2022.

15. No fees shall be nonrefundable or earned upon receipt in consideration of Brattle's acceptance of the engagement, except by Order of the Court.

16. Brattle is entitled to reimbursement by the Debtor for reasonable expenses incurred in this Chapter 11 Case subject to the terms and conditions set forth in the Engagement Letter and as provided by this Interim Order.

17. In the event Brattle seeks to use any of its affiliates to perform services for the Committee and intends to seek compensation for such services, the Committee shall seek the separate retention of any such affiliates.

18. Any additional services provided by Brattle which were not provided for in the Application or the Austin Smith Certification shall require further Court approval.

19. To the extent that there may be any inconsistency between the terms of the Application, the Austin Smith Certification, the Engagement Letter, and this Interim Order, the terms of this Interim Order shall govern.

20. In accordance with the Compensation Guidelines, Brattle shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Brattle's fee applications in this case.

21. Notwithstanding anything to the contrary in the Application or the Austin Smith Certification, Brattle will only bill 50% for non-working travel.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 21-30589-MBK |
| LTL Management LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Apr 19, 2022 | Form ID: pdf903 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 21, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| aty | + Glenn M. Kurtz, White & Case LLP, 1221 Avenue of the America, New York, NY 10020-1001 |
| aty | + Jessica Lauria, White & Case LLP, 1221 Avenue of the America, New York,, NY 10020-1001 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/Text: jkim8@its.jnj.com | Apr 19 2022 20:44:00 | LTL Management LLC, 501 George Street, New Brunswick, NJ 08933-0001 |
| aty | + Email/Text: tlindsay@rcdlaw.net | Apr 19 2022 20:44:00 | Rayburn, Cooper & Durham, P.A., The Carillon, Suite 1200, 227 West Trade St., Charlotte, NC 28202-1672 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 21, 2022          Signature:          /s/Gustava Winters