| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-2(c)**<br><br>**Rabinowitz, Lubetkin & Tully, LLC**<br>293 Eisenhower Parkway, Suite 100<br>Livingston, NJ 07039<br>Telephone: (973) 597-9100<br>Jeffrey A. Cooper, Esq.<br>Email: jcooper@rltlawfirm.com<br><br>**Phillips Lytle LLP**<br>The New York Times Building<br>620 Eighth Avenue, 38th Floor<br>New York, NY 10018-1442<br>Telephone: (212) 759-4888<br>Nickolas Karavolas, Esq.<br>Email: nkaravolas@phillipslytle.com<br>(*pro hac vice* admission pending)<br><br>Attorneys for the Baker Canadian Class Action Creditors | |
| In re:<br><br>LTL MANAGEMENT LLC<br><br>Debtor. | Case No. 21-30589 (MBK)<br>Chapter 11<br>Judge: Hon. Michael B. Kaplan, C.U.S.B.J.<br><br>Hearing Date: May 4, 2022 at 10:00 a.m. |

**BAKER CANADIAN CLASS ACTION CLAIMANTS' OBJECTION TO DISANTO CANADIAN CLASS ACTION PLAINTIFFS' JOINDER IN MOTIONS FOR AN <u>ORDER ADDING DISANTO AS A MEDIATION PARTY</u>**

**TO:    THE HONORABLE MICHAEL B. KAPLAN,
        CHIEF JUDGE UNITED STATES BANKRUPTCY
        COURT FOR THE DISTRICT OF NEW JERSEY**

The proposed representative plaintiff ("**Baker**") in the action styled *Baker v Johnson & Johnson*, Ontario Superior Court of Justice ("**Ontario Court**") (Court File No. CV-16-553046CP) ("**Baker Action**") as represented by Howie, Sacks & Henry, LLP and Rochon Genova LLP, and

through undersigned counsel, files this objection (the "**Objection**")[1] to the joinder filed by the proposed representative plaintiff in the action styled *DiSanto v Johnson & Johnson*, Alberta Court of Queen's Bench (File Number 1901-11748) ("**DiSanto Action**") on April 8, 2022 (Docket No. 2027) ("**Joinder**") seeking to add the plaintiffs in the DiSanto Action (collectively, the "**DiSanto Plaintiffs**") as parties to the pending mediation referenced in this Court's *Order Establishing Mediation Protocol* entered on March 18, 2022 (Docket No. 1780) ("**Mediation Protocol Order**").  In support of the Objection, Baker respectfully represents as follows:

## PRELIMINARY STATEMENT

1. As set forth in detail below, the plaintiffs in the Baker Action (collectively, the "**Baker Plaintiffs**") object to the Joinder to the extent that the DiSanto Plaintiffs seek to represent their interests in the Mediation (defined below) without either court order to do so or consent of the Baker Plaintiffs.

2. The Baker Plaintiffs wish to participate in the Mediation, and ultimately agree with the position of the DiSanto Plaintiffs that the interests of all Canadian talc claimants should be properly represented in the Mediation.  In fact, such participation by the Canadian talc claimants ensures a more complete and global resolution process, which is the principal objective of the Mediation.

3. Because the Baker Plaintiffs and their counsel were not noticed or served with the DiSanto Plaintiffs' Joinder (and the underlying motion), and there appears to be no evidence that any of the other putative classes of Canadian talc claimants received notice either, the Baker Plaintiffs submit that the relief sought in the Joinder is not properly before this Court.

---

[1] The Baker Canadian Class Action Plaintiffs' appearance in this case shall be deemed a special appearance pursuant to Rule 9010 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for the purpose of objecting to the Joinder and is not an appearance for any other purpose.

Notwithstanding, the Baker Plaintiffs are now objecting to preserve their rights and avoid having the proposed framework for treatment of their claims against the Debtor and/or its affiliates be formulated without their knowledge and/or input.

## **BACKGROUND**

4. On May 18, 2016, more than three years before the DiSanto Action was commenced, the Baker Action was commenced by the filing of a Statement of Claim in the Baker Action. Miller Decl.[2] ¶3, Ex. 1.[3]

5. Paragraph 22 of the Statement of Claim states that the proposed class of plaintiffs includes, among others, "[a]ll women resident in Canada who purchased and/or used JOHNSON'S® baby powder and their estates, administrators or other legal representatives, heirs or beneficiaries". *Id.*

6. A Notice of Intent to Defend was filed by the defendants in the Baker Action on July 6, 2016. *Id.* ¶5.

7. Three experts needed in the Baker Action were unavailable due to their commitment to prepare for and testify in the pending multidistrict litigation in the United States District Court for the District of New Jersey. As a result, the Baker Action was delayed significantly. *Id.* ¶6.

8. On November 16, 2021, the Ontario Court scheduled a hearing on the motion to certify the class of claimants in the Baker Action. The hearing, however, is stayed by the order

---

[2] "**Miller Decl.**" refers to the Declaration of Paul Miller dated April 27, 2022 submitted in support of the Objection.

[3] After the Baker Action was commenced, the original proposed representative plaintiff was replaced and an amended Statement of Claim was filed on September 30, 2021. The husband of the deceased Kristin Leigh Baker, as the executor of her estate, agreed to be a representative plaintiff in the Baker Action. Miller Decl. ¶4, Ex. 2.

granting a stay of all proceedings in Canada against the Debtor and certain of its affiliates ("**Canadian Stay Order**") issued in the proceeding commenced by the Debtor pursuant to Part IV of the *Companies' Creditors Arrangement Act (Canada)*, which recognized the Debtor as a "foreign representative" and this chapter 11 case as a "foreign main proceeding. *Id.* ¶7.

9. On August 22, 2019, the DiSanto Plaintiffs filed their Statement of Claim in the Court of Queen's Bench of Alberta. *Id.* ¶8, Ex. 3. Paragraph 6(a) of the Statement of Claim states that the proposed class of plaintiffs includes, among others, "[a]ll women in Alberta or elsewhere in Canada who developed ovarian cancer from the use of" certain Johnson & Johnson products. *Id.*

10. At no time was the putative class in the DiSanto Action certified. *Id.* ¶9. After the filing of the Statement of Claim, the court docket does not indicate that there has been any further activity in the action. *Id.* ¶10.

11. In addition to the Baker Action and DiSanto Action, at the time of entry of the Canadian Stay Order, there were at least two other talc claimant class actions against Johnson & Johnson pending in Canada, in the Provinces of Quebec and British Columbia, respectively. *Id.* ¶11.

12. On March 18, 2022, this Court entered the Mediation Protocol Order. Docket No. 1780. The Mediation Protocol Order appoints two mediators to mediate "a comprehensive resolution of the issues in the Case", including, but not limited to, a chapter 11 plan, and the estimation and plan treatment of personal injury claims against the Debtor's estate related to talc or talc-containing products (the "**Mediation**"). Mediation Protocol Order ¶2. In addition, the Mediation Protocol Order contemplates in-person mediation sessions to occur between May 9 and May 12, 2022 to the extent all issues are not resolved through mediation by such dates. *Id.* ¶4(d).

13. On March 29, 2022, Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) ("**Travelers**") filed a motion for an order adding Travelers as a party to the Mediation or, in the alternative, modifying the Mediation Protocol Order (Docket No. 1900) ("**Travelers Motion**").[4]

14. On April 8, 2022, rather than filing an independent motion on proper notice, the DiSanto Plaintiffs filed a joinder to the Travelers Motion and sought a separate order of this Court adding the DiSanto Plaintiffs as a party to the Mediation. Docket No. 2027. Neither the Baker Plaintiffs, nor their counsel, received any notice of the Joinder of the DiSanto Plaintiffs. Miller Decl. ¶12. It was only after the initial hearing date on the Travelers Motion passed that the Baker Plaintiffs became aware of the Travelers Motion and the DiSanto Plaintiffs' Joinder. *Id.*

## OBJECTION

15. To be clear, the Baker Plaintiffs agree with the DiSanto Plaintiffs to the extent the DiSanto Plaintiffs assert that Canadian victims of ovarian cancer from use of Johnson & Johnson talc products should participate in the Mediation. The Baker Plaintiffs also agree that the class action regime in Canada contains many key distinctions with the United States multidistrict litigation system, and that there is a demonstrated value and fairness in permitting Canadian talc victims to participate in the Mediation. The interests of these Canadian claimants should be represented in the Mediation.

16. The Baker Plaintiffs object to the Joinder, however, to the extent the DiSanto Plaintiffs seek to participate in the Mediation on behalf of all Canadian talc product victims (collectively, the "**Canadian Talc Claimants**"), which includes the Baker Plaintiffs.

---

[4] At this time, the Baker Plaintiffs take no position with respect to the Travelers Motion.

- 5 -

17.    As an initial matter, the Baker Plaintiffs object to the Joinder because it was not properly noticed and served (including lacking a notice of motion) pursuant to Bankruptcy Rules 9006(d) and 9013 and Rules 9013-1(a) and 9013-2 of the Local Rules of this Court. *See also In re McGuire*, 450 B.R. 68, 71 (Bankr. D. N.J. 2011) ("The Bankruptcy Rules require that a request for an order be made by motion unless an application is permitted by the Rules.") (citing Fed. R. Bankr. P. 9013, 9014(a)).  Importantly, the Baker Plaintiffs did not become aware of the Joinder until after the initial hearing date on the Travelers Motion.[5]  Miller Decl. ¶12.  Accordingly, the Baker Plaintiffs submit that the Joinder and the relief requested therein is not properly before this Court and cannot be considered at the adjourned hearing on the Travelers Motion on May 4, 2022. Notwithstanding this procedural defect, the Baker Plaintiffs submit this Objection in the abundance of caution.

18.    Principally, the DiSanto Plaintiffs do not have the requisite standing to represent the Canadian Talc Claimants.  As the DiSanto Plaintiffs admit, they were never certified as a class. Joinder ¶7(e) ("Although presently uncertified due to the intervention of the Initial Recognition Order Stay and the Related Party Stay in Canada, *DiSanto* is upon information the only Canadian class . . . ").  Nothing in the Joinder demonstrates that the DiSanto Plaintiffs have a legal basis to assert such standing.

19.    In Canada, five elements must generally be satisfied for a class to be certified:

   a. the claims of the class disclose a cause of action;

   b. there is an identifiable class of two or more persons;

   c. the claims of the class raise common issues;

   d. a class action is a preferable procedure for resolving the common issues; and

---

[5] In addition, in light of the lack of notice of the Joinder on the Baker Plaintiffs and their counsel, the Baker Plaintiffs respectfully request that the Court consider this Objection.

   e. the proposed representative plaintiff will fairly and adequately represent the interests of the class, does not have any conflicts with other class members on the common issues, and has a workable plan for litigating the action.

Miller Decl. ¶13.

20. In Quebec, there is no requirement for the class action to be the preferred procedure for resolving the common issues. Accordingly, certification of class action in Quebec tends to be less stringent of a process. *Id.* ¶14.

21. While the DiSanto Plaintiffs admit that "class actions can proceed in multiple Canadian Provinces simultaneously" (Joinder ¶7(c)), and that there are a "handful of Canadian class actions pending as to J&J talc liability" (Joinder ¶7(e)), the DiSanto Plaintiffs neglect to inform the Court that the DiSanto Action purports to be brought on behalf of all Canadian Talc Claimants, not just such victims that may reside in the Province of Alberta, where the DiSanto Action is pending. *See* Miller Decl. ¶8, Ex. 3 (paragraph 6(a) of Statement of Claim).

22. The Baker Plaintiffs object to the DiSanto Plaintiffs representing any of their interests in this bankruptcy case, including, but not limited to, in the Mediation. At no time did the Baker Plaintiffs consent to such proposed representation. *Id.*. ¶15.

23. Further, the statement by the DiSanto Plaintiffs that they are "the only Canadian class that has asserted direct claims against the Debtor (as opposed [sic] claims against the non-debtor J&J and its non-debtor subsidiaries)" is false and misleading. Rather, the respective Statement of Claim filed in each of the DiSanto Action and Baker Action asserts claims against the exact same three parties; namely, Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., and Johnson & Johnson Inc. (Canada). *See id.* ¶¶4, 8, Exs. 2 (paragraphs 9-11) and 3 (paragraphs 2-4).

24. Because the DiSanto Plaintiffs are, by their own admission, not a certified class, and the standards for certification in Canada differ significantly from those used to determine certification in the United States, the Baker Plaintiffs respectfully request that the Court either deny the joinder motion of the DiSanto Plaintiffs to be included in the Mediation or defer adjudication on the Joinder until such time as a Canadian court of competent jurisdiction can determine which class of talc claimants should represent all of the Canadian Talc Claimants in the Mediation.

### RESERVATION OF RIGHTS

25. The Baker Plaintiffs reserve the right to (i) amend, supplement or otherwise modify this Objection; and (ii) appear and be heard with respect to the Joinder.

26. Nothing in this Objection shall be construed as a waiver or release of any claims or rights that the Baker Plaintiffs may have against the Debtor or its affiliates, all of which are expressly reserved.

### CONCLUSION

27. Due to the lack of authority of the DiSanto Plaintiffs to represent the interests of the Canadian Talc Claimants, and the fact that the Baker Plaintiffs comprise some of the Canadian Talc Claimants and object to such proposed representation, the Court should deny the DiSanto Plaintiffs' request to represent the interests of the Canadian Talc Claimants in the Mediation or, in the alternative, defer a determination of the DiSanto Plaintiffs' request until such time as a Canadian court of competent jurisdiction determines which class or classes should represent the interests of the Canadian Talc Claimants in this case.

**WHEREFORE**, the Baker Plaintiffs respectfully request that the Court enter an Order: (i) sustaining this Objection; (ii) denying the relief sought in the Joinder to the extent inconsistent with this Objection or, in the alternative, deferring determination of the relief sought

until such time as a Canadian court of competent jurisdiction determines which class or classes may represent the interests of Canadian Talc Claimants in the Mediation; and (iii) granting such other and further relief as the Court deems proper.

Dated: April 27, 2022

By: /s/ Jeffrey A. Cooper
JEFFREY A. COOPER
Rabinowitz, Lubetkin & Tully, LLC
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
Telephone: (973) 597-9100
E-mail: jcooper@rltlawfirm.com
*Local Counsel for the Baker Canadian Class Action Plaintiffs*

NICKOLAS KARAVOLAS (*pro hac vice pending*)
Phillips Lytle LLP
The New York Times Building
620 Eighth Avenue, 38th Floor
New York, NY 10018-1442
Telephone: (212) 759-4888
E-mail: nkaravolas@phillipslytle.com
*Counsel for the Baker Canadian Class Action Plaintiffs*