| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT <br> FOR THE DISTRICT OF NEW JERSEY <br> **Caption in compliance with D.N.J. LBR 9004-2(c)** <br><br> **Rabinowitz, Lubetkin & Tully, LLC** <br> 293 Eisenhower Parkway, Suite 100 <br> Livingston, NJ 07039 <br> Telephone: (973) 597-9100 <br> Jeffrey A. Cooper, Esq. <br> Email: jcooper@rltlawfirm.com <br><br> **Phillips Lytle LLP** <br> The New York Times Building <br> 620 Eighth Avenue, 38th Floor <br> New York, NY 10018-1442 <br> Telephone: (212) 759-4888 <br> Nickolas Karavolas, Esq. <br> Email: nkaravolas@phillipslytle.com <br> (*pro hac vice* admission pending) <br><br> Attorneys for the Baker Canadian Class Action Creditors | |
| In re: <br><br>     LTL MANAGEMENT LLC <br><br>                                  Debtor. | Case No. 21-30589 (MBK) <br> Chapter 11 <br> Judge: Hon. Michael B. Kaplan, C.U.S.B.J. |

**DECLARATION OF PAUL MILLER IN SUPPORT OF BAKER CANADIAN CLASS ACTION CLAIMANTS' OBJECTION TO DISANTO CANADIAN CLASS ACTION PLAINTIFFS' JOINDER IN MOTIONS FOR AN ORDER ADDING DISANTO AS A MEDIATION PARTY**

I, Paul Miller, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.  I am a member of the law firm of Howie, Sacks & Henry LLP, co-counsel for the Baker Plaintiffs[1] in the Baker Action before the Ontario Superior Court of Justice. I am admitted to practice law in the Province of Ontario. In my capacity as co-counsel for the Baker Plaintiffs,

---

[1] Unless otherwise defined in this Declaration, capitalized terms shall have the meanings given to them in the *Baker Canadian Claim Action Claimants' Objection to DiSanto Canadian Class Action Plaintiffs' Joinder in Motions for an Order Adding DiSanto as a Mediation Party* dated April [27], 2022 ("**Objection**").

I am fully familiar with the facts and circumstances underlying the Baker Action, the Debtor's bankruptcy case and all matters referenced in the Objection.

2. I submit this Declaration in support of the Baker Plaintiffs' Objection dated the date hereof.

3. A true and correct copy of the Statement of Claim filed by the Baker Plaintiffs in the Baker Action on May 18, 2016 is attached as **Exhibit 1**.

4. After the Baker Action was commenced, the original proposed representative plaintiff was replaced and an amended Statement of Claim was filed on September 30, 2021. A true and correct copy of the Amended Statement of Claim is attached as **Exhibit 2**. The husband of the deceased Kristin Leigh Baker, as the executor of her estate, agreed to be a representative plaintiff in the Baker Action.

5. A Notice of Intent to Defend was filed by the defendants in the Baker Action on July 6, 2016.

6. Three experts needed in the Baker Action were unavailable due to their commitment to prepare for and testify in the pending multidistrict litigation in the United States District Court for the District of New Jersey. As a result, the Baker Action was delayed significantly.

7. On November 16, 2021, the Ontario Court scheduled a hearing on the motion to certify the class of claimants in the Baker Action, but the hearing is now stayed by the Canadian Stay Order.

8. A true and correct copy of the Statement of Claim filed by the DiSanto Plaintiffs in the DiSanto Action on August 22, 2019 is attached as **Exhibit 3**.

9. At no time was the putative class in the DiSanto Action certified.

10. After the filing of the Statement of Claim, the court docket does not indicate that has been any further activity in the action.

11. In addition to the Baker Action and DiSanto Action, at the time of entry of the Canadian Stay Order, there were at least two other talc claimant class actions against Johnson & Johnson pending in Canada, in the Provinces of Quebec and British Columbia, respectively.

12. Neither the Baker Plaintiffs, nor their counsel, received any notice of the Joinder of the DiSanto Plaintiffs. It was only after the initial hearing date on the Travelers Motion passed that the Baker Plaintiffs became aware of the Travelers Motion and the DiSanto Plaintiffs' Joinder.

13. In Canada, five elements must generally be satisfied for a class to be certified:

   a. the claims of the class disclose a cause of action;

   b. there is an identifiable class of two or more persons;

   c. the claims of the class raise common issues;

   d. a class action is a preferable procedure for resolving the common issues; and

   e. the proposed representative plaintiff will fairly and adequately represent the interests of the class, does not have any conflicts with other class members on the common issues, and has a workable plan for litigating the action.

14. In Quebec, there is no requirement for the class action to be the preferred procedure for resolving the common issues. Accordingly, certification of class action in Quebec tends to be less stringent of a process.

15. At no time did the Baker Plaintiffs consent to the DiSanto Plaintiffs representing any of their interests in this bankruptcy case, including, but not limited to, in the Mediation.

Dated: April 27, 2022          /s/ Paul Miller
                               Paul Miller