# **EXHIBIT A**

Retention Order

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |  |
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* | **Order Filed on January 28, 2022**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                   Debtor. | Chapter 11<br>Case No.: 21-30589 (MBK)<br>Judge: Michael B. Kaplan<br>**Hearing Date and Time:**<br>January 25, 2021 at 10:00 a.m. |

# ORDER AUTHORIZING RETENTION OF BLAKE, CASSELS & GRAYDON LLP

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: January 28, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1525988592

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Blake, Cassels & Graydon LLP

      Upon the applicant's, LTL Management LLC (the "Debtor"), request for authorization [Dkt. 966] (the "Application") to retain Blake, Cassels & Graydon LLP ("Blakes") as counsel to the Debtor, effective as of October 14, 2021, and the Official Committee of Talc Claimants I and Official Committee of Talc Claimants II having objected to the Application [Dkt. 1068, 1077], and the Debtor and the committees having resolved the objections based on the terms of this Order, it is hereby **ORDERED**:

1.     The Application is granted to the extent set forth below.

2.     Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Blakes as its special counsel in the Chapter 11 Case, effective as of the Petition Date.

3.     Blakes' role as counsel to the Foreign Representative[2] shall be limited to administering the CCAA Matters and seeking (a) recognition of orders in the Chapter 11 Case (the "Chapter 11 Orders") and (b) such ancillary and complimentary relief needed to give effect to the Chapter 11 Orders in Canada.

4.     Blakes shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures.  The rights of all parties in interest with respect to any such fee requests are fully preserved.

5.     If the professional requested a waiver as noted below, it is  ☐ Granted   ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

---

[2]     Capitalized terms not defined herein shall have the meaning given to them in the Application.

NAI-1525988592

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Blake, Cassels & Graydon LLP

6. Blakes shall bill only 50% for its services for non-working travel.

7. Blakes shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Blakes' fee applications in this case.

8. Blakes will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

9. Blakes will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

10. Blakes shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

11. All parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates

12. To the extent that any party-in-interest including any official committee(s) of talc claimants appointed in this Chapter 11 Case (the "Committee"), and the U.S. Trustee, discovers any facts or circumstances indicating that Blakes' retention under section 327(e) of the Bankruptcy Code is not appropriate, Blakes holds or represents an interest adverse to the Debtor or its estate with respect to the matters for which Blakes is retained, or Blakes is acting outside the scope of the matters for which it was retained, the right of any party-in-interest, the Committee and the U.S. Trustee to seek at that time any appropriate relief is fully preserved.

13. To the extent Blakes engages any outside experts, such as accountants, economists, appraisers or investigators, to assist in this engagement, the Debtor shall file separate applications to retain such professionals.

14. Notwithstanding anything to the contrary in the December 22, 2021 Engagement Letter, no interest shall be charged if payment of an invoice is greater than thirty (30) days.

15. Notwithstanding anything to the contrary in the December 22, 2021 Engagement Letter, subject to (i) Blakes' right to withdraw in accordance with applicable rules of professional conduct (including Section 3.7 of the Law Society of Ontario Rules of Professional Conduct and similar Rules in other Provinces of Canada) and (ii) any order of a court of competent jurisdiction in Canada, the December 22, 2021 Engagement Letter may not be terminated prior to the completion of services set forth therein unless (x) by order of the Court or (y) another law firm is substituted for Blakes to represent the Foreign Representative and the Debtor prior to termination.  Any such order approving termination

NAI-1525988592

(Page 4)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Blake, Cassels & Graydon LLP

    may be sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Court or such earlier date as may be appropriate. If Blakes withdraws or is required to withdraw under the applicable rules of professional conduct in Canada or any order of a court of competent jurisdiction in Canada, Blakes shall provide five business days' notice prior to termination of the Engagement Letter to the U.S. Trustee and any official committee(s) of tort claimants appointed in the Chapter 11 Case.

NAI-1525988592