# **EXHIBIT A**

Appointment Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

Order Filed on March 18, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

LTL MANAGEMENT LLC,[1]

                Debtor.

Chapter 11

Case No.: 21-30589

Judge: Michael B. Kaplan

## ORDER APPOINTING RANDI S. ELLIS
## AS LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: March 18, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1527738057v9

Case 21-30589-MBK    Doc 2196-1    Filed 03/29/22    Entered 03/29/22 14:31:15    Desc Main
Exhibit A - Appointment Order    Page 3 of 7

Case 21-30589-MBK    Doc 1896    Filed 03/09/22    Entered 03/09/22 04:23:50    Desc Main
Document    Page 2 of 2

**THIS MATTER** having come before the Court pursuant to the *Case Management Order Setting Selection Protocol for Future Talc Claims Representative* [Dkt. 1048, as Amended, Dkt. 1135] (the "Protocol") governing the nomination and appointment of a legal representative for future talc claimants in the Debtor's chapter 11 case (the "FTCR"); the Debtor and the Official Committees of Talc Claimants I & II ("TCC I" and "TCC II", respectively, and together, the "Committees") having submitted to the Court nominees for appointment as FTCR, and the Court having proposed its own nominees for consideration in accordance with the Protocol; the Court having entered the *Order Identifying Nominees for Selection as Future Talc Claims Representative* [Dkt. 1436, as Amended, Dkt. 1452] identifying the eight total nominees for FTCR proposed by the Debtor, the Committees, and the Court; each of the Debtor, TCC I, and TCC II having consented to the appointment of nominee Randi S. Ellis as FTCR; the Court finding that (a) the Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157(b) and 1334, (b) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, and (c) notice of the Protocol was good and sufficient under the circumstances; the Court having determined that the appointment of Ms. Ellis as FTCR is in the best interests of the Debtor's estate, its creditors, and other parties in interest, and sufficient cause appearing therefor; and for the reasons stated on the record at the hearing held on March 8, 2022, which are incorporated herein by reference;

IT IS HEREBY ORDERED THAT:

1. Pursuant to sections 105(a) and 524(g)(4)(B)(i) of the Bankruptcy Code, Randi S. Ellis is hereby appointed as FTCR to represent and protect the rights of, absent further order of the Court, natural persons or the representatives of estates of natural persons that may assert a demand for payment, present or future, that: (a) is not a claim during the proceedings

-2-

prior to the entry of an order confirming a plan of reorganization (the "Plan"), because such natural person was diagnosed with disease after such time; and (b) arises out of the same or similar conduct or events that gave rise to the claims to be addressed by an injunction issued to enjoin entities from taking legal action for the purpose of directly or indirectly collecting, recovering, or receiving payment or recovery with respect to any claim or demand that, under the Plan, is to be paid in whole or in part by a trust established pursuant to section 524(g)(2)(B)(i) and/or 105(a) of the Bankruptcy Code (collectively, the "Future Talc Claimants").[2]  The FTCR shall represent the interests of, appear and act on behalf of, and be a fiduciary to Future Talc Claimants to protect the rights and interests of such Future Talc Claimants and shall be entitled to compensation in connection therewith from the date of this Order.  Ms. Ellis will have no other obligations except those that may be prescribed by orders of the Court and accepted by Ms. Ellis.

        2.        The FTCR shall be a party in interest in this chapter 11 case and shall have standing under section 1109(b) of the Bankruptcy Code to be heard on any issue in this case in the Bankruptcy Court, the District Court, or any other court affecting the rights of Future Talc Claimants.  The FTCR shall have the powers and duties of a committee set forth in section 1103 of the Bankruptcy Code as are appropriate for a FTCR.

        3.        In her role as the FTCR, Ms. Ellis may employ attorneys and other professionals consistent with sections 105, 327, and 1103 of the Bankruptcy Code, subject to prior approval of this Court, and such attorneys and other professionals shall be subject to the

---

[2]  On March 7, 2022, TCC II filed a letter with the Court [Dkt. 1650] requesting appointment of a separate legal representative for future mesothelioma claimants.  The Court will consider this request at a hearing to be held on March 30, 2022.  Entry of this Order is without prejudice to such request.

terms of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Dkt. 761] (the "Interim Compensation Order").

4. Compensation, including professional fees and reimbursement of actual and necessary expenses incurred on and after March 8, 2022, shall be payable to Ms. Ellis and her professionals from the Debtor's estate, as appropriate, subject to approval of this Court, and in accordance with the terms, conditions, and procedures set forth in the Interim Compensation Order. In her role as the FTCR, Ms. Ellis shall be compensated at the rate of $950 per hour, subject to periodic adjustment in the ordinary course of her business, plus reimbursement of actual, reasonable, and documented out-of-pocket expenses.

5. The FTCR shall not be liable for any damages or have any obligation other than as prescribed by order of this Court; provided, however, that the FTCR may be liable for damages caused by willful misconduct or gross negligence. The FTCR shall not be liable to any person as a result of any action or omission taken or made in good faith. The Debtor shall indemnify, defend, and hold harmless Ms. Ellis and her professionals (each, individually, an "Indemnified Party") from all claims against any of them, and all losses, claims, damages, or liabilities (or actions in respect thereof) to which any of them may become subject, as a result of or in connection with such party rendering services pursuant to this Order or to the FTCR, unless and until it is finally judicially determined that such losses, claims, damages, or liabilities were caused by willful misconduct or gross negligence on the part of such Indemnified Party. If before the earlier of (a) the entry of an order confirming a plan of reorganization in this chapter 11 case, and such order having become final and no longer subject to appeal, and (b) the entry of an order closing this chapter 11 case, an Indemnified Party believes that he, she, or it is entitled to payment of any amount by the Debtor on account of the Debtor's obligations to indemnify,

NAI-1527738057v9

defend, and hold harmless as set forth herein, including, without limitation, the advancement of defense costs, the Indemnified Party must file an application for such amounts with the Court, and the Debtor may not pay any such amounts to the Indemnified Party before the entry of an order by the Court authorizing such payments.  The preceding sentence is intended to specify the period of time during which the Court has jurisdiction over the Debtor's obligations to indemnify, defend, and hold harmless as set forth herein, and is not a limitation on the duration of the Debtor's obligation to indemnify any Indemnified Party.  In the event that a cause of action is asserted against any Indemnified Party arising out of or relating to the performance of his, her, or its duties pursuant to this Order or to the FTCR, the Indemnified Party shall have the right to choose his, her, or its own counsel.  For the avoidance of doubt, gross negligence, willful misconduct, bad faith, or fraud on the part of one Indemnified Party shall not preclude indemnification for the other Indemnified Parties.  Any such indemnification shall be an allowed administrative expense under section 503(b) of the Bankruptcy Code and shall be paid upon application to and approval of this Court.

      6.     Ms. Ellis and any Court-approved counsel retained by Ms. Ellis in her role as FTCR shall have the right to receive all notices and pleadings that are required to be served upon any statutory committee and its counsel pursuant to applicable law or an order of the Court.

NAI-1527738057v9

7. Unless otherwise ordered by this Court or as provided for in any confirmed plan of reorganization, Ms. Ellis' appointment as FTCR shall terminate upon the effective date of a plan of reorganization in this chapter 11 case or otherwise by written resignation or incapacity to serve.

8. The Debtor and Ms. Ellis are authorized to obtain Future Claimants' Representative Liability Insurance, the cost of which is expected to be approximately $100,000 per year and which shall be paid directly by the Debtor, without further Court approval.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

NAI-1527738057v9