**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

---

In re:

LTL MANAGEMENT LLC,[1]

            Debtor.

Chapter 11

Case No.: 21-30589

Judge: Michael B. Kaplan

**NOTICE OF FILING OF ORDINARY COURSE
PROCESSIONALS QUARTERLY REPORT FOR THE
PERIOD JANUARY 1, 2022 THROUGH MARCH 31, 2022**

PLEASE TAKE NOTICE OF THE FOLLOWING:

    1.    In accordance with the *Order Authorizing the Retention and*

*Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business*

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[Dkt. 849] (the "OCP Order")[2] and the procedures established therein, LTL Management LLC, the debtor in the above-captioned chapter 11 case (the "Debtor"), submits the following report of payments to Ordinary Course Professionals (the "OCP Report") for the period from January 1, 2022 through and including March 31, 2022.  As set forth below, the Debtor has complied with the OCP Procedures during that period.

2. As of the date of this OCP Report, for the period from January 1, 2022 through and including March 31, 2022, the Debtor has sought to retain various Ordinary Course Professionals,[3] and the Debtor has made no payments to Ordinary Course Professionals.

3. Pursuant to paragraph 3(i) of the OCP Order, future OCP Reports will set forth the following with respect to each applicable Ordinary Course Professional:  (a) the name

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the *Debtor's Motion for an Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business* [Dkt. 12].

[3] See *Declaration of Butler Snow LLP*, Dkt. 1974 (local counsel in talc-related personal injury lawsuits and a Mississippi Consumer Protection Act action filed by the state of Mississippi); *Declaration of Faegre Drinker Biddle & Reath LLP*, Dkt. 1557 (lead defense counsel in multi-district litigation and coordinated proceedings in New Jersey, local counsel in talc-related personal injury and Delaware counsel in the Imerys chapter 11 cases (Bankr. D. Del. No. 19-10289)); *Declaration of Foliart, Huff, Ottaway & Bottom*, Dkt. 1723 (local counsel in talc-related personal injury lawsuits); *Declaration of HeplerBroom LLC*, Dkt. 1733 (local counsel in talc-related personal injury lawsuits); *Declaration of Kaplan, Johnson, Abate & Bird LLP*, Dkt. 1675 (local counsel in talc-related personal injury lawsuits and related pending appeal); *Declaration of Kelley Jasons McGowan Spinelli Hanna & Reber, LLP*, Dkt. 1732 (local counsel in talc-related personal injury lawsuits); *Declaration of Lewis Brisbois Bisgaard & Smith, LLP*, Dkt. 1674 (local counsel in talc-related personal injury lawsuits); *Declaration of Milligan & Herns*, PC, Dkt. 1619 (local counsel in talc-related personal injury lawsuits); *Declaration of Patterson Belknap Webb & Tyler LLP*, Dkts. 1066, 1555 (local counsel in talc-related personal injury lawsuits and related pending appeal); *Declaration of Quattlebaum, Grooms, & Tull PLLC*, Dkt. 2154 (local counsel in talc-related personal injury lawsuits); *Declaration of Schwabe, Williamson & Wyatt*, Dkt. 1908 (local counsel in talc-related personal injury lawsuits); *Declaration of Sills Cummis & Gross P.C.*, Dkt. 1310 (co-counsel in consolidate appeal related to talc-related personal injury lawsuits); and *Declaration of Swartz Campbell LLC*, Dkt. 1766 (local counsel in talc-related personal injury lawsuits).

The United States Trustee has provided informal comments regarding the retention of (i) Foliart, Huff, Ottaway & Bottom, (ii) HeplerBroom LLC, (iii) Kelley Jasons McGowan Spinelli Hanna & Reber, LLP, (iv) Milligan & Herns PC, (v) Lewis Brisbois Bisgaard & Smith LLP, (vi) Schwabe, Williamson & Wyatt and (vii) Swartz Campbell LLC.

The objection period for parties-in-interest to object to the retention of Quattlebaum, Grooms, & Tull PLLC under the OCP Order has not yet run.

of the Ordinary Course Professional; (b) the aggregate amounts of fees and expenses incurred by such Ordinary Course Professional and paid by the Debtor during the reported Quarter;[4] (c) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the reported Quarter; and (d) a description of the services rendered by each Ordinary Course Professional during the Quarter.

Dated: April 29, 2022

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo, Esq.*
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

---

[4] To the extent an Ordinary Course Professional has not yet invoiced the Debtor for amounts incurred, or an invoice submitted by an Ordinary Course Professional was not in the proper format as of the time of this report, such amounts are not included herein and will be included when, and if, the Ordinary Course Professional submits appropriate invoices to the Debtor.