Stephen V. Gimigliano
John Maloney
Robin Rabinowitz
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360

Andrew T. Frankel
Kathrine A. McLendon (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

Attorneys for Travelers Casualty and Surety Company
(f/k/a The Aetna Casualty and Surety Company)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>Debtor.[1] | Case No. 21-30589 (MBK)<br><br>Chapter 11<br><br>Hon. Michael B. Kaplan, U.S.B.J.<br><br>Hearing: May 4, 2022 |

**REPLY IN FURTHER SUPPORT OF APPLICATION TO SEAL THE MEMORANDUM OF LAW AND CERTAIN ACCOMPANYING EXHIBITS IN SUPPORT OF TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION FOR AN ORDER ADDING TRAVELERS AS A MEDIATION PARTY OR, IN THE ALTERNATIVE, <u>MODIFYING THE MEDIATION ORDER</u>**

Travelers Casualty and Surety Company ("Travelers"), by its undersigned counsel, hereby submits this response in further support of its Motion to Seal Travelers' Memorandum of Law in Support of Travelers Casualty and Surety Company's Motion for an Order Adding

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

Travelers as a Mediation Party or, in the Alternative, Modifying the Mediation Order and Exhibits C–H to the Declaration of John Maloney (the "Motion to Seal").[2] In further support of this motion, Travelers states as follows:

## ARGUMENT

In conjunction with its motion to modify the Court's March 18, 2022 mediation order (the "Mediation Order"), Travelers, in full compliance with the terms of this Court's order governing the treatment and protection of confidential material exchanged in the course of this chapter 11 case, *see* Order, ECF No. 948 (hereafter the "Protective Order") moved to file under seal certain portions of Travelers' supporting brief and certain accompanying exhibits that were designated as protected confidential information by the Debtor. This information included certain insurance information and correspondence between Travelers and counsel for Johnson & Johnson ("J&J") as background for the Court and Debtor to consider the context of the Travelers Motion, but are not essential to the Court's legal analysis of Travelers' arguments in favor of being added as a party to the mediation or to modifying the terms of the Mediation Order's confidentiality provisions.

The terms of this Court's Protective Order are clear: "Confidential Information" is designated as such by a disclosing party upon that party's good faith belief that the document or information "contains confidential, proprietary or commercially sensitive information, including but not limited to, (a) trade secrets, (b) confidential, proprietary business information and (c) information implicating an individual's legitimate expectation of privacy, including medical information and social security numbers." Order, ECF No. 948 at 3 (Dec. 21, 2021). Information so designated therefore presumptively falls within the scope of 11 U.S.C. § 107(b),

---

[2] Defined terms not explicitly defined herein have the same meaning as defined in the Motion to Seal, ECF No. 1901 (Mar. 29, 2022).

which authorizes filing confidential commercial information under seal. The Protective Order provides that a party wishing to use such confidential material "in any motions, briefs, pleadings and/or other documents filed in the Bankruptcy Court" must either obtain the designating party's consent to publicly disclose the information or file a motion to seal the confidential information. *See id.* at 13-14. The Protective Order specifies that: "For any Motion to Seal filed pursuant to this subpart [(ii)], *D.N.J. LBR 9018-1(b) is hereby modified so that the motion must only include a statement that Covered Information is subject to this Protective Order*." *Id.* at 14 (emphasis added). The Protective Order therefore does more than simply impose obligations on parties to protect confidential information received in the course of the case, as would be the case for any protective order entered pursuant to Fed. R. Civ. P. 26(c). The Protective Order also modifies and streamlines the procedure for filing such information under seal.

In compliance with these Court-ordered procedures, Travelers filed redacted copies of the Travelers Motion and accompanying exhibits and filed the Motion to Seal stating that the redacted materials in question contained Covered Information designated by the Debtor under the terms of the Protective Order. Thus, by the terms of this Court's Protective Order, the confidential information at issue in the Motion to Seal is subject to 11 U.S.C. § 107(b) and, as the U.S. Trustee correctly explains, "if a paper falls within one of the express exceptions in § 107(b), on the request of a party in interest, the bankruptcy court *shall* protect a person." Obj., ECF No. 2183, at 4 (Apr. 27, 2022) (quoting *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007)). Therefore, contrary to the U.S. Trustee's arguments, the Protective Order does not "expand [the Court's] ability to limit access to papers beyond the powers conferred in §107" or "provide a separate basis for relief," but rather defines and describes what materials are properly protected by the Court's Section 107 powers. *See, e.g., In re Newstarcom*

3

*Holdings, Inc.*, 514 B.R. 394, 397 (Bankr. D. Del. 2014) (noting that "the Court approved the parties' Stipulated Protective Order, allowing the parties to file Confidential Material, and Highly Confidential Material, under seal without filing a separate motion to that effect").

Regardless of the terms of the Protective Order—which are dispositive here—there is good cause to maintain redacted information and exhibits accompanying the Travelers Motion under seal. The Third Circuit recognizes a distinction between judicial records, to which the right of public access ordinarily applies, and discovery materials, which "do not fall within the common law right of access." *See N.J. Media Grp. Inc. v. U.S.*, 836 F.3d 421, 436 (3d Cir. 2016). Thus, the Third Circuit has determined that mere inclusion of discovery materials in a judicial filing does not subject those materials to public access, but rather the right of public access turns on the court's use of such materials. *Id.* at 435. Furthermore, the Travelers Motion is not a filing in support of a "dispositive motion[] or trial" subject to the heightened standards described in *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447-48 (D. Mass. 2015); as recognized in authorities cited by the U.S. Trustee, the public has a limited interest in confidential materials filed in connection with non-dispositive and discovery-related motions. *See, e.g.*, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials. . . . In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.").

Here, the confidential information at issue consists of discovery materials in this case; the details of Travelers' insurance relationship and confidential correspondence between Travelers and its insured produced by the Debtor in response to discovery requests by creditors. This information is entitled to protection because it reflects Travelers and J&J's confidential

4

assessments of talc claims against J&J, J&J's litigation strategy in the underlying cases, and the parties' respective interpretations of provisions of confidential insurance policies. These letters contain settlement amounts for specific claims, which themselves may be subject to confidentiality provisions included in the settlement agreements, and discussion of privileged and confidential settlement negotiations between Johnson & Johnson and talc plaintiffs. The insurance policies at issue are uncertified—this means that they may contain notes, proposed endorsements, premium calculations or other information that was not ultimately made part of the insurance policy. They also may be missing endorsements that were included in the policy. Making public these uncertified insurance policies not only exposes trade secrets and confidential information, such as Travelers' premium calculations, but also creates the false impression that the version of the policy produced by the Debtor in this bankruptcy case is the complete and accurate contract between J&J and Travelers. Unrestricted public access to such information would tend to chill full and frank conversations regarding insurance coverage and litigation strategy between insurers and insureds, and interfere with attempts to resolve coverage disputes outside of court. Unrestricted public access may also reveal confidential business information of both the insurer and the insured, including the respective claims handling processes of the insurer and insured and pre-petition litigation strategies concerning the insured's ongoing defense. Indeed, pursuant to the common interest privilege, such conversations are often entitled to the same protections as attorney-client privilege communications. *See, e.g., Alit (No. 1) Ltd. v. Brooks Ins. Agency*, 2012 WL 959332, at *11 (D.N.J. Mar. 21, 2012) (finding that an insurer and insured shared a common interest because of their "common goal of defeating the underlying third party claim"). The need to protect such information outweighs the minimal public interest in access to information appended to a non-dispositive motion. Here, the

5

confidential information provides context and background for the Travelers Motion, but is not required for the "performance of the judicial function" because the Court may resolve Travelers' request to modify the terms of the Court's mediation order as a matter of law and an exercise of the Court's discretion.[3]  In these circumstances, the Court should seal the confidential information at issue in the Motion to Seal pursuant to its authority under Section 105, Section 107(b), and Fed. R. Bankr. P. 9018.

## CONCLUSION

Travelers respectfully requests that this Court enter the proposed order granting the Motion to Seal, and grant such other and further relief as may be just and proper.  In the alternative, should the Court deny the Motion to Seal, Travelers respectfully requests the motion be denied without prejudice to re-file in compliance with such additional procedures and/or modifications to the Protective Order as the Court may deem appropriate.

Dated:   May 2, 2022

Respectfully submitted,

*/s/ John Maloney*
Stephen V. Gimigliano
John Maloney
Robin Rabinowitz
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
sgimigliano@lawgmm.com
jmaloney@lawgmm.com
rrabinowitz@lawgmm.com

---

[3] As Travelers understands that the Debtor and TCC do not object to that portion of the Travelers Motion seeking the addition of Travelers to the Mediation Order as a mediating party, the Court need not rely on any confidential materials in connection with granting such relief.

Andrew T. Frankel
Kathrine A. McLendon (*pro hac vice*)
SIMPSON THACHER & BARTLETT, LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
afrankel@stblaw.com
kmclendon@stblaw.com

Attorneys for Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)