# LITE DEPALMA
# GREENBERG &
# AFANADOR

570 Broad Street  /  Suite 1201  /  Newark, NJ 07102
973.623.3000 Main  /  973.623.0858 Fax  /  litedepalma.com

Newark  /  Philadelphia

Allen J. Underwood II, Esq.
aunderwood@litedepalma.com

May 3, 2022

***VIA CMF-ECF ELECTRONIC FILING***
The Honorable Michael B. Kaplan,
Chief Judge United States Bankruptcy Court
For the District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ 08608
Courtroom #8

**Re:**   *In re: LTL Management LLC*
Docket No. 21-30589 (MBK)
Request of DiSanto Canadian Plaintiff to Participate in Mediation

Dear Judge Kaplan:

This Firm is US Bankruptcy co-counsel to the representative plaintiff in the Canadian putative class action of *DiSanto v Johnson & Johnson*, Alberta Court of Queen's Bench (File Number 1901-11748)("*DiSanto*"). Previously, *DiSanto* filed a *Joinder* with this Court dated April 8, 2022 seeking to be made a part of the Mediation process (CM/ECF Docket Entry 2027).

Thereafter, on April 27, 2022, the Baker putative Canadian Class Action (Ontario)("*Baker*")(who upon information had not previously appeared in the case) filed an *Application to Appear Pro Hac Vice* (CM/ECF 2174), and an *Opposition* to the *DiSanto Joinder* (CM/ECF Docket Entry 2175).

As well, On April 27, 2022, the Official Committee of Talc Creditors filed a *Limited Opposition* to the *DiSanto Joinder* (CM/ECF 2180).  Since before April 27, 2022, *DiSanto* had been communicating and working with the Committee, and later all proposed Mediation parties, and later still the *Baker* party, with respect to an agreeable, consensual Mediation Order.

These communications continue and have been detailed and involved.  At present, the Debtor has circulated a proposed form of Mediation Order which in principal is agreeable to *DiSanto*. As of a ZOOM call yesterday afternoon and communications of today, *DiSanto* has proposed to all other proposed Mediation Parties additional language including *Baker*, and another Canadian putative class who has also now been in communication, *Williamson v. Johnson & Johnson*, British Columbia Supreme Court (Case No. 179011)("*Williamson*") as Mediation Parties. Respectfully, the inclusion of three different provincial putative classes in the Mediation

496377.2

**LITE DEPALMA**
**GREENBERG &**
**AFANADOR**

should resolve the bulk of the concerns voiced by the Committee in its *Limited Objection*. Moreover, it is hoped that the inclusion of *Baker* will cause a withdrawal of the *Baker Opposition* to the *DiSanto Joinder*. Finally it is hoped that *DiSanto*, *Baker* and *Williamson* will work together to assist and achieve a streamlined and efficient Mediation that is also representative of Canadian interests from the start, and directed toward a confirmable Plan.

Hopefully by the hearing tomorrow, all parties will have reached agreement as to a consensual Mediation Order, and hopefully nothing more need be said about the matter. Nevertheless, if agreement is not reached as to a proposed Mediation Order, *DiSanto* reserves all rights to argue tomorrow in support of its *Joinder*, and against the filed *Baker Opposition* and the *Committee's Limited Opposition*, that *DiSanto* should nevertheless be included as a Mediation Party under any entered Mediation Order, as initially described in detail in the *DiSanto Joinder*, and as may be stated on the record tomorrow.

Respectfully Submitted,

*/s/ Allen J. Underwood II*

Allen J. Underwood II

Cc: Canadian Counsel for *Williamson v. Johnson & Johnson*