**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**WOMBLE BOND DICKINSON (US) LLP**
Ericka F. Johnson (NJ #032162007)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4337
Email: ericka.johnson@wbd-us.com

*Counsel for Ad Hoc Committee of States*

|  |  |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>Debtor.[1] | Case No.: 21-30589 (MBK)<br><br>Chapter: 11<br><br>(Jointly Administered)<br><br>Hon. Michael B. Kaplan |

**VERIFIED STATEMENT OF THE AD HOC COMMITTEE**
**OF STATES HOLDING CONSUMER PROTECTION CLAIMS**
**PURSUANT TO BANKRUPTCY RULE 2019**

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Womble Bond Dickinson (US) LLP ("Ad Hoc Committee Counsel"), counsel to the Ad Hoc Committee of States Holding Consumer Protection Claims ("Ad Hoc Committee of States"), hereby submits this verified statement (the "Verified Statement") in the Chapter 11 case (the "Bankruptcy Case") of LTL Management LLC (the "Debtor"), and in support thereof states as follows:

1.     The Ad Hoc Committee of States was initially formed on or about March 15, 2022, and retained Ad Hoc Committee Counsel to represent the Ad Hoc Committee of States in

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

connection with consumer protection claims alleged or asserted by the members of the Ad Hoc Committee of States against the Debtor or predecessors or affiliates of the Debtor under applicable state law.

2.    The Ad Hoc Committee of States currently consists of the parties-in-interest set forth in Exhibit A (each a "Member State").  As disclosed on Exhibit A, each Member State is a party-in-interest and holds claims and interests against the Debtor and certain of its non-debtor affiliates that may include, but are not necessarily limited to, unsecured claims in unliquidated amounts and entitlement to equitable and other injunctive relief.

3.    The agreement establishing the Ad Hoc Committee of States is attached hereto as Exhibit B.

4.    Nothing contained in this Verified Statement (or Exhibits A and B hereto) is intended to, nor should be construed to, constitute (a) a waiver or release of any claims filed or to be filed against, or interests in, the Debtor held by any Member State or any other entity, (b) a waiver of the sovereignty of any state that may be a member of the Ad Hoc Committee of States, (c) a waiver or consent to the jurisdiction of the Bankruptcy Court; or (d) an admission with respect to any fact or legal theory.  Nothing herein should be construed as a limitation upon, or waiver of, any rights of any Member State to assert, file and/or amend any proof of claim in accordance with applicable law and any Orders entered in this Bankruptcy Case.

5.    Other than as described herein, the Member States and the Ad Hoc Committee of States do not purport to act, represent, or speak on behalf of any other entities in connection with the Bankruptcy Case.

6.    The undersigned declares under penalty of perjury that this Verified Statement is true and accurate to the best of her knowledge, information and belief.

7.     Ad Hoc Committee Counsel reserves the right to amend or supplement this

Amended Verified Statement as necessary, in accordance with Bankruptcy Rule 2019.


Dated: May 10, 2022.                    By:     */s/ Ericka F. Johnson*
                                                Ericka F. Johnson (NJ #032162007)
                                                Womble Bond Dickinson (US) LLP
                                                1313 N. Market Street, Suite 1200
                                                Wilmington, Delaware 19801
                                                Telephone: (302) 252-4337
                                                Email: ericka.johnson@wbd-us.com

                                                *Counsel for the Ad Hoc Committee of States*

**EXHIBIT A**

## Disposable Economic & Other Interests[2]

| Ad Hoc Committee Member & Address | Claim and/or Interest |
|---|---|
| Alabama<br>Office of the Alabama Attorney General<br>501 Washington Avenue<br>Montgomery, AL 36104 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Alaska<br>Alaska Department of Law<br>1031 West 4th Ave, Suite 200<br>Anchorage, AK 99501 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Arizona<br>Office of the Arizona Attorney General<br>2005 N. Central Ave.<br>Phoenix, AZ 85004 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Arkansas<br>Arkansas Attorney General's Office<br>323 Center Street, Suite 200<br>Little Rock, AR 72201 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Colorado<br>Colorado Attorney General's Office<br>3904 S. Oneida Street<br>Denver, CO 80202 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Connecticut<br>Connecticut Attorney General's Office<br>165 Capitol Ave., 4th Floor<br>Hartford, CT 06106 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Delaware<br>Delaware Department of Justice<br>820 N. French Street, 5th Floor<br>Wilmington, DE 19801 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Florida<br>Office of the Florida Attorney General<br>110 SE 6th Street, 10th Floor<br>Fort Lauderdale, FL 33301 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Georgia<br>Georgia Attorney General's Office-<br>Consumer Protection Division<br>2 Martin Luther King, Jr. Drive, Suite 356<br>Atlanta, GA 30334 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |

---

[2] To the best of Ad Hoc Committee Counsel's knowledge, the information herein is accurate as of the date hereof.

| | |
|---|---|
| Hawaii<br>State of Hawaii, Office of Consumer Protection<br>235 S. Beretania St., #801<br>Honolulu, HI 96813 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Idaho<br>Idaho Office of the Attorney General<br>954 W. Jefferson St., 2nd Fl, P.O. Box 83720<br>Boise, ID 83720-0010 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Illinois<br>Office of the Attorney General of the State of Illinois<br>100 W. Randolph Street<br>Chicago, IL 60601 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Iowa<br>Iowa Attorney General's Office<br>1305 East Walnut Street, 2nd Floor<br>Des Moines, IA 50319 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Kansas<br>Kansas Attorney General Consumer Protection Division<br>120 SW 10th Ave<br>Topeka, KS 66612 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Kentucky<br>Kentucky Office of the Attorney General<br>1024 Capitol Center Drive<br>Frankfort, KY 40601 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Maine<br>Office of the Maine Attorney General<br>6 State House Station<br>Augusta, ME 04333 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Maryland<br>Office of the Attorney General of Maryland<br>200 St. Paul Place, 16th Floor<br>Baltimore, MD 21202 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Massachusetts<br>Commonwealth of Massachusetts, Office of the Attorney General<br>One Ashburton Pl.<br>Boston, MA 02108 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Michigan<br>Michigan Attorney General<br>525 W. Ottawa Street<br>Lansing, MI 48933 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |

| Minnesota<br>Minnesota Attorney General's Office<br>445 Minnesota Street, Suite 1200<br>St. Paul, MN 55101 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
|---|---|
| Mississippi<br>Mississippi Attorney General's Office<br>Post Office Box 220<br>Jackson, MS 39205 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Montana<br>Montana Office of Consumer Protection<br>P.O. Box 200151<br>Helena, MT 59620-0151 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Nebraska<br>Nebraska Department of Justice- Office of the Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Nevada<br>Office of the Attorney General of Nevada<br>100 N. Carson St.<br>Carson City, NV 89701 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| New Hampshire<br>New Hampshire Attorney General's Office<br>33 Capitol Street<br>Concord, NH 03301 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| New Jersey<br>New Jersey Office of the Attorney General, Division of Law<br>124 Halsey St.<br>Newark, NJ 07101 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| New York<br>New York State Attorney General<br>28 Liberty Street<br>New York, NY 10005 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| North Carolina<br>North Carolina Department of Justice, Consumer Protection Division<br>114 West Edenton Street<br>Raleigh, NC 27603 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| North Dakota<br>Office of Attorney General, State of North Dakota<br>1720 Burlington Drive, Suite C<br>Bismarck, ND 58504-7736 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |

| | |
|---|---|
| Ohio<br>Ohio Attorney General's Office<br>Consumer Protection Section<br>30 East Broad Street, 14th Floor<br>Columbus, OH 43215 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Oklahoma<br>Oklahoma Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Oregon<br>Oregon Department of Justice<br>100 SW Market St.<br>Portland, OR 97034 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Rhode Island<br>Office of the Attorney General- State of Rhode Island<br>150 South Main Street<br>Providence, RI 02903 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| South Dakota<br>South Dakota Attorney General's Office<br>1302 E. Hwy. 14, Ste. 1<br>Pierre, SD 57501 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Texas<br>Office of the Attorney General of Texas<br>808 Travis, Suite 1520<br>Houston, TX 77002 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Utah<br>Utah Attorney General's Office, counsel for the Utah Division of Consumer Protection<br>PO Box 140872<br>Salt Lake City, UT 84114-0872 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Vermont<br>Vermont Attorney General's Office<br>109 State Street<br>Montpelier, VT 05609-1001 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Virginia<br>Office of the Attorney General of Virginia<br>202 N. 9th St.<br>Richmond, VA 23219 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Washington<br>Washington Attorney General<br>800 Fifth Ave #2000<br>Seattle, WA 98104 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |

| Washington, D.C.<br>Office of the Attorney General for the District of Columbia<br>400 6th Street, N.W., 10th Floor<br>Washington, DC 20001 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| --- | --- |
| West Virginia<br>West Virginia Attorney General's Office<br>1900 Kanawha Boulevard, East<br>Building 6, Suite 401<br>State Capitol Complex<br>Charleston, WV 25305 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |
| Wisconsin<br>Wisconsin Department of Justice<br>17 West Main Street<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857 | Unliquidated Claims Under State Consumer Protection Laws and Potentially Other Applicable State Law |

**EXHIBIT B**

**AGREEMENT FORMING AD HOC COMMITTEE OF STATES HOLDING
CONSUMER PROTECTION CLAIMS**

**<u>RECITALS</u>**

This agreement dated as of March 15, 2022 (this "<u>Agreement</u>") forms the Ad Hoc Committee of States Holding Consumer Protection Claims, and provides as follows:

WHEREAS, on or about October 14, 2021 (the "<u>Petition Date</u>"), LTL Management LLC (the "<u>Debtor</u>") filed a petition under 11 U.S.C. § 101 et seq. (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Western District of North Carolina, Case No. 21-30589 (JCW), venue over which was subsequently transferred to the Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>"), Case No. 21-30589 (MBK); and

WHEREAS certain States hold claims for monetary and injunctive relief against the Debtor arising from violations of applicable state consumer protection laws in connection with the sale of talc-containing products (the "<u>Consumer Protection Claims</u>"), which have been the subject of a multi-state investigation of the Debtor (specifically, the Debtor's predecessor) and its ultimate parent, Johnson & Johnson, Inc. (the "<u>Multi-State Investigation</u>"), and

WHEREAS certain States (which shall include but not be limited to the respective offices of attorneys general, state auditors, comptrollers, and/or other state regulatory agencies of each of the States) (hereinafter the "<u>Members</u>" and each a "<u>Member</u>") that hold Consumer Protection Claims hereby form the Ad Hoc Committee of States Holding Consumer Protection Claims (the "<u>Ad Hoc Committee</u>") in connection with the Bankruptcy Case; and

WHEREAS each Member adopts and agrees to be bound by this Agreement as noted by its counterpart signature hereto.

## ARTICLE 1:  COMMITTEE MEMBERSHIP

**1.1**    **<u>Membership</u>**. The Members initially consist of the States identified by their signature pages to this Agreement. Additional States, Commonwealths or Territories may join the Ad Hoc Committee and become Members, with all attendant rights and duties, with the majority consent of the Executive Committee and upon the delivery of their counterpart signatures to this Agreement.

**1.2**    **<u>Resignation</u>**. Subject to the obligations of Section 3.5 below, a Member (including an Executive Committee Member) may resign at any time by giving written notice to the Executive Committee (who will promptly inform all Members of the Ad Hoc Committee). Any Member who does not agree to support a Plan in the Bankruptcy Case or other agreement concerning the treatment of the Consumer Protection Claims (a "<u>Settlement</u>") that the Executive Committee, by majority vote, recommends to the Members shall be deemed to have resigned, effective immediately, from the Ad Hoc Committee.

**<u>ARTICLE 2: THE EXECUTIVE  COMMITTEE</u><u>Creation and Replacement</u>**. An executive committee of the Ad Hoc Committee shall be established consisting of Members previously serving as members of the Executive Committee of the Multi-State Investigation (the "<u>Executive Committee</u>"). It is recognized that Members of the Executive Committee may resign from the Executive Committee (regardless of whether they resign as Members of the Ad Hoc Committee). Upon the resignation of an Executive Committee Member, the Executive Committee shall

continue to perform all its functions with its reduced number of Members (disregarding such vacancy for purposes of determining a majority). The Executive Committee may replace any resigned Executive Committee Member by a majority vote.

**2.2**   **Executive Committee Duties**.  The Executive  Committee is charged with day-to-day  governance  of the Ad Hoc Committee,  including, without limitation, (i) responsibility for negotiating with the Debtor and other parties-in-interest regarding  the treatment of the Consumer Protection  Claims as part of a Plan or other Settlement, but the Executive Committee shall not have the authority to enter into any Settlement on behalf of the Ad Hoc Committee or any Member, (ii) communications with the Debtor and other parties-in-interest, (iii) instructions to Legal Counsel[1], (iv) review and approval of invoices received from Legal Counsel, (v) approval of papers and other submissions to the Bankruptcy Court,  and (vi) general  strategy  in connection with the Bankruptcy Case.

**2.3**   **Executive Committee Reporting**.  The Executive Committee shall  regularly report  to all Members on proceedings in the Bankruptcy Case that relate to the Consumer Protection Claims, any Plan or other Settlement, and all other matters that may affect the Consumer Protection Claims.

## ARTICLE 3:   LEGAL COUNSEL

**3.1**   **Retention of Legal Counsel**. Contemporaneously with its formation, the Ad Hoc Committee has retained Womble Bond Dickinson (US) LLP ("Womble") as its legal counsel in connection with the Bankruptcy Case, pursuant to a Legal Services Retention Agreement dated February __, 2022 (the "Womble Retention Agreement").  Contemporaneously with their execution of this Agreement, each Member shall execute the Womble Retention Agreement. Notwithstanding the foregoing, if any Member fails to sign the Womble Retention Agreement, it is bound nonetheless to the terms of the Womble Retention Agreement by its execution of this Agreement while it remains a Member hereunder.

**3.2**   **Replacement Counsel**. In the event the Womble Retention Agreement is terminated for any reason, each Member  agrees to be bound by the terms of  any retention agreement  with a replacement law firm selected by the majority of the Executive Committee (such replacement counsel, if any, together with Womble, the "Legal Counsel") as long as such retention agreement for replacement counsel does not materially modify the obligations, terms or conditions imposed by the Womble Retention Agreement.

**3.3**   **No Individual Retention**.  Notwithstanding  any other provision herein, no Member has, or shall be deemed to have, by virtue of its execution of the Womble Retention Agreement or this Agreement, retained Legal Counsel  in such Member's individual capacity, nor shall any Member be responsible for any fees of or disbursements to Legal Counsel, except as set forth in the Womble Retention Agreement or the retention agreement with any replacement law firm.

**3.4**   **Legal Counsel Reporting**.  Legal Counsel shall report to and take direction from the Executive Committee, except in circumstances where the Executive Committee directs Legal Counsel to report to the entire Ad Hoc Committee.

**3.5**   **Effect of Resignation**.  In the event any Member resigns from the Ad Hoc

---

[1] Capitalized terms used prior to definition shall have the mean ascribed to them elsewhere in the Agreement.

Committee as contemplated by Section 1.2 above, such resigning Member shall (1) be responsible for its pro rata share of the fees for services provided by Legal Counsel under the terms of the Womble Retention Agreement or the retention agreement with any replacement firm up to and until the effective date of such resignation and (2) remain subject to Article 4 of this Agreement.

## ARTICLE 4: COMMON INTEREST AND CONFIDENTIALITY

**4.1** **Common Interest**. The Members of the Ad Hoc Committee share a common interest concerning the treatment of the Consumer Protection Claims in the Bankruptcy Case.

**4.2** **Treatment of Confidential Committee Material**. In accordance with their common interest, all (a) information or documents generated by the Ad Hoc Committee (including the Executive Committee), or by the Legal Counsel for the Ad Hoc Committee, or by any Member or counsel to any Member for the use of the Ad Hoc Committee (collectively, "Committee Work Product") and (b) communications among any or all Members in their capacity as such and communications among any or all of the Members and Legal Counsel (collectively, "Committee Communications," and together with Committee Work Product, "Confidential Committee Material"), shall, except as otherwise provided herein and only to the extent permitted by law, (i) be treated as subject to the attorney-client privilege, attorney work-product privilege, deliberative process privilege, or any other legal privilege applicable thereto; (ii) be kept confidential in substantially the same manner as the Member would keep similar internal material; and (iii) not be disclosed without approval of the Ad Hoc Committee in any manner whatsoever.[2] The Ad Hoc Committee, and not any individual Member, has authority to waive any applicable privilege. This Section shall survive the termination of this Agreement and may be enforced by any affected State, Commonwealth or Territory that was or is a Member.

**4.3** **Permitted Disclosure**. Notwithstanding the foregoing, a Member (or if applicable, the Ad Hoc Committee) may share or disclose any Confidential Committee Material: (a) with other Members in their capacity as a Member; (b) with the Members' professionals, including legal and compliance personnel; (c) with the Member's regulators, attorneys, financial consultants, outside auditors, investment committee members, other professionals, or agents; (d) with third parties, when a Member is obligated to do so by court order, judicial process, regulatory proceeding, upon a legally valid request of any state legislative body, or under a state's public records laws or freedom of information laws, with each such exception to be consistent with and subject to all laws and regulations pertaining to non-public information including public securities laws. If a Member is served with a subpoena or other process or request seeking or requiring disclosure of Confidential Committee Material, such Member shall provide written notice to Legal Counsel prior to such disclosure, cooperate with Legal Counsel to respond to the request or process, and take all reasonable and necessary steps to prevent or restrict disclosure, to the extent permitted by law.

---

[2] For the avoidance of doubt, Confidential Committee Material shall not include information (i) that was in the possession of a Member on a non-confidential basis prior to the receipt of such information in its capacity as a Member, (ii) that is separately received on a non-confidential basis by a Member in a separate capacity, (iii) that is or becomes generally available  to the public other than as a result of a breach of this Agreement, or (iv) that becomes independently available to a Member by other means so long as the Member's receipt of such information is not governed, to such Member's knowledge, by any other confidentiality provisions or agreements.

## ARTICLE 5:  GENERAL PROVISIONS

**5.1**     **Governing Law and Jurisdiction**. This Agreement shall be governed by, interpreted under, and construed in accordance with the laws of the State of New York, without giving effect to the conflict of laws principles of that State. However, all issues of law relating to the governmental authority, the sovereign immunity and/or the liability of a Member, acting by and through its Attorney General, shall be resolved and enforced in accordance with the law of the state of such Member, without resort to any jurisdiction's conflicts of law principles or rules. Nothing in this Agreement shall be construed as a waiver of any Member's right to be subject to suit only in its own courts. Further, each Member, its Attorney General, and its officers, agents, and employees shall be subject to no liability or obligation arising out of this Agreement that would not be recognized and enforced against them by its own courts.

**5.2**     **No Waiver**. The failure to insist on the strict performance of this Agreement shall not constitute waiver of any breach of this Agreement.

**5.3**     **Invalidity**. If any provision of this Agreement or its application to any Member, persons or circumstances shall, to any extent, be judicially determined to be invalid or unenforceable, the remainder of this Agreement shall not be affected, and each other provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

**5.4**     **Headings**. Section headings are for convenience only and shall not be used to interpret the scope or intent of this Agreement.

**5.5**     **Entire Agreement**. This Agreement represents the entire agreement between the parties and supersedes the parties' prior proposals, agreements, arrangements, and other communications with request to the subject matter of this Agreement.

**5.6**     **Amendment**. No amendment of this Agreement shall be effective and binding unless it is in writing and is signed by duly authorized representatives of each of the Members of the Ad Hoc Committee.

**5.7**     **Signatories**. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Each signatory represents and warrants that such signatory has authority to enter into this Agreement and is acting in an official capacity. The facsimile, email, or other electronically delivered signatures of the parties shall be deemed to constitute acceptable binding signatures for purposes of this Agreement, and facsimile or electronic copies shall be deemed to constitute duplicate originals. Delivery of an executed counterpart of a signature page to this Agreement by scanned attachment to an email shall be as effective as delivery of a manually executed counterpart of a signature page of this Agreement.

**STATE OF ALABAMA**

By: _~Tina Coker Hammonds~_          Dated: _16 Mar 22_

      Tina Coker Hammonds
      Name

      Assistant Attorney General
      Title

      Alabama Attorney General's Office
      Organization

**STATE OF ALASKA**

By: _____          Dated: __3/15/ 22__

    John Haley_____
    Name

    Assistant Attorney General_____
    Title

    _Alaska Department of Law_____
    Organization

1

**STATE OF ARIZONA**

By: _____          Dated: ___03/04/2022_____

_____Mitchell  Allee_____
Name

_____Senior Litigation Counsel __
Title

___Arizona Attorney General's Office
Organization

**STATE OF ARKANSAS**

By:  _____       Dated: <u>3/18/2022</u>

       <u>Shannon Halijan                 </u>
       Name

       <u>Deputy Attorney General         </u>
       Title

       <u>Office of the Arkansas Attorney General</u>
       Organization

**STATE OF COLORADO**

By: _____*Mark T. Bailey*_____      Dated: 3/9/22


___Mark T. Bailey_____
Name


___Senior Assistant Attorney General II_____
Title


___Colorado Dept of Law_____
Organization

**STATE OF CONNECTICUT**

By:    _/s/Brendan T. Flynn_____Dated: _03/16/2022_____
       Brendan T. Flynn
       Assistant Attorney General
       Office of the Attorney General
       State of Connecticut

STATE OF DELAWARE

By: _____    Dated: __3/15/2022__

Ryan T. Costa
Name

Deputy Director of Consumer Protection
Title

Delaware Department of Justice
Organization

**STATE OF FLORIDA**

By: _____        Date:   __3/15/2022__

Diane Oates
Senior Assistant Attorney General
Multistate and Privacy Bureau
Florida Office of the Attorney General

**STATE OF GEORGIA**

By: _Christine E. Hom (HS)_       Dated: <u>April 19, 2022</u>

<u>Christine E. Hom</u>
Name

<u>Assistant Attorney General</u>
Title

<u>Georgia Department of Law – Consumer Protection Unit</u>
Organization

**STATE OF HAWAII OFFICE OF CONSUMER PROTECTION**

By:  _____  Dated:  __3/11/22_____

       Lisa P. Tong

       Enforcement Attorney

**STATE OF IDAHO**

By: _____     Dated: 3/8/2022

SHANTEL CHAPPLE KNOWLTON
Deputy Attorney General
Consumer Protection Division
Office of the Idaho Attorney General
954 W. Jefferson St.
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-4543
shantel.knowlton@ag.idaho.gov

**STATE OF ILLINOIS**

By: _____        Dated: _2/28/2022_____

  **_Greg Grzeskiewicz_____**
  Name

  **_Bureau Chief_____**
  Title

  **_Office of the Attorney General of the State of Illinois**
  Organization

**STATE OF IOWA**

By: _____          Dated: _3 - 31 - 22_

      Amy  Licht
      Name


      Assistant Attorney General
      Title


      Iowa Attorney General
      Organization

**STATE OF KANSAS**

By:    ___/s/Christopher Teters_____    Dated: __3/16/2022_____


    __Christopher Teters_____
    Name


    __Assistant Attorney General_____
    Title


    __Kansas Attorney General's Office_
    Organization

**COMMONWEALTH OF KENTUCKY**

By: _____     Dated: March 15, 2022

       Matthew Cocanougher
       Name

       Assistant Attorney General
       Title

       Kentucky Office of the Attorney General
       Office of Consumer Protection
       Organization

**STATE OF MAINE**

By: _____     Dated: _March 15, 2022_

Linda Conti_____
Name

Assistant Attorney General
Title

Office of the Maine Attorney General
Organization

**CONSUMER PROTECTION DIVISION**
**OFFICE OF THE ATTORNEY GENERAL OF MARYLAND**

By:                                                    Dated: March 10, 2022

       Lauren Calia
       Senior Assistant Attorney General
       Consumer Protection Division
       Office of the Attorney General of Maryland

**STATE OF MASSACHUSETTS**

By: _Michael Wong_                    Dated: _MARCH 15, 2022_

    Michael Wong_____
    Name

    Assistant Attorney General, Health Care Division_____
    Title

    Massachusetts Office of the Attorney General_____
    Organization

**STATE OF MICHIGAN**

By:  _____          Dated: ___3/25/2022___

    Carl Hammaker
_____
Name

    Assistant Attorney General
_____
Title

    Michigan Department of Attorney General
_____
Organization

**STATE OF MINNESOTA**

By:    **/s/ Evan Romanoff**                    Dated: March 9, 2022


        Name: Evan Romanoff


        Title: Assistant Attorney General


        Organization: Minnesota Attorney General's Office

**STATE OF MISSISSIPPI**

By: _____    Dated: 3/5/2022

    Ta'Shia S. Gordon_____
    Name

    Special Assistant Attorney General_____
    Title

    Office of the Mississippi Attorney General_____
    Organization

**STATE OF MONTANA**

By: _Josh M_ _____          Dated: _3-16-2022_

_Joshua Pierson_ _____
Name

_Assistant Attorney General_ _____
Title

_Office of Consumer Protection_ _____
Organization

**STATE OF NEBRASKA**

By: _____          Dated: _3/16/2022_

        Philip D. Carlson
        Chief, Consumer Protection Division
        Office of the Attorney General
        2115 State Capitol
        Lincoln, NE 68509-8920
        (402) 471-2811
        Phil.Carlson@nebraska.gov

**STATE OF NEVADA**

By: _____        Dated: 3/16/2022

_Sheri Ann Forbes_____
Name

_Senior Deputy Attorney General_____
Title

_Nevada Attorney General's Office_____
Organization

**STATE OF NEW HAMPSHIRE**

By: _____          Dated: _3/16/22_

_John M. Furmella_
Name

_Attorney General_
Title

_NH Department of Justice_
Organization

**STATE OF NEW JERSEY**

By: _Patricia Schiripa_               Dated: _3/16/22_

_Patricia Schiripa_
Name

_Deputy Attorney General_
Title

_NJ Office of the Attorney General_
Organization

**STATE OF NEW YORK**

By:    _Jane M. Azia_                              Dated: March 16, 2022

     Jane M. Azia
     Name


     Bureau Chief, Consumer Frauds and Protection
     Title


     New York State Attorney General's Office
     Organization

**STATE OF NORTH CAROLINA**

By:    /s/ Jonathan R. Marx_____          Dated: 02/25/2022_____


Jonathan R. Marx_____
Name


Special Deputy Attorney General____
Title


North Carolina Department of Justice_
Organization

**STATE OF NORTH DAKOTA**

By: _____        Dated: _3/8/2022_____

     Elin S. Alm_____
     Name

     Assistant Attorney General_____
     Title

     Office of Attorney General of North Dakota_
     Organization

**STATE OF OHIO**

By: _____     Dated:   March 1, 2022

        Michael S. Ziegler
        Name

        Principal Assistant Attorney General
        Title

        Ohio Attorney General's Office
        Organization

**JOHN M. O'CONNOR**
**ATTORNEY GENERAL FOR**
**THE STATE OF OKLAHOMA**

By:  _____        Dated:  March 16, 2022

Ethan Shaner, OBA #30916
Deputy Attorney General
Oklahoma Office of the Attorney General
313 N.E. 21st Street
Oklahoma City, OK  73105
Telephone:  (405) 521-3921
Fax:  (405) 522-0085
Email:  Ethan.Shaner@oag.ok.gov

**STATE OF [INSERT NAME]** Oregon

By: David Hart                    Dated: 3/4/02

_____
Name

Assistant Attorney in Charge
Title

Oregon Department of Justice
Organization

**STATE OF RHODE ISLAND**

By:   _/s/ Stephen N. Provazza_          Date: March 16, 2022

     Stephen N. Provazza
     Special Assistant Attorney General
     SProvazza@riag.ri.gov
     Rhode Island Office of the Attorney General
     150 South Main St., Providence RI 02903
     (401) 274-4400

**STATE OF SOUTH DAKOTA**


By: _____          Dated: _3/17/2022_

       Yvette K. Lafrentz_____
       Name


       Assistant Attorney General_____
       Title


       South Dakota Office of Attorney General – Consumer Protection Division__
       Organization

**STATE OF TEXAS**

By: _____                    Dated: 03/15/2022

    Shawn E. Cowles
_____
Name

    Deputy Attorney General for
    Civil Litigation
_____
Title

    Office of the Attorney General - Texas
_____
Organization

**STATE OF UTAH**

By: _____          Dated: March 24, 2022

        Kevin McLean
        Assistant Attorney General
        Utah Attorney General's Office

**STATE OF VERMONT**

By:  _____          Date:   March 16, 2022
           Merideth C. Chaudoir,
           Assistant Attorney General
           Office of the Attorney General
           109 State Street
           Montpelier, Vermont 05609
           E-mail: merideth.chaudoir@vermont.gov
           Tel.:   802-828-5479

**COMMONWEALTH OF VIRGINIA,**
*EX REL.* **JASON S. MIYARES,**
**ATTORNEY GENERAL**

By: _____    Dated: <u>March 14, 2022</u>


<u>Mark S. Kubiak</u>_____
Name


<u>Assistant Attorney General/Unit Manager</u>
Title


<u>Office of the Attorney General of Virginia</u>
Organization

**STATE OF WASHINGTON**

By:   _s/ Seann Colgan_                            Dated: <u>March 9, 2022</u>


<u>Seann Colgan</u>
Name


<u>Litigation Section Chief, Consumer Protection Division</u>
Title


<u>Washington State Office of the Attorney General</u>
Organization

**DISTRICT OF COLUMBIA**

By:    _/s/ Gary M. Tan_____         Dated: _March 29, 2022_


        Gary. M. Tan_____
        Name


        Assistant Attorney General_____
        Title


        Office of the Attorney General for the District of Columbia
        Organization

STATE OF WEST VIRGINIA

By: _____        Dated: 03/16/2022

_Melissa L. Alder_
Name

Assistant Attorney General
Title

West Virginia Attorney General's Office
Organization

**STATE OF WISCONSIN**

By: _____          Dated: March 15, 2022

     Laura E. McFarlane
     Name

     Assistant Attorney General
     Title

     Wisconsin Department of Justice
     Organization