## **EXHIBIT A**

Retention Order

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* | **Order Filed on March 16, 2022**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 21-30589<br><br>Judge: Michael B. Kaplan |

### AMENDED ORDER AUTHORIZING RETENTION OF
### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: March 16, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Amended Order Authorizing Retention of Skadden, Arps, Slate, Meagher & Flom LLP

Upon the applicant's, LTL Management LLC's (the "Debtor"),[2] request for authorization to retain Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") as special counsel to the Debtor, *nunc pro tunc* to October 14, 2021 [Dkt. 832] (the "Application"); the Court having reviewed the objections to the Application [Dkts. 955, 957, 961, 1600] (collectively, the "Objections") filed by the Official Committee of Talc Claimants, the Official Committee of Talc Claimants I, Aylstock, Witkin, Kreis & Overholtz PLLC and the U.S. Trustee; the Court having considered the replies in support of the Application [Dkts. 1235, 1629], including the supplemental certification (the "Supplemental Certification") filed therewith; the Court having previously entered the *Order Authoring the Interim Retention of Skadden, Arps, Slate, Meagher & Flom LLP* [Dkt. 1378] and the *Order Authorizing Retention of Skadden, Arps, Slate, Meagher & Flom LLP* [Dkt. 1687]; the Court having held hearings on January 25, 2022 and March 8, 2022; the Court having overruled the Objections; and for the reasons set forth at the March 8, 2022 hearing, it is hereby **ORDERED**:

1. The Application is Granted to the extent set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Skadden as its special counsel in the Chapter 11 Case, effective as of the Petition Date.

3. Skadden shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of all parties-in-interest with respect to any such fee requests are fully preserved.

4. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

 ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

---

[2]  Capitalized terms used herein but not defined have the meanings given to them in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Amended Order Authorizing Retention of Skadden, Arps, Slate, Meagher & Flom LLP

☐   Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5. Skadden shall bill only 50% for its services for non-working travel.

6. Skadden shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Skadden's fee applications in this case.

7. Skadden will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

8. Skadden will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

9. Skadden shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

10. All parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

11. To the extent that any party-in-interest, including any official committee(s) of talc claimants appointed in this Chapter 11 Case (the "Committee") and the U.S. Trustee, discovers any facts or circumstances indicating that Skadden's retention under section 327(e) of the Bankruptcy Code is not appropriate, Skadden holds or represents an interest adverse to the Debtor or its estate with respect to the matters for which Skadden is retained, or Skadden is acting outside the scope of the matters for which it was retained, the right of any party-in-interest, the Committee and the U.S. Trustee to seek at that time any appropriate relief is fully preserved.