UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**Order Filed on June 1, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Case No.: _____

Chapter: _____

Hearing Date: _____

Judge: _____

ORDER AUTHORIZING FINAL RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS AND THE OFFICIAL COMMITTEE OF TALC CLAIMANTS II EFFECTIVE DECEMBER 13, 2021

The relief set forth on the following pages is **ORDERED**.

**DATED: June 1, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Matthew I.W. Baker, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> mbaker@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Local Counsel to the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Robert J. Stark, Esq. <br> Michael S. Winograd, Esq. <br> dmolton@brownrudnick.com <br> rstark@brownrudnick.com <br> mwinograd@brownrudnick.com <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> and <br><br> Jeffrey L. Jonas, Esq. <br> Sunni P. Beville, Esq. <br> Sharon I. Dwoskin, Esq. <br> jjonas@brownrudnick.com <br> sbeville@brownrudnick.com <br> sdwoskin@brownrudnick.com <br> One Financial Center <br> Boston, MA 02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br> *Co-Counsel for the Official Committee of Talc Claimants* |
| **BAILEY GLASSER LLP** <br> Brian A. Glasser, Esq. <br> Thomas B. Bennett, Esq. <br> bglasser@baileyglasser.com <br> tbennett@baileyglasser.com <br> 105 Thomas Jefferson St. NW, Suite 540 <br> Washington, DC 20007 <br> Tel: (202) 463-2101 <br> Fax: (202) 463-2103 <br> *Co-Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG P.C.** <br> Melanie L. Cyganowski, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> mcyganowski@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 905-3628 <br> Fax: (212) 682-6104 <br> *Co-Counsel for the Official Committee of Talc Claimants* |

| | |
|---|---|
| **PARKINS LEE & RUBIO LLP**<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel to the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>1000 Main Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the Official Committee of Talc Claimants* |
| In Re:<br><br>**LTL MANAGEMENT, LLC,**[1]<br><br>            Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Ref. Dkt. No. 954 |

**ORDER AUTHORIZING FINAL RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS AND THE OFFICIAL COMMITTEE OF TALC CLAIMANTS II
<u>EFFECTIVE DECEMBER 13, 2021</u>**

The relief set forth on the following page is **ORDERED**.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2

NAI-1529077107v3

#16552581v1 (24987.001)

This Court, having considered (i) the *Application for Retention of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Talc Claimants Effective December 13, 2021* [Dkt. No. 954] (the "Application"), (ii) the *Certification of Matthew Diaz in Support of Application for Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants Effective December 13, 2021* [Dkt. No. 954-1] (the "Certification"), (iii) the *Supplemental Certification of Matthew Diaz in Support of Application for Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants II Effective December 13, 2021* filed on January 11, 2022 [Dkt. No. 1111] (the "Supplemental Certification"), (iv) the *Second Supplemental Certification By Conor P. Tully in Support of Application for Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants II Effective December 13, 2021* filed on March 29, 2022 [Dkt. No. 1899] (the "Second Supplemental Certification"), (v) the *Third Supplemental Certification By Conor P. Tully in Support of Application for Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants II Effective December 13, 2021* filed on May 20, 2022 [Dkt. No. 2333] (the "Third Supplemental Certification," and collectively with the Certification, the Supplemental Certification, and the Second Supplemental Certification, the "Certifications") (vi) the *Debtors' Omnibus Objection to Application of the Official Committee of Talc Claimants for Retention of Houlihan Lokey Capital, Inc. as Investment Banker Under Bankruptcy Code Section 328(a) Effective as of December 17, 2021 and Application for Retention of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Talc Claimants Effective December 13, 2021* [Dkt. No. 1087] (the "Omnibus Objection"), (vii) the *Debtors' Supplemental Omnibus Objection to Applications of the Official Committee of Talc Claimants to retain (I) Houlihan Lokey Capital, Inc. as Investment Banker, (II) FTI Consulting, Inc. as Financial Advisor and (III) the Brattle Group, Inc. as Talc Consultants* [Dkt. No. 2313] (the "Supplemental Omnibus Objection," and collectively with the Omnibus Objections, the "Objections") and (viii) the *Objection of the United States Trustee to the Application of the Official Committee of Talc Claimants II for Retention of FTI Consulting, Inc., as Financial Advisor* [Dkt No. 1108]; and the Court having previously entered its *Order Authorizing Interim Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants II Effective December 13, 2021* (the "Interim Order") [Dkt No. 1134]; and for the reasons set forth on the record at the hearing conducted May 24, 2022; and upon the record of above-captioned chapter 11 case (the "Chapter 11 Case"); it is hereby ORDERED:

1.      Any objections to the retention of FTI Consulting, Inc. ("FTI") are overruled, and the Application is GRANTED on a final basis as set forth herein.

2.      Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of

3

NAI-1529077107v3

#16552581v1 (24987.001)

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the Official Committee of Talc Claimants (the "Talc Committee") (for the period from December 13, 2021 through December 23, 2021, and from and after April 12, 2022) and the Official Committee of Talc Claimants II ("TCC II," and together with the Talc Committee, as applicable, the "Committee") (for the period from December 24, 2021 through April 11, 2022) are authorized and empowered to employ and retain, and the Debtor is authorized to compensate and reimburse, FTI during the respective noted periods, in the above-captioned chapter 11 case upon the terms and conditions set forth in the Application, except as may be modified herein. For the avoidance of doubt, since the reinstatement of the Talc Committee on April 12, 2022, the Talc Committee has renewed its retention of FTI as its financial advisor to perform the services provided herein.

3.  The effective date of retention is December 13, 2021.

4.  The professional's address is:   FTI Consulting, Inc.
    1166 Avenue of the Americas, 14th Floor
    New York, NY 10036

5.  FTI shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

6.  FTI shall apply for compensation and reimbursement of actual and necessary expenses in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, this Order, and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Dkt. No. 761], and any other applicable orders of this Court. FTI's services are subject to the standard of review set forth in section 330 of the Bankruptcy Code. The rights of any party in interest to object to any such request for compensation and reimbursement of actual and necessary expenses, including on the basis that services provided are duplicative or do not benefit the estate, including any strategic communications services that involve media advocacy or public relations outreach, except as may be necessary for TCC to satisfy its obligations under section 1103 of the Bankruptcy Code, and the right of FTI to respond to any such objection, are fully preserved.

7.      Compensation and reimbursement of expenses will be paid in such amounts as may be allowed by the Court on proper application(s).

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The following indemnification provisions are approved on a final basis:

    a.    subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under the Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b.    the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, crime or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003), or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Order; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the this Order, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI. All parties in interest shall retain the right to object to any demand by FTI for indemnification consistent with the above-mentioned provisions and procedures.

10. Notwithstanding anything to the contrary in the Application or the Certifications, FTI will only bill 50% for non-working travel.

11. FTI shall focus on advising the Talc Committee with respect to matters that involve expertise in forensic investigations, accounting, taxation, economic consulting and communications, including but not limited to: (i) evaluating, monitoring and assessing the Debtor's (and its affiliate's) current financial performance, intercompany transactions, tax positions and accounting, (ii) assisting its counsel in any forensic analysis and evaluating and developing certain causes of action, (iii) estimating the Debtor's current and contingent mesothelioma liabilities, (iv) providing assistance in the development and implementation of its communications strategies, and (v) assessing any business plans or liquidation analyses

12. Notwithstanding the terms of the Application or the Certifications, the professional services to be rendered by FTI shall include the following:

    a. Reviewing financial related disclosures required by the Court, including but not limited to, the Schedules of Assets and Liabilities, the Statement of Financial Affairs, Rule 2015.3 Reports of Financial Information on Entities in Which a Chapter 11 Estate Holds a Controlling or Substantial Interest, and Monthly Operating Reports;

    b. Preparing analyses required to assess the Debtor's funding and other intercompany agreements with Johnson & Johnson and Johnson & Johnson Consumer, Inc. and any other proposed financing;

    c. Assessing and monitoring of the Debtor's and its non-Debtor subsidiary's short-term cash flow, liquidity, and operating results;

    d. Reviewing the Debtor's and its non-Debtor subsidiary's analysis of core business assets, valuation of those assets, and the potential disposition or liquidation of non-core assets;

    e. Reviewing the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

    f. Reviewing any tax issues associated with, but not limited to, claims trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

    g. Reviewing other financial information prepared by the Debtor and its non-Debtor subsidiary, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

    h.      Attending, assisting, and preparing materials related to due diligence sessions, discovery, depositions, negotiations, mediations, and other relevant meetings, and assisting in discussions with the Debtor, the Committee, any futures claimant's representative appointed in these cases (the "FCR"), Johnson & Johnson and/or its subsidiaries, the United States Trustee, other parties in interest, and their respective professionals;

    i.      Evaluating, analyzing, and performing a forensic review of avoidance actions, including fraudulent conveyances and preferential transfers;

    j.      Evaluating any pre-petition transactions of interest to the Committee;

    k.      Assisting in the prosecution of Committee responses/objections to the Debtor's and other parties of interest's motions and pleadings, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee;

    l.      Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these Chapter 11 proceedings;

    m.      Assistance in the development and implementation of communications strategies, including digital insights and development, with various stakeholders including, but not limited to, messaging related to the talc powder claims and any plan confirmation, estimation, and/or trust process;

    n.      Assistance in the review and/or preparation of information in connection with developing estimates of the number and value of present and future Mesothelioma personal-injury claims and demands including testimony as necessary, as well as developing claims procedures to be used in connection with a claims resolution trust; and

    o.      Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor, consistent with the disclosures made by FTI and all other professionals retained by the Committee, and in a manner designed to avoid duplication of services provided by other Committee professionals.

Any additional services provided by FTI not described herein require further Court approval.

13.    In order to avoid duplication of services with those performed by Houlihan Lokey Capital, Inc. ("Houlihan"), The Brattle Group ("Brattle") or other professionals retained by the Talc Committee, the following system shall be implemented to determine the distribution of work relating to the bankruptcy case and related proceedings. First, a small group of senior professionals at FTI, Brattle and Houlihan shall confer to determine work strategy and tasks, in consultation with the Talc Committee's counsel and the Talc Committee members. Second, FTI, Brattle and Houlihan will coordinate responsibility for completing any applicable task. Third, to the extent any non-proprietary work product related to a task is relevant to the other's work or advice for the Talc Committee, such non-proprietary work product shall be shared with FTI, Brattle or Houlihan, as applicable, so that both FTI, Brattle or Houlihan have the benefit of the other's relevant analysis and work product; provided, however, that FTI, Brattle and Houlihan shall

7

not be required to share any proprietary work product, such as models and methodologies, and other protected intellectual property.

14.     In the event that, during the pendency of the Chapter 11 Case, FTI seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in FTI's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the Compensation Guidelines and approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327.  All rights are reserved to object to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of FTI's independent legal counsel.  Notwithstanding anything to the contrary in the Application or the Certifications, FTI shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of FTI's fee applications in the Chapter 11 Case.

15.     To the extent FTI uses the services of independent contractors (the "Contractors") in the Chapter 11 Case, FTI shall: (a) pass through the cost of such Contractors at the same rate that FTI pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) require the Contractors to file Rule 2014 affidavits indicating that the Contractors have reviewed the Parties in Interest List in this case, disclose the Contractors' relationships, if any, with Parties in Interest List and indicate that the Contractors are disinterested; and (d) FTI shall attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.

16.     The Talc Committee and FTI are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

18.     To the extent that there may be any inconsistency between the terms of the Application, the Certifications, and the Interim Order, the terms of this Order shall govern.

8