# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br>*PROPOSED ATTORNEYS FOR DEBTOR* |

**Order Filed on December 16, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No.: 21-30589<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>December 15, 2021 at 10:00 a.m. |

## ORDER AUTHORIZING RETENTION OF SHOOK, HARDY & BACON, L.L.P.

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: December 16, 2021**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1524325487

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Shook, Hardy & Bacon, L.L.P.

Upon the applicant's, LTL Management LLC (the "Debtor" or "LTL Management"),[2] request for authorization to retain Shook, Hardy & Bacon L.L.P. as special counsel to the Debtor, *nunc pro tunc* to October 14, 2021, it is hereby **ORDERED**:

1. The Application is Granted to the extent set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Shook, Hardy & Bacon L.L.P ("Shook") as its special Counsel in the Chapter 11 Case, effective as of the Petition Date.

3. Shook shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of all parties in interest with respect to any such fee requests are fully preserved.

4. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5. Shook shall bill only 50% for its services for non-working travel.

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

NAI-1524325487

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Shook, Hardy & Bacon, L.L.P.

6.   Shook shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Shook's fee applications in this case.

7.   Shook agrees to undertake reasonable efforts to comply with the Office of the United States Trustee for the District of New Jersey's (the "U.S. Trustee") requests for information and additional disclosures, as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

8.   Shook agrees that it will use the billing and expense categories set forth in the U.S. Trustee Guidelines.

9.   Shook shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

10.  All parties-in-interest shall have the right to object to any allocation of fees and expenses as between the Debtor and any non-Debtor affiliates.

11.  To the extent that the Official Committee of Talc Claimants appointed in this Chapter 11 Case (the "Committee") discovers any facts or circumstances indicating that Shook's retention under section 327(e) of the Bankruptcy Code is not appropriate, Shook holds or represents an interest adverse to the Debtor or its estate with respect to the matters for which Shook is retained, or Shook is acting outside the scope of the matters for which it was retained, the Committee's right to seek at that time any appropriate relief is fully preserved.