**EXHIBIT A**

**Retention Order**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

Order Filed on January 24, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Committee of Talc Claimants I* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Committee of Talc Claimants I* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br><br>*Co-Counsel for the Official Committee of Talc Claimants I* | **PARKINS LEE & RUBIO LLP**<br>Leonard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel to the Official Committee of Talc Claimants I* |

**DATED JANUARY 24, 2022**

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge

|  |  |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |

**INTERIM ORDER AUTHORIZING RETENTION OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS I UNDER BANKRUPTCY CODE SECTION 328(a)**

The relief set forth on the following pages is **ORDERED**.

Upon the applicant's request for authorization to retain Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as Investment Banker to the Official Committee of Talc Claimants I (the "Committee"), it is hereby ORDERED:

1. The applicant is authorized, on an interim basis, to retain the above party in the professional capacity noted.

    The professional's address is:   Houlihan Lokey Capital, Inc.
    245 Park Avenue, 20th Floor
    New York, NY 10167

2. The Court does not make any findings of fact and, except as set forth in Paragraph 1 above, does not reach any conclusions of law respecting the Application. For the avoidance of doubt, the Court does not make any findings or reach any conclusion as to whether the compensation provisions of Houlihan Lokey's Engagement Agreement (the "Agreement"), including with respect to the Monthly Fee and expense reimbursement, are reasonable terms and conditions of employment as required under Section 328(a) of the Bankruptcy Code. The rights of the Debtor to raise any issue of fact or law pertaining to Houlihan Lokey are fully preserved.

3. The Court shall hold a final hearing on the Application and the objection to the Application filed by the Debtor on February 2, 2022 at 10:00 a.m. prevailing Eastern Time, or such other date and time as the Debtor and the Committee may agree or is acceptable to the Court (the "Final Hearing").

4. No party shall use this Interim Order to assert *res judicata*, collateral estoppel, waiver, acquiescence, "law of the case," or any other similar doctrines, including in respect of the Debtor's Motion for an Order Determining that the United States Trustee's Notice of "Reconstituted and Amended" Talc Claimants Committee is Invalid and Reinstating That Committee [Dkt. 1047] (the "Two Committee Motion"). This Interim Order shall not affect the Two Committee Motion and all parties' rights in respect of the Two Committee Motion are fully preserved.

5. The compensation provisions of the Agreement are hereby approved pursuant to Section 328(a) of the Bankruptcy Code subject to paragraphs 2, 5, 6 and 7 herein. Houlihan Lokey shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and any applicable orders of the Court subject to paragraphs 2, 5 and 7 herein. For the avoidance of doubt, paragraph 3 of the Agreement is modified to reflect that payments can only be made upon the filing of a monthly fee statement, interim fee application or final fee application and approval by the Court. For any period prior to the Final Hearing, no party shall object to Houlihan's monthly or interim fee applications based on the interim nature of this Interim Order, but may object on any other ground.

6. Notwithstanding anything to the contrary herein, the U.S. Trustee retains all rights to object to Houlihan Lokey's monthly, interim and final fee applications (including expense

reimbursement and any request for counsel fees) based on the reasonableness standard in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code.

7. The requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Trustee Guidelines and any other orders and procedures of this Court, including D.N.J. LBR 2016-1, are hereby modified such that Houlihan Lokey shall provide reasonably detailed summary time records in 0.5 hour increments, which records shall indicate total hours incurred by each professional for each day, the individuals who provided the services and provide a brief description of the nature of the work performed.

8. The indemnification, contribution, reimbursement and exculpation provisions set forth in the Agreement, are approved, on an interim basis, subject to the following provisions during the pendency of this case:

   a. Subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtor is authorized to indemnify, and shall indemnify, Houlihan Lokey for any claims arising from, related to, or in connection with the services to be provided by Houlihan Lokey as specified in the Application, but not for any claim arising from, related to, or in connection with Houlihan Lokey's post-petition performance of any other services (other than those in connection with the engagement), unless such post-petition services and indemnification therefor are approved by this Court; and any other HL Party may seek a further Order ;

   b. The Debtor shall have no obligation to indemnify Houlihan Lokey, or provide contribution or reimbursement to Houlihan Lokey, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Houlihan Lokey's fraud, bad faith, gross negligence, self-dealing or willful misconduct, (ii) for a contractual dispute in which the Debtor alleges the breach of Houlihan Lokey's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtor's consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Agreement as modified by this Order; and

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Houlihan Lokey or any HL Party believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such HL Party must file an application therefor in this Court, and the Debtor may not pay any such amounts to such HL Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for fees and expenses by HL Parties for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtor's obligation to indemnify the HL Parties.

    d.    The provisions of subparagraphs (a) – (c) shall be without prejudice to the right of any HL Party to seek approval from the Court to require indemnification, contribution or reimbursement from the Debtor in accordance with, and subject to the same terms and conditions as apply to Houlihan Lokey pursuant to the Agreement and this Order. For purposes of this Interim Order, HL Parties shall refer to Houlihan Lokey and its affiliates.

9. Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the HL Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtor pursuant to the Engagement Agreement.

10. If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

12. The effective date of retention is December 17, 2021.

13. No fees shall be nonrefundable or earned upon receipt in consideration of Houlihan Lokey's acceptance of the engagement, except by Order of the Court.

14. Houlihan Lokey is entitled to reimbursement by the Debtor for reasonable expenses incurred in this Chapter 11 Case subject to the terms and conditions set forth in the Agreement and as provided by this Interim Order.

15. None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Interim Order.

16. In the event Houlihan Lokey seeks to use any of its affiliates to perform services for the Committee and intends to seek compensation for such services, the Committee shall seek the separate retention of any such affiliates.

17. All rights to object to any request for reimbursement of expenses are reserved, including but not limited to any request for the reimbursement of legal fees of outside counsel.

18. Notwithstanding anything to the contrary in the Agreement, the definition of "Houlihan Lokey" in the Agreement refers solely to Houlihan Lokey Capital, Inc.

19. Any additional services provided by Houlihan Lokey which were not provided for in the Burian Certification shall require further Court approval.

20. To the extent that there may be any inconsistency between the terms of the Application, the Burian Certification, the Agreement, and this Order, the terms of this Interim Order shall govern.

21. Notwithstanding anything to the contrary in the Agreement, the Agreement may not be terminated unless by order of the Court. Any such Order approving termination may be

sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Court or such earlier date as may be appropriate.

22. In accordance with the Compensation Guidelines, Houlihan Lokey shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Houlihan Lokey's fee applications in this case.