UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Order Filed on June 1, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

LTL MANAGEMENT, LLC,

Case No.: 21-30589

Chapter: 11

Hearing Date: 

Judge: Michael Kaplan

FINAL ORDER AUTHORIZING RETENTION OF THE BRATTLE GROUP, INC.
AS

CLAIMS ECONOMIST TO THE OFFICIAL COMMITTEE OF TALC
CLAIMANTS

The relief set forth on the following pages is **ORDERED**.

**DATED: June 1, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Talc Claimants Committee* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY  10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA  02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Talc Claimants Committee* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>105 Thomas Jefferson St. NW, Suite 540<br>Washington, DC  20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Co-Counsel for the Official Talc Claimants Committee* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY  10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official Talc Claimants Committee* |

#16552522v1 (24987.001)

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>                Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |

**FINAL ORDER AUTHORIZING RETENTION OF THE BRATTLE GROUP, INC. AS CLAIMS ECONOMIST TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

    The relief set forth on the following page is **ORDERED**.

#16552522v1 (24987.001)

This Court, having considered: (i) the *Application for Retention of The Brattle Group, Inc. as Talc Consultants for the Official Committee of Talc Claimants I* (the "Application") [Dkt No. 1289]; (ii) the *Certification of Yvette Austin Smith in Support of Application for Retention of The Brattle Group, Inc. as Talc Consultants to the Official Committee of Talc Claimants I* (the "Austin Smith Certification") [Dkt No. 1289-1]; (iii) the *Supplemental Certification of Yvette Austin Smith in Support of Application for Retention of The Brattle Group, Inc. as Talc Consultants to the Official Committee of Talc Claimants I* (the "Supplemental Austin Smith Certification") [Dkt No. 1466]; (iii) the *Second Supplemental Certification of Yvette Austin Smith in Support of Application for Retention of The Brattle Group, Inc. as Talc Consultants to the Official Committee of Talc Claimants I* (the "Second Supplemental Austin Smith Certification") [Dkt No. 2331]; (iv) the *Debtors' Supplemental Omnibus Objection to Applications of the Official Committee of Talc Claimants to retain (I) Houlihan Lokey Capital, Inc. as Investment Banker, (II) FTI Consulting, Inc. as Financial Advisor and (III) the Brattle Group, Inc. as Talc Consultants* [Dkt. No. 2313] (the "Objection"); and the Court having previously entered its *Amended Interim Order Authorizing Retention of The Brattle Group, Inc. as Talc Consultants to the Official Committee of Talc Claimants I* [Dkt No. 2124]; and for the reasons set forth on the record at the hearing conducted May 24, 2022; and the Court is of the opinion that The Brattle Group, Inc. ("Brattle") does not hold or represent any interest adverse to the estates, that Brattle is a disinterested person within the definition of 11 U.S.C. § 101(14), and that Brattle's employment is in the best interest of the Official Committee of Talc Claimants (the "TCC"); and that no further hearing on the Application is required. Upon the applicant's request for authorization to retain Brattle as Claims Economist to TCC, it is hereby ORDERED:

1. Any objections to the retention of Brattle are overruled, and the Application is GRANTED on a final basis as set forth herein.

2. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the Official Committee of Talc Claimants (the "Talc Committee") (for the period from December 13, 2021 through December 23, 2021, and from and after April 12, 2022) and the Official Committee of Talc Claimants I ("TCC I," and together with the Talc Committee, as applicable, the "Committee") (for the period from December 24, 2021 through April 11, 2022) are authorized and empowered to employ and retain, and the Debtor is authorized to compensate and reimburse, Brattle during the respective noted periods, in the above-captioned chapter 11 case upon the terms and conditions set forth in the Application,

except as may be modified herein. For the avoidance of doubt, since the reinstatement of the Talc Committee on April 12, 2022, the Talc Committee has renewed its retention of Brattle as its Claims Economist to perform the services provided herein.

3. The effective date of retention is January 28, 2022.

4. The compensation provisions of the Engagement Letter are hereby approved on a final basis. Brattle shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and any applicable orders of the Court. Brattle is entitled to reimbursement of actual and necessary expenses, including legal fees related to the retention application and future fee applications as approved by this Court.

5. Brattle shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

6. Brattle shall apply for compensation in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, this Final Order and any applicable orders of this Court. Brattle's services are subject to the standard of review set forth in section 330 of the Bankruptcy Code. The rights of any party in interest to object to any such request for compensation and reimbursement of actual and necessary expenses, including on the basis that services provided are duplicative or do not benefit the estate, and the right of Brattle to respond to any such objection, are fully preserved.

7. The TCC and Brattle are authorized and empowered to take all actions necessary to implement the relief granted in this final order.

8. The indemnification and limitation of liability provisions set forth in the Engagement Letter, are approved, on a final basis, subject to the following provisions during the pendency of this case:

   a. Brattle shall not be entitled to indemnification, contribution or reimbursement from the Debtor or the estate pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement thereof are approved by this Court;
   b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtor and the estate shall have no obligation to indemnify Brattle, or provide contribution or reimbursement

    to Brattle, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Brattle's fraud, bad faith, gross negligence, willful misconduct or self-dealing to which the Debtor or the estate has not consented, (ii) for a contractual dispute in which the Debtor or the estate alleges the breach of Brattle's contractual obligations or obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtor's or the estate's consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Brattle is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Interim Order; and

  c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Brattle believes that it is entitled to the payment of any amounts by the Debtor or the estate on account of the Debtor's or the estate's indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Interim Order), including, without limitation, the advancement of defense costs, Brattle must file an application therefor in this Court, and the Debtor and the estate may not pay any such amounts to Brattle before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for fees and expenses by Brattle for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtor's or the estate's obligation to indemnify, or make contributions or reimbursements to, Brattle. All parties in interest shall retain the right to object to any demand by Brattle for indemnification, contribution and/or reimbursement.

9. Notwithstanding any provision in the Engagement Letter to the contrary, any limitation of liability provisions in the Application, Austin Smith Certification, or the Engagement Letter shall have no force or effect.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

#16552522v1 (24987.001)

11. The professional's address is:

    7 Times Square
    Suite 1700
    New York, NY 10036

12. No fees shall be nonrefundable or earned upon receipt in consideration of Brattle's acceptance of the engagement, except by Order of the Court.

13. Brattle is entitled to reimbursement by the Debtor for reasonable expenses incurred in this Chapter 11 Case subject to the terms and conditions set forth in the Engagement Letter and as provided by this Order.

14. In the event Brattle seeks to use any of its affiliates to perform services for the Committee and intends to seek compensation for such services, the Committee shall seek the separate retention of any such affiliates.

15. Notwithstanding anything to the contrary in the Application or Certifications, the services to be provided by Brattle shall be with respect to OC Claims only (as defined in the Second Supplemental Austin Smith Certification) and not claims arising from diagnoses of mesothelioma. Any additional services provided by Brattle which were not provided for in the Application or the Certifications shall require further Court approval.

16. To the extent that there may be any inconsistency between the terms of the Application, the Certifications, the Engagement Letter, and this final Order, the terms of this final Order shall govern.

17. In accordance with the Compensation Guidelines, Brattle shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Brattle's fee applications in this case.

18. Notwithstanding anything to the contrary in the Application or the Austin Smith Certification, Brattle will only bill 50% for non-working travel.

19. In order to avoid duplication of services with those performed by Brattle or other professionals retained by the Talc Committee, the following system shall be implemented to determine the distribution of work relating to the bankruptcy case and related proceedings. First, a small group of senior professionals at FTI, Brattle and Houlihan shall confer to determine work strategy and tasks, in consultation with the Talc Committee's counsel and the Talc Committee members. Second, FTI, Brattle and Houlihan will coordinate

responsibility for completing any applicable task.  Third, to the extent any non-proprietary work product related to a task is relevant to the other's work or advice for the Talc Committee, such non-proprietary work product shall be shared with FTI, Brattle or Houlihan, as applicable, so that both FTI, Brattle or Houlihan have the benefit of the other's relevant analysis and work product; provided, however, that FTI, Brattle and Houlihan shall not be required to share any proprietary work product, such as models and methodologies, and other protected intellectual property.

#16552522v1 (24987.001)

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 21-30589-MBK |
| LTL Management LLC | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Jun 01, 2022 | Form ID: pdf903 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^    Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 03, 2022:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/Text: jkim8@its.jnj.com | Jun 01 2022 20:48:00 | LTL Management LLC, 501 George Street, New Brunswick, NJ 08933-0001 |
| aty | ^ MEBN | Jun 01 2022 20:45:08 | Glenn M. Kurtz, White & Case LLP, 1221 Avenue of the America, New York, NY 10020-1001 |
| aty | ^ MEBN | Jun 01 2022 20:46:17 | Jessica Lauria, White & Case LLP, 1221 Avenue of the America, New York,, NY 10020-1001 |
| aty | + Email/Text: tlindsay@rcdlaw.net | Jun 01 2022 20:48:00 | Rayburn, Cooper & Durham, P.A., The Carillon, Suite 1200, 227 West Trade St., Charlotte, NC 28202-1672 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 03, 2022         Signature:         /s/Gustava Winters