| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel for the*<br>*Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>Kevin W. Barrett, Esq.<br>Maggie B. Burrus, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>kbarrett@baileyglasser.com<br>mburrus@baileyglasser.com<br>1055 Thomas Jefferson St. NW, Suite 540<br>Washington, DC  20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |

| | |
|---|---|
| **PARKINS & RUBIO LLP**<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinsrubio.com<br>crubio@parkinsrubio.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* |
| In Re:<br><br>**LTL MANAGEMENT, LLC,**[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan |

### THE OFFICIAL COMMITTEE OF TALC CLAIMANTS' LIMITED RESPONSE TO DEBTOR'S STATUS REPORT DATED JUNE 10, 2022

The Official Committee of Talc Claimants (the "TCC"), by and through its undersigned counsel, respectfully submits this limited reply to the Debtor's Status Report filed June 10, 2022.

### REPLY

1.  The Debtor asked the Court to schedule a status conference on June 14, 2022. The Debtor and the TCC each filed Status Reports on June 10, 2022 (*see* Dkt. Nos. 2473 & 2465), and the TCC looks forward to discussing the issues raised in both Status Reports on June 14, 2022.

2.  Through its Status Report, the Debtor appears to seek substantive relief—namely, a multi-phase estimation proceeding under section 502(c) of the Bankruptcy Code—untethered to any proposed plan—that would not conclude until ***June 2023*** (at the earliest)—without filing a

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

motion.

3. While estimation is typically sought in connection with a filed plan of reorganization, parties have moved for estimation in advance of plan confirmation.[2] Consistent with section 502(c) of the Bankruptcy Code and Bankruptcy Rule 9014(a), such relief should be requested "by a motion," and "reasonable notice and opportunity for hearing" should be afforded to all parties in interest. *See* Fed. R. Bankr. P. 9014(a).

4. The TCC and the Debtors have different views regarding the appropriate path forward. But no party should seek substantive relief from the Court without complying with the Bankruptcy Code and the Bankruptcy Rules—particularly relief that would be highly prejudicial to tort victims. If the Debtor desires a multi-phase estimation proceeding regarding its liability for

---

[2] *See*, *e.g.*, *In re The Diocese of Camden, New Jersey*, Case No. 20-21257 (JNP) (Bankr. D.N.J. Nov. 16, 2021) (Dkt. No. 962) (Notice and Motion of the Official Committee of Tort Claimants for Entry of an Order, under Sections 105(a) and 502(c) of the Bankruptcy Code, Establishing Procedures and Schedule a Hearing for Estimation of Survivor Claims for Voting and Confirmation Purposes); *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (LSS) (Bankr. D. Del. Mar. 16, 2021) (Dkt. No. 2391) (Motion of the Future Claimants' Representative, the Official Committee of Tort Claimants, and the Coalition of Abuse Scouts for Justice for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(c), (I) Authorizing an Estimation of Current and Future Abuse Claims and (II) Establishing Procedures and Schedule for Estimation Proceedings); *In re PG&E Corporation*, Case No. 19-30088 (DM) (Bankr. N.D. Cal. July 18, 2019) (Dkt. No. 3091) (Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a) and 502(c) for the Establishment of Wildfire Claims Estimation Procedures).

The New Jersey Bankruptcy Court **denied** the estimation motion filed in *Diocese of Camden* on February 25, 2022. *See* Camden Dkt. No. 1225. The Delaware Bankruptcy Court did not grant the estimation motion filed in *Boy Scouts* and, instead, proceeded to plan confirmation **without** conducting any estimation proceeding. After the debtor in *PG&E* file a motion seeking a multi-phase estimation proceeding, the Bankruptcy Court granted relief from stay to permit trials to proceed in state court (over the debtor's objection) (*see* PG&E Dkt. No. 3644) and *sua sponte* recommended that the District Court withdraw the reference since the debtor sought to estimate personal injury and wrongful death claims (*see* PG&E Dkt. No. 3648). The estimation proceeding before the District Court in *PG&E* was ultimately terminated after the Bankruptcy Court terminated exclusivity to permit the TCC to file a competing plan (*see* PG&E Dkt. No. 4167) and the parties reached a settlement. Notably, the plan confirmed in *PG&E* did not involve a section 524(g) trust or nonconsensual third-party releases.

personal injury and wrongful death claims, the Debtor should file a motion and afford all parties in interest an opportunity to be heard on such issues.

    Respectfully submitted,

    **GENOVA BURNS, LLC**

    By:   /s/ Daniel M. Stolz  .

    Daniel M. Stolz, Esq.
    110 Allen Road, Suite 304
    Basking Ridge, NJ 07920
    Telephone: (973) 533-0777
    Facsimile: (973) 467-8126
    Email: dstolz@genovaburns.com

    *Local Counsel to the Official Committee*
    *of Talc Claimants of LTL Management, LLC*