Order Filed on June 15, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan |

### ORDER AUTHORIZING RETENTION OF HOGAN LOVELLS US LLP

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 15, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1530970870

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Hogan Lovells

Upon the applicant's, LTL Management LLC's (the "Debtor's"),[2] request for authorization to retain Hogan Lovells US LLP ("Hogan Lovells") as appellate counsel to the Debtor, effective as of April 4, 2022 [Dkt. 2240] (the "Application"); the Court having reviewed the objection of the United States Trustee to the Application [Dkt. 2324] (the "Objection"); the Court having considered the reply in support of the Application [Dkt. 2476], including the supplemental certification (the "Supplemental Certification") filed therewith; the Court having held a hearing on June 14, 2022; the Court having overruled the Objection; and for the reasons set forth at the June 14, 2022 hearing, it is hereby **ORDERED**:

1. The Debtor is authorized to retain Hogan Lovells in the professional capacity noted in the Application in accordance with section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1, 2016-1, 2016-3 and 2016-4, on the terms and conditions set forth in the Application and the Engagement Letter. Such retention shall be effective as of April 4, 2022.

    The professional's address is:   Hogan Lovells US LLP
    555 Thirteenth Street, NW
    Washington, D.C. 20004

2. Hogan Lovells shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of all parties-in-interest with respect to any such fee requests are fully preserved.

3. Hogan Lovells shall bill only 50% for its services for non-working travel.

---

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of Hogan Lovells

4. Hogan Lovells shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Hogan Lovells' fee applications in this case.

5. Hogan Lovells will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

6. Hogan Lovells will use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category").

7. Hogan Lovells shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

8. If the professional requested a waiver as noted below, it is ☐ Granted   ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of service.

9. Notwithstanding anything to the contrary in the Engagement Letter, the Engagement Letter does not supersede the requirements of 11 U.S.C. § 327(a) that govern the retention of counsel for the Debtor.  Hogan Lovells shall make all required disclosures

NAI-1530970870

(Page 4)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Hogan Lovells

and, in the event a conflict arises, take all required actions to address and resolve the conflict.

10. Notwithstanding anything to the contrary in the Engagement Letter, the rights of all parties in interest to object to overhead charges such as word processing operators and proofreaders, secretarial overtime and/or fees to store electronic data are reserved.

NAI-1530970870