| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Jeffrey Traurig<br>**TRAURIG LAW LLC**<br>One University Plaza, Suite 124<br>Hackensack, NJ 07601<br>Tel: (646) 974-8650<br>E-mail: jtraurig@trauriglaw.com<br>*Local Counsel to the Fee Examiner* | Robert J. Keach, Esq. (admitted *pro hac vice*)<br>**BERNSTEIN SHUR SAWYER & NELSON, P.A.**<br>100 Middle Street<br>Portland, ME 04104<br>Tel: (207) 774-1200<br>Fax: (207) 774-1127<br>E-Mail: rkeach@bernsteinshur.com<br>*Fee Examiner*<br><br>**BERNSTEIN SHUR SAWYER & NELSON, P.A.**<br>Letson Douglass Boots, Esq. (admitted *pro hac vice*)<br>100 Middle Street<br>Portland, ME 04104<br>Tel: (207) 774-1200<br>Fax: (207) 774-1127<br>E-Mail: lboots@bernsteinshur.com<br>*Counsel to the Fee Examiner* |
| In Re:<br><br>LTL MANAGEMENT LLC,<br><br>Debtor | Case No.:   21-30589 (MBK)<br><br>Judge:   Michael B. Kaplan<br><br>Chapter 11 |

**FEE EXAMINER'S CONSOLIDATED SUPPLEMENTAL
FINAL REPORT PERTAINING TO THE FIRST
INTERIM FEE APPLICATIONS OF BROWN RUDNICK LLP AND RAYBURN
COOPER & DURHAM, P.A. FOR THE PERIOD
FROM OCTOBER 14, 2021 THROUGH JANUARY 31, 2022**

Robert J. Keach (the "Fee Examiner"), by and through undersigned counsel, submits this Final Report (the "Supplemental First Period Final Report") pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Docket No. 761] (the "Interim Compensation Order"), the *Order Appointing an Independent Fee*

1

*Examiner and Establishing Procedures* [Docket No. 1922] (the "Fee Examiner Order"), and the Court's *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 322] (the "Case Management Order") and in connection with the applications for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses (the "Fee Applications") of certain professionals retained in the above-captioned case (the "Retained Professionals"), as listed on **Exhibit A**. The Fee Applications are interim applications and relate to the compensation for professional services rendered and reimbursement of expenses requested from the effective date of each such Retained Professional's retention through January 31, 2022[1] (the "First Fee Period") for the Retained Professionals. The Fee Applications were adjourned from the June 14, 2022 hearing to the July 6, 2022 omnibus hearing date.

## I.    INTRODUCTION

1.    On May 31, 2022, the Fee Examiner filed the *Fee Examiner's Consolidated Final Report Pertaining to the Interim Fee Applications of Retained Professionals for the Period from October 14, 2021 through January 31, 2022* [Docket No. 2385] (the "First Final Report"), and a hearing on the First Final Report was held on June 14, 2022. Three (3) Retained Professionals asked to adjourn the hearing on their respective Fee Applications to the July 6, 2022 omnibus hearing date: Brown Rudnick LLP ("Brown Rudnick"), Cooley LLP ("Cooley"), and Rayburn Cooper & Durham, P.A ("Rayburn"). Of those three, Cooley has again asked to adjourn, this

---

[1] Pursuant to the Interim Compensation Order, the First Fee Period ended January 31, 2022. Interim Compensation Order, ¶ 2(n). Brown Rudnick LLP ("Brown Rudnick") and Rayburn Cooper & Durham, P.A ("Rayburn") extended the time covered by their respective Fee Applications through February 28, 2022. Rayburn's Fee Application is a final fee application. The Fee Examiner has communicated with Brown Rudnick to ensure that its subsequent interim fee applications will comply with the four-month interval provision of the Interim Compensation Order, and will cover a period ending on May 31, 2022.

2

time to the September 14, 2022 omnibus hearing date.[2] The Fee Examiner consents to such adjournment. This Supplemental First Period Final Report thus covers the Fee Applications of Brown Rudnick and Rayburn.

2.   As a consequence of the process described below, the Fee Examiner reached an agreement with the Retained Professionals, and the Fee Examiner's recommendations as to fees to be allowed and expenses to be reimbursed for the First Fee Period are detailed below and also set forth, for the convenience of the Court, on <u>Exhibit A</u> to this Supplemental First Period Final Report.

## II.   THE APPOINTMENT OF THE FEE EXAMINER AND THE FEE EXAMINATION PROCESS

3.   In light of the size and complexity of this chapter 11 case, this Court appointed the Fee Examiner, ordering the Fee Examiner to "review any Monthly Fee Statement and Fee Application served by each Retained Professional."[3] <u>Fee Examiner Order</u>, ¶ 6(b). "As soon as is practicable after a Fee Application is filed and served upon the Fee Examiner, and in any event not later than forty-five (45) days after service upon the Fee Examiner of such Fee Application, the Fee Examiner may serve a report (each, a '<u>Preliminary Report</u>') on an Applicant . . . ."[4] <u>Id.</u> at ¶ 6(c). The Preliminary Report is designed to "quantify and present factual data, as well as factual inquiries and legal issues, relevant to whether the requested fees, disbursements, and

---

[2] In light of the reconsolidation of TCC I and TCC II into a single TCC (as such terms are defined below), and thus the end of Cooley's engagement in the case, Cooley's next fee application will be its final. Accordingly, the Fee Examiner and Cooley determined that further adjournment of Cooley's Fee Application to the September 14, 2022 omnibus hearing date would allow the Fee Examiner to consider it at the same time as Cooley's second and final fee application.

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Fee Examiner Order.

[4] The Fee Examiner has discretion to determine whether to serve a Preliminary Report on an Applicant with respect to any Fee Application, and the Fee Examiner shall consult with counsel to the Debtor and TCC in determining whether to serve a Preliminary Report. <u>Fee Examiner Order</u>, ¶¶ 6(c), 8. The "comments or analyses to be provided by counsel to the Debtor [and TCC] (collectively, the "<u>Fee Analyses</u>") shall be in a form agreed upon by and among the Debtor [and TCC]." <u>Id.</u> ¶ 8.

3

expenses are reasonable in accordance with the applicable standards of section 330 and 331 of the Bankruptcy Code." Id. The Fee Examiner, the Debtor, and TCC[5] "shall consult and request that the court set a hearing (each, a 'Fee Hearing') on Interim Fee Applications and Final Fee Applications." Id. at ¶ 6(d). "During the period between service of the Preliminary Report and the applicable Fee Hearing, (i) the Fee Examiner and applicable Retained Professional shall make reasonable efforts to resolve issues raised in the Preliminary Report and (ii) each applicable Retained Professional shall provide the Fee Examiner with supplemental information . . . ." Id. at ¶ 6(g). At least 14 days prior to any Fee Hearing, the Fee Examiner shall file with the Court a report (each, the "Final Report"), designed to: (i) quantify and present factual data and legal issues relevant to whether the requested fees and expenses of each applicable Retained Professional are reasonable in accordance with the applicable standards of sections 330 and 331 of the Bankruptcy Code, (ii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have been consensually resolved and the nature of such resolution, and (iii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have not yet been resolved. Id. ¶ 6(d).

4.  Additionally, all of the orders approving the retention of Retained Professionals in whole or in part under section 328 of the Bankruptcy Code ("Section 328 Professionals") entered as of the date of this First Final Report also authorize the U.S Trustee and the Fee Examiner to review the allowance of the Retained Professional's fees or expenses on reasonableness grounds, and the Fee Examiner Order applies to all professionals "requesting compensation and/or reimbursement of expenses for services rendered pursuant to sections 327, 328, 330, 331, or

---

[5] During the First Fee Period, two official committees of talc claimants ("TCC I" and "TCC II") had been designated. Although subsequent orders of the court have set aside the designation of two committees, the court temporarily extended the existence of both, pending the reconsolidation of the committees into a single Official Committee of Talc Claimants. For the purposes of this Report, "TCC" shall refer to both TCC I and TCC II until the reconsolidation into a single committee, and shall refer to the single committee once reconstituted.

1103." Fee Examiner Order, ¶ 4. Accordingly, the Fee Examiner reviewed each Fee Application, including each Fee Application of a Section 328 Professional, under the reasonableness standard set forth in section 330 of the Bankruptcy Code.

5. The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, 28 C.F.R. Pt. 58, App. A (the "UST Appendix A Guidelines"), and the Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases, 78 F.R. 36248 (the "UST Appendix B Guidelines," and collectively with the UST Appendix A Guidelines, the "UST Guidelines"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the Supreme Court of the United States and Court of Appeals for the Third Circuit, as well as case law from the District Courts and Bankruptcy Courts for the District of New Jersey, and other relevant and persuasive authority.

6. Following that review, the Fee Examiner issued a detailed Preliminary Report as to each Retained Professional. Each Preliminary Report set forth the legal and other standards governing the review, and raised questions as to certain categories of time or expense, as well as designated time entries or expenses. Each Retained Professional was invited to respond to the Preliminary Report, and all of the Retained Professionals covered by this Final Report produced responses addressing the questions raised in the Preliminary Report, in some cases more detailed and extensive than the original Fee Application. E-mail exchanges were conducted and, in some

cases, telephone conferences were held with the Retained Professionals. Through this process, substantial additional information was provided to the Fee Examiner.

7. Following receipt of the additional information, which information often clarified or resolved many of the questions raised by the Fee Examiner, the Fee Examiner communicated revised proposals to the Retained Professionals as to his recommendations for allowance of fees and reimbursement of expenses. As a consequence of exchanges with the Retained Professionals following the delivery of these revised proposals, resolutions were reached with each of the aforementioned two (2) Retained Professionals whose Fee Applications are covered by this Supplemental First Period Final Report.

### III. STANDARDS APPLIED BY THE FEE EXAMINER

8. The general standards applied by the Fee Examiner are set forth in the First Final Report previously filed with the Court as well as in the Preliminary Report sent to Retained Professionals, and those standards are incorporated herein by reference and will not be repeated in this Supplemental First Period Final Report.

### IV. THE FEE EXAMINER'S RECOMMENDATIONS AS TO THE FEE APPLICATIONS

9. The Fee Examiner makes the following specific recommendations as to the Fee Applications:

**Brown Rudnick LLP**

10. Brown Rudnick serves as co-counsel to TCC I. For its services, Brown Rudnick is compensated on an hourly fee basis. See *Order Authorizing and Approving the Retention and Employment of Brown Rudnick LLP as Co-Counsel to the Official Committee of Talc Claimants, Effective as of November 12, 2021* [Docket No. 853]. On March 17, 2022, Brown Rudnick filed the *First Interim Application for Allowance of Fees and Reimbursement of Expenses of Brown*

6

*Rudnick LLP, as Co-Counsel to the Official Committee of Talc Claimants I for the Period November 12, 2021 through and Including February 28, 2022* [Docket No. 1761] ("Brown Rudnick's Fee Application"). Brown Rudnick's Fee Application seeks interim approval of fees in the amount of $7,758,952.75 and reimbursement of expenses in the amount of $298,265.35 for the period from November 12, 2021 through February 28, 2022. The Fee Examiner notes that, as described in Brown Rudnick's Fee Application, Brown Rudnick, prior to the filing of the interim fee application, voluntarily reduced its fee request by $310,426.00. This reduction specifically addresses transitory timekeeper issues, among others.

11. The Fee Examiner reviewed Brown Rudnick's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "Brown Rudnick Preliminary Report") that identified the following areas of inquiry with respect to Brown Rudnick's Fee Application:

(a) Technical compliance with the UST Guidelines;

(b) Top-heavy staffing approach;

(c) Rate increases;

(d) Billing discrepancies;

(e) Lumped time entries;

(f) Time increments/block billing;

(g) Vague time entries;

(h) Repetitive time entries;

(i) Administrative or clerical tasks;

(j) Multiple attendees;

(k) Intra-office conferences;

7

(l) Paraprofessional tasks billed by attorneys;

(m) Extended days;

(n) Conflict checks;

(o) Research time;

(p) Inter-firm duplication;

(q) Overhead expenses; and

(r) Meal expenses.

12. Although the Brown Rudnick Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

13. In response to the Brown Rudnick Preliminary Report, Brown Rudnick provided the Fee Examiner with a detailed written response addressing the concerns raised in the Brown Rudnick Preliminary Report. The Fee Examiner and Brown Rudnick also engaged in telephone conferences, as well as e-mail exchanges, to address and resolve the issues raised by the Brown Rudnick Preliminary Report.

14. As a result of this process, Brown Rudnick and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$560,239.50** and expenses in the amount of **$2,639.57**. The recommended reduction results in a recommended allowance of fees in the amount of **$7,198,713.25** and expenses in the amount of **$295,625.78**. The Fee Examiner supports Brown Rudnick's modified request.

**Rayburn Cooper & Durham, P.A.**

15. Rayburn serves as co-counsel to the Debtor. For its services, Rayburn is compensated on an hourly fee basis. See *Amended Order Approving Employment of Rayburn*

*Cooper & Durham, P.A. as Attorneys for Debtor as of the Petition Date* [Docket No. 868]. On March 16, 2022, Rayburn filed the *Final Fee Statement of Rayburn Cooper & Durham, P.A.* [Docket No. 1748] ("Rayburn's Fee Application"). Rayburn's Fee Application seeks approval of fees in the amount of $190,866.50[6] and reimbursement of expenses in the amount of $12,957.89 for the period from October 14, 2021 through February 28, 2022.

16. The Fee Examiner reviewed Rayburn's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "Rayburn Preliminary Report") that identified the following areas of inquiry with respect to Rayburn's Fee Application:

(a) Technical compliance with the UST Guidelines;

(b) Overstaffing;

(c) Billing discrepancies;

(d) Lumped time entries;

(e) Time increments/block billing;

(f) Vague time entries;

(g) Duplicative tasks;

(h) Research time;

(i) Administrative or clerical tasks;

(j) Multiple attendees;

(k) Intra-office conferences;

(l) Paraprofessional tasks billed by attorneys;

(m) Excessive time; and

---

[6] This includes an estimated $7,500 in undocumented fees accrued for the period March 1, 2022 through and including March 17, 2022.

    (n)    Meal expenses.

17. Although the Rayburn Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

18. In response to the Rayburn Preliminary Report, Rayburn provided the Fee Examiner with a detailed written response addressing the concerns raised in the Rayburn Preliminary Report. The Fee Examiner and Rayburn also engaged in telephone conferences, as well as e-mail exchanges, to address and resolve the issues raised by the Rayburn Preliminary Report.

19. As a result of this process, Rayburn and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$12,424.20**. The recommended reduction results in a recommended allowance of fees in the amount of **$178,442.30** and expenses in the amount of **$12,957.89** on a final basis. The Fee Examiner supports Rayburn's modified request.

**V.**    **THE FEE EXAMINER'S RECOMMENDATIONS AS TO THE HOLDBACK**

20. The Interim Compensation Order in these cases provides for a twenty percent (20%) holdback on payment of fees requested in the monthly statement submitted by any Retained Professional. Interim Compensation Order, ¶ 2(g). Given the status of these cases, and for the reasons detailed below, the Fee Examiner recommends that the holdback amounts applicable to the First Fee Period be released to the subject Retained Professionals: Brown Rudnick and Rayburn. The Fee Examiner recommends that the full twenty percent (20%) holdback for all subsequent fee periods remain in place for all of the Retained Professionals, pending allowance of future fee applications.

## VI. CONCLUSION

Accordingly, the Fee Examiner recommends that fees be allowed and expenses be reimbursed as set forth above and on <u>Exhibit A</u> hereto. A proposed form of order implementing these recommendations will be filed with the Court.

Dated:  June 21, 2022

Respectfully submitted,

*/s/ Jeffrey Traurig*_____
Jeffrey Traurig, Esq.
TRAURIG LAW LLC
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com

*Local Counsel to the Fee Examiner*

-and-

Robert J. Keach, Esq. (admitted *pro hac vice*)
Letson Douglass Boots, Esq. (admitted *pro hac vice*)
BERNSTEIN SHUR SAWYER & NELSON, P.A.
100 Middle Street, P.O. Box 9729
Portland, ME 04104
Telephone:    (207) 774-1200
Fax:               (207) 774-1127
Email:           rkeach@bernsteinshur.com
Email:           lboots@bernsteinshur.com

*Co-Counsel to the Fee Examiner*