**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

Order Filed on June 24, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>June 14, 2022 at 10:00 a.m. |

## ORDER AUTHORIZING THE DEBTOR TO
## ENTER INTO THE REIMBURSEMENT AGREEMENT

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: June 24, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is
501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizng the Debtor to Enter Into the Reimbursement Agreement

This matter coming before the Court on the *Debtor's Motion for an Order Authorizing it to Enter into Expense Reimbursement Agreement with Ad Hoc Committee of State Attorneys General* [Dkt. 2338] (the "Motion");[2] the Court having reviewed the Motion, the United States Trustee's objection to the Motion [Dkt. 2427] (the "Objection"), the response of the ad hoc committee of state attorneys general in support of the Motion [Dkt. 2467], and the Debtor's reply in support of the Motion [Dkt. 2471], and having heard the statements of counsel and considered the evidence presented with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and no further notice is necessary, (v) entry into the Reimbursement Agreement is a reasonable exercise of the Debtor's business judgment, and (vi) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and after due deliberation, the Court having overruled the Objection and for the reasons set forth at the Hearing the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

---

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizng the Debtor to Enter Into the Reimbursement Agreement


2.      The Debtor is authorized to enter into and perform its obligations under

the Reimbursement Agreement pursuant to section 363 of the Bankruptcy Code.

3.      The Debtor is authorized, but not directed, to pay the Debtor's share of the

Fees and Expenses in accordance with the terms and conditions of the Reimbursement

Agreement, the interim compensation order entered in this case (the "Interim Compensation

Order"), and this Order, and the Debtor shall have no obligation to pay any Fees and Expenses

incurred after the termination of the Reimbursement Agreement in accordance with its terms.

4.      For Fees and Expenses covered by the Reimbursement Agreement, the

Professionals shall comply with the processes and procedures set forth in the Interim

Compensation Order and will be subject to the review procedures of the fee examiner.

5.      Nothing in this Order shall be deemed to constitute:  (a) a grant of

third-party beneficiary status or bestow any additional rights on any third party; (b) a waiver of

any rights, claims or defenses of the Debtor; (c) an admission of the validity of any claim against

the Debtor; (d) a waiver of the Debtor's rights or those of any party in interest to dispute, contest,

setoff, or recoup any claim, or assert any related rights, claims, or defenses; or (e) an allowance

of an administrative expense claim.

6.      Notwithstanding the possible application of Bankruptcy Rule 6004(h), this

Order shall be immediately effective and enforceable upon its entry.

7.      The Court shall retain jurisdiction over all matters arising out of or related

to the implementation, interpretation or enforcement of this Order.