**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |

**SUMMARY COVER SHEET AND STATEMENT FOR THE SECOND INTERIM
FEE APPLICATION OF JONES DAY FOR ALLOWANCE OF FEES
AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
DEBTOR FOR THE PERIOD FEBRUARY 1, 2022 THROUGH MAY 31, 2022**

---

[1]   The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1531867724

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

Debtor:  LTL Management LLC

Applicant:  Jones Day

Case No.:  21-30589-MBK

Client:  LTL Management LLC

Chapter:  11

Case Filed:  October 14, 2021 (the "Petition Date")

## SECTION 1
## FEE SUMMARY

☒  Interim Fee Application No.  2          or      ☐  Final Fee Application

Summary of Amounts Requested for the Period from February 1, 2022 through May 31, 2022 (the "Compensation Period").

|  | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees Requested: | $8,161,596.25 | $140,430.02 |
| Total Fees Allowed to Date: | $0.00 | $0.00 |
| Total Retainer (If Applicable): | $0.00 | $0.00 |
| Total Holdback (If Applicable): | $1,632,319.25 | $0.00 |
| Total Received by Applicant: | $7,839,595.00 | $55,369.17 |

| | |
|---|---|
| Fee Total: | $8,161,596.25 |
| Disbursement Total: | $140,430.02 |
| **Total Fee Application:** | **$8,302,026.27** |

NAI-1531867724

**SUMMARY OF HOURS AND COMPENSATION BY PROFESSIONAL**

| Name of Professional & Title | Year Admitted | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| J M Burnham, Partner | 2009 | $1,225.00 | 8.30 | $10,167.50 |
| J B Ellman, Partner | 1991 | $1,300.00 | 4.90 | $6,370.00 |
| B B Erens, Partner | 1991 | $1,400.00 | 322.80 | $451,920.00 |
| B B Erens, Partner | 1991 | $700.00 | 33.80 | $23,660.00 |
| N J Francisco, Partner | 1999 | $1,500.00 | 2.40 | $3,600.00 |
| G M Gordon, Partner | 1980 | $1,550.00 | 405.30 | $628,215.00 |
| G M Gordon, Partner | 1980 | $775.00 | 36.70 | $28,442.50 |
| H K Gordon, Partner | 1988 | $1,400.00 | 169.40 | $237,160.00 |
| J M Jones, Partner | 1986 | $1,450.00 | 188.20 | $272,890.00 |
| J M Jones, Partner | 1986 | $725.00 | 6.50 | $4,712.50 |
| T P Kelly, Partner | 1988 | $1,125.00 | 8.40 | $9,450.00 |
| T B Lewis, Partner | 1987 | $1,250.00 | 46.30 | $57,875.00 |
| C K Marshall, Partner | 2001 | $1,250.00 | 193.90 | $242,375.00 |
| D J Merrett, Partner | 2007 | $1,100.00 | 321.90 | $354,090.00 |
| D J Merrett, Partner | 2007 | $550.00 | 10.70 | $5,885.00 |
| J M Mester, Partner | 1998 | $1,475.00 | 1.20 | $1,770.00 |
| M W Rasmussen, Partner | 2006 | $1,150.00 | 266.70 | $306,705.00 |
| M W Rasmussen, Partner | 2006 | $575.00 | 13.50 | $7,762.50 |
| K A Rubin, Partner | 2013 | $1,200.00 | 0.70 | $840.00 |
| D S Torborg, Partner | 1998 | $1,200.00 | 416.00 | $499,200.00 |
| D S Torborg, Partner | 1998 | $600.00 | 6.70 | $4,020.00 |
| K L Wall, Partner | 2009 | $1,100.00 | 59.60 | $65,560.00 |
| P M Green, Of Counsel | 2007 | $1,200.00 | 383.60 | $460,320.00 |
| R W Hamilton, Of Counsel | 1984 | $1,025.00 | 164.20 | $168,305.00 |
| R W Hamilton, Of Counsel | 1984 | $512.50 | 9.00 | $4,612.50 |
| R Luther III, Of Counsel | 2010 | $950.00 | 4.00 | $3,800.00 |
| D B Prieto, Of Counsel | 2000 | $1,125.00 | 723.20 | $813,600.00 |
| D B Prieto, Of Counsel | 2000 | $562.50 | 82.40 | $46,350.00 |
| A Rush, Of Counsel | 2011 | $1,050.00 | 677.70 | $711,585.00 |
| A Rush, Of Counsel | 2011 | $525.00 | 43.50 | $22,837.50 |
| M E Ball, Associate | 2019 | $575.00 | 4.90 | $2,817.50 |
| A A Beck, Associate | 2017 | $750.00 | 9.50 | $7,125.00 |
| H C Bedell, Associate | 2021 | $550.00 | 2.40 | $1,320.00 |
| J R Boule, Associate | 2018 | $725.00 | 82.50 | $59,812.50 |
| G C Cefali, Associate | 2021 | $575.00 | 18.20 | $10,465.00 |
| C K Cahow, Associate | 2014 | $1,025.00 | 330.10 | $338,352.50 |
| C K Cahow, Associate | 2014 | $512.50 | 16.50 | $8,456.25 |
| C Fogarty, Associate | 2021 | $575.00 | 13.70 | $7,877.50 |

NAI-1531867724

| Name of Professional & Title | Year Admitted | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| G Ghaul, Associate | 2013 | $1,100.00 | 369.40 | $406,340.00 |
| G Ghaul, Associate | 2013 | $550.00 | 7.10 | $3,905.00 |
| E A Gearing, Associate | 2021 | $600.00 | 5.50 | $3,300.00 |
| B M Haase, Associate | 2018 | $725.00 | 25.50 | $18,487.50 |
| A P Johnson, Associate | 2018 | $675.00 | 108.30 | $73,102.50 |
| J Kairey, Associate | 2018 | $775.00 | 67.80 | $52,545.00 |
| I M Perez, Associate | 2016 | $725.00 | 645.80 | $468,205.00 |
| C P Redmond, Associate | 2018 | $725.00 | 118.90 | $86,202.50 |
| L E Roe, Associate | 2019 | $575.00 | 10.30 | $5,922.50 |
| M P Stefanova, Associate | 2014 | $900.00 | 122.30 | $110,070.00 |
| B J Thomson, Associate | 2019 | $775.00 | 114.00 | $88,350.00 |
| B J Wierenga, Associate | 2018 | $725.00 | 265.20 | $192,270.00 |
| D C Villalba, Associate | 2019 | $650.00 | 250.10 | $162,565.00 |
| T M Villari, Associate | 2021 | $550.00 | 126.80 | $69,740.00 |
| N P Yeary, Associate | 2020 | $650.00 | 454.60 | $295,490.00 |
| K B Grigel, Law Clerk | 2019 | $675.00 | 17.80 | $12,015.00 |
| J E Odom, Law Clerk | 2021 | $600.00 | 2.40 | $1,440.00 |
| L C Fischer, Staff Attorney | 1996 | $600.00 | 54.50 | $32,700.00 |
| C L Smith, Paralegal | N/A | $425.00 | 436.20 | $185,385.00 |
| N T Bittle, Project Manager | N/A | $350.00 | 9.30 | $3,255.00 |
| **TOTAL** | | | **8,301.10** | **$8,161,596.25** |

**BLENDED RATE OF PROFESSIONALS – TOTAL**

| Professionals | Blended Rate | Total Hours | Total Compensation |
|---|---|---|---|
| Partner | $1,276.86 | 2,523.90 | $3,222,670.00 |
| Of Counsel | $1,068.89 | 2,087.60 | $2,231,410.00 |
| Associate | $780.19 | 3,169.40 | $2,472,721.25 |
| Staff Attorney | $600.00 | 54.50 | $32,700.00 |
| Law Clerk | $666.09 | 20.20 | $13,455.00 |
| Paralegal | $425.00 | 436.20 | $185,385.00 |
| Project Manager | $350.00 | 9.30 | $3,255.00 |
| **TOTAL** | **$983.20** | **8,301.10** | **$8,161,596.25** |

-3-

**BLENDED HOURLY RATE FOR DOMESTIC OFFICES
CONTRIBUTING 10% OR MORE OF BILLED HOURS**

| Office/Category of Professional | Blended Rate |
|---|---|
| Chicago – Partner | $986.00 |
| Chicago – Of Counsel | $989.00 |
| Chicago – Associate | $575.00 |
| Chicago – Law Clerk | $492.00 |
| Chicago – Staff Attorney | $420.00 |
| Chicago – Paralegal | $238.00 |
| Dallas – Partner | $910.00 |
| Dallas – Of Counsel | $1,080.00 |
| Dallas – Associate | $558.00 |
| Dallas – Law Clerk | $505.00 |
| Dallas – Staff Attorney | $323.00 |
| Dallas – Paralegal | $296.00 |
| Houston – Partner | $882.00 |
| Houston – Of Counsel | $865.00 |
| Houston – Associates | $530.00 |
| Houston – Law Clerk | $453.00 |
| Houston – Staff Attorney | $0.00 |
| Houston – Paralegal | $164.00 |
| Miami – Partner | $938.00 |
| Miami – Of Counsel | $763.00 |
| Mami – Associate | $507.00 |
| Miami – Law Clerk | $447.00 |
| Miami – Staff Attorney | $0.00 |
| Miami – Paralegal | $292.00 |
| New York – Partner | $1,078.00 |
| New York – Of Counsel | $960.00 |
| New York – Associate | $618.00 |
| New York – Law Clerk | $489.00 |
| New York – Staff Attorney | $211.00 |
| New York – Paralegal | $325.00 |
| Washington – Partner | $996.00 |
| Washington – Of Counsel | $912.00 |
| Washington – Associate | $637.00 |
| Washington – Law Clerk | $479.00 |
| Washington – Staff Attorney | $0.00 |
| Washington – Paralegal | $367.00 |

NAI-1531867724

## COMPENSATION BY PROJECT CATEGORY

| SERVICES RENDERED | HOURS | FEES |
|---|---|---|
| **Automatic Stay** <br> Matters relating to extension or enforcement of automatic stay. | 356.60 | $325,907.50 |
| **Case Administration** <br> Matters relating to administration of case, including maintenance of docket and calendar; and service matters. | 335.60 | $333,097.50 |
| **Claims Administration** <br> Matters relating to claim inquiries; bar date motions; analyses, objections and allowance of claims. | 37.20 | $25,957.50 |
| **Court Hearings** <br> Matters relating to preparation for and attendance at hearings. | 1,321.80 | $1,481,470.00 |
| **Creditor Inquiries** <br> Matters relating to responding to creditor inquiries about the case that are general in nature. | 0.00 | $0.00 |
| **Employee Matters** <br> Matters relating to any direct or seconded employees. | 0.00 | $0.00 |
| **Executory Contracts and Unexpired Leases.** <br> Matters relating to contract and lease analysis, assumption, assumption and assignment, rejection or recharacterization of executory contracts and unexpired leases. | 0.00 | $0.00 |
| **Fee Application Preparation** <br> Matters relating to preparation of Jones Day fee applications and the preparation of monthly invoices. | 135.50 | $62,390.00 |
| **Financing Matters** <br> Matters relating to funding the Debtor. | 0.00 | $0.00 |
| **General Corporate** <br> Matters relating to transactional, corporate governance and related matters that do not relate to the plan or disclosure statement process. | 87.70 | $99,532.50 |
| **Litigation and Adversary Proceedings** <br> Matters relating to non-bankruptcy litigation and adversary proceedings, including the adversary proceeding for an injunction to extend the stay to non-debtor protected parties. | 3,391.70 | $3,477,885.00 |
| **Non-Working Travel** <br> Matters relating to non-working travel time, billed at 50% of a timekeeper's customary rate. | 266.40 | $160,643.75 |
| **Plan of Reorganization and Disclosure Statement** <br> Matters relating to formulation, negotiation, preparation and promulgation of a plan, a disclosure statement and matters related to exclusivity. | 415.30 | $386,212.50 |
| **Professional Retention/Fee Issues** <br> Matters relating to retention of professionals, including preparation of retention applications, and objections to professionals fees. | 909.70 | $732,512.50 |
| **Schedules/SOFA/U.S. Trustee Reporting** <br> Matters relating to preparation of schedules and amendments thereto, statement of financial affairs and amendments thereto, monthly operating reports and other reports required by the U.S. Trustee, the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. | 60.20 | $54,012.50 |

NAI-1531867724

| SERVICES RENDERED | HOURS | FEES |
|---|---:|---:|
| **Talc Matters** Matters relating to talc claims, including analysis, valuation, strategy, negotiations, communications and meetings related to talc claims and any assistance in claims estimation matters relating to talc claims. | 983.40 | $1,021,975.00 |
| **Tax Advice** Matters relating to federal and state income, property, excise and other tax matters, including tax planning matters. | 0.00 | $0.00 |
| **Use, Sale, Lease of Assets** Matters relating to postpetition uses of property of the estate, including any acquisitions or dispositions. | 0.00 | $0.00 |
| **SERVICE TOTALS** | **8,301.10** | **$8,161,596.25** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---:|
| Conference Charges | $1,500.00 |
| Courier Services | $28.00 |
| Court Reporter Fees | $3,9031.38 |
| General Communication Charges | $17.07 |
| Meeting Room Charges | $20,007.97 |
| Postage Charges | $1.16 |
| Printing Charges | $6.00 |
| Staff Overtime Charges | $290.25 |
| Supplies | $59.53 |
| Travel – Airfare | $17,329.10 |
| Travel – Food and Beverage Expenses | $19,291.47 |
| Travel – Hotel Charges | $14,457.89 |
| Travel – Other Costs | $645.80 |
| Travel – Taxi Charges | $18,426.26 |
| Travel – Train Fare | $348.00 |
| United Parcel Service Charges | $505.81 |
| Video and Electronic Expenses | $8,484.33 |
| **TOTAL** | **$140,430.02** |

I certify under penalty of perjury that the above is true.

Dated:  June 24, 2022            */s/ Dan B. Prieto*
                                 Dan B. Prieto

NAI-1531867724

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* | |
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br><br>                            Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan |

**SECOND INTERIM FEE APPLICATION OF JONES DAY FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FEBRUARY 1, 2022 THROUGH MAY 31, 2022**

Jones Day, counsel to the above-captioned debtor (the "Debtor"), submits its second interim application for allowance of compensation of $8,161,596.25 and reimbursement of expenses of $140,430.02 for the period from February 1, 2022 through May 31, 2022 (the "Compensation Period") in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Dkt. 761] and the *Order*

---

[1]     The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1531867724

*Appointing an Independent Fee Examiner and Establishing Procedures* [Dkt. 1922] (together, the "Interim Compensation Order").  In support of this Application, Jones Day respectfully represents as follows:

1. During the Compensation Period, Jones Day did not receive any payments or promises of payment from any other source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this application.  There is no agreement or understanding between Jones Day and any other person, other than partners of the firm, for sharing of compensation to be received for services rendered in this case.

2. The fees charged by Jones Day in this case are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

3. Pursuant to Rule 2016-1 of the Local Rules of the United States Bankruptcy Court of New Jersey (the "Local Rules") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "Guidelines"), included herewith are (a) a schedule setting forth all Jones Day professionals and paraprofessionals who have performed services in this chapter 11 case during the Compensation Period, the capacities in which each individual is employed by Jones Day, the hourly billing rate charged by Jones Day for the services performed by such individual, the aggregate number of hours expended in this case during the Compensation Period and fees billed therefor and the year in which each professional was first licensed to practice law, (b) a summary of services by billing category for services rendered by Jones Day during the Compensation Period, and (c) a schedule setting forth the actual and

necessary disbursements that Jones Day incurred during the Compensation Period in connection with the performance of professional services for the Debtor and for which it seeks reimbursement.

4. Jones Day's itemized time records for professionals and paraprofessionals performing services for the Debtor during the Compensation Period and Jones Day's itemized records detailing expenses incurred on behalf of the Debtor during the Compensation Period were attached as Exhibit B to the previously-filed monthly fee applications (the "Prior Monthly Fee Applications"), which exhibits are incorporated herein by reference.

5. This application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Interim Compensation Order, the Guidelines, and the Local Rules.

**Background**

6. On October 14, 2021 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina (the "NC Bankruptcy Court"). On November 16, 2021, the NC Bankruptcy Court entered an order [Dkt. 416] transferring the case to the District of New Jersey, which referred the case to this Court. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

7. On November 8, 2021, the NC Bankruptcy Court entered an order [Dkt. 355] appointing the Official Committee of Talc Claimants. On March 18, 2022, the Court

---

[2] This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

-3-

entered an order [Dkt. 1786] appointing Randi S. Ellis as the legal representative of future talc claimants.

8. On November 23, 2021, the Debtor filed its *Application for Retention of Jones Day, Effective as of October 14, 2021* [Dkt. 541], by which the Debtor sought authority to retain and employ Jones Day as its counsel in this chapter 11 case. On March 25, 2022, the Court entered an order [Dkt. 1855], attached hereto as Exhibit A, authorizing the retention of Jones Day as the Debtor's counsel.

## Prior Monthly Fee Applications

9. Pursuant to the Interim Compensation Order, Jones Day has filed the following Prior Monthly Fee Applications for the months within the Compensation Period, each of which is incorporated herein by reference in its entirety:

   a. For February 1, 2022 through February 28, 2022 — fees of $3,219,693.75 and expenses of $81,573.00 [Dkt. 2456];

   b. For March 1, 2022 through March 31, 2022 — fees of $2,127,831.25 and expenses of $27,663.16 [Dkt. 2567];

   c. For April 1, 2022 through April 30, 2022 — fees of $1,610,316.25 and expenses of $16,272.90 [Dkt. 2573]; and

   d. For May 1, 2022 through May 31, 2022 — fees of $1,203,755.00 and expenses of $14,920.96 [Dkt. 2587].

10. Each Prior Monthly Fee Application contained a summary of the activities performed by Jones Day professionals and paraprofessionals during the Compensation Period.[3] In total, Jones Day has submitted Prior Monthly Fee Applications during the Compensation

---

[3] The summaries are qualified in their entirety by reference to the time and services detail attached as Exhibit B to each Prior Monthly Fee Application, which exhibits are incorporated herein by reference.

Period for fees of $8,161,596.25 and expenses of $140,430.02. As of the date of this application, no party has objected to any of Jones Day's Prior Monthly Fee Applications.[4]

**Expenses Incurred By Jones Day**

11.  Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. Accordingly, Jones Day seeks reimbursement for expenses incurred in rendering services to the Debtor during the Compensation Period in the amount of $140,430.02. Itemized records detailing the expenses incurred during the Compensation Period were attached as Exhibit B to each Prior Monthly Fee Application, which exhibits are incorporated herein by reference.

12.  Jones Day maintains the following policies with respect to expenses:

   a.  No amortization of the cost of any investment, equipment or capital outlay is included in the expenses. In addition, for those items or services that Jones Day purchased from or contracted with a third party (such as outside copy services), Jones Day seeks reimbursement only for the exact amount billed to Jones Day by the third party vendor and paid by Jones Day to the third party vendor.

   b.  Photocopying by Jones Day was charged at 10 cents per page. To the extent practicable, Jones Day utilized less expensive outside copying services.

   c.  Meals charged to the Debtor either were associated with (a) out-of-town travel; (b) meetings at Jones Day with the Debtor and other professionals; or (c) attorneys working late on matters concerning the Debtor.

   d.  Computer-assisted research is billed on a per-search and/or per-minute basis, depending upon the provider.

---

[4] The objection deadlines relating to the (a) Sixth Monthly Fee Application of Jones Day for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtor for the Period from March 1, 2022 through March 31, 2022, (b) Seventh Monthly Fee Application of Jones Day for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtor for the Period from April 1, 2022 through April 30, 2022 and (c) Eighth Monthly Fee Application of Jones Day for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtor for the Period from May 1, 2022 through May 31, 2022 have not yet passed.

  e. Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provision of services to the Debtor.

  f. Jones Day does not charge clients for cellphones or other similar charges.

  g. The time pressures associated with the services rendered by Jones Day frequently required Jones Day's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends. Jones Day has charged the Debtor for secretarial and other staff overtime expense that is directly associated with such after-hours work and was necessary given the circumstances of this case. Jones Day does not consider these to be part of its ongoing overhead expenses because they are special incremental expenses arising from the specific services being provided to the Debtor.

### Adjustments to Fees and Expenses

13. Consistent with its own internal policies and to comply with the "reasonableness" requirements of section 330 of the Bankruptcy Code, Jones Day has reviewed its monthly service descriptions and expense detail and has determined that certain fees and expenses should not be charged to the Debtor. In particular, Jones Day has voluntarily determined that $244,327.50 in fees and $514.70 in expenses should not be charged to the Debtor. This application reflects those adjustments.

### Statement of the Applicant

14. Pursuant to section C5 of the Guidelines, Jones Day makes the following statements:

  a. Jones Day did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services that were provided during the Compensation Period.

  b. The fees sought in this application are not in excess of the budgeted amount.

-6-

  c. None of the hourly rates of Jones Day's professionals and paraprofessionals included in this application has been varied based on the geographic location of this case.

  d. Except as disclosed in the Prior Monthly Fee Applications, this application does not include any time or fees related to reviewing, revising or preparing invoices.

  e. This application does not include any rate increases since Jones Day's retention.

## Conclusion

15. The fees and expenses requested herein by Jones Day are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

16. No agreement or understanding exists between Jones Day or any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day.

17. All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Debtor, and not on behalf of any other entity. In accordance with the Guidelines, the Certification of Dan B. Prieto is attached hereto as Exhibit B and incorporated herein by reference.

WHEREFORE, Jones Day respectfully requests that, pursuant to the Interim Compensation Order, the Court (a) allow on an interim basis compensation of $8,161,596.25 for services rendered by Jones Day during the Compensation Period, (b) allow on an interim basis reimbursement of Expenses of $140,430.02 for Expenses incurred during the Compensation

Period, (c) authorize payment of these allowed fees and Expenses to Jones Day and (d) grant such other and further relief to Jones Day as the Court may deem proper.

Dated:  June 24, 2022

Respectfully submitted,

*Dan B. Prieto*
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
      bberens@jonesday.com
      dbprieto@jonesday.com
      asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*