## EXHIBIT A

## Retention Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Order Filed on June 28, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

LTL Management LLC

Case No.: 21-30589

Adv. No.:

Hearing Date:

Judge: Michael B. Kaplan

### FINAL ORDER AUTHORIZING RETENTION OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS UNDER

BANKRUPTCY CODE SECTION 328(a)  EFFECTIVE DECEMBER 17, 2021

The relief set forth on the following page is hereby **ORDERED**.

**DATED: June 28, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel to the Official Talc Claimants Committee* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Talc Claimants Committee* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>105 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Co-Counsel for the Official Talc Claimants Committee* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official Talc Claimants Committee* |

#16511359v1 (24987.001)
#16576612v1 (24987.001)

| | |
|---|---|
| **PARKINS LEE & RUBIO LLP**<br>Leonard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinslee.com<br>crubio@parkinslee.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Co-Counsel for the Official Talc Claimants Committee* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>100 Main Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Co-Counsel for the Official Talc Claimants Committee* |

| | |
|---|---|
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589(MBK)<br><br>Honorable Michael B. Kaplan |

**FINAL ORDER AUTHORIZING RETENTION OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS UNDER BANKRUPTCY CODE <u>SECTION 328(a) EFFECTIVE DECEMBER 17, 2021</u>**

The relief set forth on the following page is **ORDERED**.

2

#16576612v1 (24987.001)

This Court, having considered (i) the *Application for Retention of Houlihan Lokey Capital, Inc. as Investment Banker for the Official Committee of Talc Claimants Effective* [Dkt. No. 953] (the "Application"), (ii) the *Declaration of Saul E. Burian in Support of Application for Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants Effective that includes the December 17, 2021 Agreement* (the "Agreement") [Dkt. No. 953-1] (the "Certification"), (iii) the *Supplemental Certification of Saul E. Burian in Support of Application for Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants* filed on January 11, 2022 [Dkt. No. 1110] (the "Supplemental Certification"), (iv) the *Debtors' Omnibus Objection to Application of the Official Committee of Talc Claimants for Retention of Houlihan Lokey Capital, Inc. as Investment Banker Under Bankruptcy Code Section 328(a) Effective as of December 17, 2021 and Application for Retention of FTI Consulting, Inc. as Financial Advisor for the Official Committee of Talc Claimants Effective December 13, 2021* [Dkt. No. 1087]; (v) the *Amendment to Houlihan Lokey Capital, Inc. Agreement* filed on April 11, 2022 (the "First Fee Amendment") [Dkt. 2055]; (vi) the *Second Supplemental Certification of Saul E. Burian in Support of Application for Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants* filed on May 20, 2022 [Dkt. No. 2332] (the "Second Supplemental Certification"); (vii) the *Third Supplemental Certification of Saul E. Burian in Support of Application for the Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants* filed on June 7, 2022 [Dkt. No. 2426] (the "Third Supplemental Certification" and together with the Certification, the Supplemental Certification and the Second Supplemental Certification the "Certifications"); (viii) the *Debtor's Supplemental Omnibus Objection to Applications of the Official Committee of Talc Claimants to Retain (I) Houlihan Lokey Capital, Inc. as Investment Banker, (II) FTI Consulting, Inc. as Financial Advisor and (III) The Brattle Group, Inc. as Talc Consultants* [Dkt 2313]; and (ix) the *Objection of the United States Trustee to the Official Committee of Talc Claimants Application for Retention of Houlihan Lokey Capital, Inc. as Investment Banker Under Bankruptcy Code Section 328 (a) filed on June 13, 2022 [Dkt. No. 2493];* the Court having previously entered its *Interim Order Authorizing Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants I Under Bankruptcy Code Section 328(a)* [Dkt No. 1244]; and upon the record of above-captioned chapter 11 case (the "Chapter 11 Case"); it is hereby ORDERED:

1. Any objections to the retention of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") are either overruled or have been resolved by the Court as set forth in this Order, and the Application is GRANTED on a final basis as set forth herein.

2. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of

#16576612v1 (24987.001)

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the Official Committee of Talc Claimants (the "Talc Committee") (for the period from December 17, 2021 through December 23, 2021, and from and after April 12, 2022) and the Official Committee of Talc Claimants I (for the period from December 24, 2021 through April 11, 2022) ("TCC I," and together with the Talc Committee, as applicable, the "Committee") are authorized and empowered to employ and retain, and the Debtor is authorized to compensate and reimburse, Houlihan Lokey during the respective noted periods, in the above-captioned chapter 11 case upon the terms and conditions set forth in the Application and the First Fee Amendment, except as modified herein. For the avoidance of doubt, since the reinstatement of the Talc Committee on April 12, 2022, the Talc Committee has renewed its retention of Houlihan Lokey as its investment banker to perform the services provided herein.

3. The effective date of retention is December 17, 2021.

4. The professional's address is:    Houlihan Lokey Capital, Inc.
                                      245 Park Avenue, 20th Floor
                                      New York, NY 10167

5. The compensation provisions of the Agreement (as amended by the First Fee Amendment and herein) are hereby approved pursuant to Section 328(a) of the Bankruptcy Code subject to this paragraph and paragraphs 6, 7, 25 and 26 herein. Houlihan Lokey shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and any applicable orders of the Court subject to this paragraph and paragraphs 2 and 7 herein. For the avoidance of doubt, paragraph 3 of the Agreement (as amended by the First Fee Amendment and herein) is modified to reflect that payments can only be made upon the filing of a monthly fee statement, interim fee application or final fee application and approval by the Court.

6. Notwithstanding anything to the contrary herein, the Court, U.S. Trustee and the Fee Examiner retain all rights to review and object to Houlihan Lokey's monthly, interim and final fee applications (including expense reimbursement and any request for counsel fees) based on the reasonableness standard in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. Notwithstanding anything contained herein or in the Agreement to the contrary, the Court retains its rights to *sua sponte*

#16576612v1 (24987.001)

review and raise objections to Houlihan Lokey's request for payment of the Deferred Fee (as defined below) and, as may be applicable, the Discretionary Fee (as defined below). For the avoidance of doubt, the Fee Examiner's rights to review and object set forth herein are subject to the terms of the *Order Appointing Independent Fee Examiner and Establishing Procedures* [Dkt. No. 1922].

7. The requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Trustee Guidelines and any other orders and procedures of this Court, including D.N.J. LBR 2016-1, are hereby modified such that Houlihan Lokey shall provide reasonably detailed summary time records in 0.5 hour increments, which records shall indicate total hours incurred by each professional for each day, the individuals who provided the services and provide a brief description of the nature of the work performed.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The indemnification, contribution, reimbursement and exculpation provisions set forth in the Agreement are approved on a final basis subject to the following provisions during the pendency of this case:

   a) subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtor is authorized to indemnify, and shall indemnify, Houlihan Lokey for any claims arising from, related to, or in connection with the services to be provided by Houlihan Lokey as specified in the Application, but not for any claim arising from, related to, or in connection with Houlihan Lokey's post-petition performance of any other services (other than those in connection with the engagement), unless such other post-petition services and indemnification therefore are approved by this Court; and any other HL Party may seek a further Order; and

   b) the Debtor shall have no obligation to indemnify Houlihan Lokey, or provide contribution or reimbursement to Houlihan Lokey, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Houlihan Lokey's fraud, bad faith, gross negligence, self-dealing or willful misconduct , (ii) for a contractual dispute in which the Debtor alleges the breach of Houlihan Lokey's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled without the Debtor's consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice

#16576612v1 (24987.001)

        and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey is not entitled to receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

    c)     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Houlihan Lokey or any HL Party believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such HL Party must file an application therefor in this Court, and the Debtor may not pay any such amounts to such HL Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by HL Parties for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtor's obligation to indemnify the HL Parties.

    d)     The provisions of subparagraphs (a) – (c) shall be without prejudice to the right of any HL Party to seek approval from the Court to require indemnification, contribution or reimbursement from the Debtor in accordance with, and subject to the same terms and conditions as apply to Houlihan Lokey pursuant to the Agreement and this Order. For purposes of this Interim Order, HL Parties shall refer to Houlihan Lokey and its affiliates.

10.     All parties in interest shall retain the right to object to any demand by the HL Parties for indemnification.

11.     Notwithstanding any provisions in the Agreement to the contrary, the contribution obligations of the HL Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtor pursuant to the Agreement.

12.     As described in the Certifications, Houlihan Lokey will focus on matters that involve expertise in investment banking, negotiations, valuation and transactions both in the context of Chapter 11 bankruptcy and otherwise, including but not limited to: (i) advice regarding the financial implications of pending motions, (ii) expert and/or other testimony with respect to the Debtor and any affiliates, (iii) advising the Committee in connection with its negotiations with the case key stakeholders with respect to mediation and developing a plan of reorganization, (iv) if requested by the Committee, valuing the Debtor's (and its

#16576612v1 (24987.001)

affiliate's) businesses on a prospective and/or historical basis (i.e. in connection with litigation), (v) evaluating potential strategic alternatives, (vi) assessing any proposed purchases or sales of Non Debtor subsidiaries' (i.e. Royalty A&M) intellectual property and (vii) assessing Johnson and Johnson's capital structure and capital markets activity including the spin off of its consumer business and the impact of such activity on the Debtor.

13. In order to avoid duplication of services with those services performed by FTI Consulting, Inc. ("FTI") or other professionals retained by the Committee, the following system shall be implemented to determine the distribution of work relating to the bankruptcy case and related proceedings. First, a small group of senior professionals at FTI and Houlihan Lokey shall confer to determine work strategy and tasks, in consultation with the Committee's counsel, the Committee members, and their designated representatives. Second, FTI and Houlihan Lokey will coordinate responsibility for completing any applicable task. Third, to the extent any work product related to a task is relevant to the other's work or advice for the Committee, such work product shall be shared with FTI or Houlihan Lokey, as applicable, so that both FTI or Houlihan Lokey have the benefit of the other's relevant analysis and work product.

14. No fees shall be nonrefundable or earned upon receipt in consideration of Houlihan Lokey's acceptance of the engagement, except by Order of the Court.

15. Houlihan Lokey is entitled to reimbursement by the Debtor for reasonable expenses incurred in this Chapter 11 Case subject to the terms and conditions set forth in the Agreement and as provided by this Order.

16. None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

17. In the event Houlihan Lokey seeks to use any of its affiliates to perform services for the Committee and intends to seek compensation for such services, the Committee shall seek the separate retention of any such affiliates.

18. All rights to object to any request for reimbursement of expenses are reserved, including but not limited to any request for the reimbursement of legal fees of outside counsel.

19. Any additional services provided by Houlihan Lokey which were not provided for in the

#16576612v1 (24987.001)

Certifications shall require further Court approval.

20.     To the extent that there may be any inconsistency between the terms of the Application, the Certifications, the Agreement, and the First Fee Amendment and this Order, the terms of this Order shall govern.

21.     Notwithstanding anything to the contrary in the Agreement, the Agreement may not be terminated unless by order of the Court.  Any such Order approving termination may be sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Court or such earlier date as may be appropriate.

22.     In accordance with the Compensation Guidelines, Houlihan Lokey shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Houlihan Lokey's fee applications in this case.

23.     The Committee and Houlihan Lokey are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

24.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

25.     Section 3 of the Agreement is hereby deleted and replaced in its entirety with the following:

> (i)     *Monthly* Fees: Houlihan Lokey shall be paid in advance a nonrefundable monthly cash fee (each being a "Monthly Fee") of (i) $400,000 on each of the Effective Date and the first monthly anniversary of the Effective Date, (ii) $171,432 on the second monthly anniversary of the Effective Date1, and (iii) $175,000 on March 1, 2022 and on each monthly anniversary of March 1, 2022 thereafter. The first payment shall be made upon the approval of this Agreement by the Bankruptcy Court and shall be in respect of the period as from the Effective Date through the month in which payment is made.  Thereafter, payment of the Monthly Fee shall be made on every monthly anniversary of the Effective Date during the term of this Agreement.  Each Monthly Fee shall be earned upon Houlihan Lokey's receipt thereof in consideration of Houlihan Lokey accepting this engagement and performing services as described herein.

---

1 Represents a pro-rated portion of the $400,000 Monthly Fee for the period of February 17th through February 28th.

#16576612v1 (24987.001)

    (ii)    *Deferred Fee*: The Debtor shall pay Houlihan Lokey a fee (the "Deferred Fee") to be paid in cash of $3,000,000. The Deferred Fee shall be earned and payable upon the consummation of a Chapter 11 plan of reorganization with respect to the Debtor; and

    (iii)    *Discretionary Fee:* In addition to the other fees provided for herein, at any time the Committee, based upon the Committee's business judgement, and Houlihan Lokey may, in good faith and subject to approval by the Bankruptcy Court, agree on additional compensation to be paid (the "Discretionary Fee"). The Committee shall file a motion seeking Court approval of the Discretionary Fee, which may be objected to by any party in interest including, but not limited to, the Court, U.S. Trustee and Fee Examiner.

In the event that a Discretionary Fee is approved and paid, beginning with the Monthly Fee corresponding to the month starting on October 17th, 2022, 50% of the Monthly Fees received by Houlihan Lokey and approved by the final order of the Bankruptcy Court shall be credited against the Discretionary Fee (as defined above) to which Houlihan Lokey becomes entitled hereunder (it being understood and agreed that no Monthly Fee shall be credited more than once), and, in no event, shall such Discretionary Fee be reduced below zero;

26. The following paragraph is hereby added at the end of Section 4 of the Agreement

In addition, notwithstanding the expiration or termination of this Agreement, Houlihan Lokey shall be entitled to full payment by the Debtor of the Deferred Fee described in this Agreement so long as the conditions set forth in Section 3(ii) hereunder causing such Deferred Fee to be due and payable are satisfied during the term of this Agreement or after termination of this Agreement.

#16576612v1 (24987.001)