**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**D.N.J. LBR 2016-1, FEE APPLICATION COVER SHEET**

| | | | |
|---|---|---|---|
| Debtor: | LTL Management LLC | Applicant: | Randi S. Ellis, FTCR |
| Case No.: | 21-30589-MBK | Client: | N/A |
| Chapter: | 11 | Case Filed: | October 14, 2021 (the "Petition Date") |

**FIRST INTERIM APPLICATION OF RANDI S. ELLIS, LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF THE EXPENSES INCURRED FOR THE PERIOD FROM MARCH 8, 2022 THROUGH MAY 31, 2022**

**SECTION I**
**FEE SUMMARY**

☑ Interim Fee Application No. 1            ☐ Final Fee Application

Summary of Amounts Requested for the Period from March 8, 2022 through May 31, 2022 (the "Second Interim Statement Period").

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees and Expenses Requested: | $376,675.00 | $7,086.66 |
| Total Fees Allowed To Date: | $0 | $0 |
| Total Retainer (If Applicable) | $0 | $0 |
| Total Holdback (If Applicable) | $75,335.00 | $0 |
| Total Received by Applicant | $301,420.00 | $7,086.66 |

**Total Fees:** $376,675.00
**Total Disbursements:** $7,086.66
**Total Fee Application:** $383,761.66

## SECTION II
## SUMMARY OF SERVICES

| **SERVICES RENDERED** | | **HOURS** | **FEE** |
|---|---|---|---|
| a) | **Asset Analysis and Recovery:** Identification and review of potential assets including causes of action and non-litigation recoveries. | | |
| b) | **Asset Disposition** Sales, leases, abandonment and related transaction work. | | |
| c) | **Avoidance Action Litigation** Preference and fraudulent transfer litigation. | | |
| d) | **Business Operations** Issues related to debtor-in-possession operating in chapter 11 such as employee, vendor, tenant issues and other similar problems. | | |
| e) | **Case Administration** Coordination and compliance activities, including preparation of statement of financial affairs, schedules, list of contracts, United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquires. | 41.4 | $39,330.00 |
| f) | **Claims Administration and Objections** Specific claim inquiries; bar date motions; analyses, objections and allowance of claims. | | |
| g) | **Employee Benefits/Pensions** Review issues such as severance, retention, 401K coverage and continuance of pension plan. | | |
| h) | **Fee/Employment Applications** Preparations of employment and fee applications for self or others; motions to Establish interim procedures. | | |
| i) | **Fee/Employment Objections** Review of an objections to the employment and fee applications of others. | | |

| **SERVICES RENDERED** | **HOURS** | **FEE** |
|---|---|---|
| j) **Financing**<br>Matters under 361, 363 and 364 including cash collateral and secured clams; loan document analysis. | | |
| k) **Litigation**<br>Other than Avoidance Action Litigation (there should be a separate category established for each major matter). | 317.9 | $302,005.00 |
| l) **Meetings of Creditors**<br>Preparing for and attending the conference of creditors, the 341(a) meeting and other creditors' committee meetings. | | |
| m) **Plan and Disclosure Statement**<br>Formulation, presentation and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to allowance and objections to allowance of claims. | | |
| n) **Relief from Stay Proceedings**<br>Matters relating to termination or continuation of automatic stay under 362. | | |
| o) **Accounting/Auditing**<br>Activities related to maintaining and auditing books of account, preparation of financial statements and account analysis. | | |
| p) **Business Analysis**<br>Preparation and review of company business plan; development and review of strategies; preparation and review of cash flow forecasts and feasibility studies. | | |
| q) **Corporate Finance**<br>Review financial aspects of potential mergers, acquisitions and disposition of company or subsidiaries. | | |

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| r) **Data Analysis**<br>Management information systems review, installation and analysis, construction, maintenance and reporting of significant case financial data, lease rejection, claims, etc. | | |
| s) **Litigation Consulting**<br>Providing consulting and expert witness services related to various bankruptcy matters such as insolvency, feasibility, avoiding actions; forensic accounting, etc. | | |
| t) **Reconstruction Accounting**<br>Reconstructing books and records from past transactions and brining accounting current. | | |
| u) **Tax Issues**<br>Analysis of tax issues and preparation of state and federal tax returns. | | |
| v) **Valuation**<br>Appraise or review appraisals of assets. | | |
| w) **Travel Time**<br>Please note that non-working travel time must be billed at 50% of cost. | 74.4 | $35,340.00 |
| **SERVICE TOTALS:** | **433.7** | **$376,675.00** |

## SECTION III
## SUMMARY OF DISBURSEMENTS

| **DISBURSEMENTS** | **AMOUNT** |
|---|---|
| a) **Filing Fees** <br> Payable to Clerk of Court. | |
| b) **Computer Assisted Legal Research** <br> Westlaw, Lexis and a description of manner calculated. | |
| c) **Pacer Fees** <br> Payable to the Pacer Service Center for search and/or print. | |
| d) **Fax** <br> Include per page fee charged. | |
| e) **Case Specific Telephone/Conference Call Charges** <br> Exclusive of overhead charges. | |
| f) **In-house Reproduction Services** <br> Exclusive of overhead charges. | |
| g) **Outside Reproduction Services** <br> Including scanning services. | |
| h) **Other Research** <br> Title searches, UCC searches, Asset searches, Accurint. | |
| i) **Court Reporting** <br> Transcripts. | |
| j) **Travel** <br> Mileage, tolls, airfare, parking. | $7,086.66 |
| k) **Courier & Express Carriers** <br> Overnight and personal delivery. | |
| l) **Postage** | |
| m) **Other (specify)** <br> Meals | |
| **DISBURSEMENTS TOTALS:** | **$7,086.66** |

I certify under penalty of perjury that the foregoing is true and correct.

Executed on July 11, 2022                                         *s/Randi S. Ellis*
                                                                                               Randi S. Ellis

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(B)**

Mark Falk, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
*Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants*

In re:

LTL Management, LLC,

                Debtor.

Case No.: 21-30589

Judge: Michael B. Kaplan

Chapter: 11

# FIRST INTERIM APPLICATION OF RANDI S. ELLIS, LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF THE EXPENSES INCURRED FOR THE PERIOD FROM MARCH 8, 2022 THROUGH MAY 31, 2022

Randi S. Ellis, Legal Representative for Future Talc Claimants ("FTCR") in the above-captioned matter, submits this application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2016-3, as her first interim application for compensation for services rendered and reimbursement of expenses for the period of March 8, 2022 through May 31, 2022 (the "Second Interim Compensation Period"). By this Application, pursuant to the Compensation Procedures Order (defined below), FTCR seeks allowance and payment of compensation in the amount of $376,675.00 for services rendered by FTCR during the Second Interim Compensation Period and allowance and reimbursement of actual and necessary

expenses in the amount of $7,086.66 incurred during the Second Interim Compensation Period. In support of the Application, FTCR respectfully states as follows:

## BACKGROUND

1. On October 14, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), commencing the above-captioned chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for the Western District of North Carolina. The Chapter 11 Case was subsequently transferred to United States Bankruptcy Court for the District of New Jersey on November 16, 2021 (ECF No. 416).

2. On March 18, 2022, the Bankruptcy Court entered an Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants. (ECF No. 1786.) The Appointing Order explicitly provided that FTCR "shall be a party in interest in this chapter 11 case and shall have standing under section 1109(b) of the Bankruptcy Code to be heard on any issue in this case in the Bankruptcy Court, the District Court, or any other court affecting the rights of Future Talc Claimants." (*Id.* p. 3, ¶ 2.) The Appointing Order also provides that "compensation, including professional fees and reimbursement of actual and necessary expenses incurred on and after March 8, 2022, shall be payable to [FTCR]…, as appropriate, subject to this Court, and in accordance with the terms, conditions, and procedures set forth in the Interim Compensation Order" and FTCR "shall be compensated at the rate of $950 per hour, subject to periodic adjustment in the ordinary course of her business, plus reimbursement of actual, reasonable, and documented out-of-pocket expenses." (*Id.* p. 3, ¶ 4.) A true copy of the Appointing Order is attached hereto as **Exhibit A**.

3. On December 9, 2021, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* (ECF No. 761) (the

"Compensation Procedures Order"). Pursuant to the Compensation Procedures Order and the Modified Order Establishing Procedures for the Allowance of Interim Compensation and Reimbursement of Expenses of Retained Professionals (ECF No. 870) (collectively, the "Interim Compensation Order"), FTCR shall file with the Court and serve monthly fee statements no later than 30 days after the end of the month for which the fees are sought. If there are no objections to a monthly fee statement, then FTCR is entitled to payment in the amount of eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly fee statement.

4. The Interim Compensation Order further provides that FTCR may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in the monthly fee statements, including the twenty percent (20%) holdback, pursuant to section 331 of the Bankruptcy Code. (ECF No. 761.)

5. FTCR now submits her first interim application for compensation for services rendered and reimbursement of expenses incurred during the Second Interim Compensation Period. The following is a summary of the significant services performed by FTCR during the Second Interim Compensation Period.

6. In accordance with the procedures prescribed in the Compensation Procedures Order, FTCR, through her authorized retained counsel Walsh Pizzi O'Reilly Falanga, LLP (ECF No. 1986), has filed and served monthly fee statements (the "Monthly Fee Statements") during the Second Interim Compensation Period. Copies of FTCR's Monthly Fee Statements are attached hereto as **Exhibit B**.

7. Specifically, on April 29, 2022, FTCR filed and served her first monthly fee statement (the "First Monthly Fee Statement") requesting payment of fees in the amount of $81,776.00 ($102,220.00 less 20% holdback of $20,444.00) and reimbursement of expenses in the

amount of $2,495.95 incurred for the period of March 8, 2022 through March 31, 2022 (ECF No. 2196; 2197). No objections were filed to the First Monthly Fee Statement and the corresponding Certificate of No Objection was filed on May 16, 2022. (ECF No. 2293.)

8. On May 20, 2022, FTCR filed and served her second monthly fee statement (the "Second Monthly Fee Statement") requesting payment of fees in the amount of $99,218.00 ($124,022.50 less 20% holdback of $24,804.50) and reimbursement of expenses in the amount of $1,516.47 incurred for the period of April 1, 2022 through April 30, 2022 (ECF No. 2326; 2327]. No objections were filed to the Second Monthly Fee Statement and the corresponding Certificate of No Objection was filed on June 6, 2022. (ECF No. 2412.)

9. On June 14, 2022, FTCR filed and served her third monthly fee statement (the "Third Monthly Fee Statement") requesting payment of fees in the amount of $120,346.00 ($150,432.50 less 20% holdback of $30,086.50) and reimbursement of expenses in the amount of $3,074.24 incurred for the period of May 1, 2022 through May 31, 2022 (ECF No. 2497; 2498). No objections were filed to the Third Monthly Fee Statement and the corresponding Certificate of No Objection was filed on June 29, 2022. (ECF No. 2626.)

10. With each of the Monthly Fee Statements FTCR submitted as an exhibit its monthly billing invoice that detailed the services performed on behalf of the FTCR, as well as a detailed breakdown of all out-of-pocket disbursements necessarily incurred by Walsh for the statement period. See **Exhibit B**.

11. As of the date of this interim fee application, FTCR has received payment for fees in the amount of $301,420.00 and payment for expenses in the amount of $7,086.66.

12. A summary of FTCR Monthly Fee Statements is reflected below:

| Date | Fees | Less 20% Holdback | Monthly Fee Payments Received | Expense Reimbursement (100%) |
|---|---|---|---|---|
| April 29, 2022 | $102,220.00 | $20,444.00 | $81,776.00 | $2,495.95 |
| May 20, 2022 | $124,022.50 | $24,804.50 | $99,218.00 | $1,516.47 |
| June 14, 2022 | $150,432.50 | $30,086.50 | $120,426.00[1] | $3,074.24 |
| | **Total Fees:** $376,675.00 | **Total Holdback:** $75,335.00 | **Total Monthly Fee Payments Received:** $301,420.00 | **Total Expense Reimbursement:** $7,086.66 |

13.     In accordance with the Interim Compensation Order, FTCR seeks interim approval of all fees and expenses sought in the Monthly Fee Statements and payment in an amount equal to the difference between the amount of the fees and expenses allowed and the actual payments received by FTCR on account of the Monthly Fee Statements.

## SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED DURING THE SECOND INTERIM COMPENSATION PERIOD

14.     As set forth in the Application cover sheet submitted herewith, as FTCR I performed a total of 433.7 hours of services during the Second Interim Compensation Period, for which I seek compensation of $376,675.00, and incurred $7,086.66 in out-of-pocket expenses which were actual, necessary expenses in connection with rendering my services as the fiduciary to the Future Talc Claimants as described briefly herein.

---

[1] On July 7, 2022 a payment was received in the amount of $123,500.24 for partial payment of FTCR's May 2022 fees and expenses. That amount was $80.00 more than what was expected at the time based on the May Monthly Fee Statement that included fees in the amount of $150,432.50 less 20% holdback of $30,086.50 equaling 120.346.00, plus reimbursement of expenses totalling $3,074.24. Therefore, the amount held back for FTCR fees in May was $80.00 less than anticipated and thus the payment request for the outstanding fees and expenses due FTCR for the Second Interim Compensation Period has been reduced accordingly.

15. As described further below, during the Second Interim Compensation Period, I rendered my services as the Court-appointed fiduciary for Future Talc Claimants in all aspects of the bankruptcy case, mediation and any related mass-tort issues. Given the nature and complexity of the issues at hand, I submit that the services provided were necessary, reasonable, and appropriate under the circumstances and beneficial to the bankruptcy estate and these proceedings to protect the rights of the Future Talc Claimants and fulfill my obligations as the FTCR at the time the services were rendered.

16. As FTCR I performed a variety of work during the Second Interim Compensation Period, including, without limitation: 1) analyzing issues relevant to the fiduciary role, duties and obligations of the FTCR; 2) research and analyze data, information, and studies concerning Talc and ovarian cancer and mesothelioma, settlement data, Talc trials, and related presentations and discovery; 3) analyze filings, including pleadings and briefing, in both the bankruptcy proceedings and the related appeal in the Third Circuit Court of Appeals; 4) analyzing potential forms of bankruptcy plans and future trusts; 5) vetting and engagement of experts; 6) reviewing fact and expert materials provided by the Debtor and the Official Committee of Talc Claimants ("TCC") relevant to the work to be performed by FTCR on behalf of Future Talc Claimants; 7) analyzing issues concerning discovery from Debtor and TCC; and 8) analyzing issues related to mediation. This summary is intended only to highlight certain work I performed as FTCR on behalf of the Future Talc Claimants. Detailed descriptions of all work performed, and expenses incurred during the Second Interim Compensation Period are included in my Monthly Fee Statements and are incorporated herein by reference as if fully set forth in their entirety.

17. By way of further example, I researched and analyzed research provided by counsel concerning, among other things, the duties and obligations of the FTCR, FTCR standing and

potential positions I could take related to the bankruptcy stay and preliminary injunction, motion to dismiss the bankruptcy proceedings and related appeal to the Third Circuit, reconstitution of the committees and request to appoint a second FTCR, constitutional questions related to the Debtor's bankruptcy petition, divisional merger transactions, jurisdictional issues, and related available relief, liability and damages valuation/assessment, plan concepts and structure, trust agreements and distribution procedures, claim estimation, the potential forms of a mediated settlement, and settlement data and other potential discovery issues and related confidentiality issues.

18. I participated in regular in person and telephone conferences, meetings, and presentations, with the Debtor, the TCC, and the Mediators.

19. I appeared at all mediation sessions and Court hearings since my approval and have communicated regularly with my counsel in preparation for all such mediation sessions and Court hearings.

20. I, along with my counsel, also spent significant time identifying, vetting, and retaining expert professionals to provide, among other things, talc liability valuation and forecasting services, and services related to the financial analysis of future ovarian cancer and mesothelioma claims. This work involved regular communications with my counsel and potential expert professionals, as well as the review and analysis of significant research concerning potential expert professionals.

21. In sum, during the Second Interim Compensation Period, I provided significant services in connection with this Chapter 11 Case on behalf of the Future Talc Claimants in accordance with my fiduciary responsibilities and the terms of my Appointing Order. I respectfully submit that the services performed were necessary to the administration of this Chapter 11 Case and were beneficial when the services were rendered. All services were

performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed.

22. In addition to the foregoing, I incurred out-of-pocket expenses during the Second Interim Compensation Period in the amount of $7,086.66 which were "actual, necessary expenses" in connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code. A detailed list of the expenses FTCR incurred during the Second Interim Compensation Period is summarized on **Exhibit C**, attached hereto and made a part hereof. Such expenses all relate to travel/transportation related to mediation and court hearings. FTCR has made every effort to minimize my expenses in this matter.

23. This is FTCR's first interim application for compensation for services under the Interim Compensation Order and FTCR has not made any prior or other application to this or any other Court for this relief. FTCR has and will continue to perform additional necessary services as the fiduciary for the Future Talc Claimants the Second Interim Compensation Period, for which FTCR will file additional interim fee applications.

24. FTCR submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code. FTCR respectfully submits that I rendered all the services for which compensation is requested herein in connection with the Debtor's Chapter 11 case in furtherance of FTCR's fiduciary responsibilities to the Future Talc Claimants and that all such professional services rendered were reasonable and necessary.

**RELIEF REQUESTED AND CONCLUSION**

WHEREFORE, for all of the foregoing reasons, pursuant to sections 328, 330, and 331 of the Bankruptcy Code, FTCR respectfully requests (i) allowance of compensation for professional services rendered as FTCR during the Second Interim Compensation Period in the amount of

$376,675.00; (ii) reimbursement of actual and necessary expenses incurred by FTCR during the Second Interim Compensation Period in the amount of $7,086.66; (iii) payment of the outstanding fees and expenses due FTCR for the Second Interim Compensation Period in the amount of $75,255.00; and (iv) such other and further relief as this Court deems just and proper.

Dated: July 11, 2022

Respectfully submitted,

*s/Randi S. Ellis*
Randi S. Ellis
*Legal Representative for Future Talc Claimants*