**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(B)**

Mark Falk, Esq.
Stephen V. Falanga, Esq.
Liza M. Walsh, Esq,
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
*Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants*

In re:

LTL MANAGEMENT LLC,

　　　　　　　　　　　Debtor.

Case No.: 21-30589
Judge: Michael B. Kaplan
Chapter: 11

**POSITION STATEMENT OF RANDI S. ELLIS,**
**LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS**
**REGARDING FUTURE CASE PROCEEDINGS**

Pursuant to the Court's directive at the omnibus hearing of June 14, 2022, Randi S. Ellis, Legal Representative for Future Talc Claimants (the "Future Claimants' Representative" or "FCR"), by and through her counsel, Walsh Pizzi O'Reilly Falanga LLP, hereby files this Position Statement ("Statement"), regarding future case proceedings, including whether the Court should order procedures for the estimation of current and future talc and asbestos-related personal-injury claims arising against the Debtor, LTL Management LLC ("Debtor" or "LTL") from products manufactured by Johnson & Johnson ("J&J") and its affiliates, Johnson & Johnson Consumer Inc. (now "New JJCI"). In support of this Statement, the FCR respectfully states as follows:

## PRELIMINARY STATEMENT

1. As noted during the most recent hearing on July 6, 2022, the FCR believes a court-approved global settlement embodied in a consensual confirmed plan is in the best interests of future claimants and is the preferable path forward for resolution of this bankruptcy case.

2. Specifically, the FCR proposes an ongoing MAXIMUM EFFORT to continue productive mediation and foster resolution during the next several months. The FCR acknowledges the skilled work of the mediators and the good faith efforts of the parties to reach agreement. However, more time and hard work are called for as global resolution of mass torts is a time-consuming challenge.

3. As the Court aptly noted in its Memorandum Opinion denying the motions to dismiss this bankruptcy case, the sheer number of current and expected future personal injury claims arising from cosmetic talc use will likely take decades or more to be resolved in the tort system, with significantly inconsistent recoveries having occurred to date. *Memorandum Opinion* [Bankr. Dkt. 1572]. As the Court has stated, "justice will be best served by expeditiously providing critical compensation through a court-supervised, fair and less costly settlement trust arrangement" embodied in a confirmed plan under the Bankruptcy Code where both current and future claimants will be treated in substantially the same manner.

4. The Debtor (with J&J and New JJCI providing necessary funding) has stated that it seeks to confirm as promptly as possible a chapter 11 plan of reorganization that establishes a trust to efficiently process and pay both present and future claimants alleging injury from use of its cosmetic talc products. Unlike many other mass-tort driven bankruptcy cases, there are substantial assets available to facilitate reasonable agreement. This fact alone, negates any suggestion that this bankruptcy case should drag on for years without resolution while claimants

are prevented from seeking to process their claims in the tort system. *See*, *e.g.*, *11 U.S.C. § 1112 (failure to confirm plan within time fixed by court grounds for dismissal)*. Present claimants also have ample reason to seek global resolution to avoid the delays and inconsistent results inherent in the tort system. Here, with expedited, possibly existential appeals pending, there is every incentive for the parties to move as quickly as possible to seek compromise.

5.      In this regard, the FCR respectfully proposes, regardless of whether claims estimation or other proceedings are ordered or permitted, that the Court order mandatory in-person mediation to occur with stakeholders, including high corporate decision-makers and (if the mediators agree) insurers, present. This concentrated mediation should be followed by continuing mediation efforts, which should proceed simultaneously and take precedence over other action that may be ordered or permitted to occur in this case. The FCR, who has extensive experience in resolution of mass torts, believes that this case can be settled on terms fair to all parties in interest. Progress toward settlement has already occurred, although perhaps not as much as hoped for. However, much more time and effort should be devoted to the settlement effort.[1]

## MEDIATION BACKGROUND

6.      The Debtor has advised that it filed this chapter 11 case "to resolve permanently all mass tort claims relating to its cosmetic talc products in a manner that is efficient and equitable to all parties, including current and future claimants." *See Informational Brief of LTL Management LLC, p.1* [Bankr. Dkt. 3].

---

[1] The FCR has had an extremely difficult time retaining a claims estimation expert. The FCR has just received Court-approved retention for Berkeley Research Group, LLC as her claims estimation expert. This is mentioned to note that the FCR was not fully able to participate substantively in the mediation that proceeded immediately after her appointment.

3

7. The Debtor filed for bankruptcy on October 14, 2021 (the "Petition Date"), initially in the United States Bankruptcy Court for the Western District of North Carolina (the "WDNC Bankruptcy Court"). (Bankr. Dkt. No. 1.)

8. The Case was ultimately transferred to this Court and on March 18, 2022, the Court entered an Order Establishing Mediation Protocol. (Bankr. Dkt. No. 1780.) This Mediation Order appointed the Hon. Joel Schneider (Ret.) and Gary Russo as Co-Mediators.[2]

9. In accordance with the Mediation Protocol, the parties met in person for three full days of mediation in New York City on May 9th -11th and then again for one day in Bankruptcy Court in Trenton on May 23rd. These in-person meetings were in addition to numerous conferences and informal sessions that occurred with the mediators and various constituencies during the past months.

10. To date, as the Court has acknowledged, while some movement has been achieved with the mediation, the case needs to move forward in some manner in the absence of global resolution.

## CLAIMS ESTIMATION

11. The FCR believes that an estimation proceeding should proceed simultaneously with ongoing mediation (and possible plan submission, see *infra*). In developing a protocol for estimation, the Court should be guided by what would best facilitate a global resolution in connection with continued mandatory mediation efforts.

12. The FCR does not believe that estimation proceedings should be overly cumbersome. The FCR proposes that claims estimation procedures should be carefully structured

---

[2] The Court has since amended the Mediation Protocol including adding retired bankruptcy judge, Hon. Donald H. Steckroth (Ret.) as an additional co-mediator. (Bankr. Dkt. 2370.)

4

to proceed initially as a way to help clarify any proposed plan and further aid settlement efforts with the understanding that if no settlement is reached it is more likely than not that claims estimation will be needed as part of any proposed plan. To that end, the FCR supports the concept suggested by the Court at the last hearing of appointing a Court-appointed expert witness to address claims estimation matters for the benefit of the Court.

13.     Importantly, the FCR does not believe there should be any relitigation of any substantive issues that have been decided in the MDL, or any other court. Rather the FCR believes that in order to expedite estimation proceedings, the Court should utilize as appropriate the findings and rulings that have already been made in such proceedings in estimation proceedings ordered here. Given concerns of timing, the FCR similarly believes that there should be no further bellwether or other trials. These would be a distraction and would not advance the effort. The FCR believes that information from the trials that have occurred in the tort system to date, together with other information produced in discovery, should provide sufficient guidance to the parties to help globally resolve the case.

## **TERMINATION OF PLAN EXCLUSIVITY**

14.     The FCR believes that terminating plan exclusivity when the current extension order expires on September 9, 2022 - such that any party should be permitted to propose or join in a plan it believes can garner the support necessary for confirmation - may further incentivize the parties to promptly engage in serious mediation efforts. At a minimum, the FCR believes that requiring parties to share proposed plans that can serve as a framework or incentive for settlement would be beneficial to the mediation process. Of course, competing plans if permitted to be filed could also be considered by the Court in more traditional ways, subject to the Court's preference.

## **CONCLUSION**

At the present time, the FCR sees global resolution with a fully funded trust as the optimal result for future claimants. A properly established trust with appropriate trust distribution procedures that is fully funded will provide the maximum benefit for the greatest number of claimants while ensuring that every valid claim can be paid quickly, efficiently, and fairly. To that end, while the FCR recognizes that the Court must now put further procedures in place to advance this bankruptcy case, the FCR believes the Court should be guided by what would best facilitate a global resolution in connection with continued mandatory mediation efforts. Although it may increase litigation, the FCR believes that both an estimation process and the submission of plans will facilitate mediation. Regardless of whether other proceedings are ordered or permitted, however, the FCR respectfully requests that the Court order mandatory in-person mediation to occur as soon as possible.

Dated: July 15, 2022

Respectfully submitted,

*s/Mark Fark*
Mark Falk
Stephen V. Falanga
Liza M. Walsh
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, N.J. 07102
(973) 757-1100

*Counsel for Randi S. Ellis,*
*Legal Representative for Future Talc Claimants*