**Exhibit C**

MEALEY'S™
# Asbestos Bankruptcy Report

## Where Are They Now, Part Seven: An Update On Developments In Asbestos-Related Bankruptcy Cases

*by*
*Mark D. Plevin,*
*Leslie A. Davis,*
*Tacie H. Yoon*
*and Rebecca Suarez*

*Crowell & Moring LLP*

A commentary article reprinted from the July 2014 issue of Mealey's Asbestos Bankruptcy Report


LexisNexis

Pfizer from asbestos claims under an "apparent manufacturer" theory of liability, because such protection was only available in the limited circumstance in which, as a matter of law, a non-debtor could only be liable as a result of the legal nature of its relationship with the debtor and not because its relationship gave rise to a factual situation in which the non-debtor and debtor would be co-liable for the debtor's asbestos claims.[165]

On June 29, 2012, Quigley filed a Fifth Amended and Restated Chapter 11 Plan of Reorganization.[166] Like Quigley's previously-proposed plans, the Plan proposed to utilize the trust-injunction mechanism set forth in § 524(g) of the Bankruptcy Code, but the new plan increased both (i) the amount of Pfizer's contribution to the proposed Asbestos PI Trust and (ii) the distribution on account of Pfizer-derivative claims for asbestos claimants who had not settled with Pfizer before Quigley's bankruptcy case was commenced.[167] Pfizer also committed to transfer to reorganized Quigley commercial real estate valued at $44 million, to generate income and a continuing revenue stream for the benefit of the 524(g) asbestos trust.[168] On July 2, 2013, the bankruptcy court entered an order (i) confirming the Plan and (ii) recommending affirmance of the Plan and entry of the § 524(g) injunction by the district court.[169] On July 30, 2013, the district court entered an order adopting and affirming the confirmation order, including the § 524(g) injunctions.[170]

**Specialty Products/Bondex.** The bankruptcy court held a hearing regarding the estimation of debtors' asbestos liabilities from January 7-11, 2013. On May 20, 2013, the court issued an opinion estimating the net present value of pending and future mesothelioma claims against the debtors at $1.1 billion and the net present value of non-mesothelioma asbestos personal injury claims at $66 million.[171] Debtors and their non-debtor parent, RPM International, Inc., appealed the bankruptcy court's estimation decision, moved to certify the decision to the Third Circuit, and sought a stay pending appeal. The ACC moved to dismiss the appeal. In February, 2014, the U.S. District Court for the District of Delaware granted Debtors' certification motion, concluding that input from the Third Circuit regarding the estimation process in the particular context of asbestos litigation would be beneficial.[172] It also entered an order staying the bankruptcy proceedings pending resolution of the appeal.[173] On March 10, 2014, debtors petitioned the Third Circuit to allow a direct appeal of the estimation decision, arguing that a direct appeal would materially advance the bankruptcy case by resolving issues critical to plan confirmation and that whether the Bankruptcy Code requires an asbestos estimation is of great public importance.[174] The ACC and FCR opposed the petition,[175] which the Third Circuit denied on April 4, 2014.[176] The district court appeal of the estimation decision remains stayed.

Before the bankruptcy case was stayed pending appeal of the estimation order, Debtors, on the one hand, and the ACC and FCR, on the other hand, filed competing proposed plans of reorganization.[177] The parties also filed cross-motions seeking to establish bar dates for the filing of claims. The ACC and FCR sought a bar date for the filing of proofs of claim for pre-petition non-asbestos claims, while Debtors cross-moved to establish a bar date for asbestos-related claims.[178] Debtors argued that a bar date for asbestos claims was necessary because competing plans had been filed, the outcome of the estimation proceeding remained undetermined because of the appeal, and, if a consensual plan under § 524(g) could not be confirmed, the debtors would seek to cram down a plan and obtain a discharge under § 1141(d). Relying on the Third Circuit's *Grossman's* decision, Debtors argued that claims based on pre-petition asbestos exposures arose pre-petition, such that asbestos claimants were required to file proofs of claim in order to recover on their claims.[179] The bankruptcy court held a hearing on the respective bar date motions on November 5, 2013, and ruled it would establish an asbestos claims bar date.[180] The parties were unable to agree on a proposed form of order and proposed claim form, and reported their disagreements to the court at a hearing on December 17, 2013. The court had not yet ruled when the bankruptcy case was stayed pending appeal of the estimation ruling.

The two competing plans of reorganization remain pending, as does a motion filed by the ACC and FCR to establish procedures for soliciting and tabulating votes on their proposed plan.

**Pittsburgh Corning**. On August 17, 2012, Pittsburgh Corning filed a Modified Third Amended Plan,

**MEALEY'S Asbestos Bankruptcy Report**                                                                          Vol. 13, #12  July 2014

| | | | |
|---|---|---|---|
| Skinner Engine Co. | No. 01-23987-MBM (Bankr. W.D. Pa.) | On May 27, 2009, the bankruptcy court issued an order converting this case from Chapter 11 to Chapter 7 on the ground, *inter alia*, that debtor's fifth plan of liquidation is unconfirmable and that debtor and its co-proponents have been, and are, unable to effectuate a confirmable plan. On May 29, 2010, the district court issued an order affirming the bankruptcy court's order converting the case to Chapter 7 (Case No. 09-0886). The Third Circuit affirmed the lower courts' decisions on July 25, 2012. On September 11, 2013, the bankruptcy court issued an order granting the Chapter 7 trustee's motion to dismiss the bankruptcy case. | *In re American Capital Equipment, LLC*, 688 F.3d 145 (3d Cir. 2012); *In re American Capital Equipment, LLC*, 296 Fed. Appx. 270 (3d Cir. 2008); *In re American Capital Equipment, LLC*, 405 B.R. 415 (Bankr. W.D. Pa. 2009), *aff'd*, 2010 WL 1337222 (W.D. Pa. Mar. 29, 2010), *aff'd*, 688 F.3d 145 (3d Cir. 2012); *In re American Capital Equipment, LLC*, 325 B.R. 372 (Bankr. W.D. Pa. 2005); *In re American Capital Equipment, LLC*, 324 B.R. 570 (Bankr. W.D. Pa. 2005). |
| Special Electric Co. | No. 04-25471-11-MDM (E.D. Wis.) | Plan confirmed December 21, 2006. | |
| Special Metals Corp. | Nos. 02-10335 to 02-10338 (Bankr. E.D. Ky.) | Plan confirmed by the bankruptcy court on September 29, 2003; confirmation order affirmed by the district court on March 12, 2004. | *Century Indem. Co. v. Special Metals Corp. (In re Special Metals Corp.)*, 360 B.R. 244 (E.D. Ky. 2006); *Century Indem. Co. v. Special Metals Corp. (In re Special Metals Corp.)*, 317 B.R. 326 (Bankr. E.D. Ky. 2004). |
| Specialty Products Holding Corp. and Bondex International, Inc. | No. 10-11780-JKF (Bankr. D. Del.) | Voluntary petitions filed May 31, 2010. On May 14, 2012, the ACC and FCR filed a joint plan of reorganization for Debtors and a proposed disclosure statement related thereto. They filed amended plans on August 23, 2012, August 2, 2013, October 15, 2013, and December 17, 2013. On July 12, 2012, Debtors filed a competing plan of reorganization, but no disclosure statement. Debtors filed an amended first joint plan of reorganization on December 16, 2013. | *See Bondex Int'l v. Hartford Acc. & Indem. Co.*, 667 F.3d 669 (3d Cir. 2011). |
| Standard Insulations, Inc. | No. 86-03413-1-11 (Bankr. W.D. Mo.) | Plan confirmed by the bankruptcy court and by the district court on October 26, 1992. | *In re Standard Insulations, Inc.*, 138 B.R. 947 (Bankr. W.D. Mo. 1992). |
| State Insulation Corp. | No. 11-15110-MBK (D.N.J.) | On February 10, 2012, the bankruptcy court recommended that the district court enter an order confirming the plan. On March 14, 2012, the district court accepted and approved the bankruptcy court's findings of fact and conclusions of law and issued a channeling injunction under § 524(g) of the Bankruptcy Code. | |
| Swan Transportation Co. | No. 01-11690-JKF (Bankr. D. Del.) | Plan confirmed by the bankruptcy court on May 30, 2003 and by the district court on July 21, 2003. | |
| T H Agriculture & Nutrition, LLC | No. 08-14692-reg (Bankr. S.D.N.Y.) | Plan confirmed by the bankruptcy court on May 28, 2009 and affirmed by the district court on October 26, 2009. | |
| Thorpe Insulation Co. | No. 07-19271-BB (Bankr. C.D. Cal.) | Jointly administered with the bankruptcy case of Pacific Insulation Co., which filed a Chapter 11 petition on October 31, 2007. Plan confirmed by the bankruptcy court on February 1, 2010 and by the district court on September 21, 2010. Stay pending appeal denied by the district court on October 20, 2010, by the Ninth Circuit on October 21, 2010, and by Justice Kennedy, as circuit justice, on October 22, 2010. Plan went effective October 22, 2010.<br><br>On January 24, 2012, the Ninth Circuit reversed confirmation and remanded for a new confirmation hearing in bankruptcy court.<br><br>On May 8, 2013, the bankruptcy court issued an order confirming the Sixth Amended Plan. On June 6, 2013, the district court issued an order affirming the bankruptcy court's confirmation order. | *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869 (9th Cir. 2012); *Continental Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 1011 (9th Cir. 2012); *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 671 F.3d 980 (9th Cir. 2012), *amended and superseded by Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869 (9th Cir. 2012); *National Fire Ins. Co. of Hartford v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 393 Fed. Appx. 467 (9th Cir. 2010); *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 392 Fed. Appx. 549 (9th Cir. 2010). *See Employers Reins. Co. v. Superior Ct. (Thorpe Insulation Co.)*, 161 Cal. App.4th 906, 74 Cal. Rptr.3d 733 (2008). |