# Exhibit I

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE: : Case No. 17-31795-LTB

BESTWALL LLC, : Chapter 11

Debtor. : Charlotte, North Carolina
Wednesday, May 18, 2022
: 9:33 a.m.

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE LAURA TURNER BEYER,
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES (via Teams):

For the Debtor: Robinson, Bradshaw & Hinson, P.A.
BY: RICHARD C. WORF, ESQ.
KEVIN CRANDALL, ESQ.
GARLAND CASSADA, ESQ.
HANA M. CRANDALL, ESQ.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246

Robinson, Bradshaw & Hinson, P.A.
BY: PREETHA S. RINI, ESQ.
1450 Raleigh Road, Suite 100
Chapel Hill, NC 27517

Audio Operator: COURT PERSONNEL

Transcript prepared by: JANICE RUSSELL TRANSCRIPTS
1418 Red Fox Circle
Severance, CO 80550
(757) 422-9089
trussell31@tdsmail.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

otherwise problematic about the discovery sought by the debtor. I don't share the ACC's concerns about this discovery unleashing the floodgates for aggregate discovery on debtors in bankruptcy cases and that issue can be addressed on a case-by-by case basis.

I'm also hard-pressed to feel sympathetic towards the ACC in the face of the discovery that they just served on the debtor. Their major complaint was that it would precipitate discovery by them on those same debtors, but they didn't clearly articulate exactly what that discovery will need to be.

And in addition, the discovery the debtor seeks is consistent with the discovery the Court previously found was relevant and ordered from the trusts and through the personal injury questionnaires for purposes both of the debtor's estimation case and rebuttal of the ACC and FCR's case. Three of the four debtors upon whom the discovery was served did not object to the discovery. DBMP did indicate at the hearing that it was willing to condition production on Bestwall's agreement to protect the responsive data pursuant to a protective order and I will direct that the data be produced subject to such a protective order.

And it appears that the discovery was largely precipitated by the fact that the debtor has been entirely unsuccessful in getting discovery from the trusts and stonewalled in its efforts to get the PIQ discovery from the

non-compliant claimants.

And we don't hold a crystal ball regarding what the Third Circuit may do on appeal, but my hope is that by getting this information it may accelerate the debtor's discovery, particularly in the event that the debtor does not succeed on appeal in the Third Circuit.

Nevertheless, Ms. Ramsey was right when she said it was time to start contracting the university of, the universe of discovery rather than expanding it and in that regard the debtor conceded at the hearing on the motion to strike that it was really focused on the 2700 claim sample, plus the 6,000 pending mesothelioma claims, and offered that that was the information the debtor really needs.

So in an effort to begin reining in discovery, that's what I will allow and I'll grant the motion to strike as to the balance of the approximately 21,300 claimants.

With respect to at-issue waiver, I'll deny that part of the motion. I can't conclude there's been at-issue waiver pursuant to the Rhône-Poulenc standard where the debtor is seeking discovery from third, from a third party that is not, that is non=privileged information. By seeking this discovery, the debtor has not asserted a claim or a defense and attempted to prove that claim or defense by disclosing an attorney-client communication.

So that is the Court's ruling with respect to the