**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>**Hearing Date and Time:**<br>July 26, 2022 at 10:00 a.m. |

**DEBTOR'S STATEMENT REGARDING INSURERS'**
**MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY**

LTL Management LLC, the debtor in the above-captioned chapter 11 case

(the "Debtor"), continues to oppose the *Motion for an Order Granting Relief From the*

*Automatic Stay to Allow the NJ Coverage Action to Proceed* [Dkt. 1488] (the "Travelers

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1531267902

Motion") filed by Travelers Casualty and Surety Company ("Travelers") and the *Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action Or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed* [Dkt. 1491] (the "Plaintiff-Insurers Motion" and, together with the Travelers Motion, the "Motions") filed by the New Jersey Coverage Action Plaintiff-Insurers (the "Plaintiff-Insurers" and, together with Travelers, the "Moving Insurers"). In support of this statement, the Debtor incorporates by reference the *Debtor's Omnibus Objection to Insurers' Motions for Relief from the Automatic Stay* [Dkt. 1739] (the "Objection").[2]

## The Court's Prior Ruling

At the March 30, 2022 hearing on the Motions, the Court ruled that the automatic stay applies to the NJ Coverage Action and, upon weighing the harms to the Debtor and the Moving Insurers, determined that cause did not exist for relief from the automatic stay. See Mar. 30, 2022 Hr'g Tr. at 61:15-66:20. The Court recognized that any harm to the Moving Insurers in maintaining the stay as to the NJ Coverage Action, during which time the Moving Insurers would not be "expending money" or "making payments," id. 65:12, paled in comparison to the prejudice the Debtor would suffer if the stay were lifted, particularly at a time when mediation had just commenced. Id. 64:12-13. As the Court recognized, the NJ Coverage Action had not "progressed substantially," a "three year old case is not a new case" and as a result, "further inaction" would not likely "truly prejudice the insurers any more than what has gone on in the case to date." Id. 64:12-16.

---

[2] Capitalized terms used but not defined herein have the meaning given to them in the Objection.

Furthermore, the Court emphasized the importance of mediation efforts and recognized that "to defend discovery efforts in which some of the defenses that are targeted bear on the issues in the Chapter 11 Case would be unfortunate and time consuming and expensive and . . . the end result lacking any meaningful prejudice" to the Moving Insurers. Id. at 65:3-7.

Based on these findings, the Court adjourned the Motions to June 14, 2022, and ordered that:

> On or before June 7, 2022, each of the Debtor, TCC I, the Plaintiff-Insurers, and Travelers is authorized (but not required) to file with the Court a written submission to address whether the Court should take further action with respect to the Motions and the automatic stay; *provided*, however, that the parties are not required to submit any additional briefing.

See *Order Regarding Motions of New Jersey Coverage Action Plaintiff-Insurers and Travelers Casualty and Surety Company to Allow New Jersey Coverage Action to Proceed* [Dkt. 2023] (as amended, the "Order") ¶ 2. The Court recognized that maintaining the stay would "allow[] the mediation to at least move forward." See Mar. 30, 2022 Hr'g Tr. 66:1-14. The Court also recognized that a further extension could be warranted, and even in that event, further delay likely would not be prejudicial to the Moving Insurers. Id. 66:12-14 (Court: "Clarity . . . can come three months or so or even if I continue it longer, further delay I don't believe is prejudicial."). On May 16, 2022, the Court entered the *Amended Order Establishing Mediation Protocol* [Dkt. 2300].

NAI-1531267902

The Motions were later adjourned to July 6, 2022,[3] and then again adjourned to the July 26, 2022, omnibus hearing date.[4] The Court held an abbreviated hearing remotely on July 6, 2022, during which it directed the parties to continue mediation efforts through July 26, 2022. See July 6, 2022 Hr'g Tr. at 4:21-24. After that date, the Court indicated that "I do expect further mediation efforts to continue on an informal basis to the extent the co-mediators and the parties regard further talks as beneficial toward resolving specific issues." Id. 5:14-17. The Court also stated that in the future, it would "again require a more formal scheduled mediation session, or multiple sessions." Id. 5:17-20.

In the event that mediation efforts do not result in a resolution in the near term, the Court shared its preliminary view "that all those that are voting and impacted by [a plan or plans], as well as the Court, are entitled to information as to the number and value of outstanding present and future claims." See July 6, 2022 Hr'g Tr. at 6:19-23. The Court also expressed "serious reservations" as to "how and why modifying the injunction and stay [as to the talc claims] would further that goal," id. 6:24-7:1, and suggested that modifying the injunction would be counterproductive to facilitating a consensual, expeditious resolution of the Chapter 11 Case. Id. 7:5-10 ("I remain troubled by a release from the injunction of limited batches of lawsuits leaving multiple Courts across the country, and this Court, to concurrently undertake an examination of liability and damage issues. That would seem to place an undue strain and burden on the courts, the parties, the professionals and the experts.").

---

[3]  See *Amended Order Regarding Motions of New Jersey Cover Action Plaintiff-Insurers and Travelers Casualty and Surety Company to Allow New Jersey Coverage Action to Proceed* [Dkt. 2424]. The deadline for written submissions was likewise extended to June 29, 2022. Although recognizing the adjournment, the Moving Insurers filed a brief statement and reservation of rights on June 7, 2022 [Dkts. 2430, 2449].

[4]  On June 27, 2022, the Court issued an *Order Adjourning Matters* [Dkt. 2609], which adjourned oral argument on the continuation of the preliminary injunction and the automatic stay, as well as on the merits of a claims estimation hearing, to the July 26, 2022 omnibus hearing date. The deadline for the filing of this statement was extended to July 19, 2022, by subsequent order of the Court [Dkt. 2640].

NAI-1531267902

The Debtor respectfully submits that, as with the talc claims and other litigation involving issues central to the talc claims, the NJ Coverage Action should remain stayed to preserve the Debtor's ability to reach a resolution of its liability through mediation or otherwise in <u>this</u> Court, and ultimately, successfully reorganize.

### **The Automatic Stay Should Not Be Lifted at This Time**

There is simply no need to lift the stay at this time, when the Debtor is engaged in, and focusing its efforts on, mediation with various constituencies, including the insurers, and the Court and the parties are actively engaged in determining next steps for the Chapter 11 Case, including a potential estimation or estimations, in the event that mediation efforts do not result in a resolution in the near term. In particular, since the entry of the Order, the Debtor, the Official Committee of Talc Claimants (the "<u>Talc Committee</u>"), the legal representative of future talc claimants (the "<u>FTCR</u>"), the insurers[5] and the ad hoc committee of states have been engaged in mediation, which is ongoing.[6]

As noted above, the Court directed the parties to continue mediation in good faith through the July 26 omnibus hearing, <u>see</u> July 6, 2022 Hr'g Tr. 4:21-24, and stated the Court's expectation that informal mediation continue thereafter, as appropriate. <u>Id.</u> at 5:13-19. The Debtor remains committed to mediation and desires to reach a consensual resolution of this

---

[5] Despite any allegations to the contrary, the insurers have not been frozen out of the mediation process. The Debtor and its professionals have provided the insurers with information regarding the mediation and related settlement negotiations, including providing the insurers with the opportunity to ask the Debtor's principals questions regarding mediation and settlement negotiations, and the insurers themselves have engaged in mediation discussions with the mediators.

[6] To aid mediation efforts with the states alleging consumer protection claims against the Debtor, the Debtor has entered into a postpetition expense reimbursement agreement to pay certain professional fees and expenses of an ad hoc committee of state attorneys general incurred in connection with mediation. See *Debtor's Motion for an Order Authorizing It to Enter Into Expense Reimbursement Agreement with Ad Hoc Committee of State Attorneys General* [Dkt. 2338]; *Order Authorizing the Debtor to Enter Into the Reimbursement Agreement* [Dkt. 2585].

NAI-1531267902

Chapter 11 Case as soon as possible. In response to the Court's statements, the parties have also proposed how to advance this Chapter 11 Case in the event that mediation does not result in a resolution in the near term. See, e.g., Dkts. 2726, 2724, 2722, 2717, 2716. The Debtor should not be forced to participate in the NJ Coverage Action at a time when the Debtor, the Talc Committee and the FTCR are (and should be) focused on settlement discussions and implementing a path forward for this Chapter 11 Case.

Additionally, there is no change in circumstances since the March 30 hearing that would justify restarting the NJ Coverage Action. It remains the case that, for the reasons set forth in the Objection, recommencing the NJ Coverage Action will necessarily implicate factual issues that substantially overlap with issues that are at the heart of this Chapter 11 Case and could interfere with or impact the valuation of the Talc Claims in settlement negotiations and in any claims estimation proceeding. The Court's concerns with lifting the stay to permit a few talc lawsuits to proceed apply equally to lifting the stay in respect of the NJ Coverage Action. See July 6, 2022 Hr'g Tr. at 7:5-10. Permitting the NJ Coverage Action to proceed would require a court other than this Court to examine liability and damage issues in respect of talc claims.

It also continues to be the case that the NJ Coverage Action is in its early stages, the Debtor's affirmative claims against the Moving Insurers are stayed, and the Moving Insurers are not incurring indemnification or defense costs at this time given the stay of the talc litigation. There is no need, particularly when weighed against the prejudice to the Debtor described in the Objection and herein, to resume the NJ Coverage Action at this time. In short, a further continuance of the stay would not be prejudicial to the Moving Insurers.

Accordingly, for the reasons set forth above and in the Objection, the Debtor respectfully requests that the Court deny the Motions without prejudice to the right of the

NAI-1531267902

Moving Insurers to renew their request to lift the stay with respect to the NJ Coverage Action at a later stage of this Chapter 11 Case.

Dated: July 19, 2022

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

-7-