**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC, | |
| Plaintiff, | |
| v. | Adv. No. 21-3032 (MBK) |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | |
| Defendants. | |

**NOTICE OF AMENDED AGENDA[2] OF MATTERS SCHEDULED**
**FOR HEARING ON JULY 26, 2022 AT 10:00 A.M.**

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Amended agenda items appear in bold.

NAI-1532167358

*At the direction of the Court, attendance may be in person or remotely via Zoom. All parties who intend to present argument remotely via Zoom should contact Chambers at chambers_of_mbk@njb.uscourts.gov and provide the name and email address of the speaker, as well as provide information regarding the party the speaker represents and/or the purpose of the appearance.*

*Parties are directed to https://www.njb.uscourts.gov/LTL for observing via Zoom.*

**MATTERS GOING FORWARD IN THE BASE CASE**

1.   Travelers Casualty and Surety Company's Motion for an Order Granting Relief From the Automatic Stay to Allow the NJ Coverage Action to Proceed [Dkt. 1488].

    **Status:  This matter is going forward.**

    Statement Deadline:  July 19, 2022 by 5:30 p.m., prevailing Eastern Time for any party wanting to docket statements in advance of the hearing.

    Related Documents:

    A.   Determination of Adjournment of Request Granted [Dkt. 1591].

    B.   Stipulation and Agreed Order Regarding Adjournment of New Jersey Coverage Action Plaintiff-Insurers' Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed [Dkt. 1592] (the "NJ Coverage Action Stipulation").

    C.   Reply Memorandum in Support of Travelers Casualty and Surety Company's Motion for an Order Granting Relief from the Automatic Stay to Allow the NJ Coverage Action to Proceed [Dkt. 1869].

    D.   Order Regarding Motions of New Jersey Coverage Action Plaintiff-Insurers and Travelers Casualty and Surety Company to Allow New Jersey Coverage Action to Proceeding [Dkt. 2023] (the "Adjournment Order").

    E.   Amended Order Regarding Motions of New Jersey Coverage Action Plaintiff-Insurers and Travelers Casualty and Surety Company to Allow New Jersey Coverage Action to Proceed [Dkt. 2424] (the "Amended Adjournment Order").

    F.   June 27, 2022 Order Adjourning Matters [Dkt. 2609] (the "June Adjournment Order").

    G.   Agreed Order Extending Deadline for Written Submissions Related to Certain Insurers' Lift Stay Motions [Dkt. 2640] (the "Agreed Order").

    H.   Travelers Casualty and Surety Company's July 19, 2022 Letter to the Court [Dkt. 2743] (the "Travelers Letter").

Objections Received:

I.  The Official Committee of Talc Claimants I Response in Opposition to (1) Travelers Casualty and Surety Company's Motion for an Order Granting Relief From the Automatic Stay to Allow the NJ Coverage Action to Proceed and (2) New Jersey Coverage Action Plaintiff-Insurers' Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed [Dkt. 1738] (the "TCC I Stay Objection").

J.  Debtor's Omnibus Objection to Insurers' Motions for Relief From the Automatic Stay [Dkt. 1739] (the "Debtor's Stay Objection").

K.  The Official Committee of Talc Claimants Statement Regarding (1) Travelers Casualty and Surety Company's Motion for an Order Granting Relief From the Automatic Stay to Allow the NJ Coverage Action to Proceed and (2) New Jersey Coverage Action Plaintiff-Insurers' Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed [Dkts. 2735, 2753] (the "TCC Statement").

L.  Debtor's Statement Regarding Insurers' Motions for Relief From the Automatic Stay [Dkt. 2738] (the "Debtor's Statement").

2. Motion by the New Jersey Coverage Action Plaintiff-Insurers for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed [Dkt. 1491].

    **Status: This matter is going forward.**

    Statement Deadline: July 19, 2022 by 5:30 p.m., prevailing Eastern Time for any party wanting to docket statements in advance of the hearing.

    Related Documents:

    A.  Adjournment Request [Dkt. 1589].

    B.  NJ Coverage Action Stipulation.

    C.  New Jersey Coverage Action Plaintiff-Insurers' Omnibus Reply in Further Support of Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed [Dkt. 1866].

    D.  The Adjournment Order.

    E.    The Amended Adjournment Order.

    F.    New Jersey Coverage Action Plaintiff-Insurers' Statement and Reservation of Rights Regarding Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed [Dkt. 2449].

    G.    The June Adjournment Order.

    H.    The Agreed Order.

    I.    New Jersey Coverage Action Plaintiff-Insurers' Supplemental Reply in Further Support of Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the New Jersey Coverage Action or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the New Jersey Coverage Action to Proceed [Dkt. 2737].

    J.    The Travelers Letter.

Objections Received:

    K.    TCC I Stay Objection.

    L.    Debtor's Stay Objection.

    M.    The TCC Statement.

    N.    The Debtor's Statement.

3.    Motion by Movant Anthony Hernandez Valadez for an Order Granting Relief From the Preliminary Injunction to Allow Him to File His Asbestos Personal-Injury Action in California State Court, or, in the Alternative, (II) Conduct Discovery, and (III) Waiving the Fourteen Day Stay Under Federal Rule of Bankruptcy Procedure 4001(a)(3) [Dkt. 2348].

    **Status:  This matter is going forward.**

    Objection Deadline:  June 7, 2022

    Related Documents:

    A.    Movant's Reply to Debtor's Objection to His Motion for an Order Granting Relief From the Preliminary Injunction or, in the Alternative, Conduct Discovery, and Waiving the Fourteen Day Stay Under Federal Rule of Bankruptcy Procedure 4001(a)(3) [Dkt. 2469].

    B.    Maune Raichle Hartley French & Mudd, LLC's Joinder in Support of Motions by Anthony Hernandez Valadez and Audra Johnson for an Order Granting Relief From the Preliminary Injunction [Dkt. 2484] (the "MRHFM Joinder").

    C.    The June Adjournment Order.

Objections Received:

    D.    Debtor's Omnibus Objection to Anthony Hernandez Valadez's and Audra Johnson's Motions Seeking Relief From the Preliminary Injunction and Certain Related Relief [Dkt. 2429] (the "Debtor's Omnibus Objection").

4.    Motion by Movant Audra Johnson for an Order Granting Relief From the Preliminary Injunction to Allow Her to File an Asbestos Personal-Injury Action in California State Court, or, in the Alternative, (II) Conduct Discovery, and (III) Waiving the Fourteen Day Stay Under Federal Rule of Bankruptcy Procedure 4001(a)(3) [Dkt. 2349].

**Status: This matter is going forward.**

Objection Deadline: June 7, 2022

Related Documents:

    A.    Movant's Reply to Debtor's Objection to Her Motion for an Order Granting Relief From the Preliminary Injunction or, in the Alternative, Conduct Discovery, and Waiving the Fourteen Day Stay Under Federal Rule of Bankruptcy Procedure 4001(a)(3) [Dkt. 2470].

    B.    The MRHFM Joinder.

    C.    The June Adjournment Order.

Objections Received:

    D.    The Debtor's Omnibus Objection.

5.    Arguments as to the Merits of a Claims Estimation Hearing.

**Status: This matter is going forward.**

Statement Deadline: July 15, 2022

Related Documents:

    A.    Official Committee of Talc Claimants' Status Report Dated June 10, 2022 [Dkt. 2465] (the "TCC Status Report").

    B.    Debtors' Statement on Proposed Next Steps in Chapter 11 Case [Dkt. 2473].

C. Official Committee of Talc Claimants' Limited Response to Debtor's Status Report Dated June 10, 2022 [Dkt. 2488].

D. The June Adjournment Order.

E. The Agreed Order.

<u>Statements Received</u>:

F. Paul Crouch, Individually and as Executor and as Executor <u>ad</u> <u>Prosequendum</u> of the Estate of Cynthia Lorraine Crouch Objection to Estimation Proceeding [Dkt. 2715].

G. Arnold & Itkin LLP's Statement Regarding the Estimation of Talc Personal Injury and Wrongful Death Claims [Dkt. 2716].

H. Maune Raichle Hartley French & Mudd, LLCs' Opposition to Estimation and Proposed Next Steps in Case [Dkt. 2717].

I. Limited Objection and Reservation of Rights of Travelers Casualty and Surety Company and Certain Other Insurers Regarding Estimation Proceedings and Bellwether Trials [Dkt. 2720].

J. Official Committee of Talc Claimants' Statement in Opposition to Debtor's Request for Estimation Under Section 502(c) of the Bankruptcy Code and Statement on Proposed Next Steps in Chapter 11 Case [Dkt. 2722].

K. Response of Aylstock, Witkin, Kreis & Overholtz, PLLC in Opposition to Estimation Request in Debtor's Status Report [Dkt, 2723].

L. Position Statement of Randi S. Ellis, Legal Representative for Future Talc Claimants Regarding Future Case Proceedings [Dkt. 2724] (the "<u>FCR Position Statement</u>").

M. Debtor's Memorandum on the Need for Estimation [Dkt. 2726].

N. Debtor's Reply in Support of the Need for Estimation [Dkt. 2769].

O. **Official Committee of Talc Claimants' Statement in Response to Debtor's Reply in Support of the Need for Estimation [Dkt. 2771].**

**CONTESTED MATTERS GOING FORWARD IN THE BASE CASE AND ADVERSARY PROCEEDING**

6. Memorandum Opinion Granting Preliminary Injunction and Resolving Adversary Proceeding in Debtor's Favor [Adv. Pro. Dkt. 184, Dkt. 1573] and Order (I) Declaring That Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions [Adv. Pro. Dkt. 187, Dkt. 1635].

**Status:  The hearing with respect to the continuation of the automatic stay and preliminary injunction is going forward.**

<u>Response Deadline</u>:  July 19, 2022

<u>Related Documents</u>:

A.      The TCC Status Report.

B.      The June Adjournment Order.

C.      The Official Committee of Talc Claimants' June 30, 2022 Letter to the Court [Dkt. 2637].

<u>Statements Received</u>:

D.      Opposition of Aylstock, Witkin, Kreis & Overholtz, PLLC to Continuation of Preliminary Injunction and Stay of Actions Against Non-Debtors [Adv. Pro. Dkt. 256].

E.      Objection of Paul Crouch, Individually and as Executor and as Executor <u>ad Prosequendum</u> of the Estate of Cynthia Lorraine Crouch, to Continuing the Preliminary Injunction Entered in this Matter in Favor of Non-Debtor Johnson & Johnson [Dkt. 2558] (the "<u>Crouch Objection</u>").

F.      Maune Raichle Hartley French & Mudd, LLC's Objection to Extending Preliminary Injunction to Non-Debtor Johnson & Johnson [Dkt. 2564] (the "<u>MRHFM PI Objection</u>").

G.      Exhibit in Support of MRHFM PI Objection [Dkts. 2565, 2569].

H.      Statement of the Official Committee of Talc Claimants in Support of the Court's Modifying Upon Revisiting of the PI Order [Dkt. 2566] (the "<u>TCC PI Statement</u>").

I.      Opposition of Aylstock, Witkin, Kreis & Overholtz, PLLC to Continuation of Preliminary Injunction and Stay of Actions Against Non-Debtors [Dkt. 2568].

J.      Debtor's Response to Statements and Objections Regarding Continuance of the Preliminary Injunction [Adv. Pro. Dkt. 257, Dkt. 2631].

K.      Kimberly Naranjo's Joinder to the Objections to the Continuation of the Injunction as to Johnson & Johnson Filed on Behalf of the Talc Claimants' Committee and Others [Dkt. 2646].

L.      Reply in Support of Crouch Objection [Dkt. 2709].

M.      Reply in Support of MRHFM Objection [Dkt. 2711].

NAI-1532167358

N.     The FCR Position Statement.

O.     Reply of Anthony Valadez in Support of Objection to Continuing the Preliminary Injunction to Non-Debtors [Dkt. 2736].

P.     Reply of Audra Johnson in Support of Objection to Continuing the Preliminary Injunction to Non-Debtors [Dkt. 2739].

Q.     Reply of Kristie Lynn Doyle in Support of Objection to Continuing the Preliminary Injunction to Johnson & Johnson [Dkt. 2745].

R.     Reply in Support of TCC PI Statement [Adv. Pro. Dkt. 260, Dkt. 2751].

Dated: July 25, 2022

**WOLLMUTH MAHER & DEUTSCH LLP**

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*