UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**Order Filed on July 28, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

LTL MANAGEMENT, LLC,

              Debtor.

Case No.:    21-30589 (MBK)

Chapter:    11

Hearing Date:

Judge:    Michael B. Kaplan

## ORDER IDENTIFYING PROPOSED COURT-APPOINTED EXPERT

The relief set forth on the following pages, numbered two (2) through    2    is **ORDERED**.

**DATED: July 28, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Pursuant to Rule 706; and for the reasons set forth on the record on July 28, 2022; it is hereby

ORDERED that, upon its own motion, the Court identifies Kenneth R. Feinberg, Esq. as its proposed Court-Appointed Expert under Rule 706, and attaches to this Order correspondence from Mr. Feinberg as well as Mr. Feinberg's curriculum vitae; and it is further

ORDERED that the return date for the Court's motion is **August 11, 2022 at 10:00am**; and it is further

ORDERED that the motion will be decided on the papers. The Court will not entertain oral argument; therefore, no appearances are necessary. The Court will consider any written objections to Mr. Feinberg's appointment provided they are submitted to the Court no later than close of business on August 9, 2022.

# THE LAW OFFICES OF
# KENNETH R. FEINBERG PC

THE WILLARD OFFICE BUILDING
1455 PENNSYLVANIA AVENUE, N.W.
SUITE 390
WASHINGTON, D.C. 20004-1008

(202) 371-1110 (TELEPHONE)　　　　　　　　　July 19, 2022　　　　　　　　WRITER'S DIRECT DIAL NUMBER
(202) 962-9290 (FAX)

The Honorable Michael B. Kaplan
Chief Judge, United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

　　　　*In Re: LTL Management, LLC (Case No. 21-30589-MBK) (Potential Bankruptcy Court Estimation Expert)*

Dear Judge Kaplan:

　　Per your request, I write to summarize my potential appointment as a Court ordered Estimation Expert in the above-captioned matter. I believe this summary reflects some of the important points discussed in our conversation last week.

　　Your Honor is considering appointing me as the Court's Estimation Expert with the task of forecasting and estimating the volume and value of current and future ovarian cancer and mesothelioma claims that remain at issue in the above-captioned bankruptcy. My appointment would be for a fixed period of time to be determined by the Court. During this period, I anticipate a series of separate confidential meetings with all interested participants as an essential component of an intense focused effort to finalize my conclusions and prepare a Final Report. I emphasize that I would provide a full and fair opportunity for all interested parties, and their experts, to be part of this proposed process.

　　After my Report is completed and submitted to the Court and the parties, you have suggested that a comprehensive Bankruptcy Court hearing would follow, at which time the Court and the parties would participate in a thorough examination of the facts and assumptions underlying my conclusions and the methodology used in completing my Report. Following this hearing the Court would then determine whether to accept, in whole or in part, the findings of my Report as part of the ongoing bankruptcy proceeding.

　　As the Court appointed Estimation Expert, I would enlist the support of an economic modeling firm and other professionals as may be necessary to complete my task. A comprehensive budget would be proposed and provided in conjunction with this assignment.

It is important to emphasize that I would not be acting as a mediator, currently my ongoing role in other recent bankruptcies involving asbestos, joint compound asbestos/talc, opioids, etc. (My attached resume lists these relatively recent bankruptcy mediation assignments and other disputes where I acted strictly as a mediator.) In all of these disputes, I have acted as a facilitator, a neutral third party seeking to bridge differences among mediation participants and their experts. As mediator, I do not reach conclusions or estimate volume or value; instead – using the information provided me by both sides – I urge the mediation participants to reach a voluntary settlement with the help of the mediator.

In this current bankruptcy, the Court has already appointed a group of qualified mediators. I would not be replicating their work. What the Court apparently contemplates is something quite different – my new role as a Court appointed Estimation Expert who would make projections pertaining to relevant claim volume and value. Accordingly, this assignment would in no way interfere with the ongoing efforts of your current mediators or my own current role as a mediator in other disputes.

I submit this letter at the request of the Court in order to articulate the proposed potential assignment. As such, I am ready to serve if and when the Court so requests.

Sincerely,

Kenneth R. Feinberg

Attachment (Long Form and Short Form CV)

## KENNETH R. FEINBERG, ESQ.
*The Law Offices of Kenneth R. Feinberg, PC*

Kenneth R. Feinberg is one of the Nation's leading experts in alternative dispute resolution and is currently the Court-appointed Mediator in both the Imerys/Cyprus talc bankruptcy in Delaware, and the Honx asbestos bankruptcy in Texas; he is also the voluntary Mediator in the Georgia Pacific/Bestwall bankruptcy in North Carolina. He was co-Mediator in the successful Owens Illinois/Paddock asbestos bankruptcy proceeding in North Carolina.

Recently he served as the Court-appointed Mediator in both the successful Purdue and Mallinckrodt opioid bankruptcies in the Southern District of New York and Delaware.

Mr. Feinberg previously served as Special Master of the 9/11 Victim Compensation Fund, the Department of Justice Victims of State-Sponsored Terrorism Fund, the Department of Justice Boeing 737 Max Crash Victim Beneficiaries Compensation Fund, the Department of the Treasury's TARP Executive Compensation Program and the Treasury's Private Multiemployer Pension Reform program.

In 2010, Mr. Feinberg was appointed by the Obama Administration to oversee compensation of victims of the Deepwater Horizon oil rig explosion and BP oil spill in the Gulf of Mexico. He also served as Administrator of the New York State Dioceses' Independent Reconciliation and Compensation Funds, the One Orlando Fund, the GM Ignition Switch Compensation Program, and One Fund Boston Compensation Program arising out of the Boston Marathon bombings. He previously served as the Court-appointed Settlement Master in the Fiat/Chrysler Diesel Emissions class action settlement in San Francisco, and the GM ignition compensation claims resolution facility.

Mr. Feinberg recently served in a *pro bono* capacity as Administrator of the OneOrlando Fund, designing and implementing a claims program for the distribution of $30 million in corporate and private donations to the victims of the Pulse Nightclub shooting in Orlando in June 2016. Mr. Feinberg has also served in a *pro bono* capacity as Fund Administrator for the One Fund Boston Victim Relief Fund arising out of the Boston Marathon bombings, Advisor for the Newtown-Sandy Hook Victim Compensation Fund, Administrator of the Aurora Victim Relief Fund following the Colorado movie theater shootings in 2012, and Administrator of the Hokie Spirit Memorial Fund following the shootings at Virginia Tech University in 2007.

Mr. Feinberg was appointed by the Obama Administration and BP in 2010 to serve as Administrator of the Gulf Coast Claims Facility to compensate victims of the BP Deepwater Horizon oil spill in the Gulf of Mexico.

Secretary of the Treasury Timothy Geithner appointed Mr. Feinberg in 2009 to serve as Special Master of the Troubled Asset Relief ("TARP") Executive Compensation Program in order to determine the compensation structures of certain employees of Corporate TARP recipients who had received exceptional financial assistance. During this time, Mr. Feinberg also served as Court appointed Fee Examiner of the Lehman Brothers bankruptcy case, examining and instituting caps on fees and expenses charged by professionals retained during the bankruptcy process.

In 2008, Mr. Feinberg designed, implemented and administered Alternative Dispute Resolution Programs for Liberty Mutual Insurance Company and Zurich Insurance Company

for resolving insurance claims arising from Hurricanes Katrina, Gustav, Ike and other hurricanes in the Gulf region.

Mr. Feinberg was appointed in June of 2007 as the Distribution Agent of *In Re: United States Securities and Exchange Commission v. American International Group, Inc.,* responsible for the design and implementation of a Plan for the distribution of a $800 million Fund to eligible claimants. He has also served as Fund Administrator in other prominent settlements including: *In Re: United States of America v. Computer Associates International, Inc.* (responsible for the design and implementation of a restitution fund of $275 million); *In Re: International Air Transportation Surcharge Antitrust Litigation* (responsible for the design and administration of a $200 million fund in both the United States and England); *In Re: Zyprexa Product Liability Litigation* (a $700 million settlement fund); and *In Re: Latino Officers Association City of New York v The City of New York* (a $17 million settlement fund).

Mr. Feinberg received his B.A. *cum laude* from the University of Massachusetts in 1967 and his J.D. from New York University School of Law in 1970, where he was Articles Editor of the *Law Review*. He was a Law Clerk for Chief Judge Stanley H. Fuld, New York State Court of Appeals from 1970 to 1972; Assistant United States Attorney, Southern District of New York from 1972 to 1975; Special Counsel, United States Senate Committee on the Judiciary from 1975 to 1978; Chief of Staff to Senator Edward M. Kennedy from 1978 to 1980; Partner at Kaye, Scholer, Fierman, Hays & Handler from 1980 to 1993; and founded The Law Offices of Kenneth R. Feinberg, PC.

**MEDIATION**

Special Settlement Master, In re: Andrew Herman. et al. v. Westinghouse Electric Corporation (employment discrimination class action).

Special Settlement Master, In re: "Agent Orange" Product Liability Litigation.

Special Settlement Master, County of Suffolk et al. v. Long Island Lighting Co. et al. (Shoreham Nuclear Facility class action RICO litigation).

Special Settlement Master, In re: Eagle-Picher Industries Inc. (national asbestos personal injury/wrongful death class action).

Special Settlement Master, In re: Joint Eastern and Southern District Asbestos Litigation (federal and state asbestos personal injury/wrongful death litigation arising out of exposures at the Brooklyn Navy Yard).

Special Settlement Master, In re: Asbestos Personal Injury Litigation (asbestos personal injury/wrongful death litigation pending in the Maryland State courts).

Special Settlement Master, In re: Joint Eastern and Southern District Asbestos Litigation (federal asbestos personal injury/wrongful death litigation arising out of exposures at various New York utilities).

Special Settlement Master/Referee, In re: DES Cases (federal and state personal injury/wrongful death DES litigation).

Trustee, In re: A.H. Robins Co. (Dalkon Shield Claimants' Trust).

Mediator, FRT Plywood Mediation (fire retardant plywood litigation involving allegations of defective roofs in approximately 250,000 homes).

Mediator in hundreds of matters involving allegations of antitrust violations, breach of contract, civil RICO violations, civil fraud and product liability; mediator in various commercial and insurance coverage disputes.

Member, National Panel, Center for Public Resources (one of 64 individuals selected nationally by the CPR to mediate and/or engage in other forms of alternative dispute resolution).

Arbitrator, American Arbitration Association.

Arbitrator, Marine Spill Response Corporation.

Former Vice-Chair, Committee on Alternative Dispute Resolution, American Bar Association.

## LAW

Managing Partner, Feinberg Rozen, LLP (2009 – present).

Founder, The Feinberg Group, LLP, Washington, D.C. (1993-2009).

Partner, Kaye, Scholer, Fierman, Hays & Handler, Washington, D.C. (1980-1993).

Steven and Maureen Klinsky Lecturer on Law, Harvard University Law School, Cambridge, Mass. (2015-present)

Adjunct Professor of Law, Harvard University Law School, Cambridge, Mass. (2008-2015)

Adjunct Professor of Law, Georgetown University Law Center, Washington, D.C. (1979-Present).

Adjunct Professor of Law, University of Pennsylvania Law School, Philadelphia, PA (1998-2005).

Adjunct Professor of Law, New York University School of Law, New York, NY (2000-Present).

Adjunct Professor of Law, Columbia University Law School (2002-2006).

Adjunct Professor of Law, University of Virginia Law School, Charlottesville, VA (Current Semester 2000).

3

Adjunct Professor of Law, The Graduate School of Political Management, New York, New York. (1988-1990).

Visiting Lecturer, University of California, Los Angeles, Los Angeles, California (2007).

Visiting Lecturer, Vanderbilt University, Nashville, Tennessee (2008).

Visiting Lecturer, Duke University, Durham, North Carolina (2008).

Visiting Lecturer, New York Law School, New York, New York (2008).

Administrative Assistant, Senator Edward M. Kennedy, Washington, D.C. (1978-1980).

Special Counsel, United States Senate Committee on the Judiciary, Washington, D.C. (1977-1978).

General Counsel, Subcommittee on Administrative Practice and Procedure, United States Senate Committee on the Judiciary, Washington, D.C. (1975-1977).

Assistant United States Attorney, Southern District of New York (1972-1975).

**COMMISSIONS**

General Counsel, James Madison Memorial Fellowship Foundation. (Public Law No. 99-591 (1986) and, as amended, Public Law No. 101-208 (1989).

Member, Presidential Advisory Committee on Human Radiation Experiments (1994-1998).

Member, Presidential Commission on Catastrophic Nuclear Accidents. (1989-1990).

Member, Carnegie Commission Task Force on Science and Technology in Judicial and Regulatory Decisionmaking. (1989-Present).

Member, American Bar Association Special Committee on Mass Torts. (1988-1989).

Special Consultant, United States Sentencing Commission. (1984-1987); Chairman, New York State Committee on Sentencing Reform. (1985-1987).

**EDUCATION**

J.D. (Cum Laude), New York University School of Law (1970) (New York University Law Review; Butler Prize for "Unusual distinction in scholarship, character and professional activities;" Newman Prize for Ameritorious achievement in the area of public law.")

B.A. (Cum Laude), University of Massachusetts (1967) (Class commencement address)

Law Clerk, Chief Judge Stanley H. Fuld, New York State Court of Appeals. (1970-1972)

**HONORS AND AWARDS**

4

Listed in "The 100 Most Influential Lawyers in America," The National Law Journal (March 25, 2013).

Honorary Doctorate, Curry College, Milton, May 2013.

Honorary Doctor of Humane Letters, Salem State University, 2012.

Honorary Doctor of Laws, Saint Francis College, May, 2011.

Honorary Doctor of Laws, Suffolk University, May, 2010.

Designated "Lawyer of the Year" by the *National Law Journal* (December, 2004).

Listed in "Profiles in Power: The 100 Most Influential Lawyers in America" (*National Law Journal*, May 2, 1988; March 25, 1991; April 4, 1994; June 12, 2000; June 19, 2006).

Listed in "The Next Establishment: Twenty-Seven Future Leaders of America's Major Firms" (The American Lawyer, March, 1986).

Listed in "125 Alumni to Watch," University of Massachusetts (October 15, 1988).

Charles A. Fahy Annual Award for Best Adjunct Professor of Law, Georgetown University Law Center (1988-1989).

**BAR AND PROFESSIONAL AFFILIATIONS**

New York 1971

District of Columbia 1977

Massachusetts 1980

Southern District of New York 1973

Northern District of New York 1991

Federal District Court of the District of Columbia 1981

Federal District Court for the District of Massachusetts 1981

United States Court of Appeals for the Second Circuit 1972

Bar Association of the City of New York 1972

Bar Association of the District of Columbia 1977

Massachusetts Bar Association 1980

American Bar Association Ad Hoc Committee on Tort Law Reform (Chairman, Subcommittee on Statutory Compensation Systems).

5

Advisory Board, Center for Research in Crime and Justice of the New York University School of Law (1984)

Member of Board of Directors, Lawyers Committee for Human Rights, New York (1990).

Member of Board of Directors, National Organization for Victim Assistance, Washington, D.C. (1991)

Chairman of the Board of the RAND Institute for Civil Justice, Washington, D.C. (2009)

President of the Washington National Opera, Washington, D.C. (2007 – 2011)

Member, Board of Overseers, RAND Institute for Civil Justice, Washington, D.C. (2010-present)

Vice-Chairman of Human Rights First, New York, NY. (2007 - Present)

Member of the Board of Trustees, The Bazelon Center for Mental Health Law, Washington, D.C. (1996 - Present)

Founding Chairman, RAND Center for Catastrophic Risk Management and Compensation (2012 – present)

## PUBLICATIONS

### 1. Books

<u>Who Gets What? Fair Compensation After Tragedy and Financial Upheaval</u> (Public Affairs Press, 2012).

<u>What is Life Worth? The Unprecedented Effort to Compensate the Victims of 9/11</u> (Public Affairs Press, 2005).

### 2. Law Review Articles

"Unconventional Responses to Unique Catastrophes: Tailoring the Law to Meet the Challenges," The Thomas M. Cooley Law School, Law Review, Vol. 30, No. 3 (Hilary Term 2013)

"BP Exploration & Production Inc., et al." <u>Supreme Court of the United States</u>, On Petition for a Writ of Certiorari to the United States Court of Appeals, for the Fifth Circuit, No. 14-123 (2014)

"Unconventional Responses to Unique Catastrophes: Tailoring the Law to Meet the Challenges," <u>Chapman Law Review</u>, Chapman Dialogue Series, Vol. 17, No. 2 (Spring 2014)

"Is the Class Half-Empty or Half-Full?," <u>Loyola University Chicago Law Journal</u>, Vol. 44, No. 2 (Winter 2012)

"Democratization of Mass Litigation: Empowering the Beneficiaries," "The Democratization of Mass Litigation?" Columbia Journal of Law and Social Problems, Symposium, Vol. 45, No. 4, 481-498 (Summer 2012)

"Unconventional Responses to Unique Catastrophes," Akron L. Rev. Vol. 45, No. 3, 575-582 (2012)

"The September 11th Victim Compensation Fund of 2001: Policy and Precedent," New York Law School L. Rev. Vol. 56, 1115 (2011/12)

"Symposium on Executive Compensation," Keynote Address, 64, No.2 Vanderbilt L. Rev. 349 (2011)

"Reexamining the Arguments in Owen M. Fiss, Against Settlement," 78 Fordham L. Rev. 3 (2009)

"Keynote Presentation: The Sixth John A. Speziale Alternative Dispute Resolution Symposium," 27 No. 3 Quinnipiac University School of Law L. Rev. 779 (2009)

"Compensating Victims of Disaster: The United States Experience," 79 Papers on Parliament No. 49, Constitutional Politics and Other Lectures in the Senate Occasional Lecture Series (2008)

"Tributes to Justice Stephen G. Breyer," 64 N.Y.U. Annual Survey of American Law 1 (2008).

"How Can ADR Alleviate Long-Standing Social Problems? 34 Fordham Urban L.J., 785 (2007).

"Response to Robert L. Rabin," 106 Columbia L. Rev. 2 (2006).

"A Special Issue Dedicated to Judge Jack B. Weinstein," 97 Columbia L. Rev. 7 (1997).

"Response to Deborah Hensler, A Glass Half Full. A Glass Half Empty: The Use of Alternative Dispute Resolution in Mass Personal Injury Litigation," 73 Tex. L. Rev. 1647 (1995).

"Civil Litigation in the Twenty-First Century: A Panel Discussion," 59 Brooklyn L. Rev. 3 (1994).

"Federal Criminal Sentencing Reform: Congress and the United States Sentencing Commission," 28 Wake Forest L. Rev. 291 (1993).

"Using Mediation to Resolve Construction Disputes," in Cushman, Hedemann and Tucker, Alternative Dispute Resolution in the Construction Industry, ' 7.20 et seq. (John Wiley & Sons 1991).

"The Federal Law of Bribery and Extortion: Expanding Liability," in Obermaier and Morvillo, White Collar Crime: Business and Regulatory Offenses, ' 3.01 et seq. (Law Journal Seminars - Press 1990).

"The Dalkon Shield Claimants Trust," 53 Law and Contemporary Problems 79 (1990).

"The Federal Sentencing Guidelines: A Dialogue," 26 Crim. L. Bull. 5 (1990) (co-authored with Judge Stephen G. Breyer).

"Mediation -- A Preferred Method of Dispute Resolution," 16 Pepperdine L. Rev. 5 (1989).

"The Toxic Tort Litigation Crisis: Conceptual Problems and Proposed Solutions," 24 Houston L. Rev. 155 (1987).

"The Separation of Powers Issue in the Independent Counsel Debate," 25 Amer. Crim. L. Rev. 171 (1987).

"The Role of the Courts in Risk Management," 16 Environmental L. Reptr. (1986).

"Attorneys' Fees in the Agent Orange Litigation: Modifying the Lodestar Analysis for Mass Tort Cases," 14 N.Y.U. Rev. of Law & Social Change 613 (1986) (co-authored with John S. Gomperts).

"The Comprehensive Crime Control Act of 1984 -- The Insanity Defense, Commitment Procedures, Victim Assistance, and Witness Protection," 5 Legal Notes & Viewpoints 34 (August, 1985).

"Introduction: Symposium on the Crime Control Act of 1984," 22 Amer. Crim. L. Rev. xi (1985).

"Selective Incapacitation and the Effort to Improve the Fairness of Existing Sentencing Practices," 12 N.Y.U. Rev. of Law & Social Change 53 (1984).

"Legislative Options: Recent Developments in Tort Law Reform," 39 Bus. Lawyer 209, 216 (1983).

"Foreword to the White-Collar Crime Symposium," 21 Amer. Crim. L. Rev. vii (1983).

"Sentencing Reform and the Proposed Federal Criminal Code," 5 Hamline L. Rev. 217 (1982).

"Extraterritorial Jurisdiction and the Proposed Federal Criminal Code," 72 J. of Crim. Law and Criminology 385 (1981).

"Economic Coercion and Economic Sanctions: Extraterritorial Enforcement of the Federal Antitrust Laws," 30 Amer. Univ. L. Rev. 323 (1981).

"Toward a New Approach to Proving Culpability: Mens Rea and the Proposed Federal Criminal Code," 18 Amer. Crim. L. Rev. 123 (Summer 1980).

### 3. Essays

"The Myth of Moral Justice In-Print Symposium:  A Brief Response," 4 Cardozo Public Law, Policy, and Ethics Journal 1 (2006).

"The September 11th Victim Compensation Fund," 32 ABA Litigation 2 (Winter 2006).

"The Federal Guidelines and the Underlying Purposes of Sentencing," Federal Sentencing Reporter at 326-327 (May/June 1991).

"Do Mass Torts Belong in the Courtroom?", 74 Judicature 237 (February, 1991).

"In the Shadow of Fernald: Who Should Pay the Victims?", 8 The Brookings Rev. 41 (1990).

"Settling a Mass Tort with a Claimants Trust," 9 Product Liability Law and Strategy 1 (October, 1990).

"How to Use Bankruptcy to Settle Mass Torts," 9 Product Liability Law and Strategy 8 (November, 1990).

"Drug Enforcement: Criminal Division," in America's Transition Blueprints for the 1990s 440 (M. Green & M. Pinsky, eds.) (1989).

Editor, Violent Crime in America (National Policy Exchange, 1983).

"Why NIJ should be Kept Within the Justice Department," 62 Judicature 306 (1979).

### 4. Newspaper Articles & Periodicals

"The Power 100: The 100 Most Powerful People in Finance," Worth: The Evolution of Financial Intelligence, p. 76 (Vol. 19, Edition 05; 2010).

"9/11 Fund: Once was Enough," The Washington Post, op-ed, p. A17 (September 11, 2008).

"Radiation and Responsibility," The Washington Post, p. A23 (October 9, 1995).

"Truth and Fairness in Sentencing," N.Y. Times A31 (April 24, 1987).

"Whatever Gramm-Rudman is, it is not Material for the Courts," 99 Los Angeles Daily J. 4 (1986).

"Gramm-Rudman is Not Court Material," N.Y. Times p. A31 (March 11, 1986).

"Comprehensive Crime Control Act of 1984 - New Approaches to Federal Criminal Law," (Part 1) N.Y. Law Journal 1 (1985).

"The New Federal Reforms for Sentencing Criminals," (Part 2) N.Y. Law Journal 1 (1985).

"Crime Control Act of 1984 - Changes in Substantive Law," (Part 3) N.Y. Law Journal 1 (1985).

"Crime Control Act of 1984 - Changes in Criminal Procedure," (Part 4) N.Y. Law Journal 3 (1985).

"Crime Control Act of 1984 - Insanity Defense, Commitment, Aid to Victims, Witness Protection," (Part 5) N.Y. Law Journal 1 (1985).

"Get Tough on Criminals: Forget the Death Penalty," The Washington Post (Outlook) p.1 (May 20, 1984).

"Conrail's Future," N.Y. Times p. 19 (March 2, 1981).

"Biggest Proposed Changes Affect Sentencing and White-Collar Crime," National Law Journal 22 (1980).

"Proposed Code: Order, Consistency Replace Loopholes, Archaic Laws," National Law Journal 48 (1980).

"The Federal Criminal Code: Reform Effort Long Overdue: Analysis of Pending Legislation in Congress," (Part 1) N.Y. Law Journal 1 (1980). "The Federal Criminal Code: Culpability and Jurisdiction: Analysis of Pending Legislation in Congress," (Part 2) N.Y. Law Journal 1 (1980). "The Proposed Federal Criminal Code," (Part 3) N.Y. Law Journal 3 (1980).

"The Proposed Federal Criminal Code: An Analysis," N.Y. Law Journal 3 (1980).

**5. Official Documents**

K. Feinberg, et al., Final Report of The Special Master for the September 11th Victim Compensation Fund of 2001 (Vols. I & II) (www.usdoj.gov/final_report.pdf)

"Criminal Code Reform Act of 1979," Report of the Committee on the Judiciary United States Senate to Accompany S. 1722, Rpt. No. 96-553, 96th Cong. 2d Sess. (1980) . (A primary author of treatise of some 1500 pages analyzing all current federal criminal laws and proposals for modification and change.)

"Testimony of Kenneth R. Feinberg, Esq., Special Settlement Master in the Agent Orange Product Liability Litigation Before the Senate Subcommittee on Nuclear Regulation Committee on Environment and Public Works United States Senate," Reauthorization of the Price-Anderson Act, 99th Cong., 1st Sess. at pp. 151 et seq. (1986).

"Testimony of Kenneth R. Feinberg, Former Chairman of the New York State Committee on Sentencing Guidelines before the House Subcommittee on Criminal Justice," Sentencing Guidelines Hearings Before the Subcommittee on Criminal Justice of the Committee on the Judiciary House of Representatives, 100th Cong. (1987).

"Testimony of Kenneth R. Feinberg, Court-Appointed Special Master, Agent Orange Litigation, before the Senate Veterans Affairs Committee," Oversight of the Operations of the Bureau of Veterans Affairs, Sen. Hearing 100-996, 100th Cong., 2d Sess. at pp. 33-39; 166-172 (1988).

"Testimony of Kenneth R. Feinberg, Former Special Master of the Federal September 11th Victim Compensation Fund of 2001, before the House Subcommittee on the Constitution, Civil Liberties and the House Subcommittee on Immigration, Citizenship, Refugees, Border Security, and International Law," H.R. 847, the "James Zadroga 9/11 Health and Compensation Act of 2009, U.S. House of Representatives, Committee on the Judiciary, Congressional Hearing, 111th Cong., pp. 1-80, (2009).

"Testimony of Kenneth R. Feinberg, Former Special Master for TARP Executive Compensation," Congressional Oversight Panel, Congressional Hearing, 111th Cong., (2010).

"Testimony of Kenneth R. Feinberg Administrator, Gulf Coast Claims Facility before the United States Senate Ad Hoc Subcommittee on Disaster Recovery," Gulf Coast Recovery – An Examination of Claims Administration and Social Services in the Aftermath of the Deepwater Horizon Oil Spill, Sen. Hearing, 112th Cong., (2011).

10.26.16