| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(B) Mark Falk, Esq. Liza M. Walsh, Esq. Stephen V. Falanga, Esq. WALSH PIZZI O'REILLY FALANGA LLP Three Gateway Center 100 Mulberry Street, 15th Floor Newark, NJ 07102 (973) 757-1100 *Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants* | |
| In re: LTL Management LLC, Debtor. | Case No.: 21-30589 Judge: Michael B. Kaplan Chapter: 11 |

**Order Filed on July 29, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# AMENDED ORDER AUTHORIZING RETENTION OF BERKELEY RESEARCH GROUP, LLC FOR RANDI S. ELLIS, LEGAL REPRESENTATIVE FOR FUTURE TALC CLAIMANTS, EFFECTIVE AS OF JULY 1, 2022

The relief set forth on the following page is **ORDERED**.

**DATED: July 29, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

Upon the application of Randi S. Ellis, Legal Representative for Future Talc Claimants ("FTCR"), requesting authorization to retain Berkeley Research Group, LLC ("BRG") to provide expert consulting services and analysis of talc claim liability for the FTCR, which the Court approved by Order entered on July 11, 2022 ("Retention Order") (Bankr. ECF No. 2681), and a request having been made for the entry of an amended Retention Order to address certain additional requests from the Office of the United States Trustee with the consent of the FTCR and BRG, it is hereby ORDERED:

1. The applicant is authorized to retain the above party in the professional capacity noted.

    The professional's address is:

    Berkeley Research Group, LLC
    Attn: Eric Miller
    1800 M Street, NW, 2nd Floor
    Washington DC 20036

2. Compensation will be paid in such amounts as may be allowed by the Court on proper application(s).

3. If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

4. The effective date of retention is July 1, 2022.

5. BRG shall file monthly fee statements, interim fee applications and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Guidelines and any applicable orders of the Court.

6. Notwithstanding anything to the contrary in the Engagement Letter and Agreement (as that term is defined in the Application for Retention of Berkeley Research Group LLC at Bankr. ECF No. 2642), BRG's Engagement Letter and Agreement may not be terminated unless by order of the Court. Any such Order approving termination may be sought by motion on shortened notice and may be deemed retroactive to the date such motion or notice of termination is filed with the Court or such earlier date as may be appropriate.

7. BRG has advised that it is currently engaged to represent the Future Claimants Representative (the "Cyprus FCR") in the pending bankruptcy case of *Cyprus Mines Corporation* (Case No. 21-10398 Bankr. D. Del). BRG shall at all times segregate

engagement work product and information related to the work for the Cyprus FCR and engagement work product and information related to the work for the FTCR in this Case. Moreover, the BRG expert in the Cyprus FCR engagement will not have any involvement in the LTL engagement, and will be "walled off" such that the engagement team in the LTL engagement will not disclose or discuss any LTL related information with her. BRG experts (and their opinions) will not be used by or on behalf of the FTCR in any claims objection or other contested matter or adversary proceeding involving *Cyprus Mines Corporation* or the Cyprus FCR that may arise in the *LTL*, *Imerys* or *Cyprus Mines Corporation* bankruptcy cases. The FTCR further agrees to waive any actual or potential conflict such that the Cyprus FCR may continue to use BRG in connection with any matter (including any claim, any claim objection, or any other contested matter or adversary proceeding). To the extent any Court determines, by an order, that there exists an actual or potential conflict with respect to the engagement of BRG by both the Cyprus FCR and the FTCR, then BRG shall no longer serve as an expert for the FTCR, but shall continue to serve as an expert for the Cyprus FCR.

8. Notwithstanding anything to the contrary in the original Application (Bankr. ECF No. 2642) or the Certification of Eric Miller (Bankr. ECF No. 2642-1), BRG shall only bill 50% for non-working travel and shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of BRG's fee applications in the Chapter 11 Case.

9. Any additional services provided by BRG, which were not specifically provided for in the Application, shall require further Court approval;

10. In the event BRG seeks to use any of its affiliates to perform services for the FTCR, the FTCR shall seek and apply for the separate retention of any such affiliates.

11. To the extent BRG uses the services of independent contractors or non-BRG "additional support personnel" (as described in the third paragraph of the Engagement Letter) (the "Contractors") in the Chapter 11 Case, BRG shall: (a) pass through the cost of such Contractors to the FTCR at the same rate that BRG pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) require the Contractors to file Rule 2014 affidavits indicating that the Contractors have reviewed the Parties in Interest List in this case, disclose the Contractors' relationships, if any, with Parties in Interest List and indicate that the Contractors are disinterested; (d) confirm that the Contractors remain disinterested during the time that BRG is involved in providing services to the FTCR; (e) require the Contractors to represent that they will not work for other parties-in-interest in this case during the time BRG is involved in providing services to the FTCR; and (f) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.

12. In the event that, during the pendency of the Chapter 11 Case, BRG seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in BRG's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the Compensation Guidelines and approval of the Court under the standards of Bankruptcy

Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of BRG's independent legal counsel.

13. To the extent that there is any inconsistency between this Order and the Engagement Letter and Agreement, Berkeley Research Group, LLC Standard Commercial Terms (the "Standard Terms") attached to the Engagement Letter, the Application or the Certification of Eric Miller, the provisions of this Amended Order shall govern.

14. In connection with any increase in BRG's rates, BRG shall provide ten (10) business days' notice to the FTCR, the Debtor, the U.S. Trustee, and any official committee of creditors appointed in this case, prior to filing a fee statement or fee application reflecting such an increase, which shall set forth the requested rate increase and explain the basis for the requested rate increase. All parties-in-interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code..

15. During the pendency of the Chapter 11 Case, the Standard Terms requiring arbitration shall not be applicable. The Court shall have exclusive jurisdiction over BRG's engagement during the pendency of this Chapter 11 Case.

16. BRG shall keep its time records in tenth-of-an-hour increments in accordance with Local Rule 2016-2 of this Court and shall otherwise comply with the requirements of that Local Rule, as well as Bankruptcy Rule 2016(a), and the United States Trustee Fee Guidelines.

17. BRG shall provide any and all monthly fee statements, interim fee applications, and final fee applications in a searchable electronic format (Excel) to the U.S. Trustee.

18. During the pendency of the Bankruptcy case BRG shall be entitled to reimbursement of direct project-related expenses but shall not charge an additional "amount equal to five percent (5%) of BRG's professional fees to cover internal expenses which are not billed through as direct reimbursable expenses, including other data and information services, administrative support, and other overhead expenses such as technology (including information security), telecommunications, supplies, photocopies and other incidental expenses that are not readily itemized".

19. The following language from the Standard Terms shall have no force or effect during the pendency of the Bankruptcy case: "BRG's billing statements shall be paid within thirty (30) days of the statement date. Walsh on behalf of the FTCR agrees that it will review BRG's statement upon receipt and will advise BRG of any objection to or dispute with the statement and the work reflected in the statement within thirty (30) days of the statement date. In the event Walsh on behalf of the FTCR disputes part of BRG's bill, the undisputed part shall be paid within thirty (30) days of the statement date. Without liability, BRG reserves the right to withhold delivery of services, testimony, reports or data (written or oral), or suspend work, if the account on this engagement is not current. A late payment

charge of one percent (1 %) per month (or the maximum rate permitted by law, whichever is less) may be added to any outstanding invoices that are past due."

20. The Retention Order entered on July 11, 2022 (Bankr. ECF No. 2681) shall otherwise remain in full force and effect.