**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[1] | Case No.: 21-30589 (MBK) |
| Debtor. | Judge: Michael B. Kaplan |
| | **Hearing Date and Time:**<br>August 23, 2022 at 10:00 a.m. |

**DEBTOR'S THIRD MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**11 U.S.C. § 1121(d) EXTENDING THE EXCLUSIVE PERIODS TO FILE**
**A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

The above-captioned debtor (the "Debtor") moves the Court, pursuant to

section 1121(d) of the Bankruptcy Code, for an order: (a) extending the period during which the

Debtor has the exclusive right to file a plan of reorganization (the "Exclusive Filing Period") to

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1532136001

the first business day that is 30 days after the filing of the report regarding estimation of the Debtor's current and future talc claims by the Court-appointed expert; and (b) extending the period during which the Debtor has the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods"), for 60 days after the expiration of the Exclusive Filing Period, as extended.  In support of this Motion, the Debtor respectfully represents as follows:

### Preliminary Statement

The Debtor continues to make progress in this case (this "Chapter 11 Case"). Since the last extension of the Exclusive Periods, the Debtor's focus has been on supporting the ongoing mediation process.  In particular, the Debtor and its professionals continued to devote time to engaging with the Debtor's key constituencies in mediation on a possible consensual resolution of this case.  In support of those efforts, the Debtor obtained Court approval to enter into an expense reimbursement agreement with the ad hoc committee of state attorneys general to facilitate efficient participation in the mediation by various states.  In addition, to avoid interference with a consensual resolution of this Chapter 11 Case, the Debtor initiated proceedings to enjoin the prosecution of (a) a putative securities class action and (b) state actions by New Mexico and Mississippi.  The Debtor also opposed efforts by certain claimants and insurers to lift the automatic stay and modify the Court's preliminary injunction order [Adv. No. 21-3032, Dkt. 187; Dkt. 1635] (the "PI Order") to permit certain litigation to proceed.

Despite these efforts, no agreement has yet been reached to consensually resolve this Chapter 11 Case.  Thus, the Debtor proposed a process to estimate the aggregate value of the talc claims asserted against it to advance the Chapter 11 Case and facilitate the on-going mediation.  At the Court's direction, the Debtor also filed a memorandum on the need for estimation and a reply in support of estimation.  Recently, at the July 28, 2022 hearing (the "July

Hearing"), the Court agreed that estimation is necessary and ruled that "the need for transparency and to preserve the integrity of the bankruptcy process and the system requires a reasonable effort to estimate the debtor's aggregate liability for both present and future claims for both ovarian and meso diseases." See July Hr'g Tr., 4:13-17. The Court also indicated that it will appoint an expert (the "Court Expert") under Rule 706 of the Federal Rules of Evidence to prepare and file a report regarding the estimation of the current and future talc claims. See id. at 7:6-10. Although no deadline for filing the report was established, the Court indicated that it anticipates "the report being completed long before the weather starts getting cold." See id. at 11:10-11.

Given the recently-ordered estimation process and the magnitude and complexity of the issues presented by the Chapter 11 Case, the Debtor needs additional time to formulate a consensual plan of reorganization that, among other things, takes into account the estimation process. Indeed, the Court stated that it was "inclined to extend exclusivity through the conclusion of the abbreviated estimation process" and that it would "not consider any plan prior to the conclusion of that process and the issuance of a report." See id. at 15:13-18. Accordingly, the Debtor seeks an order extending each of the Exclusive Periods in a manner consistent with the Court's comments at the July Hearing. See id.

In particular, the Debtor respectfully submits that the Exclusive Filing Period should be extended through the first business day that is 30 days after the Court Expert files his report, and the Exclusive Solicitation Period should be extended for 60 days after the expiration of the Exclusive Filing Period, as extended. The requested extension will (a) allow the Debtor, the Official Committee of Talc Claimants (the "Talc Committee"), the legal representative for future talc claimants (the "Future Claimants' Representative") and other parties in interest in the

Chapter 11 Case to focus on the estimation process ordered by the Court (the "Estimation Process") and the on-going mediation process and (b) provide a short period for the Debtor to seek a further extension of the Exclusive Periods, if warranted. The governing statute and case law make plain that, in complex chapter 11 cases such as this one, exclusivity can and should be extended, especially where, as here, the debtor has made, and is continuing to make, progress toward a successful reorganization. The Debtor respectfully submits that the Court should grant the requested extensions of the Exclusive Periods.

## Background

1.  On October 14, 2021 (the "Petition Date"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina (the "NC Bankruptcy Court"). On November 16, 2021, the NC Bankruptcy Court entered an order [Dkt. 416] transferring the case to the District of New Jersey, which referred the case to this Court. The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On November 8, 2021, the NC Bankruptcy Court entered an order [Dkt. 355] appointing the Talc Committee. On March 18, 2022, the Court entered an order [Dkt. 1786] appointing the Randi S. Ellis as the Future Claimants' Representative.

3.  On March 18, 2022, the Court entered the *Order Establishing Mediation Protocol* [Dkt. 1780] and on May 16, 2022 the Court entered the *Amended Order Establishing Mediation Protocol* [Dkt. 2300] (as amended, the "Mediation Order"). Pursuant to the Mediation Order, the Court appointed the Honorable Joel Schneider and Gary Russo to serve as co-mediators to mediate a comprehensive resolution of issues in the Chapter 11 Case, including

the terms of a chapter 11 plan. On May 27, 2022, the Court entered an order [Dkt. 2370] appointing a third co-mediator, Judge Donald Steckroth, to assist in the mediation process.

4. On July 26, 2022, the Court heard argument from the parties on various matters, including potential next steps in the Chapter 11 Case. At the July Hearing, among other things, the Court (a) ordered that "the administration of this case, and in particular, the pursuit of an efficient, fair, and transparent plan process . . . requires a reasonable estimate of claims," July Hr'g Tr., 5:18-22, (b) proposed Mr. Kenneth Feinberg as the Court Expert "to prepare and file an interim Rule 706 report as to the volume and values of present and future of claims, talc claims, including a designation of and categorization of mesothelioma claims and ovarian claims," id. at 7:6-10, (c) directed the parties "to participate in an in-person mandatory mediation session, including all decision makers present, to be scheduled and arranged" after Mr. Feinberg's report is filed, id. at 13:4-8, (d) declined to lift or modify the PI Order, id. at 16:5-22:8 and (e) noted the Court's inclination to extend exclusivity through the conclusion of the Estimation Process. See id. at 15:13-18.

5. On January 12, 2022, the Debtor filed its first motion to extend the Exclusive Periods [Dkt. 1127], with the Court granting the requested first extensions in an order entered on February 7, 2022 [Dkt. 1405]. On April 13, 2022, the Debtor filed its second motion to extend the Exclusive Periods [Dkt. 2095]. On May 9, 2022, the Court entered an order [Dkt. 2267] extending the Exclusive Filing Period to September 9, 2022, and the Exclusive Solicitation Period to November 8, 2022 (together, the "Current Extension Period").

**Jurisdiction and Venue**

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. The statutory predicate for the relief requested herein is section 1121 of the Bankruptcy Code.

**Events in the Debtor's Chapter 11 Case During the Current Extension Period**

8. During the Current Extension Period, the Debtor continued to fulfill its obligations as a chapter 11 debtor in possession, including its various reporting requirements and its obligations to pay statutory fees and the estate's administrative expenses. In addition, the Debtor addressed the following matters since the second request to extend the Exclusive Periods, among others:

 a. participating in mediation sessions in good faith;

 b. reviewing motions to modify the mediation protocol order filed by various parties in interest and the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee"), and negotiating revisions to the mediation protocol to address the issues raised;

 c. preparing a motion for approval of a cost sharing agreement with the ad hoc committee of state attorneys general, which motion was granted by the Court by an order entered on June 24, 2022 [Dkt. 2585];

 d. filing an adversary proceeding (Adv. No. 22-1231), including a motion for preliminary injunction, seeking to enjoin the prosecution of New Mexico and Mississippi attorneys general actions, and negotiating a temporary stay of discovery in those actions pending the adjudication of the preliminary injunction motion;

 e. preparing the Debtor's statement regarding next steps in the Chapter 11 Case [Dkt. 2473], a memorandum of law on the need for estimation [Dkt. 2726] and a reply in support of estimation [Dkt. 2769], as well as responding to statements and objections regarding the continuation of the PI Order [Adv. Dkt. 257; Dkt. 2631];

 f. obtaining authorization for the retention of the Debtor's professionals necessary for the Chapter 11 Case, including responding to information requests from the U.S. Trustee;

NAI-1532136001

g. drafting a statement regarding the U.S. Trustee's motion to compel compliance with Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and related filings;

h. responding to motions for the appointment of additional members to the Talc Committee;

i. responding to motions to lift the automatic stay to allow a certain insurance coverage action to proceed [Dkt. 2348, 2349], which motions were denied at the July Hearing with the exception of allowing third-party discovery to proceed;

j. responding to the *Motion by Non-party Movants Daniel Edley and Roger Edley for an Order (I) Confirming That the Automatic Stay and Preliminary Injunction Do Not Apply to An Intended Putative Class Action to be Filed Against Johnson and Johnson and Other Non-Debtor Defendants, or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the Intended Putative Class Action to Proceed* [Dkt. 1722], which motion was granted by the Court at the hearing on April 12, 2022;

k. filing a motion for entry of an order waiving the requirement of Rule 3003-1(a)(2) of the Local Rules of the United States Bankruptcy Court District of New Jersey, without prejudice to the Debtor's right to seek an order from the Court fixing the time for the filing of proofs of claim, including by governmental units [Dkt. 1977], which motion was granted by the Court at the hearing on April 12, 2022;

l. engaging in numerous meet and confers with counsel to the Talc Committee, the U.S. Trustee, individual claimants and other parties in interest in an effort to resolve various disputes, including disputes related to the Mediation Order;

m. completing four monthly operating reports [Dkts. 2144, 2325, 2543, 2763] and the Bankruptcy Rule 2015.3 periodic report [Dkt. 2444];

n. reviewing, analyzing and responding to information requests, including participating in conference calls with the Debtor and the Debtor's professionals regarding those requests and producing responsive documents;

o. addressing matters raised by the appeals of the Court's memorandum opinions and orders denying the motions to dismiss and granting the preliminary injunction; and

-7-

  p. addressing matters raised by the appeal of the Court's memorandum opinion and order enjoining the prosecution of a putative securities class action.

### Next Steps

  9. The Debtor intends to focus its efforts in the Chapter 11 Case on the Estimation Process and the on-going mediation process. The Debtor, like the Court, is hopeful that the Estimation Process and mediation, in combination, will promote the prospects for settlement. See July Hr'g Tr., 5:13-17 ("And I remain hopeful that fixing an estimate of the aggregate volume and liability of the claims, both present and future, will facilitate the plan negotiation process and, hopefully, even settlement in advance of that through continued mediation efforts."). However, given the size of this Chapter 11 Case, the complexity of the issues it presents, and the competing interests that exist among the parties, consensus on the terms of a plan of reorganization may take time. And, even if agreement on the terms of a plan can be reached in the relative near term, additional time will be needed to negotiate the detailed terms of the plan and related documents.

  10. By this Motion, the Debtor is requesting an extension of the Exclusive Periods through a short period following the filing of a report by the Court Expert. Given the complex issues that must be resolved, the number of parties in interest and the varied interests at stake, additional time beyond the requested extension may be needed to formulate and finalize a plan of reorganization. The Debtor reserves its right to request, if warranted, further extensions of the Exclusivity Periods for the full statutory periods available under the Bankruptcy Code.

### Request for Extension of Exclusive Periods and Grounds for Relief

  11. Pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization during the first 120 days after the commencement of a chapter 11 case (i.e., the Exclusive Filing Period). If a debtor files a

plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code grants the debtor an additional 60 days during which the debtor may solicit acceptances of that plan, and no other party in interest may file a competing plan (i.e., the Exclusive Solicitation Period). In this case, the Exclusive Filing Period currently expires on September 9, 2022, and the Exclusive Solicitation Period expires on November 8, 2022.

12. Section 1121(d) of the Bankruptcy Code provides that the Court may, "for cause," extend these periods: "[o]n request of a party in interest . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause," a number of courts have construed the term based on an examination of the Bankruptcy Code's underlying legislative history. See, e.g., Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003); Cont'l Cas. Co. v. Burns & Roe Enters., Inc. (In re Burns & Roe Enters., Inc.), No. 00-41610, 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2, 2005); In re Newark Airport/Hotel Ltd. P'ship, 156 B.R. 444, 451 (Bankr. D.N.J. 1993). As discussed below, the legislative history of section 1121(d) and applicable case law support the Debtor's requested extension of the Exclusive Periods.

13. In determining whether cause exists for an extension of a debtor's exclusive periods, courts have relied on a variety of factors, each of which may constitute sufficient grounds for extending the periods. See In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (finding that "granting or denial of [extension] request is within the discretion of the bankruptcy court" and listing various factors considered in determining whether debtor has shown cause to justify the grant of an extension); Hoffinger, 292 B.R. at 644 ("It is within the discretion of the bankruptcy court to decide which factors are

relevant and give the appropriate weight to each."); In re Homestead Partners Ltd., 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (applying only those factors relevant to the case at hand).

    14.  Factors relevant to the determination in the instant case include: (a) the size and complexity of the case; (b) the debtor's progress in resolving issues facing the estate; (c) whether an extension of time will pressure the debtor's creditors; and (d) the length of time the case has been pending.  See, e.g., Hoffinger, 292 B.R. at 644-45; Cent. Jersey Airport Servs., 282 B.R. at 184; In re Lichtin/Wade, L.L.C., 478 B.R. 204, 210 (Bankr. E.D.N.C. 2012); In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Grand Traverse Dev. Co. Ltd. P'ship., 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re Gen. Bearing Corp., 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409-10 (E.D.N.Y. 1989).  The Debtor submits that, under each of these factors, the Exclusive Periods should be extended.

**A.**  **The Requested Extension of the Exclusive Periods Is Justified by the Size and Complexity of the Debtor's Chapter 11 Case.**

    15.  Both Congress and the courts have recognized that the size or complexity of a debtor's case alone may constitute cause for the extension of a debtor's exclusive periods. See, e.g., H.R. Rep. No. 95-595, at 231, 232, 406 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191, 6362; In re Texaco Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization . . . are important factors which generally constitute cause for extending the exclusivity periods."); Burns & Roe Enters., 2005 WL 6289213, at *3 (quoting Texaco and recognizing that a large, complex case can constitute cause for extension).

    16.  The Chapter 11 Case is not only large but highly complex.  As of the Petition Date, there were tens of thousands of talc-related personal injury lawsuits pending

-10-

against the Debtor in courts across the country. The process of reaching an equitable resolution of the Debtor's talc liability, and addressing the various other talc-related issues that must be resolved in formulating a consensual plan of reorganization, are necessarily complicated. See July Hr'g Tr., 22:21-25 ("the undeniable facts are that a case this large, this complex, this controversial, and frankly so well heeled in funding, is going to require substantial time and patience as far as settlement efforts"). And this complexity is magnified by the number of parties involved and the varied interests that exist.

17. The Debtor believes that the Estimation Process and mediation will foster settlement. Nevertheless, the Debtor requires additional time to permit those processes to occur and, particularly given the size and complexity of this case, to formulate and build consensus toward a reorganization plan. Thus, a further extension of the Exclusive Periods is justified.

B. **The Debtor's Progress in the Chapter 11 Case Warrants an Extension of the Exclusive Periods.**

18. An extension of a debtor's exclusive periods also is justified by progress in the resolution of issues facing the debtor's creditors and estate. See, e.g., In re Lionel L.L.C., No. 04-17324, 2007 WL 2261539, at *6 (Bankr. S.D.N.Y. Aug. 3, 2007); Cent. Jersey Airport Servs., 282 B.R. at 184; In re McLean Indus. Inc., 87 B.R. 830, 835 (Bankr. S.D.N.Y. 1987); Texaco, 76 B.R. at 327.

19. As described in detail above, the Debtor has made progress in this case during the second extension of the Exclusive Periods, including (among other things): engaging in good faith mediation efforts; obtaining relief from the Court on issues essential to the conduct of the Chapter 11 Case, including, among other things, the initiation of an Estimation Process and entry of an order allowing the Debtor to enter into a reimbursement agreement with the ad hoc committee of state attorneys general; initiating proceedings to enjoin the prosecution of

-11-

(a) a putative securities class action and (b) New Mexico and Mississippi state actions in order to avoid interference with a consensual resolution of the Chapter 11 Case; engaging in efforts to respond to discovery requests propounded by the Talc Committee; responding to statements and objections regarding the continuance of the PI Order; addressing issues raised by the appeals pending before the Third Circuit Court of Appeals regarding the Court's memorandum opinions and orders denying the motions to dismiss and granting the preliminary injunction; and complying with the reporting and other obligations of a debtor in possession. The Debtor's progress to date on these and other matters described above justifies the requested extension of the Exclusive Periods.

C. **The Requested Extension of the Exclusive Periods Will Not Harm the Debtor's Creditors or Other Parties in Interest.**

20. The extension of the Exclusive Periods requested herein will not harm or prejudice the Debtor's creditors or other parties in interest. In light of the size and complexity of the Chapter 11 Case and the issues that necessarily must be resolved before a reorganization plan can be formulated, neither the Debtor's creditors nor any other party in interest likely would be in a position to propose and solicit acceptances of a confirmable plan of reorganization prior to the extended Exclusive Periods proposed herein.

21. As set forth in more detail in the *Debtor's Reply in Support of the Need for Estimation* [Dkt. 2769], the Talc Committee's potential cram down plan is not confirmable. See Dkt. 2769, ¶¶ 6-9, Part III. Confirming a plan requires more than simply obtaining enough votes to support paying claimants whatever dollar amounts the Talc Committee demands—the proposed plan and trust distribution procedures matrix must be fair and equitable, and the record in the Chapter 11 Case must support the claim values included in such a plan. Id. In ordering estimation, the Court acknowledged that it is a "big ask" for the Court to "approve the

solicitation of one or more plans and to confirm a plan with the requisite findings as to good faith under 1129(a)(3) and fair and equitable treatment without a meaningful record evidencing the amounts needed to satisfy claims, the amounts intended to be paid out, and the available funding."[2] See July Hr'g Tr., 4:4-10. The Court further ruled that "all parties in interest are entitled to have this information before being asked to accept or reject a plan." Id. at 4:11-13. Consistent with this ruling, the Court made clear that it would "not consider any plan prior to the conclusion of [the Estimation Process] and the issuance of a report." Id. at 15:16-18. Accordingly, the relief requested herein will not result in a delay of the plan process; rather, it will permit the mediation and estimation processes to move forward efficiently and without wasteful litigation.

D.  **The Debtor's Requested Extension Is in Line With Extensions Granted in Other Mass Tort Chapter 11 Cases.**

22.  Not only has the Debtor made progress in this case, it is notable that the Chapter 11 Case was commenced approximately nine months ago. In fact, the Debtor's requested extension is in line with additional extensions of exclusivity granted in other complex mass tort chapter 11 cases, which granted extensions of exclusivity for the full statutory periods permitted under the Bankruptcy Code. See, e.g., In re Mallinckrodt plc, No. 20-12522 (JTD) (Bankr. D. Del. Mar. 25, 2022), Dkt. 6941 (order extending the debtors' exclusive periods to file and solicit a plan to 18 and 20 months after the petition date, respectively); In re Aldrich Pump LLC, No. 20-30608 (JCW) (Bankr. W.D.N.C. Sept. 9, 2021), Dkt. 826 (order extending the debtors' exclusive period to file and solicit a plan to approximately 18 and 20 months after the petition date, respectively); In re Boy Scouts of Am., No. 20-10343 (LSS) (Bankr. D. Del.

---

[2]  See also July Hr'g Tr., 3:19-24 ("The Court is not convinced that fixing a sufficient reserve or the claims matrix and scaling factors can indeed be accomplished without a reasonable estimation process to ensure that there is a nexus between the funding amounts to be available for payment and the claims to be paid.").

NAI-1532136001

Aug. 18, 2021), Dkt. 6076 (order extending the debtors' exclusive period to file and solicit a plan to 18 and 20 months after the petition date, respectively); In re Paddock Enters., LLC, No. 20-10028 (LSS) (Bankr. D. Del. May 24, 2021), Dkt. 866 (same); In re DBMP LLC, No. 20-30080 (JCW) (Bankr. W.D.N.C. May 12, 2021), Dkt. 827 (order extending the debtor's exclusive period to file and solicit a plan to approximately 18 and 20 months after the petition date, respectively); In re Purdue Pharma L.P., No. 19-23649 (RDD) (Bankr. S.D.N.Y. Mar. 1, 2021), Dkt. 2433 (order extending the debtors' exclusive period to file a plan 18 months after the petition date); In re Imerys Talc Am., Inc., No. 19-10289 (LSS) (Bankr. D. Del. June 26, 2020), Dkt. 1942 (order extending the debtors' exclusive period to file and solicit a plan to 18 and 20 months after the petition date, respectively); In re Bestwall LLC, No. 17-31795 (LTB) (Bankr. W.D.N.C. Mar. 26, 2019), Dkt. 799 (same). At this stage, the Debtor seeks a third extension of the Exclusivity Periods in accordance with the Court's comments at the July Hearing and not an extension of the periods for the entire remaining statutory periods.[3]

### Waiver of Memorandum of Law

23. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies is incorporated herein and the Motion does not raise any novel issues of law.

### Notice

24. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Talc Committee; (c) the Future Claimants' Representative and her counsel; (d) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Consumer Inc. and Johnson

---

[3] As noted above, Debtor expressly reserves the right to request further extensions of the Exclusive Periods.

NAI-1532136001

& Johnson; (e) the fee examiner appointed in the Chapter 11 Case and his counsel; and (f) any other party entitled to notice. The Debtor respectfully submits that no further notice is required.

## No Prior Request

25.    Except for previously granted requests for extensions, no prior request for the relief sought in this Motion has been made to this or any other court in connection with the Chapter 11 Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) extending the Exclusive Filing Period in this Chapter 11 Case through and including the first business day that is 30 days after the filing of a report by the Court Expert; (b) extending the Exclusive Solicitation Period in this case for 60 after the expiration of the Exclusive Filing Period, as extended; and (c) granting such other and further relief to the Debtor as the Court may deem proper.

NAI-1532136001

| | |
|---|---|
| Dated: August 2, 2022 | **WOLLMUTH MAHER & DEUTSCH LLP** |

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo, Esq.
James N. Lawlor, Esq.
Joseph F. Pacelli, Esq. (*pro hac vice*)
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com
jpacelli@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*