# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

## FEE STATEMENT COVER SHEET FOR THE
## PERIOD OCTOBER 14, 2021 THROUGH JANUARY 31, 2022

| | |
|---|---|
| Debtor: LTL Management LLC ("LTL") | Name of Applicant: Shook, Hardy & Bacon, L.L.P. ("Shook") |
| Case No.: 21-30589 (MBK) | Client: Special Counsel to LTL Management LLC |
| Chapter: 11 | Case Filed: October 14, 2021 (the "Petition Date") |

## SECTION I
## FEE SUMMARY

☐ Monthly Fee Application      ☒ Interim Fee Application No. 1      ☐ Final Fee Application

Summary of Amounts Requested for the Period October 14, 2021 through January 31, 2022 (the "First Interim Compensation Period").

| | FEES | EXPENSES |
|---|---|---|
| **Total Previous Fee Requested:** | $515,791.71[1] | $866.60 |
| **Total Fees Allowed To Date:** | $0.00 | $0.00 |
| **Total Retainer (If Applicable):** | $0.00 | $0.00 |
| **Total Holdback (If Applicable):** | $103,158.34 | $0.00 |
| **Total Received By Applicant:** | $412,633.37 | $866.60 |

Fee Total:            $515,791.71

Disbursement Total:   $866.60

Total Fee Application: $516,658.31

---

[1] Shook's Monthly Fee Statement for the period December 16, 2021 through January 31, 2022 ("Second Monthly Fee Statement") inadvertently identified the "Total Previous Fee Requested" as $342,135.09.  The correct amount is $427,668.86.

1

**COMPENSATION BY PROFESSIONAL**
**OCTOBER 14, 2021 THROUGH JANUARY 31, 2022**

The attorneys who rendered professional services in these chapter 11 cases for the First Interim Compensation Period are:

| NAME OF PROFESSIONAL AND TITLE | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| *Partners* | | | | |
| Ahern, Hunter | 2005 | $483.21 | 4.35 | $2,101.97 |
| Behrens, Mark | 1990 | $632.64 | 2.3 | $1,455.07 |
| Frazier, Kathleen | 2004 | $473.62 | 294.55 | $139,503.41 |
| Guthrie, Brian | 2010 | $368.04 | 4.2 | $1,545.77 |
| Healey, Michael | 1980 | $642.79 | 19.35 | $12,437.92 |
| Hegarty, Mark | 1990 | $597.52 | 1.45 | $866.40 |
| James, Scott | 2001 | $461.75 | 41.3 | $19,070.11 |
| Kelly, Colin | 2002 | $577.60 | 5.5 | $3,176.82 |
| Mangrum, Michelle | 1986 | $611.10 | 42.65 | $26,063.42 |
| McLoone, Jennifer | 2006 | $439.77 | 16.65 | $7,322.23 |
| Reilly, Kenneth | 1973 | $835.76 | 1.75 | $1,462.58 |
| Voss, Jennifer | 2005 | $415.16 | 0.95 | $394.40 |
| Vrasmasu, Mihai | 2006 | $414.20 | 0.25 | $103.55 |
| *Counsel* | | | | |
| Fields, Jeff | 1998 | $360.36 | 35.05 | $12,630.65 |
| Hamada, Darolyn | 1997 | $572.44 | 1.95 | $1,116.25 |
| *Associates* | | | | |
| Gieser, Caroline | 2016 | $391.66 | 1.4 | $548.33 |
| Gosch, Rebecca | 2016 | $293.85 | 16.25 | $4,775.04 |
| McNiel, Douglas | 2020 | $323.98 | 6.8 | $2,203.06 |
| Nwanguma, Ashleigh | 2019 | $311.88 | 59.25 | $18,478.73 |
| O'Rourke, Sarah | 2017 | $277.33 | 17.6 | $4,880.97 |
| Skelton, Timia | 2019 | $323.98 | 5.4 | $1,749.49 |
| Vanek, Brittany | 2016 | $367.66 | 23.8 | $8,750.24 |
| Weissenberger, Emily | 2007 | $437.31 | 14.6 | $6,384.75 |
| *Paraprofessionals* | | | | |
| Azpell, Jana | | $164.00 | 4.6 | $754.40 |
| Bernard, Thomas | | $195.00 | 5.4 | $1,053.00 |
| Creek, Jason | | $80.00 | 97.3 | $7,784.00 |
| Evans, DeAngelo | | $80.00 | 189.05 | $15,124.00 |
| George, Bill | | $80.00 | 29.9 | $2,392.00 |
| Gratton, Michelle | | $172.00 | 71.5 | $12,298.00 |

2

| NAME OF PROFESSIONAL AND TITLE | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Hart, Brian | | $80.00 | 39.5 | $3,160.00 |
| Holmquist, Gregory | | $80.00 | 48.2 | $3,856.00 |
| Jackson, Valeria | | $172.00 | 174.8 | $30,065.60 |
| Jordan, Claudia | | $164.00 | 54.2 | $8,888.80 |
| Kasselman, Gwen | | $162.00 | 61.25 | $9,922.50 |
| Kemery, Heather | | $139.00 | 10.5 | $1,459.50 |
| Keys, Tiffany | | $188.00 | 58.9 | $11,073.20 |
| Lamble, Bryan | | $80.00 | 44.15 | $3,532.00 |
| Lawrence, Lisa | | $80.00 | 12.2 | $976.00 |
| Lewis, Deborah | | $188.00 | 48.1 | $9,042.80 |
| Lewis, Janet | | $172.00 | 10.7 | $1,840.40 |
| Lingor, Stephanie | | $188.00 | 113.45 | $21,328.60 |
| Locke, Aaron | | $80.00 | 91.6 | $7,328.00 |
| Nordeen, Roger | | $80.00 | 49.65 | $3,972.00 |
| O'Toole, Theresa | | $80.00 | 56.65 | $4,532.00 |
| Phillips, Michelle | | $164.00 | 0.25 | $41.00 |
| Phillips, Scott | | $80.00 | 82.15 | $6,572.00 |
| Plettner, Mark | | $80.00 | 26.9 | $2,152.00 |
| Quigley, Jennifer | | $155.00 | 173.95 | $26,962.25 |
| Stufflebean, Kerry | | $164.00 | 68.75 | $11,275.00 |
| Weidner, Jason | | $164.00 | 163.25 | $26,773.00 |
| Wichert, Kelly | | $80.00 | 42.5 | $3,400.00 |
| Wood, Lindsay | | $50.00 | 24.25 | $1,212.50 |
| | | **TOTALS:** | **2,470.95** | **$515,791.71** |

**SECTION II**
**SUMMARY OF SERVICES**

**COMPENSATION BY WORK TASK CODE FOR**
**SERVICES RENDERED BY SHOOK, HARDY & BACON L.L.P.**
**FOR THE PERIOD OCTOBER 14, 2021 THROUGH JANUARY 31, 2022**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| B160 | Fee/Employment Applications | 60.60 | $28,287.80 |
| B190 | Litigation Consulting | 2410.35 | $487,503.91[2] |
| **Total Fees Requested:** | | | **$515,791.71** |

---

[2] The Second Monthly Fee Statement inadvertently included an overage of $50 in the B190 Task Code Amount. This discrepancy, which has been adjusted herein, did not affect the Total Fees Requested amount.

4

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

**DISBURSEMENT SUMMARY BY SHOOK, HARDY & BACON L.L.P.**
**FOR THE PERIOD OCTOBER 14, 2021 THROUGH JANUARY 31, 2022**

| DISBURSEMENTS | AMOUNTS |
|---|---|
| Filing Fees | $763.60 |
| Georgia Bar Fees | $103.00 |
| **Total Disbursements Requested:** | **$866.60** |

I certify under penalty of perjury that the above is true.

Date: August 4, 2022

*/s/ Kathleen A. Frazier*
Kathleen A. Frazier

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>ATTORNEYS FOR DEBTOR | **SHOOK, HARDY, & BACON, L.L.P.**<br>Kathleen A. Frazier, Esq.<br>600 Travis Street, Suite 3400<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>kfrazier@shb.com<br>(Admitted *pro hac vice*)<br><br>SPECIAL COUNSEL FOR DEBTOR |

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC,[3] | Case No.: 21-30589 |
| Debtor. | Judge: Michael B. Kaplan |
| | Hearing Date: November 16, 2022 |

**FIRST INTERIM FEE APPLICATION OF SHOOK, HARDY & BACON L.L.P. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM OCTOBER 14, 2021 THROUGH JANUARY 31, 2022**

Shook, Hardy & Bacon L.L.P. ("Shook"), as special counsel to LTL Management

LLC, the debtor and debtor-in-possession in the above-captioned matter (the "Debtor"),

---

[3] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

submits this application (the "Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2016-3, as its first interim application for compensation for services rendered and reimbursement of expenses for the period of October 14, 2021 through January 31, 2022 (the "First Interim Compensation Period"). As set forth herein, Shook seeks allowance and payment of compensation in the amount of $515,791.71 for services rendered by Shook during the First Interim Compensation Period and allowance and reimbursement of its actual and necessary expenses in the amount of $866.60 incurred during the First Interim Compensation Period. In support of the Application, Shook respectfully represents as follows:

## BACKGROUND

1. On October 14, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for Western District of North Carolina (the "NC Bankruptcy Court"). On November 16, 2021, the NC Bankruptcy Court entered an order transferring the case to the District of New Jersey, which referred the case to this Court [ECF No. 416].

2. On December 9, 2021, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [ECF No. 761] (the "Compensation Procedures Order"). Pursuant to the Compensation Procedures Order, professionals, as directed therein, may file with the Court and serve monthly fee statements. If there are no objections to a monthly fee statement, then the professionals are entitled to payment in the amount of eighty percent of the fees and one hundred percent of the expenses requested in the monthly fee statement.

3. The Compensation Procedures Order further provides that professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in the monthly fee statements, including the twenty percent holdback, pursuant to section 331 of the Bankruptcy Code.

4. The Office of the United States Trustee has established certain *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines"). The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to this Chapter 11 Case:

**Exhibit A:** Customary and Comparable Compensation Disclosures with Fee Applications;
**Exhibit B:** Summary of Timekeepers Included In This Application;
**Exhibit C:** Summary of Compensation Requested By Task Code;
**Exhibit D:** Summary of Expense Reimbursement Requested By Category; and
**Exhibit E:** Summary Cover Sheet of Application.

5. On November 24, 2021, Shook filed its application to be retained, effective as of October 14, 2021. See ECF No. 550.

6. On December 16, 2021, this Court entered an *Order Authorizing Retention of Shook, Hardy & Bacon L.L.P.* See ECF No. 860.

## SHOOK'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

7. This Application is Shook's first interim application for compensation filed in this matter.

8. In accordance with the procedures prescribed in the Compensation Procedures Order, Shook has filed and served monthly fee statements (the "Monthly Fee Statements") during the First Interim Compensation Period. As set forth in Shook's retention application, there are certain instances where Shook represents both the Debtor and Johnson & Johnson ("J&J") in a matter. In those joint representations, the Monthly Fee Statements allocate 50 percent of Shook's fees and expenses to the Debtor and the remaining 50 percent to J&J.

9. On June 1, 2022, Shook filed and served its first monthly fee statement (the "First Monthly Fee Statement"), which included fees in the amount of $427,668.86 and expenses in the amount of $838.40 incurred for the period of October 14, 2021 through December 15, 2021 [ECF No. 2392]. The deadline to object to the First Monthly Fee Statement passed without the filing of any objection thereto. As a result, the Debtor filed a corresponding Certification of No Objection on June 16, 2022. See ECF No. 2518.

10. On July 11, 2022, Shook filed and served its second monthly fee statement (the "Second Monthly Fee Statement"), which included fees in the amount of $88,122.85 and expenses in the amount of $28.20 incurred for the period of December 16, 2021 through January 31, 2022 [ECF No. 2692]. The deadline to object to the Second Monthly Fee Statement passed without the filing of any objection thereto. As a result, the Debtor filed a corresponding Certification of No Objection on July 26, 2022. See ECF No. 2776.

11. As of the date hereof, Shook has received payment for fees in the amount of $412,633.37 and payment for expenses in the amount of $866.60.

12. In accordance with the Compensation Procedures Order, Shook seeks interim approval of all fees and expenses sought in the Monthly Fee Statements and payment in an amount

equal to the difference between the amount of the fees and expenses allowed and the actual payments received by Shook on account of the Monthly Fee Statements.

## JURISDICTION, VENUE, AND STATUTORY BASIS

13. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code. Consideration of this Application is a core proceeding pursuant to section 157(b) of title 28 of the United States Code. Venue is proper before this Court pursuant to sections 1408 and 1409 of Title 28 of the United States Code. The statutory predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2016-1 and 2016-3.

## SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED DURING THE FIRST INTERIM COMPENSATION PERIOD

14. The compensation requested in this proceeding is reasonable based on the nature and extent of the services rendered, the size and complexity of this Chapter 11 Case, the time, labor, and special expertise brought to bear on the questions presented, and other related factors.

15. As described in further detail below, during the First Interim Compensation Period, the professional services Shook performed were necessary and appropriate to protect the rights and fulfill the obligations of the Debtor given the nature and complexity of the issues at hand, were in the best interests of the Debtor and other parties in interest, and were performed in an expeditious and efficient manner. As such, Shook submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

16. As set forth in the Application cover sheet submitted herewith, Shook rendered a total of 2,470.95 hours of professional services during the First Interim Compensation Period,

for which it seeks compensation of $515,791.71 and incurred $866.60 in out-of-pocket expenses which were "actual, necessary expenses" in connection with rendering the professional services described herein.

17. To apprise this Court of the legal services rendered during the First Interim Compensation Period, Shook sets forth the following summary. This summary is intended only to highlight certain categories of services in which Shook devoted substantial time and attention on behalf of the Debtor. The Monthly Fee Statements contain detailed descriptions of all services rendered and expenses incurred during the First Interim Compensation Period and are incorporated herein by reference as if fully set forth in their entirety.

> A. **Fee/Employment Applications**: This category relates to work in connection with preparing and submitting retention applications and Monthly Fee Statements, as well as responding to inquiries regarding retentions and fees. During the First Interim Compensation Period, Shook prepared two retention applications (one for the Western District of North Carolina and one for the District of New Jersey), responded to questions from the U.S. Trustee regarding its retention and filed an amended retention application thereafter, and worked on preparation of Shook's first monthly fee statement.
>
> Fees: $28,287.80; Hours: 60.60
>
> B. **Litigation Consulting**: This category relates to work in connection with discovery, depositions, strategy, mediation and hearings. With respect to this category, during the First Interim Compensation Period, Shook continued to manage and coordinate the pending ovarian cases nationwide, including intake and processing of plaintiff records, and coordination of communications with various courts regarding case and bankruptcy court status. Shook also assisted the bankruptcy team with preparation of filings and the hearing on the temporary restraining order and preliminary injunction, assisted with venue issues, and assisted in responding to the motion to dismiss LTL's bankruptcy case to the extent that the issues related to talc-related litigation involving ovarian cancer.
>
> Fees: $487,503.91; Hours: 2,410.35

18. In addition to the foregoing, Shook incurred out-of-pocket expenses during the First Interim Compensation Period in the amount of $866.60 which were "actual, necessary expenses" in connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code. Shook has made every effort to minimize the expenses in this matter by utilizing the most cost-efficient methods of communication consistent with the necessary time restraints.

## CERTIFICATION OF COUNSEL

19. A Certification of Counsel is attached hereto as **Exhibit F.**

## COMPLIANCE WITH GUIDELINES

20. Shook believes that this Application substantially complies with the local rules of this Court and the United States Trustee's guidelines for fee applications. To the extent there has not been material compliance with any particular rule or guideline, Shook respectfully requests a waiver or an opportunity to cure.

## CONCLUSION

**WHEREFORE,** for all of the foregoing reasons, pursuant to sections 328, 330, and 331 of the Bankruptcy Code, Shook respectfully requests (i) allowance of compensation for professional services rendered as special counsel to the Debtor during the First Interim Compensation Period in the amount of $515,791.71; (ii) reimbursement of actual and necessary expenses incurred by Shook during the First Interim Compensation Period in the amount of $866.60; (iii) payment of the outstanding fees and expenses due Shook for the First Interim Compensation Period; and (iv) such other and further relief as this Court deems just and proper.

Dated: August 4, 2022

**SHOOK, HARDY & BACON L.L.P.**
*Special Counsel for Debtor*

By:    */s/ Kathleen A. Frazier*
       Kathleen A. Frazier