| | |
|---|---|
| **United States Bankruptcy Court District Of New Jersey** <br><br> Caption In Compliance With D.N.J. LBR 9004-1 <br><br> **Duane Morris LLP** <br> **A Delaware Limited Liability Partnership** <br> Sommer L. Ross, Esquire <br> Duane Morris LLP <br> 1940 Route 70 East, Suite 100 <br> Cherry Hill, NJ 08003-2171 <br> Telephone: (856) 874-4200 <br> Facsimile: (856) 424-4446 <br> Email: SLRoss@duanemorris.com <br><br> *Counsel for Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A.); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company; Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)* | |
| In Re: <br><br> LTL Management LLC, <br><br>           Debtor. | Chapter 11 <br><br> Case No. 21-30589 <br><br> Judge: Michael B. Kaplan |

DM3\8894983.1

## APPLICATION FOR ADMISSION PRO HAC VICE OF JEFF D. KAHANE, ESQ.

Pursuant to Rule 9010-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey ("L.B.R."), Rule 101.1 of the Local Civil Rules for the United States District Court for the District if New Jersey, Federal Rules of Civil Procedure 78, and the attached certification, the undersigned hereby moves the admission *pro hac vice* of Jeff D. Kahane, Esq. of Duane Morris LLP to represent Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A.); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company; Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen), in the above-captioned chapter 11 case.

Respectfully submitted,

Dated: August 4, 2022

*/s/ Sommer L. Ross*
DUANE MORRIS LLP
Sommer L. Ross, Esq. (NJ Bar No. 004112005)
1940 Route 70 East, Suite 100
Cherry Hill, NJ 08003-2171
Telephone: (856) 874-4200
Facsimile: (856) 424-4446
Email: SLRoss@duanemorris.com

2

DM3\8894983.1

*Counsel for Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A.); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company; Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)*

3

| | |
|---|---|
| **United States Bankruptcy Court**<br>**District Of New Jersey**<br><br>Caption In Compliance With D.N.J. LBR 9004-1<br><br>**Duane Morris LLP**<br>**A Delaware Limited Liability Partnership**<br>Sommer L. Ross, Esquire<br>Duane Morris LLP<br>1940 Route 70 East, Suite 100<br>Cherry Hill, NJ 08003-2171<br>Telephone: (856) 874-4200<br>Facsimile: (856) 424-4446<br>Email: SLRoss@duanemorris.com<br><br>*Counsel for Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A.); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company; Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)* | |
| In Re:<br><br>LTL Management LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 21-30589<br><br>Judge: Michael B. Kaplan |

**CERTIFICATION OF JEFF D. KAHANE, ESQ. IN SUPPORT OF
APPLICATION FOR ADMISSION *PRO HAC VICE***

Pursuant to LBR 9010-1 and 7007-1, I, Jeff D. Kahane, hereby certify as follows in support of the application for admission *pro hac vice* that has been filed on my behalf:

1. I am eligible for admission to this Court, am admitted to practice in and am a member in good standing of the following state and federal bars:

| State or Federal Jurisdiction | Admission Date |
| --- | --- |
| California | 2002 |
| U.S. District Court for the Central District of California | 2002 |
| U.S. District Court for the Southern District of California | 2002 |
| U.S. District Court for the Northern District of California | 2002 |
| U.S. District Court for the Eastern District of California | 2002 |
| U.S. District Court for the Eastern District of Wisconsin | 2012 |
| U.S. Court of Appeals for the Ninth Circuit | 2002 |
| U.S. Court of Appeals for the Third Circuit | 2007 |

2. There are no disciplinary proceedings pending against me and no discipline has never been imposed against me.

3. I agree to be bound by the Local Rules of the United States District Court for the District of New Jersey and the Local Rules of Bankruptcy Procedure for the District of New

2

Jersey and that I will submit to the disciplinary jurisdiction of this Court for any alleged misconduct during the course of this case.

4. I will arrange with the New Jersey Lawyers' Fund for Client Protection for payment of the annual fee, for this year and for any year in which I continue to represent a client in a matter pending in this Court in accordance with New Jersey Court Rule 1:28-2 and D.N.J. L. Civ. R. 101.1, as well as arranging for the $150.00 fee required by D.N.J. L. Civ. R. 101(c)(3) for pro hac vice admission to the District Court for the District of New Jersey within twenty (20) days of the date of the entry of an Order granting my Application.

I declare under penalty that the foregoing is true and correct.

*/s/ Jeff D. Kahane*
Jeff D. Kahane, Esq.

Dated: August 4, 2022

| | |
|---|---|
| **United States Bankruptcy Court**<br>**District Of New Jersey**<br><br>Caption In Compliance With D.N.J. LBR 9004-1<br><br>**Duane Morris LLP**<br>**A Delaware Limited Liability Partnership**<br>Sommer L. Ross, Esquire<br>Duane Morris LLP<br>1940 Route 70 East, Suite 100<br>Cherry Hill, NJ 08003-2171<br>Telephone: (856) 874-4200<br>Facsimile: (856) 424-4446<br>Email: SLRoss@duanemorris.com<br><br>*Counsel for Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A.); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company; Starr Indemnity & Liability Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark); and RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen)* | |

2

| In Re: | Chapter 11 |
|---|---|
| LTL Management LLC, | Case No. 21-30589 |
| Debtor. | Judge: Michael B. Kaplan |

**ORDER FOR ADMISSION PRO HAC VICE**

The relief set forth on the following page is hereby **ORDERED**.

This matter having been brought before the Court on application for an Order For Admission Pro Hac Vice; and the Court having reviewed the moving papers of the applicant, out-of-state attorney, and considered this matter pursuant to Fed.R.Civ.Proc.78, D.N.J. L.Civ.R.101.1 and D.N.J. LBR 9010-1, and good cause having been shown; it is

ORDERED that **Jeff D. Kahane, Esq.** be permitted to appear pro hac vice; provided that pursuant to D.N.J. L.Civ. R. 101.1(c)(4), an appearance as counsel of record shall be filed promptly by a member of the bar of this Court upon whom all notices, orders and pleadings may be served, and who shall promptly notify the out-of-state attorney of their receipt. Only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders, and it is further

ORDERED that the applicant shall arrange with the New Jersey Lawyers' Fund for Client Protection for payment of the annual fee, for this year and for any year in which the out-of-state attorney continues to represent a client in a matter pending in this Court in accordance with New Jersey Court Rule 1:28-2 and D.N.J. L. Civ. R. 101.1, said fee to be deposited within twenty (20) days of the date of the entry of this Order, and it is further

ORDERED that the $150.00 fee required by D.N.J.L. Civ. R. 101(c)(3) for pro hac vice admission to the District Court for the District of New Jersey shall also be payable within twenty (20) days of entry of this Order. Payment in the form of a check must be payable to "Clerk, USDC" and forwarded to the Clerk of the United States Bankruptcy Court for the District of New Jersey at the following address, for forwarding by the Clerk to the District Court:

United States Bankruptcy Court<br>
District of New Jersey<br>
Martin Luther King, Jr. Federal Building<br>
50 Walnut Street<br>
Newark, N.J. 07102<br>
*Attention: Pro Hac Vice Admissions*

and it is further ORDERED that the applicant shall be bound by the Local Rules of the United States District Court for the District of New Jersey and the Local Rules of Bankruptcy Procedure for the District of New Jersey; and it is further

ORDERED that the Clerk shall forward a copy of this Order to the Treasurer of New Jersey Lawyers' Fund for Client Protection within 5 days of its date of entry.