| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Marc E. Wolin, Esq.<br>mwolin@saiber.com<br>John M. August, Esq.<br>jaugust@saiber.com<br>SAIBER LLC<br>18 Columbia Turnpike, Suite 200<br>Florham Park, NJ  07932<br>Tel:  (973) 622-8401<br><br>-and-<br><br>Steven Kazan, Esq.<br>skazan@kazanlaw.com<br>Joseph D. Satterley, Esq.<br>jsatterley@kazanlaw.com<br>Denyse F. Clancy, Esq.<br>dclancy@kazanlaw.com<br>KAZAN, McCLAIN, SATTERLEY & GREENWOOD<br>A Professional Law Corporation<br>Jack London Market<br>55 Harrison Street, Suite 400<br>Oakland, California 94607<br>Tel: (510) 302-1000<br><br>*Counsel for Movant Anthony Hernandez Valadez* |

**Order Filed on August 8, 2022**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In Re:<br><br>LTL MANAGEMENT LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 21-30589 (MBK) |

### ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) and (3), is hereby **ORDERED.**

**DATED: August 8, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

01625730.DOC

Page 2
Debtors: LTL Management LLC
Case No.: 21-30589 (MBK)
Caption of Order: **ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

---

    **THIS MATTER** having been opened to the Court by Anthony Hernandez Valadez, by and through his counsel the law firm of Kazan, McClain, Satterley & Greenwood, A Professional Law Corporation ("Kazan Law"), and local counsel Saiber LLC, for the entry of an order granting Movant relief from the *Order (I) Declaring That Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions* [Dkt. 1635; Adv. Pro. No. 21-3032, Dkt. 187] (the "PI Order") as to non-debtors Johnson & Johnson ("J&J"), Johnson & Johnson Consumer Inc. ("New JJCI"), and retailers Albertsons Companies, Inc., Lucky Stores, Inc., Safeway Inc., Save Mart Supermarkets, Target Corporation, and Walmart Inc. (collectively, "Retailers" and with New JJCI and J&J, the "Protected Parties") pursuant to Section 362(d)(1) of the Bankruptcy Code, and waiving the fourteen day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) (the "Motion") [Dkt. 2348], and the Court having considered the Motion, the opposition filed on behalf of LTL Management LLC (the "Debtor") [Dkt. 2429], the reply filed on behalf of Mr. Valadez [Dkt. 2469], and the joinder in support of the Motion [Dkt. 2484], and having heard the statements of counsel and evidence adduced with respect to the Motion at hearings held on June 14, 2022 and July 26, 2022 (together, the "Hearings"); the Court having ruled at the June 14, 2022 hearing that Mr. Valadez was permitted to file a complaint to initiate an action, as defined in the Motion (the "California Action"), against the Protected Parties, and that, upon the filing of any such complaint, no action was required by any defendant named in such complaint pending a further ruling from the Court; and for the reasons set forth on the record at the Hearings and a hearing held on July 28, 2022;

Page 3
Debtors: LTL Management LLC
Case No.: 21-30589 (MBK)
Caption of Order: **ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

---

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is granted in part and denied in part.

2. Movant Anthony Hernandez Valadez, having been authorized by this Court to commence a personal-injury lawsuit in the Superior Court of California, County of Alameda, be and hereby is granted relief from the automatic stay and the PI Order to permit Mr. Valadez to conduct such discovery as necessary to preserve evidence pertinent to Mr. Valadez's claim that may otherwise be lost or destroyed, including, but not limited to Mr. Valadez's pathology materials. Movant Anthony Hernandez Valadez be and hereby is also granted relief from the automatic stay and the PI Order to make any appropriate motion immediately in the California Action required to obtain an expedited trial date or priority in the event that the Third Circuit Court of Appeals reverses this Court's order denying the motion to dismiss the bankruptcy case [Dkt. 1603] and the case is dismissed.

3. The stay set forth in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not apply to this Order and the Order shall be effective immediately.

4. Except as expressly provided herein, all provisions of the PI Order shall remain in effect.

5. The Debtor is authorized to indemnify and pay the Protected Parties for their costs associated with discovery authorized by this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order, including with respect to the scope of the relief granted by this Order.

01625730.DOC