United States Bankruptcy Court for the District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on August 15, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

**LTL MANAGEMENT, LLC,**

Debtor.

Chapter 11

Case No.: 21-30589 (MBK)

Honorable Michael B. Kaplan

**ORDER APPOINTING EXPERT**
**PURSUANT TO FEDERAL RULE OF EVIDENCE 706**

The relief set forth on the following pages, numbered two (2) to seven (7), is hereby **ORDERED**.

**DATED: August 15, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**WHEREAS**, the Court, on its own motion, indicated an intention to appoint Kenneth R. Feinberg, Esq. as an expert (the "Court-Appointed Expert") pursuant to Federal Rule of Evidence 706 ("Rule 706") in connection with estimating the Debtor's liability for present and future talc claims under section 502(c) of the Bankruptcy Code;

**WHEREAS,** on July 28, 2022, the Court entered the Order Identifying Proposed Court-Appointed Expert (the "Original Court-Appointed Expert Order") [Dkt. 2791];

**WHEREAS**, consistent with the Original Court-Appointed Expert Order, Mr. Feinberg has consented to his appointment as an expert and indicated he is not unable to serve for any reason;

**WHEREAS**, this Order supplements the Original Court-Appointed Expert Order in accordance with the comments of the Court at the July 28 Hearing and input from the Debtor, the Official Committee of Talc Claims (the "TCC"), the Office of the U.S Trustee, and the Future Claims Representative (the "FCR" and, collectively with the Debtor and the TCC, the "Parties") regarding the terms of this Order.

Now, therefore, it is hereby, **ORDERED** that:

1. Kenneth R. Feinberg, Esq., whose address is The Law Offices of Kenneth R. Feinberg PC, The Willard Office Building, 1455 Pennsylvania Avenue, N.W., Suite 390, Washington, D.C.20004-1008, is hereby appointed by the Court as an expert pursuant to Rule 706 (the "Court-Appointed Expert") in accordance with the terms of this Order.

2. The Court-Appointed Expert shall prepare and file a Rule 706 report (the "Rule 706 Report") estimating the volume and values of current and future ovarian and mesothelioma claims for which the Debtor may be liable, whether arising in the United States or Canada (collectively,

the "Talc Claims").[1] Subject to Paragraph 4 below, the Rule 706 Report shall comply in all respects with Federal Rule of Civil Procedure 26(a)(2)(B), including, without limitation, to provide a complete statement of all opinions the Court-Appointed Expert will express regarding the Talc Claims and the basis and reasons for such opinions, and identify the facts or data considered by the Court-Appointed Expert in forming such opinions.

3. Subject to the terms of this Order and the terms of other orders of this Court, including, but not limited to, all confidentiality and privilege provisions set forth in the Agreed Protective Order Governing Confidential Information [Dkt. 948] (the "Protective Order"), the Amended Order Establishing Mediation Protocol [Dkt. 2300] (the "Mediation Protocol Order") and herein, the following terms and guidelines shall govern the process undertaken by the Court-Appointed Expert in preparation and submission of the Rule 706 Report:

a. The Court-Appointed Expert may, in his discretion, participate in confidential meetings with any interested party pursuant to Paragraph 4 below.

b. The Court-Appointed Expert may, in his discretion, request informal and formal discovery from the interested parties relevant to the Court-Appointed Expert's analysis of the volume and values of the Talc Claims.

c. Upon completion, the Rule 706 Report shall be submitted to the Court, the Debtor, the TCC, the FCR, the U.S. Trustee and the Co-Mediators (collectively, the "Submission Parties") and shall be filed on the docket under seal.

[1] For purposes of clarity and in response to an inquiry by counsel for the Ad Hoc Committee of States Attorney Generals with respect to talc-related claims, such "Talc Claims" to be estimated by the Court-Appointed Expert do not include the states' consumer protection claims. The parties are urged by the Court to continue their mediation efforts with respect to such claims.

d. Once unsealed, the Rule 706 Report may be offered as evidence at any hearing in this Case, including, without limitation, any hearing contemplated in Paragraph 3(e) below, only as provided by the Federal Rules of Evidence.[2] Notwithstanding the Court's appointment of the Court-Appointed Expert or any professional he may retain, the right of any party to object to the admissibility of all or any of the Court-Appointed Expert's opinions, conclusions or findings set forth in the Rule 706 Report at any hearing contemplated in Paragraph 3(e) below, are preserved in all respect, as are the rights of any party to oppose such objections.

e. Subject to the applicable rules of discovery, Rule 706(b) and any applicable orders of the Court, subsequent to the unsealing of the report, all parties in interest shall retain the right to take any discovery in connection with the Rule 706 Report, including, without limitation, obtaining the facts or data considered by the Court-Appointed Expert in forming the opinions containing in such Rule 706 Report, to cross-examine the Court-Appointed Expert, and otherwise evaluate his conclusions as part of any hearings to consider confirmation of one or more plans under section 1129 of the Bankruptcy Code or in any other contested proceeding relating to or in any way relying on or making use of the Rule 706 Report or any conclusions, findings or statements contained therein. As contemplated by Rule 706(e), nothing contained herein shall limit any party's right to use and rely upon their own experts.

[2] Again, for purposes of clarification and as stated by the Court as part of the July 28, 2022, bench ruling, the estimation by the Court-Appointed Expert is not intended to determine the coverage obligations of any insurers.

4. Confidentiality and Non-Confidential Information:

a. All parties, including the Co-Mediators, may have confidential *ex parte* communications with the Court-Appointed Expert. Except as otherwise specifically provided herein, the content of any confidential communications shall not be disclosed to any other party, shall not be subject to discovery in this or any other proceeding, and shall not be memorialized in a written record or transcript.

b. All parties may submit written submissions to the Court-Appointed Expert for his consideration, which submissions may contain facts or data that the parties believe the Court-Appointed Expert should consider. To the extent appropriate, the parties may designate information, facts or data in the submissions as "confidential" under the Protective Order and subject to the disclosure restrictions thereunder. Any written submissions designated as confidential may be used by the Court-Appointed Expert in the Rule 706 Report subject to redaction or other confidentiality protections in accordance with the terms of the Protective Order. Prior to the issuance of the Rule 706 Report, and upon the request of one or more parties, the Court-Appointed Expert may, in his discretion, disclose the facts or data underlying written submissions to other parties, subject to the terms of the Protective Order. After the unsealing of the Rule 706 Report, any written submissions provided to the Court-Appointed Expert shall be made available to all parties and shall be subject to discovery as provided in Paragraph 3(e) above.

5. The Parties shall fully and promptly cooperate with the Court-Appointed Expert and fully and promptly comply with any reasonable discovery or other requests by the Court-Appointed Expert for information, subject in each case to applicable attorney-client and similar privileges and protections.

6. The Court shall hold a conference at the hearing scheduled for **November 16, 2022 at 10:00 a.m. ET** regarding the status of the preparation and timing of filing of the Rule 706 Report and the scheduling, if appropriate, of any mandatory mediation sessions by the Co-Mediators.

7. This Order shall not affect: (a) except as provided in Paragraphs 2 – 5 of this Order and subject to the Court's statements on the record at the July 28 Hearing, any right of a party in interest to seek information or pursue discovery, including, without limitation, related to estimation or confirmation of any plan of reorganization, from a party-in-interest, or the right of any party to oppose such discovery; (b) any obligation of a party in interest to disclose information to the extent the information does not concern estimation of claims in this Case; or (c) subsequent to the filing and unsealing of the Court-Appointed Expert's Rule 706 Report, the right of any party to seek relief in respect of estimation of the Debtor's liability for talc claims, including, without limitation, a motion for approval of a specific estimation process. Nothing in this Order shall affect the requirements for obtaining approval of a plan of reorganization or a settlement under the Bankruptcy Code, including, without limitation, under sections 1123, 1125 and 1129, or the Bankruptcy Rules, including, without limitation, Rules 9014 and 9019, or any other applicable law, including, without limitation, any state public disclosure laws. For the avoidance of doubt, this Order shall not affect the rights of the FCR to serve formal or informal discovery on the Debtor or the TCC to obtain information and documents the FCR may deem necessary to assist in her future claims analysis.

8. The Court-Appointed Expert is authorized to retain such professionals as may be appropriate to complete the Rule 706 Report, subject to the provision of a budget to be filed with the Court. Any professional to be retained by the Court-Appointed Expert must file an affidavit (the "Affidavit") that discloses any and all connections to potential parties in interest ("PPI") in this Case and confirmation that a conflict search of all PPI was performed. As stated below, the Court will have no input into the professionals selected by the Court-Appointed Expert; however, the Court will allow all parties seven days after the filing of the Affidavit to file objections for the Court's consideration.

9. Pursuant to Rule 706(c), the Court-Appointed Expert and his professionals shall receive reasonable compensation as set by the Court and consistent with the Declaration filed by the Court-Appointed Expert and the Affidavits of his professionals to be filed on the dockert.

10. The Court has not directed and will not direct the Court-Appointed Expert as to the scope of information, evidence, or data he should consider or the professionals he should retain; nor will the Court discuss such matters with the Court-Appointed Expert until the issuance of the Rule 706 Report. Notwithstanding, the Court may have confidential *ex parte* communications with the Court-Appointed Expert on non-substantive matters.

11. All rights of parties in interest in connection with seeking approval of, or objecting to, a plan of reorganization or a settlement under the Bankruptcy Code or Bankruptcy Rules are preserved.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13. The Court has considered and overruled all objections filed in response to the Court's Motion, unless otherwise addressed herein.