| | |
|---|---|
| **PARKINS & RUBIO LLP**<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinsrubio.com<br>crubio@parkinsrubio.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* |

Order Filed on August 18, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan |

### ORDER APPOINTING EXPERT PURSUANT TO FEDERAL RULE OF EVIDENCE 706

The relief set forth on the following pages is hereby Ordered.

**DATED: August 18, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Matthew I.W. Baker, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>mbaker@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel for the*<br>*Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Jeffrey L. Jonas, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>dmolton@brownrudnick.com<br>jjonas@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>Kevin W. Barrett, Esq.<br>Maggie B. Burrus, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>kbarrett@baileyglasser.com<br>mburrus@baileyglasser.com<br>1055 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* | **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |

WHEREAS, at a hearing held on July 28, 2022 (the "July 28 Hearing") in the above-captioned case (the "Case"), the Court determined to appoint Kenneth R. Feinberg, Esq. as an expert (the "Court-Appointed Expert") pursuant to Federal Rule of Evidence 706 ("Rule 706") in connection with estimating the Debtor's liability for present and future talc claims under section 502(c) of the Bankruptcy Code;

WHEREAS, on July 28, 2022, the Court entered the Order Identifying Proposed Court-Appointed Expert (the "Original Court-Appointed Expert Order") [Dkt. 2791];

WHEREAS, consistent with the Original Court-Appointed Expert Order, Mr. Feinberg has consented to his appointment as an expert and indicated he is not unable to serve for any reason;

WHEREAS, this Order supplements the Original Court-Appointed Expert Order in accordance with the comments of the Court at the July 28 Hearing and the agreements of the Debtor, the Official Committee of Talc Claims (the "TCC"), and the Future Claims Representative (the "FCR" and, collectively with the Debtor and the TCC, the "Parties") regarding the terms of this Order; and

WHEREAS, the terms of this Order are acceptable to the Parties.

Now, therefore, it is hereby **ORDERED** that:

1. Kenneth R. Feinberg, Esq., whose address is The Law Offices of Kenneth R. Feinberg PC, The Willard Office Building, 1455 Pennsylvania Avenue, N.W., Suite 390, Washington, D.C. 20004-1008, is hereby appointed by the Court as an expert pursuant to Rule 706 (the "Court-Appointed Expert") in accordance with the terms of this Order.

2. The Court-Appointed Expert shall prepare and file a Rule 706 report (the "Rule 706 Report") estimating the volume and values of current and future ovarian and mesothelioma claims relating to the Case, whether arising in the United States or Canada (collectively, the "Talc

Claims"). Subject to Paragraph 4 below, the Rule 706 Report shall comply in all respects with Federal Rule of Civil Procedure 26(a)(2)(B), including, without limitation, to provide a complete statement of all opinions the Court-Appointed Expert will express regarding the Talc Claims and the basis and reasons for such opinions, and identify the facts or data considered by the Court-Appointed Expert in forming such opinions.

3. Subject to the terms of this Order and the terms of other orders of this Court, including, but not limited to, all confidentiality and privilege provisions set forth in the Agreed Protective Order Governing Confidential Information [Dkt. 948] (the "Protective Order"), the Amended Order Establishing Mediation Protocol [Dkt. 2300] (the "Mediation Protocol Order") and herein, the following terms and guidelines shall govern the process undertaken by the Court-Appointed Expert in preparation and submission of the Rule 706 Report:

 a. The Court-Appointed Expert may participate in confidential meetings with any interested party pursuant to Paragraph 4 below.

 b. The Court-Appointed Expert may request informal and formal discovery from the interested parties relevant to the Court-Appointed Expert's analysis of the volume and values of the Talc Claims (the "Court-Appointed Expert Discovery Requests"). All Parties shall receive copies of Court-Appointed Expert Discovery Requests as well as any responses thereto, subject to the Protective Order, as applicable, simultaneously when served.

 c. Upon completion, the Rule 706 Report shall be submitted to the Court, the Debtor, the TCC, the FCR, the U.S. Trustee and the Co-Mediators (collectively, the "Submission Parties") and shall be filed on the docket under seal.

d. The Co-Mediators shall conduct an in-person mandatory mediation session following the completion and submission of the Rule 706 Report to the Submission Parties (the "Mandatory Mediation Session"). The Co-Mediators may invite the Court-Appointed Expert to attend the Mandatory Mediation Session. After the conclusion of the Mandatory Mediation Session (as determined by the Co-Mediators) and within two (2) weeks after a statement from the Co-Mediators that the Parties are at an impasse, the Court-Appointed Expert shall file the Rule 706 Report publicly on the docket along with any necessary motion(s) to seal to address any redactions made thereto.

e. The Rule 706 Report may be offered as evidence at any hearing in this Case, including, without limitation, any hearing contemplated in Paragraph 3(f) below, only as provided by the Federal Rules of Evidence. Notwithstanding the Court's appointment of the Court-Appointed Expert or any professional he may retain, the right of any party to object to the admissibility of all or any of the Court-Appointed Expert's opinions set forth in the Rule 706 Report, including, without limitation, objections based on *Daubert*, the Court-Appointed Expert's qualifications, roles in other matters, or alleged conflicts of interest, or any other ground, at any hearing contemplated in Paragraph 3(f) below, are preserved in all respect, as are the rights of any party to oppose such objections.

f. Subject to the applicable rules of discovery, Rule 706(b) and any applicable orders of the Court, all parties in interest shall retain the right to take any discovery in connection with the Rule 706 Report, including, without

limitation, obtaining the facts or data considered by the Court-Appointed Expert in forming the opinions containing in such Rule 706 Report, to cross-examine the Court-Appointed Expert, and otherwise evaluate his conclusions as part of any hearings to consider confirmation of one or more plans under section 1129 of the Bankruptcy Code or in any other contested proceeding relating to or in any way relying on or making use of the Rule 706 Report or any findings or statements contained therein. As contemplated by Rule 706(e), nothing contained herein shall limit any party's right to use and rely upon their own experts.

4. Confidentiality and Non-Confidential Information:

a. Parties may have confidential *ex parte* communications with the Court-Appointed Expert. Except as otherwise specifically provided herein, the content of any confidential communications shall not be disclosed to any other party, shall not be subject to discovery in this or any other proceeding, and shall not be memorialized in a written record or transcript.

b. Any facts or data communicated to the Court-Appointed Expert that he considers or relies upon in forming his opinions in the Rule 706 Report shall be provided to all Parties simultaneously and be subject to discovery following the filing of the Rule 706 Report with the Court. Parties wishing to submit facts or data to the Court-Appointed Expert for consideration in the Rule 706 Report are expected to use best efforts to do so in writing pursuant to Paragraph 4(c) below.

    c. Parties may submit written submissions to the Court-Appointed Expert for his consideration, which submissions may contain facts or data that the parties believe the Court-Appointed Expert should consider. To the extent appropriate, the Parties may designate information, facts or data in the submissions as "confidential" under the Protective Order and subject to the disclosure restrictions thereunder. Any written submissions designated as confidential may be used by the Court-Appointed Expert in the Rule 706 Report subject to redaction or other confidentiality protections in accordance with the terms of the Protective Order. Prior to the issuance of the Rule 706 Report, and upon the request of one or more parties, the Court-Appointed Expert may, in his discretion, disclose the facts or data underlying written submissions to other parties, subject to the terms of the Protective Order. After the issuance of the Rule 706 Report, any written submissions provided to the Court-Appointed Expert shall be provided to all Parties simultaneously and shall be subject to discovery as provided in Paragraph 3(e) above.

5. The Parties shall fully and promptly cooperate with the Court-Appointed Expert and fully and promptly comply with any reasonable discovery or other requests by the Court-Appointed Expert for information, subject in each case to applicable attorney-client and similar privileges and protections.

6. The Court shall hold a conference at the hearing scheduled for **November 16, 2022 at 10:00 a.m. ET** regarding the status of the preparation and timing of submission of the Rule 706 Report.

7.  This Order shall not affect: (a) except as provided in Paragraphs 2 – 5 of this Order and subject to the Court's statements on the record at the July 28 Hearing, any right of a party in interest to seek information or pursue discovery, including, without limitation, related to estimation or confirmation of any plan of reorganization, from a party-in-interest, or the right of any party to oppose such discovery; (b) any obligation of a party in interest to disclose information to the extent the information does not concern estimation of claims in this Case; or (c) the right of any party to seek relief in respect of estimation of the Debtor's liability for talc claims, including, without limitation, a motion for approval of a specific estimation process.  Nothing in this Order shall affect the requirements for obtaining approval of a plan of reorganization or a settlement under the Bankruptcy Code, including, without limitation, under sections 1123, 1125 and 1129, or the Bankruptcy Rules, including, without limitation, Rules 9014 and 9019, or any other applicable law, including, without limitation, any state public disclosure laws.  For the avoidance of doubt, this Order shall not affect the rights of the FCR to serve formal or informal discovery on the Debtor or the TCC to obtain information and documents the FCR may deem necessary to assist in her future claims analysis.

8.  The Court-Appointed Expert is authorized to retain such professionals as may be appropriate to complete the Rule 706 Report, subject to the provision of a budget to be filed with the Court.  Any professional to be retained by the Court-Appointed Expert must file an affidavit (the "Affidavit") that discloses any and all connections to potential parties in interest ("PPI") in this Case and confirmation that a conflict search of all PPI was performed.  The Affidavit shall also include the rates of professionals to be charged in this Case. Parties-in-interest shall have seven (7) days from the date the Affidavit is filed to raise any objections with the Court.

9. Pursuant to Rule 706(c), the Court-Appointed Expert and his professionals shall receive reasonable compensation as set by the Court

10. The Court has not directed and will not direct the Court-Appointed Expert as to the scope of information, evidence or data he should consider or the professionals he should retain, nor will the Court discuss such matters with the Court-Appointed Expert until the issuance of the Rule 706 Report.

11. All rights of parties in interest in connection with seeking approval of, or objecting to, a plan of reorganization or a settlement under the Bankruptcy Code or Bankruptcy Rules are preserved.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.