## EXHIBIT A

Retention Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)
*PROPOSED ATTORNEYS FOR DEBTOR*

Order Filed on December 16, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

LTL MANAGEMENT LLC,[1]

　　　　　Debtor.

Chapter 11

Case No.:  21-30589

Judge:  Michael B. Kaplan

**Hearing Date and Time:**
December 15, 2021 at 10:00 a.m.

## ORDER AUTHORIZING RETENTION OF MCCARTER & ENGLISH LLP

　　　　The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: December 16, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]　　The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1524424956

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of McCarter English LLP


Upon the applicant's, LTL Management LLC (the "Debtor"),[2] request for authorization to retain McCarter & English ("M&E") as special insurance counsel to the Debtor, *nunc pro tunc* to October 14, 2021, it is hereby **ORDERED**:

1.      The Application is Granted to the extent set forth below.

2.      Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain M&E as its special insurance counsel in the Chapter 11 Case, effective as of October 14, 2021, the Petition Date.

3.      M&E shall file monthly, interim and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of all parties in interest with respect to any such fee requests are fully preserved.

4.      M&E will bill only 50% for its services for non-working travel and M&E will not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of M&E's fee applications in this case.

---

[2]      Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

NAI-1524424956

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of McCarter English LLP

5.       M&E will agree to make a reasonable effort to comply with the U.S. Trustee's

requests for information and additional disclosures as set forth in the Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of

November 1, 2013 (the "U.S. Trustee Guidelines").

6.       M&E will provide any and all monthly fee statements, interim fee applications, and

final fee applications in "LEDES" format to the United States Trustee.

7.       Notwithstanding anything to the contrary in the Application, all parties-in-interest

have the right to object to any allocation of fees and expenses as between the Debtor

and J&J and/or any non-Debtor affiliates.

8.       Notwithstanding anything to the contrary in the Application, M&E will not be

seeking compensation pursuant to the OCP Procedures.

9.       To the extent that the Official Committee of Talc Claimants appointed in this

Chapter 11 Case (the "Committee") discovers any facts or circumstances indicating

that M&E's retention under section 327(e) of the Bankruptcy Code is not

appropriate, M&E holds or represents an interest adverse to the Debtor or its estate

with respect to the matters for which M&E is retained, or M&E is acting outside the

scope of the matters for which it was retained, the Committee's right to seek at that

time any appropriate relief is fully preserved.

10.      If the professional requested a waiver as noted below, it is ☐ Granted ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

NAI-1524424956

(Page 4)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption:  Order Authorizing Retention of McCarter English LLP

□ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in

a chapter 13 case. Payment to the professional may only be made after satisfactory

completion of services.

NAI-1524424956