<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jeffrey Traurig
**TRAURIG LAW LLC**
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com
*Local Counsel to the Fee Examiner*

</td><td>

Robert J. Keach, Esq. (admitted *pro hac vice*)
**BERNSTEIN SHUR SAWYER & NELSON, P.A.**
100 Middle Street
Portland, ME  04104
Tel: (207) 774-1200
Fax: (207) 774-1127
E-Mail: rkeach@bernsteinshur.com
*Fee Examiner*

**BERNSTEIN SHUR SAWYER & NELSON, P.A.**
Letson Douglass Boots, Esq. (admitted *pro hac vice*)
100 Middle Street
Portland, ME  04104
Tel: (207) 774-1200
Fax: (207) 774-1127
E-Mail: lboots@bernsteinshur.com
*Counsel to the Fee Examiner*

</td></tr>
<tr><td>

In Re:

LTL MANAGEMENT LLC,

                Debtor

</td><td>

Case No.:    21-30589 (MBK)

Judge:      Michael B. Kaplan

Chapter 11

</td></tr>
</table>

## FEE EXAMINER'S CONSOLIDATED FINAL REPORT PERTAINING TO THE FEE APPLICATIONS OF RETAINED PROFESSIONALS FOR THE PERIOD FROM FEBRUARY 1, 2022 THROUGH MAY 31, 2022

Robert J. Keach (the "Fee Examiner"), by and through undersigned counsel, submits this

Consolidated Final Report (the "Second Final Report") pursuant to the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Docket

No. 761] (the "Interim Compensation Order"), the *Order Appointing an Independent Fee*

*Examiner and Establishing Procedures* [Docket No. 1922] (the "Fee Examiner Order"), and the

Court's *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 322] (the "Case Management Order") and in connection with the applications for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses (the "Fee Applications") of certain professionals retained in the above-captioned case (the "Retained Professionals") as listed on **Exhibit A**.  With the exception of three (3) professionals that seek final approval of fees (the "Final Applications"),[1] the Fee Applications are interim applications and relate to the compensation for professional services rendered and reimbursement of expenses requested from February 1, 2022 through May 31, 2022 (the "Second Fee Period")[2] for all such Retained Professionals.  For the Court's convenience, as noted below, the Fee Examiner's recommendations for the Second Fee Period are set forth on **Exhibit A** hereto, and the Fee Examiner's recommendations for the Final Applications are set forth on **Exhibit B** hereto.

## I.    INTRODUCTION

1.    The Second Final Report covers the Fee Applications of twenty-eight (28) Retained Professionals subject to the Fee Examiner Order that filed Second Interim Fee Applications by the deadline imposed in the Interim Compensation Order.[3]  As a consequence of

---

[1] The three (3) Retained Professionals who seek final approval of fees are Cooley LLP; Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.; and Waldrep Wall Babcock & Bailey PLLC.

[2] There are several Retained Professionals who filed their *first* fee applications during the Second Fee Period: Anderson Kill PC; Jones Day; Miller Thomson LLP; MoloLamken LLP; Orrick Herrington & Sutcliffe LLP; Randi S. Ellis; The Brattle Group, Inc.; Walsh Pizzi O'Reilly Falanga LLP; and Womble Bond Dickinson (US) LLP. Some of these Retained Professionals filed both their *first* and *second* fee applications during this Second Fee Period: Jones Day; Miller Thomson LLP; and Orrick Herrington & Sutcliffe LLP.  This Second Final Report covers both applications of those Retained Professionals.  Finally, there are several Retained Professionals whose fee applications filed during the Second Fee Period cover a fee period that differs from the defined Second Fee Period, given the timing of their retention or the months covered by their first interim fee applications.  The Fee Examiner requests that all Retained Professionals file their next fee applications for the period from June 1, 2022 through September 30, 2022, consistent with the four-month interval provided in the Interim Compensation Order.

[3] The Second Final Report does not cover Gilbert LLP; Epiq Corporate Restructuring, LLC; Shook Hardy & Bacon L.L.P.; Berkeley Research Group, LLC; Hogan Lovells US LLP; and Monzack Mersky and Browder, P,A., who are

the process described below, the Fee Examiner has reached an agreement with each of the twenty-eight (28) Retained Professionals, and those agreements and the Fee Examiner's recommendations as to fees to be allowed and expenses to be reimbursed for the Second Fee Period are detailed below and also set forth, for the convenience of the Court, in summary form, on **Exhibit A** to this Second Final Report.  The Fee Examiner also recommends the release of holdback amounts applicable to the Second Fee Period for these twenty-eight (28) Retained Professionals as set forth in Section V of this Second Final Report.  A cumulative report setting forth the final recommendations of the Fee Examiner as to final allowance of fees and reimbursement of expenses for the three (3) Retained Professionals that filed Final Applications is attached hereto as **Exhibit B**.

2.     As the Fee Applications, other than the Final Applications, are interim applications under section 331 of title 11 of the United States Code (the "Bankruptcy Code"), the Fee Examiner reserves all rights to challenge fees and expenses sought in connection with subsequent interim applications and any final applications.  The Fee Examiner also takes this opportunity to commend the Retained Professionals for their professionalism in cooperating with the Fee Examiner throughout this process, and for the prompt, thorough, and detailed responses to the Fee Examiner's Preliminary Reports (defined below), as well as to the additional information requests of the Fee Examiner.  As noted below, some of the Retained Professionals voluntarily reduced their fee requests in advance of the filing of the Fee Applications.  Such voluntary reductions resulted in approximately $664,690.53 of reduced fees and $3,486.44 of reduced expenses in advance of the filing of the Fee Applications, showing commendable billing

---

also subject to the Fee Examiner Order.  These professionals did not file a fee application for the Second Fee Period by the deadline established in the Interim Compensation Order.  The Report also does not cover certain professionals retained after the Second Fee Period.

judgment.  The fact that the fee review process has resulted in agreed reductions in fees and

expenses does not suggest that anyone did anything wrong or overcharged or was "caught"; to

the contrary, the "savings" achieved by this process reflect, fundamentally, the continued

exercise of commendable billing judgment by those Retained Professionals, assisted by the Fee

Examiner.  As the Court will undoubtedly note, points of emphasis for this fee period included

possible inter-firm duplication and staffing issues.  The Fee Examiner also appreciates the

cooperation of the Retained Professionals in the investigation and analysis of those issues,

including the provision of additional information relevant to those points of focus.  One

continuing source of concern, however, involves the less than uniform compliance with the UST

Guidelines (as defined below), particularly those relating to the production of budgets, budget to

actual comparisons, and the comparing of firm overall blended rates with case-specific blended

rates.  The Retained Professionals are encouraged to fulfill the requirement contained in each of

the retention orders to use best efforts to comply with the UST Guidelines.

## II.    THE APPOINTMENT OF THE FEE EXAMINER AND THE FEE EXAMINATION PROCESS

3.      In light of the size and complexity of this chapter 11 case, this Court appointed

the Fee Examiner, ordering the Fee Examiner to "review any Monthly Fee Statement and Fee

Application served by each Retained Professional."[4]  Fee Examiner Order, ¶ 6(b).  "As soon as is

practicable after a Fee Application is filed and served upon the Fee Examiner, and in any event

not later than forty-five (45) days after service upon the Fee Examiner of such Fee Application,

the Fee Examiner may serve a report (each, a 'Preliminary Report') on an Applicant . . . ."[5]  Id. at

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Fee Examiner Order.

[5] The Fee Examiner has discretion to determine whether to serve a Preliminary Report on an Applicant with respect to any Fee Application, and the Fee Examiner shall consult with counsel to the Debtor and TCC in determining whether to serve a Preliminary Report.  Fee Examiner Order, ¶¶ 6(c), 8.  The "comments or analyses to be provided

¶ 6(c).  The Preliminary Report is designed to "quantify and present factual data, as well as factual inquiries and legal issues, relevant to whether the requested fees, disbursements, and expenses are reasonable in accordance with the applicable standards of section 330 and 331 of the Bankruptcy Code."  Id.  The Fee Examiner, the Debtor, and TCC[6] "shall consult and request that the court set a hearing (each, a 'Fee Hearing') on Interim Fee Applications and Final Fee Applications."  Id. at ¶ 6(d).  "During the period between service of the Preliminary Report and the applicable Fee Hearing, (i) the Fee Examiner and applicable Retained Professional shall make reasonable efforts to resolve issues raised in the Preliminary Report and (ii) each applicable Retained Professional shall provide the Fee Examiner with supplemental information . . . ."  Id. at ¶ 6(g).  At least 14 days prior to any Fee Hearing, the Fee Examiner shall file with the Court a report (each, the "Final Report"), designed to: (i) quantify and present factual data and legal issues relevant to whether the requested fees and expenses of each applicable Retained Professional are reasonable in accordance with the applicable standards of sections 330 and 331 of the Bankruptcy Code, (ii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have been consensually resolved and the nature of such resolution, and (iii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have not yet been resolved.  Id. ¶ 6(d).

4.      Additionally, each order approving the retention of a Retained Professional in whole or in part under section 328 of the Bankruptcy Code ("Section 328 Professionals") entered as of the date of this Second Final Report also authorizes the U.S Trustee and the Fee Examiner

---

by counsel to the Debtor [and TCC] (collectively, the "Fee Analyses") shall be in a form agreed upon by and among the Debtor [and TCC]."  Id. ¶ 8.

[6] During the First Fee Period, two official committees of talc claimants ("TCC I" and "TCC II") were designated. Although subsequent orders of the court set aside the designation of two committees, the court temporarily extended the existence of both into the Second Fee Period.  Effective April 13, 2022, the Court reinstated the single Official Committee of Talc Claimants ("TCC").  For the purposes of this Report, "TCC" shall refer to both TCC I and TCC II, and shall refer to the single committee going forward.

to review the allowance of the Retained Professional's fees or expenses on reasonableness grounds, and the Fee Examiner Order applies to all professionals "requesting compensation and/or reimbursement of expenses for services rendered pursuant to sections 327, 328, 330, 331, or 1103." <u>Fee Examiner Order</u>, ¶ 4. Accordingly, the Fee Examiner reviewed each Fee Application, including the Fee Application of a Section 328 Professional, under the reasonableness standard set forth in section 330 of the Bankruptcy Code.

5. The Fee Examiner reviewed each Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, 28 C.F.R. Pt. 58, App. A (the "<u>UST Appendix A Guidelines</u>"), and the Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases, 78 F.R. 36248 (the "<u>UST Appendix B Guidelines</u>, and collectively with the UST Appendix A Guidelines, the "<u>UST Guidelines</u>"). In addition, the Fee Examiner reviewed each Fee Application for general compliance with legal precedent established by the Supreme Court of the United States and Court of Appeals for the Third Circuit, as well as case law from the District Courts and Bankruptcy Courts for the District of New Jersey, and other relevant and persuasive authority.

6. Following that review, the Fee Examiner issued a detailed Preliminary Report as to each Retained Professional. Each Preliminary Report set forth the legal and other standards governing the review, and raised questions as to certain categories of time or expense, as well as designated time entries or expenses. Each Retained Professional was invited to respond to the

Preliminary Report, and all of the Retained Professionals covered by this Final Report produced responses addressing the questions raised in the Preliminary Report, in some cases more detailed and extensive than the original Fee Application.  E-mail exchanges were conducted and, in some cases, telephone conferences were held with the Retained Professionals.  Through this process, substantial additional information was provided to the Fee Examiner.

7.      Following receipt of the additional information, which information often clarified or resolved many of the questions raised by the Fee Examiner, the Fee Examiner communicated revised proposals to the Retained Professionals as to his recommendations for allowance of fees and reimbursement of expenses.  As a consequence of exchanges with the Retained Professionals following the delivery of these revised proposals, resolutions were reached with each of the aforementioned twenty-eight (28) Retained Professionals whose Fee Applications are covered by this Second Final Report.

### III.      STANDARDS APPLIED BY THE FEE EXAMINER

8.      The general standards applied by the Fee Examiner are set forth in the *Fee Examiner's Consolidated Final Report Pertaining to the Interim Fee Applications of Retained Professionals for the Period from October 14, 2021 Through January 31, 2022* [Docket No. 2385] (the "First Final Report").  Those standards are incorporated herein by reference and, except to the extent necessary, will not be repeated in this Second Final Report.

### IV.      THE FEE EXAMINER'S RECOMMENDATIONS AS TO THE FEE APPLICATIONS

9.      The Fee Examiner makes the following specific recommendations as to the Fee Applications:

**AlixPartners, LLP**

10.     AlixPartners, LLP ("AlixPartners") serves as the financial advisor to the Debtor. For its services, AlixPartners is compensated on an hourly fee basis.  See *Order Authorizing Retention of AlixPartners, LLP as Financial Advisor for the Debtor Effective as of the Petition Date* [Docket No. 862].  On June 24, 2022, AlixPartners filed the *Second Interim Application of AlixPartners, LLP, Financial Advisor to the Chapter 11 Debtor, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period February 1, 2022 through May 31, 2022* [Docket No. 2599] ("AlixPartners' Fee Application").  AlixPartners' Fee Application seeks interim approval of fees in the amount of $509,406.25 and reimbursement of expenses in the amount of $5,641.88 for the period from February 1, 2022 through May 31, 2022.

11.     The Fee Examiner reviewed Alix Partners' Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "AlixPartners Preliminary Report") that identified the following areas of inquiry with respect to AlixPartners' Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Time increments/block billing;

(d)     Vague time entries;

(e)     Repetitive time entries;

(f)     Intra-office conferences;

(g)     Multiple attendees;

(h)     Travel expenses; and

(i)    Non-supported Expenses.

12.    Although the AlixPartners Preliminary Report raised issues concerning these topics, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

13.    In response to the AlixPartners Preliminary Report, AlixPartners provided the Fee Examiner with a written response, and AlixPartners and the Fee Examiner engaged in a telephone conference, as well as e-mail exchanges, to address and resolve the issues raised by the AlixPartners Preliminary Report.

14.    As a result of this process, AlixPartners and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$14,620.65** and expenses in the amount of **$305.89**. The recommended reduction results in a recommended allowance of fees in the amount of **$494,785.60** and reimbursement for expenses in the amount of **$5,335.99**. The Fee Examiner supports AlixPartners' modified request.

**Anderson Kill P.C.**

15.    Anderson Kill P.C. ("Anderson Kill") serves as special insurance counsel to the TCC. For its services, Anderson Kill is compensated on an hourly fee basis. *See Order Authorizing Retention of Anderson Kill P.C. as Special Insurance Counsel for the Official Talc Claimants Committee* [Docket No. 2551]. On June 28, 2022, Anderson Kill filed the *First Interim Application for Allowance of Fees and Reimbursement of Expenses to Anderson Kill* [Docket No. 2623] ("Anderson Kill's Fee Application"). Anderson Kill's Fee Application seeks interim approval of fees in the amount of $264,856.00 for the period from February 1, 2022 through May 31, 2022.

16.     The Fee Examiner reviewed Anderson Kill's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Anderson Kill Preliminary Report") that identified the following areas of inquiry with respect to Anderson Kill's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Lumped time entries;

(d)     Time increments/block billing;

(e)     Vague time entries;

(f)     Repetitive time entries;

(g)     Inter-firm duplication;

(h)     Multiple attendees;

(i)     Administrative and clerical tasks;

(j)     Excessive time spent on retention activities; and

(k)     Reviewing and editing time records.

17.     Although the Anderson Kill Preliminary Report raised issues concerning these topics, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

18.     In response to the Anderson Kill Preliminary Report, Anderson Kill provided the Fee Examiner with a written response, and Anderson Kill and the Fee Examiner engaged in a telephone conference, as well as e-mail exchanges, to address and resolve the issues raised by the Anderson Kill Preliminary Report.

19.     As a result of this process, Anderson Kill and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$13,476.00**.   The recommended reduction results in a recommended allowance of fees in the amount of **$251,380.00**.   The Fee Examiner supports Anderson Kill's modified request.

**Bailey & Glasser LLP**

20.     Bailey & Glasser LLP ("Bailey Glasser") serves as co-counsel to the TCC.   For its services, Bailey Glasser is compensated on an hourly fee basis.   See *Revised Order Authorizing and Approving the Retention and Employment of Bailey & Glasser LLP as Co-Counsel to the Official Committee of Talc Claimants, Effective as of November 11, 2021* [Docket No. 865].   On June 24, 2022, Bailey Glasser filed the *Second Interim Application of Bailey & Glasser LLP as Counsel to the Official Committee of Talc Claimants for Compensation for Services Rendered and Reimbursement of Expenses for the Period from February 1, 2022 through May 31, 2022* [Docket No. 2581] ("Bailey Glasser's Fee Application").   Bailey Glasser's Fee Application seeks interim approval of fees in the amount of $2,152,745.00 and reimbursement of expenses in the amount of $206,123.66 for the period from February 1, 2022 through May 31, 2022.   Bailey Glasser's Fee Application states that it voluntarily reduced its fees prior to the filing of the Fee Application by various write offs and write downs.   Bailey Glasser stated that the billed amount of fees in Bailey Glasser's Fee Application "is approximately 9.6% below actual time spent in connection with the LTL bankruptcy," *see* Bailey Glasser's Fee Application, at 1, which Bailey Glasser later quantified as a -pre-application voluntary reduction of $240,020.00.

21.     The Fee Examiner reviewed Bailey Glasser's Fee Application to ensure compliance with the applicable rules, orders and guidelines.   Based on this review, the Fee

Examiner generated a Preliminary Report (the "Bailey Glasser Preliminary Report") that identified the following areas of inquiry with respect to Bailey Glasser's Fee Application:

    (a)    Top-heavy staffing approach;

    (b)    Lumped time entries;

    (c)    Transitory timekeepers;

    (d)    Vague time entries;

    (e)    Repetitive time entries;

    (f)    Excessive time defending fee applications/interacting with Fee Examiner;

    (g)    Excessive time spent preparing fee applications;

    (h)    Extended days;

    (i)    Inter-firm duplication;

    (j)    Excessive time spent on retention activities;

    (k)    Intra-office conferences;

    (l)    Multiple attendees;

    (m)    Legal research;

    (n)    Travel expenses;

    (o)    Meal expenses; and

    (p)    Unsupported expenses.

22.    Although the Bailey Glasser Preliminary Report raised issues relating to the above listed categories, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of such categories.

23.    In response to the Bailey Glasser Preliminary Report, Bailey Glasser engaged in a telephone conference with the Fee Examiner, and Bailey Glasser provided the Fee Examiner

with a detailed written response addressing the issues identified in Bailey Glasser's Fee Application, as well as additional back-up materials for expenses.  Bailey Glasser and the Fee Examiner also exchanged multiple e-mails to address and resolve the issues raised by the Bailey Glasser Preliminary Report.

24.     As a result of this process, Bailey Glasser and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$203,562.50** and a reduction in expenses of **$19.00**.  The recommended reduction results in a recommended allowance of fees in the amount of **$1,949,182.50** and expenses of **$206,104.66**.  The Fee Examiner supports Bailey Glasser's modified request.

**Bates White, LLC**

25.     Bates White, LLC ("Bates White")  serves as talc consultant and expert for the Debtor.  For its services, Bates White is compensated on an hourly fee basis.  *See Order Authorizing Retention of Bates White, LLC* [Docket No. 1483].  On June 24, 2022, Bates White filed the *Second Interim Application of Bates White, LLC as Talc Consultants for Debtor for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period February 1, 2022 Through May 31, 2022*  [Docket No. 2597] ("Bates White's Fee Application").  Bates White's Fee Application seeks interim approval of fees in the amount of $889,274.50 and reimbursement of expenses in the amount of $741.72 for the period from February 1, 2022 through May 31, 2022.

26.     The Fee Examiner reviewed Bates White's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Bates White Preliminary Report") that identified the following areas of inquiry with respect to Bates White's Fee Application:

13

(a)    Technical compliance with the UST Guidelines;

(b)     Transitory timekeepers;

(c)    Time increments/block billing;

(d)    Vague time entries;

(e)    Repetitive time entries;

(f)    Reviewing and editing of time records; and

(g)    Excessive time spent preparing fee applications.

27.    Although the Bates White Preliminary Report raised such issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation thereto.

28.    In response to the Bates White Preliminary Report, Bates White provided the Fee Examiner with a written response addressing the issues identified in Bates White's Fee Application.    Bates White and the Fee Examiner engaged in a telephone conference and additional exchanges to address and resolve the issues raised by the Bates White Preliminary Report.

29.    As a result of this process, Bates White and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$23,474.20**.    The recommended reduction results in a recommended allowance of fees in the amount of **$865,800.30** and expenses in the amount of **$741.72**.    The Fee Examiner supports Bates White's modified request.

**Blake, Cassels & Graydon LLP**

30.    Blake, Cassels & Graydon LLP ("Blakes") serves as Canadian counsel to the Debtor.    For its services, Blakes is compensated on an hourly basis.    See *Order Authorizing Retention of Blake, Cassels & Graydon LLP* [Docket No. 1284].    On June 24, 2022, Blakes filed

the *Second Interim Application of Blake, Cassels & Graydon LLP for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses and Applicable Taxes Incurred as Counsel for the Debtor for the Period From February 1, 2022 Through May 31, 2022* [Docket No. 2600] ("Blakes' Fee Application"). Blakes' Fee Application seeks interim approval of fees in the amount of $207,415.49 (CAD) and reimbursement of expenses in the amount of $27,604.02 (CAD)—including $26,964.02 (CAD) for Canadian harmonized sales taxes—for the period from February 1, 2022 through May 31, 2022.

31.     The Fee Examiner reviewed Blakes' Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "Blakes Preliminary Report") that identified the following areas of inquiry with respect to Blakes' Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Lumped time entries;

(c)     Vague time entries;

(d)     Time increments/block billing;

(e)     Reviewing and editing time records;

(f)     Law clerks;

(g)     Multiple attendees;

(h)     Intra-office conferences; and

(i)      Transitory timekeepers.

32.     Although the Blakes Preliminary Report raised issues relating to the areas noted above, the Fee Examiner primarily requested additional information or additional supporting documentation in relation to those issues.

15

33.    In response to the Blakes Preliminary Report, Blakes and the Fee Examiner engaged in a teleconference and e-mail exchanges to address and resolve the issues raised by the Blakes Preliminary Report.

34.    As a result of this process, Blakes agreed to a reduction in fees in the amount of **$9,933.10 (CAD)**.  The recommended reduction results in a recommended allowance of fees in the amount of **$197,482.39 (CAD)** and expenses in the amount of **$27,604.02 (CAD)**.  The Fee Examiner supports Blakes' modified request.

**Brown Rudnick LLP**

35.    Brown Rudnick serves as co-counsel to the TCC.   For its services, Brown Rudnick is compensated on an hourly fee basis.  <u>See</u> *Order Authorizing and Approving the Retention and Employment of Brown Rudnick LLP as Co-Counsel to the Official Committee of Talc Claimants, Effective as of November 12, 2021* [Docket No. 853].  On June 24, 2022, Brown Rudnick filed the *Second Interim Application for Allowance of Fees and Reimbursement of Expenses of Brown Rudnick LLP, as Co-Counsel to the Official Committee of Talc Claimants I for the Period March 1, 2022 through and Including May 31, 2022* [Docket No. 2579] ("<u>Brown Rudnick's Fee Application</u>").  Brown Rudnick's Fee Application seeks interim approval of fees in the amount of $4,655,854.50 and reimbursement of expenses in the amount of $126,328.04 for the period from March 1, 2022 through May 31, 2022.  The Fee Examiner notes that, as described in Brown Rudnick's Fee Application, Brown Rudnick, prior to the filing of the interim fee application, voluntarily reduced its fee request by $68,460.00.  This reduction specifically addresses transitory timekeeper issues, among others.

36.    The Fee Examiner reviewed Brown Rudnick's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee

Examiner generated a Preliminary Report (the "Brown Rudnick Preliminary Report") that identified the following areas of inquiry with respect to Brown Rudnick's Fee Application:

(a)   Technical compliance with the UST Guidelines;

(b)   Billing discrepancies;

(c)   Lumped time entries;

(d)   Transitory timekeepers;

(e)   Vague time entries;

(f)   Repetitive time entries;

(g)   Law clerks;

(h)   Excessive time;

(i)   Multiple attendees;

(j)   Paraprofessional tasks billed by attorneys;

(k)   Extended days;

(l)   Excessive time spent on retention activities;

(m)   Legal research;

(n)   Inter-firm duplication;

(o)   Non-supported expenses; and

(p)   Meal expenses.

37.    Although the Brown Rudnick Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

38.    In response to the Brown Rudnick Preliminary Report, Brown Rudnick provided the Fee Examiner with a detailed written response addressing the concerns raised in the Brown

Rudnick Preliminary Report.  The Fee Examiner and Brown Rudnick also engaged in telephone conferences, as well as e-mail exchanges, to address and resolve the issues raised by the Brown Rudnick Preliminary Report.

39.    As a result of this process, Brown Rudnick and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$260,636.00** and expenses in the amount of **$9,018.21**.  The recommended reduction results in a recommended allowance of fees in the amount of **$4,395,218.50** and expenses in the amount of **$117,309.83**.  The Fee Examiner supports Brown Rudnick's modified request.

**Cooley LLP**

40.    Cooley LLP ("Cooley") served as co-counsel to the TCC II.  For its services, Cooley is compensated on an hourly fee basis.  See *Order Authorizing Retention of Cooley LLP* [Docket No. 1682].  On March 17, 2022, Cooley filed the *First Interim Application of Cooley LLP, as Co-Counsel for the Official Committee of Talc Claimants II, for Allowance of Fees and Reimbursement of Expenses for the Period December 31, 2021 through January 31, 2022* [Docket No. 1767] ("Cooley's First Fee Application").  Cooley's First Fee Application seeks interim approval of fees in the amount of $3,936,133.50 and expenses in the amount of $29,881.29[7] for the period from December 31, 2021 through January 31, 2022.

41.    The Fee Examiner reviewed Cooley's First Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Cooley First Preliminary Report") that identified the following areas of inquiry with respect to Cooley's First Fee Application:

---

[7] Cooley's First Fee Application also included $11,948.47 in expenses incurred by the TCC II members.  As set forth in the Fee Examiner Order, the Fee Examiner does not review requests for reimbursement for expenses incurred by members of the TCC.  *See* Fee Examiner Order, ¶ 4.  Approval of those expenses should be sought by separate motion.

(a)     Technical compliance with the UST Guidelines;

(b)     Overstaffing and intra-firm duplication;

(c)     Lumped time entries;

(d)     Time increments/block billing;

(e)     Transitory timekeepers;

(f)     Vague time entries;

(g)     Repetitive time entries;

(h)     Tasks performed by law clerks;

(i)     Administrative or clerical tasks;

(j)     Multiple attendees;

(k)     Intra-office conferences;

(l)     Paraprofessional tasks billed by attorneys;

(m)     Extended days;

(n)     Non-working travel;

(o)     Inter-firm duplication;

(p)     Non-supported expenses; and

(q)     Overhead expenses.

42.    Although the Cooley First Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

43.    In response to the Cooley First Preliminary Report, Cooley provided the Fee Examiner with a detailed written response addressing the concerns raised in the Cooley First Preliminary Report.  The Fee Examiner and Cooley also engaged in telephone conferences, as

well as e-mail exchanges, to address the issues raised by the Cooley First Preliminary Report. As a result of this process, Cooley and the Fee Examiner decided to adjourn the hearing on Cooley's First Fee Application to be considered at the same time as its second and final fee application.

44.    On June 24, 2022, Cooley filed the *Combined Second Interim and Final Application of Cooley LLP, Co-Counsel for the Official Committee of Talc Claimants II, for Allowance of Fees and Reimbursement of Expenses for the (I) Interim Period of February 1, 2022 through April 12, 2022, and (II) Final Period of December 31, 2021 Through April 12, 2022* [Docket No. 2603] ("Cooley's Second Fee Application," and together with Cooley's First Fee Application, "Cooley's Fee Applications").  Cooley's Second Fee Application seeks interim approval of fees in the amount of $7,729,019.00 and expenses in the amount of $343,840.08 for the period from February 1, 2022 through April 12, 2022, and final approval of fees in the amount of $11,665,152.50 and expenses in the amount of $373,721.37.

45.    The Fee Examiner reviewed Cooley's Second Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Cooley Second Preliminary Report," and together with the Cooley First Preliminary Report, the "Cooley Preliminary Reports") that identified the following areas of inquiry with respect to Cooley's Second Fee Application:

    (a)    Technical compliance with the UST Guidelines;

    (b)    Overstaffing and intra-firm duplication;

    (c)    Lumped time entries;

    (d)    Time increments/block billing;

    (e)    Transitory timekeepers;

(f)     Vague time entries;

(g)     Out-of-scope activities;

(h)     Repetitive time entries;

(i)     Inter-firm duplication;

(j)     Multiple attendees;

(k)     Intra-office conferences;

(l)     Excessive time;

(m)     Administrative or clerical tasks;

(n)     Paraprofessional tasks billed by attorneys;

(o)     Extended days;

(p)     Non-working travel;

(q)     Reviewing and editing time records;

(r)     Non-supported expenses; and

(s)     Overhead expenses.

46.     Although the Cooley Second Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

47.     In response to the Cooley Second Preliminary Report, and to conclude discussions regarding the Cooley First Preliminary Report, Cooley and the Fee Examiner engaged in a lengthy telephone conference to address the issues raised by the Cooley Preliminary Reports.

48.     As a result of this process, Cooley and the Fee Examiner have agreed to a recommended aggregate reduction in fees in the amount of **$1,626,278.63** and expenses in the amount of **$373,721.37** for Cooley's Fee Applications.

49.    Consistent with the agreement described above, the Fee Examiner intends to recommend that a total of **$10,038,873.87** in fees and no expenses be awarded for Cooley's Fee Applications, on a final basis.  The Fee Examiner supports Cooley's modified request.[8]

**FTI Consulting, Inc.**

50.    FTI Consulting, Inc. ("FTI") serves as the financial advisor to TCC II.  For its services, FTI is compensated on an hourly fee basis.  See *Order Authorizing Interim Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants II Effective December 13, 2021* [Docket No. 1134].   On June 24, 2022, FTI filed the *Second Interim Application of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period of February 1, 2022 Through May 31, 2022* [Docket No. 2583] ("FTI's Fee Application").  FTI's Fee Application seeks interim approval of fees in the amount of $1,952,296.00 and expenses in the amount of $6,643.55 for the period from February 1, 2022 through May 31, 2022.  FTI's Fee Application notes that FTI voluntarily reduced its fees by $27,000.00 related to time associated with transitory timekeepers, duplication, and other adjustments.

51.    The Fee Examiner reviewed FTI's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "FTI Preliminary Report") that identified the following areas of inquiry with respect to FTI's Fee Application:

(a)    Technical compliance with the UST Guidelines;

---

[8] Following the Fee Examiner's conclusion of an agreement with Cooley and the drafting of this Second Final Report, late in the evening of August 30, 2022, the Debtor filed the *Debtor's Objection to the Final Application for Allowance of Fees and Reimbursement of Expenses for the Period of December 31, 2021 Through April 12, 2022 Filed by Cooley, LLP, Co-Counsel for the Official Committee of Talc Claimants II* [Docket No. 2952] (the "Debtor's Objection").  Nothing in the Debtor's Objection affects or alters the Fee Examiner's recommendation in support of the agreed reductions with, and the support of the modified request of, Cooley.

(b)    Top-heavy staffing approach;

(c)    Rate increases;

(d)    Time increments/block billing;

(e)    Vague time entries;

(f)    Repetitive time entries;

(g)    Multiple attendees;

(h)    Intra-firm duplication;

(i)    Extended days;

(j)    Excessive time spent on retention activities;

(k)    Excessive time spent preparing fee applications;

(l)    Reviewing and editing time records;

(m)    Necessity of certain services;

(n)    Non-supported expenses; and

(o)    Transitory timekeepers.

52.    Although the FTI Preliminary Report raised issues relating to all of the above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

53.    In response to the FTI Preliminary Report, FTI and the Fee Examiner engaged in telephone conferences, as well as e-mail exchanges, to address and resolve the issues raised by the FTI Preliminary Report.

54.    As a result of this process, the Fee Examiner and FTI have agreed a recommended reduction in fees of **$136,396.35** and a recommended reduction in expenses in the amount of **$486.25**. The recommended reduction results in a recommended allowance of fees in the amount

of **$1,815,899.65** and reimbursement for expenses in the amount of **$6,157.30**.   The Fee

Examiner supports FTI's modified request.

**Genova Burns LLC**

55.   Genova Burns LLC ("Genova") serves as local counsel to the TCC.   For its

services, Genova is compensated on an hourly fee basis.   See *Order Authorizing Retention of*

*Genova Burns LLC* [Docket No. 850].   On June 24, 2022, Genova filed the *Second Interim*

*Application for Allowance of Fees and Reimbursement of Expenses to Genova Burns, LLC*

[Docket No. 2577] ("Genova's Fee Application").   Genova's Fee Application seeks interim

approval of fees in the amount of $393,415.00 and reimbursement of expenses in the amount of

$14,210.72 for the period from March 1, 2022 through May 31, 2022.

56.   The Fee Examiner reviewed Genova's Fee Application to ensure compliance with

the applicable rules, orders and guidelines.   Based on this review, the Fee Examiner generated a

Preliminary Report (the "Genova Preliminary Report") that identified the following areas of

inquiry with respect to Genova's Fee Application:

    (a)    Technical compliance with the UST Guidelines;

    (b)    Top-heavy staffing approach;

    (c)    Lumped time entries;

    (d)    Vague time entries;

    (e)    Repetitive time entries;

    (f)    Inter-firm duplication;

    (g)    Excessive time spent on retention activities;

    (h)    Paraprofessional tasks billed by attorneys;

    (i)    Non-supported expenses; and

(j)    Transitory timekeepers.

57.    Although the Genova Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

58.    In response to the Genova Preliminary Report, Genova provided the Fee Examiner with a detailed written response addressing the concerns raised in the Genova Preliminary Report.  The Fee Examiner and Genova also engaged in a telephone conference, as well as e-mail exchanges, to address and resolve the issues raised by the Genova Preliminary Report.

59.    As a result of this process, Genova and the Fee Examiner have agreed to a reduction in fees in the amount of **$6,241.50**.  The recommended reduction results in a recommended allowance of fees in the amount of **$387,173.50** and expenses in the amount of **$14,210.72**.  The Fee Examiner supports Genova's modified request.

**Houlihan Lokey Capital, Inc.**

60.    Houlihan Lokey Capital, Inc. ("Houlihan") serves as investment banker to the TCC.  For its services, Houlihan is compensated on a monthly fee basis, with the possibility of a deferred fee upon the consummation of a Chapter 11 plan.  See *Final Order Authorizing Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants Under Bankruptcy Code Section 328(a)* [Docket No. 2618].  On July 7, 2022, Houlihan filed the *Second Interim Fee Application for Allowance of Fees and Reimbursement of Expenses to Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants for the Period From February 1, 2022 Through May 31, 2022* [Docket No. 2667] ("Houlihan's Fee Application").  Houlihan's Fee Application seeks interim approval of fees in

the amount of $696,432.00 and reimbursement of expenses in the amount of $4,543.83 for the

period from February 1, 2022 through May 31, 2022.

61.     Pursuant to the lodestar analysis and reasonableness standards noted above, the

Fee Examiner reviewed Houlihan's Fee Application to ensure compliance with the applicable

rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary

Report (the "Houlihan Preliminary Report") that identified certain issues with respect to the

reimbursement of expenses sought by Houlihan.  The Fee Examiner found the monthly fees

sought by Houlihan to be reasonable and market (based upon a comparative lodestar analysis).

62.     In response to the Houlihan Preliminary Report, the Fee Examiner and Houlihan

engaged in an e-mail exchange to address and resolve the issues raised by the Houlihan

Preliminary Report.

63.     As a result of this process, Houlihan and the Fee Examiner have agreed that no

reduction in expenses is necessary.  Accordingly, the Fee Examiner recommends an allowance of

fees in the amount of **$696,432.00** and expenses in the amount of **$4,543.83**.

**Jones Day**

64.     Jones Day serves as counsel to the Debtor.  For its services, Jones Day is

compensated on an hourly fee basis.  See *Final Order Authorizing Retention of Jones Day*

[Docket No. 1855].  On May 25, 2022, Jones Day filed the *First Interim Fee Application of*

*Jones Day for Allowance of Fees and Reimbursement of Expenses as Counsel to the Debtor for*

*the Period October 14, 2021 through January 31, 2022* [Docket No. 2360] ("Jones Day's First

Fee Application").  Jones Day's First Fee Application seeks interim approval of fees in the

amount of $9,799,493.75 and expenses in the amount of $55,369.17 for the period from October

14, 2021 through January 31, 2022.  Jones Day's First Fee Application states that Jones Day

voluntarily reduced its fees by $69,637.50 and expenses by $285.60, but does not provide further explanation for the basis of those reductions. *See* Jones Day's First Fee Application, ¶ 13.

65.    The Fee Examiner reviewed Jones Day's First Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Jones Day First Preliminary Report") that identified the following areas of inquiry with respect to Jones Day's First Fee Application:

    (a)    Technical compliance with the UST Guidelines;

    (b)    Top-heavy staffing approach;

    (c)    Hourly rate increases;

    (d)    Application of retainer;

    (e)    Billing discrepancies;

    (f)    Lumped time entries;

    (g)    Time increments/block billing;

    (h)    Transitory timekeepers;

    (i)    Intra-firm duplication;

    (j)    Inter-firm duplication;

    (k)    Multiple attendees;

    (l)    Intra-office conferences;

    (m)    Paraprofessional tasks billed by attorneys;

    (n)    Extended days;

    (o)    Non-working travel;

    (p)    Excessive time spent on retention activities;

    (q)    Non-supported expenses;

(r)    Travel expenses;

(s)    Meal expenses; and

(t)    Overhead expenses.

66.    Although the Jones Day First Preliminary Report raised these issues, the Fee

Examiner simply requested additional information or additional supporting documentation in

relation to many of the above categories.

67.    On June 24, 2022, Jones Day filed the *Second Interim Fee Application of Jones

Day for Allowance of Fees and Reimbursement of Expenses as Counsel to the Debtor for the

Period February 1, 2022 through May 31, 2022* [Docket No. 2604] ("Jones Day's Second Fee

Application"). Jones Day's Second Fee Application seeks interim approval of fees in the amount

of $8,161,596.25 and expenses in the amount of $140,430.02 for the period from February 1,

2022 through May 31, 2022. Jones Day's Second Fee Application states that Jones Day

voluntarily reduced its fees by $244,327.50 and expenses by $514.70, but does not provide

further explanation for the basis of those reductions. *See* Jones Day's Second Fee Application,

¶ 13.

68.    The Fee Examiner reviewed Jones Day's Second Fee Application to ensure

compliance with the applicable rules, orders and guidelines. Based on this review, the Fee

Examiner generated a Preliminary Report (the "Jones Day Second Preliminary Report," and

together with the Jones Day First Preliminary Report, the "Jones Day Preliminary Reports") that

identified the following areas of inquiry with respect to Jones Day's Second Fee Application:

(a)    Top-heavy staffing approach;

(b)    Billing discrepancies;

(c)    Lumped time entries;

(d)     Time increments/block billing;

(e)     Transitory timekeepers;

(f)     Inter-firm duplication;

(g)     Multiple attendees;

(h)     Intra-office conferences;

(i)     Extended days;

(j)     Excessive time spent on retention activities;

(k)     Excessive time spent preparing fee applications;

(l)     Non-supported expenses;

(m)     Travel expenses;

(n)     Meal expenses;

(o)     Car service expenses; and

(p)     Overhead expenses.

69.     Although the Jones Day Second Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

70.     In response to the Jones Day Preliminary Reports, Jones Day provided the Fee Examiner with a detailed written response addressing the concerns raised in the Jones Day Preliminary Reports.  The Fee Examiner and Jones Day also engaged in telephone conferences, as well as e-mail exchanges, to address the issues raised by the Jones Day Preliminary Reports.

71.     As a result of this process, Jones Day and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$376,790.25** and expenses in the amount of **$251.50** for Jones Day's First Fee Application, and a recommended reduction in fees in the

amount of **$318,985.00** and expenses in the amount of **$440.38** for Jones Day's Second Fee Application. The recommended reduction results in a recommended allowance of fees in the amount of **$9,422,703.50** and expenses in the amount of **$55,117.67** for Jones Day's First Fee Application and a recommended allowance of fees in the amount of **$7,842,611.25** and expenses in the amount of **$139,989.64** for Jones Day's Second Fee Application. The Fee Examiner supports Jones Day's modified request.

**King & Spalding LLP**

72.    King & Spalding LLP ("<u>King & Spalding</u>") serves as special counsel to the Debtor. For its services, King & Spalding is compensated on an hourly fee basis. *See Order Authorizing Retention of King & Spalding LLP* [Docket No. 859]. On June 24, 2022, King & Spalding filed the *Second Interim Fee Application of King & Spalding LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtor and Debtor in Possession for the Period of February 1, 2022 through May 31, 2022* [Docket No. 2595] ("<u>King & Spalding's Fee Application</u>"). King & Spalding's Fee Application seeks interim approval of fees in the amount of $315,438.80 and reimbursement of expenses in the amount of $12,380.00 for the period from February 1, 2022 through May 31, 2022.

73.    The Fee Examiner reviewed King & Spalding's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "<u>King & Spalding Preliminary Report</u>") that identified the following areas of inquiry with respect to King & Spalding's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Time increments/block billing;

(d)     Inter-firm duplication;

(e)     Repetitive time entries;

(f)     Excessive time spent preparing fee applications; and

(g)     Transitory timekeepers.

74.     Although the King & Spalding Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

75.     In response to the King & Spalding Preliminary Report, King & Spalding provided a written response and engaged in a telephone conference with the Fee Examiner to address and resolve the issues raised by the King & Spalding Preliminary Report.

76.     As a result of this process, King & Spalding and the Fee Examiner have agreed to a reduction in fees in the amount of **$25,699.20**.  The recommended reduction results in a recommended allowance of fees in the amount of **$289,739.60** and expenses in the amount of **$12,380.00**.  The Fee Examiner supports King & Spalding's modified request.

**Massey & Gail LLP**

77.     Massey & Gail LLP ("Massey") serves as special counsel to the TCC.  For its services, Massey & Gail is compensated on an hourly fee basis.  See *Revised Order Authorizing the Retention and Employment of Massey & Gail LLP as Special Counsel to the Official Committee of Talc Claimants Effective as of November 15, 2021* [Docket No. 864].  On June 24, 2022, Massey & Gail filed the *Second Interim Application of Massey & Gail LLP, Special Counsel to the Official Committee of Talc Claimants, for Allowance of Fees and Reimbursement of Expenses for the Period of February 1, 2022 Through May 31, 2022* [Docket No. 2582] ("Massey & Gail's Fee Application").  Massey & Gail's Fee Application seeks interim approval

31

of fees in the amount of $1,003,801.50 and reimbursement of expenses in the amount of $9,674.77 for the period from February 1, 2022 through May 31, 2022.

78.     The Fee Examiner reviewed Massey & Gail's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Massey & Gail Preliminary Report") that identified the following areas of inquiry with respect to Massey & Gail's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Lumped time entries;

(d)     Inter-firm duplication;

(e)     Legal research;

(f)     Multiple attendees;

(g)     Administrative or clerical tasks; and

(h)     Travel expenses.

79.     Although the Massey & Gail Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

80.     In response to the Massey & Gail Preliminary Report, Massey & Gail and the Fee Examiner engaged in multiple telephone conferences and multiple e-mail exchanges to address and resolve the issues raised in the Massey & Gail Preliminary Report.

81.     As a result of this process, Massey & Gail and the Fee Examiner have agreed to a reduction in fees in the amount of **$5,880.00** and expenses in the amount of **$1,378.00**.  The recommended reduction results in a recommended allowance of fees in the amount of

**$997,921.50** and reimbursement for expenses in the amount of **$8,296.77**. The Fee Examiner supports Massey & Gail's modified request.

**McCarter & English LLP**

82. McCarter & English LLP ("<u>McCarter</u>") serves as special insurance counsel to the Debtor. For its services, McCarter is compensated on an hourly fee basis. <u>See</u> *Order Authorizing Retention of McCarter & English LLP* [Docket No. 861]. On June 24, 2022, McCarter filed the *Second Period Fee Application of McCarter & English, LLP, as Special Insurance Counsel to the Debtor for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From February 1, 2022 Through May 31, 2022* [Docket No. 2598] ("<u>McCarter's Fee Application</u>"). McCarter's Fee Application seeks interim approval of fees in the amount of $270,610.57 and reimbursement of expenses in the amount of $69.67 for the period from February 1, 2022 through May 31, 2022.

83. The Fee Examiner reviewed McCarter's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "<u>McCarter Preliminary Report</u>") that identified the following areas of inquiry with respect to McCarter's Fee Application:

    (a) Technical compliance with the UST Guidelines;

    (b) Billing discrepancies;

    (c) Lumped time entries;

    (d) Vague time entries;

    (e) Time increments/block billing;

    (f) Inter-firm duplication;

    (g) Repetitive time entries;

33

(h)     Multiple attendees; and

(i)     Intra-office conferences.

84.     Although the McCarter Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

85.     In response to the McCarter Preliminary Report, McCarter and the Fee Examiner engaged in a telephone conference and e-mail exchanges to address and resolve the issues raised in the McCarter Preliminary Report.

86.     As a result of this process, McCarter and the Fee Examiner have agreed to a recommended additional reduction in fees in the amount of **$11,649.35**.  The recommended reduction results in a recommended allowance of fees in the amount of **$258,961.22** and reimbursement for expenses in the amount of **$69.67**.  The Fee Examiner supports McCarter's modified request.

**Miller Thomson LLP**

87.     Miller Thomson LLP ("Miller Thomson") serves as special Canadian counsel to the TCC.  For its services, Miller Thomson is compensated on an hourly fee basis.  See *Order Authorizing Retention of Professional Miller Thomson LLP as Special (Canadian) Counsel to the Official Committee of Talc Claimants* [Docket No. 1008].  On May 4, 2022, Miller Thomson filed the *First Interim Application for Allowance of Fees and Reimbursement of Expenses to Miller Thomson LLP* [Docket No. 2233] ("Miller Thomson's First Fee Application").  Miller Thomson's First Fee Application seeks interim approval of fees in the amount of $256,186.00

34

(CAD) and expenses in the amount of $33,429.23 (CAD) for the period from December 10, 2021

through March 31, 2022.[9]

88.    The Fee Examiner reviewed Miller Thomson's First Fee Application to ensure

compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee

Examiner generated a Preliminary Report (the "Miller Thomson First Preliminary Report") that

identified the following areas of inquiry with respect to Miller Thomson's First Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Hourly rate increases;

(d)    Billing discrepancies;

(e)    Lumped time entries;

(f)    Time increments/block billing;

(g)    Vague time entries;

(h)    Multiple attendees;

(i)    Intra-office conferences; and

(j)    Reviewing and editing time records.

89.    Although the Miller Thomson First Preliminary Report raised these issues, the

Fee Examiner simply requested additional information or additional supporting documentation in

relation to many of the above categories.

90.    On June 24, 2022, Miller Thomson filed the *Second Interim Application for

Allowance of Fees and Reimbursement of Expenses to Miller Thomson LLP* [Docket No. 2586]

---

[9] Although Miller Thomson's Fee Applications (defined below) do not state whether the fees and expenses were billed in USD or CAD, and although the Miller Thomson's retention application [Docket No. 829] provides hourly rates in USD, after discussions with Miller Thomson, the Fee Examiner understands that Miller Thomson's fees and expenses are billed and reported in CAD.  Going forward, Miller Thomson will clarify in its fee applications that its fees and expenses sought are in CAD.

("Miller Thomson's Second Fee Application").  Miller Thomson's Second Fee Application seeks

interim approval of fees in the amount of $174,404.00 (CAD) and expenses in the amount of

$22,672.52 (CAD) for the period from April 1, 2022 through May 31, 2022.

91.    The Fee Examiner reviewed Miller Thomson's Second Fee Application to ensure

compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee

Examiner generated a Preliminary Report (the "Miller Thomson Second Preliminary Report,"

and together with the Miller Thomson First Preliminary Report, the "Miller Thomson

Preliminary Reports") that identified the following areas of inquiry with respect to Miller

Thomson's Second Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Billing discrepancies;

(d)    Lumped time entries;

(e)    Time increments/block billing;

(f)    Transitory timekeepers;

(g)    Vague time entries;

(h)    Repetitive time entries;

(i)    Multiple attendees; and

(j)    Intra-office conferences.

92.    Although the Miller Thomson Second Preliminary Report raised these issues, the

Fee Examiner simply requested additional information or additional supporting documentation in

relation to many of the above categories.

93.    In response to the Miller Thomson Preliminary Reports, Miller Thomson provided the Fee Examiner with a detailed written response addressing the concerns raised in the Miller Thomson Preliminary Reports.  The Fee Examiner and Miller Thomson also engaged in telephone conferences, as well as e-mail exchanges, to address the issues raised by the Miller Thomson Preliminary Reports.

94.    As a result of this process, Miller Thomson and the Fee Examiner have agreed to no reductions in fees and expenses for Miller Thomson's First Fee Application, and a recommended reduction in fees in the amount of **$6,913.15 (CAD)** for Miller Thomson's Second Fee Application.[10]  The recommended reduction results in a recommended allowance of fees in the amount of **$256,186.00 (CAD)** and expenses in the amount of **$33,429.23 (CAD)** for Miller Thomson's First Fee Application and a recommended allowance of fees in the amount of **$167,490.85** and expenses in the amount of **$22,672.52 (CAD)** for Miller Thomson's Second Fee Application.  The Fee Examiner supports Miller Thomson's modified request.

**MoloLamken LLP**

95.    MoloLamken LLP ("MoloLamken") serves as special appellate litigation counsel to the TCC.  For its services, MoloLamken is compensated on an hourly fee basis.  _See_ _Order Authorizing Retention of MoloLamken LLP as Special Appellate Counsel to the Official Committee of Talc Claimants Effective May 20, 2022_ [Docket No. 2516].  On June 24, 2022, MoloLamken filed the _First Interim Application for Allowance of Fees of MoloLamken LLP, as Special Appellate Litigation Counsel to the Official Committee of Talc Claimants I for the Period May 20, 2022 Through and Including May 31, 2022_ [Docket No. 2584] ("MoloLamken's Fee

---

[10] The Fee Examiner and Miller Thomson discussed the reduction amount as to both Miller Thomson's Fee Applications, but for the purposes of this Second Final Report, the aggregate reduction will be attributed to Miller Thomson's Second Fee Application.

Application"). MoloLamken's Fee Application seeks interim approval of fees in the amount of $65,041.00 for the period from May 20, 2022 through May 31, 2022.

96. The Fee Examiner reviewed MoloLamken's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "MoloLamken Preliminary Report") that identified the following areas of inquiry with respect to MoloLamken's Fee Application:

(a) Technical compliance with the UST Guidelines;

(b) Lumped time entries;

(c) Transitory timekeepers;

(d) Vague time entries;

(e) Inter-firm duplication; and

(f) Excessive time spent on retention activities, including conflicts issues.

97. Although the MoloLamken Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

98. In response to the MoloLamken Preliminary Report, MoloLamken provided the Fee Examiner with a written response addressing the issues raised in the MoloLamken Preliminary Report. The Fee Examiner and MoloLamken also engaged in a telephone conference and multiple e-mail exchanges to address and resolve the issues raised in the MoloLamken Preliminary Report.

99. As a result of this process, MoloLamken and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$12,452.80**. The recommended reduction

results in a recommended allowance of fees in the amount of **$52,588.20**.  The Fee Examiner

supports MoloLamken's modified request.

**Orrick, Herrington & Sutcliffe LLP**

100.    Orrick, Herrington & Sutcliffe LLP ("Orrick") serves as special talc litigation

appellate counsel to the Debtor.  For its services, Orrick is compensated on an hourly fee basis.

See *Order Authorizing Retention of Orrick, Herrington & Sutcliffe LLP as Special Appellate*

*Counsel, Effective as of October 14, 2021* [Docket No. 1993].  On June 22, 2022, Orrick filed the

*First Interim Application of Orrick, Herrington & Sutcliffe LLP as Debtor's Special Talc*

*Litigation Appellate Counsel for Allowance of Compensation for Professional Services Rendered*

*and Reimbursement of Expenses Incurred for the Period of October 14, 2021 Through January*

*31, 2022* [Docket No. 2560] ("Orrick's First Fee Application").  Orrick's First Fee Application

seeks interim approval of fees in the amount of $757,879.00 and expenses in the amount of

$25,848.83 for the period from October 14, 2021 through January 31, 2022.

101.    The Fee Examiner reviewed Orrick's First Fee Application to ensure compliance

with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner

generated a Preliminary Report (the "Orrick First Preliminary Report") that identified the

following areas of inquiry with respect to Orrick's First Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Billing discrepancies;

(c)    Lumped time entries;

(d)    Time increments/block billing;

(e)    Transitory timekeepers;

(f)    Vague time entries;

(g)    Repetitive time entries;

(h)    Inter-firm duplication;

(i)    Multiple attendees;

(j)    Intra-office conferences;

(k)    Excessive time;

(l)    Excessive time spent on retention activities;

(m)    Reviewing and editing time records; and

(n)    Non-supported expenses.

102.    Although the Orrick First Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

103.    On June 22, 2022, Orrick filed the *Second Interim Application of Orrick, Herrington & Sutcliffe LLP as Debtor's Special Talc Litigation Appellate Counsel for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period of February 1, 2022 Through May 31, 2022* [Docket No. 2561] ("Orrick's Second Fee Application"). Orrick's Second Fee Application seeks interim approval of fees in the amount of $408,200.70 and expenses in the amount of $44.12 for the period from February 1, 2022 through May 31, 2022.

104.    The Fee Examiner reviewed Orrick's Second Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "Orrick Second Preliminary Report," and together with the Orrick First Preliminary Report, the "Orrick Preliminary Reports") that identified the following areas of inquiry with respect to Orrick's Second Fee Application:

40

(a)     Technical compliance with the UST Guidelines;

(b)     Lumped time entries;

(c)     Time increments/block billing;

(d)     Transitory timekeepers;

(e)     Vague time entries;

(f)     Inter-firm duplication;

(g)     Intra-office conferences;

(h)     Excessive time;

(i)     Excessive time spent on retention activities; and

(j)     Reviewing and editing time records.

105.    Although the Orrick Second Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

106.    In response to the Orrick Preliminary Reports, Orrick provided the Fee Examiner with a detailed written response addressing the concerns raised in the Orrick Preliminary Reports.  The Fee Examiner and Orrick also engaged in telephone conferences, as well as e-mail exchanges, to address the issues raised by the Orrick Preliminary Reports.

107.    As a result of this process, Orrick and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$32,193.98** for Orrick's First Fee Application, and a recommended reduction in fees in the amount of **$22,309.08** for Orrick's Second Fee Application.  The recommended reduction results in a recommended allowance of fees in the amount of **$725,685.02** and expenses in the amount of **$25,848.83** for Orrick's First Fee Application and a recommended allowance of fees in the amount of **$385,891.62** and expenses in

41

the amount of **$44.12** for Orrick's Second Fee Application.  The Fee Examiner supports Orrick's modified request.

**Otterbourg P.C.**

108.    Otterbourg P.C. ("Otterbourg") serves as co-counsel to the TCC.  For its services, Otterbourg is compensated on an hourly fee basis.  See *Order Authorizing Retention and Employment of Otterbourg P.C. as Co-Counsel to the Official Committee of Talc Claimants Effective as of November 12, 2021* [Docket No. 855].  On June 24, 2022, Otterbourg filed the *Application of Otterbourg P.C. as Co-Counsel for the Official Committee of Talc Claimants, for Second Interim Allowance of Compensation and Reimbursement of Expenses for the Period of March 1, 2022 Through May 31, 2022* [Docket No. 2588] ("Otterbourg's Fee Application"). Otterbourg's Fee Application seeks interim approval of fees in the amount of $1,627,336.00 and reimbursement of expenses in the amount of $13,812.63 for the period from March 1, 2022 through May 31, 2022.

109.    The Fee Examiner reviewed Otterbourg's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Otterbourg Preliminary Report") that identified the following areas of inquiry with respect to Otterbourg's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Lumped time entries;

(c)    Vague time entries;

(d)    Inter-firm duplication;

(e)    Legal research;

(f)    Multiple attendees;

42

(g)     Intra-office conferences;

(h)     Excessive time spent on retention activities; and

(i)     Disputed meals.

110.   Although the Otterbourg Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

111.   In response to the Otterbourg Preliminary Report, Otterbourg provided the Fee Examiner with a written response addressing the issues raised in the Otterbourg Preliminary Report.  The Fee Examiner and Otterbourg also engaged in a telephone conference and multiple e-mail exchanges to address and resolve the issues raised in the Otterbourg Preliminary Report.

112.   As a result of this process, Otterbourg and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$48,105.60** and a reduction in expenses in the amount of **$571.19**.  The recommended reduction results in a recommended allowance of fees in the amount of **$1,579,230.40** and reimbursement for expenses in the amount of **$13,241.44**.  The Fee Examiner supports Otterbourg's modified request.

**Parkins & Rubio LLP**

113.   Parkins & Rubio LLP (f/k/a Parkins Lee & Rubio LLP) ("P&R") serves as special counsel to the TCC.  For its services, P&R is compensated on an hourly fee basis.  See *Revised Order Authorizing Retention of Parkins Lee & Rubio LLP* [Docket No. 856].  On June 24, 2022, P&R filed the *Second Interim Application for Allowance of Compensation and Reimbursement of Expenses of Parkins & Rubio LLP as Special Counsel for the Official Committee of Talc Claimants for the Period From February 1, 2022 Through May 31, 2022* [Docket No. 2589] ("P&R's Fee Application").  P&R's Fee Application seeks interim approval of fees in the

amount of \$556,450.87 and reimbursement of expenses in the amount of \$12,753.62 for the period from February 1, 2022 through May 31, 2022.

114.    The Fee Examiner reviewed P&R's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "<u>P&R Preliminary Report</u>") that identified the following areas of inquiry with respect to P&R's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Billing discrepancies;

(d)    Lumped time entries;

(e)    Vague time entries;

(f)    Inter-firm duplication;

(g)    Legal research;

(h)    Multiple attendees; and

(i)    Non-supported expenses.

115.    Although the P&R Preliminary Report raised issues relating to the challenged expenses, the Fee Examiner primarily requested additional information or additional supporting documentation in relation to the expense categories.

116.    In response to the P&R Preliminary Report, P&R provided the Fee Examiner with a written response addressing the issues identified in P&R's Fee Application.  P&R and the Fee Examiner engaged in multiple telephone conference and additional e-mail exchanges to address and resolve the issues raised by the P&R Preliminary Report.

117.    As a result of this process, P&R and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$30,019.99** and a recommended reduction in expenses in the amount of **$661.27**.   The recommended reduction results in a recommended allowance of fees in the amount of **$526,430.88** and reimbursement for expenses in the amount of **$12,092.35**.   The Fee Examiner supports P&R's modified request.

**Randi S. Ellis**

118.    Randi S. Ellis ("Ellis") serves as Legal Representative for Future Talc Claimants. For her services, Ellis is compensated on an hourly fee basis.   See *Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Docket No. 1876].   On July 11, 2022, Ellis filed the *First Interim Application of Randi S. Ellis, Legal Representative for Future Talc Claimants, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From March 8, 2022 Through May 31, 2022* [Docket No. 2688] ("Ellis's Fee Application").   Ellis's Fee Application seeks interim approval of fees in the amount of $376,675.00 and reimbursement of expenses in the amount of $7,086.66 for the period from March 8, 2022 through May 31, 2022.

119.    The Fee Examiner reviewed Ellis's Fee Application to ensure compliance with the applicable rules, orders and guidelines.   Based on this review, the Fee Examiner generated a Preliminary Report (the "Ellis Preliminary Report") that identified the following areas of inquiry with respect to Ellis's Fee Application:

(a)    Billing discrepancies;

(b)    Lumped time entries;

(c)    Time increments/block billing;

(d)    Vague time entries; and

45

(e)     Travel expenses.

120.    Although the Ellis Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

121.    In response to the Ellis Preliminary Report, Ellis's counsel and the Fee Examiner conducted a telephone conference, Ellis's counsel provided a detailed written response, and Ellis's counsel and the Fee Examiner engaged in an e-mail exchange to address and resolve the issues raised by the Ellis Preliminary Report.

122.    As a result of this process, Ellis and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$15,339.00**.  The recommended reduction results in a recommended allowance of fees in the amount of **$361,336.00** and reimbursement for expenses in the amount of **$7,086.66**.  The Fee Examiner supports Ellis's modified request.

**Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.**

123.    Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. ("Sherman Silverstein") serves as local counsel to the TCC II.  For its services, Sherman Silverstein is compensated on an hourly fee basis.  See *Order Authorizing Retention of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.* [Docket No. 1606].  On June 24, 2022, Sherman Silverstein filed the *Second Interim Application of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as Counsel to the Official Committee of Tort Claimants II, for Allowance of Fees and Reimbursement of Expenses* [Docket No. 2578] ("Sherman Silverstein's Fee Application").  Sherman Silverstein's Fee Application seeks interim approval of fees in the amount of $337,057.50 and reimbursement of expenses in the amount of $10,106.94 for the period from February 1, 2022 through May 31, 2022.  Because of the disbandment of the TCC II in April 2022, the Fee Examiner and Sherman

Silverstein determined that Sherman Silverstein's Fee Application should be treated as its final fee application.  Accordingly, Sherman Silverstein's Fee Application also seeks final approval of fees in the amount of $528,443.50, and reimbursement of expenses in the amount of $13,608.19, for the period from December 31, 2021 to May 31, 2022.

124.    The Fee Examiner reviewed Sherman Silverstein's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Sherman Silverstein Preliminary Report") that identified the following areas of inquiry with respect to Sherman Silverstein's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Time increments/block billing;

(d)    Transitory timekeepers;

(e)    Vague time entries;

(f)    Extended days;

(g)    Paraprofessional tasks performed by attorneys; and

(h)    Non-supported expenses.

125.    Although the Sherman Silverstein Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

126.    In response to the Sherman Silverstein Preliminary Report, Sherman Silverstein provided the Fee Examiner with a comprehensive written response addressing the issues identified in Sherman Silverstein's Fee Application.  Sherman Silverstein and the Fee Examiner

conducted a telephone conference and engaged in an e-mail exchange to address and resolve the issues raised by the Sherman Silverstein Preliminary Report.

127.    As a result of this process, Sherman Silverstein and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$11,095.00** and no reduction in expenses. The recommended reduction results in a recommended allowance of fees in the amount of **$325,962.50** and reimbursement for expenses in the amount of **$10,106.94** as to the Second Fee Period. The Fee Examiner supports Sherman Silverstein's modified request.

128.    Consistent with these Second Fee Period recommendations, the Fee Examiner intends to recommend that a total of **$517,348.50** in fees and **$13,608.19** in expenses be approved, on a final basis, calculated as follows:

| Fee Period | Fees Approved on a Final Basis | Expenses Approved on a Final Basis |
|---|---|---|
| **First** - December 31, 2021 – January 31, 2022 | $191,386.00 | $3,501.25 |
| **Second** – February 1, 2022 – May 31, 2022 | $325,962.50 | $10,106.94 |
| **TOTAL** | $517,348.50 | $13,608.19 |

## Skadden, Arps, Slate, Meagher & Flom LLP

129.    Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") serves as special counsel to the Debtor. For its services, Skadden is compensated on an hourly fee basis. *See Order Authorizing Retention of Skadden, Arps, Slate, Meagher & Flom LLP* [Docket No. 1687]. On June 24, 2022, Skadden filed the *Second Interim Application of Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel to LTL Management LLC for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From February 1, 2022 Through May 31, 2022* [Docket No. 2602] ("Skadden's Fee Application"). Skadden's Fee Application seeks interim approval of fees in the amount of $1,012,386.10 and reimbursement of expenses in the amount of $157,890.06 for the period from

48

February 1, 2022 through May 31, 2022.  The Fee Application states that Skadden voluntarily reduced its fees by $15,245.53 and its expenses by $2,686.14.

130.    The Fee Examiner reviewed Skadden's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Skadden Preliminary Report") that identified the following areas of inquiry with respect to Skadden's Fee Application:

(a)    Billing discrepancies;

(b)    Time increments/block billing;

(c)    Repetitive time entries;

(d)    Duplicative tasks/overstaffing;

(e)    Inter-firm duplication;

(f)    Extended days;

(g)    Multiple attendees;

(h)    Excessive time;

(i)    Administrative or clerical tasks;

(j)    Excessive time spent preparing fee applications;

(k)    Excessive time defending fee application/interacting with Fee Examiner;

(l)    Overhead expenses; and

(m)    Expert Fees.

131.    Although the Skadden Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

132.     In response to the Skadden Preliminary Report, Skadden and the Fee Examiner conducted a telephone conference, Skadden provided a detailed written response, and Skadden and the Fee Examiner engaged in an e-mail exchange to address and resolve the issues raised by the Skadden Preliminary Report.

133.     As a result of this process, Skadden and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$30,344.59** and a recommended reduction in expenses in the amount of **$13.29**.  The recommended reduction results in a recommended allowance of fees in the amount of **$982,041.51** and reimbursement for expenses in the amount of **$157,876.77**.  The Fee Examiner supports Skadden's modified request.

**The Brattle Group, Inc.**

134.     The Brattle Group, Inc. ("Brattle") serves as claims economist to the TCC.  For its services, Brattle is compensated on an hourly fee basis.  See *Final Order Authorizing Retention of The Brattle Group, Inc. as Claims Economist to the Official Committee of Talc Claimants* [Docket No. 2389].  On July 7, 2022, Brattle filed the *First Interim Application of The Brattle Group, Inc. for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period January 15, 2022 through May 31, 2022* [Docket No. 2668] ("Brattle's Fee Application").  Brattle's Fee Application seeks interim approval of fees in the amount of $897,350.00 and reimbursement of expenses in the amount of $135.00 for the period from January 15, 2022 through May 31, 2022.

135.     The Fee Examiner reviewed Brattle's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Brattle Preliminary Report") that identified the following areas of inquiry with respect to Brattle's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Transitory timekeepers;

(c)     Vague time entries;

(d)     Repetitive time entries;

(e)     Duplicative tasks;

(f)     Multiple attendees;

(g)     Intra-office conferences;

(h)     Reviewing and editing time records; and

(i)     Non-supported Expenses.

136.    Although the Brattle Preliminary Report raised issues concerning these topics, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

137.    In response to the Brattle Preliminary Report, Brattle provided the Fee Examiner with a written response, and Brattle and the Fee Examiner engaged in a telephone conference, as well as e-mail exchanges, to address and resolve the issues raised by the Brattle Preliminary Report.

138.    As a result of this process, Brattle and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$4,832.50**.  The recommended reduction results in a recommended allowance of fees in the amount of **$892,517.50** and reimbursement for expenses in the amount of **$135.00**.  The Fee Examiner supports Brattle's modified request.

**Waldrep Wall Babcock & Bailey PLLC**

139.    Waldrep Wall Babcock & Bailey PLLC ("Waldrep Wall") serves as co-counsel to the TCC II.  For its services, Waldrep Wall is compensated on an hourly fee basis.  *See Order*

*Granting Application for Retention of Waldrep Wall Babcock & Bailey PLLC, Effective as of December 31, 2021* [Docket No. 1683].  On June 24, 2022, Waldrep Wall filed the *Second Interim Application of Waldrep Wall Babcock & Bailey PLLC, Bankruptcy Co-Counsel to the Official Committee of Talc Claimants II, for Allowance of Fees and Reimbursement of Expenses for the Period February 1, 2022 Through April 12, 2022* [Docket No. 2580] ("Waldrep Wall's Fee Application").  Waldrep Wall's Fee Application seeks interim approval of fees in the amount of $373,988.50 and expenses in the amount of $10,451.71 for the period from February 1, 2022 through April 12, 2022.  Because of the disbandment of the TCC II in April 2022, the Fee Examiner and Waldrep Wall determined that Waldrep Wall's Fee Application should be treated as its final fee application.  Accordingly, Waldrep Wall's Fee Application also seeks final approval of fees in the amount of $560,371.40, and reimbursement of expenses in the amount of $11,981.05, for the period from January 1, 2022 to April 12, 2022.

140.   The Fee Examiner reviewed Waldrep Wall's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Waldrep Wall Preliminary Report") that identified the following areas of inquiry with respect to Waldrep Wall's Fee Application:

(a)   Technical compliance with the UST Guidelines;

(b)   Time increments/block billing;

(c)   Lumped time entries;

(d)   Transitory timekeepers;

(e)   Vague time entries;

(f)   Inter-firm duplication;

(g)   Multiple attendees;

(h)    Excessive time spent preparing fee applications;

(i)    Non-supported expenses;

(j)    Travel expenses;

(k)    Meal expenses; and

(l)    Outside counsel charges.

141.    Although the Waldrep Wall Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

142.    In response to the Waldrep Wall Preliminary Report, Waldrep Wall and the Fee Examiner conducted a telephone conference and engaged in e-mail exchanges to address and resolve the issues raised by the Waldrep Wall Preliminary Report.

143.    As a result of this process, Waldrep Wall and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$20,000.00** and expenses in the amount of **$1,280.74**.  The recommended reduction results in a recommended allowance of fees in the amount of **$353,988.50** and expenses in the amount of **$9,170.97**.  The Fee Examiner supports Waldrep Wall's modified request.

144.    Consistent with the Second Fee Period recommendation noted above, the Fee Examiner intends to recommend that a total of **$540,371.40** in fees and **$10,700.31** in expenses be approved, on a final basis, calculated as follows:

| Fee Period | Fees Approved on a Final Basis | Expenses Approved on a Final Basis |
|---|---|---|
| **First** – January 1, 2022 – January 31, 2022 | $186,382.90 | $1,529.34 |
| **Second –** February 1, 2022 – April 12, 2022 | $353,988.50 | $9,170.97 |
| **TOTAL** | $540,371.40 | $10,700.31 |

**Walsh Pizzi O'Reilly Falanga LLP**

145.    Walsh Pizzi O'Reilly Falanga LLP ("Walsh Pizzi") serves as counsel to Randi S. Ellis, Legal Representative for Future Talc Claimants.   For its services, Walsh Pizzi is compensated on an hourly fee basis.  See *Order Authorizing Retention of Walsh Pizzi O'Reilly Falanga LLP* [Docket No. 1986].   On July 11, 2022, Walsh Pizzi filed the *First Interim Application of Walsh Pizzi O'Reilly Falanga LLP as Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From March 8, 2022 Through May 31, 2022* [Docket No. 2690] ("Walsh Pizzi's Fee Application").  Walsh Pizzi's Fee Application seeks interim approval of fees in the amount of $573,347.00 and reimbursement of expenses in the amount of $2,561.76 for the period from March 8, 2022 through May 31, 2022.

146.    The Fee Examiner reviewed Walsh Pizzi's Fee Application to ensure compliance with the applicable rules, orders and guidelines.   Based on this review, the Fee Examiner generated a Preliminary Report (the "Walsh Pizzi Preliminary Report") that identified the following areas of inquiry with respect to Walsh Pizzi's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing;

(c)    Billing discrepancies;

(d)    Lumped time entries;

(e)    Vague time entries;

(f)    Repetitive time entries;

(g)    Intra-firm duplication;

(h)    Multiple attendees;

(i)    Intra-office conferences;

(j)    Excessive time/overstaffing;

(k)    Administrative or clerical tasks; and

(l)    Meal expenses.

147.    Although the Walsh Pizzi Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

148.    In response to the Walsh Pizzi Preliminary Report, Walsh Pizzi and the Fee Examiner conducted a telephone conference, Walsh Pizzi provided a detailed written response, and Walsh Pizzi and the Fee Examiner engaged in an e-mail exchange to address and resolve the issues raised by the Walsh Pizzi Preliminary Report.

149.    As a result of this process, Walsh Pizzi and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$16,000.20**.   The recommended reduction results in a recommended allowance of fees in the amount of **$557,346.80** and reimbursement for expenses in the amount of **$2,561.76**.   The Fee Examiner supports Walsh Pizzi's modified request.

**Weil, Gotshal & Manges LLP**

150.    Weil, Gotshal & Manges LLP ("Weil") serves as special counsel to the Debtor. For its services, Weil is compensated on an hourly fee basis.  See *Order Authorizing Retention of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel* [Docket No. 1752].  On June 24, 2022, Weil filed the *Second Interim Fee Application of Weil, Gotshal & Manges LLP, as Special Counsel to the Debtor, for an Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From February 1,*

*2022 Through and Including May 31, 2022* [Docket No. 2601] ("Weil's Fee Application").

Weil's Fee Application seeks interim approval of fees in the amount of $434,219.44 and

reimbursement of expenses in the amount of $2,827.75 for the period from February 1, 2022

through May 31, 2022.

151.    The Fee Examiner reviewed Weil's Fee Application to ensure compliance with

the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a

Preliminary Report (the "Weil Preliminary Report") that identified the following areas of inquiry

with respect to Weil's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Rate increases;

(c)    Lumped time entries;

(d)    Time increments/block billing;

(e)    Vague time entries;

(f)    Transitory timekeepers;

(g)    Inter-firm duplication;

(h)    Excessive time;

(i)    Excessive time spent preparing fee applications;

(j)    Excessive time spent defending fee applications/interacting with Fee Examiner;

(k)    Non-supported expenses; and

(l)    Overhead expenses.

152.    Although the Weil Preliminary Report raised the issues listed above, the Fee

Examiner simply requested additional information or additional supporting documentation in

relation to many of the above categories.

153.    In response to the Weil Preliminary Report, Weil and the Fee Examiner conducted a telephone conference, and Weil provided a detailed written response.  The Fee Examiner and Weil also engaged in e-mail exchanges to address and resolve the issues raised by the Weil Preliminary Report.

154.    As a result of this process, Weil and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$28,541.81** and a reduction in expenses in the amount of **$40.00**.  The recommended reduction results in a recommended allowance of fees in the amount of **$405,677.63** and reimbursement for expenses in the amount of **$2,787.75**.  The Fee Examiner supports Weil's modified request.

**Wollmuth Maher & Deutsch LLP**

155.    Wollmuth Maher & Deutsch LLP ("Wollmuth Maher") serves as co-counsel for the Debtor.  For its services, Wollmuth Maher is compensated on an hourly fee basis.  See *Order Authorizing Retention of Wollmuth Maher & Deutsch LLP, as Co-Counsel for the Debtor, Nunc Pro Tunc to November 12, 2021* [Docket No. 851].  On June 24, 2022, Wollmuth Maher filed the *Second Interim Fee Application of Wollmuth Maher & Deutsch LLP for Allowance of Fees and Reimbursement of Expenses as Counsel for Chapter 11 Debtor for the Period February 1, 2022 Through May 31, 2022* [Docket No. 2596] ("Wollmuth Maher's Fee Application").  Wollmuth Maher's Fee Application seeks interim approval of fees in the amount of $1,010,483.50 and expenses in the amount of $13,642.83 for the period from February 1, 2022 through May 31, 2022.

156.    The Fee Examiner reviewed Wollmuth Maher's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee

Examiner generated a Preliminary Report (the "<u>Wollmuth Maher Preliminary Report</u>") that identified the following areas of inquiry with respect to Wollmuth Maher's Fee Application:

(a)     Lumped time entries;

(b)     Time increments/block billing;

(c)     Vague time entries;

(d)     Inter-firm duplication;

(e)     Multiple attendees;

(f)     Administrative or clerical tasks;

(g)     Paraprofessional tasks billed by attorneys;

(h)     Non-working travel;

(i)     Excessive time spent preparing fee applications;

(j)     Reviewing and editing time records; and

(k)     Non-supported expenses.

157.     Although the Wollmuth Maher Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

158.     In response to the Wollmuth Maher Preliminary Report, the Fee Examiner and Wollmuth Maher conducted a telephone conference and engaged in e-mail exchanges to address and resolve the issues raised by the Wollmuth Maher Preliminary Report.

159.     As a result of this process, Wollmuth Maher and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **<u>$41,951.55</u>**.  The recommended reduction results in a recommended allowance of fees in the amount of **<u>$968,531.95</u>** and expenses in the amount of **<u>$13,642.83</u>**.  The Fee Examiner supports Wollmuth Maher's modified request.

**Womble Bond Dickinson (US) LLP**

160.    Womble Bond Dickinson (US) LLP ("WBD") serves as counsel to the Ad Hoc Committee of States Holding Consumer Protection Claims.    For its services, WBD is compensated on an hourly basis.    See *Order Authorizing the Debtor to Enter into the Reimbursement Agreement* [Docket No. 2585].    On July 15, 2022, WBD filed the *Combined First Interim and Monthly Application of Womble Bond Dickinson (US) LLP as Counsel for the Ad Hoc Committee of States for Compensation for Professionals Services Rendered and Reimbursement of Expenses Incurred for the Period From March 10, 2022 Through April 30, 2022* [Docket No. 2718] ("WBD's Fee Application").    WBD's Fee Application seeks interim approval of fees in the amount of $13,781.50 for the Second Fee Period.

161.    The Fee Examiner reviewed WBD's Fee Application to ensure compliance with the applicable rules, orders, and guidelines.    Based on this review, the Fee Examiner did not identify any issues in WBD's Fee Application and recommends no reduction in the fees requested.    Accordingly, to save the estates the expense, the Fee Examiner did not prepare a Preliminary Report and supports WBD's request for fees totaling **$13,781.50** for the Second Fee Period.

## V.    FEE EXAMINER'S RECOMMENDATION AS TO THE HOLDBACK

162.    As one bankruptcy court has noted, there are difficulties in "assessing the reasonableness of compensation when the results of the bankruptcy are not yet known and uncertain." In re Value City Holdings, Inc., 436 B.R. 300, 303 (Bankr. S.D.N.Y. 2010) (footnote omitted).    As that court noted, the position of the UST has usually been that "it is not prudent to award payment in full of requested fees on an interim basis until events in the case have unfolded and more is revealed about the outcome of the reorganizations process." Id.    Accordingly,

maintaining a holdback through at least the Second Fee Period, if not the entire case (in some,

perhaps declining amount as time progresses) has become a fairly standard procedure in many

chapter 11 cases:

> With this salutary objection in mind, it has become standard practice for interim fee orders to include a holdback in a percentage (often in the range of ten to twenty percent) that is acceptable to the applicant and to the UST with the understanding that the amount held back will be available for distribution at a later date depending on developments in the case and the results achieved.  Indeed, in the present chapter 11 cases, the interim fee order provides for a twenty percent holdback on interim monthly compensation.

Id.; see also In re Acme Cake Co., Inc., 2010 WL 4103761 (Bankr. E.D.N.Y., Oct. 18, 2010)

(court notes awards of interim fees were subject to a 20% holdback).  Indeed, one court has

noted that holdbacks serve at least two purposes: as a hedge against uncertainty in the future of

the case, and also "as a carrot to incentivize professionals to get the case wrapped up and to get

the plan consideration into the pockets of creditors."  In re Motors Liquidation Co., First Interim

Fee H'rg Tr. At 43:8-17, No. 09-50026 (Bankr. S.D.N.Y. April 29, 2010 at 5:24 p.m.).  The

same court also noted that it may be appropriate to reduce the holdback percentage as the case

progresses.  Id. at 44:1-11.  The Interim Compensation Order in these cases also provides for a

twenty percent (20%) holdback on payment of fees requested in the monthly statement submitted

by any Retained Professional.  Interim Compensation Order, ¶ 2(g).  Given the status of these

cases, and for the reasons detailed below, the Fee Examiner recommends that the holdback

amounts applicable to the Second Fee Period be released to the subject Retained Professionals

except as to Gilbert LLP; Epiq Corporate Restructuring, LLC; Shook Hardy & Bacon L.L.P.;

Berkeley Research Group, LLC; Hogan Lovells US LLP; and Monzack Mersky and Browder,

P,A., who did not file fee applications for the Second Fee Period by the deadline.  The Fee

Examiner recommends that the full twenty percent (20%) holdback for all subsequent fee periods

remain in place for all of the Retained Professionals, pending allowance of future fee applications.

## VI.    <u>CONCLUSION</u>

163.    Accordingly, the Fee Examiner recommends that fees be allowed and expenses be reimbursed as set forth above and on <u>Exhibits A and B</u> hereto.    A proposed form of order implementing these recommendations will be filed with the Court.


Dated:  August 31, 2022                    Respectfully submitted,

<u>/s/Jeffrey Traurig</u>
Jeffrey Traurig, Esq.
TRAURIG LAW LLC
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com

*Local Counsel to the Fee Examiner*

-and-

Robert J. Keach, Esq. (admitted *pro hac vice*)
Letson Douglass Boots, Esq. (admitted *pro hac vice*)
BERNSTEIN SHUR SAWYER & NELSON, P.A.
100 Middle Street, P.O. Box 9729
Portland, ME 04104
Telephone:    (207) 774-1200
Fax:          (207) 774-1127
Email:        rkeach@bernsteinshur.com
Email:        lboots@bernsteinshur.com

*Fee Examiner and Counsel to the Fee Examiner*

**Exhibit A**

LTL MANAGEMENT LLC
CASE NO. 21-30589-MBK

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | *First Interim Fee Application* | | | | | | | |
| | *Special Insurance Counsel for the Debtor* | | | | | | | |
| 1 | **Anderson Kill PC [Dkt. No. 2623]** | 2/1/2022 - 5/31/2022 | $ 264,856.00 | $ 13,476.00 | $ - | $ - | $ 251,380.00 | $ - |
| | *Counsel to the Debtor* | | | | | | | |
| 2 | **Jones Day [Dkt. No. 2360]** | 10/14/2021 - 1/31/2022 | $ 9,799,493.75 | $ 376,790.25 | $ 55,369.17 | $ 251.50 | $ 9,422,703.50 | $ 55,117.67 |
| | *Special Appellate Litigation Counsel to Official Committee of Talc Claimants I* | | | | | | | |
| 3 | **MoloLamken LLP [Dkt. No. 2584]** | 5/20/2022 - 5/31/2022 | $ 65,041.00 | $ 12,452.80 | $ - | $ - | $ 52,588.20 | $ - |
| | *Debtor's Special Talc Litigation Appellate Counsel* | | | | | | | |
| 4 | **Orrick Herrington & Sutcliffe LLP [Dkt. No. 2560]** | 10/14/2021 - 1/31/2022 | $ 757,879.00 | $ 32,193.98 | $ 25,848.83 | $ - | $ 725,685.02 | $ 25,848.83 |
| | *Legal Representative for Future Talc Claimants* | | | | | | | |
| 5 | **Randi S. Ellis [Dkt. No. 2688]** | 3/8/2022 - 5/31/2022 | $ 376,675.00 | $ 15,339.00 | $ 7,086.66 | $ - | $ 361,336.00 | $ 7,086.66 |
| | *Talc Consultants to the Official Committee of Talc Claimants* | | | | | | | |
| 6 | **The Brattle Group, Inc. [Dkt. No. 2668]** | 1/15/2022 - 5/31/2022 | $ 897,350.00 | $ 4,832.50 | $ 135.00 | $ - | $ 892,517.50 | $ 135.00 |
| | *Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants* | | | | | | | |
| 7 | **Walsh Pizzi O'Reilly Falanga LLP [Dkt. No. 2690]** | 3/8/2022 - 5/31/2022 | $ 573,347.00 | $ 16,000.20 | $ 2,561.76 | $ - | $ 557,346.80 | $ 2,561.76 |
| | *Counsel for the Ad Hoc Committee of States* | | | | | | | |
| 8 | **Womble Bond Dickinson (US) LLP [Dkt. No. 2718]** | 3/10/2022-4/30/2022 | $ 13,781.50 | $ - | $ - | $ - | $ 13,781.50 | $ - |
| | *Second Interim and/or Final Fee Application* | | | | | | | |
| | *Financial Advisor to the Chapter 11 Debtor* | | | | | | | |
| 9 | **AlixPartners, LLP [Dkt. No. 2599]** | 2/1/2022 - 5/31/2022 | $ 509,406.25 | $ 14,620.65 | $ 5,641.88 | $ 305.89 | $ 494,785.60 | $ 5,335.99 |
| | *Counsel to the Official Committee of Talc Claimants II* | | | | | | | |
| 10 | **Bailey Glasser LLP [Dkt. No. 2581]** | 2/1/2022 - 5/31/2022 | $ 2,152,745.00 | $ 203,562.50 | $ 206,123.66 | $ 19.00 | $ 1,949,182.50 | $ 206,104.66 |
| | *Talc Consultants for Debtor* | | | | | | | |
| 11 | **Bates White, LLC [Dkt. No. 2597]** | 2/1/2022 - 5/31/2022 | $ 889,274.50 | $ 23,474.20 | $ 741.72 | $ - | $ 865,800.30 | $ 741.72 |
| | *Co-Counsel to the Official Committee of Talc Claimants I* | | | | | | | |
| 12 | **Brown Rudnick LLP [Dkt. No. 2579]** | 3/1/2022 - 5/31/2022 | $ 4,655,854.50 | $ 260,636.00 | $ 126,328.04 | $ 9,018.21 | $ 4,395,218.50 | $ 117,309.83 |
| | *Financial Advisor to the Official Committee of Talc Claimants* | | | | | | | |
| 13 | **FTI Consulting, Inc. [Dkt. No. 2583]** | 2/1/2022 - 5/31/2022 | $ 1,952,296.00 | $ 136,396.35 | $ 6,643.55 | $ 486.25 | $ 1,815,899.65 | $ 6,157.30 |
| | *Local Counsel to the Official Committee of Talc Claimants I* | | | | | | | |
| 14 | **Genova Burns LLC [Dkt. No. 2577]** | 3/1/2022 - 5/31/2022 | $ 393,415.00 | $ 6,241.50 | $ 14,210.72 | $ - | $ 387,173.50 | $ 14,210.72 |
| | *Investment Banker to the Official Committee of Talc Claimants I* | | | | | | | |
| 15 | **Houlihan Lokey Capital, Inc. [Dkt. No. 2667]** | 2/1/2022 - 5/31/2022 | $ 696,432.00 | $ - | $ 4,543.83 | $ - | $ 696,432.00 | $ 4,543.83 |
| | *Counsel to the Debtor* | | | | | | | |
| 16 | **Jones Day [Dkt. No. 2604]** | 2/1/2022 - 5/31/2022 | $ 8,161,596.25 | $ 318,985.00 | $ 140,430.02 | $ 440.38 | $ 7,842,611.25 | $ 139,989.64 |
| | *Special Counsel to the Debtor* | | | | | | | |
| 17 | **King & Spalding LLP [Dkt. No. 2595 ]** | 2/1/2022 - 5/31/2022 | $ 315,438.80 | $ 25,699.20 | $ 12,380.00 | $ - | $ 289,739.60 | $ 12,380.00 |
| | *Co-Counsel to the Official Committee of Talc Claimants II* | | | | | | | |
| 18 | **Massey & Gail [Dkt. No. 2582]** | 2/1/2022 - 5/31/2022 | $ 1,003,801.50 | $ 5,880.00 | $ 9,674.77 | $ 1,378.00 | $ 997,921.50 | $ 8,296.77 |
| | *Special Insurance Counsel for the Debtor* | | | | | | | |
| 19 | **McCarter & English, LLP [Dkt. No. 2598]** | 2/1/2022 - 5/31/2022 | $ 270,610.57 | $ 11,649.35 | $ 69.67 | $ - | $ 258,961.22 | $ 69.67 |
| | *Debtor's Special Talc Litigation Appellate Counsel* | | | | | | | |
| 20 | **Orrick, Herrington & Sutcliffe LLP [Dkt. No. 2561]** | 2/1/2022 - 5/31/2022 | $ 408,200.70 | $ 22,309.08 | $ 44.12 | $ - | $ 385,891.62 | $ 44.12 |
| | *Co-Counsel for the Official Committee of Talc Claimants I* | | | | | | | |
| 21 | **Otterbourg P.C. [Dkt. No. 2588]** | 3/1/2022 - 5/31/2022 | $ 1,627,336.00 | $ 48,105.60 | $ 13,812.63 | $ 571.19 | $ 1,579,230.40 | $ 13,241.44 |
| | *Special Bankruptcy Counsel for the Official Committee of Talc Claimants* | | | | | | | |
| 22 | **Parkins & Rubio LLP [Dkt. No. 2589]** | 2/1/2022 - 5/31/2022 | $ 556,450.87 | $ 30,019.99 | $ 12,753.62 | $ 661.27 | $ 526,430.88 | $ 12,092.35 |
| | *Special Counsel to the Debtor* | | | | | | | |
| 23 | **Skadden, Arps, Slate, Meagher & Flom LLP [Dkt. No. 2602]** | 2/1/2022 - 5/31/2022 | $ 1,012,386.10 | $ 30,344.59 | $ 157,890.06 | $ 13.29 | $ 982,041.51 | $ 157,876.77 |

LTL MANAGEMENT LLC
CASE NO. 21-30589-MBK

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| 24 | Special Counsel to the Debtor | | | | | | | |
| | Weil, Gotshal & Manges LLP [Dkt. No. 2601] | 2/1/2022 - 5/31/2022 | $ 434,219.44 | $ 28,541.81 | $2,827.75 | $ 40.00 | $ 405,677.63 | $2,787.75 |
| 25 | Counsel for the Debtor | | | | | | | |
| | Wollmuth Maher & Deutsch LLP [Dkt. No. 2596] | 2/1/2022 - 5/31/2022 | $ 1,010,483.50 | $ 41,951.55 | $ 13,642.83 | $ - | $ 968,531.95 | $ 13,642.83 |
| | TOTALS | | $ 39,509,416.23 | $ 1,710,597.10 | $ 839,318.94 | $ 14,465.72 | $ 37,798,819.13 | $ 824,853.22 |

| | Applicant | Compensation Period | Interim Fees Requested (CAD) | Fee Examiner's Recommended Fee Adjustments (CAD) | Interim Expenses Requested (CAD) | Fee Examiner's Recommended Expense Adjustments (CAD) | Interim Fees Recommended for Approval (CAD) | Interim Expenses Recommended for Approval (CAD) |
|---|---|---|---|---|---|---|---|---|
| 26 | Counsel for the Debtor | | | | | | | |
| | Blake, Cassels & Graydon LLP[1] [Dkt. No. 2600] Second Interim Fee Application | 2/1/2022 - 5/31/2022 | $ 207,415.49 | $ 9,933.10 | $ 27,604.02 | $ - | $ 197,482.39 | $ 27,604.02 |
| 27 | Canadian Counsel to the Official Committee of Talc Claimants | | | | | | | |
| | Miller Thompson LLP [Dkt. No. 2233] First Interim Fee Application | 12/10/2021 - 3/31/2022 | $ 256,186.00 | $ - | $ 33,429.23 | $ - | $ 256,186.00 | $ 33,429.23 |
| 28 | Canadian Counsel to the Official Committee of Talc Claimants | | | | | | | |
| | Miller Thompson LLP [Dkt. No. 2586] Second Interim Fee Application | 4/1/2022 - 5/31/2022 | $ 174,404.00 | $ 6,913.15 | $ 22,672.52 | $ - | $ 167,490.85 | $ 22,672.52 |
| | TOTALS (CAD) | | $ 638,005.49 | $ 16,846.25 | $ 83,705.77 | $ - | $ 621,159.24 | $ 83,705.77 |

[1] Interim Expenses Requested and Interim Expenses Recommended for Approval include the Canadian harmonized sales tax.

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | **Final Fee Applications** | | | | | | | |
| 29 | Co-Counsel for the Official Committee of Talc Claimants II | | | | | | | |
| | Cooley LLP [Dkt. Nos. 1767 & 2603] | 12/31/2021 - 4/12/2022 | $ 11,665,152.50 | $ 1,626,278.63 | $ 373,721.37 | $ 373,721.37 | $ 10,038,873.87 | $ - |
| 30 | Counsel to the Official Committee of Talc Claimants II | | | | | | | |
| | Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. [Dkt. No. 2578] | 2/1/2022 - 5/31/2022 | $ 337,057.50 | $ 11,095.00 | $ 10,106.94 | $ - | $ 325,962.50 | $ 10,106.94 |
| 31 | Bankruptcy Co-Counsel to the Official Committee of Talc Claimants II | | | | | | | |
| | Waldrep Wall Babcock & Bailey PLLC [Dkt. No. 2580] | 2/1/2022 - 4/12/2022 | $ 373,988.50 | $ 20,000.00 | $ 10,451.71 | $ 1,280.74 | $ 353,988.50 | $ 9,170.97 |
| | TOTALS | | $ 12,376,198.50 | $ 1,657,373.63 | $ 394,280.02 | $ 375,002.11 | $ 10,718,824.87 | $ 19,277.91 |

**<u>Exhibit B</u>**

**LTL MANAGEMENT LLC**
**CASE NO. 21-30589-MBK**

| Applicant | Total Fees Awarded | Total Expenses Awarded |
|---|---|---|
| Cooley LLP | $10,038,873.87 | $0.00 |
| Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. | $517,348.50 | $13,608.19 |
| Waldrep Wall Babcock & Bailey PLLC | $540,371.40 | $10,700.31 |
| **TOTAL:** | **$11,096,593.77** | **$24,308.50** |