# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • FACSIMILE: +1.214.969.5100

Direct Number: (214) 969-4515
dbprieto@jonesday.com

September 7, 2022

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

    Re:  LTL Management LLC, Case No. 21-30589 (MBK)

Dear Chief Judge Kaplan:

    We write regarding a dispute about the scope of the relief granted in the *Order Granting Limited Relief From the Automatic Stay* [Dkt. 2836] (the "Order"). Notwithstanding the express terms of the Order and the automatic stay, Joseph Satterley, counsel to Mr. Anthony Hernandez Valadez (the "Movant"), asserts he is authorized to take significant discovery and otherwise prepare for trial of the Movant's single mesothelioma claim against the Debtor in California state court, while the claims of other similarly situated claimants remain stayed. Counsel to the Debtor discussed the scope of the Order with Mr. Satterley on September 3, 2022, but the parties have been unable to resolve the dispute. As a result, the Debtor requests that the Court address the scope of the Order at the September 14, 2022 omnibus hearing or such other date that the Court may determine.

    The Order grants the Movant *limited* relief from the automatic stay to (a) "conduct such discovery as necessary to *preserve evidence* pertinent to [the Movant's] claim that may otherwise be lost or destroyed, including, but not limited to, [Movant's] pathology materials" and (b) "make any appropriate motion immediately in the California Action required *to obtain an expedited trial date* or priority *in the event that the Third Circuit Court of Appeals reverses* this Court's order denying the motion to dismiss the bankruptcy case [Dkt. 1603] *and the case is dismissed*." Id. at ¶ 2 (emphasis added). The Order confirms that the Court retained jurisdiction to hear and determine all matters related to "interpretation and/or enforcement" of the Order, "including with respect to the scope of the relief granted" by the Order. Id. at ¶ 6.

    As permitted by the Order, the Movant obtained an expedited trial date of November 7, 2022, although the California state court indicated that trial would commence on that date "only in the event that the New Jersey Bankruptcy Court stay is lifted as to defendant Johnson & Johnson and the retailer defendants prior to the 11/7/2022 trial date." See Minutes of August 26,

JONES DAY

September 7, 2022
Page 2

2022 Hearing on Motion for Trial Preference, *Valadez vs. Johnson & Johnson, et. al*, 22CV012759 (Sup. Ct. Cal.), attached hereto as Exhibit A.[1]

But the Movant's counsel now is seeking to prepare for trial and try his case as if the automatic stay and the preliminary injunction were fully lifted by the Order. In particular, the Movant's counsel has requested that Johnson & Johnson ("J&J") and other defendants who are protected parties under the preliminary injunction order [Dkt. 1635; Adv. No. 21-3032, Dkt. 187] (the "PI Order") agree to certain proposed discovery and pre-trial deadlines, including deadlines for general fact and expert discovery. The Movant's counsel has also asked what steps J&J has taken to preserve documents relevant to the case, who will serve as the corporate witness in the case and requested depositions of "any employees with knowledge about talc issues [who] intend on retiring or leaving the company between now and the [November 7, 2022] trial date." None of these requests, however, are necessary because the Movant's counsel already knows that the relevant evidence is preserved.

In fact, prior to the Debtor's chapter 11 case, the Movant's counsel took the deposition of J&J's corporate representative in four separate matters over the course of five days, regarding J&J's efforts to preserve and collect documents potentially relevant to the talc-related litigation. Thus, counsel is well aware that the relevant evidence is preserved and that J&J has legal holds in place. Furthermore, employees of J&J with knowledge about talc issues have already been widely deposed by the plaintiffs' bar and counsel's own firm.[2] The Debtor also understands that J&J has facilitated the depositions of numerous former employees notwithstanding their departure from the company.

---

[1] Section 36 of the California Code of Civil Procedure provides an avenue for litigants who meet certain criteria to obtain a highly expedited trial date known as a "preferential" trial setting. A litigant is eligible for a preferential trial setting if they are over 70 years of age, have a "substantial interest in the action as a whole," and their health is such that "preference is necessary to prevent prejudicing the party's interest in the litigation." (Code Civ. Proc. § 36(a).) Additionally, the court, in its discretion, "may also grant a motion for preference that is accompanied by clear and convincing medical documentation that concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and that satisfies the court that the interests of justice will be served by granting the preference." (Code Civ. Proc. § 36(d).) Upon granting a motion for preference, the court is statutorily required to "set the matter for trial not more than 120 days from [the] date" that the preference status is granted. (Code Civ. Proc. § 36(f).)

[2] To date, there have been approximately 120 days of depositions of J&J's current and former employees and/or corporate representatives, which have resulted in more than 27,000 pages of testimony. Approximately 20 current or former employees have been deposed as fact witnesses in 75 separate depositions, and more than 40 corporate representative depositions have been taken, addressing more than 300 noticed topics. There have also been 41 cases tried to date (11 ovarian cancer trials and 30 mesothelioma trials), producing more than 900 days of trial transcripts, including dozens of days of live corporate representative testimony

JONES DAY

September 7, 2022
Page 3

      The Order does not permit the Movant to conduct this discovery nor otherwise permit a trial on the Movant's claim.  Such broad relief from the stay would unfairly advance the Movant's claim while thousands of similarly situated claimants remain subject to the automatic stay and the PI Order.  Rather, the Order simply authorizes the Movant "to obtain an expedited trial date or priority in the event that the Third Circuit Court of Appeals reverses this Court's order denying the motion to dismiss the bankruptcy case [Dkt. 1603] and the case thereafter is dismissed" (Movant has done so) and permits Movant to seek *limited* discovery as described above.[3]  Order, ¶ 2.

      As the Court made clear in ruling on the Movant's lift stay motion:  "I am going to grant limited relief to allow discovery, to gather and preserve evidence that will support the claims against J&J ***in the future*** . . . .   I think it makes sense for equitable considerations that ***we don't want to lose evidence***. . . . I will also allow relief from the stay to enable Mr. Satterley to make any appropriate motion required to get expedited trial dates for his clients or priority ***in the event the Third Circuit does reverse my decision and this case is dismissed***."  July 28, 2022 Hr'g Tr., 20:13-21:3 (emphases added).

      Finally, the Court already has considered and rejected the Movant's argument about the scope of the relief when it considered competing orders with respect to the Movant's lift stay motion.  The Movant's counsel submitted a proposed form of order that would have granted the Movant the broad relief that his counsel now seeks.[4]  But the Court instead entered an order consistent with the Debtor's proposed order,[5] which does not permit the Movant to prepare for and try his claim.  See Order, ¶ 2.

                                              Respectfully submitted,

                                              */s/ Dan B. Prieto*
                                              Dan B. Prieto

---

[3]    As of the date of this letter, the Third Circuit has scheduled the appeals of this Court's order denying the claimants' motions to dismiss and granting the Debtor's request for a preliminary injunction for oral argument on September 19, 2022.

[4]    The Movant's counsel's proposed order provided that the Movant was authorized "to conduct discovery" with no limitations.

[5]    In contrast, the Debtor's proposed order stated that the Movant was authorized "to conduct discovery to gather and preserve evidence pertinent to Mr. Valadez's claim that may otherwise be lost or destroyed, including Mr. Valadez's pathology materials."