# Kazan, McClain, Satterley & Greenwood℠

### A Professional Law Corporation

KAZANLAW.COM

Joseph D. Satterley
jsatterley@kazanlaw.com

September 7, 2022

The Honorable Michael B. Kaplan
United States Bankruptcy Court, District of New Jersey
Clarkson S. Fisher Courthouse
402 East State Street, Courtroom #8
Trenton, NJ 08608

Re:    **LTL Management LLC, Case No. 21-30589 (MBK)**

Dear Chief Judge Kaplan:

I write to provide you with a status update on the talc mesothelioma case of my client Anthony Hernandez Valadez and to respond to the letter from Debtor's attorney Dan Prieto (the "Prieto Letter") [Dkt. No. 2973]. Pursuant to this Court's Order Granting Limited Relief from the Automatic Stay, filed on August 8, 2022 (the "Lift-Stay Order") [Dkt. No. 2386 at p. 2], Mr. Valadez was granted an expedited trial date of November 7, 2022. To ensure that he and Protected Parties[1] are ready for trial on November 7th, if the Third Circuit reverses this Court's orders,[2] I request that this Court enter the attached Proposed Order. I agree with Debtor's counsel that we can address the Proposed Order at the omnibus hearing on September 14, 2022.

## I.    Mr. Valadez's California State Court Case is Set for Trial on November 7, 2022.

The California State Court has set Mr. Valadez's case for an expedited trial on November 7, 2022, if "the New Jersey Bankruptcy Court stay is lifted."[3] It also ordered the parties to "meet and confer to discuss stipulations for the extension of statutory deadlines with regard to discovery, motions, expert designations, authorizations, etc." and to seek this Court's assistance "as to what, if any, additional order is needed [for] the parties to adequately prepare this matter for trial by November 7, 2022."[4] These issues will be discussed in state court on September 22, 2022.

## II.    Despite the Lift-Stay Order, Protected Parties Have Refused to Prepare for Trial.

Now that he has a trial date, Mr. Valadez is preparing his case for trial in case the Third Circuit reverses this Court's orders. Thus far, Mr. Valadez has noticed his deposition, and

---

[1] As defined in the Lift-Stay Order.

[2] The following orders of this Court are on appeal to the Third Circuit: (i) Order Denying Motion to Dismiss [Dkt. Nos. 1572 and 1603]; and (ii) Order Granting the Preliminary Injunction [Dkt. Nos. 1573 and 1635].

[3] A true and correct copy of the State Court's Order Granting Trial Preference is attached hereto.

[4] *Id.* at p. 2.

The Honorable Michael B. Kaplan
September 7, 2022
Page 2

Protected Parties will attend it. Also, Mr. Valadez will work with Protected Parties on a stipulation regarding testing Mr. Valadez's pathology materials upon receipt from his treating facilities.

Beyond that, Protected Parties have rejected Mr. Valadez's efforts to ensure that all parties are ready for trial and that Mr. Valadez could appear and have his case tried before he passes. For example, I informed Protected Parties that Mr. Valadez intends to propound discovery on what efforts they have taken to preserve documents relevant to this case and depose any of their employees with knowledge about talc issues that plan on leaving or retiring before trial.[5] I also proposed reasonable discovery and pre-trial deadlines, including that all discovery must be completed one week before trial. I also met and conferred with Mr. Prieto and proposed that the parties agree to discovery. In response to each request, Protected Parties contend that such discovery is outside the scope of the Lift-Stay Order. Mr. Prieto also asserts that "[n]one of these requests, however, are necessary because [Mr. Valadez's] counsel already knows that the relevant evidence is preserved."[6] In order words, Protected Parties argue that, notwithstanding the Lift-Stay Order and the California State Court's order, they need not do anything to prepare for trial.

Protected Parties' position is unsurprising because they have consistently refused to resolve this matter or stipulate to lift the stay since they were given notice of this case on April 20, 2022. Indeed, Debtor is essentially asking this Court to reconsider the Lift-Stay Order when its counsel repeatedly asserts that requiring Mr. Valadez and Protected Parties to prepare for trial would be unfair "while thousands of similarly situated claimants remain subject to the automatic stay and the PI Order."[7] A hearing on this disguised motion for reconsideration is not appropriate.

### III.    Entry of the Proposed Order Ensures That the Parties Are Ready for Trial.

Because the parties are at an impasse and it is undisputed that there is substantial medical doubt about Mr. Valadez's survival beyond late November or early December 2022, Mr. Valadez requests that this Court enter the attached Proposed Order to allow the parties to take and complete the discovery needed to be prepared for trial. This Court has the power to do so because it retains jurisdiction to hear and determine all matters regarding the Lift-Stay Order.[8]

Mr. Valadez's request is also consistent with the Lift-Stay Order and this Court's oral order on July 28, 2022. In part, this Court found it "reasonable" and "makes sense for equitable considerations" to grant Mr. Valadez "limited relief to allow discovery" to "gather and preserve evidence that will support the claims against J&J in the future."[9] This Court hoped that the Lift-

---

[5] Footnote two of the Prieto Letter is irrelevant because the discovery Mr. Valadez proposed narrowly seeks facts specific to this case. [Prieto Letter at p. 2, fn. 2.]
[6] *Id.* at p. 2.
[7] *Id.*
[8] Dkt. No. 2836 at p. 3.
[9] 7/28/22 Transcript at 20:13-21:3.

The Honorable Michael B. Kaplan
September 7, 2022
Page 3

Stay Order would "not…slow down the progress of the case Mr. Satterley presented."[10] Accordingly, entry of the Proposed Order is appropriate.

### IV.    Absent the Relief Requested, Your Honor's Oral Order on July 28th is Meaningless.

If the Third Circuit reverses either of this Court's orders, Mr. Valadez anticipates that Protected Parties will contend in state court that they need many weeks to be prepared for trial in this complex case because this Court's orders precluded them from conducting the necessary discovery. The Prieto Letter confirms this when it asserts that the Lift-Stay Order does not allow the parties to prepare for the expedited trial that Your Honor allowed them to obtain.[11] The entry of the Proposed Order cures Protected Parties' concerns because it will enable them to conduct the discovery required to prepare their defense. Beyond that, this argument lacks merit.

This Court should not allow Protected Parties to frustrate Your Honor's oral ruling on July 27, 2022, and to avoid preparing for the November 7th trial that Your Honor allowed Mr. Valadez to obtain. First, Protected Parties have been on notice of this case since April 20, 2022, and were given facts of this case, including medical records and declarations.

Second, Protected Parties have ample time to defend themselves at trial because of their years of experience litigating talc mesothelioma cases. Consistent with other such cases, Protected Parties will call an expert in mineralogy, likely Dr. Matthew Sanchez, to opine on the absence of asbestos in talc used in Johnson's Baby Powder. They will also call an epidemiologist, Dr. Richard Attanoos, to testify that epidemiological studies of talc miners and millers do not show an increased risk of mesothelioma despite the prevalence of mesothelioma in end users of talc. Protected Parties will likely have an expert, such as Dr. Gregory Diette, to opine that there are non-talc-related reasons for Mr. Valadez's mesothelioma. Protected Parties have advanced each of these defenses in almost every mesothelioma case.

Third, the state court is familiar with asbestos talc cases about Johnson's Baby Powder. and has already ruled on numerous motions in limine and page-and-line designations of key witnesses that the parties typically file in such cases.

Mr. Valadez respectfully requests Your Honor enter the Proposed Order to allow him and Protected Parties to take the necessary discovery to be prepared for trial on November 7, 2022. Absent the requested relief, the Lift-Stay order would become meaningless.

Respectfully submitted,
/s/ Joseph D. Satterley
Joseph D. Satterley

Attachments

---

[10] *Id.*

[11] Prieto Letter at p. 3; *see also* 7/28/22 Transcript at 20:13-21:3.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse, Department 18

## JUDICIAL OFFICER: HONORABLE JO-LYNNE LEE

Courtroom Clerk: Timothy Lopez                                                    CSR: None

---

**22CV012759**                                                       August 26, 2022
                                                                                  10:00 AM

**VALADEZ**
  **vs**
**JOHNSON & JOHNSON, et al.**

---

## MINUTES

**NATURE OF PROCEEDINGS: Hearing on Motion for Trial Preference**

Counsel on Zoom:

Joe Satterley, Julia Romano, Ian Rivamonte, Noushan Noureddini.

REPORTED BY CSR SHEILA PHAM.

The Motion for Trial Preference filed by ANTHONY HERNANDEZ VALADEZ on 08/04/2022
is Granted.

Plaintiff Anthony Valadez's ("Plaintiff" or "Mr. Valadez") Motion for Trial Setting Preference
pursuant to CCP §§ 36(d)-(f) is GRANTED pursuant to CCP § 36(d).

Plaintiff filed his Complaint in this action on 6/15/2022.

Plaintiff is only 23 years old but has malignant pericardial (lining of the heart) mesothelioma, a
particularly rare form of mesothelioma. He alleges his claims against Johnson & Johnson and
retailers for exposure to J & J baby powder (talc), which his mother apparently used regularly on
him and in the home during his childhood.

Asbestos torts claims against Johnson & Johnson (or a successor entity holding Johnson &
Johnson's asbestos torts liabilities) and retailers who sold Johnson & Johnson talcum powder
products are currently stayed by the New Jersey Bankruptcy Court in the case In re LTL
Management LLC, Case No. 21-3032. The New Jersey Bankruptcy Court stay Order is currently
on appeal in the Third Circuit Court of Appeals ("Third Circuit").

Plaintiff successfully sought leave from the bankruptcy court to allow Plaintiff "limited relief to
allow discovery, to gather and preserve evidence" and also "to make any appropriate motion
required to get expedited trial dates ....in the event the Third Circuit does reverse ... and the case
is dismissed."

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

In support of the trial preference motion, Plaintiff presents the following evidence: Plaintiff's symptoms of persistent cough and pericardial effusion presented in 2020. He was given multiple courses of colchine and prednesone without positive response. On 1/4/2022, he presented with progressive cervical adenopathy (enlarged or swollen lymph nodes), worsening pericardial effusion and small pleural effusions. He underwent a biopsy on 1/10/2022, performed by declaring doctor Leah Backhus, his thoracic surgeon, pathology of which revealed pericardial mesothelioma, epitheliod type. In February, Mr. Valadez underwent bilateral thoracentesis with removal of 1.5 liters from each side of his chest.

Dr. Backhus declares that as of 2/14/2022, Mr. Valadez's "extensive adenopathy ... underscores the advanced stage of his pericardial mesothelioma." Another medical record of this date prepared by Dr. Backhus describes Mr. Valadez's mesothelioma as "overall poor prognosis with advanced local disease." On 2/17/2022, Dr. Backhus performed a partial pericardiectomy on Mr. Valadez and had catheters inserted in his chest. A medical record dated 3/8/2022 describes "diffuse tumor involvement of the pericardium with areas of invasion into the myocardium [heart muscle]." After the surgery, medical records indicate that Mr. Valadez still had "significant mesothelial tumor involvement around his heart and some into the myocardium."

Mr. Valadez's oncologist, Dr. Mohana Roy, provides a declaration reporting that Mr. Valadez began chemotherapy on or around 3/18/2022. According to Dr. Roy, Plaintiff underwent two cycles of chemotherapy as of 4/9/2022, which he did not tolerate well, suffering from mouth sores, linear dermatitis, nausea, lack of appetite, shortness of breath, acute anemia and fatigue. As a result, chemotherapy was discontinued after two cycles in May 2022. A 5/5/2022 CT scan showed that the chemotherapy was not effective: the CT scan showed "increased diffuse nodular interlobal septal thickening" and "new and increasing pulmonary nodules, concerning for progression of disease." As of 5/6/2022, it was decided that Plaintiff would instead undergo immunotherapy.

Dr. Backhus opines that there is substantial doubt that Mr. Valadez will survive more than six months from 5/22/2022, and Dr. Roy opines that there is substantial medical doubt that Mr. Valadez will survive more than six months from 6/2/2022.

Plaintiff's counsel declares that all defendants have been served with process.

Wherefore, the Court GRANTS Plaintiffs' Motion for Trial Setting Preference pursuant to CCP § 36(d)-(f). The jury trial shall commence on Monday, November 7, 2022 at 8:30 a.m. in Dept. 18, but only in the event that the New Jersey Bankruptcy Court stay is lifted as to defendant Johnson & Johnson and the retailer defendants prior to the 11/7/2022 trial date. The Pretrial Conference shall be held on the first day of trial.

Counsel shall meet and confer to discuss stipulations for the extension of statutory deadlines with regard to discovery, motions, expert designations, authorizations, etc. Where necessary, counsel shall obtain further clarification or further leave from the bankruptcy court as to what, if any, additional order is needed in order for parties to adequately prepare this matter for trial by November 7, 2022. These issues will be discussed at the next scheduled Case Management Conference.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

The Court orders counsel to obtain a copy of this order from the eCourt portal.


Designated Defense Counsel shall serve all pending defendants in this action. Plaintiff shall serve endorsed filed copies of this order upon all defendants who have been served but not yet appeared or answered in this action.


By:            T. Lopez, Deputy Clerk

                              Minutes of: 08/26/2022
                              Entered on: 08/26/2022