UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(B)**

Mark Falk, Esq.
Liza M. Walsh, Esq.
Stephen V. Falanga, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100
*Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants*

In re:

LTL Management, LLC,

Debtor.

Case No.: 21-30589

Judge: Michael B. Kaplan

Chapter: 11

# CERTIFICATION OF JAMES H. RUITENBERG IN SUPPORT OF APPLICATION FOR RETENTION OF BEDERSON LLP AS FINANCIAL ADVISOR, EFFECTIVE AS OF SEPTEMBER 16, 2022

I, James H. Ruitenberg, being of full age, certify as follows:

1. Bederson LLP ("Bederson") is seeking authorization to be retained as financial advisor in connection with the above- referenced bankruptcy case of LTL Management LLC ("LTL" or "Debtor") for Randi S. Ellis, Legal Representative for Future Talc Claimants ("FCR"). I make this certification in support of the Application for Retention of Bederson LLP, effective as of September 16, 2022 filed by the FCR (the "Application").

2. I am Partner at Bederson LLP, which maintains offices at 100 Passaic Avenue, Suite 310, Fairfield, New Jersey 07004. As Partner at Bederson, I have either personal knowledge, or have reviewed information compiled by others as Bederson agent, of the factual information contained herein.[1]

3. Bederson has designated Charles S. Lunden, CPA/ABV/CFF, CFE, CMA, CLU, FLMI, as the principal accountant who will lead Bederson's engagement. His expertise is reflected

---

[1] Certain of the disclosures set forth herein relate to matters within the knowledge of other Partners at Bederson and are based on information provided by them.

    in his current curriculum vitae.  Attached hereto as **Exhibit 1** is the curriculum vitae of Charles S. Lunden.

4. The proposed arrangement for compensation, including hourly rates, if applicable, is as follows:

    Bederson is willing to provide financial advisory and consulting services for the FCR in connection with LTL's bankruptcy case on the terms and conditions as more fully set forth in the Engagement Letter dated August 25, 2022, attached hereto as **Exhibit 2** including the following:

    - Advise the FCR in connection with and in preparation for meetings with the Debtor and other constituencies and their respective professionals, to ensure that the Future Claimants are treated equitably with the Current Claimants;
    - Prepare for and attend meetings with the FCR ;
    - Analyze and advise the FCR about any plan of reorganization proposed by the Debtor, the TCC or any other party-in-interest, including the related assumptions and rationale, and the related disclosure statements;
    - Analyze structure(s) proposed for Trust funding and perform due diligence of proposed sources of Trust funding
    - Assist in preparing forecast cash flow model for purposes of plan and Trust related negotiations, and;
    - Provide other services as requested by the FCR which may include but not be limited to, analyzing and commenting upon operating and cash flow projections, business plans, operating results, financial statements, other documents and information provided by the Debtor and their professionals, and other information and data presented to the FCR.

    Bederson understands that the compensation to be paid for the services it provides to the FCR is subject to the approval of the Bankruptcy Court on notice to interested parties in the Bankruptcy Case who have the opportunity to object.  Bederson agrees to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of its Standard Commercial Terms contained in the Engagement Letter and Agreement, and Sections 330 and 331 of the Bankruptcy Code, as well as any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals and any other applicable orders of this Bankruptcy Court.  Bederson's fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). Bederson also understands and agrees that payment of invoices for services rendered under its Engagement Letter shall be the sole responsibility of LTL.

    Fees are based on Bederson's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals who provide services to the FCR. The current standard hourly rates for the Bederson personnel that will work on this engagement are as follows:

| **Billing Category** | **Range** |
|---|---|
| Partners | $500.00 - $600.00 |
| Managers | $375.00 - $450.00 |
| Supervisors | $300.00 - $350.00 |
| Seniors | $225.00 - $275.00 |
| Staff Accountant | $175.00 - $225.00 |

☐ Pursuant to D.N.J. LBR 2014-3, I request a waiver of the requirements of D.N.J. LBR 2016-1.

5. To the best of my knowledge, after reasonable and diligent investigation, my connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    X    None.

    Describe connection:  See No. 6 below.

6. To the best of my knowledge, after reasonable and diligent investigation, the connection of Bederson, its members, shareholders, partners, associates, officers and/or employees with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

    X    None.

    Describe Connection:

The FCR has provided Bederson with a listing of potentially interested parties in the Chapter 11 Case (the "Interested Parties") which is attached as **Exhibit 3** hereto. Under my direction, Bederson undertook a detailed, good faith search to determine and to disclose, as set forth herein, whether we have provided or currently provide consulting services to any Interested Parties in any unrelated matters. On May 12, 2022, a listing of potentially interested parties was circulated to all Bederson employees and partners along with a request for conflicts of interest and/or independence. No conflicts were identified.

To the extent I discover any additional facts bearing on the matters described herein and required to be disclosed during the period of the FCR's retention of Bederson, I will supplement the information contained in this Certification via disclosure to the Court.

7. To the best of my knowledge, my firm, its members, shareholders, partners, associates,

officers and/or employees and I (check all that apply):

- ☒ do not hold an adverse interest to the estate.
- ☒ do not represent an adverse interest to the estate.
- ☒ are disinterested under 11 U.S.C. § 101(14).
- ☒ do not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which I will be retained under 11 U.S.C. § 327(e).
- ☐ Other. Explain:

8. If the professional is an auctioneer,

   a. The following are my qualifications and experience with the liquidation or sale of similar property: N/A

   b. The proposed method of calculation of my compensation, including rates and formulas, is: N/A

   Pursuant to D.N.J. 2014-2, I ☐ do or ☐ do not request a waiver of the requirements of D. N. J. LBR 2016-1.

   c. The following is an estimate of all costs and expenses, including labor, security, advertising, delivery, mailing, and insurance, for which I will seek reimbursement from the sale proceeds: N/A

   d. Have you, or a principal of your firm, been convicted of a criminal offense? N/A

   e. I certify that a surety bond as described in D.N.J. LBR 2014-2(a)(6) is in effect and will remain so through the date of turnover of the auction proceeds. N/A

9. If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

I certify under penalty of perjury that the above information is true.

Date: 9/26/22

_James H. Ruitenberg_