**GIBBONS P.C.**
Robert K. Malone
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
rmalone@gibbonslaw.com
*Co-Counsel for the State of New Mexico
and State of Mississippi*

-and-

**MASSEY & GAIL LLP**
Jonathan S. Massey (admitted *pro hac vice*)
1000 Maine Ave. SW, Suite 450
Washington, DC 20024
(202) 652-4511
jmassey@masseygail.com
*Co-Counsel for the State of New Mexico
and State of Mississippi*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>LTL MANAGEMENT LLC,[1]<br>　　　　　Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEW MEXICO, *ex rel.*<br>HECTOR H. BALDERAS, Attorney General,<br>and STATE OF MISSISSIPPI, *ex rel.* LYNN<br>FITCH, Attorney General,<br>　　　　　Defendants. | Adv. Pro. No.: 22-01231 (MBK) |

### APPLICATION FOR ORDER SHORTENING TIME AND SCHEDULING HEARING ON MOTION OF STATES OF NEW MEXICO AND MISSISSIPPI FOR CERTIFICATION OF DIRECT APPEAL TO THE UNITED STATES COURT OF <u>APPEALS FOR THE THIRD CIRCUIT</u>

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

The State of New Mexico and the State of Mississippi (collectively, the "**States**"), by and through their undersigned counsel, submit this application (the "**Application**"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Rule 9013-2(c) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey ("**Local Rules**"), for entry of an order shortening the time period for notice and scheduling a hearing for the *Motion of States of New Mexico and Mississippi for Certification of Direct Appeal to the United States Court of Appeals for the Third Circuit* (the "**Motion**"). In support of this Application, the States respectfully state as follows:

## BACKGROUND

### I. The Adversary Proceeding

1. On July 14, 2022, the above-captioned debtor (the "**Debtor**") filed the *Debtor's Verified Complaint for Injunctive Relief (I) Preliminarily Enjoining the Prosecution of the New Mexico and Mississippi State Actions and (II) Granting a Temporary Restraining Order Pending a Final Hearing* (the "**Complaint**"), thereby commencing the above-captioned adversary proceeding against the States. (ECF No. 1.)

2. Contemporaneously with the Complaint, pursuant to Rules 7001(7) and 7065 of the Bankruptcy Rules, *Debtor's Motion for an Order (I) Preliminarily Enjoining the Prosecution of the New Mexico and Mississippi State Actions and (II) Granting a Temporary Restraining Order Pending a Further Hearing* (the "**Debtor's Motion**") was filed. (ECF No. 2.)

3. Thereafter, the States filed opposition to the Debtor's Motion and the Debtor responded thereto. (ECF Nos. 18, 24.)

4. The Court held a hearing on the Debtor's Motion on September 14, 2022, and on October 4, 2022, issued a *Memorandum Opinion* (the "**Stay Opinion**") finding that "unusual

circumstances" warrant extending the automatic stay to protect non-debtors Johnson & Johnson, Inc., Johnson & Johnson Consumer Inc., and others (collectively, the "**Non-Debtors**"), from prosecution by the States of certain deceptive and unfair trade practices, false advertising, and related consumer fraud claims. (ECF No. 31.)

5. On October 27, 2022, the Court entered an *Order Granting the Debtor's Request for Preliminary Injunctive Relief* (the "**Stay Order**"), which resolved the above-captioned adversary proceeding and enjoined the States, pursuant to sections 105 and 362(b)(4) of Title 11 of the United States Code (the "**Bankruptcy Code**"), from prosecuting the Non-Debtors. (ECF No. 33.)

6. The States appealed the Stay Opinion and Stay Order (ECF No. 34), and now, by way of the Motion, respectfully move under 28 U.S.C. § 158(d)(2)(B) and Bankruptcy Rule 8006 for certification of direct appeal to the United States Court of Appeals for the Third Circuit.

## CASUE EXISTS TO SHORTEN TIME

7. Although Local Rule 9013-2(a)(1) provides that the standard notice period applicable to the Motion is twenty-one (21) days, Bankruptcy Rule 9006(c) and Local Rule 9013-2(c) permit the Court to shorten such time for cause shown. In determining whether to hear the Motion on shortened time, the Court "should consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the [Motion] on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (citing *In re Grant Broad. of Phila.*, 71 B.R. 390, 397 (Bankr. E.D. Pa. 1987)).

8. Here, good cause exists to shorten notice. The Stay Opinion and Stay Order involve multiple issues of overriding public importance and questions of law as to which there are no controlling Third Circuit or Supreme Court decisions. Certification would also materially advance the progress of the case by avoiding an immediate appellate proceeding in the district court on

fundamental issues that will ultimately be decided by the Third Circuit. Moreover, expeditiously considering the Motion would not prejudice the Debtor as the Court has enjoined the States from moving against the Non-Debtors, and the Debtor, disturbing the *status quo*.

9. Finally, the Court has scheduled the next Omnibus Hearing for November 16, 2022 at 10:00 a.m. (EST) when all of the Parties to this Motion will be in Court on other matters scheduled in this case.

10. For the foregoing reasons, the States respectfully submit that good cause exists to schedule a hearing on the Motion on shortened time and request that the hearing on the Motion be set for November 16, 2022 at 10:00 a.m. (EST).

## **NOTICE**

11. Notice of this Application has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) Jones Day, c/o Gregory M. Gordon, Esq., Dan B. Prieto, Esq., Amanda Rush, Esq., and Brad B. Erens, Esq., as co-counsel for the Debtor; (iii) Wollmuth Maher & Deutsch LLP, c/o James N. Lawlor, Esq., Paul R. DeFlippo, Esq., Brad J. Axelrod, Esq., Lyndon M. Tretter, Esq., and Joseph F. Pacelli, Esq., as co-counsel to the Debtor; (iv) Brown Rudnick LLP, c/o Sunni P. Beville, Esq., David J. Molton, Esq., Robert J. Stark, Esq., Michael Winograd, Esq., and Jeffrey L. Jonas, Esq., as co-counsel to the Official Committee of Talc Claimants; (v) Genova Burns LLC, c/o Donald W. Clarke, Esq., Daniel M. Stolz, Esq., and Matthew I.W. Baker, Esq., as co-counsel to the Official Committee of Talc Claimants; (vi) White & Case LLP, c/o Jessica Lauria, Esq., Michael C. Shepherd, Esq., and Laura L. Femino, Esq., as co-counsel to Johnson & Johnson and Johnson & Johnson Consumer Inc.; (vii) Lowenstein Sandler LLP, c/o Kenneth A. Rosen, Esq., as co-counsel to Johnson & Johnson and Johnson & Johnson Consumer Inc.; (viii) Womble Bond Dickinson (US) LLP, c/o Ericka F. Johnson, Esq., as counsel to the Ad

Hoc Committee of States; and (ix) all parties that have formally requested notice pursuant to Bankruptcy Rule 2002 via the Court's CM/ECF system.

## CONCLUSION

**WHEREFORE**, the States respectfully request entry of the order submitted herewith, scheduling a hearing on the Motion on November 16, 2022 at 10:00 a.m. (EST).

DATED: November 3, 2022

Respectively submitted,

**GIBBONS P.C.**
Robert K. Malone
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
rmalone@gibbonslaw.com
*Co-Counsel for the State of New Mexico*
*and State of Mississippi*

By: /s/ *Robert K. Malone*
    Robert K. Malone

-and-

**MASSEY & GAIL LLP**
Jonathan S. Massey (admitted *pro hac vice*)
1000 Maine Ave. SW, Suite 450
Washington, DC 20024
(202) 652-4511
jmassey@masseygail.com
*Co-Counsel for the State of New Mexico*
*and State of Mississippi*