**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**<u>D.N.J. LBR 2016-1, FEE APPLICATION COVER SHEET</u>**

| | |
|---|---|
| Debtor:  LTL Management LLC | Applicant:  McCarter & English, LLP |
| Case No.:  21-30589-MBK | Client:  LTL Management LLC |
| Chapter:  11 | Case Filed:  October 14, 2021 (the "<u>Petition Date</u>") |

**SUPPLEMENTAL SECOND INTERIM APPLICATION OF MCCARTER & ENGLISH, LLP AS SPECIAL COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM FEBRUARY 1, 2022 THROUGH MAY 31, 2022[1]**

**SECTION 1
FEE SUMMARY**

☒ Supplemental Interim Fee Application No. 2    or    ☐ Final Fee Application

Summary of Amounts Requested for the Period from February 1, 2022 through May 31, 2022 (the "<u>Supplemental Second Period</u>"):

| | FEES | EXPENSES |
|---|---|---|
| TOTAL PREVIOUS SUPPLEMENTAL FEES REQUESTED: | $83,427.20 | $3,691.55 |
| TOTAL SUPPLEMENTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER (IF APPLICABLE): | $0.00 | $0.00 |
| TOTAL SUPPLEMENTAL HOLDBACK (IF APPLICABLE): | $16,685.44 | $0.00 |
| TOTAL SUPPLEMENTAL RECEIVED BY APPLICANT: | $66,741.76 | $3,691.55 |

---

[1] This Supplemental Interim Application includes only McCarter & English, LLP's services in the New Jersey mesothelioma talc-related litigation. It does not include compensation for services rendered identified as Special Insurance Counsel in previously submitted monthly or interim fee applications by McCarter & English, LLP. Pursuant to the Order Amending Retention of McCarter & English LLP, Effective as of October 14, 2021 [Dkt. No. 2350], McCarter's services were expanded to include legal services with respect to representation of the Debtor in the Mesothelioma Cases, as defined in the Application to Amend Retention of McCarter & English LLP, Effective as of October 14, 2021 [Dkt. No. 2273]. All fees and expenses that are the subject of this Supplemental Second Period Interim Fee Application relate only to expenses incurred or services provided in connection with the Mesothelioma Cases, for which McCarter has not previously sought payment.

|  | | Debtor's Responsibility |
|---|---:|---:|
| Fee Total: | $40,276.90 | $35,055.80 |
| Disbursement Total: | $74.96 | $60.06 |
| Total Second Period Fee Application: | $40,351.86[2] | $35,115.86 |

| Name of Professional & Title | Year Admitted | Hours | Rate (discounted from standard) | Fees |
|---|---|---|---|---|
| John C. Garde, Esq., Partner | 1986 | 22.7 | $545 | $12,371.50 |
| David J. Adler, Esq., | 1991 | 28.8 | $785 | $22,608.00 |
| Penelope M. Taylor, Esq., Partner | 1987 | 1.4 | $545 | $763.00 |
| Brenda C. Sherman, Paralegal |  | 20.8 | $218 | $4,534.40 |
|  |  | 73.7 |  | $40,276.90[3] |

---

[2] The fees and expenses submitted in connection with certain McCarter & English invoices are allocated between LTL Management LLC and Johnson & Johnson. This Supplemental Second Interim Fee Application (and each of McCarter & English's monthly fee applications) only seeks fees and expenses that are responsibility of the Debtor.

[3] As noted above, this Supplemental Second Interim Fee Application only seeks fees and expenses that are the responsibility of the Debtor.

## SECTION II - SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEES |
|---|---|---|
| a) Asset Analysis and Recovery: Identification and review of potential assets including causes of action and non-litigation recoveries. | | |
| b) Asset Disposition: Sales, leases, abandonment and related transaction work. | | |
| c) Avoidance Action Litigation: Preference and fraudulent transfer litigation. | | |
| d) Business Operations: Issues related to debtor-in-possession operating in chapter 11 such as employee, vendor, tenant issues and other similar problems. | | |
| e) Case Administration: Coordination and compliance activities, including preparation of statement of financial affairs, schedules, list of contracts, United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquires. | | |
| f) Claims Administration and Objections: Specific claim inquiries; bar date motions; analyses, objections and allowance of claims. | | |
| g) Employee Benefits/Pensions: Review issues such as severance, retention, 401K coverage and continuance of pension plan. | | |
| h) Fee/Employment Applications: Preparations of employment and fee applications for self or others; motions to Establish interim procedures. | 42.3 | $29,834.70 |
| i) Fee/Employment Objections: Review of an objections to the employment and fee applications of others. | | |
| j) Financing: Matters under 361, 363 and 364 including cash collateral and secured clams; loan document analysis. | | |
| k) Litigation: Other than Avoidance Action Litigation (there should be a separate category established for each major matter). | | |
| l) Meetings of Creditors: Preparing for and attending the conference of creditors, the 341(a) meeting and other creditors' committee meetings. | | |
| m) Plan and Disclosure Statement: Formulation, presentation and confirmation; compliance with the plan confirmation order, related | | |

| SERVICES RENDERED | HOURS | FEES |
|---|---|---|
| orders and rules; disbursement and case closing activities, except those related to allowance and objections to allowance of claims. | | |
| n) Relief from Stay Proceedings: Matters relating to termination or continuation of automatic stay under 362. | | |
| o) Accounting/Auditing: Activities related to maintaining and auditing books of account, preparation of financial statements and account analysis. | | |
| p) Business Analysis: Preparation and review of company business plan; development and review of strategies; preparation and review of cash flow forecasts and feasibility studies. | | |
| q) Corporate Finance: Review financial aspects of potential mergers, acquisitions and disposition of company or subsidiaries. | | |
| r) Data Analysis: Management information systems review, installation and analysis, construction, maintenance and reporting of significant case financial data, lease rejection, claims, etc. | | |
| s) Litigation Consulting: Providing consulting and expert witness services related to various bankruptcy matters such as insolvency, feasibility, avoiding actions; forensic accounting, etc. | 31.4 | $10,442.20 |
| t) Reconstruction Accounting: Reconstructing books and records from past transactions and brining accounting current. | | |
| u) Tax Issues: Analysis of tax issues and preparation of state and federal tax returns. | | |
| v) Valuation: Appraise or review appraisals of assets. | | |
| w) Travel Time: Please note that non-working travel time must be billed at 50% of cost. | | |
| **SERVICES TOTAL:** | **73.7** | **$40,276.90**[4] |

---

[4] As noted, this Supplemental Second Period Fee Application only seeks fees and expenses that are the responsibility of the Debtor.

### SECTION III - SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | AMOUNT |
|---|---|
| a) **Filing/Court Fees**<br>    Payable to Clerk of Court. | |
| b) **Computer Assisted Legal Research**<br>    Westlaw, Lexis and a description of manner calculated. | |
| c) **Pacer Fees**<br>    Payable to the Pacer Service Center for search and/or print. | |
| d) **Fax (with rates)**<br>    No. of Pages ____ Rate per Page ____ (Max. $1.00/pg.) | |
| e) **Case Specific Telephone / Conference Call Charges**<br>    Exclusive of overhead charges. | |
| f) **In-House Reproduction Services**<br>    Exclusive of overhead charges ($0.7/page). | |
| g) **Outside Reproduction Services**<br>    Including scanning services. | |
| h) **Other Research**<br>    Title searches, UCC searches, Asset searches, Accurint. | |
| i) **Court Reporting / Deposition Services**<br>    Transcripts. | |
| j) **Travel**<br>    Mileage, rolls, airfare and parking. | $45.16 |
| k) **Courier & Express Carriers**<br>    Overnight (Federal Express) and personal delivery | |
| l) **Postage** | |
| m) **Other (specify) – Medical Record Fees** | $29.80 |
| n) **Other (specify) – Rail Transportation** | |
| **DISBURSEMENTS TOTAL:** | **$74.96[5]** |

I certify under penalty of perjury that the above is true.

Date: November 23, 2022                             */s/ John C. Garde*
                                                                  John C. Garde

---

[5] As noted, this Supplemental Second Period Fee Application only seeks fees and expenses that are the responsibility of the Debtor.

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>WOLLMUTH MAHER & DEUTSCH LLP<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>McCARTER & ENGLISH LLP<br>John C. Garde, Esq. (Bar No. 014171986)<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br>jgarde@mccarter.com<br><br>**SPECIAL COUNSEL FOR DEBTOR** |  |
| In re:<br><br>LTL MANAGEMENT LLC,[6]<br><br>                      Debtor. | Chapter 11<br><br>Case No.:  21-30589<br><br>Judge:  Michael B. Kaplan<br><br>Hearing Date: February 27, 2023 |

**SUPPLEMENTAL SECOND INTERIM APPLICATION OF McCARTER & ENGLISH, LLP, AS SPECIAL COUNSEL TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM FEBRUARY 1, 2022 THROUGH MAY 31, 2022**

McCarter & English, LLP ("M&E"), as special counsel to the Debtor in the above-captioned matter, submits this application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2016-3, as its Supplemental Second Period Fee Application for compensation for services rendered and reimbursement of expenses with respect to representation of the Debtor in the Mesothelioma Cases

---

[6] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

for the period of February 1, 2022 through May 31, 2022 (the "Supplemental Second Interim Compensation Period"). By this Application, pursuant to the Compensation Procedures Order (defined below), M&E seeks allowance and payment of compensation in the amount of $35,055.80 for services rendered by M&E during the Supplemental Second Interim Period and allowance and reimbursement of its actual and necessary expenses in the amount of $60.06 incurred during the Supplemental Second Interim Compensation Period. In support of the Application, M&E respectfully represents as follows:

## BACKGROUND

1. On October 14, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), commencing the above-captioned chapter 11 case (the "Chapter 11 Case") in the United States Bankruptcy Court for Western District of North Carolina (the "NC Bankruptcy Court"). On November 16, 2021, the NC Bankruptcy Court entered an order transferring the case to the District of New Jersey, which referred the case to this Court [ECF No. 416].

2. On December 9, 2021, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [ECF No. 761] (the "Compensation Procedures Order"). Pursuant to the Compensation Procedures Order, professionals, as directed therein, may file with the Court and serve monthly fee statements no later than 30 days after the end of the month for which the fees are sought. If there are no objections to a monthly fee statement, then the professionals are entitled to payment in the amount of eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly fee statement.

3. The Compensation Procedures Order further provides that professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in the monthly fee statements, including the twenty percent (20%) holdback, pursuant to section 331 of the Bankruptcy Code.

4. The Office of the United States Trustee has established certain *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines"). The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to this Chapter 11 Case:

**Exhibit A:** Customary & Comparable Compensation Disclosures With Fee Applications
**Exhibit B:** Summary of Timekeepers Included In This Fee Application
**Exhibit C:** Summary of Compensation Requested By Project Category
**Exhibit D:** Summary of Expense Reimbursement Requested By Category
**Exhibit E:** Summary Cover Sheet of Fee Application

5. On November 24, 2021, M&E filed its application to be retained as special insurance counsel to the Debtor, effective as of October 14, 2021. *See* ECF No. 555.

6. On December 16, 2021, this Court entered an Order Authorizing Retention of McCarter & English, LLP, as Special Insurance Counsel to the Debtor Effective As of October 14, 2021 [ECF No. 861] ("Special Insurance Counsel"). McCarter's services were amended to include legal services relating to representation of the Debtor in the New Jersey mesothelioma talc-related litigation, as defined in the Order Amending Retention of McCarter & English LLP Effective As of October 14,2021 [ECF No. 2350].

## M&E'S APPLICATION FOR COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

### A. Interim Fee Applications

7. This is M&E's supplemental second interim application for compensation filed in this matter with respect to representation of the Debtor in the Mesothelioma Cases[7]. M&E previously filed a second interim fee application on June 24, 2022 with respect to its services as Special Insurance Counsel, which was approved in the modified amount of $258,961.22 in fees and $69.67 in expenses and for which it was previously paid in full by the Debtor in accordance with the Order dated September 16, 2022. M&E also previously filed a first interim fee application on March 15, 2022 with respect to its services as Special Insurance Counsel and a supplemental first interim application on November 17, 2022 with respect to representation of the Debtor in the Mesothelioma Cases.

### B. Monthly Fee Statements During the Supplemental Second Interim Compensation Period

8. In accordance with the procedures prescribed in the Compensation Procedures Order, M&E filed and served a consolidated monthly fee statement[8] (the "Second Consolidated Supplemental Monthly Fee Statement").

9. Specifically, on August 18, 2022, M&E filed and served the Second Consolidated Supplemental Monthly Fee Statement requesting payment of fees in the amount of $35,055.80 and reimbursement of expenses in the amount of $60.06 incurred for the period of February 1, 2022

---

[7] All fees and expenses that are the subject of this Supplemental Second Period Interim Fee Application relate only to expenses incurred or services provided in connection with the Mesothelioma Cases, for which McCarter has not previously sought payment.

[8] Both the Debtor and the United States Trustee were served the Second Consolidated Supplemental Monthly Fee Statement and will be served this Supplemental Interim Fee Application upon filing. Epiq serves all fee applications and Monthly Fee Statements in accordance with the requirements of the interim compensation order, which provides for service on the Debtor and the U.S. Trustee, among other parties. Additionally, the Debtor received the Second Consolidated Supplemental Monthly Fee Statement that makes up the Application before the Application was filed, and reviews that Monthly Fee Statement.

through May 31, 2022 [ECF No. 2903]. No objections were filed to the Second Consolidated Supplemental Monthly Fee Statement and the corresponding Certificate of No Objection was filed on September 2, 2022 [ECF No. 2969].

10. As of the date hereof, M&E has received payment for fees during the Supplemental Second Interim Compensation Period in the amount of $28,104.70 and payment for expenses in the amount of $60.06.

11. In accordance with the Compensation Procedures Order, M&E seeks interim approval of all fees and expenses sought in the Second Consolidated Supplemental Monthly Fee Statement and payment in an amount equal to the difference between the amount of the fees and expenses allowed and the actual payments received by M&E on account of the Second Consolidated Supplemental Monthly Fee Statement.

## **JURISDICTION, VENUE, AND STATUTORY BASIS**

12. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2016-1 and 2016-3.

**SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED DURING THE SUPPLEMENTAL SECOND INTERIM COMPENSATION PERIOD**

13. The compensation requested in this proceeding is reasonable based on the nature and extent of the services rendered, the size and complexity of this Chapter 11 Case, the time, labor, and special expertise brought to bear on the questions presented, and other related factors.

14. During the Supplemental Second Interim Compensation Period, M&E provided legal services to the Debtor in various aspects of the Mesothelioma Cases. For example, M&E prepared and filed appellate briefs and other pleadings, prepared for and conducted court appearances, prepared and filed notices and suggestions of bankruptcy to implement the provisions of the automatic stay, prepared and filed dismissals for resolved cases, attended to matters related to the identification and return of pathology materials and other items of original evidence and prepared its application for retention as Special Counsel including conferring at length with the United States Trustee and counsel for estate and creditors regarding retention.

15. As described in further detail below, during the Supplemental Second Interim Compensation Period, the professional services performed by M&E were necessary and appropriate to protect the rights and fulfill the obligations of the Debtor given the nature and complexity of the issues at hand, were in the best interests of the Debtor and other parties in interest, and were performed in an expeditious and efficient manner. As such, M&E submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

16. As set forth in the Application cover sheet submitted herewith, M&E rendered a total of 73.7 hours of professional services during the Second Interim Compensation Period, for which it seeks compensation of $35,055.80, and incurred $60.06 in out-of-pocket expenses which

were "actual, necessary expenses" in connection with rendering the professional services described herein.

17. To apprise this Court of the legal services rendered during the Supplemental Second Interim Compensation Period, M&E sets forth the following summary. This summary is intended only to highlight certain categories of services in which M&E devoted substantial time and attention on behalf of the Debtor. Detailed descriptions of all services rendered and expenses incurred during the Supplemental Second Interim Compensation Period are included in the Monthly Fee Statement and are incorporated herein by reference as if fully set forth in their entirety.[9]

> A. **Employment and Fee Applications:** This category relates to work in connection with preparing its application for retention as Special Counsel including conferring at length with the United States Trustee and counsel for estate and creditors regarding retention.
>
> Fees: $29,834.70; Hours: 42.3
>
> B. **Litigation Counseling:** This category relates to work in connection with legal services M&E provided to the Debtor regarding various aspects of the Mesothelioma Cases. With respect to this category, during the Supplemental Second Interim Compensation Period, M&E advised the Debtor regarding, and assisted with the preparation of, appellate briefs and other hearings, depositions, notices and suggestions to implement the automatic stay and prepared and filed dismissals for resolved cases.
>
> Fees: $10,442.20; Hours: 31.4

18. In addition to the foregoing, M&E incurred out-of-pocket expenses during the Supplemental Second Interim Compensation Period in the amount of $60.06 which were "actual, necessary expenses" in connection with rendering the professional services described above pursuant to section 330(a)(1)(B) of the Bankruptcy Code. A detailed list of the expenses M&E

---

[9] The fees and expenses submitted in connection with certain McCarter & English, LLP invoices are allocated between LTL Management LLC and Johnson & Johnson. This Supplemental Second Period Fee Application (and each of McCarter & English's monthly fee applications) only seeks fees and expenses that are the responsibility of the Debtor.

has incurred in the course of its representation of the Debtor during the Supplemental Second Interim Compensation Period is summarized. Such expenses include, but are not limited to, medical record fees and mileage. M&E has made every effort to minimize the expenses in this matter by utilizing the most cost-efficient methods of communication consistent with the necessary time restraints.[10]

### CERTIFICATION OF COUNSEL

19. A Certification of Counsel is attached hereto as Exhibit F.

### COMPLIANCE WITH GUIDELINES

20. M&E believes that this Application substantially complies with the local rules of this Court and the United States Trustee's guidelines for fee applications. To the extent there has not been material compliance with any particular rule or guideline, M&E respectfully requests a waiver or an opportunity to cure.

### CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, pursuant to sections 328, 330, and 331 of the Bankruptcy Code, M&E respectfully requests (i) allowance of compensation for professional services rendered as counsel to the Debtor during the Second Interim Compensation Period in the amount of $35,055.80; (ii) reimbursement of actual and necessary expenses incurred by M&E during the Second Interim Compensation Period in the amount of $60.06; (iii) payment of the outstanding fees and expenses due M&E for the Supplemental Second Interim Compensation Period; and (iv) such other and further relief as this Court deems just and proper.

---

[10] As noted, this Supplemental Second Interim Fee Application only seeks fees and expenses that are the responsibility of the Debtor.

Dated:  November 23, 2022

                                        **McCARTER & ENGLISH, LLP**
                                        *Special Counsel to the Debtor*

                                    By:  */s/ John C. Garde*
                                            John C . Garde