**EXHIBIT F**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**McCARTER & ENGLISH LLP**<br>John C. Garde, Esq. (Bar No. 014171986)<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br>jgarde@mccarter.com<br><br>ATTORNEYS FOR DEBTOR | |
| In re:<br><br>LTL MANAGEMENT LLC,<br><br>                  Debtor. | Chapter 11<br><br>Case No.: 21-30589<br><br>Judge: Michael B. Kaplan |

## CERTIFICATION OF JOHN C. GARDE, ESQUIRE

**JOHN C. GARDE**, certifies pursuant to 28 U.S.C. § 1746, as follows:

1.  I am a partner of McCarter & English, LLP ("M&E"), special counsel to LTL Management LLC (the "Debtor") in the above-captioned matter. I submit this Certification in connection with M&E's Supplemental Second Interim Application for an allowance of compensation for professional services rendered and reimbursement of expenses for the period from February 1, 2022 through May 31, 2022 (the "Application").

2.  In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Debtor, any creditor, or any other party in interest, or any attorney of such person, for the purpose

| | |
|---|---|
| Page | 2 |
| Debtor: | LTL Management LLC |
| Case No.: | 21-30589 (MBK) |
| Caption: | ORDER ALLOWING SUPPLEMENTAL SECOND INTERIM APPLICATION OF McCARTER & ENGLISH, LLP AS SPECIAL COUNSEL TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2022 |

of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

3.    In accordance with section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me, or any attorney of my firm.

4.    The following is provided in response to the request for additional information set forth in ¶ C.5 of the Revised UST Guidelines.

**Question:**    Did M&E agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Fee Period?

**Answer:**    No.

**Question:**    If the fees sought in this Application as compared to the fees budgeted for the time period covered by this Application are higher by 10% or more, did M&E discuss the reasons for the variation with the Debtor?

**Answer:**    N/A

**Question:**    Have any of the professionals included in this Application varied their hourly rate based on the geographic location of these chapter 11 cases?

**Answer**:    No.

**Question**:    Does the Application include time or fees relating to review, revising, or reducing time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer:**    No.

**Page** 3
**Debtor:** LTL Management LLC
**Case No.:** 21-30589 (MBK)
**Caption:** ORDER ALLOWING SUPPLEMENTAL SECOND INTERIM APPLICATION OF McCARTER & ENGLISH, LLP AS SPECIAL COUNSEL TO THE DEBTOR FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2022

**Question:** Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer:** No.

**Question:** If the Application includes any rate increases since M&E's retention, did the Debtor review and approve of those rate increase in advance? Did the Debtor agree when retaining M&E to accept all future rate increases?

**Answer:** N/A

5. I have reviewed the requirements of D.N.J. LBR 2016-3, the Revised UST Guidelines and the Compensation Procedures Order[13], and certify to the best of my knowledge and belief that this Application substantially complies with such local rule, order and guidelines.

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Dated: November 23, 2022

                                                                    */s/ John C. Garde*

---

[13] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.