| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br><br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> Jeffrey Traurig <br> **TRAURIG LAW LLC** <br> One University Plaza, Suite 124 <br> Hackensack, NJ  07601 <br> Tel: (646) 974-8650 <br> E-mail:  jtraurig@trauriglaw.com <br> *Local Counsel to the Fee Examiner* | Robert J. Keach, Esq. (admitted *pro hac vice*) <br> **BERNSTEIN SHUR SAWYER & NELSON, P.A.** <br> 100 Middle Street <br> Portland, ME  04104 <br> Tel: (207) 774-1200 <br> Fax: (207) 774-1127 <br> E-Mail: rkeach@bernsteinshur.com <br> *Fee Examiner* <br><br> **BERNSTEIN SHUR SAWYER & NELSON, P.A.** <br> Letson Douglass Boots, Esq. (admitted *pro hac vice*) <br> 100 Middle Street <br> Portland, ME  04104 <br> Tel: (207) 774-1200 <br> Fax: (207) 774-1127 <br> E-Mail: lboots@bernsteinshur.com <br> *Counsel to the Fee Examiner* |
| In Re: <br><br> LTL MANAGEMENT LLC, <br><br>                      Debtor | Case No.:     21-30589 (MBK) <br><br> Judge:      Michael B. Kaplan <br><br> Chapter 11 |

**SUMMARY COVER SHEET AND STATEMENT FOR THE
SECOND INTERIM FEE APPLICATION OF ROBERT J. KEACH, ESQ. FOR
ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS FEE
<u>EXAMINER FOR THE PERIOD JUNE 1, 2022 THROUGH SEPTEMBER 30, 2022</u>**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

Debtor: LTL Management LLC                    Applicant: Robert J. Keach, Esq., Fee Examiner.

Case No. 21-300589-MBK                        Client: LTL Management LLC

Chapter:  11                                  Case Filed: October 14, 2021 (the "Petition Date")

_____

## SECTION 1

## FEE SUMMARY

☒    Interim Fee Application No. __2___    or    ☐ Final Fee Application

Summary of Amounts Requested for the Period from June 1, 2022 through September 30, 2022 (the "Compensation Period")

|  | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees Requested:[1] | $124,533.00 | $462.00 |
| Total Fees Allowed to Date: | $50,553.00 | $412.00 |
| Total Retainer (If Applicable): |  |  |
| Total Holdback (If Applicable): | $14,796.00 |  |
| Total Received by Applicant: | $109,737.00 | $462.00 |

Fee Total:                  $73,980.00
Disbursement Total:        $    50.00
**Total Fee Application:    $74,030.00**

### COMPENSATION BY PROFESSIONAL

| Name of Professional | Year Admitted | Hours | Rate | Fees |
|---|---|---|---|---|
| Robert J. Keach, Shareholder | 1980 | 108 | $685.00 | 73,980.00 |

Attorney Blended Rate: $685.00

_____

[1] Total Previous Fees Requested includes amounts requested in monthly fee statements through September 30, 2022, including the first interim fee application.

## SUMMARY OF SERVICES BY TASK CODE

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 1 | AlixPartners | 2.30 | $1,575.50 |
| 2 | Bailey & Glasser LLP | 3.40 | $2,329.00 |
| 3 | Bates White LLC | 1.60 | $1,096.00 |
| 4 | Blake Cassels & Graydon LLP | 1.80 | $1,233.00 |
| 5 | Brown Rudnick LLP | 5.50 | $3,767.50 |
| 6 | Cooley LLP | 6.30 | $4,315.50 |
| 8 | FTI Consulting, Inc. | 3.30 | $2,260.50 |
| 9 | Genova Burns LLC | 2.10 | $1,438.50 |
| 10 | Houlihan Lokey Capital, Inc. | 1.20 | $822.00 |
| 11 | Jones Day | 9.00 | $6,165.00 |
| 12 | King & Spalding LLP | 1.50 | $1,027.50 |
| 13 | Massey & Gail LLP | 2.60 | $1,781.00 |
| 14 | McCarter & English, LLP | 2.10 | $1,438.50 |
| 15 | Miller Thomson LLP | 2.90 | $1,986.50 |
| 17 | Otterbourg P.C. | 2.20 | $1,507.00 |
| 18 | Parkins & Rubio LLP | 2.10 | $1,438.50 |
| 19 | Rayburn Cooper & Durham, P.A. | 1.20 | $822.00 |
| 20 | Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. | 1.50 | $1,027.50 |
| 21 | Shook, Hardy & Bacon L.L.P. | 0.30 | $205.50 |
| 22 | Skadden, Arps, Slate, Meagher & Flom LLP | 4.40 | $3,014.00 |
| 23 | Waldrep Wall Babcock & Bailey PLLC | 1.50 | $1,027.50 |
| 24 | Weil Gotshal & Manges LLP | 2.80 | $1,918.00 |
| 25 | Wollmuth Maher & Deutsch, LLP | 2.60 | $1,781.00 |
| 26 | Orrick Herrington & Sutcliffe LLP | 4.00 | $2,740.00 |
| 28 | The Brattle Group, Inc. | 1.40 | $959.00 |
| 30 | Randi S. Ellis | 2.00 | $1,370.00 |
| 31 | Walsh Pizzi O'Reilly Falanga LLP | 1.00 | $685.00 |
| 35 | Anderson Kill P.C. | 2.50 | $1,712.50 |
| 36 | MoloLamken LLP | 1.60 | $1,096.00 |
| 38 | Womble Bond Dickinson (US) LLP | 0.10 | $68.50 |
| 39 | Bederson LLP | 0.50 | $342.50 |
| 98 | Compensation | 2.20 | $1,507.00 |
| 99 | General | 28.50 | $19,522.50 |
| **Totals** | | **108.00** | **$73,980.00** |

## SUMMARY OF DISBURSEMENTS

| Disbursements | Amount |
|---|---|
| June 14, 2022: CourtSolutions- Hearing on First Interim Fee Applications | $50.00 |
| **Disbursements Totals** | **$50.00** |

I certify under penalty of perjury that the above is true.

Date:  November 23, 2022

*/s/ Robert J. Keach*
Robert J. Keach

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jeffrey Traurig
**TRAURIG LAW LLC**
One University Plaza, Suite 124
Hackensack, NJ 07601
Tel: (646) 974-8650
E-mail: jtraurig@trauriglaw.com
*Local Counsel to the Fee Examiner*

</td><td>

Robert J. Keach, Esq. (admitted *pro hac vice*)
**BERNSTEIN SHUR SAWYER & NELSON, P.A.**
100 Middle Street
Portland, ME 04104
Tel: (207) 774-1200
Fax: (207) 774-1127
E-Mail: rkeach@bernsteinshur.com
*Fee Examiner*

**BERNSTEIN SHUR SAWYER & NELSON, P.A.**
Letson Douglass Boots, Esq. (admitted *pro hac vice*)
100 Middle Street
Portland, ME 04104
Tel: (207) 774-1200
Fax: (207) 774-1127
E-Mail: lboots@bernsteinshur.com
*Counsel to the Fee Examiner*

</td></tr>
<tr><td>

In Re:

LTL MANAGEMENT LLC,

                        Debtor

</td><td>

Case No.:    21-30589 (MBK)

Judge:      Michael B. Kaplan

Chapter 11

</td></tr>
</table>

## SECOND INTERIM FEE APPLICATION OF ROBERT J. KEACH, ESQ. FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS FEE EXAMINER FOR THE PERIOD JUNE 1, 2022 THROUGH SEPTEMBER 30, 2022

Robert J. Keach, the Fee Examiner (the "Fee Examiner") for LTL Management LLC (the "Debtor"), submits its second interim fee application (the "Application") for allowance of fees of $73,980.00 and reimbursement of expenses in the amount of $50.00 for the period from June 1, 2022 through September 30, 2022 (the "Compensation Period") in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals*

[Dkt. 761] and the *Order Appointing an Independent Fee Examiner and Establishing Procedures* [Dkt. 1922] (together, the "Interim Compensation Order").  In support of this Application, the Fee Examiner respectfully represents as follows:

1.      During the Compensation Period, the Fee Examiner did not receive any payments or promises of payment from any other source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this application other than in accordance with the Interim Compensation Order.  There is no agreement or understanding between the Fee Examiner and any other person, for sharing of compensation to be received for services rendered in this case.

2.      The fees charged by the Fee Examiner in this case are billed in accordance with his existing billing rates and procedures in effect during the Compensation Period.  The compensation sought by the Fee Examiner is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11 of the U.S. Code.

3.      Pursuant to Rule 2016-1 of the Local Rules of the United States Bankruptcy Court of New Jersey (the "Local Rules") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "Guidelines"), included herewith are (a) a schedule setting forth the professional who has performed services in this chapter 11 case during the Compensation Period, the hourly billing rate charged by the Fee Examiner for the services performed, the aggregate number of hours expended in this case during the Compensation Period and fees billed therefore and the year in which the Fee Examiner was first licensed to practice law; (b) a summary of services by billing category for services rendered by the Fee Examiner during the Compensation Period; and (c) a schedule setting forth the actual and necessary disbursements that the Fee

Examiner incurred during the Compensation Period in connection with the performance of professional services and for which it seeks reimbursement.

4.      The Fee Examiner's itemized time records during the Compensation Period were attached as <u>Exhibit B</u> to the previously-filed monthly fee applications (the "<u>Prior Monthly Fee Applications</u>"), which exhibits are incorporated herein by reference.

5.      The compensation requested in this proceeding is reasonable based on the nature and extent of the services rendered, the size and complexity of this Chapter 11 Case, the time, labor, and special expertise brought to bear on the questions presented, and other related factors.

6.      As described in further detail below, during the Compensation Period, the professional services performed by the Fee Examiner were necessary and appropriate to protect the rights and fulfill the obligations of the Fee Examiner given the nature and complexity of the issues at hand, were in the best interests of the Fee Examiner and other parties in interest, and were performed in an expeditious and efficient manner. As such, the Fee Examiner submits that the compensation sought herein is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

7.      This application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Interim Compensation Order, the Guidelines, and the Local Rules.

## **Background**

8.      On October 14, 2021 (the "<u>Petition Date</u>"), the Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina (the "<u>NC Bankruptcy Court</u>"). On November 16, 2021, the NC Bankruptcy Court entered an order [Dkt. 416] transferring the case to the District of New Jersey, which referred the case to this Court. The

Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

9.  On March 31, 2022, the Court entered the Interim Compensation Order, which, among other things, appointed Robert J. Keach, Esq, as an independent Fee Examiner.[3]

**Prior Monthly Fee Applications and Summary of Services Rendered**

10.  As set forth in the Application cover sheet submitted herewith, the Fee Examiner rendered a total of 108.0 hours of professional services during the Compensation Period, for which he seeks compensation of $73,980.00, and reimbursement of expenses in the amount of $50.00.

11.  Pursuant to the Interim Compensation Order, the Fee Examiner filed the following Prior Monthly Fee Applications for the months within the Compensation Period:

| Date Filed and Docket No. | Filing Period | Total Fees (at 100%) | 20 % Holdback | Fees Requested (at 80%) | Expenses Requested (at 100%) |
|---|---|---|---|---|---|
| (Third) July 21, 2022 Docket No. 2758 | June 1, 2022 – June 30, 2022 | $13,357.50 | $2,671.50 | $10,686.00 | $50.00 |
| (Fourth) August 23, 2022 Docket No. 2918 | July 1, 2022 – July 31, 2022 | $14,933.00 | $2,986.60 | $11,946.40 | $0.00 |
| (Fifth) September 28, 2022 Docket No. 3084 | August 1, 2022 – August 30, 2022 | $34,387.00 | $6,877.40 | $27,509.60 | $0.00 |
| (Sixth) October 25, 2022 Docket No. 3194 | September 1, 2022 – September 30, 2022 | $11,302.50 | $2,260.50 | $9,042.00 | $0.00 |

12.  To apprise this Court of the legal services rendered and results achieved during the Compensation Period, the Fee Examiner sets forth the following summaries for each task code

---

[2] This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[3] A copy of the *Order Appointing an Independent Fee Examiner and Establishing Procedures* [Dkt. 1922] is attached hereto as **Exhibit A**.

number.  The summaries are qualified in their entirety by reference to the time and services detail

attached as <u>Exhibit B</u> to each Prior Monthly Fee Application, which applications and exhibits are

incorporated herein by reference.

(a) **AlixPartners, LLP (task code 1):**  Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of AlixPartners, LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by AlixPartners, LLP, and negotiations with AlixPartners, LLP regarding the same.

(b) **Bailey & Glasser LLP (task code 2):**  Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Bailey & Glasser LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Bailey & Glasser LLP, and negotiations with Bailey & Glasser LLP regarding the same.

(c) **Bates White, LLC (task code 3):**  Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Bates White, LLC, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Bates White, LLC, and negotiations with Bates White, LLC regarding the same.

(d) **Blake, Cassels & Graydon LLP (task code 4):**  Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Blake, Cassels & Graydon LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Blake, Cassels & Graydon LLP, and negotiations with Blake, Cassels & Graydon LLP regarding the same.

(e) **Brown Rudnick LLP (task code 5):**  Tasks billed under this project category include: final negotiations regarding the first interim fee application filed by Brown Rudnick LLP, review of monthly fee statements and the second interim fee application of Brown Rudnick LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Brown Rudnick LLP, and negotiations with Brown Rudnick LLP regarding the same.

(f) **Cooley LLP (task code 6):**  Tasks billed under this project category include: review of monthly fee statements and the second and final fee application of Cooley LLP, and review and editing of the preliminary report prepared in relation to the second and final fee application filed by Cooley LLP, and negotiations with Cooley LLP regarding both fee applications filed by Cooley LLP.

(g) **FTI Consulting, Inc. (task code 8):**  Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of FTI Consulting, Inc., and review and editing of the preliminary report prepared in relation to the second interim fee application filed by FTI Consulting, Inc., and negotiations with FTI Consulting, Inc. regarding the same.

(h) **Genova Burns LLC (task code 9):**  Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Genova Burns LLC, and review and editing of the preliminary report prepared in relation to the

second interim fee application filed by Genova Burns LLC, and negotiations with Genova Burns LLC regarding the same.

(i) **Houlihan Lokey Capital, Inc. (task code 10):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Houlihan Lokey Capital, Inc., and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Houlihan Lokey Capital, Inc., and negotiations with Houlihan Lokey Capital, Inc. regarding the same.

(j) **Jones Day (task code 11):** Tasks billed under this project category include: review of monthly fee statements and the first and second interim fee applications of Jones Day, and review and editing of the preliminary reports prepared in relation to the first and second interim fee applications filed by Jones Day, and negotiations with Jones Day regarding the same.

(k) **King & Spalding LLP (task code 12):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of King & Spalding LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by King & Spalding LLP, and negotiations with King & Spalding LLP regarding the same.

(l) **Massey & Gail LLP (task code 13):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Massey & Gail LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Massey & Gail LLP, and negotiations with Massey & Gail LLP regarding the same.

(m) **McCarter & English, LLP (task code 14):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by McCarter & English, LLP, and negotiations with McCarter & English, LLP regarding the same.

(n) **Miller Thomson LLP (task code 15):** Tasks billed under this project category include: review of monthly fee statements and the first and second interim fee applications of Miller Thomson LLP, and review and editing of the preliminary reports prepared in relation to the first and second interim fee applications filed by Miller Thomson LLP, and negotiations with Miller Thomson LLP regarding the same.

(o) **Otterbourg P.C. (task code 17):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application Otterbourg P.C., and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Otterbourg P.C., and negotiations with Otterbourg P.C. regarding the same.

(p) **Parkins & Rubio LLP (task code 18):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Parkins & Rubio LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Parkins & Rubio LLP, and negotiations with Parkins & Rubio LLP regarding the same.

(q) **Rayburn Cooper & Durham, P.A. (task code 19):** Tasks billed under this project category include negotiations with Rayburn Cooper & Durham, P.A. regarding its first interim fee application.

(r) **Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. (task code 20):** Tasks billed under this project category include: review of monthly fee statements and the second

interim fee application of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., and negotiations with Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. regarding the same.

(s) **Shook, Hardy & Bacon L.L.P. (task code 21):** Tasks billed under this project category include the review of monthly fee statements of Shook, Hardy & Bacon L.L.P.

(t) **Skadden, Arps, Slate, Meagher & Flom LLP (task code 22):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Skadden, Arps, Slate, Meagher & Flom LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Skadden, Arps, Slate, Meagher & Flom LLP, and negotiations with Skadden, Arps, Slate, Meagher & Flom LLP regarding the same.

(u) **Waldrep Wall Babcock & Bailey PLLC (task code 23):** Tasks billed under this project category include: review of monthly fee statements and the second and final fee application Waldrep Wall Babcock & Bailey PLLC, and review and editing of the preliminary report prepared in relation to the second and final fee application filed by Waldrep Wall Babcock & Bailey PLLC, and negotiations with Waldrep Wall Babcock & Bailey PLLC regarding the same.

(v) **Weil, Gotshal & Manges LLP (task code 24):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Weil, Gotshal & Manges LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Weil, Gotshal & Manges LLP, and negotiations with Weil, Gotshal & Manges LLP regarding the same.

(w) **Wollmuth Maher & Deutsch LLP (task code 25):** Tasks billed under this project category include: review of monthly fee statements and the second interim fee application of Wollmuth Maher & Deutsch LLP, and review and editing of the preliminary report prepared in relation to the second interim fee application filed by Wollmuth Maher & Deutsch LLP, and negotiations with Wollmuth Maher & Deutsch LLP regarding the same.

(x) **Orrick Herrington & Sutcliffe LLP (task code 26):** Tasks billed under this project category include: review of monthly fee statements and the first and second interim fee applications of Orrick Herrington & Sutcliffe LLP, and review and editing of the preliminary reports prepared in relation to the first and second interim fee applications filed by Orrick Herrington & Sutcliffe LLP, and negotiations with Orrick Herrington & Sutcliffe LLP regarding the same.

(y) **The Brattle Group, Inc (task code 28):** Tasks billed under this project category include: review of monthly fee statements and the first interim fee application of The Brattle Group, Inc., and review and editing of the preliminary report prepared in relation to the first interim fee application filed by The Brattle Group, Inc., and negotiations with The Brattle Group, Inc. regarding the same.

(z) **Randi S. Ellis (task code 30):** Tasks billed under this project category include: review of appointment materials, monthly fee statements, and the first interim fee application of Randi S. Ellis, and review and editing of the preliminary report prepared in relation to the first interim fee application filed by Randi S. Ellis, and negotiations with Randi S. Ellis regarding the same.

(aa) **Walsh Pizzi O'Reilly Falanga LLP (task code 31):**  Tasks billed under this project category include: review of retention materials, monthly fee statements, and the first interim fee application of Walsh Pizzi O'Reilly Falanga LLP, and review and editing of the preliminary report prepared in relation to the first interim fee application filed by Walsh Pizzi O'Reilly Falanga LLP, and negotiations with Walsh Pizzi O'Reilly Falanga LLP regarding the same.

(bb) **Anderson Kill P.C. (task code 35):** Tasks billed under this project category include: review of retention materials, monthly fee statements, and the first interim fee application of Anderson Kill P.C., and review and editing of the preliminary report prepared in relation to the first interim fee application filed by Anderson Kill P.C., and negotiations with Anderson Kill P.C. regarding the same.

(cc) **MoloLamken LLP (task code 36):** Tasks billed under this project category include: review of retention materials, monthly fee statements, and the first interim fee application of MoloLamken LLP, and review and editing of the preliminary report prepared in relation to the first interim fee application filed by MoloLamken LLP, and negotiations with MoloLamken LLP regarding the same.

(dd) **Womble Bond Dickinson (US) LLP (task code 38):** Tasks billed under this project category include the review of the monthly fee statement of Womble Bond Dickinson (US) LLP.

(ee) **Bederson LLP (task code 39):** Tasks billed under this project category include: review of retention materials of Bederson LLP.

(ff) **Compensation (task code 98):**  Tasks billed under this project category include the review of the monthly fee statements and first interim fee application filed on behalf of the Fee Examiner and his counsel, and attendance at hearing on fee applications.

(gg) **General (054489-00001(99)):**  Tasks billed under this project category include tasks related to project assignments, project scheduling, and team meetings and communications addressing issues arising during the review of fee applications. Additionally, the Fee Examiner billed time under this category for other tasks relating to multiple retained professionals or generally applicable to the role of the Fee Examiner in the Debtor's cases.  Finally, the Fee Examiner billed time under this category for the preparation of the final report on the second fee period interim fee applications filed by the retained professionals.

13.    Each Prior Monthly Fee Application also contained a summary of the activities performed by the Fee Examiner during the Compensation Period.

14.    As of the date of this application, no party has objected to any of the Fee Examiner's Prior Monthly Fee Applications.

## Expenses Incurred By the Fee Examiner

15.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case.  Accordingly, the

Fee Examiner seeks reimbursement for expenses incurred in rendering services during the Compensation Period in the amount of $50.00, representing costs related to the fee for remote hearing attendance.  Itemized records detailing the expenses incurred during the Compensation Period were in Exhibit B to each Prior Monthly Fee Application, which exhibits are incorporated herein by reference.

### Statement of the Applicant

16.     Pursuant to section C5 of the Guidelines, the Fee Examiner makes the following statements:

a.     The Fee Examiner did not agree to any variations from, or alternatives to, his standard or customary billing rates, fees or terms for services that were provided during the Compensation Period.

b.     The fees sought in this application are not in excess of any budgeted amount.

c.     The hourly rates of the Fee Examiner included in this application have not been varied based on the geographic location of this case.

d.     This application does not include any time or fees related to reviewing, revising or preparing invoices.

e.     This application does not include any rate increases since the Fee Examiner's appointment.

### Conclusion

17.     The fees and expenses requested herein by the Fee Examiner are billed in accordance with his existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

18.     No agreement or understanding exists between the Fee Examiner or any third person for the sharing of compensation.

19.     The U.S. Trustee was given the opportunity to review this Application prior to it being filed with the Court.

20.     All of the services for which compensation is requested hereunder were rendered solely in the role as independent fee examiner, and not on behalf of any other entity.  In accordance with the Guidelines, the Certification of Robert J. Keach is attached hereto as **Exhibit B** and incorporated herein by reference.

21.     WHEREFORE, the Fee Examiner respectfully requests that, pursuant to the Interim Compensation Order, the Court (a) allow on an interim basis compensation of $73,980.00, for services rendered as Fee Examiner during the Compensation Period, (b) allow on an interim basis reimbursement of expenses of $50.00 for expenses incurred during the Compensation Period; (c) authorize payment of these allowed fees to the Fee Examiner; and (d) grant such other and further relief to the Fee Examiner as the Court may deem proper.

Dated:  November 23, 2022                      Respectfully submitted,

*/s/ Robert J. Keach*
Robert J. Keach, Esq. (admitted *pro hac vice*)
BERNSTEIN SHUR SAWYER & NELSON, P.A.
100 Middle Street
Portland, ME  04104
Tel: (207) 774-1200
Fax: (207) 774-1127
E-Mail: rkeach@bernsteinshur.com

*Fee Examiner*

**EXHIBIT A**

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:        jeffrey.m.sponder@usdoj.gov
               lauren.bielskie@usdoj.gov

Order Filed on March 31, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Chapter 11 |
| LTL MANAGEMENT LLC, | Case No. 21-30589 |
| Debtor. | Hearing Date: March 30, 2022 at 10 a.m. |
| | Honorable Michael B. Kaplan, Chief Judge |

## ORDER APPOINTING AN INDEPENDENT
## FEE EXAMINER AND ESTABLISHING PROCEDURES

The relief set forth on the following page(s), numbered two (2) through eight (8), is hereby
**ORDERED**.

......

**DATED: March 31, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**(Page 2)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

Upon consideration of the Motion of the United States Trustee, by and through counsel, for an Order appointing an independent Fee Examiner and establishing procedures, and for related modifications to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* ("Interim Compensation Order") (Dkt. 761); and given the size and complexity of this Chapter 11 case that has and will continue to result in the filing of numerous, lengthy and complex professional fee applications; and upon the Court's determination that the legal and factual bases set forth in in the Motion establishes cause for the relief requested,

It is hereby ORDERED:

1. The Court appoints Robert J. Keach, Esq., of Bernstein, Shur, Sawyer & Nelson, P.A., as the Fee Examiner in this case.

2. The Fee Examiner may retain attorneys and other professionals or consultants if he deems it necessary to discharge his duties, subject to filing of retention applications, notice and an opportunity to be heard, and subject to Court approval under standards equivalent to 11 U.S.C. § 327.

3. Based upon the Declaration of Robert J. Keach, Mr. Keach is a disinterested person as defined under the Bankruptcy Code.

4. Unless otherwise ordered by this Court, this Order shall apply to all professionals in this case requesting compensation and/or reimbursement of expenses for services rendered pursuant to section 327, 328, 330, 331 or 1103 of the Bankruptcy Code ("Retained Professionals"); provided, however, this Order shall not apply to (i) ordinary course professionals employed by the

**(Page 3)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

Debtor in accordance with the *Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtors in the Ordinary Course of Business* ("OCP Order") (Dkt. 849), and (ii) members of Official Committee of Talc Claimants I ("TCC I"), and Official Committee of Talc Claimants II TCC I and ("TCC II"), on account of such members' applications for reimbursement of expenses incurred in such capacity.

5.      The terms, conditions, and procedures of the Interim Compensation Order shall remain in full force and effect except as expressly modified by this Order.  In the event of a conflict between the provisions of the Interim Compensation Order and this Order, the provisions of this Order shall control.  Nothing in this Order shall be construed to limit in any way the rights of any party in interest, including the U.S. Trustee, to object or otherwise be heard with respect to any Fee Application (defined below) or issues pertaining to the Interim Compensation Order.

6.      The following procedures ("Review Procedures") shall be implemented for the review of any Monthly Fee Statement, and any Interim Fee Application or Final Fee Application (together with Interim Fee Application, the "Fee Applications") filed by Retained Professionals (each, an "Applicant"), and in accordance with any chapter 11 plan ("Plan") confirmed in this case:

   a.   The Fee Examiner shall be deemed a Notice Party for purposes of the Interim Compensation Order and any Monthly Fee Statement or Fee Application submitted by a Retained Professional shall be served on the Fee Examiner in accordance with the terms of the Interim Compensation Order.  Any Monthly Fee Statement or Fee Application served pursuant to the Interim Compensation Order prior to entry of this Order shall be served on the Fee Examiner as soon as is reasonably practical after entry of this Order.  Notwithstanding the foregoing, any Final Fee Applications shall be served on the Fee Examiner in accordance with the terms of any Plan, if applicable.

**(Page 4)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

b.  The Fee Examiner may review any Monthly Fee Statement and shall review any Fee Application served by each Retained Professional in the Chapter 11 case.  During the course of his review of any Fee Application, the Fee Examiner shall consult, as he deems appropriate, with each applicable Retained Professional concerning any such Fee Application.

c.  As soon as practicable after a Fee Application is filed and served upon the Fee Examiner, and in any event not later than forty-five days (45) after service upon the Fee Examiner of such Fee Application, the Fee Examiner may serve a report (each, a "Preliminary Report") on an Applicant designed to, *inter alia*, quantify and present factual data, as well as factual inquiries and legal issues, relevant to whether the requested fees, disbursements, and expenses are reasonable in accordance with the applicable standards of sections 330 and 331 of the Bankruptcy Code and whether the Applicant complied with, or made a reasonable, good faith effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the U.S. Trustee Guidelines.  For the avoidance of doubt, the Fee Examiner shall not be required to serve a Preliminary Report with respect to all Fee Applications or as to all Applicants.  The Fee Examiner shall, in the exercise of his discretion, make the determination of whether to serve a Preliminary Report on an Applicant with respect to any Fee Application.

d.  The Debtor, TCC I, TCC II, and the Fee Examiner shall consult and request that the Court set a hearing (each, a "Fee Hearing") on Interim Fee Applications and Final Fee Applications in accordance with the terms of the Interim Compensation Order and Plan, as applicable.  At least 14 days prior to any Fee Hearing, the Fee Examiner shall file with the Court a report (each, a "Final Report") designed to: (i) quantify and present factual data and legal issues relevant to whether the requested fees and expenses of each applicable Retained Professional are reasonable in accordance with the applicable standards of sections 330 and 331 of the Bankruptcy Code, (ii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have been consensually resolved and the nature of such resolution, and (iii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have not yet been resolved.  For the avoidance of doubt, the Fee Examiner shall not raise any new issues not contained in the Preliminary Report unless such issues arise from, or were created, in the first instance, by new materials, information or documents provided to the Fee Examiner by the Retained Professional in response to the Preliminary Report.  For the avoidance of doubt, a Final Report may cover multiple Fee Applications, as applicable, to be considered at an applicable Fee Hearing.

**(Page 5)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

    e.   In lieu of a Final Report, at least 14 days prior to any Fee Hearing, the Fee Examiner may file an objection (a "Fee Examiner Objection") to any Fee Application with the Court and prosecute such Fee Examiner Objection at the Fee Hearing. The Fee Examiner Objection shall be limited to issues raised in the Preliminary Report unless such issues arise from, or were created, in the first instances, by new materials, information or documents provided to the Fee Examiner by the Retained Professional in response to the Preliminary Report.

    f.   Any Retained Professional may file with this Court a response to a Final Report or Fee Examiner Objection no later than (3) days prior to the Fee Hearing. Such Retained Professional may adjourn consideration of any fees or expenses still in dispute at the time of a Fee Hearing for consideration at a subsequent Fee Hearing so as to allow continuing discussions with the Fee Examiner.

    g.   Any Fee Hearing shall be scheduled so as to give the Fee Examiner sufficient time to serve a Preliminary Report regarding any Fee Applications to be considered at the Fee Hearing and consult with any Applicant whose Fee Applications are subject to a Preliminary Report before filing such Preliminary Report. During the period between service of the Preliminary Report and the applicable Fee Hearing, (i) the Fee Examiner and applicable Retained Professional shall make reasonable efforts to resolve issues raised in the Preliminary Report, and (ii) each applicable Retained Professional shall provide the Fee Examiner with supplemental information such Retained Professional believes relevant to the factual and legal issues raised by the Preliminary Report.

    h.   For the avoidance of doubt, all Monthly Fee Statements shall be served and paid by the Debtor in accordance with the Interim Compensation Order.

    i.   The Fee Examiner shall use his best efforts to avoid duplicative review when reviewing Final Fee Applications comprised of Interim Fee Application requests that have already been reviewed by the Fee Examiner.

    7.    The Debtor, TCC I, TCC II, and all Retained Professionals shall reasonably cooperate in good faith with the Fee Examiner in the discharge of his duties and shall respond as soon as reasonably practical to any reasonable requests for information, meetings, or calls from the Fee Examiner. No later than five (5) business days after the filing of each monthly Fee

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

Statement or Fee Application, the requesting party shall send to the Fee Examiner by electronic mail the Monthly Fee Statement or Fee Application in Adobe Acrobat and the fee detail containing the daily time entries and the expense detail (the "Fee Detail") in the LEDES electronic format.  Fee Details in LEDES electronic format for Final Fee Applications do not need to be resubmitted.  Each Retained Professional may supply to the Fee Examiner any invoices, payment records, or other documents reasonably requested by the Fee Examiner in the possession of the Retained Professional and supporting any request for reimbursement of expenses to the extent such invoices, payment records or other documents are maintained in the ordinary course of business of the Retained Professional.  For the avoidance of doubt, invoices do not need to be supplied for copies (unless done by a third-party service provider), for postage or other delivery expenses, or for electronic research (such as WestLaw or LEXIS), and internally produced summaries are sufficient for such expenses.  If required to maintain privilege or to comply with other confidentiality requirements, such documents may be redacted.

8.      In determining whether to serve an Initial Report with respect to any Fee Application, the Fee Examiner shall consult with counsel to the Debtor, TCC I, and TCC II and may supplement its own analysis of any Fee Application with any analysis performed by such counsel.  Any comments or analyses to be provided by counsel to the Debtor, TCC I, and TCC II (collectively, the "Fee Analyses") shall be in a form to be agreed upon by and among the Debtor, TCC I, and TCC II. The Fee Examiner shall consult with counsel to the Debtor, TCC I, and TCC II regarding additional procedures to streamline the submission and the Fee Examiner's

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

consideration of the Fee Analyses.  Following the submission of the Fee Analyses, the Fee Examiner

shall attempt to resolve any issues identified by counsel to the Debtor, TCC I, and TCC II, as well

as any additional issues identified by the Fee Examiner, in accordance with the terms of this Order.

9.      The provisions of this Order remain applicable to any Retained Professional

regardless of whether TCC I and TCC II cease to exist.  If the Original Committee, formed pursuant

to the *Order Appointing the Official Committee of Talc Claimants* (Dkt. 355) is reinstated,

reconstituted or otherwise re-formed, this Order shall be equally applicable to the Original

Committee.

10.     The Fee Examiner, the Retained Professionals and the Debtor shall use commercially

reasonable efforts to have any undisputed portion of the Fee Applications paid as soon as practicable.

11.     The Fee Examiner shall be deemed to have filed a request for notice of papers filed

in these cases pursuant to Bankruptcy Rule 2002 and shall be served with all such papers.  The Fee

Examiner shall review, to the extent appropriate, any relevant documents filed in this chapter 11

case and remain generally familiar with the chapter 11 cases and the dockets and proceedings,

including hearings.

12.     Any time period set forth in this order may be extended with the consent of the Fee

Examiner and the affected Retained Professional or by order of this Court.

13.     The fees and expenses of the Fee Examiner, and any counsel retained pursuant to

court order, shall be subject to application and review pursuant to section 330 of the Bankruptcy

Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, the U.S. Trustee Guidelines, and the

Interim Compensation Order, and shall be paid from the Debtor's estate as an administrative expense

under section 503(b)(2) of the Bankruptcy Code.  The Fee Examiner's expenses and those of any

**(Page 8)**

LTL MANAGEMENT LLC

Chapter 11, Case No.: 21-30589 (MBK)

**Order Appointing an Independent Fee Examiner and Establishing Procedures**

---

counsel retained pursuant to court order, shall be subject to the information detail requirements set forth in D.N.J. LBR 2016-1.

14.     Nothing herein shall limit the right of any entity to object to the allowance or payment of fees or reimbursement of expenses sought by any Retained Professional on any grounds, to the extent such right exists under the Bankruptcy Code or the Interim Compensation Order.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.  Notwithstanding any provisions of this Order to the contrary, this Court shall retain the ultimate authority to determine whether fees and expenses requested satisfy section 330 of the Bankruptcy Code.

16.     This Order shall remain in effect unless and until this Court orders otherwise.

## **EXHIBIT B**

Certification of Robert J. Keach

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jeffrey Traurig
**TRAURIG LAW LLC**
One University Plaza, Suite 124
Hackensack, NJ  07601
Tel: (646) 974-8650
E-mail:  jtraurig@trauriglaw.com
*Local Counsel to the Fee Examiner*

Robert J. Keach, Esq. (admitted *pro hac vice*)
**BERNSTEIN SHUR SAWYER & NELSON, P.A.**
100 Middle Street
Portland, ME  04104
Tel: (207) 774-1200
Fax: (207) 774-1127
E-Mail: rkeach@bernsteinshur.com
*Fee Examiner*

**BERNSTEIN SHUR SAWYER & NELSON, P.A.**
Letson Douglass Boots, Esq. (admitted *pro hac vice*)
100 Middle Street
Portland, ME  04104
Tel: (207) 774-1200
Fax: (207) 774-1127
E-Mail: lboots@bernsteinshur.com
*Counsel to the Fee Examiner*

| | |
|---|---|
| In Re: | Case No.:      21-30589 (MBK) |
| LTL MANAGEMENT LLC, | Judge:        Michael B. Kaplan |
| Debtor | Chapter 11 |

## CERTIFICATION OF ROBERT J. KEACH

Robert J. Keach, under penalty of perjury, certifies as follows:

1.      I am a shareholder with the law firm Bernstein, Shur, Sawyer & Nelson, P.A., and I make this certification in accordance with the Local Rules of the United States Bankruptcy Court of New Jersey (the "Local Rules") regarding the contents of application for compensation.

2.      I have read the Second Interim Fee Application of Robert J. Keach for Allowance of Fees and Reimbursement of Expenses as Fee Examiner for the Period from June 1, 2022 Through September 30, 2022 (the "Second Interim Application").[1]

3.      The U.S. Trustee has been provided with copies of the Second Interim Application and prior monthly fee applications referenced therein.

4.      I have reviewed the requirements of the Interim Compensation Order, the Guidelines, and the Local Rules, and I believe the Second Interim Application complies therewith.

Date:  November 23, 2022                    /s/ Robert J. Keach
                                            Robert J. Keach

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Second Interim Application.