| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> **GENOVA BURNS LLC** <br> Daniel M. Stolz, Esq. <br> Donald W. Clarke, Esq. <br> Matthew I.W. Baker, Esq. <br> dstolz@genovaburns.com <br> dclarke@genovaburns.com <br> mbaker@genovaburns.com <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Tel: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Local Counsel for the* <br> *Official Committee of Talc Claimants* | **BROWN RUDNICK LLP** <br> David J. Molton, Esq. <br> Robert J. Stark, Esq. <br> Michael S. Winograd, Esq. <br> dmolton@brownrudnick.com <br> rstark@brownrudnick.com <br> mwinograd@brownrudnick.com <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 209-4800 <br> Fax: (212) 209-4801 <br><br> and <br><br> Jeffrey L. Jonas, Esq. <br> Sunni P. Beville, Esq. <br> jjonas@brownrudnick.com <br> sbeville@brownrudnick.com <br> One Financial Center <br> Boston, MA 02111 <br> Tel: (617) 856-8200 <br> Fax: (617) 856-8201 <br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants* |
| **BAILEY GLASSER LLP** <br> Brian A. Glasser, Esq. <br> Thomas B. Bennett, Esq. <br> Kevin W. Barrett, Esq. <br> Maggie B. Burrus, Esq. <br> bglasser@baileyglasser.com <br> tbennett@baileyglasser.com <br> kbarrett@baileyglasser.com <br> mburrus@baileyglasser.com <br> 1055 Thomas Jefferson St. NW, Suite 540 <br> Washington, DC 20007 <br> Tel: (202) 463-2101 <br> Fax: (202) 463-2103 <br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants* | **OTTERBOURG PC** <br> Melanie L. Cyganowski, Esq. <br> Adam C. Silverstein, Esq. <br> Jennifer S. Feeney, Esq. <br> mcyganowski@otterbourg.com <br> asilverstein@otterbourg.com <br> jfeeney@otterbourg.com <br> 230 Park Avenue <br> New York, NY 10169 <br> Tel: (212) 905-3628 <br> Fax: (212) 682-6104 <br> *Co-Counsel for the* <br> *Official Committee of Talc Claimants* |

| PARKINS & RUBIO LLP<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinsrubio.com<br>crubio@parkinsrubio.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* | MASSEY & GAIL LLP<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* |
|---|---|
| In Re:<br><br>**LTL MANAGEMENT, LLC,**[1]<br><br>              Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan |

**THIRD INTERIM APPLICATION OF MASSEY & GAIL LLP,
SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF TALC CLAIMANTS,
FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES
<u>FOR THE PERIOD JUNE 1, 2022 THROUGH SEPTEMBER 30, 2022</u>**

Massey & Gail LLP (the "Applicant" or "Massey & Gail"), special counsel to the Official Committee of Talc Claimants ("TCC") submits this third interim application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, the Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals (Docket No. 761), and the Modified Order Establishing Procedures for the Allowance of Interim Compensation and Reimbursement of Expenses Retained (Docket No. 870) for allowance of compensation and reimbursement of expenses for the period of June 1, 2022 through September 30, 2022 (the "Third Interim Period"). By and through this Application, the Applicant seeks allowance of compensation

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

2

in the amount of $477,129.00 for services rendered during the Third Interim Period. Applicant further seeks allowance and reimbursement of its actual and necessary expenses in the amount of $ 1,071.93 for the Third Interim Period. In support thereof, the Applicant respectfully states as follows:

## BACKGROUND

1. On October 14, 2021, LTL Management LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of North Carolina (the "NC Bankruptcy Court"). (Docket No. 1.)

2. On November 8, 2021, the North Carolina Bankruptcy Court entered an order (Docket No. 355) granting the motion (Docket No. 227) filed by the Bankruptcy Administrator for the Western District of North Carolina, for appointment of an official committee of talc claimants (the "Original TCC").

3. On November 12, 2021, the Original TCC selected Massey & Gail to serve as special counsel.

4. On November 16, 2021, the North Carolina Bankruptcy Court entered an Order transferring the Case to this District. (Docket No. 416.)

5. On November 20, 2021, Massey & Gail filed an Application for Retention, effective as of November 15, 2021. (Docket No. 504.)

6. On December 9, 2021, Massey & Gail filed a supplemental certification in support of retention. (Docket No. 764.)

7. On December 17, 2021, the Court approved the employment of Massey & Gail as counsel to the Original TCC, effective November 15, 2021, the date by which Massey & Gail had begun rendering legal services to the Original TCC. (Docket No. 864.)

8. On December 23, 2021, the United States Trustee for Region 3 "reconstitute[d] and amend[ed]" the Original TCC and formed two committees, the Official Committee of Talc Claimants I ("TCC I") and TCC II, pursuant to his obligations under 11 U.S.C. § 1102(a), by filing the *Notice of the United States Trustee's Filing of Reconstituted and Amended: (i) Notice of Appointment of Official Committee of Talc Claimants; and (ii) Notice of Appointment of Official Committee of Talc Claimants II*.  (Docket No. 965.)

9. On January 3, 2022, the Debtor filed a motion seeking to disband TCC I and TCC II and reinstate the Original TCC. (Docket No. 1047.) On January 5, 202, Arnold & Itkin LLP filed a motion seeking the same relief (collectively the "Reinstatement Motions"). (Docket No. 1067.)

10. On January 18, 2022, Massey & Gail filed a second supplemental certification in support of retention. (Docket No. 1179.)

11. On January 19, 2022, the Court granted the Reinstatement Motions and memorialized an oral ruling in a Memorandum Opinion (Docket No. 1212), dated January 20, 2022. Subsequently on January 26, 2022, the Court entered an Order on the Reinstatement Motions (the "Reinstatement Order"). (Docket No. 1273.)

12. The Reinstatement Order provided, *inter alia*, that TCC II would be disbanded on March 9, 2022, subject to further Order of the Court. Effective April 13, 2022, the TCC was reinstated by the Bankruptcy Court and TCC I and TCC II were dissolved. (Docket No. 1668 at 15:19-24, 18:19-21; Docket No. 1970.)

13. On March 17, 2022, Applicant filed its First Interim Application for Fees and Expenses for the Period from November 15, 2021 to January 31, 2022 ("First Interim Application"), seeking $914,415.00 in fees and $1,942.23 in expenses. (Docket No. 1776.) On May 16, 2022, the Fee Examiner issued to Applicant a Preliminary Report Regarding First Interim

4

Fee Application ("First Preliminary Report") proposing certain adjustments to Applicant's First Interim Application and seeking further information. In response to the First Preliminary Report, Applicant and the Fee Examiner engaged in multiple telephone conferences and multiple e-mail exchanges to address and resolve the issues raised in the First Preliminary Report. As a result of that process, Applicant and the Fee Examiner reached a resolution regarding the First Interim Application.

14. On May 31, 2022, the Fee Examiner issued a Consolidated Final Report Pertaining To The Interim Fee Applications Of Retained Professionals For The Period From October 14, 2021 Through January 31, 2022 ("First Final Report"). (Docket No. 2385.) The First Final Report states that Applicant and the Fee Examiner agreed to a reduction in fees in the amount of $124,581.87 and that the recommended reduction results in a recommended allowance of fees in the amount of $789,833.13 and reimbursement for expenses in the amount of $1,942.23.

15. On June 14, 2022, the Court approved the First Final Fee Report.

16. On June 24, 2022, Applicant filed its Second Interim Application for Fees and Expenses for the Period from February 1, 2022 to May 31, 2022 ("Second Interim Application"), seeking $1,003,801.50 in fees and $9,674.77 in expenses. (Docket No. 2582.) On August 4, 2022, the Fee Examiner issued to Applicant a Preliminary Report Regarding Second Interim Fee Application ("Second Preliminary Report") proposing certain adjustments to Applicant's Second Interim Application and seeking further information. In response to the Second Preliminary Report, Applicant and the Fee Examiner conferred orally and in writing to address and resolve the issues raised in the Second Preliminary Report. As a result of that process, Applicant and the Fee Examiner reached a resolution regarding the Second Interim Application.

17. On August 31, 2022, the Fee Examiner issued a Consolidated Final Report Pertaining To The Interim Fee Applications Of Retained Professionals For The Period From February 1, 2022 Through May 31, 2022 ("Second Final Report"). (Docket No. 2958.) The Second Final Report states that Applicant and the Fee Examiner agreed to a reduction in fees in the amount of $5,880.00 and a reduction in expenses in the amount of $1,378.00 and that the recommended reduction results in a recommended allowance of fees in the amount of $997,921.50 and reimbursement for expenses in the amount of $8,296.77.

18. On August 16, 2022, Applicant filed its eighth monthly fee statement (for the period of June 1 to June 30, 2022) seeking the payment of $103,558.00, representing fees in the amount of $129,447.50 (less 20% holdback of $25,889.50) and expenses in the amount of $-0-. (Docket No. 2890.)

19. On August 24, 2022, Applicant filed its ninth monthly fee statement (for the period of July 1 to July 31, 2022) seeking the payment of $62,337.46, representing fees in the amount of $77,533.00 (less 20% holdback of $15,506.60 and expenses in the amount of $311.06. (Docket No. 2921.)

20. On October 3, 2022, Applicant filed its tenth monthly fee statement (for the period of August 1 to August 31, 2022) seeking the payment of $120,298.40 representing fees in the amount of $150,373.00 (less 20% holdback of $30,074.60) and expenses in the amount of $ -0-. (Docket No. 3106.)

21. On October 18, 2022, Applicant filed its eleventh monthly fee statement (for the period of September 1 to September 30, 2022) seeking the payment of $96,581.27 representing fees in the amount of $119,775.50 (less 20% holdback of $23,955.10) and expenses in the amount of $760.87. (Docket No. 3161.)

22.     As of the date of the filing of this Application, the Applicant has been paid $2,084,187.49 from the Debtor.

23.     Pursuant to paragraph (b)(1)(v) of the UST Appendix A Guidelines, Applicant states that the TCC, on whose behalf Applicant is employed, has been given the opportunity to review the Third Interim Fee Application and has approved the requested amount.

24.     In the Fee Examiner's Consolidated Final Report Pertaining To The Fee Applications Of Retained Professionals For The Period From February 1, 2022 Through May 31, 2022 (Docket No. 2958, "Fee Examiner's Second Consolidated Final Report"), filed on August 31, 2022, the Fee Examiner stated in relevant part: "[o]ne continuing source of concern [] involves the less than uniform compliance with the UST Guidelines [], particularly those relating to the production of budgets, [and] budget to actual comparisons[.]"  In response to the Fee Examiner's concern, the Applicant prepared and provided the TCC with a budget and staffing plan for the Fourth Interim Period (October 2022 through January 2023).  The TCC approved the budget and staffing plan.

25.     Pursuant to section B.2.m of the UST Appendix B Guidelines (as defined in the Fee Examiner's Second Consolidated Report), the Applicant intends to explain in its Fourth Interim Application: (i) any substantial increase in the amount requested in the fee application as compared to the client-approved budget and (ii) any increase in the number of professionals and paraprofessionals billing to the matter during that period as compared to the client-approved staffing plan.

26.     Pursuant to paragraph (b)(1)(ii) of the UST Appendix A Guidelines and section C.2.g of the Appendix B Guidelines, Applicant states that no retainer exists in this case with respect to Applicant's fees and expenses.

27. In accordance with paragraph (b)(1)(iii) of the UST Appendix A Guidelines and sections C.2.k and C.2.j the Appendix B Guidelines, Applicant states that its hourly rates did not change during the time period covered by the Third Interim Fee Application. Applicant states, however, that it increased hourly rates during the First Interim Fee Period in accordance with standard rate increases charged to clients in non-bankruptcy matters (as set forth in Docket No. 1587, Notice of Massey & Gail Annual Rate Increase), and Applicant continued to charge those rates thereafter for the following attorneys who billed for time during the Third Interim Fee Period:

- Jonathan Massey, partner (bar admission 1992) from $1065 to $1085 per hour
- Matthew Collette, partner (bar admission 1991) from $895 to $935 per hour
- Rachel Morse, partner (bar admission 2007) from $785 to $805 per hour

28. Pursuant to paragraph (b)(1)(iii) of the UST Appendix A Guidelines and section C.3 of the Appendix B Guidelines, Applicant states that the requested compensation in the Third Interim Fee Application is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

29. Pursuant to Fed. R. Bank. P. 2016, Applicant states that a copy of the Third Interim Fee Application was transmitted to the United States Trustee.

30. The following exhibits are annexed hereto in support of the within Application and incorporated herein.

31. Annexed hereto as Exhibit "A" is a comparison of the blended rates billed for this matter for Third Interim Period as compared with the those billed by categories of the Applicant's timekeepers for the preceding year, excluding bankruptcy. The blended hourly rate (excluding travel time) for all timekeepers who billed time during the Third Interim Period was $1,015.49.

The blended hourly rate for timekeepers excluding paralegals (and excluding travel time) who billed time during the Third Interim Period was $1,019.71.

32. Annexed hereto as Exhibit "B" is a summary of timekeepers included in this fee application.

33. Annexed hereto as Exhibit "C" is a copy of the Order entered on December 17, 2021 authorizing the retention of Massey & Gail as special counsel to the Original TCC. (Docket No. 864.)

34. Annexed hereto as Exhibit "D" is a summary of compensation requested by project category (Ex. D-1) and a summary of expense reimbursement requested by category (Ex. D-2).

35. Annexed hereto as Exhibit "E" is a summary cover sheet of this fee application.

36. Annexed hereto as Exhibit "F" is an itemized list of all out-of-pocket disbursements necessarily incurred by the Applicant during the Third Interim Period totaling $1,071.93.

37. Annexed hereto as Exhibit "G" is a copy of the Applicant's detailed time records during the Third Interim Period. Such time records reflect that the Applicant has expended 473.3 hours in connection with performance of services in connection with performance of services for the TCC (beginning on June 1, 2022), resulting in fees in the amount of $477,129.00. The Applicant respectfully submits that the hourly rates charged are fair and reasonable in light of the complexity of this case, nature of services provided, and the significant expertise of the professionals who rendered such services.

38. Annexed hereto as Exhibit "H" is a Certification of Jonathan S. Massey in support of the within Application and made in accordance with Section 504 of the Bankruptcy Code.

## SUMMARY OF SERVICES RENDERED

1. The Applicant provided significant services to the TCC in connection with this Chapter 11 case and in accordance with the Applicant's professional responsibilities. Massey & Gail has focused on the novel and complex legal and procedural issues presented by this case, has responded to requests for counsel and advice from the TCC on a wide range of cutting-edge issues involved in this case, and has worked extensively on the briefing submitted to the Third Circuit and Bankruptcy Court on those questions.

2. During the period covered by the Third Interim application, Massey & Gail provided services relating to the Third Circuit appeals of the Bankruptcy Court's orders denying the TCC's motion to dismiss and extending (over the TCC's objection) stay relief to J&J and other non-debtors. The Third Circuit appeals encompassed:

   a. The TCC's opening brief, filed June 30, 2022.

   b. Coordination with three other appellants' briefs filed the same day, as well as five supporting amici briefs filed seven days later.

   c. A joint appendix of over 10,000 pages.

   d. Significant developments during the pendency of the appeal, such as rulings by the 3M/Aearo MDL and bankruptcy courts.

   e. The Debtor's brief filed August 16, 2022, along with four amici briefs filed in support of the debtor.

   f. The TCC's reply brief, filed on September 6, 2022.

   g. Assistance with oral argument preparation.

   h. The Third Circuit argument on September 19, 2022. Jonathan Massey was one of two TCC attorneys at counsel table for the argument.

3. At all times, Massey & Gail has endeavored to coordinate work and avoid duplication with other law firms representing the TCC. Massey & Gail's staffing has been lean and efficient, seeking to leverage the associates and support staff provided by other firms retained by the TCC.

4. Instead of duplicating the efforts of other firms, Massey & Gail has primarily focused on providing high-level legal analysis, strategic counseling and briefing on particularly difficult legal questions, based on the extensive experience of partner Jonathan Massey in asbestos, mass torts, and other complex litigation, dating back to his work in drafting the briefs in *Georgine v. Amchem Prods., Inc.*, 683 F.3d 610 (3d Cir. 1996), *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). In addition, Matthew Collette, former deputy head of the Civil Division Appellate Staff of the U.S. Department of Justice, possesses an unmatched wealth of appellate experience, having been involved in the vast majority of significant civil litigation concerning the U.S. government for the past two decades. Massey & Gail has been able to provide tailored and specialized representation that does not simply echo or duplicate the services of other firms. The services rendered by Massey & Gail were necessary to the administration of this Chapter 11 case and the representation of the interests of the members and creditors which compose the TCC. Such services included, but were not limited to:

   a. Advising the TCC on strategy and the novel legal and procedural issues in this case, using Applicant's experience in complex litigation before trial and appellate courts;

   b. Providing helpful continuity and background to the creditors, by virtue of the fact that Massey & Gail was retained by the Original TCC, as well as by TCC II, and previously participated in the North Carolina proceedings on behalf of

11

    several firms representing mesothelioma claimants who are now represented on the TCC;

c. Drafting analyses of, and providing advice on numerous complex and difficult legal questions (many of first impression) implicated in this case both in the Bankruptcy Court and on appeal, including those pertaining to the Motion to Dismiss, the Preliminary Injunction Motion, constitutional questions presented by the Debtor's bankruptcy petition, divisional merger transactions, jurisdictional issues, the availability of relief under Section 524(g) of the Bankruptcy Code, among others;

d. Drafting and revising pleadings, including important briefing pertaining to the appeal to the Third Circuit of the Bankruptcy Court's rulings regarding the Motion to Dismiss and the Preliminary Injunction Motion;

e. Communicating extensively with co-counsel and committee members and representatives regarding numerous critical issues by e-mail, telephone, in-person, and video conference;

f. Reviewing and analyzing key pleadings for purposes of making strategic recommendations in this case;

g. Participating in Court proceedings where appropriate (often remotely in order to reduce costs) and advising co-counsel and committee representatives on strategic issues in preparation for Court hearings.

5. The Applicant respectfully submits that the amount of compensation requested by the Applicant is fair and reasonable given the complexity of this case, time expensed, nature and

extent of services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code.

**WHEREFORE**, the Applicant respectfully requests that this Court grant the Application and enter an Order granting allowance of compensation in the amount of $477,129.00 together with reimbursement of actual out-of-pocket disbursements in the amount of $1,071.93 for a total of $478,200.93.

**MASSEY & GAIL LLP**

By:

Jonathan S. Massey
Rachel S. Morse
Massey & Gail LLP
1000 Maine Ave. SW, Suite 450
Washington, DC 20024
Tel: (202) 652-4511
jmassey@masseygail.com
rmorse@masseygail.com

*Special Counsel for the*
*Official Committee of Talc Claimants*