**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 467-2700<br>Fax: (973) 467-8126<br>*Local Counsel for the Official Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Robert J. Stark, Esq.<br>Michael S. Winograd, Esq.<br>Jeffrey L. Jonas, Esq.<br>dmolton@brownrudnick.com<br>rstark@brownrudnick.com<br>mwinograd@brownrudnick.com<br>jjonas@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Sunni P. Beville, Esq.<br>sbeville@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the Official Committee of Talc Claimants* |
| **BAILEY GLASSER LLP**<br>Brian A. Glasser, Esq.<br>Thomas B. Bennett, Esq.<br>bglasser@baileyglasser.com<br>tbennett@baileyglasser.com<br>1055 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br>Tel: (202) 463-2101<br>Fax: (202) 463-2103<br>*Co-Counsel for the Official Committee of Talc Claimants* | **OTTERBOURG P.C.**<br>Melanie L. Cyganowski, Esq.<br>Adam C. Silverstein, Esq.<br>Jennifer S. Feeney, Esq.<br>mcyganowski@otterbourg.com<br>asilverstein@otterbourg.com<br>jfeeney@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official Committee of Talc Claimants* |

7261500.1

| | |
|---|---|
| **PARKINS & RUBIO LLP**<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinsrubio.com<br>crubio@parkinsrubio.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel for the Official Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>jmassey@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the Official Committee of Talc Claimants* |
| In re:<br><br>**LTL MANAGEMENT, LLC,**<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Hearing: **December 20, 2022 at 10:00 a.m.** |

**DECLARATION OF MELANIE L. CYGANOWSKI IN SUPPORT OF REPLY OF THE OFFICIAL COMMITTEE OF TALC CLAIMANTS IN FURTHER SUPPORT OF ITS MOTION CONFIRMING PROCEDURES FOR THE REIMBURSEMENT OF <u>EXPENSES INCURRED BY COMMITTEE MEMBER REPRESENTATIVES</u>**

MELANIE L. CYGANOWSKI, pursuant to 28 U.S.C. § 1746, declares, under penalty of perjury, as follows:

1. I am a member of the firm of Otterbourg P.C., co-counsel to the Official Committee of Talc Claimants (the "<u>TCC</u>") in the above-captioned chapter 11 case. I submit this declaration in support of the *Reply of the Official Committee of Talc Claimants in Further Support of Its Motion Confirming Procedures for the Reimbursement of Expenses Incurred By Committee Member Representatives* (the "<u>Reply</u>")[1] filed concurrently herewith.  The statements contained herein are based on my personal knowledge and my review of copies of documents provided to me by co-counsel.

---

[1]　　Capitalized terms used but not defined herein shall have the meanings set forth in the Reply.

7261500.1　　　　　　　　　　　　　　　2

2. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts of a transcript of proceedings in the above captioned chapter 11 cases on May 4, 2022.

3. On November 23, 2021, the US Trustee sent a letter (the "UST Letter") to the TCC's counsel, asking eight questions to be posed to each of the personal attorneys, *i.e.*, the Representatives, for each of the members of the TCC (in their capacity as members of the Original Committee).

4. In early December 2021, the personal attorneys for each of the Individual Members—*i.e.*, the Representatives—sent letters to the US Trustee with their written responses to the questions set forth in the UST Letter. Included as attachments to these response letters (with one exception)[2] was a copy of a then newly executed proxy specifically granting authority to the Individual Member's personal attorney to vote and act for his or her client in accordance with the TCC's bylaws, subject at all times to the Individual Member's retention of the ultimate decision on how to vote on any particular matter.

5. Certain of the Representatives also submitted separate proxies earlier, to the Bankruptcy Administrator in connection with their selection to the Original Committee.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 16, 2022
New York, New York

*/s/ Melanie L. Cyganowski*
Melanie L. Cyganowski, Esq.

---

[2] The response letter from counsel for TCC member Patricia Cook (Weitz and Luxenberg, PC) did not include a separate proxy agreement, but referenced the authority contained in counsel's retention agreement.

7261500.1                                3

# Exhibit 1

## Excerpts of Transcript of Hearing on May 4, 202

```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF NEW JERSEY

IN RE:                    .     Case No. 21-30589(MBK)
                          .     Chapter 11
LTL MANAGEMENT LLC,       .
                          .     Clarkson S. Fisher U.S. Courthouse
            Debtor.       .     402 East State Street
                          .     Trenton, NJ 08608
                          .
                          .     Tuesday, May 4, 2022
 . . . . . . . . . . . . ..     10:00 a.m.

                      TRANSCRIPT OF MOTIONS HEARING
                  BEFORE THE HONORABLE MICHAEL B. KAPLAN
                   UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:           Jones Day
                          By:  GREGORY M. GORDON, ESQ.
                               DANIEL B. PRIETO, ESQ.
                          2727 North Harwood Street, Suite 500
                          Dallas, TX 75201


For Plaintiffs'           Otterbourg P.C.
Steering Committee in     By:  MELANIE CYGANOWSKI, ESQ.
MDL Litigation:           230 Park Avenue
                          New York, NY  10169Å


For the Official          Brown Rudnik, LLP
Committee of Talc         By:  SUNNI BEVILLE, ESQ.
Claimants 1:                   JEFFREY L. JONAS, ESQ.
                          One Financial Center
                          Boston, MA  02111

                          Brown Rudnik, LLP
                          By:  DAVID J. MOLTON, ESQ.
                          7 Times Square
                          New York, NY  10036


Audio Operator:           Luz Di Dolci

Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjCourt@jjCourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

Case 21-30589-MBK    Doc 3504-1    Filed 12/16/22    Entered 12/16/22 16:09:33    Desc
Declaration of Melanie L. Cyganowski in Support of Reply of the Official Commit    Page 6 of 8

30

1  further notes that neutrality and trust are related.

2          And this Court certainly recognizes its
3  responsibility for ensuring all of those four factors.  But
4  what I do not believe is that it's a sole responsibility.  That
5  responsibility of neutrality and trust for the system is
6  shared, not just by the Court, but I share it with the estate
7  fiduciaries, the debtor, the Committee members and their
8  professionals.

9          And to the extent that there's a question of
10 neutrality and trustworthiness, we all are better off if we can
11 put those issues to rest.  And so, it's incumbent upon the
12 estate professionals, as well as the estate fiduciaries, the
13 Committee members, to recognize that they have obligations.  I
14 think it's been briefed there's that fidelity and undivided
15 loyalty to all members, all creditors, and to the estate.

16         And if Committee members have a greater interest in
17 looking to enhance their own specific concerns or interests,
18 then they should, quite candidly, step off the Committee and
19 should work to form an ad hoc committee.  But I'm hoping to
20 impress upon those that will remain on the Committee and those
21 that had sought to be on the Committee, the value in working
22 for the estate as a whole, as opposed to individualized
23 interests.

24         Now, the claimants, the movants in this matter, have
25 put forward a variety of justifications for being added, racial

Case 21-30589-MBK    Doc 3504-1    Filed 12/16/22    Entered 12/16/22 16:09:33    Desc
Declaration of Melanie L. Cyganowski in Support of Reply of the Official Commit    Page 7 of 8

31

1  diversity, residency, nationality, the severity of the illness,
2  the nature of the underlying diagnosis, and the value of the
3  claims, all of which are important.  But I think all ignore the
4  central commonality among all of the claimants, that they or
5  loved ones are suffering from a form of cancer, either directly
6  or indirectly, that has been attributed to the conduct by the
7  debtor's predecessor, giving rise to an unliquidated damage
8  claim and that all of these claimants have sought redress in
9  courts of competent jurisdiction or, for future claimants, will
10 or are seeking to bring these to court, and have shared a
11 principle aim to establish the culpability, to attain the
12 highest recovery, and to do so in the shortest period of time.
13         The other noted factors, distinctions, that have been
14 raised I don't believe impact on these shared goals and do not
15 warrant a change to the composition of the Committee at this
16 juncture.  In this Court's view, Section 1102(a)(4) has been
17 satisfied, that there has been, and there continues to be,
18 adequate representation of all creditors.  That there have been
19 no material segment of a creditor body that has been left
20 without a voice in this proceeding.  And I think it has been
21 confirmed that the existing Committee, as constituted, is
22 functioning well.
23         There is absolutely no evidence that any current
24 Committee member has breached any fiduciary duty.  So my
25 admonishment before was not directed at any individuals and,

Case 21-30589-MBK    Doc 3504-1    Filed 12/16/22    Entered 12/16/22 16:09:33    Desc
Declaration of Melanie L. Cyganowski in Support of Reply of the Official Commit    Page 8 of 8

32

1  indeed, I do want to express my appreciation for those movants
2  who want to be added, who have worked diligently over the past
3  few months.  It is not that I believe their aims, their goals,
4  or motivations are suspect.
5          I don't find that anyone on the Committee, to date,
6  is incapable of providing the undivided loyalty that I
7  referenced and can work for the benefit of all secured
8  creditors.  I do believe that the estate would be prejudiced by
9  the uncertainty given further delays and jockeying for
10 positions, especially at this juncture with the mediation well
11 at hand.  I certainly would not want to retard that process.
12         Section 1102(a)(4) is not designed to ensure that any
13 creditor or group of creditors maintain or increase any
14 leverage or enhanced voting power.  Its intent is simply to
15 ensure a meaningful voice for all creditors.  And I believe we
16 have that at this juncture.
17         So I am denying the motions, but I appreciate the
18 efforts and the desires of those who sought to contribute to
19 this bankruptcy.  And I will ask that the Office of the U.S.
20 Trustee continue to monitor the actions and the conduct of the
21 Committee as part of their responsibility to ensure that the
22 Committee is functioning the way it has done to date and is
23 intended to do so under the Code in the future.
24         Thank you, those who've made the arguments.  Those
25 who need to catch planes, feel free to do so.  And I appreciate