Marc E. Wolin, Esq.
mwolin@saiber.com
John M. August, Esq.
jaugust@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: (973) 622-8401

-and-

Joseph D. Satterley, Esq.
jsatterley@kazanlaw.com
Denyse F. Clancy, Esq.
dclancy@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Tel: (510) 302-1000

*Counsel for Various Talc Claimants*[1]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LTL MANAGEMENT LLC, | : | Case No. 21-30589 |
| | : | |
| Debtor. | : | Hon. Michael B. Kaplan |
| | : | |

**STATEMENT OF KAZAN, McCLAIN, SATTERLEY & GREENWOOD ON BEHALF OF ITS CLIENTS IN THEIR INDIVIDUAL CAPACITIES IN LIEU OF ORAL ARGUMENT CONCERNING THE PENDING MOTION TO DISQUALIFY THE <u>COURT'S RULE 706 EXPERT AND TO TERMINATE ESTIMATION</u>**

The law firm of Kazan, McClain, Satterley & Greenwood, A Professional Law Corporation, and local counsel Saiber LLC, on behalf of various talc claimants, hereby submit

---

[1] Counsel also represents Claimant Kristie Doyle, as successor in interest to decedent Daniel Doyle. Ms. Doyle is not included in this Statement because she is a member of the Official Committee of Talc Claimants.

this statement in lieu of oral argument in connection with the pending motion to disqualify the Court's Rule 706 Expert and terminate estimation. Dkt. 3553. The Court has indicated that the instant motion will be decided on the papers. As such, in keeping with the practice of this Court to allow interested parties to present oral statements at the return of motions, having seen all of the pleadings regarding the instant motion, we will not have the opportunity to do so. We, therefore, respectfully ask the Court to accept this Statement in lieu thereof.

1. On December 20, 2022, Kenneth Feinberg said, "Everybody…TCC, Ovarian cancer and meso lawyers, the debtor… everybody has said, this no secret, they would rather settle this case." Dkt. 3553-1, ¶ 27.

2. Joseph D. Satterley of Kazan, McClain, Satterley & Greenwood communicated with Mr. Feinberg and submitted information regarding Mesothelioma cases to Mr. Feinberg's team.

3. Mr. Satterley advised Mr. Feinberg that Kazan's Mesothelioma clients wanted a pass through the bankruptcy system and back to the tort system as a part of my settlement program.

4. Kazan clients want their day in court, before juries, as provided in the Constitution of the United States and the State of California.

5. At any rate, this is all an exercise in futility because Johnson & Johnson ("J&J") does not really seek to resolve any Malignant Mesothelioma cases, as evidenced by their ZERO efforts to settle.

## CONCLUSION

J&J and LTL Management, LLC have never negotiated talc/asbestos mesothelioma cases in good faith. Instead, they use the Bankruptcy Court to delay compensation for the victims

suffering from cancer. Therefore, there should be nothing to occur in this case (other than lifting the automatic stay for victims to have their day in court) until the Third Circuit Court of Appeals decides the merits of the appeal.

        Respectfully submitted:

        KAZAN, McCLAIN, SATTERLEY &
        GREENWOOD, A Professional Law Corporation

        - and -

        SAIBER LLC
        *Counsel for Various Talc Claimants*

        By:   /s/ John M. August
                  JOHN M. AUGUST

DATED: January 17, 2023