**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**MONTHLY OPERATING REPORT**

# GLOBAL NOTES AND STATEMENTS OF LIMITATIONS AND DISCLAIMERS REGARDING THE DEBTOR'S MONTHLY OPERATING REPORT

LTL Management LLC, the debtor (the "**Debtor**") in the above-referenced chapter 11 case (the "**Chapter 11 Case**"), with the assistance of its advisors, is filing this Monthly Operating Report ("**MOR**") with the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These *Global Notes and Statements of Limitations and Disclaimers Regarding the Debtor's Monthly Operating Report* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the MOR.  The Global Notes should be referred to, considered, and reviewed in connection with any review of the MOR.

The MOR does not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor is it intended to be fully reconciled with the financial statements of the Debtor.

1. **General Methodology**: The Debtor is filing this MOR to comply with the applicable reporting requirements in the Chapter 11 Case. The financial information contained herein is unaudited, limited in scope, and as such, has not been subjected to procedures that would typically be applied to financial statements in accordance with GAAP. The MOR should not be relied on by any person for information relating to current or future financial condition, events, or performance of the Debtor or its affiliates, as the results of operations contained herein are not necessarily indicative of results that may be expected from any other period or for the full year, and may not necessarily reflect the combined results of operations, financial position, and schedule of receipts and disbursements in the future. There can be no assurance that such information is complete, and the MOR may be subject to revision. The Global Notes should be referred to, and referenced in connection with, any review of the MOR.

2. **Basis of Presentation**: The Debtor is maintaining its books and records in accordance with GAAP and the information furnished in this MOR uses the Debtor's accrual method of accounting. In preparing the MOR, the Debtor relied on financial data derived from its books and records that was available at the time of preparation. Nevertheless, in preparing this MOR, the Debtor made reasonable efforts to supplement the information set forth in its books and records with additional information concerning transactions that may not have been identified therein. Subsequent information may result in material changes to the MOR and errors or omissions may exist.

3. **Reporting Period**: Unless otherwise noted herein, the MOR generally reflects the Debtor's books and records and financial activity occurring during the applicable reporting period. Except as otherwise noted, no adjustments have been made for activity occurring after the close of the reporting period. The Debtor maintains its books and records on a 52-week schedule, which accounts for month-end utilizing a 4-4-5 week method, rather than on a calendar month basis. As a result, the reporting period for this MOR is from November 28, 2022 to January 1, 2023.

4. **Accuracy**: The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtor should evaluate this financial information in light of the purposes for which it was prepared. The Debtor is not liable for and undertakes no responsibility for any evaluations of the Debtor based on this financial information or any other information.

Case 21-30589-MBK    Doc 3655-1    Filed 01/23/23    Entered 01/23/23 13:38:08    Desc
Supporting Documentation    Page 2 of 11

| | |
|---|---|
| In re LTL Management LLC, Debtor | Case No. 21-30589 (MBK) |
| | Reporting Period: November 28, 2022 – January 1, 2023 |

5.    **Receipts, Accounts Receivable, Postpetition Payables and Funding Agreement**: The Debtor is party to a funding agreement (the "**Funding Agreement**") with Johnson & Johnson Consumer Inc. ("**New JJCI**") and Johnson & Johnson (together with New JJCI, the "**Payors**"). A copy of the Funding Agreement is attached as Annex 2 to the Declaration of John K. Kim in Support of First Day Pleadings [Dkt. 5] (the "**First Day Declaration**"). Among other things, the Funding Agreement obligates the Payors, on a joint and several basis, to provide funding, up to the full value of New JJCI, to pay for costs and expenses of the Debtor incurred in the normal course of its business during the pendency of any chapter 11 case, including the costs of administering the chapter 11 case. The terms of the Funding Agreement are described in detail in the First Day Declaration. The Funding Agreement imposes no repayment obligation on the Debtor. The amount reported in part 2.a. represents: (a) the amount of proposed funding of a qualified settlement fund for payment of talc claims, which, if approved, will be considered pre-funding for Permitted Funding Uses (as such term is defined in the Funding Agreement) and treated as a Payment (as such term is defined in the Funding Agreement) for all purposes; (b) the estimated funding under the Funding Agreement in respect of the accrued amount of postpetition Debtor's and certain of the Official Committee of Talc Claimants' retained professionals' fees during the reporting period, as well as the fees with respect to the Court-appointed expert and his professionals; (c) the estimated funding under the Funding Agreement in respect of amounts payable by the Debtor under the Debtor's secondment agreement (the "**Secondment Agreement**") with Johnson & Johnson Services, Inc. ("**J&J Services**") and the Debtor's services agreement (the "**Services Agreement**") with J&J Services; and (d) the estimated funding under the Funding Agreement, if any, in respect of amounts payable by the Debtor to the Debtor's independent manager. The postpetition payable amount reported in part 2.f. includes the amounts described in (b) and (c) of the immediately preceding sentence. The amount of postpetition professional fees and expenses for retained professionals includes the total amount of fees and expenses set forth in a filed monthly fee statement. Postpetition professional fees remain subject to further reconciliation and, as to retained professionals, the requirements of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Dkt. 761], and the Debtor reserves all rights to object to any fees and expenses requested by any professional. The amount in part 2.a. does not reflect any other amounts that the Debtor may be entitled to under the Funding Agreement. The Services Agreement and the Secondment Agreement are described in the First Day Declaration.

6.    **Total Current Assets and Total Assets**: The amount reported in part 2.d. represents the amount of the Debtor's accounts receivable reported in part 2.a. plus the amount of the Debtor's cash as of January 1, 2023. The amount reported as a Prepaid Expense in the Debtor's balance sheet represents retainers paid to Ernst & Young and Cassels Brock & Blackwell LLP for their roles in the proceedings commenced on December 17, 2021, pursuant to Part IV of the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36s (the "**Canadian Proceedings**"). See Dkt. 546. There is a *de minimis* receivable on account of reimbursement due from Patterson Belknap Webb & Tyler LLP as a result of certain amounts paid by the Debtor that were subsequently determined not to have been owed. That amount is not reflected in the All Other Miscellaneous Receivables line item given the *de minimis* amount due. No amounts are reported in part 2.e. with respect to certain pre-petition amounts paid by Johnson & Johnson on behalf of the Debtor on which Johnson & Johnson is also obligated, because the Debtor believes it will owe Johnson & Johnson in respect of those amounts pursuant to an indemnity or otherwise. Such amounts are included in the Debtor's balance sheet as a liability in the Liabilities Subject to Compromise line item. This line item is discussed further below in the note regarding Prepetition Unsecured Debt, Liabilities Subject to Compromise, and Due to Affiliate. Any additional amounts available to the Debtor under the Funding Agreement are not reflected in the reported assets. The amount reported on the balance sheet as Due from Subsidiary represents the amount due from Royalty A&M LLC ("**RAM**") to the Debtor in connection with the Secondment Agreement.

7.    **Prepetition Unsecured Debt, Liabilities Subject to Compromise ("LSTC") and Due to Affiliate**: The Due to Affiliate line item in the attached balance sheet represents amounts due to J&J Services from the Debtor in connection with the Secondment and/or Services Agreements and are reported in parts 2.f., 2.j. and 2.n. The amount reported in part 2.m. and as LSTC in the attached balance sheet represents the total amount of prepetition professionals fees on the Debtor's books and records. This amount differs from the total amount reported by professionals in their retention applications. The total amount reported by professionals exceeds the amount reflected in the Debtor's books and records, and may include amounts not invoiced to the Debtor as of the commencement of the Chapter 11 Case or other amounts potentially not payable by the Debtor. Amounts reported as Prepetition Unsecured Debt or LSTC do not include any amount for the Debtor's talc-related liability. Prepetition liabilities that are subject to compromise

under ASC 852 are preliminary and may be subject to, among other things, future adjustments depending on Court actions, further developments with respect to disputed claims, rejection of executory contracts, continued reconciliation or other events.

8. **Insurance**: The Debtor is an additional insured on various types of insurance maintained by its ultimate parent company, Johnson & Johnson (collectively, the "**J&J Insurance Policies**"). Insurance coverage includes workers' compensation coverage, casualty/property insurance and general liability insurance as reported in part 7.i.

9. **Amounts Reported in Part 4:** The Debtor did not have income during the reporting period. Funding, if necessary, will be available under the Funding Agreement to satisfy the Debtor's expenses, including those reported in part 4. See notes regarding Receipts, Accounts Receivable, Postpetition Payables and Funding Agreement above. The amount reported in part 4.f. reflects amounts incurred under the Services Agreement. These expenses are also reported in the attached Statement of Operations (Profit or Loss Statement). The amount reported in part 4.e. as general and administrative expenses represents amounts incurred under the Secondment Agreement. The amount reported in part 4.j. represents the estimated accrued amount of postpetition professionals' fees during the reporting period and includes postpetition professionals' fees for the Debtor's and the Official Committee of Talc Claimants' retained professionals. ASC 852 requires expenses and income directly associated with the Chapter 11 Case to be reported separately in the income statement as reorganization items. Reorganization items primarily include expenses related to legal advisory and representation services, other professional consulting and advisory services, and changes in liabilities subject to compromise recognized as there are changes in amounts expected to be allowed as claims. Nothing contained in this MOR shall constitute a waiver of the Debtor's rights or an admission with respect to the Chapter 11 Case, including, but not limited to, matters involving objections to claims, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of Title 11 of the Bankruptcy Code and/or causes of action under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

10. **Professional Fees and Expenses:** On November 4, 2021, the United States Bankruptcy Court for the Western District of North Carolina entered an order authorizing the Debtor to employ Epiq Corporate Restructuring, LLC ("Epiq") as Claims, Noticing and Ballot Agent [Dkt. 320]. Although Epiq is not a professional of the Debtor and is not subject to the compensation procedures for retained professionals, the Debtor has included amounts paid to Epiq in part 5.a. In addition, the amount reported for Sills Cummis & Gross P.C. reflects a refund of $1,585.00 received by the Debtor for amounts inadvertently charged to the Debtor. The amount in part 5.c includes amounts that the Debtor paid to Ernst & Young in connection with its role in the Canadian Proceedings, as well as amounts that the Debtor paid to the court-appointed Fee Examiner [Dkt. 1922] and his counsel [Dkts. 1966, 1967] in connection with the Chapter 11 Case. The amount in part 5.c does not include amounts paid to the court-appointed Federal Rule of Evidence 706 expert [Dkt. 2881].

11. **Intercompany Transactions and Balances:** Prior to the Petition Date (and subsequent to the Petition Date), the Debtor engaged (and continues to engage) in certain intercompany transactions. Intercompany transactions between the Debtor and its non-Debtor affiliate entities are reported in the statement of cash receipts and disbursements, the balance sheet and statement of income (loss) contained herein.

12. **Reservation of Rights:** The Debtor reserves all rights to amend or supplement the MOR in all respects, as may be necessary or appropriate, but shall be under no obligation to do so. Nothing contained in this MOR shall constitute a waiver of the Debtor's rights or an admission with respect to the Chapter 11 Case.

| In re | **LTL Management LLC** | Case No. | **21-30589 (MBK)** |
|---|---|---|---|
| | **Debtor** | Reporting Period: | **November 28, 2022 - January 1, 2023** |

### DEBTOR'S SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS

| *Dollars in Millions* | LTL Management LLC Acct. 3987 |
|---|---:|
| <u>Receipts</u> | |
| Intercompany Receipts | $ - |
| Receipts from Subsidiary | 0.02 |
| Other Receipts | - |
| **Total Receipts** | **0.02** |
| <u>Operating Expenses</u> | |
| G&A | (0.66) |
| Income Tax | - |
| **Total Operating Expense** | **(0.66)** |
| <u>Non-Operating Expenses</u> | |
| Professional Fees | (7.85) |
| Intercompany Transfers | - |
| UST Fees | - |
| **Total Non-Operating Expenses** | **(7.85)** |
| **Total Disbursements** | **(8.50)** |

| **Change in Cash** | |
|---|---:|
| Beginning Cash (Book) | 17.56 |
| Net Cash Flow | (8.49) |
| **Ending Cash (Book)** | $ 9.07 |

| DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES ($) | |
|---|---:|
| | **Total** |
| **TOTAL DISBURSEMENTS - OCT** | (6,944,190.82) |
| **TOTAL DISBURSEMENTS - NOV** | (6,704,682.56) |
| **TOTAL DISBURSEMENTS - DEC** | (8,502,367.35) |
| **TOTAL DISBURSEMENTS FOR CALCULATING U.S. TRUSTEE QUARTERLY FEES** | $ (22,151,240.73) |
| **QUARTERLY FEE ESTIMATE** | $ 177,209.93 |

| In re | LTL Management LLC | Case No. | 21-30589 (MBK) |
|---|---|---|---|
| | Debtor | Reporting Period: | November 28, 2022 - January 1, 2023 |

**LTL Management LLC**

**Balance Sheet**

*(Dollars in Millions)*

| Assets | October 14, 2021 | January 1, 2023 |
|---|---:|---:|
| Current Assets | | |
| Cash | $ 6.00 | $ 9.07 |
| Prepaid Expense | - | 0.12 |
| All Other Miscellaneous Receivables | - | 0.00 |
| Due From Subsidiary | - | 0.02 |
| Due From Parent | 2,000.00 | 2,010.69 |
| Total Current Assets | 2,006.00 | 2,019.90 |
| Investment in Subsidiary | 367.13 | 367.13 |
| **Total Assets** | $ 2,373.13 | $ 2,387.03 |
| **Liabilities & Shareholders Equity** | | |
| Accounts Payable & Accrued Liabilities | - | 14.95 |
| Due to Affiliate | - | 0.29 |
| Liabilities Subject to Compromise | 8.28 | 8.06 |
| **Total Liabilities** | $ 8.28 | $ 23.30 |
| Shareholders Equity | | |
| Paid in Capital | 2,373.13 | 2,373.13 |
| Accumulated Deficit | (8.28) | (9.40) |
| **Total Shareholders Equity** | $ 2,364.85 | $ 2,363.73 |
| **Total Liabilities & Shareholders Equity** | $ 2,373.13 | $ 2,387.03 |

| In re | **LTL Management LLC** | Case No. | **21-30589 (MBK)** |
|---|---|---|---|
| | Debtor | Reporting Period: | **November 28, 2022 - January 1, 2023** |

**LTL Management LLC**

**Statement of Operations (Profit or Loss Statement)**
*(Dollars in Millions)*

| | October 14, 2021 - January 1, 2023 | November 28, 2022 - January 1, 2023 |
|---|---:|---:|
| **Income** | | |
| Total Income | $ - | $ - |
| | | |
| **Expenses** | | |
| Financial Services | 0.15 | 0.01 |
| General & Administrative | 1.44 | 0.14 |
| Other Postpetition Legal Expenses | 1.47 | - |
| Contra Expense | (113.60) | - |
| | | |
| **Earnings Before Reorganization Items** | **110.55** | **(0.14)** |
| | | |
| **Reorganization Items** | | |
| Legal Expenses | 121.24 | 4.88 |
| | | |
| **Income/Loss Before Provision for Taxes** | **(10.69)** | **(5.03)** |
| Provision for Taxes on Income/Loss | - | - |
| **Net Income/Loss** | $ (10.69) | $ (5.03) |

| In re | LTL Management LLC | Case No. | 21-30589 (MBK) |
|---|---|---|---|
| | Debtor | Reporting Period: | November 28 - January 1, 2023 |

### Cash Disbursement Schedule

| Date | Counterparty | Amount |
|---|---|---:|
| **i. Professional Fee Disbursements** | | |
| 11/28/2022 | Butler Snow LLP | $ 12,940.00 |
| 11/28/2022 | Houlihan Lokey Capital, Inc. | $ 140,000.00 |
| 11/28/2022 | Swartz Campbell LLC | $ 225.00 |
| 11/30/2022 | Anderson Kill PC | $ 94,625.17 |
| 11/30/2022 | Brown Rudnick LLP | $ 275,214.45 |
| 11/30/2022 | FTI Consulting, Inc. | $ 1,009,720.98 |
| 11/30/2022 | Genova Burns LLP | $ 54,438.33 |
| 11/30/2022 | Jones Day | $ 1,186,869.87 |
| 11/30/2022 | The Brattle Group Inc. | $ 70,444.90 |
| 12/2/2022 | Randi S. Ellis LLC | $ 56,101.20 |
| 12/2/2022 | Walsh Pizzi O'Reilly Falanga LLP | $ 172,782.00 |
| 12/7/2022 | Bates White, LLC | $ 747,599.20 |
| 12/7/2022 | Shook Hardy Bacon LLP | $ 143,074.04 |
| 12/12/2022 | Faegre Drinker Biddle & Reath LLP | $ 929.00 |
| 12/12/2022 | FTI Consulting, Inc. | $ 730,731.02 |
| 12/12/2022 | McCarter English, LLP | $ 18,927.92 |
| 12/12/2022 | Monzack Mersky and Browder PA | $ 4,554.00 |
| 12/12/2022 | Otterbourg PC | $ 147,894.16 |
| 12/12/2022 | Patterson Belknap Webb & Tyler LLP | $ 1,429.29 |
| 12/14/2022 | Ernst Young LLP | $ 47,444.74 |
| 12/15/2022 | The Brattle Group Inc. | $ 40,654.00 |
| 12/16/2022 | AlixPartners, LLP | $ 12,614.40 |
| 12/16/2022 | Epiq Corporate Restructuring LLC | $ 81,082.10 |
| 12/16/2022 | Parkins Lee Rubio LLP | $ 17,454.00 |
| 12/19/2022 | Berkeley Research Group LLC | $ 83,092.14 |
| 12/19/2022 | Bernstein Shur Sawyer & Nelson P.A. | $ 38,234.00 |
| 12/19/2022 | Blake Cassels Graydon LLP | $ 10,130.55 |
| 12/19/2022 | Miller Thomson LLP in Trust | $ 28,335.77 |
| 12/19/2022 | Traurig Law LLC | $ 884.00 |
| 12/20/2022 | King Spalding LLP | $ 76,732.02 |
| 12/20/2022 | Skadden Arps Slate Meagher Flom, LLC | $ 64,974.28 |
| 12/22/2022 | Anderson Kill PC | $ 96,056.38 |
| 12/22/2022 | Genova Burns LLP | $ 65,715.74 |
| 12/23/2022 | Bailey Glasser LLP | $ 31,789.39 |
| 12/23/2022 | Brown Rudnick LLP | $ 423,493.83 |
| 12/23/2022 | Hogan Lovells US LLP | $ 959,493.43 |
| 12/23/2022 | Jones Day | $ 767,575.23 |
| 12/27/2022 | Orrick, Herrington & Sutcliffe, LLP | $ 70,770.23 |
| 12/30/2022 | Ernst Young LLP | $ 60,108.02 |
| **Total Professional Fee Disbursements** | | **$ 7,845,134.78** |
| | | |
| **ii. Miscellaneous Other Disbursements** | | |
| 11/28/2022 | Lighthouse Technologies, Inc. | $ 25,132.37 |
| 12/6/2022 | Johnson Johnson Services Inc. | $ 128,775.20 |
| 12/12/2022 | Triality LLC | $ 3,325.00 |
| 12/16/2022 | The Law Offices of Kenneth Feinberg | $ 500,000.00 |
| **Total Miscellaneous Other Disbursements** | | **$ 657,232.57** |
| | | |
| **Total Cash Disbursements** | | **$ 8,502,367.35** |

**Account Activity Report**
**Company:** LTL Management LLC
**Requestor :** David Segal
**Run Date :** 03-Jan-2023 09:46:30 EST
**Query Range:** 27-Nov-2022 - 01-Jan-2023

**BANK OF AMERICA**

**Bank of America, North Carolina** |

Account || LTL Management LLC (USD)

| Date | Description | Transaction | Amount | Ledger Balance |
|---|---|---|---:|---:|
| 30-Dec-2022 | WIRE TYPE:FX OUT DATE:123022 TIM | International Money Trnsfr DR (508) | (60,108.02) | 9,070,708.22 |
| 27-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122722 T | Outgoing Money Transfer Debit (495) | (70,770.23) | 9,130,816.24 |
| 23-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122322 T | Outgoing Money Transfer Debit (495) | (959,493.43) | 9,201,586.47 |
| 23-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122322 T | Outgoing Money Transfer Debit (495) | (767,575.23) | 10,161,079.90 |
| 23-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122322 T | Outgoing Money Transfer Debit (495) | (423,493.83) | 10,928,655.13 |
| 23-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122322 T | Outgoing Money Transfer Debit (495) | (31,789.39) | 11,352,148.96 |
| 22-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122222 T | Outgoing Money Transfer Debit (495) | (96,056.38) | 11,383,938.35 |
| 22-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122222 T | Outgoing Money Transfer Debit (495) | (65,715.74) | 11,479,994.73 |
| 20-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122022 T | Outgoing Money Transfer Debit (495) | (76,732.02) | 11,545,710.47 |
| 20-Dec-2022 | WIRE TYPE:WIRE OUT DATE:122022 T | Outgoing Money Transfer Debit (495) | (64,974.28) | 11,622,442.49 |
| 19-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121922 T | Outgoing Money Transfer Debit (495) | (83,092.14) | 11,687,416.77 |
| 19-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121922 T | Outgoing Money Transfer Debit (495) | (38,234.00) | 11,770,508.91 |
| 19-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121922 T | Outgoing Money Transfer Debit (495) | (884.00) | 11,808,742.91 |
| 19-Dec-2022 | WIRE TYPE:FX OUT DATE:121922 TIM | International Money Trnsfr DR (508) | (28,335.77) | 11,809,626.91 |
| 19-Dec-2022 | WIRE TYPE:FX OUT DATE:121922 TIM | International Money Trnsfr DR (508) | (10,130.55) | 11,837,962.68 |
| 16-Dec-2022 | WIRE TYPE:BOOK OUT DATE:121622 T | Outgoing Internl Money Trnsfr (491) | (500,000.00) | 11,848,093.23 |
| 16-Dec-2022 | WIRE TYPE:BOOK OUT DATE:121622 T | Outgoing Internl Money Trnsfr (491) | (12,614.40) | 12,348,093.23 |
| 16-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121622 T | Outgoing Money Transfer Debit (495) | (81,082.10) | 12,360,707.63 |
| 16-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121622 T | Outgoing Money Transfer Debit (495) | (17,454.00) | 12,441,789.73 |
| 15-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121522 T | Outgoing Money Transfer Debit (495) | (40,654.00) | 12,459,243.73 |
| 14-Dec-2022 | WIRE TYPE:FX OUT DATE:121422 TIM | International Money Trnsfr DR (508) | (47,444.74) | 12,499,897.73 |
| 12-Dec-2022 | WIRE TYPE:BOOK OUT DATE:121222 T | Outgoing Internl Money Trnsfr (491) | (730,731.02) | 12,547,342.47 |
| 12-Dec-2022 | WIRE TYPE:BOOK OUT DATE:121222 T | Outgoing Internl Money Trnsfr (491) | (3,325.00) | 13,278,073.49 |
| 12-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121222 T | Outgoing Money Transfer Debit (495) | (147,894.16) | 13,281,398.49 |
| 12-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121222 T | Outgoing Money Transfer Debit (495) | (18,927.92) | 13,429,292.65 |
| 12-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121222 T | Outgoing Money Transfer Debit (495) | (4,554.00) | 13,448,220.57 |

| Date | Wire Type | Description | Amount | Balance |
|---|---|---|---:|---:|
| 12-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121222 T | Outgoing Money Transfer Debit (495) | (1,429.29) | 13,452,774.57 |
| 12-Dec-2022 | WIRE TYPE:WIRE OUT DATE:121222 T | Outgoing Money Transfer Debit (495) | (929.00) | 13,454,203.86 |
| 07-Dec-2022 | WIRE TYPE:WIRE OUT DATE:120722 T | Outgoing Money Transfer Debit (495) | (747,599.20) | 13,455,132.86 |
| 07-Dec-2022 | WIRE TYPE:WIRE OUT DATE:120722 T | Outgoing Money Transfer Debit (495) | (143,074.04) | 14,202,732.06 |
| 06-Dec-2022 | WIRE TYPE:BOOK IN DATE:120622 TI | Incoming Internl Money Trnsfr (191) | 16,257.44 | 14,345,806.10 |
| 06-Dec-2022 | WIRE TYPE:BOOK OUT DATE:120622 | Outgoing Internl Money Trnsfr (491) | (128,775.20) | 14,329,548.66 |
| 02-Dec-2022 | WIRE TYPE:WIRE OUT DATE:120222 T | Outgoing Money Transfer Debit (495) | (172,782.00) | 14,458,323.86 |
| 02-Dec-2022 | WIRE TYPE:WIRE OUT DATE:120222 T | Outgoing Money Transfer Debit (495) | (56,101.20) | 14,631,105.86 |
| 30-Nov-2022 | WIRE TYPE:BOOK OUT DATE:113022 T | Outgoing Internl Money Trnsfr (491) | (1,009,720.98) | 14,687,207.06 |
| 30-Nov-2022 | WIRE TYPE:WIRE OUT DATE:113022 T | Outgoing Money Transfer Debit (495) | (1,186,869.87) | 15,696,928.04 |
| 30-Nov-2022 | WIRE TYPE:WIRE OUT DATE:113022 T | Outgoing Money Transfer Debit (495) | (275,214.45) | 16,883,797.91 |
| 30-Nov-2022 | WIRE TYPE:WIRE OUT DATE:113022 T | Outgoing Money Transfer Debit (495) | (94,625.17) | 17,159,012.36 |
| 30-Nov-2022 | WIRE TYPE:WIRE OUT DATE:113022 T | Outgoing Money Transfer Debit (495) | (70,444.90) | 17,253,637.53 |
| 30-Nov-2022 | WIRE TYPE:WIRE OUT DATE:113022 T | Outgoing Money Transfer Debit (495) | (54,438.33) | 17,324,082.43 |
| 28-Nov-2022 | WIRE TYPE:BOOK OUT DATE:112822 T | Outgoing Internl Money Trnsfr (491) | (140,000.00) | 17,378,520.76 |
| 28-Nov-2022 | WIRE TYPE:BOOK OUT DATE:112822 T | Outgoing Internl Money Trnsfr (491) | (25,132.37) | 17,518,520.76 |
| 28-Nov-2022 | WIRE TYPE:WIRE OUT DATE:112822 T | Outgoing Money Transfer Debit (495) | (12,940.00) | 17,543,653.13 |
| 28-Nov-2022 | WIRE TYPE:WIRE OUT DATE:112822 T | Outgoing Money Transfer Debit (495) | (225.00) | 17,556,593.13 |

| In re | LTL Management LLC | Case No. | 21-30589 (MBK) |
|---|---|---|---|
| | Debtor | Reporting Period: | November 28, 2022 - January 1, 2023 |

**Royalty A&M LLC**

**Balance Sheet**

*(Dollars in Millions)*

| Assets | October 14, 2021 | January 1, 2023 |
|---|---:|---:|
| Current Assets | | |
| Cash | $    - | $    39.25 |
| Other Receivable – Royalties[1] | - | 19.83 |
| Total Current Assets | - | 59.09 |
| Intangible Assets, Net of Amortization | 367.13 | 339.69 |
| **Total Assets** | $    367.13 | $    398.78 |
| **Liabilities & Shareholders Equity** | | |
| Accrued Liabilities | - | - |
| Due to LTL Mgmt. | - | 0.02 |
| Due to Affiliate | - | 0.00 |
| Accrued Taxes | - | - |
| **Total Liabilities** | $    - | $    0.02 |
| Shareholders Equity | | |
| Paid in Capital | 367.13 | 367.13 |
| Retained Earnings | - | 31.63 |
| **Total Shareholders Equity** | $    367.13 | $    398.76 |
| **Total Liabilities & Shareholders Equity** | $    367.13 | $    398.78 |

[1] Amounts reported are estimates, and subject to reconciliation to future sales results.

| In re | LTL Management LLC | Case No. | 21-30589 (MBK) |
|---|---|---|---|
| | Debtor | Reporting Period: | November 28, 2022 - January 1, 2023 |

| Royalty A&M LLC | | |
|---|---|---|
| **Statement of Earnings** | | |
| *(Dollars in Millions)* | | |
| | October 14, 2021 - January 1, 2023 | November 28, 2022 - January 1, 2023 |
| Royalty Income | $ 89.83 | $ 8.32 |
| Financial Services | 0.13 | 0.00 |
| General & Administrative | 1.13 | 0.02 |
| Intangibles Amortization | 56.94 | 5.49 |
| | - | |
| **Income Before Provision for Taxes** | 31.63 | 2.81 |
| Provision for Taxes on Income | - | - |
| **Net Income** | $ 31.63 | $ 2.81 |