Marc E. Wolin, Esq.
mwolin@saiber.com
John M. August, Esq.
jaugust@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Tel: (973) 622-8401

-and-

Joseph D. Satterley, Esq.
jsatterley@kazanlaw.com
Denyse F. Clancy, Esq.
dclancy@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Tel: (510) 302-1000

*Counsel for Movant Anthony Hernandez Valadez*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LTL MANAGEMENT LLC, | : | Case No. 21-30589 |
| | : | |
| Debtor. | : | Hearing Date: _____, 2023 |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL FILING BY MOVANT ANTHONY HERNANDEZ VALADEZ IN SUPPORT OF HIS MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND PRELIMINARY INJUNCTION, FILED ON MAY 24, 2022, AND STATUS REPORT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ..................................................................................................1

JURISDICTION, VENUE, AND STATUTORY PREDICATES ...................................................4

FACTUAL BACKGROUND ...................................................................................................5

    I.       Movant Previously Showed That the Terminal Nature of His Aggressive, Asbestos-Caused Cancer Warrants Relief From the Automatic Stay and Preliminary Injunction. ....................................................................................5

    II.      Initially, this Court Granted Movant Limited Relief by Allowing Him To File His Complaint. ........................................................................................6

    III.    Movant Was Granted Further Limited Relief by Allowing Him To Conduct Discovery, Gather and Preserve Evidence, and Seek an Expedited Trial Date in State Court. ......................................................................7

    IV.    This Court Made Plain That Movant's Case Should "Move Forward Expeditiously" to Trial if the Third Circuit Reverses Its Orders and Dismisses the Case ...........................................................................7

    V.      After Several Continuances, Movant's Preferential Trial is Set for February 9, 2023. ........................................................................................8

    VI.    Despite This Court's Remarks, the Third Circuit's Opinion, and the Fast Approaching Trial Date, J&J Claims That It Is "Premature" To Discuss the Trial. ..............................................................................................9

    VII.   Movant's Cancer is Progressing Despite Aggressive Treatment. .........................10

RELIEF REQUESTED ........................................................................................................10

BASIS FOR RELIEF ........................................................................................................11

    I.       This Court Has Wide Discretion To Determine Whether To Lift a Stay for "Cause," Especially When the Third Circuit Has Ordered the Dismissal of This Case .............................................................................................11

    II.      Absent an Order Fully Lifting the Automatic Stay and Preliminary Injunction, Non-Debtors' Inaction Greatly Prejudices Movant. ...........................12

            A.    The automatic stay and Preliminary Injunction irreparably harms Movant and has no adverse effect on Non-Debtors, Debtor, and New Consumer. ........................................................................13

            B.    The relief requested would result in a complete resolution of Movant's talc-related claims. ....................................................14

            C.    The relief requested would not interfere with the bankruptcy case. ..........15

            D.    The State Court has the necessary expertise to hear Movant's claims against the non-debtor entities. .....................................15

E.    Granting Movant relief from the automatic stay and Preliminary
Injunction is in the interests of judicial economy and the
expeditious and economical resolution of the litigation. ..........................16

F.    Promptly lifting the stay allows all parties to prepare for trial
expeditiously. ...........................................................................................16

NOTICE.........................................................................................................................17

CONCLUSION...............................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Landis v. North Amer. Co.*,
   299 U.S. 247 (1936)..................................................................................................14

*Looney v. Superior Court*,
   16 Cal.App.4th 521 (Cal. App. 2d Dist. 1993) ...................................................3, 13

*In re LTL Mgt., LLC*,
   __ F.3d __, 2023 WL 1098189 (3d Cir. Jan. 30, 2023) ..............................3, 4, 9, 15

*In re Mid-Atlantic Handling Sys., LLC*,
   304 B.R. 111 (Bankr. D.N.J. 2003) ............................................................... *passim*

*In re Sonnax Indus.*,
   907 F.2d 1280 (2d Cir. 1990)........................................................................................3

*Wimberly v. Derby Cycle Corp.*,
   56 Cal.App.4th 618 (Cal. App. 4th Dist. 1997) ................................................4, 15

**Statutes**

11 U.S.C. § 362(a) ...........................................................................................................5

11 U.S.C. § 362(d) ...........................................................................................................2

11 U.S.C. § 362(d)(1) ...........................................................................................5, 10, 11

28 U.S.C. § 157...............................................................................................................4

28 U.S.C. § 157(b)(2) .....................................................................................................5

28 U.S.C. § 1334.............................................................................................................4

28 U.S.C. § 1409.............................................................................................................5

Cal. Code Civ. Proc. § 36(d)........................................................................................16

Cal. Code Civ. Proc. § 36(e)........................................................................................16

**Other Authorities**

Cal. Const. art. I, § 16 ................................................................................................3, 13

Fed. R. Bankr. P. 4001(a)(3) .......................................................................................12, 17

Fed. R. Bankr. P. 4001 ...................................................................................................5

Fed. R. Bankr. P. 9014 ...................................................................................................5

S. Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 ...............................................11

U.S. Const. amend. VII ...................................................................................................3, 13

U.S. Const. Article III ....................................................................................................5

The law firm of Kazan, McClain, Satterley & Greenwood, A Professional Law

Corporation ("Kazan Law"), and local counsel Saiber LLC, on behalf of their dying

mesothelioma client and personal-injury claimant Anthony Hernandez Valadez ("Movant"),

through his undersigned counsel, hereby submits this memorandum of law in support of

Movant's supplemental filing in support of his Motion for an Order Granting Relief from the

Automatic Stay and Preliminary Injunction, which was filed on May 24, 2022, and Status Report

("Supplemental Filing and Status Report"). In support thereof, Movant respectfully represents as

follows:[1]

## PRELIMINARY STATEMENT

1.      Movant is 24 years old and dying of mesothelioma. Despite undergoing multiple

rounds of immunotherapy, Movant's recent CT scans from October 2022 and January 2023 show

"overall disease progression" and a malignant tumor growing since May 2022. [Progress Notes,

Exh. 17 to Satterley Decl. at 3-5.] This news was especially traumatic to Movant because his

disease is terminal, and he lives on borrowed time. [*Id.*; *see* Dkt. 2348-9, 2348-13, and 2469.]

2.      Now that the Third Circuit has ruled on the propriety of Debtor's Chapter 11

petition and given this Court's prior orders giving Movant limited relief from the automatic stay

and Preliminary Injunction, Movant expected that he could promptly and fully prosecute his

claims in the Superior Court of California, County of Alameda ("State Court") against Johnson

& Johnson ("J&J") and the Retailers[2] (collectively, "Non-Debtors"), and the two entities created

after the divisional merger, Johnson & Johnson Consumer Inc. ("New Consumer") and LTL

---

[1] In support of his Supplemental Filing and Status Report, Movant also submits the Declaration
of Joseph Satterley ("Satterley Decl.").

[2] "Retailers" collectively refer to Albertsons Companies, Inc., Lucky Stores, Inc., Safeway Inc.,
Save Mart Supermarkets, Target Corporation, and Walmart Inc.

Management, LLC ("Debtor"). Indeed, this Court told the parties that his orders were intended to help expedite Movant's case to trial if the Third Circuit rules in favor of the appellants. On July 28, 2022, this Court said that the limited relief granted to Movant was made in the hopes of "**not slowing down the progress of the case Mr. Satterley presented**." [7/28/22 Reporter's Transcript, Exh. 7 to Satterley Decl. at 21:2-3 (emphasis added).] On September 14, 2022, this Court explained that one of the "goal[s]" of its orders was to have Movant's case "**move forward expeditiously** as opposed to months and months later" in the event the Third Circuit reverses this Court's orders. [9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at 12:4-13 (emphasis added).] And this Court confirmed that the "stay should work in a way where" the defendants named in Movant's State Court action would "have **at least 60 days post a ruling favorable to the appellants** in order to have time to prepare for trial." [9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at 14:23-15:7 (emphasis added).]

3.    Contrary to this Court's orders, Non-Debtors argue that "everything remains as-is" and "it is premature to discuss any further discovery, pre-trial dates/deadlines, or trial." [Non-Debtors' Statement, Exh. 16 to Satterley Decl.] Non-Debtors' inaction greatly prejudices Movant because there is a real risk of his passing before he can appear at trial and have his case tried.

4.    Accordingly, under section 362(d) of the Bankruptcy Code and this Court's prior orders, Movant now seeks further relief from the automatic stay and Preliminary Injunction to allow him to (i) name New Consumer and Debtor as defendants in Movant's pending State Court action, (ii) fully prosecute his claims in State Court, including conducting discovery and filing responsive pleadings and motions, and (iii) proceed to trial in State Court within 60 days from February 9, 2023, which is the current trial date in the State Court action. Alternatively, Movant seeks such other and further relief as the Court deems proper.

5.       The additional relief Movant seeks is warranted because all of the relevant factors

set forth in *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003)

weigh in Movant's favor.[3]

6.       ***First***, the automatic stay and Preliminary Injunction irreparably harm Movant and

have no adverse effect on Non-Debtors, Debtor, and New Consumer. The Third Circuit has

already directed this Court to dismiss Debtor's Chapter 11 petition. *In re LTL Mgt., LLC*, __ F.3d

__, 2023 WL 1098189, at *18 (3d Cir. Jan. 30, 2023). Maintaining the automatic stay and

Preliminary Injunction, despite the Third Circuit's order and opinion, denies Movant his

constitutional right to a jury trial, the opportunity to participate in his case before he dies or

becomes incapacitated, and to have his case heard during his lifetime. U.S. Const. amend. VII;

Cal. Const. art. I, § 16; *Looney v. Superior Court*, 16 Cal.App.4th 521, 532, fn. 12 (Cal. App. 2d

Dist. 1993). Further, they preclude Movant from fully prosecuting his viable and valuable claims

against Non-Debtors, Debtor, and New Consumer. Without a further order giving Movant

complete relief from the automatic stay and Preliminary Injunction, Movant cannot expeditiously

prepare his case for trial while he is alive and able to participate.

---

[3] The factors are: (1) Impact of the stay on the parties and the balance of the harms; (2) Whether
relief would result in a partial or complete resolution of the issues; (3) Lack of any connection
with or interference with the bankruptcy case; (4) Whether the other proceeding involves the
debtor as a fiduciary; (5) Whether a specialized tribunal with the necessary expertise has been
established to hear the cause of action; (6) Whether the debtor's insurer has assumed full
responsibility for defending it; (7) Whether the action primarily involves third parties;
(8) Whether litigation in another forum would prejudice the interests of other creditors;
(9) Whether the judgment claim arising from the other action is subject to equitable
subordination; (10) Whether the moving party's success in the other proceeding would result in a
judicial lien avoidable by the debtor; (11) The interests of judicial economy and the expeditious
and economical resolution of litigation; and (12) Whether the parties are ready for trial in the
other proceeding. *In re Mid-Atlantic*, 304 B.R. at 130; *see also In re Sonnax Indus.*, 907 F.2d
1280, 1286 (2d Cir. 1990) (utilizing same factors).

7.     **Second**, the relief requested would result in a complete resolution of Movant's talc claims. Movant alleges that Non-Debtors, Debtor, and New Consumer are liable for his exposure to asbestos from Johnson's Baby Powder talc. Because they are in that product's chain of distribution, Non-Debtors, Debtor, and New Consumer are jointly and severally liable for Movant's full damages. *Wimberly v. Derby Cycle Corp.,* 56 Cal.App.4th 618, 633 (Cal. App. 4th Dist. 1997).

8.     **Third**, an order allowing Movant full relief from the automatic stay and Preliminary Injunction is in the interests of judicial economy. Given the Third Circuit's opinion, a single trial in State Court against Non-Debtors, Debtor, and New Consumer will avoid the need for Movant to have multiple and duplicative trials. For those same reasons, relief from the automatic stay and Preliminary injunction would result in the expeditious and economical resolution of the litigation.

9.     **Fourth**, the relief requested would not interfere with the bankruptcy case because the Third Circuit has already directed this Court to dismiss it. *In re LTL,* __ F.3d __, 2023 WL 1098189, at *18.

10.     **Fifth**, it is undisputed that the State Court has the necessary expertise to hear Movant's claims. [*See* Dkt. 2429 ("The Debtor does not dispute that the [State Court] has the expertise to hear the Movants' personal injury causes of action").]

11.     Accordingly, Movant requests that this Court grant his request for further and complete relief from the automatic stay and Preliminary Injunction, and for such other relief to which he is entitled.

## **JURISDICTION, VENUE, AND STATUTORY PREDICATES**

12.     This Court has jurisdiction to consider this Supplemental Filing and Status Report pursuant to 28 U.S.C. §§ 1334 and 157, as well as the District Court's Amended Standing Order

of Reference 12-1, dated September 18, 2012. Under 28 U.S.C. § 1409, venue is proper before

this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter

a final order consistent with Article III of the United States Constitution. The statutory predicates

for the relief requested in the Supplemental Filing and Status Report are 11 U.S.C. § 362(a) and

(d)(1) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## **FACTUAL BACKGROUND**

I.    **Movant Previously Showed That the Terminal Nature of His Aggressive, Asbestos-Caused Cancer Warrants Relief From the Automatic Stay and Preliminary Injunction.**

13.    On May 24, 2022, Movant filed and served his motion for an order granting relief

from the automatic stay[4] and Preliminary Injunction[5]. [Dkt. 2348.] On June 10, 2022, Movant

replied to Debtor's objection to his initial motion. [Dkt. 2469.]

14.    In his initial supporting papers, Movant submitted declarations from his treating

thoracic surgeon [Dkt. 2348-13] and oncologist [Dkt. 2469]. They attested that Movant has an

aggressive and terminal cancer called pericardial mesothelioma. [Dkt. 2348-13 at ¶¶ 12, 13, 15,

and 18; Dkt. 2469 at ¶¶ 12-14, 17.] Further, they opined, to a reasonable degree of medical

certainty, that there is substantial medical doubt of Movant's survival beyond late November or

December 2022. [*Id.*]

15.    Movant also submitted evidence showing that he had virtually lifelong, daily

exposures to Johnson's Baby Powder talc. [Dkt. 2348-9 and 2348-10.] That product contained

asbestos. [Dkt. 2348-2 at ¶¶ 17-35 and exhibits cited therein; Dkt. 2348-11 at ¶¶ 14-24 and

---

[4] Dkt. 1572 and 1603.

[5] Dkt. 1573 and 1635.

exhibits cited therein.] Movant's exposures were substantial and well above any background or amphibole levels of airborne asbestos. [Dkt. 2348-11 at ¶¶ 25, 27-28.]

16.     Movant's only known exposure on a regular basis is his use of Johnson's Baby Powder. Hence, Movant's treating doctors and medical causation experts opined that Movant's use of and exposure to Johnson's Baby Powder talc increased his risk of developing pericardial mesothelioma. [Dkt. 2348-13 at ¶ 18; Dkt. 2348-15 at ¶ 9; Dkt. 2348-21 at ¶ 18; Dkt. 2469 at ¶ 17.]

17.     Movant's damages and harm are very significant. He will suffer economic damages of nearly $3.7 million due to his injury. [Dkt. 2348-23 at ¶ 6 and Exh. B thereto.] But for his illness, Movant had a life expectancy of another 55 years. *See* Judicial Council of Cal. Civil Jury Instruction, Table A Life Expectancy Table – Male.

**II.     Initially, this Court Granted Movant Limited Relief by Allowing Him To File His Complaint.**

18.     On June 14, 2022, this Court heard Movant's initial motion. [6/14/22 Reporter's Transcript, Exh. 1 to Satterley Decl. at 60:20-22.] After extensive arguments [*id.* at 60-139], this Court granted "limited stay relief" by allowing Movant to file his complaint [*id.* at 139:2-16]. However, "no defendant has an obligation to file an answer or participate beyond filing the complaint. The stay and the injunction are still in place." [*Id.* at 139:13-16.]

19.     On June 15, 2022, Movant filed his complaint in State Court. [Complaint, Exh. 2 to Satterley Decl.] Each Non-Debtor filed a Notice of Appearance. [Notices of Appearance, Exhs. 3-6 to Satterley Decl.]

**III.    Movant Was Granted Further Limited Relief by Allowing Him To Conduct Discovery, Gather and Preserve Evidence, and Seek an Expedited Trial Date in State Court.**

20.    On July 28, 2022, this Court held a hearing and read the ruling that granted Movant further limited relief from the automatic stay and Preliminary Injunction: "I am going to grant limited relief to allow discovery, to gather and preserve evidence that will support the claims against J&J in the future…I will also allow relief from the stay to enable Mr. Satterley to make any appropriate motion required to get expedited trial dates for his clients or priority in the event the Third Circuit does reverse my decision and this case is dismissed." [7/28/22 Reporter's Transcript, Exh. 7 to Satterley Decl. at 20:13-21:2.]

21.    On August 8, 2022, this Court filed a written order on Movant's motion. [Dkt. 2836.] In addition to memorializing its oral ruling, this Court retained jurisdiction "to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order, including with respect to the scope of the relief granted by this Order." [*Id.* at ¶ 6.]

**IV.    This Court Made Plain That Movant's Case Should "Move Forward Expeditiously" to Trial if the Third Circuit Reverses Its Orders and Dismisses the Case.**

22.    When it granted Movant limited relief from the automatic stay and Preliminary Injunction, this Court told the parties that Movant's case must quickly go to trial if the Third Circuit reversed this Court's orders and dismissed the case.

23.    On July 28, 2022, this Court granted Movant further limited relief from the automatic stay and Preliminary Injunction in the hopes of "**not slowing down the progress of the case Mr. Satterley presented**." [7/28/22 Reporter's Transcript, Exh. 7 to Satterley Decl. at 21:2-3 (emphasis added).]

24.     On September 14, 2022, this Court repeated that one of the "goal[s]" of its July 28, 2022, and August 8, 2022, orders is to have Movant's case "move forward expeditiously as opposed to months and months later" in the event the Third Circuit reverses this Court's orders:

> And I appreciate how difficult this issue is for the plaintiff. The goal in my original order was, as has been stated, to preserve the evidence. To ensure the integrity of the trial from an evidentiary standpoint and **also to allow the plaintiff to enter the queue, so to speak, to be able to place itself in a position where, depending upon how the Circuit rules, it could move forward expeditiously as opposed to months and months later**, or being placed at the end of a queue, given that it's a recent complaint being filed.

[9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at 12:4-13 (emphasis added).]

25.     While it is not binding on the State Court, this Court shared its view that Non-Debtors should have "at least 60 days post a ruling favorable to the appellants" to prepare for trial:

> MR. GORDON: Greg Gordon on behalf of the debtor. I just want to be sure now that we're clear. What I heard was that Your Honor is saying that we should be allowed at least 60 days post. **The stay should work in a way where we'd have at least 60 days post a ruling favorable to the appellants in order to have time to prepare for trial.** And I just wanted to put that on the record to make sure that we're—
>
> THE COURT: **Yes.**
>
> MR. GORDON: -- hearing that correctly.

[9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at 14:23-15:7 (emphasis added).]

**V.     After Several Continuances, Movant's Preferential Trial is Set for February 9, 2023.**

26.     On August 26, 2022, the State Court granted Movant's request for an expedited trial date. [State Court's Order Granting Trial Preference, Exh. 8 to Satterley Decl.] Initially, the trial was set for November 7, 2022. [*Id.*]

27.     However, Movant's trial was continued several times because of the Third Circuit's impending decision. [Minute Orders, Exhs. 10 and 12-13 to Satterley Decl.; 11/8/22

Reporter's Transcript, Exh. 11 at 5:4-6:12.] The State Court trial is set for February 9, 2023.

[Minute Order, Exh. 13.]

**VI.    Despite This Court's Remarks, the Third Circuit's Opinion, and the Fast Approaching Trial Date, J&J Claims That It Is "Premature" To Discuss the Trial.**

28.    On January 30, 2023, the Third Circuit issued its opinion. It concluded: "We thus reverse the Bankruptcy Court's order denying the motions to dismiss and remand this case with the instruction to dismiss LTL's Chapter 11 petition. Dismissing its case annuls the litigation stay ordered by the Court and makes moot the need to decide that issue." *In re LTL*, __ F.3d __, 2023 WL 1098189, at *18.

29.    That same day, Movant apprised the State Court and Non-Debtors of the Third Circuit's opinion and his intent to prosecute his claims upon dismissal of this case. [Movant's Supplemental Case Management Conference Statement, Exh. 14 to Satterley Decl.]

30.    Consistent with this Court's orders and remarks that this case should proceed in the hopes of "not slowing down the progress of the case Mr. Satterley presented" [7/28/22 Reporter's Transcript, Exh. 7 to Satterley Decl. at 21:2-3], Movant requested a meet-and-confer call with the Non-Debtors to discuss discovery deadlines and other matters in advance of the upcoming February 9, 2023, Case Management Conference and Pre-Trial Conference. [1/30/23 Meet-and-Confer Letter, Exh. 15 to Satterley Decl.] Non-Debtors did not respond to Movant's request. [Satterley Decl. at ¶ 19.]

31.    On February 1, 2023, Non-Debtors filed their Joint Case Management Conference Statement in State Court. [Non-Debtors' Statement, Exh. 16 to Satterley Decl.] Despite this Court's orders and remarks during the hearings on July 28, 2022, and September 14, 2022, Non-Debtors argue that "at present, everything remains as-is to allow LTL to seek further review of

the Third Circuit's opinion. As such, it is premature to discuss any further discovery, pre-trial dates/deadlines, or trial." [*Id.* at 3:16-18.]

## VII.    Movant's Cancer is Progressing Despite Aggressive Treatment.

32.    On January 25, 2023, Movant saw one of his treating physicians, oncologist Dr. Joel Neal, to discuss Movant's latest CT scans. [Progress Notes, Exh. 17 to Satterley Decl. at 1.]

33.    Dr. Neal noted that Movant's October 7, 2022, CT scan showed "[n]ew and enlarging pleural and pericardial nodules." [Progress Notes, Exh. 17 to Satterley Decl. at 3.] Thus, the disease had a "[m]ixed response" to Movant's ongoing immunotherapy. [*Id.*]

34.    On January 20, 2023, Movant's CT scan showed "overall disease progression." [Progress Notes, Exh. 17 to Satterley Decl. at 4.] As a result, Dr. Neal immediately stopped Movant's immunotherapy treatments. [*Id.* ("STOP ipi/nivo").] Dr. Neal noted, "Overall, [Movant] appears to have progression on most recent CT. On review at tumor board it does look like the tumor has been grown from May until now." [*Id.* at 5.]

35.    Movant has been struggling mentally and did not take the news well: "This news was extremely traumatic to [Movant], and he and his mom decided to leave clinic before a full discussion. However, they did agree to return soon and consider systemic gemcitabine therapy." [Progress Notes, Exh. 17 to Satterley Decl. at 4, 5.]

## <u>RELIEF REQUESTED</u>

36.    By this Supplemental Filing and Status Report, Movant respectfully requests the entry of an Order lifting the automatic stay and Preliminary Injunction under Section 362(d)(1) and this Court's prior orders to permit the parties to fully litigate Movant's personal-injury action in State Court. This includes, but is not limited to, allowing Movant to name Debtor and New Consumer as additional defendants, conduct full discovery, file motions, and proceed to trial

within 60 days from February 9, 2023, which is the current trial date in State Court.

Alternatively, Movant seeks such other and further relief as the Court deems proper.

## BASIS FOR RELIEF

**I.    This Court Has Wide Discretion To Determine Whether To Lift a Stay for "Cause," Especially When the Third Circuit Has Ordered the Dismissal of This Case.**

37.    In relevant part, Section 362(d)(1) of the Bankruptcy Code provides that on "request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . ."

38.    "Cause" is a "broad and flexible concept," and a court is granted broad discretion to determine whether to lift the automatic stay on that basis. *In re Mid-Atlantic*, 304 B.R. at 130.

39.    "It is well-settled that a basis for granting relief from the automatic stay for 'cause' exists when it is necessary to permit litigation to be concluded in another forum, particularly if the non-bankruptcy suit involves multiple non-debtor parties or is ready for trial." *In re Mid-Atlantic*, 304 B.R. at 130. The legislative history of Section 362(d)(1) supports this conclusion: "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." S. Rep. No. 95-989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

40.    In addition to Section 362(d)(1) and case authority, this Court has already ordered that an adverse ruling by the Third Circuit against Debtor and Non-Debtors is "cause" to lift the automatic stay and Preliminary Injunction. [9/14/22 Reporter's Transcript, Exh. 9 to Satterley

Decl. at 12:4-13.] Indeed, this Court stated that Movant's case should "move forward expeditiously" to trial [*id.*] when "the Third Circuit does reverse [this Court's] decision and this case is dismissed" [7/28/22 Reporter's Transcript, Exh. 7 to Satterley Decl. at 20:23-21:3]. This is because the Court is "hoping not to slow down the progress of the case Mr. Satterley presented." [*Id.*] The State Court should consider whether defendants in Movant's case should "have at least 60 days post a ruling favorable to appellants in order to have time to prepare for trial." [9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at 14:23-15:20; *see also id.* at 16:1-6 ("I don't have authority to vacate the date. That's the trial date. I let the state court – the state court has the authority to choose it. I'm not touching that. But going forward, in rescheduling, I'm placing on the record my views that J&J should have at least 60 days to prepare…").]

## II.    Absent an Order Fully Lifting the Automatic Stay and Preliminary Injunction, Non-Debtors' Inaction Greatly Prejudices Movant.

41.    On balance, several factors point towards granting Movant's request for an order fully lifting the automatic stay and Preliminary Injunction, thus allowing him to fully prosecute his claims against Non-Debtors, New Consumer, and Debtor.

42.    Further, there is no need to stay the effectiveness of this Court's order for 14 days pursuant to Fed. R. Bankr. P. 4001(a)(3). Paragraph (a)(3) was added to allow a debtor time to appeal and avoid the irreparable harm that may result from immediate enforcement. Here, where Movant's case still must be tried, no irreparable harm will result. Movant must prosecute the lawsuit through to final judgment. Accordingly, no stay is needed to protect a party that decides to appeal. In this circumstance, cause exists to waive the 14-day stay of the effectiveness of the order of Fed. R. Bankr. P. 4001(a)(3).

**A.    The automatic stay and Preliminary Injunction irreparably harms Movant and has no adverse effect on Non-Debtors, Debtor, and New Consumer.**

43.    This Court has yet to dismiss this case. As a result, the automatic stay and

Preliminary Injunction are still in effect. However, given the Third Circuit's order directing this

Court to dismiss this case, there is no need for Movant to wait until that act occurs because of the

upcoming February 9, 2023, trial date in State Court and his declining health. For several

reasons, the stay imposed by the automatic stay and Preliminary Injunction, on the one hand,

irreparably harms Movant while, on the other hand, has no adverse effect on Non-Debtors,

Debtor, and New Consumer. *In re Mid-Atlantic*, 304 B.R. at 130 (impact of the stay on the

parties and the balance of the harms is one of the factors considered to determine whether cause

exists to lift the stay to continue the litigation in another forum).

44.    First, continued enforcement of the automatic stay and Preliminary Injunction,

despite the Third Circuit's order and opinion, increases the risk that Movant will be deprived of

his right to see his civil action tried during his lifetime and to have time to live after trial. Under

the federal and California constitutions, trial by jury is an inviolate right. U.S. Const. amend.

VII; Cal. Const. art. I, § 16. Movant's decline or death before judgment affects his ability to

testify and assist counsel, which may be critical to success, and impacts his ultimate recovery.

*Looney,* 16 Cal.App.4th at 532, fn. 12. Movant's health is declining because, despite aggressive

treatment, his cancer is progressing. [Progress Notes, Exh. 17 to Satterley Decl. at 4-5.]

45.    Second, the automatic stay and Preliminary Injunction preclude Movant from

fully prosecuting his claims against Non-Debtors, Debtor, and New Consumer. To date, no

defendant in the State Court action has answered. [Satterley Decl. at ¶¶ 7-10.] Further, Movant

must name Debtor and New Consumer as party defendants in the State Court action. [*Id.* at ¶ 22.]

And Movant needs to conduct some affirmative discovery against all named defendants,

including propounding written discovery and deposing their corporate witnesses. [*Id.*] Absent an

order allowing Movant full relief from the automatic stay and Preliminary Injunction, Movant

cannot expeditiously prepare his case for trial while he is alive and able to participate. [*Id.*]

46.     In contrast, the passage of time has no prejudicial effect on Non-Debtors, Debtor,

or New Consumer. Allowing Movant complete relief from the automatic stay and Preliminary

Injunction does not affect Debtor's ability to seek further appellate review of the Third Circuit's

ruling. Additionally, the named defendants in the State Court action have ample time to conduct

discovery and to prepare for trial.

47.     A "stay of indefinite duration in the absence of a pressing need is abuse of

discretion." *Landis v. North Amer. Co.*, 299 U.S. 247, 254-255 (1936). Stays that prevent

Movant from fully prosecuting his personal-injury action create irreparable injury because there

is a real risk of Movant passing before the conclusion of his trial. Because the automatic stay and

Preliminary Injunction severely harm Movant, this factor weighs in favor of the relief Movant

seeks.

### B.    The relief requested would result in a complete resolution of Movant's talc-related claims.

48.     Whether relief would result in a partial or complete resolution of the issues is a

factor a court considers to determine whether cause exists to lift the stay to continue litigation in

another forum. *In re Mid-Atlantic*, 304 B.R. at 130.

49.     Here, permitting Movant to litigate his State Court personal-injury action fully

will result in a complete resolution of the issue of Non-Debtors', Debtor's, and New Consumer's

talc-related liability. Movant alleges that his mesothelioma stems from his substantial exposure

to asbestiform fibers from Johnson's Baby Powder talc and that those entities are in that

product's chain of distribution. Under California law, parties in a defective product's distribution

chain may be held jointly and severally liable for the injured plaintiff's full damages without

showing negligence. *Wimberly,* 56 Cal.App.4th at 633. Further, California law is settled that a

"strictly liable defendant cannot reduce or eliminate its responsibility to plaintiff for all injuries

caused by a defective product by shifting blame to other parties in the product's chain of

distribution who are ostensibly more at 'fault,' and therefore may be negligent as well as strictly

liable." *Id.* Hence, allowing Movant to prosecute his viable claims against Non-Debtors, New

Consumer, and Debtor would result in the complete resolution of the talc-related issues in his

personal-injury case. Accordingly, this factor weighs in Movant's favor.

> ### C.    The relief requested would not interfere with the bankruptcy case.

50.    Lack of connection with or interference with the bankruptcy case is another factor

a court considers to determine whether cause exists to lift the stay. *In re Mid-Atlantic*, 304 B.R.

at 130.

51.    The Third Circuit has already ordered this Court to dismiss Debtor's Chapter 11

petition. *In re LTL*, __ F.3d __, 2023 WL 1098189, at *18. Hence, Movant's State Court action

in no way interferes with the bankruptcy case because it will cease to exist. Debtor may contend

that it has yet to utilize all appellate remedies, including seeking a stay order. Such arguments are

premature because no request for a stay has been filed, and no such request has been granted.

This factor weighs in Movant's favor.

> ### D.    The State Court has the necessary expertise to hear Movant's claims against the non-debtor entities.

52.    Another factor a court considers in whether a stay should be lifted is whether a

specialized tribunal with the necessary expertise has been established to hear the cause of action.

*In re Mid-Atlantic*, 304 B.R. at 130. Here, it is undisputed that the State Court has the necessary

expertise to handle Movant's underlying personal-injury lawsuit. [*See* Dkt. 2429 at 19.]

Therefore, this factor weighs in favor of lifting the automatic stay and Preliminary Injunction.

> **E.    Granting Movant relief from the automatic stay and Preliminary Injunction is in the interests of judicial economy and the expeditious and economical resolution of the litigation.**

53.    A factor a court considers in whether a stay should be lifted is the interests of judicial economy and the expeditious and economical resolution of litigation. *In re Mid-Atlantic*, 304 B.R. at 130.

54.    Here, granting Movant further relief from the automatic stay and Preliminary Injunction is in the interests of judicial economy. Movant's exposure to asbestos and asbestiform fibers stems from his use of Johnson's Baby Powder. In light of the Third Circuit's decision, allowing Movant to proceed against Non-Debtors, Debtor, and New Consumer will avoid the need for multiple and duplicative trials. This would lessen the strain on already scarce judicial resources and any undue expenses Movant may incur as a result of multiple trials.

55.    The relief requested would also result in prompt and efficient resolution of the litigation. Indeed, Movant's claims against Non-Debtors, Debtor, and New Consumer pertain to his exposure to asbestiform fibers from Johnson's Baby Powder. Given Movant's rapidly declining health, a trial against all named defendants must start within 60 days of the current February 9, 2023, trial date. [Cal. Code Civ. Proc. § 36, subds. (d) and (e); 9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at 14:23-15:7.]

> **F.    Promptly lifting the stay allows all parties to prepare for trial expeditiously.**

56.    Lifting the stay permits Movant to fully prosecute and expeditiously try his State Court action against all named defendants, which this Court intended when it granted Movant limited relief from the automatic stay and Preliminary Injunction. [7/28/22 Reporter's Transcript, Exh. 7 to Satterley Decl. at 21:2-3; 9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at

12:4-13.] Given that they are often represented by experienced asbestos defense lawyers and this Court's suggestion that the State Court give them at least 60 days to prepare for trial, Non-Debtors, Debtor, and New Consumer have ample time to conduct discovery and soon be ready for trial. [9/14/22 Reporter's Transcript, Exh. 9 to Satterley Decl. at 14:23-15:7.]

## NOTICE

57.     Notice of this Supplemental Filing and Status Report has been given to (i) the Debtor; (ii) counsel to the Debtor; (iii) the United States Trustee; (iv) J&J's counsel; (v) New Consumer's counsel; (vi) counsel for each of the Retailers; (vii) the proposed counsel to the Official Committee of Talc Claimants, (viii) the proposed Future Claimants' Representative and his counsel and (ix) all parties who have filed notices of appearances. Further, those same parties were given notice of Movant's Application for Order Shortening Time. Accordingly, Movant respectfully submits that no other or further notice needs to be given.

## CONCLUSION

58.     For the reasons and based on the authorities set forth above, Movant respectfully requests entry of an Order fully lifting the automatic stay and Preliminary Injunction, waiving the stay of Fed. R. Bankr. P. 4001(a)(3), to permit him to fully prosecute his personal-injury action in State Court, including trial, and for such other relief to which Movant is entitled.

Respectfully submitted:

KAZAN, McCLAIN, SATTERLEY &
GREENWOOD, A Professional Law Corporation
- and –

SAIBER LLC
*Counsel for Movant Anthony Hernandez Valadez*

By:     /s/ John M. August
        JOHN M. AUGUST

DATED:  February 2, 2023