**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| **GENOVA BURNS LLC** | **BROWN RUDNICK LLP** |
|---|---|
| Daniel M. Stolz, Esq. | David J. Molton, Esq. |
| Donald W. Clarke, Esq. | Robert J. Stark, Esq. |
| Gregory S. Kinoian, Esq. | Michael S. Winograd, Esq. |
| Leonard S. Spinelli, Esq. | dmolton@brownrudnick.com |
| dstolz@genovaburns.com | rstark@brownrudnick.com |
| dclarke@genovaburns.com | mwinograd@brownrudnick.com |
| gkinoian@genovaburns.com | Seven Times Square |
| lspinelli@genovaburns.com | New York, NY 10036 |
| 110 Allen Road, Suite 304 | Tel: (212) 209-4800 |
| Basking Ridge, NJ 07920 | Fax: (212) 209-4801 |
| Tel: (973) 467-2700 | |
| Fax: (973) 467-8126 | and |
| *Local Counsel for the* | |
| *Official Committee of Talc Claimants* | Jeffrey L. Jonas, Esq. |
| | Sunni P. Beville, Esq. |
| | Eric R. Goodman, Esq. |
| | jjonas@brownrudnick.com |
| | sbeville@brownrudnick.com |
| | egoodman@brownrudnick.com |
| | One Financial Center |
| | Boston, MA 02111 |
| | Tel: (617) 856-8200 |
| | Fax: (617) 856-8201 |
| | *Co-Counsel for the* |
| | *Official Committee of Talc Claimants* |
| **BAILEY GLASSER LLP** | **OTTERBOURG PC** |
| Brian A. Glasser, Esq. | Melanie L. Cyganowski, Esq. |
| Thomas B. Bennett, Esq. | Adam C. Silverstein, Esq. |
| Kevin W. Barrett, Esq. | Jennifer S. Feeney, Esq. |
| Maggie B. Burrus, Esq. | mcyganowski@otterbourg.com |
| bglasser@baileyglasser.com | asilverstein@otterbourg.com |
| tbennett@baileyglasser.com | jfeeney@otterbourg.com |
| kbarrett@baileyglasser.com | 230 Park Avenue |
| mburrus@baileyglasser.com | New York, NY 10169 |
| 1055 Thomas Jefferson St. NW, Suite 540 | Tel: (212) 905-3628 |
| Washington, DC 20007 | Fax: (212) 682-6104 |
| Tel: (202) 463-2101 | *Co-Counsel for the* |
| Fax: (202) 463-2103 | *Official Committee of Talc Claimants* |
| *Co-Counsel for the* | |
| *Official Committee of Talc Claimants* | |

| PARKINS & RUBIO LLP<br>Lenard M. Parkins, Esq.<br>Charles M. Rubio, Esq.<br>lparkins@parkinsrubio.com<br>crubio@parkinsrubio.com<br>Pennzoil Place<br>700 Milan St., Suite 1300<br>Houston, TX 77002<br>Tel: (713) 715-1666<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* | MASSEY & GAIL LLP<br>Jonathan S. Massey, Esq.<br>Rachel S. Morse, Esq.<br>jmassey@masseygail.com<br>rmorse@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC  20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Special Counsel for the*<br>*Official Committee of Talc Claimants* |
|---|---|
| In re:<br><br>LTL MANAGEMENT, LLC,[1]<br><br>      Debtor. | Chapter 11<br><br>Case No.: 21-30589 (MBK)<br><br>Honorable Michael B. Kaplan |

**JOINT APPLICATION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF TALC CLAIMANTS REGARDING REIMBURSEMENT OF CERTAIN EXPENSES INCURRED BY COMMITTEE MEMBER REPRESENTATIVES**

   The Debtor and the Official Committee of Talc Claimants (the "TCC")[2], each by and through its co-counsel, pursuant to Bankruptcy Code sections 105 (a) and 363, hereby bring this joint application (the "Application") regarding reimbursement of certain expenses incurred by TCC member representatives (the "Representatives").

**JURISDICTION**

   1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The basis for the relief sought herein is sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

---

[1]  The last four digits of the Debtor's taxpayer identification number are 6622.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]  "TCC" as used herein shall mean any statutory committee of tort claimants appointed in this chapter 11 case, including the Original Committee, TCC I, TCC II, and the current iteration of the TCC.

(the "Bankruptcy Code") and D.N.J. LBR 9021-1. Venue of the Debtor's chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED AND REASONS THEREFOR

2. The Parties respectfully request that the Court enter the Agreed Order pursuant to section 105(a) of the Bankruptcy Code, which provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a)

3. The TCC and the Debtor (collectively, the "Parties") have met and conferred regarding reimbursement of non-legal expenses incurred by TCC member Representatives during this case.

4. Following extensive discussions, the Parties have reached agreement that pursuant to section 363(b)[3] of the Bankruptcy Code the Debtor shall pay the expenses incurred while serving as a TCC member's representative (the "Representative Expenses") subject to paragraph 5 below.

5. Representative Expenses shall not include expenses that were or are:

a. Incurred prior to November 8, 2021 (the date of formation of the Original Committee);

b. Incurred in connection with providing legal services to TCC members acting in their individual capacity (not as members of the TCC);

c. For costs of conference rooms;

---

[3] Section 363 (b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of the business, property of the estate". 11 U.S.C. §363(b).

    d. For costs of third-party consultants;

    e. For legal fees; or

    f. For costs of attending Court hearings, except for those costs incurred by either a member of the TCC or one individual from his or her Representative firm (*i.e.*, costs are limited to either a member or one individual from his or her Representative per hearing), provided that no more than five (5) TCC Representatives may seek reimbursement per hearing unless attendance by additional Representatives is demonstrably necessary under the circumstances.

6. The Representative Expenses must be reasonable and necessary. In determining the reasonableness and necessity of any Representative Expenses, the parties shall consider, among other things, whether attendance by the Representative was requested by the Debtor, the Court, a mediator or estimation expert or their respective professionals, the amount of notice provided to the Representative in advance of the relevant event, and the availability or lack thereof of alternatives to incurring the relevant expense.

7. Supporting vouchers for the Representative Expenses shall be collected by counsel to the TCC which shall then submit the vouchers and reimbursement requests to the Debtor (the "Reimbursement Requests"). The Debtor shall have 14 days after submission (unless extended by agreement of the parties) to raise any informal objections regarding the Reimbursement Requests, including, but limited to, whether the expenses are reasonable and necessary. If no informal objections are raised, the Representative Expenses shall be paid within 21 days after their submission. If informal objections are raised as to some but not all of the Representative Expenses, those expenses not objected to shall also be paid within 21 days of their

submission.  If the parties are not able to resolve any informal objection, they may be brought to the Court.

## **CONCLUSION**

8.  WHEREFORE, the Parties respectfully request that the Court (a) enter the proposed form of Agreed Order, submitted herewith, and (b) grant such other and further relief as the Court deems equitable and just.

Dated:  February 13, 2023

Respectfully submitted,

| **JONES DAY** | **GENOVA BURNS LLC** |
|---|---|
| By:*/s/ Dan B. Prieto* | By: */s/ Daniel M. Stolz* |
| Dan B. Prieto, Esq. | Daniel M. Stolz, Esq. |
| Amanda S. Rush, Esq. | Donald W. Clarke, Esq. |
| dbprieto@jonesday.com | Gregory S. Kinoian, Esq. |
| asrush@jonesday.com | Leonard S. Spinelli, Esq. |
| 2727 North Harwood Street | dstolz@genovaburns.com |
| Suite 500 | dclarke@genovaburns.com |
| Dallas, TX  75201-1515 | gkinoian@genovaburns.com |
|  | lspinelli@genovaburns.com |
| *Counsel for Debtor* | 110 Allen Road, Suite 304 |
|  | Basking Ridge, NJ 07920 |
|  | Tel: (973) 467-2700 |
|  | Fax: (973) 467-8126 |
|  |  |
|  | *Local Counsel for the* |
|  | *Official Committee of Talc Claimants* |