| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br><br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> Jeffrey Traurig <br> **TRAURIG LAW LLC** <br> One University Plaza, Suite 124 <br> Hackensack, NJ 07601 <br> Tel: (646) 974-8650 <br> E-mail: jtraurig@trauriglaw.com <br> *Local Counsel to the Fee Examiner* | Robert J. Keach, Esq. (admitted *pro hac vice*) <br> **BERNSTEIN SHUR SAWYER & NELSON, P.A.** <br> 100 Middle Street <br> Portland, ME 04104 <br> Tel: (207) 774-1200 <br> Fax: (207) 774-1127 <br> E-Mail: rkeach@bernsteinshur.com <br> *Fee Examiner* <br><br> **BERNSTEIN SHUR SAWYER & NELSON, P.A.** <br> Letson Douglass Boots, Esq. (admitted *pro hac vice*) <br> 100 Middle Street <br> Portland, ME 04104 <br> Tel: (207) 774-1200 <br> Fax: (207) 774-1127 <br> E-Mail: lboots@bernsteinshur.com <br> *Counsel to the Fee Examiner* |
| In Re: <br><br> LTL MANAGEMENT LLC, <br><br>                     Debtor | Case No.:     21-30589 (MBK) <br><br> Judge:      Michael B. Kaplan <br><br> Chapter 11 |

### FEE EXAMINER'S CONSOLIDATED FINAL REPORT PERTAINING TO THE FEE APPLICATIONS OF RETAINED PROFESSIONALS FOR THE PERIOD FROM JUNE 1, 2022 THROUGH SEPTEMBER 30, 2022

Robert J. Keach (the "Fee Examiner"), by and through undersigned counsel, submits this Consolidated Final Report (the "Third Final Report") pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Retained Professionals* [Docket No. 761] (the "Interim Compensation Order"), the *Order Appointing an Independent Fee Examiner and Establishing Procedures* [Docket No. 1922] (the "Fee Examiner Order"), and the

1

Court's *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 322] (the "Case Management Order") and in connection with the applications for allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses (the "Fee Applications") of certain professionals retained in the above-captioned case (the "Retained Professionals") as listed on **Exhibit A**.  With the exception of two (2) professionals that seek final approval of fees (the "Final Applications"),[1] the Fee Applications are interim applications and relate to the compensation for professional services rendered and reimbursement of expenses requested from June 1, 2022 through September 30, 2022 (the "Third Fee Period")[2] for all such Retained Professionals.  For the Court's convenience, as noted below, the Fee Examiner's recommendations for the Third Fee Period are set forth on **Exhibit A** hereto, and the Fee Examiner's recommendations for the Final Applications are set forth on **Exhibit B** hereto.

## I.      INTRODUCTION

1.      The Third Final Report covers the Fee Applications of thirty (30) Retained Professionals subject to the Fee Examiner Order that filed Fee Applications by the deadline

---

[1] The two (2) Retained Professionals who seek final approval of fees are Gilbert LLP and Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.

[2] There are four (4) Retained Professionals who filed their *first* fee applications during the Third Fee Period: Berkeley Research Group, LLC; Hogan Lovells US LLP; Monzack Mersky & Browder, P.A.; and Shook, Hardy & Bacon L.L.P.  Hogan Lovells US LLP filed both its *first* and *second* fee applications and Shook, Hardy & Bacon L.L.P. filed its *first*, *second*, and *third* fee applications during this Third Fee Period.  This Third Final Report covers all applications of those Retained Professionals.  This Third Final Report also covers the *second* fee applications of the following Retained Professionals: MoloLamken LLP; Randi S. Ellis; The Brattle Group, Inc.; and Walsh Pizzi O'Reilly Falanga LLP.  Finally, this Third Final Report covers the two supplemental fee applications filed by McCarter & English, LLP.  The Fee Examiner requests that all Retained Professionals file their next fee applications for the period from October 1, 2022 through January 31, 2023, consistent with the four-month interval provided in the Interim Compensation Order, subject, of course, to any changes in the schedule for filing fee applications necessitated by the Third Circuit's mandate and any order of the Court regarding dismissal of the case, and any provisions of such order under section 349 of the Bankruptcy Code.

imposed in the Interim Compensation Order.[3]  As a consequence of the process described below,

the Fee Examiner has reached an agreement with each of the thirty (30) Retained Professionals,

and those agreements and the Fee Examiner's recommendations as to fees to be allowed and

expenses to be reimbursed for the Third Fee Period are detailed below and also set forth, for the

convenience of the Court, in summary form, on **Exhibit A** to this Third Final Report.  The Fee

Examiner also recommends the release of holdback amounts applicable to the Third Fee Period

for these thirty (30) Retained Professionals as set forth in Section V of this Third Final Report.

A cumulative report setting forth the final recommendations of the Fee Examiner as to final

allowance of fees and reimbursement of expenses for the two (2) Retained Professionals that

filed Final Applications is attached hereto as **Exhibit B**.

2.      As the Fee Applications, other than the Final Applications, are interim

applications under section 331 of title 11 of the United States Code (the "Bankruptcy Code"), the

Fee Examiner reserves all rights to challenge fees and expenses sought in connection with

subsequent interim applications and any final applications.  The Fee Examiner also takes this

opportunity to commend the Retained Professionals for their professionalism in cooperating with

the Fee Examiner throughout this process, and for the prompt, thorough, and detailed responses

to the Fee Examiner's Preliminary Reports (defined below), as well as to the additional

information requests of the Fee Examiner.  As noted below, some of the Retained Professionals

voluntarily reduced their fee requests in advance of the filing of the Fee Applications.  Such

voluntary reductions resulted in approximately $635,953.50 of reduced fees and $174.12 of

reduced expenses in advance of the filing of the Fee Applications, showing commendable billing

judgment.  The fact that the fee review process has resulted in agreed reductions in fees and

---

[3] The Third Final Report does not cover Bederson LLP; Epiq Corporate Restructuring, LLC; and Womble Bond Dickinson (US) LLP, who are also subject to the Fee Examiner Order.  These Retained Professionals did not file a fee application for the Third Fee Period by the deadline.

expenses beyond those voluntary reductions does not suggest that anyone did anything wrong or overcharged or was "caught"; to the contrary, the "savings" achieved by this process reflect, fundamentally, the continued exercise of commendable billing judgment by those Retained Professionals, assisted by the Fee Examiner.

3.       Points of emphasis for this fee period included possible inter-firm duplication and staffing issues.  The Fee Examiner also appreciates the cooperation of the Retained Professionals in the thorough investigation and analysis of those issues, including the provision of additional pertinent information.   After additional diligence directed at those issues, with particular emphasis on the Third Circuit appeal and the claims estimation and valuation process, the Fee Examiner is satisfied that unnecessary duplication between or among firms was significantly avoided.  Firms largely had clearly designated roles and "stayed in their lanes."   Staffing was better controlled as well in the Third Fee Period. Both issues, to the extent they existed, are adequately addressed by the agreed reductions detailed below. Total fees requested also trended downward.  The charts below show fees for each period, first including and then excluding firms no longer continuing in the case:

**LTL MANAGEMENT**
**TOTAL FEES REQUESTED**

| Professional | First Fee Period (10/14/21-1/31/22) | Second Fee Period (2/1/22-5/31/22) | Third Fee Period (6/1/22-9/30/22) | Total Fees Requested |
|---|---|---|---|---|
| Debtor's Professionals - ALL | $18,082,262.56 | $13,687,672.47 | $13,378,243.73 | $45,148,178.76 |
| TCC Professionals - ALL | $20,828,831.25 | $22,183,614.87 | $12,775,937.25 | $55,788,383.37 |
| FTCR Professionals - ALL | $0.00 | $950,022.00 | $1,507,256.50 | $2,457,278.50 |
| **Total** | **$38,911,093.81** | **$36,821,309.34** | **$27,661,437.48** | **$103,393,840.63** |

| Professional | First Fee Period (10/14/21-1/31/22) | Second Fee Period (2/1/22-5/31/22) | Third Fee Period (6/1/22-9/30/22) | Total Fees Requested |
|---|---|---|---|---|
| Debtor's Professionals - CURRENT | $17,898,876.06 | $13,687,672.47 | $13,378,243.73 | $44,964,792.26 |
| TCC Professionals - CURRENT | $16,697,591.75 | $14,117,538.37 | $12,773,132.25 | $43,588,262.37 |
| FTCR Professionals - CURRENT | $0.00 | $950,022.00 | $1,507,256.50 | $2,457,278.50 |
| **Total** | **$34,596,467.81** | **$28,755,232.84** | **$27,658,632.48** | **$91,010,333.13** |

## II.    THE APPOINTMENT OF THE FEE EXAMINER AND
## THE FEE EXAMINATION PROCESS

4.      In light of the size and complexity of this chapter 11 case, this Court appointed

the Fee Examiner, ordering the Fee Examiner to "review any Monthly Fee Statement and Fee

Application served by each Retained Professional."[4] Fee Examiner Order, ¶ 6(b).  "As soon as is

practicable after a Fee Application is filed and served upon the Fee Examiner, and in any event

not later than forty-five (45) days after service upon the Fee Examiner of such Fee Application,

the Fee Examiner may serve a report (each, a 'Preliminary Report') on an Applicant . . . ."[5] Id. at

¶ 6(c).   The Preliminary Report is designed to "quantify and present factual data, as well as

factual inquiries and legal issues, relevant to whether the requested fees, disbursements, and

expenses are reasonable in accordance with the applicable standards of section 330 and 331 of

the Bankruptcy Code."  Id.  The Fee Examiner, the Debtor, and TCC[6] "shall consult and request

that the court set a hearing (each, a 'Fee Hearing') on Interim Fee Applications and Final Fee

Applications."  Id. at ¶ 6(d).  "During the period between service of the Preliminary Report and

the applicable Fee Hearing, (i) the Fee Examiner and applicable Retained Professional shall

make reasonable efforts to resolve issues raised in the Preliminary Report and (ii) each

applicable Retained Professional shall provide the Fee Examiner with supplemental

information . . . ."  Id. at ¶ 6(g).  At least 14 days prior to any Fee Hearing, the Fee Examiner

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Fee Examiner Order.

[5] The Fee Examiner has discretion to determine whether to serve a Preliminary Report on an Applicant with respect to any Fee Application, and the Fee Examiner shall consult with counsel to the Debtor and TCC in determining whether to serve a Preliminary Report.  Fee Examiner Order, ¶¶ 6(c), 8.  The "comments or analyses to be provided by counsel to the Debtor [and TCC] (collectively, the "Fee Analyses") shall be in a form agreed upon by and among the Debtor [and TCC]."  Id. ¶ 8.

[6] During the First Fee Period, two official committees of talc claimants ("TCC I" and "TCC II") were designated. Although subsequent orders of the court set aside the designation of two committees, the court temporarily extended the existence of both into the Second Fee Period.  Effective April 13, 2022, the Court reinstated the single Official Committee of Talc Claimants ("TCC").  For the purposes of this Report, "TCC" shall refer to both TCC I and TCC II, and shall refer to the single committee going forward.

shall file with the Court a report (each, the "Final Report"), designed to: (i) quantify and present factual data and legal issues relevant to whether the requested fees and expenses of each applicable Retained Professional are reasonable in accordance with the applicable standards of sections 330 and 331 of the Bankruptcy Code, (ii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have been consensually resolved and the nature of such resolution, and (iii) inform the Court, in general terms, of all issues raised in any Preliminary Report that have not yet been resolved. Id. ¶ 6(d).

5.      Additionally, each order approving the retention of a Retained Professional in whole or in part under section 328 of the Bankruptcy Code ("Section 328 Professionals") entered as of the date of this Third Final Report also authorizes the U.S Trustee and the Fee Examiner to review the allowance of the Retained Professional's fees or expenses on reasonableness grounds, and the Fee Examiner Order applies to all professionals "requesting compensation and/or reimbursement of expenses for services rendered pursuant to sections 327, 328, 330, 331, or 1103." Fee Examiner Order, ¶ 4. Accordingly, the Fee Examiner reviewed each Fee Application, including the Fee Application of a Section 328 Professional, under the reasonableness standard set forth in section 330 of the Bankruptcy Code.

6.      The Fee Examiner reviewed each Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, 28 C.F.R. Pt. 58, App. A (the "UST Appendix A Guidelines"), and the Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in

Larger Chapter 11 Cases, 78 F.R. 36248 (the "UST Appendix B Guidelines, and collectively with the UST Appendix A Guidelines, the "UST Guidelines").  In addition, the Fee Examiner reviewed each Fee Application for general compliance with legal precedent established by the Supreme Court of the United States and Court of Appeals for the Third Circuit, as well as case law from the District Courts and Bankruptcy Courts for the District of New Jersey, and other relevant and persuasive authority.

7.      Following that review, the Fee Examiner issued a detailed Preliminary Report as to each Retained Professional.  Each Preliminary Report set forth the legal and other standards governing the review, and raised questions as to certain categories of time or expense, as well as designated time entries or expenses.  Each Retained Professional was invited to respond to the Preliminary Report, and all of the Retained Professionals covered by this Final Report produced responses addressing the questions raised in the Preliminary Report, in some cases more detailed and extensive than the original Fee Application.  E-mail exchanges were conducted and, in some cases, telephone conferences were held with the Retained Professionals.  Through this process, substantial additional information was provided to the Fee Examiner.

8.      Following receipt of the additional information, which information often clarified or resolved many of the questions raised by the Fee Examiner, the Fee Examiner communicated revised proposals to the Retained Professionals as to his recommendations for allowance of fees and reimbursement of expenses.  As a consequence of exchanges with the Retained Professionals following the delivery of these revised proposals, resolutions were reached with each of the aforementioned thirty (30) Retained Professionals whose Fee Applications are covered by this Third Final Report.

### III.    STANDARDS APPLIED BY THE FEE EXAMINER

9.    The general standards applied by the Fee Examiner are set forth in the *Fee Examiner's Consolidated Final Report Pertaining to the Interim Fee Applications of Retained Professionals for the Period from October 14, 2021 Through January 31, 2022* [Docket No. 2385] (the "First Final Report").  Those standards are incorporated herein by reference and, except to the extent necessary, will not be repeated in this Third Final Report.

### IV.    THE FEE EXAMINER'S RECOMMENDATIONS AS TO THE FEE APPLICATIONS

10.    The Fee Examiner makes the following specific recommendations as to the Fee Applications:

**AlixPartners, LLP**

11.    AlixPartners, LLP ("AlixPartners") serves as the financial advisor to the Debtor. For its services, AlixPartners is compensated on an hourly fee basis.  *See* Order Authorizing *Retention of AlixPartners, LLP as Financial Advisor for the Debtor Effective as of the Petition Date* [Docket No. 862].   On November 11, 2022, AlixPartners filed the *Third Interim Application of AlixPartners, LLP, Financial Advisor to the Chapter 11 Debtor, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period June 1, 2022 through September 30, 2022* [Docket No. 3300] ("AlixPartners' Fee Application"). AlixPartners' Fee Application seeks interim approval of fees in the amount of $184,654.00 for the period from June 1, 2022 through September 30, 2022.

12.    The Fee Examiner reviewed Alix Partners' Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "AlixPartners Preliminary Report") that identified the following areas of inquiry with respect to AlixPartners' Fee Application:

(a)    Top-heavy staffing approach;

(b)    Repetitive time entries;

(c)    Excessive time spent on retention activities; and

(d)    Reviewing and editing time records.

13.    Although the AlixPartners Preliminary Report raised issues concerning these topics, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

14.    In response to the AlixPartners Preliminary Report, AlixPartners provided the Fee Examiner with a written response, and AlixPartners and the Fee Examiner engaged in e-mail exchanges, to address and resolve the issues raised by the AlixPartners Preliminary Report.

15.    As a result of this process, AlixPartners and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$4,458.20**.  The recommended reduction results in a recommended allowance of fees in the amount of **$180,195.80**.  The Fee Examiner supports AlixPartners' modified request.

**Anderson Kill P.C.**

16.    Anderson Kill P.C. ("Anderson Kill") serves as special insurance counsel to the TCC.  For its services, Anderson Kill is compensated on an hourly fee basis.  See *Order Authorizing Retention of Anderson Kill P.C. as Special Insurance Counsel for the Official Talc Claimants Committee* [Docket No. 2551].  On November 30, 2022, Anderson Kill filed the *Third Interim Application for Allowance of Fees and Reimbursement of Expenses to Anderson Kill* [Docket No. 3384] ("Anderson Kill's Fee Application").  Anderson Kill's Fee Application seeks interim approval of fees in the amount of $797,487.50 and reimbursement of expenses in the amount of $210.09 for the period from June 1, 2022 through September 30, 2022.

17.    The Fee Examiner reviewed Anderson Kill's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "<u>Anderson Kill Preliminary Report</u>") that identified the following areas of inquiry with respect to Anderson Kill's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Billing discrepancies;

(d)    Lumped time entries;

(e)    Vague time entries;

(f)    Repetitive time entries;

(g)    Inter-firm duplication;

(h)    Multiple attendees;

(i)    Paraprofessional tasks billed by attorneys; and

(j)    Reviewing and editing time records.

18.    Although the Anderson Kill Preliminary Report raised issues concerning these topics, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

19.    In response to the Anderson Kill Preliminary Report, Anderson Kill provided the Fee Examiner with a written response, and Anderson Kill and the Fee Examiner engaged in e-mail exchanges, to address and resolve the issues raised by the Anderson Kill Preliminary Report.

20.    As a result of this process, Anderson Kill and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **<u>$8,338.05</u>**.  The recommended reduction results

in a recommended allowance of fees in the amount of **$789,149.45** and expenses in the amount

of **$210.09**. The Fee Examiner supports Anderson Kill's modified request.

**Bailey & Glasser LLP**

21.    Bailey & Glasser LLP ("Bailey Glasser") serves as co-counsel to the TCC. For

its services, Bailey Glasser is compensated on an hourly fee basis. See *Revised Order*

*Authorizing and Approving the Retention and Employment of Bailey & Glasser LLP as Co-*

*Counsel to the Official Committee of Talc Claimants, Effective as of November 11, 2021* [Docket

No. 865]. On November 30, 2022, Bailey Glasser filed the *Third Interim Application of Bailey*

*& Glasser LLP as Counsel to the Official Committee of Talc Claimants for Compensation for*

*Services Rendered and Reimbursement of Expenses for the Period from June 1, 2022 through*

*September 30, 2022* [Docket No. 3385] ("Bailey Glasser's Fee Application"). Bailey Glasser's

Fee Application seeks interim approval of fees in the amount of $497,480.00 and reimbursement

of expenses in the amount of $14,851.47 for the period from June 1, 2022 through September 30,

2022. Bailey Glasser's Fee Application states that it voluntarily reduced its fees prior to the

filing of the Fee Application by various write offs and write downs. Bailey Glasser states that

the billed amount of fees in Bailey Glasser's Fee Application "is approximately 8.85% below

actual time spent in connection with the LTL bankruptcy," *see* Bailey Glasser's Fee Application,

at 1, which Bailey Glasser later quantified as $48,330.00.

22.    The Fee Examiner reviewed Bailey Glasser's Fee Application to ensure

compliance with the applicable rules, orders and guidelines. Based on this review, the Fee

Examiner generated a Preliminary Report (the "Bailey Glasser Preliminary Report") that

identified the following areas of inquiry with respect to Bailey Glasser's Fee Application:

(a)    Time increments/block billing;

(b)    Transitory timekeepers;

(c)    Vague time entries;

(d)    Repetitive time entries;

(e)    Inter-firm duplication;

(f)    Multiple attendees;

(g)    Legal research; and

(h)    Travel expenses.

23.    Although the Bailey Glasser Preliminary Report raised issues relating to the above listed categories, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of such categories.

24.    In response to the Bailey Glasser Preliminary Report, Bailey Glasser engaged in a telephone conference with the Fee Examiner and exchanged e-mails to address and resolve the issues raised by the Bailey Glasser Preliminary Report.

25.    As a result of this process, Bailey Glasser and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$23,642.50** and a reduction in expenses of **$335.75**.  The recommended reduction results in a recommended allowance of fees in the amount of **$473,837.50** and expenses of **$14,515.72**.   The Fee Examiner supports Bailey Glasser's modified request.

**Bates White, LLC**

26.    Bates White, LLC ("Bates White") serves as talc consultant and expert for the Debtor.   For its services, Bates White is compensated on an hourly fee basis.   See *Order Authorizing Retention of Bates White, LLC* [Docket No. 1483].   On November 28, 2022, Bates

12

White filed the *Third Interim Application of Bates White, LLC as Talc Consultants for Debtor for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period June 1, 2022 Through September 30, 2022* [Docket No. 3377] ("Bates White's Fee Application"). Bates White's Fee Application seeks interim approval of fees in the amount of $1,787,848.50 for the period from June 1, 2022 through September 30, 2022.

27.     The Fee Examiner reviewed Bates White's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "Bates White Preliminary Report") that identified the following areas of inquiry with respect to Bates White's Fee Application:

    (a)     Rate increases;

    (b)      Transitory timekeepers;

    (c)     Vague time entries;

    (d)     Reviewing and editing of time records; and

    (e)     Excessive time spent preparing fee applications.

28.     Although the Bates White Preliminary Report raised such issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation thereto.

29.     In response to the Bates White Preliminary Report, Bates White and the Fee Examiner engaged in a telephone conference to address and resolve the issues raised by the Bates White Preliminary Report.

30.     As a result of this process, Bates White and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$13,379.80**. The recommended reduction

results in a recommended allowance of fees in the amount of **$1,774,468.70**.  The Fee Examiner

supports Bates White's modified request.

**Berkeley Research Group, LLC**

31.     Berkeley Research Group, LLC ("BRG") serves as economic advisor to Randi S.

Ellis, the Legal Representative for the Future Talc Claimants.  For its services, BRG is

compensated on an hourly fee basis.  See *Amended Order Authorizing Retention of Berkeley*

*Research Group, LLC for Randi S. Ellis, Legal Representative for Future Talc Claimants,*

*Effective as of July 1, 2022* [Docket No. 2801].  On November 30, 2022, BRG filed the *First*

*Interim Fee Application of Berkeley Research Group, LLC for Compensation for Services*

*Rendered and Reimbursement of Expenses Incurred as Economic Advisor to the Future*

*Claimants' Representative During the Period July 1, 2022 Through September 30, 2022*

[Docket No. 3409] ("BRG's Fee Application").  BRG's Fee Application seeks interim approval

of fees in the amount of $194,757.00 and expenses in the amount of $818.65 for the period from

July 1, 2022 through September 30, 2022.

32.     The Fee Examiner reviewed BRG's Fee Application to ensure compliance with

the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a

Preliminary Report (the "BRG Preliminary Report") that identified the following areas of inquiry

with respect to BRG's Fee Application:

(a)     Top-heavy staffing approach;

(b)      Transitory timekeepers;

(c)     Vague time entries;

(d)     Repetitive time entries; and

(e)     Intra-firm duplication.

14

33.    Although the BRG Preliminary Report raised such issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation thereto.

34.    In response to the BRG Preliminary Report, BRG provided the Fee Examiner with a written response addressing the issues identified in BRG's Fee Application.  BRG and the Fee Examiner engaged in a telephone conference to address and resolve the issues raised by the BRG Preliminary Report.

35.    As a result of this process, BRG and the Fee Examiner have agreed that no reduction in fees or expenses is necessary.  Accordingly, the Fee Examiner supports BRG's request for fees in the amount of **$194,757.00** and expenses in the amount of **$818.65**.

**Blake, Cassels & Graydon LLP**

36.    Blake, Cassels & Graydon LLP ("Blakes") serves as Canadian counsel to the Debtor.  For its services, Blakes is compensated on an hourly basis.  See *Order Authorizing Retention of Blake, Cassels & Graydon LLP* [Docket No. 1284].  On November 30, 2022, Blakes filed the *Third Interim Application of Blake, Cassels & Graydon LLP for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses and Applicable Taxes Incurred as Counsel for the Debtor for the Period From June 1, 2022 Through September 30, 2022* [Docket No. 3414] ("Blakes' Fee Application").  Blakes' Fee Application seeks interim approval of fees in the amount of $49,348.20 (CAD) for the period from June 1, 2022 through September 30, 2022.

37.    The Fee Examiner reviewed Blakes' Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a

Preliminary Report (the "Blakes Preliminary Report") that identified the following areas of inquiry with respect to Blakes' Fee Application:

    (a)    Rate increases;

    (b)    Lumped time entries;

    (c)    Vague time entries;

    (d)    Reviewing and editing time records;

    (e)    Multiple attendees;

    (f)    Intra-office conferences; and

    (g)    Transitory timekeepers.

38.    Although the Blakes Preliminary Report raised issues relating to the areas noted above, the Fee Examiner primarily requested additional information or additional supporting documentation in relation to those issues.

39.    In response to the Blakes Preliminary Report, Blakes and the Fee Examiner engaged in e-mail exchanges to address and resolve the issues raised by the Blakes Preliminary Report.

40.    As a result of this process, Blakes agreed to a reduction in fees in the amount of **$985.16 (CAD)**.  The recommended reduction results in a recommended allowance of fees in the amount of **$48,363.04 (CAD)**.  The Fee Examiner supports Blakes' modified request.

**Brown Rudnick LLP**

41.    Brown Rudnick LLP ("Brown Rudnick") serves as co-counsel to the TCC.  For its services, Brown Rudnick is compensated on an hourly fee basis.  <u>See</u> *Order Authorizing and Approving the Retention and Employment of Brown Rudnick LLP as Co-Counsel to the Official Committee of Talc Claimants, Effective as of November 12, 2021* [Docket No. 853].   On

November 30, 2022, Brown Rudnick filed the *Third Interim Application for Allowance of Fees and Reimbursement of Expenses of Brown Rudnick LLP, as Co-Counsel to the Official Committee of Talc Claimants I for the Period June 1, 2022 through and Including September 30, 2022* [Docket No. 3388] ("Brown Rudnick's Fee Application").  Brown Rudnick's Fee Application seeks interim approval of fees in the amount of $3,633,624.00 and reimbursement of expenses in the amount of $131,466.58 for the period from June 1, 2022 through September 30, 2022.  The Fee Examiner notes that, as described in Brown Rudnick's Fee Application, Brown Rudnick, prior to the filing of the interim fee application, voluntarily reduced its fee request by $177,866.00.  This reduction specifically addresses transitory timekeeper issues, among others.

42.     The Fee Examiner reviewed Brown Rudnick's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Brown Rudnick Preliminary Report") that identified the following areas of inquiry with respect to Brown Rudnick's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Billing discrepancies;

(d)     Rate increase;

(e)     Fees incurred in prior fee period;

(f)     Lumped time entries;

(g)     Vague time entries;

(h)     Time increments/block billing;

(i)     Repetitive time entries;

(j)     Multiple attendees;

17

(k)   Intra-office conferences;

(l)   Paraprofessional tasks billed by attorneys;

(m)   Excessive time spent on retention activities;

(n)   Excessive time spent preparing fee applications;

(o)   Inter-firm duplication;

(p)   Non-supported expenses; and

(q)   Travel expenses.

43.   Although the Brown Rudnick Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

44.   In response to the Brown Rudnick Preliminary Report, Brown Rudnick provided the Fee Examiner with a detailed written response addressing the concerns raised in the Brown Rudnick Preliminary Report.   The Fee Examiner and Brown Rudnick also engaged in a telephone conference, as well as e-mail exchanges, to address and resolve the issues raised by the Brown Rudnick Preliminary Report.

45.   As a result of this process, Brown Rudnick and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$235,019.00** and expenses in the amount of **$2,873.43**.   The recommended reduction results in a recommended allowance of fees in the amount of **$3,398,605.00** and expenses in the amount of **$128,593.15**.   The Fee Examiner supports Brown Rudnick's modified request.

**FTI Consulting, Inc.**

46.   FTI Consulting, Inc. ("FTI") serves as the financial advisor to TCC.   For its services, FTI is compensated on an hourly fee basis.   See *Order Authorizing Interim Retention of*

18

*FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants II Effective December 13, 2021* [Docket No. 1134].  On November 30, 2022, FTI filed the *Third Interim Application of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Talc Claimants for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period of June 1, 2022 Through September 30, 2022* [Docket No. 3390] ("FTI's Fee Application").  FTI's Fee Application seeks interim approval of fees in the amount of $4,116,620.50 and expenses in the amount of $55,493.31 for the period from June 1, 2022 through September 30, 2022.  FTI's Fee Application notes that FTI voluntarily reduced its fees by $91,000.00 related to time associated with transitory timekeepers, duplication, and other adjustments.

47.     The Fee Examiner reviewed FTI's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "FTI Preliminary Report") that identified the following areas of inquiry with respect to FTI's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Rate increases;

(d)     Lumped time entries;

(e)     Repetitive time entries;

(f)      Multiple attendees;

(g)     Intra-firm duplication;

(h)     Inter-firm duplication;

(i)      Extended days;

(j)    Excessive time;

(k)    Excessive time spent on retention activities;

(l)    Non-supported expenses;

(m)   Meal expenses; and

(n)    Transitory timekeepers.

48.    Although the FTI Preliminary Report raised issues relating to all of the above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

49.    In response to the FTI Preliminary Report, FTI and the Fee Examiner engaged in a telephone conference, as well as e-mail exchanges, to address and resolve the issues raised by the FTI Preliminary Report.

50.    As a result of this process, the Fee Examiner and FTI have agreed a recommended reduction in fees of **$54,467.94**. The recommended reduction results in a recommended allowance of fees in the amount of **$4,062,152.56** and reimbursement for expenses in the amount of **$55,493.31**. The Fee Examiner supports FTI's modified request.

**Genova Burns LLC**

51.    Genova Burns LLC ("Genova") serves as local counsel to the TCC. For its services, Genova is compensated on an hourly fee basis. See *Order Authorizing Retention of Genova Burns LLC* [Docket No. 850]. On November 30, 2022, Genova filed the *Third Interim Application for Allowance of Fees and Reimbursement of Expenses to Genova Burns, LLC for the Period June 1, 2022 Through September 30, 2022* [Docket No. 3383] ("Genova's Fee Application"). Genova's Fee Application seeks interim approval of fees in the amount of

$525,237.50 and reimbursement of expenses in the amount of $56,611.26 for the period from June 1, 2022 through September 30, 2022.

52.     The Fee Examiner reviewed Genova's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Genova Preliminary Report") that identified the following areas of inquiry with respect to Genova's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Lumped time entries;

(d)     Vague time entries;

(e)     Out-of-scope activities;

(f)     Inter-firm duplication;

(g)     Multiple attendees;

(h)     Administrative or clerical tasks;

(i)     Paraprofessional tasks billed by attorneys; and

(j)     Non-supported expenses.

53.     Although the Genova Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

54.     In response to the Genova Preliminary Report, Genova provided the Fee Examiner with a detailed written response addressing the concerns raised in the Genova Preliminary Report.  The Fee Examiner and Genova also engaged in a telephone conference, as

well as an e-mail exchange, to address and resolve the issues raised by the Genova Preliminary Report.

55.     As a result of this process, Genova and the Fee Examiner have agreed to a reduction in fees in the amount of **$19,727.00**.  The recommended reduction results in a recommended allowance of fees in the amount of **$505,510.50** and expenses in the amount of **$56,611.26**.  The Fee Examiner supports Genova's modified request.

**Gilbert LLP**

56.     Gilbert LLP ("Gilbert") served as special insurance counsel to TCC I.  For its services, Gilbert is compensated on an hourly fee basis.  *See Amended Order Authorizing Retention of Gilbert LLP as Special Insurance Counsel to the Official Committee of Talc Claimants I* [Docket No. 2077].  On November 30, 2022, Gilbert filed *Final Application for Allowance of Compensation and Reimbursement of Expenses of Gilbert LLP as Special Insurance Counsel for the Official Committee of Talc Claimants I for the Period from February 23, 2022 Through March 31, 2022* [Docket No. 3400] ("Gilbert's Fee Application").  Gilbert's Fee Application seeks final approval of fees in the amount of $124,830.00 and expenses in the amount of $1,104.80 for the period from February 23, 2022 through March 31, 2022.

57.     The Fee Examiner reviewed Gilbert's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Gilbert Preliminary Report") that identified the following areas of inquiry with respect to Gilbert's Fee Application:

    (a)    Technical compliance with the UST Guidelines;

    (b)    Time increments/block billing;

    (c)    Vague time entries;

(d)    Inter-firm duplication;

(e)    Intra-office conferences; and

(f)    Meal expenses.

58.    Although the Gilbert Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

59.    In response to the Gilbert Preliminary Report, Gilbert and the Fee Examiner engaged in a telephone conference and e-mail exchange to address the issues raised by the Gilbert Preliminary Report.

60.    As a result of this process, Gilbert and the Fee Examiner have agreed to a recommended aggregate reduction in fees in the amount of **$5,482.80** and expenses in the amount of **$127.63** for Gilbert's Fee Application.

61.    Consistent with the agreement described above, the Fee Examiner intends to recommend that a total of **$119,347.20** in fees and **$977.17** in expenses be awarded for Gilbert's Fee Application, on a final basis.  The Fee Examiner supports Gilbert's modified request.

**Hogan Lovells US LLP**

62.    Hogan Lovells US LLP ("Hogan Lovells") serves as special appellate counsel to the Debtor.  For its services, Hogan Lovells is compensated on an hourly fee basis.  See *Order Authorizing Retention of Hogan Lovells US LLP* [Docket No. 2508].  On December 13, 2022, Hogan Lovells filed the *First Interim Application of Hogan Lovells US LLP for Allowance of Fees as Counsel for Chapter 11 Debtor for the Period April 5, 2022 to May 31, 2022* [Docket No. 3471] ("Hogan Lovells' First Fee Application").  Hogan Lovells' First Fee Application

seeks interim approval of fees in the amount of $187,608.50 for the period from April 5, 2022

through May 31, 2022.

63.    The Fee Examiner reviewed Hogan Lovells' First Fee Application to ensure

compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee

Examiner generated a Preliminary Report (the "Hogan Lovells First Preliminary Report") that

identified the following areas of inquiry with respect to Hogan Lovells' First Fee Application:

    (a)    Lumped time entries;

    (b)    Time increments/block billing; and

    (c)    Intra-firm duplication.

64.    Although the Hogan Lovells First Preliminary Report raised these issues, the Fee

Examiner simply requested additional information or additional supporting documentation in

relation to many of the above categories.

65.    On December 13, 2022, Hogan Lovells filed the *Second Interim Application of

Hogan Lovells US LLP for Allowance of Fees and Reimbursement of Expenses as Counsel for

Chapter 11 Debtor for the Period June 1, 2022 to September 30, 2022* [Docket No. 3472]

("Hogan Lovells' Second Fee Application").  Hogan Lovells' Second Fee Application seeks

interim approval of fees in the amount of $1,749,315.19 and expenses in the amount of

$1,021.16 for the period from June 1, 2022 through September 30, 2022.

66.    The Fee Examiner reviewed Hogan Lovells' Second Fee Application to ensure

compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee

Examiner generated a Preliminary Report (the "Hogan Lovells Second Preliminary Report," and

together with the Hogan Lovells First Preliminary Report, the "Hogan Lovells Preliminary

24

<u>Reports</u>") that identified the following areas of inquiry with respect to Hogan Lovells' Second

Fee Application:

    (a)    Lumped time entries;

    (b)    Time increments/block billing;

    (c)    Transitory timekeepers;

    (d)    Vague time entries;

    (e)    Repetitive time entries;

    (f)    Intra-firm duplication;

    (g)    Inter-firm duplication;

    (h)    Multiple attendees;

    (i)    Intra-office conferences;

    (j)    Photocopy rate; and

    (k)    Non-supported expenses.

67.    Although the Hogan Lovells Second Preliminary Report raised these issues, the

Fee Examiner simply requested additional information or additional supporting documentation in

relation to many of the above categories.

68.    In response to the Hogan Lovells Preliminary Reports, Hogan Lovells and the Fee

Examiner engaged in a telephone conference, as well as e-mail exchanges, to address the issues

raised by the Hogan Lovells Preliminary Reports.

69.    As a result of this process, Hogan Lovells and the Fee Examiner have agreed to a

recommended reduction in fees in the amount of <u>**$7,454.00**</u> for Hogan Lovells' First Fee

Application, and a recommended reduction in fees in the amount of <u>**$102,825.90**</u> and <u>**$424.66**</u> in

expenses for Hogan Lovells' Second Fee Application.  The recommended reduction results in a

recommended allowance of fees in the amount of **$180,154.50** for Hogan Lovells' First Fee Application and a recommended allowance of fees in the amount of **$1,646,489.29** and expenses in the amount of **$596.50** for Hogan Lovells' Second Fee Application.  The Fee Examiner supports Hogan Lovells' modified request.

**Houlihan Lokey Capital, Inc.**

70.    Houlihan Lokey Capital, Inc. ("Houlihan") serves as investment banker to the TCC.  For its services, Houlihan is compensated on a monthly fee basis, with the possibility of a deferred fee upon the consummation of a Chapter 11 plan.  See *Final Order Authorizing Retention of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants Under Bankruptcy Code Section 328(a)* [Docket No. 2618].  On November 30, 2022, Houlihan filed the *Third Interim Fee Application for Allowance of Fees and Reimbursement of Expenses to Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Talc Claimants for the Period From June 1, 2022 Through September 30, 2022* [Docket No. 3391] ("Houlihan's Fee Application").  Houlihan's Fee Application seeks interim approval of fees in the amount of $700,000.00 and reimbursement of expenses in the amount of $548.51 for the period from June 1, 2022 through September 30, 2022.

71.    Pursuant to the lodestar analysis and reasonableness standards noted above, the Fee Examiner reviewed Houlihan's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Houlihan Preliminary Report") that identified certain issues with respect to the reimbursement of expenses sought by Houlihan.  The Fee Examiner found the monthly fees sought by Houlihan to be reasonable and market (based upon a comparative lodestar analysis).

72.     In response to the Houlihan Preliminary Report, the Fee Examiner and Houlihan engaged in an e-mail exchange to address and resolve the issues raised by the Houlihan Preliminary Report.

73.     As a result of this process, Houlihan and the Fee Examiner have agreed to a modest reduction in expenses in the amount of **$306.07** for Houlihan's Fee Application. Accordingly, the Fee Examiner recommends an allowance of fees in the amount of **$700,000.00** and expenses in the amount of **$242.44**.

**Jones Day**

74.     Jones Day serves as counsel to the Debtor.  For its services, Jones Day is compensated on an hourly fee basis.  See *Final Order Authorizing Retention of Jones Day* [Docket No. 1855].  On November 30, 2022, Jones Day filed the *Third Interim Fee Application of Jones Day for Allowance of Fees and Reimbursement of Expenses as Counsel to the Debtor for the Period June 1, 2022 through September 30, 2022* [Docket No. 3406] ("Jones Day's Fee Application").  Jones Day's Fee Application seeks interim approval of fees in the amount of $6,839,486.25 and expenses in the amount of $37,174.65 for the period from June 1, 2022 through September 30, 2022.  Jones Day's Fee Application states that Jones Day voluntarily reduced its fees by $318,757.50 and expenses by $168.10 but does not provide further explanation for the basis of those reductions.  See Jones Fee Application, ¶ 13.

75.     The Fee Examiner reviewed Jones Day's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Jones Day Preliminary Report") that identified the following areas of inquiry with respect to Jones Day's Fee Application:

     (a)      Top-heavy staffing approach;

     (b)      Billing discrepancies;

     (c)      Time increments/block billing;

     (d)      Intra-firm duplication;

     (e)      Inter-firm duplication;

     (f)      Multiple attendees;

     (g)      Intra-office conferences;

     (h)      Excessive time spent preparing fee applications;

     (i)      Excessive time spent defending a fee application;

     (j)      Travel expenses;

     (k)      Meal expenses; and

     (l)      Overhead expenses.

76.     Although the Jones Day Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

77.     In response to the Jones Day Preliminary Report, Jones Day provided the Fee Examiner with a detailed written response addressing the concerns raised in the Jones Day Preliminary Report.  The Fee Examiner and Jones Day also engaged in a telephone conference, as well as e-mail exchanges, to address the issues raised by the Jones Day Preliminary Report.

78.     As a result of this process, Jones Day and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$267,885.00** and expenses in the amount of **$309.10** for Jones Day's Fee Application.   The recommended reduction results in a

recommended allowance of fees in the amount of **$6,571,601.25** and expenses in the amount of **$36,865.55**. The Fee Examiner supports Jones Day's modified request.

**King & Spalding LLP**

79.    King & Spalding LLP ("<u>King & Spalding</u>") serves as special counsel to the Debtor. For its services, King & Spalding is compensated on an hourly fee basis. <u>See</u> *Order Authorizing Retention of King & Spalding LLP* [Docket No. 859]. On November 30, 2022, King & Spalding filed the *Third Interim Fee Application of King & Spalding LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtor and Debtor in Possession for the Period of June 1, 2022 through September 30, 2022* [Docket No. 3413] ("<u>King & Spalding's Fee Application</u>"). King & Spalding's Fee Application seeks interim approval of fees in the amount of $229,387.00 and reimbursement of expenses in the amount of $283.25 for the period from June 1, 2022 through September 30, 2022.

80.    The Fee Examiner reviewed King & Spalding's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "<u>King & Spalding Preliminary Report</u>") that identified the following areas of inquiry with respect to King & Spalding's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Billing discrepancies;

(d)    Lumped time entries;

(e)    Inter-firm duplication;

(f)    Repetitive time entries;

(g)    Reviewing or editing billing detail; and

(h)    Transitory timekeepers.

81.    Although the King & Spalding Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

82.    In response to the King & Spalding Preliminary Report, King & Spalding engaged in an e-mail exchange and a telephone conference with the Fee Examiner to address and resolve the issues raised by the King & Spalding Preliminary Report.

83.    As a result of this process, King & Spalding and the Fee Examiner have agreed to a reduction in fees in the amount of **$3,880.32**.  The recommended reduction results in a recommended allowance of fees in the amount of **$225,506.68** and expenses in the amount of **$283.25**.  The Fee Examiner supports King & Spalding's modified request.

**Massey & Gail LLP**

84.    Massey & Gail LLP ("Massey") serves as special counsel to the TCC.  For its services, Massey & Gail is compensated on an hourly fee basis.  See *Revised Order Authorizing the Retention and Employment of Massey & Gail LLP as Special Counsel to the Official Committee of Talc Claimants Effective as of November 15, 2021* [Docket No. 864].   On November 30, 2022, Massey & Gail filed the *Third Interim Application of Massey & Gail LLP, Special Counsel to the Official Committee of Talc Claimants, for Allowance of Fees and Reimbursement of Expenses for the Period of June 1, 2022 Through September 30, 2022* [Docket No. 3392] ("Massey & Gail's Fee Application").   Massey & Gail's Fee Application seeks interim approval of fees in the amount of $477,129.00 and reimbursement of expenses in the amount of $1,071.93 for the period from June 1, 2022 through September 30, 2022.

85.     The Fee Examiner reviewed Massey & Gail's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Massey & Gail Preliminary Report") that identified the following areas of inquiry with respect to Massey & Gail's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Lumped and/or excessive time entries;

(d)     Time increments/block billing;

(e)     Inter-firm duplication;

(f)     Repetitive time entries; and

(g)     Multiple attendees.

86.     Although the Massey & Gail Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

87.     In response to the Massey & Gail Preliminary Report, Massey & Gail and the Fee Examiner engaged in a telephone conference and e-mail exchanges to address and resolve the issues raised in the Massey & Gail Preliminary Report.

88.     As a result of this process, Massey & Gail and the Fee Examiner have agreed to a reduction in fees in the amount of **$7,856.25**.   The recommended reduction results in a recommended allowance of fees in the amount of **$469,272.75** and reimbursement for expenses in the amount of **$1,071.93**.  The Fee Examiner supports Massey & Gail's modified request.

31

**McCarter & English LLP**

89.    McCarter & English LLP ("McCarter") serves as special insurance counsel to the Debtor.    For its services, McCarter is compensated on an hourly fee basis.    See *Order Authorizing Retention of McCarter & English LLP* [Docket No. 861].    On November 30, 2022, McCarter filed the *Third Period Fee Application of McCarter & English, LLP, as Special Counsel to the Debtor for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From June 1, 2022 Through September 30, 2022* [Docket No. 3404] ("McCarter's Third Fee Application").    McCarter's Third Fee Application seeks interim approval of fees in the amount of $256,329.55[7] and reimbursement of expenses in the amount of $187.39 for the period from June 1, 2022 through September 30, 2022.

90.    The Fee Examiner reviewed McCarter's Third Fee Application to ensure compliance with the applicable rules, orders and guidelines.    Based on this review, the Fee Examiner generated a Preliminary Report (the "McCarter Third Preliminary Report") that identified the following areas of inquiry with respect to McCarter's Third Fee Application:

(a)    Top-heavy staffing approach;

(b)    Rate increases;

(c)    Lumped time entries;

(d)    Vague time entries;

(e)    Time increments/block billing;

(f)    Transitory timekeepers; and

(g)    Repetitive time entries.

---

[7] In McCarter's Third Fee Application, it broke its fees into two categories: services rendered related to insurance matters and services rendered related to Mesothelioma matters.  This amount combines both categories.

91.     Although the McCarter Third Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

92.     On November 17, 2022, McCarter filed the *Supplemental First Interim Application of McCarter & English, LLP as Special Counsel for the Debtor for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from October 14, 2021 through January 31, 2022* [Docket No. 3329] ("McCarter's First Supplemental Fee Application").  McCarter's First Supplemental Fee Application seeks interim approval of fees in the amount of $48,371.40 and reimbursement of expenses in the amount of $3,631.49 for the period from October 14, 2021 through January 31, 2022.  On November 23, 2022, McCarter filed the *Supplemental Second Interim Application of McCarter & English, LLP as Special Counsel for the Debtor for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from February 1, 2022 through May 31, 2022* [Docket No. 3359] ("McCarter's Second Supplemental Fee Application" and, together with McCarter's First Supplemental Fee Application, "McCarter Supplemental Fee Applications,") and, together with McCarter's Third Fee Application, "McCarter's Fee Applications").  McCarter's Second Supplemental Fee Application seeks interim approval of fees in the amount of $35,055.80 and reimbursement of expenses in the amount of $60.06 for the period from February 1, 2022 through May 31, 2022.  McCarter's Supplemental Fee Applications seek a combined $83,427.20 in fees and $3,691.55 in expenses.

93.     The Fee Examiner reviewed McCarter's Supplemental Fee Applications to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "McCarter Supplemental Preliminary Report,"

and together with the McCarter Third Preliminary Report, the "McCarter Preliminary Reports")
that identified the following areas of inquiry with respect to McCarter's Supplemental Fee
Applications:

(a)     Technical compliance with the UST Guidelines;

(b)     Staffing approach;

(c)     Lumped time entries;

(d)     Vague time entries;

(e)     Excessive time;

(f)     Repetitive time entries;

(g)     Transitory timekeepers; and

(h)     Non-supported expenses.

94.     Although the McCarter Supplemental Preliminary Report raised the issues
described above, the Fee Examiner simply requested additional information or additional
supporting documentation in relation to many of the above categories.

95.     In response to the McCarter Preliminary Reports, McCarter and the Fee Examiner
engaged in telephone conferences and e-mail exchanges to address and resolve the issues raised
in the McCarter Preliminary Reports.

96.     As a result of this process, McCarter and the Fee Examiner have agreed to a
recommended reduction in fees in the amount of **$3,781.30** for McCarter's Third Fee
Application, and a recommended reduction in fees in the amount of **$3,405.10** for McCarter's
Supplemental Fee Applications.   The recommended reduction results in a recommended
allowance of fees in the amount of **$252,548.25** and expenses in the amount of **$187.39** for
McCarter's Third Fee Application and a recommended combined allowance of fees in the

amount of **$80,022.10** and expenses in the amount of **$3,691.55** for McCarter's Supplemental Fee Applications.  The Fee Examiner supports McCarter's modified request.

**Miller Thomson LLP**

97.    Miller Thomson LLP ("Miller Thomson") serves as special Canadian counsel to the TCC.  For its services, Miller Thomson is compensated on an hourly fee basis.  See *Order Authorizing Retention of Professional Miller Thomson LLP as Special (Canadian) Counsel to the Official Committee of Talc Claimants* [Docket No. 1008].   On November 30, 2022, Miller Thomson filed the *Third Interim Application for Allowance of Fees and Reimbursement of Expenses to Miller Thomson LLP* [Docket No. 3395] ("Miller Thomson's Fee Application"). Miller Thomson's Fee Application seeks interim approval of fees in the amount of $283,755.00 (CAD) and expenses in the amount of $36,888.16 (CAD) for the period from June 1, 2022 through September 30, 2022.

98.    The Fee Examiner reviewed Miller Thomson's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Miller Thomson Preliminary Report") that identified the following areas of inquiry with respect to Miller Thomson's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Hourly rate increases;

(d)    Lumped time entries;

(e)    Vague time entries;

(f)    Law clerks;

35

(g)     Multiple attendees; and

(h)     Intra-office conferences.

99.     Although the Miller Thomson Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

100.     In response to the Miller Thomson Preliminary Report, Miller Thomson and the Fee Examiner engaged in a telephone conference, as well as e-mail exchanges, to address the issues raised by the Miller Thomson Preliminary Report.

101.     As a result of this process, Miller Thomson and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$1,097.50 (CAD)** for Miller Thomson's Fee Application.  The recommended reduction results in a recommended allowance of fees in the amount of **$282,657.50 (CAD)** and expenses in the amount of **$36,888.16 (CAD)**.  The Fee Examiner supports Miller Thomson's modified request.

**MoloLamken LLP**

102.     MoloLamken LLP ("MoloLamken") serves as special appellate litigation counsel to the TCC.  For its services, MoloLamken is compensated on an hourly fee basis.  See *Order Authorizing Retention of MoloLamken LLP as Special Appellate Counsel to the Official Committee of Talc Claimants Effective May 20, 2022* [Docket No. 2516].  On November 30, 2022, MoloLamken filed the *Second Interim Application for Allowance of Fees and Reimbursement of Expenses of MoloLamken LLP, as Special Appellate Litigation Counsel to the Official Committee of Talc Claimants for the Period June 1, 2022 Through and Including September 30, 2022* [Docket No. 3402] ("MoloLamken's Fee Application").  MoloLamken's Fee

Application seeks interim approval of fees in the amount of $997,473.50 and expenses in the amount of $2,224.07 for the period from June 1, 2022 through September 30, 2022.

103.    The Fee Examiner reviewed MoloLamken's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "MoloLamken Preliminary Report") that identified the following areas of inquiry with respect to MoloLamken's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Lumped time entries;

(d)    Transitory timekeepers;

(e)    Vague time entries;

(f)    Legal research;

(g)    Multiple attendees;

(h)    Intra-office conferences;

(i)    Paraprofessional tasks billed by attorneys;

(j)    Non-working travel;

(k)    Inter-firm duplication;

(l)    Excessive time spent on retention activities, including conflicts issues; and

(m)    Non-supported expenses.

104.    Although the MoloLamken Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

105.    In response to the MoloLamken Preliminary Report, MoloLamken and the Fee

Examiner engaged in a telephone conference and e-mail exchanges to address and resolve the

issues raised in the MoloLamken Preliminary Report.

106.    As a result of this process, MoloLamken and the Fee Examiner have agreed to a

recommended reduction in fees in the amount of **$52,020.00**.   The recommended reduction

results in a recommended allowance of fees in the amount of **$945,453.50** and expenses in the

amount of **$2,224.07**.   The Fee Examiner supports MoloLamken's modified request.

**Monzack Mersky and Browder, P.A.**

107.    Monzack Mersky and Browder, P.A. ("Monzack Mersky") serves as special

counsel to the TCC.   For its services, Monzack Mersky is compensated on an hourly fee basis.

See *Amended Order Authorizing Retention of Monzack Mersky and Browder, P.A.* [Docket No.

2123].   On November 30, 2022, Monzack Mersky filed the *First Interim Application for

Allowance of Fees and Reimbursement of Expenses of Monzack Mersky and Browder, P.A. as

Special Counsel to the Official Committee of Talc Claimants for the Period from December 19,

2021 Through September 30, 2022* [Docket No. 3398] ("Monzack Mersky's Fee Application").

Monzack Mersky's Fee Application seeks interim approval of fees in the amount of $12,609.50

for the period from December 19, 2021 through September 30, 2022.

108.    The Fee Examiner reviewed Monzack Mersky's Fee Application to ensure

compliance with the applicable rules, orders and guidelines.   Based on this review, the Fee

Examiner generated a Preliminary Report (the "Monzack Mersky Preliminary Report") that

identified the following areas of inquiry with respect to Monzack Mersky's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Lumped time entries; and

(c)     Vague time entries.

109.    Although the Monzack Mersky Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

110.    In response to the Monzack Mersky Preliminary Report, the Fee Examiner and Monzack Mersky engaged in e-mail exchanges to address and resolve the issues raised in the Monzack Mersky Preliminary Report.

111.    As a result of this process, Monzack Mersky and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$608.85**.  The recommended reduction results in a recommended allowance of fees in the amount of **$12,000.65**.  The Fee Examiner supports Monzack Mersky's modified request.

**Orrick, Herrington & Sutcliffe LLP**

112.    Orrick, Herrington & Sutcliffe LLP ("Orrick") serves as special talc litigation appellate counsel to the Debtor.  For its services, Orrick is compensated on an hourly fee basis. See *Order Authorizing Retention of Orrick, Herrington & Sutcliffe LLP as Special Appellate Counsel, Effective as of October 14, 2021* [Docket No. 1993].  On November 30, 2022, Orrick filed the *Third Interim Application of Orrick, Herrington & Sutcliffe LLP as Debtor's Special Talc Litigation Appellate Counsel for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period of June 1, 2022 Through September 30, 2022* [Docket No. 3418] ("Orrick's Fee Application").  Orrick's Fee Application

39

seeks interim approval of fees in the amount of $322,204.25 and expenses in the amount of $306.47 for the period from June 1, 2022 through September 30, 2022.

113.    The Fee Examiner reviewed Orrick's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Orrick Preliminary Report") that identified the following areas of inquiry with respect to Orrick's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Billing discrepancies;

(c)    Time increments/block billing;

(d)    Transitory timekeepers;

(e)    Vague time entries;

(f)    Intra-office conferences;

(g)    Excessive time spent defending fee applications/interacting with Fee Examiner;

(h)    Excessive time spent on preparation of fee application; and

(i)    Reviewing and editing time records.

114.    Although the Orrick Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

115.    In response to the Orrick Preliminary Report, Orrick provided the Fee Examiner with a detailed written response addressing the concerns raised in the Orrick Preliminary Report. The Fee Examiner and Orrick also engaged in a telephone conference, as well as an e-mail exchange, to address the issues raised by the Orrick Preliminary Report.

116.    As a result of this process, Orrick and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$16,899.50** for Orrick's Fee Application.  The recommended reduction results in a recommended allowance of fees in the amount of **$305,304.75** and expenses in the amount of **$306.47**.  The Fee Examiner supports Orrick's modified request.

**Otterbourg P.C.**

117.    Otterbourg P.C. ("Otterbourg") serves as co-counsel to the TCC.  For its services, Otterbourg is compensated on an hourly fee basis.  See *Order Authorizing Retention and Employment of Otterbourg P.C. as Co-Counsel to the Official Committee of Talc Claimants Effective as of November 12, 2021* [Docket No. 855].  On November 30, 2022, Otterbourg filed the *Application of Otterbourg P.C., as Co-Counsel for the Official Committee of Talc Claimants, for Third Interim Allowance of Compensation and Reimbursement of Expenses for the Period of June 1, 2022 Through September 30, 2022* [Docket No. 3401] ("Otterbourg's Fee Application").  Otterbourg's Fee Application seeks interim approval of fees in the amount of $1,150,692.00 and reimbursement of expenses in the amount of $4,639.39 for the period from June 1, 2022 through September 30, 2022.

118.    The Fee Examiner reviewed Otterbourg's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Otterbourg Preliminary Report") that identified the following areas of inquiry with respect to Otterbourg's Fee Application:

(a)    Top-heavy staffing approach;

(b)    Lumped time entries;

(c)    Vague time entries;

41

(d)     Inter-firm duplication;

(e)     Multiple attendees;

(f)     Paraprofessional tasks billed by attorneys; and

(g)     Expense rate discrepancies.

119.    Although the Otterbourg Preliminary Report raised the issues described above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

120.    In response to the Otterbourg Preliminary Report, Otterbourg provided the Fee Examiner with a written response addressing the issues raised in the Otterbourg Preliminary Report. The Fee Examiner and Otterbourg also engaged in a telephone conference and an e-mail exchange to address and resolve the issues raised in the Otterbourg Preliminary Report.

121.    As a result of this process, Otterbourg and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$20,020.70** and a reduction in expenses in the amount of **$24.00**. The recommended reduction results in a recommended allowance of fees in the amount of **$1,130,671.30** and reimbursement for expenses in the amount of **$4,615.39**. The Fee Examiner supports Otterbourg's modified request.

**Parkins & Rubio LLP**

122.    Parkins & Rubio LLP (f/k/a Parkins Lee & Rubio LLP) ("P&R") serves as special counsel to the TCC. For its services, P&R is compensated on an hourly fee basis. See *Revised Order Authorizing Retention of Parkins Lee & Rubio LLP* [Docket No. 856]. On November 30, 2022, P&R filed the *Third Interim Application for Allowance of Compensation and Reimbursement of Expenses of Parkins & Rubio LLP as Special Counsel for the Official Committee of Talc Claimants for the Period From June 1, 2022 Through September 30, 2022*

[Docket No. 3399] ("P&R's Fee Application").  P&R's Fee Application seeks interim approval of fees in the amount of $313,982.25 and reimbursement of expenses in the amount of $7,684.01 for the period from June 1, 2022 through September 30, 2022.

123.    The Fee Examiner reviewed P&R's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "P&R Preliminary Report") that identified the following areas of inquiry with respect to P&R's Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Top-heavy staffing approach;

(c)    Billing discrepancies;

(d)    Lumped time entries;

(e)    Transitory timekeepers;

(f)    Inter-firm duplication;

(g)    Administrative or clerical tasks; and

(h)    Travel expenses.

124.    Although the P&R Preliminary Report raised issues relating to the challenged expenses, the Fee Examiner primarily requested additional information or additional supporting documentation in relation to the expense categories.

125.    In response to the P&R Preliminary Report, P&R and the Fee Examiner engaged in an e-mail exchange to address and resolve the issues raised by the P&R Preliminary Report.

126.    As a result of this process, P&R and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$3,665.50** and a recommended reduction in expenses in the amount of **$673.98**.  The recommended reduction results in a recommended

allowance of fees in the amount of **$310,316.75** and reimbursement for expenses in the amount of **$7,010.03**. The Fee Examiner supports P&R's modified request.

**Randi S. Ellis**

127.    Randi S. Ellis ("Ellis") serves as Legal Representative for Future Talc Claimants. For her services, Ellis is compensated on an hourly fee basis. See *Order Appointing Randi S. Ellis as Legal Representative for Future Talc Claimants* [Docket No. 1876]. On November 8, 2022, Ellis filed the *Second Interim Application of Randi S. Ellis, Legal Representative for Future Talc Claimants, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From June 1, 2022 Through September 30, 2022* [Docket No. 3275] ("Ellis's Fee Application"). Ellis's Fee Application seeks interim approval of fees in the amount of $335,730.00 and reimbursement of expenses in the amount of $3,446.63 for the period from June 1, 2022 through September 30, 2022.

128.    The Fee Examiner reviewed Ellis's Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on this review, the Fee Examiner generated a Preliminary Report (the "Ellis Preliminary Report") that identified the following areas of inquiry with respect to Ellis's Fee Application:

(a)     Billing discrepancies;

(b)     Lumped time entries;

(c)     Vague time entries;

(d)     Extended days; and

(e)     Travel expenses.

129.    Although the Ellis Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

130.    In response to the Ellis Preliminary Report, Ellis's counsel and the Fee Examiner conducted a telephone conference, and Ellis's counsel and the Fee Examiner engaged in an e-mail exchange to address and resolve the issues raised by the Ellis Preliminary Report.

131.    As a result of this process, Ellis and the Fee Examiner have agreed that no reduction in fees or expenses is necessary.  This results in a recommended allowance of fees in the amount of **$335,730.00** and reimbursement for expenses in the amount of **$3,446.63**.  The Fee Examiner supports Ellis's request.

**Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.**

132.    Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. ("Sherman Silverstein") served as local counsel to the TCC II.  For its services, Sherman Silverstein is compensated on an hourly fee basis.  See *Order Authorizing Retention of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.* [Docket No. 1606].  On November 30, 2022, Sherman Silverstein filed the *Third Interim Application of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as Counsel to the Official Committee of Tort Claimants II, for Allowance of Fees and Reimbursement of Expenses* [Docket No. 3389] ("Sherman Silverstein's Fee Application").  Sherman Silverstein's Fee Application seeks interim approval of fees in the amount of $2,805.00 and reimbursement of expenses in the amount of $340.00 for the period from June 1, 2022 through September 30, 2022.  Sherman Silverstein's Fee Application also seeks final approval of fees in the amount of $520,153.50 and reimbursement of expenses in the amount of $13,948.19, for the period from December 31, 2021 to September 30, 2022.

133.    The Fee Examiner reviewed Sherman Silverstein's Fee Application to ensure compliance with the applicable rules, orders, and guidelines.  Based on this review, the Fee Examiner did not identify any issues in Sherman Silverstein's Fee Application and recommends no reduction in the fees requested.  Accordingly, to save the estates the expense, the Fee Examiner did not prepare a Preliminary Report and supports Sherman Silverstein's request for fees totaling **$2,805.00** and expenses totaling **$340.00** for the Third Fee Period.

134.    Consistent with these Third Fee Period recommendations, the Fee Examiner intends to recommend that a total of **$520,153.50** in fees and **$13,948.19** in expenses be approved, on a final basis, calculated as follows:

| Fee Period | Fees Approved on a Final Basis | Expenses Approved on a Final Basis |
|---|---|---|
| **First** - December 31, 2021 – January 31, 2022 | $191,386.00 | $3,501.25 |
| **Second –** February 1, 2022 – May 31, 2022 | $325,962.50 | $10,106.94 |
| **Third –** June 1, 2022 – September 30, 2022 | $2,805.00 | $340.00 |
| **TOTAL** | $520,153.50 | $13,948.19 |

**Shook, Hardy & Bacon L.L.P**

135.    Shook, Hardy & Bacon L.L.P. ("Shook") serves as special counsel to the Debtor. For its services, Shook is compensated on an hourly fee basis.  See *Order Authorizing Retention of Shook, Hardy & Bacon, L.L.P.* [Docket No. 860].  On August 4, 2022, Shook filed the *First Interim Fee Application of Shook, Hardy & Bacon L.L.P. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtor and Debtor in Possession for the Period from October 14, 2021 Through January 31, 2022* [Docket No. 2822] ("Shook's First Fee Application").  Shook's First Fee Application seeks interim approval of fees in the amount of $515,791.71 and reimbursement of expenses in the amount of $866.60 for the period from October 14, 2021 through January 31, 2022.

136.    The Fee Examiner reviewed Shook's First Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Shook First Preliminary Report") that identified the following areas of inquiry with respect to Shook's First Fee Application:

(a)    Technical compliance with the UST Guidelines;

(b)    Lumped time entries;

(c)    Time increments/block billing;

(d)    Repetitive entries;

(e)    Transitory timekeepers; and

(f)    Extended days.

137.    Although the Shook First Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

138.    On August 16, 2022, Shook filed the *Second Interim Fee Application of Shook, Hardy & Bacon L.L.P. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtor and Debtor in Possession for the Period from February 1, 2022 Through May 31, 2022* [Docket No. 2891] ("Shook's Second Fee Application").  Shook's Second Fee Application seeks interim approval of fees in the amount of $123,693.93 for the period from February 1, 2022 through May 31, 2022.

139.    The Fee Examiner reviewed Shook's Second Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Shook Second Preliminary Report") that identified the following areas of inquiry with respect to Shook's Second Fee Application:

47

(a)     Technical compliance with the UST Guidelines;

(b)     Top-heavy staffing approach;

(c)     Lumped time entries;

(d)     Vague time entries;

(e)     Time increments/block billing;

(f)     Intra-office conferences;

(g)     Transitory timekeepers; and

(h)     Excessive time spent preparing fee applications.

140.     Although the Shook Second Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

141.     On November 10, 2022, Shook filed the *Third Interim Fee Application of Shook, Hardy & Bacon L.L.P. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to the Debtor and Debtor in Possession for the Period from June 1 1, 2022 Through September 30, 2022* [Docket No. 3298] ("Shook's Third Fee Application"). Shook's Third Fee Application seeks interim approval of fees in the amount of $263,400.84 and reimbursement of expenses in the amount of $22,417.74 for the period from June 1, 2022 through September 30, 2022.

142.     The Fee Examiner reviewed Shook's Third Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Shook Third Preliminary Report," and together with the Shook First Preliminary Report and Shook Second Preliminary Report, the "Shook Preliminary

Reports") that identified the following areas of inquiry with respect to Shook's Third Fee Application:

    (a)     Technical compliance with the UST Guidelines;

    (b)     Top-heavy staffing approach;

    (c)     Lumped time entries;

    (d)     Time increments/block billing;

    (e)     Vague time entries;

    (f)     Repetitive time entries;

    (g)     Transitory timekeepers;

    (h)     Excessive time spent preparing fee applications;

    (i)     Extended days; and

    (j)     Non-supported expenses.

143.    Although the Shook Third Preliminary Report raised these issues, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

144.    In response to the Shook Preliminary Reports, Shook provided the Fee Examiner with a detailed written response addressing the concerns raised in the Shook Preliminary Reports.  The Fee Examiner and Shook engaged in e-mail exchanges to address the issues raised by the Shook Preliminary Reports.

145.    As a result of this process, Shook and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$16,098.18** for Shook's First Fee Application, a recommended reduction in fees in the amount of **$14,437.99** for Shook's Second Fee Application, and a recommended reduction in fees in the amount of **$24,507.99** for Shook's

Third Fee Application.  The recommended reduction results in a recommended allowance of fees in the amount of **$499,693.53** and expenses in the amount of **$866.60** for Shook's First Fee Application, a recommended allowance of fees in the amount of **$109,255.94** for Shook's Second Fee Application, and a recommended allowance of fees in the amount of **$238,892.85** and expenses in the amount of **$22,417.74** for Shook's Third Fee Application.  The Fee Examiner supports Hogan Lovells' modified request.

**Skadden, Arps, Slate, Meagher & Flom LLP**

146.   Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") serves as special counsel to the Debtor.  For its services, Skadden is compensated on an hourly fee basis.  *See Order Authorizing Retention of Skadden, Arps, Slate, Meagher & Flom LLP* [Docket No. 1687].  On November 28, 2022, Skadden filed the *Third Interim Application of Skadden, Arps, Slate, Meagher & Flom LLP as Special Counsel to LTL Management LLC for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From June 1, 2022 Through September 30, 2022* [Docket No. 3374] ("Skadden's Fee Application").  Skadden's Fee Application seeks interim approval of fees in the amount of $826,695.76 and reimbursement of expenses in the amount of $7,618.58 for the period from June 1, 2022 through September 30, 2022.  The Fee Application states that Skadden voluntarily reduced its expenses by $6.02.

147.   The Fee Examiner reviewed Skadden's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Skadden Preliminary Report") that identified the following areas of inquiry with respect to Skadden's Fee Application:

    (a)      Billing discrepancies;

    (b)      Time increments/block billing;

    (c)      Transitory timekeepers;

    (d)      Repetitive time entries;

    (e)      Inter-firm duplication;

    (f)      Multiple attendees;

    (g)      Excessive time; and

    (h)      Travel expenses.

148.    Although the Skadden Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

149.    In response to the Skadden Preliminary Report, Skadden and the Fee Examiner conducted a telephone conference, Skadden provided a detailed written response, and Skadden and the Fee Examiner engaged in an e-mail exchange to address and resolve the issues raised by the Skadden Preliminary Report.

150.    As a result of this process, Skadden and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$26,685.01** and a recommended reduction in expenses in the amount of **$292.20**.  The recommended reduction results in a recommended allowance of fees in the amount of **$800,010.75** and reimbursement for expenses in the amount of **$7,326.38**.  The Fee Examiner supports Skadden's modified request.

**The Brattle Group, Inc.**

151.    The Brattle Group, Inc. ("Brattle") serves as claims economist to the TCC.  For its services, Brattle is compensated on an hourly fee basis.  See *Final Order Authorizing Retention*

*of The Brattle Group, Inc. as Claims Economist to the Official Committee of Talc Claimants* [Docket No. 2389].  On November 30, 2022, Brattle filed the *Second Interim Application of The Brattle Group, Inc. for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period June 1, 2022 through September 30, 2022* [Docket No. 3387] ("Brattle's Fee Application").  Brattle's Fee Application seeks interim approval of fees in the amount of $428,799.00 and reimbursement of expenses in the amount of $384.90 for the period from June 1, 2022 through September 30, 2022.

152.     The Fee Examiner reviewed Brattle's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Brattle Preliminary Report") that identified the following areas of inquiry with respect to Brattle's Fee Application:

(a)     Technical compliance with the UST Guidelines;

(b)     Lumped entries;

(c)     Time increments/block billing;

(d)     Transitory timekeepers;

(e)     Vague time entries; and

(f)     Inter-firm duplication.

153.     Although the Brattle Preliminary Report raised issues concerning these topics, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

154.     In response to the Brattle Preliminary Report, Brattle provided the Fee Examiner with a written response, and Brattle and the Fee Examiner engaged in a telephone conference, as

well as e-mail exchanges, to address and resolve the issues raised by the Brattle Preliminary Report.

155.   As a result of this process, Brattle and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$7,109.25**.  The recommended reduction results in a recommended allowance of fees in the amount of **$421,689.75** and reimbursement of expenses in the amount of **$384.90**.  The Fee Examiner supports Brattle's modified request.

**Walsh Pizzi O'Reilly Falanga LLP**

156.   Walsh Pizzi O'Reilly Falanga LLP ("Walsh Pizzi") serves as counsel to Randi S. Ellis, Legal Representative for Future Talc Claimants.   For its services, Walsh Pizzi is compensated on an hourly fee basis.   See *Order Authorizing Retention of Walsh Pizzi O'Reilly Falanga LLP* [Docket No. 1986].  On November 8, 2022, Walsh Pizzi filed the *Second Interim Application of Walsh Pizzi O'Reilly Falanga LLP as Counsel for Randi S. Ellis, Legal Representative for Future Talc Claimants, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period From June 1, 2022 Through September 30, 2022* [Docket No. 3277] ("Walsh Pizzi's Fee Application").   Walsh Pizzi's Fee Application seeks interim approval of fees in the amount of $976,769.50 and reimbursement of expenses in the amount of $5,096.99 for the period from June 1, 2022 through September 30, 2022.

157.   The Fee Examiner reviewed Walsh Pizzi's Fee Application to ensure compliance with the applicable rules, orders and guidelines.   Based on this review, the Fee Examiner generated a Preliminary Report (the "Walsh Pizzi Preliminary Report") that identified the following areas of inquiry with respect to Walsh Pizzi's Fee Application:

(a)    Top-heavy staffing;

(b)    Billing discrepancies;

(c)    Lumped time entries;

(d)    Time increments/block billing;

(e)    Vague time entries;

(f)    Repetitive time entries;

(g)    Multiple attendees;

(h)    Intra-office conferences;

(i)    Excessive time spent defending fee applications/interacting with Fee Examiner;

(j)    Travel expenses; and

(k)    Meal expenses.

158.    Although the Walsh Pizzi Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

159.    In response to the Walsh Pizzi Preliminary Report, Walsh Pizzi and the Fee Examiner conducted a telephone conference, and Walsh Pizzi and the Fee Examiner engaged in an e-mail exchange to address and resolve the issues raised by the Walsh Pizzi Preliminary Report.

160.    As a result of this process, Walsh Pizzi and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$23,775.00**.   The recommended reduction results in a recommended allowance of fees in the amount of **$952,994.50** and reimbursement of expenses in the amount of **$5,096.99**.   The Fee Examiner supports Walsh Pizzi's modified request.

**Weil, Gotshal & Manges LLP**

161.    Weil, Gotshal & Manges LLP ("Weil") serves as special counsel to the Debtor. For its services, Weil is compensated on an hourly fee basis.  See *Order Authorizing Retention of Weil, Gotshal & Manages LLP as the Debtor's Special Counsel* [Docket No. 1752].   On November 30, 2022, Weil filed the *Third Interim Fee Application of Weil, Gotshal & Manges LLP, as Special Counsel to the Debtor, for an Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From June 1, 2022 Through and Including September 30, 2022* [Docket No. 3417] ("Weil's Fee Application").   Weil's Fee Application seeks interim approval of fees in the amount of $183,333.94 and reimbursement of expenses in the amount of $758.63 for the period from June 1, 2022 through September 30, 2022.

162.    The Fee Examiner reviewed Weil's Fee Application to ensure compliance with the applicable rules, orders and guidelines.  Based on this review, the Fee Examiner generated a Preliminary Report (the "Weil Preliminary Report") that identified the following areas of inquiry with respect to Weil's Fee Application:

(a)     Billing discrepancies;

(b)     Transitory timekeepers;

(c)     Inter-firm duplication;

(d)     Excessive time spent preparing fee applications; and

(e)     Non-supported expenses.

163.    Although the Weil Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

164.    In response to the Weil Preliminary Report, Weil and the Fee Examiner conducted a telephone conference and an e-mail exchange to address and resolve the issues raised by the Weil Preliminary Report.

165.    As a result of this process, Weil and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$15,000.00**.    The recommended reduction results in a recommended allowance of fees in the amount of **$168,333.94** and reimbursement of expenses in the amount of **$758.63**.    The Fee Examiner supports Weil's modified request.

**Wollmuth Maher & Deutsch LLP**

166.    Wollmuth Maher & Deutsch LLP ("Wollmuth Maher") serves as co-counsel for the Debtor.    For its services, Wollmuth Maher is compensated on an hourly fee basis.    See *Order Authorizing Retention of Wollmuth Maher & Deutsch LLP, as Co-Counsel for the Debtor, Nunc Pro Tunc to November 12, 2021* [Docket No. 851].    On November 23, 2022, Wollmuth Maher filed the *Third Interim Fee Application of Wollmuth Maher & Deutsch LLP for Allowance of Fees and Reimbursement of Expenses as Counsel for Chapter 11 Debtor for the Period June 1, 2022 Through September 30, 2022* [Docket No. 3358] ("Wollmuth Maher's Fee Application"). Wollmuth Maher's Fee Application seeks interim approval of fees in the amount of $669,601.50 and expenses in the amount of $10,673.00 for the period from June 1, 2022 through September 30, 2022.

167.    The Fee Examiner reviewed Wollmuth Maher's Fee Application to ensure compliance with the applicable rules, orders and guidelines.    Based on this review, the Fee Examiner generated a Preliminary Report (the "Wollmuth Maher Preliminary Report") that identified the following areas of inquiry with respect to Wollmuth Maher's Fee Application:

(a)     Lumped time entries;

(b)     Vague time entries;

(c)     Out-of-scope activities;

(d)     Inter-firm duplication;

(e)     Multiple attendees;

(f)     Excessive time;

(g)     Administrative or clerical tasks;

(h)     Paraprofessional tasks billed by attorneys;

(i)     Excessive time spent preparing fee applications;

(j)     Excessive time spent defending fee applications/interacting with Fee Examiner;

(k)     Reviewing and editing time records; and

(l)     Prior fee period expenses.

168.    Although the Wollmuth Maher Preliminary Report raised the issues listed above, the Fee Examiner simply requested additional information or additional supporting documentation in relation to many of the above categories.

169.    In response to the Wollmuth Maher Preliminary Report, Wollmuth Maher provided the Fee Examiner with a detailed, written response.  The Fee Examiner and Wollmuth Maher also conducted a telephone conference and engaged in an e-mail exchange to address and resolve the issues raised by the Wollmuth Maher Preliminary Report.

170.    As a result of this process, Wollmuth Maher and the Fee Examiner have agreed to a recommended reduction in fees in the amount of **$32,548.40**.  The recommended reduction results in a recommended allowance of fees in the amount of **$637,053.10** and expenses in the amount of **$10,673.00**.  The Fee Examiner supports Wollmuth Maher's modified request.

## V.      FEE EXAMINER'S RECOMMENDATION AS TO THE HOLDBACK

171.    As one bankruptcy court has noted, there are difficulties in "assessing the reasonableness of compensation when the results of the bankruptcy are not yet known and uncertain." In re Value City Holdings, Inc., 436 B.R. 300, 303 (Bankr. S.D.N.Y. 2010) (footnote omitted).  As that court noted, the position of the UST has usually been that "it is not prudent to award payment in full of requested fees on an interim basis until events in the case have unfolded and more is revealed about the outcome of the reorganizations process." Id.  Accordingly, maintaining a holdback through at least the Third Fee Period, if not the entire case (in some, perhaps declining amount as time progresses) has become a fairly standard procedure in many chapter 11 cases:

> With this salutary objection in mind, it has become standard practice for interim fee orders to include a holdback in a percentage (often in the range of ten to twenty percent) that is acceptable to the applicant and to the UST with the understanding that the amount held back will be available for distribution at a later date depending on developments in the case and the results achieved.  Indeed, in the present chapter 11 cases, the interim fee order provides for a twenty percent holdback on interim monthly compensation.

Id.; see also In re Acme Cake Co., Inc., 2010 WL 4103761 (Bankr. E.D.N.Y., Oct. 18, 2010) (court notes awards of interim fees were subject to a 20% holdback).  Indeed, one court has noted that holdbacks serve at least two purposes: as a hedge against uncertainty in the future of the case, and also "as a carrot to incentivize professionals to get the case wrapped up and to get the plan consideration into the pockets of creditors." In re Motors Liquidation Co., First Interim Fee H'rg Tr. At 43:8-17, No. 09-50026 (Bankr. S.D.N.Y. April 29, 2010 at 5:24 p.m.).  The same court also noted that it may be appropriate to reduce the holdback percentage as the case progresses. Id. at 44:1-11.  The Interim Compensation Order in these cases also provides for a twenty percent (20%) holdback on payment of fees requested in the monthly statement submitted

by any Retained Professional.  Interim Compensation Order, ¶ 2(g).  Given the status of these cases, and for the reasons detailed below, the Fee Examiner recommends that the holdback amounts applicable to the Third Fee Period be released to the subject Retained Professionals except as to Bederson LLP; Epiq Corporate Restructuring, LLC; and Womble Bond Dickinson (US) LLP, who did not file fee applications for the Third Fee Period by the deadline.  The Fee Examiner recommends that the full twenty percent (20%) holdback for all subsequent fee periods remain in place for all of the Retained Professionals, pending allowance of future fee applications.

## VI.    <u>CONCLUSION</u>

172.    Accordingly, the Fee Examiner recommends that fees be allowed and expenses be reimbursed as set forth above and on <u>Exhibits A and B</u> hereto.  A proposed form of order implementing these recommendations will be filed with the Court.

Dated:   February 13, 2023                    Respectfully submitted,

                                              */s/Jeffrey Traurig*     _
                                              Jeffrey Traurig, Esq.
                                              TRAURIG LAW LLC
                                              One University Plaza, Suite 124
                                              Hackensack, NJ  07601
                                              Tel: (646) 974-8650
                                              E-mail:  jtraurig@trauriglaw.com

                                              *Local Counsel to the Fee Examiner*

                                              -and-

                                              Robert J. Keach, Esq. (admitted *pro hac vice*)
                                              Letson Douglass Boots, Esq. (admitted *pro hac vice*)
                                              BERNSTEIN SHUR SAWYER & NELSON, P.A.
                                              100 Middle Street, P.O. Box 9729
                                              Portland, ME 04104
                                              Telephone:    (207) 774-1200
                                              Fax:          (207) 774-1127
                                              Email:        rkeach@bernsteinshur.com
                                              Email:        lboots@bernsteinshur.com

                                              *Fee Examiner and Counsel to the Fee Examiner*

**EXHIBIT A**

LTL MANAGEMENT LLC
CASE NO. 21-30589-MBK

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | *First Interim Fee Application* | | | | | | | |
| 1 | *Economic Advisor to the Future claimants' Representative* | | | | | | | |
| | **Berkeley Research Group [Dkt. No. 3409]** | 7/1/2022 - 9/30/2022 | $ 194,757.00 | $ - | $ 818.65 | $ - | $ 194,757.00 | 818.65 |
| 2 | *Special Counsel for the Debtor* | | | | | | | |
| | **Hogan Lovells US LLP [Dkt. No. 3471]** | 4/5/2022 - 5/31/2022 | $ 187,608.50 | $ 7,454.00 | $ - | $ - | $ 180,154.50 | $ - |
| 3 | *Special Counsel to Official Committee of Talc Claimants* | | | | | | | |
| | **Monzak Mersky & Browder PA [Dkt. No. 3398]** | 12/19/2021 - 9/30/2022 | $ 12,609.50 | $ 608.85 | $ - | $ - | $ 12,000.65 | $ - |
| 4 | *Special Counsel to the Debtor* | | | | | | | |
| | **Shook, Hardy & Bacon, L.L.P. [Dkt. No. 2822]** | 10/14/2021 - 1/31/2022 | $ 515,791.71 | $ 16,098.18 | $ 866.60 | $ - | $ 499,693.53 | 866.60 |
| | *Second Interim Fee Application* | | | | | | | |
| 5 | *Special Counsel for the Debtor* | | | | | | | |
| | **Hogan Lovells US LLP [Dkt. No. 3472]** | 6/1/2022 - 9/30/2022 | $ 1,749,315.19 | $ 102,825.90 | $ 1,021.16 | $ 424.66 | $ 1,646,489.29 | $ 596.50 |
| 6 | *Special Appellate Litigation Counsel to Official Committee of Talc Claimants I* | | | | | | | |
| | **MoloLamken LLP [Dkt. No. 3402]** | 6/1/2022 - 9/30/2022 | $ 997,473.50 | $ 52,020.00 | $ 2,224.07 | $ - | $ 945,453.50 | $ 2,224.07 |
| 7 | *Legal Representative for Future Talc Claimants* | | | | | | | |
| | **Randi S. Ellis  [Dkt. No. 3275]** | 6/1/2022 - 9/30/2022 | $ 335,730.00 | $ - | $ 3,446.63 | $ - | $ 335,730.00 | $ 3,446.63 |
| 8 | *Special Counsel for the Debtor* | | | | | | | |
| | **Shook, Hardy & Bacon, L.L.P. [Dkt. No. 2891]** | 2/1/2022 - 5/31/2022 | $ 123,693.93 | $ 14,437.99 | $ - | $ - | $ 109,255.94 | $ - |
| 9 | *Talc Consultants* | | | | | | | |
| | **The Brattle Group, Inc. [Dkt. No. 3387]** | 6/1/2022 - 9/30/2022 | $ 428,799.00 | $ 7,109.25 | $ 384.90 | $ - | $ 421,689.75 | $ 384.90 |
| 10 | *Counsel to Randi S. Ellis* | | | | | | | |
| | **Walsh Pizzi O'Reilly Falanga LLP [Dkt. No. 3277]** | 6/1/2022 - 9/30/2022 | $ 976,769.50 | $ 23,775.00 | $ 5,096.99 | $ - | $ 952,994.50 | $ 5,096.99 |
| | *Third Interim Fee Application* | | | | | | | |
| 11 | *Financial Advisor to the Chapter 11 Debtor* | | | | | | | |
| | **AlixPartners, LLP [Dkt. No. 3300 ]** | 6/1/2022 - 9/30/2022 | $ 184,654.00 | $ 4,458.20 | $ - | $ - | $ 180,195.80 | $ - |
| 12 | *Special Insurance Counsel for the Debtor* | | | | | | | |
| | **Anderson Kill P.C. [Dkt. No. 3384]** | 6/1/2022 - 9/30/2022 | $ 797,487.50 | $ 8,338.05 | $ 210.09 | $ - | $ 789,149.45 | 210.09 |
| 13 | *Counsel to the Official Committee of Talc Claimants II* | | | | | | | |
| | **Bailey Glasser LLP [Dkt. No. 3385]** | 6/1/2022 - 9/30/2022 | $ 497,480.00 | $ 23,642.50 | $ 14,851.47 | $ 335.75 | $ 473,837.50 | 14,515.72 |
| 14 | *Talc Consultants for Debtor* | | | | | | | |
| | **Bates White, LLC [Dkt. No. 3377]** | 6/1/2022 - 9/30/2022 | $ 1,787,848.50 | $ 13,379.80 | $ - | $ - | $ 1,774,468.70 | $ - |
| 15 | *Co-Counsel to the Official Committee of Talc Claimants I* | | | | | | | |
| | **Brown Rudnick LLP [Dkt. No. 3388]** | 6/1/2022 - 9/30/2022 | $ 3,633,624.00 | $ 235,019.00 | $ 131,466.58 | $ 2,873.43 | $ 3,398,605.00 | 128,593.15 |
| 16 | *Financial Advisor to the Official Committee of Talc Claimants* | | | | | | | |
| | **FTI Consulting, Inc. [Dkt. No. 3390]** | 6/1/2022 - 9/30/2022 | $ 4,116,620.50 | $ 54,467.94 | $ 55,493.31 | $ - | $ 4,062,152.56 | 55,493.31 |
| 17 | *Local Counsel to the Official Committee of Talc Claimants I* | | | | | | | |
| | **Genova Burns LLC [Dkt. No. 3383]** | 6/1/2022 - 9/30/2022 | $ 525,237.50 | $ 19,727.00 | $ 56,611.26 | $ - | $ 505,510.50 | 56,611.26 |
| 18 | *Investment Banker to the Official Committee of Talc Claimants I* | | | | | | | |
| | **Houlihan Lokey Capital, Inc. [Dkt. No. 3391]** | 6/1/2022 - 9/30/2022 | $ 700,000.00 | $ - | $ 548.51 | $ 306.07 | $ 700,000.00 | 242.44 |
| 19 | *Counsel to the Debtor* | | | | | | | |
| | **Jones Day [Dkt. No. 3406 ]** | 6/1/2022 - 9/30/2022 | $ 6,839,486.25 | $ 267,885.00 | $ 37,174.65 | $ 309.10 | $ 6,571,601.25 | 36,865.55 |
| 20 | *Special Counsel to the Debtor* | | | | | | | |
| | **King & Spalding LLP [Dkt. No. 3413]** | 6/1/2022 - 9/30/2022 | $ 229,387.00 | $ 3,880.32 | $ 283.25 | $ - | $ 225,506.68 | 283.25 |
| 21 | *Co-Counsel to the Official Committee of Talc Claimants II* | | | | | | | |
| | **Massey & Gail [Dkt. No. 3392]** | 6/1/2022 - 9/30/2022 | $ 477,129.00 | $ 7,856.25 | $ 1,071.93 | $ - | $ 469,272.75 | 1,071.93 |
| 22 | *Special Insurance Counsel for the Debtor* | | | | | | | |
| | **McCarter & English, LLP [Dkt. No. 3404]** | 6/1/2022 - 9/30/2022 | $ 256,329.55 | $ 3,781.30 | $ 187.39 | $ - | $ 252,548.25 | 187.39 |

LTL MANAGEMENT LLC
CASE NO. 21-30589-MBK

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| 23 | *Debtor's Special Talc Litigation Appellate Counsel* | | | | | | | |
| | **Orrick, Herrington & Sutcliffe LLP [Dkt. No. 3418]** | 6/1/2022 - 9/30/2022 | $ 322,204.25 | $ 16,899.50 | $ 306.47 | $ - | $ 305,304.75 | $ 306.47 |
| 24 | *Co-Counsel for the Official Committee of Talc Claimants I* | | | | | | | |
| | **Otterbourg P.C. [Dkt. No. 3401]** | 6/1/2022 - 9/30/2022 | $ 1,150,692.00 | $ 20,020.70 | $ 4,639.39 | $ 24.00 | $ 1,130,671.30 | $ 4,615.39 |
| 25 | *Special Bankruptcy Counsel for the Official Committee of Talc Claimants* | | | | | | | |
| | **Parkins & Rubio LLP [Dkt. No. 3399]** | 6/1/2022 - 9/30/2022 | $ 313,982.25 | $ 3,665.50 | $ 7,684.01 | $ 673.98 | $ 310,316.75 | $ 7,010.03 |
| 26 | *Special Counsel to the Debtor* | | | | | | | |
| | **Shook, Hardy & Bacon, L.L.P. [Dkt. No. 3298]** | 6/1/2022 - 9/30/2022 | $ 263,400.84 | $ 24,507.99 | $ 22,417.74 | $ - | $ 238,892.85 | $ 22,417.74 |
| 27 | *Special Counsel for the Debtor* | | | | | | | |
| | **Skadden, Arps, Meagher & Flom LLP [Dkt No. 3374]** | 6/1/2022 - 9/30/2022 | $ 826,695.76 | $ 26,685.01 | $7,618.58 | $ 292.20 | $ 800,010.75 | $7,326.38 |
| 28 | *Talc Consultants to the Official Committee of Talc Claimants* | | | | | | | |
| | **Weil, Gotshal & Manges LLP [Dkt. No. 3417]** | 6/1/2022 - 9/30/2022 | $ 183,333.94 | $ 15,000.00 | $758.63 | $ - | $ 168,333.94 | $758.63 |
| 29 | *Counsel for the Debtor* | | | | | | | |
| | **Wollmuth Maher & Deutsch LLP [Dkt. No. 3358 ]** | 6/1/2022 - 9/30/2022 | $ 669,601.50 | $ 32,548.40 | $ 10,673.00 | $ - | $ 637,053.10 | $ 10,673.00 |
| **TOTALS** | | | **$ 29,297,742.17** | **$ 1,006,091.63** | **$ 365,855.26** | **$ 5,239.19** | **$ 28,291,650.54** | **$ 360,616.07** |

| | Applicant | Compensation Period | Interim Fees Requested (CAD) | Fee Examiner's Recommended Fee Adjustments (CAD) | Interim Expenses Requested (CAD) | Fee Examiner's Recommended Expense Adjustments (CAD) | Interim Fees Recommended for Approval (CAD) | Interim Expenses Recommended for Approval (CAD) |
|---|---|---|---|---|---|---|---|---|
| 30 | *Counsel for the Debtor* | | | | | | | |
| | **Blake, Cassels & Graydon LLP[1] [Dkt. No. 3414]** *Third Interim Fee Application* | 6/1/2022 - 9/30/2022 | $ 49,348.20 | $ 985.16 | $ - | $ - | $ 48,363.04 | $ - |
| 31 | *Canadian Counsel to the Official Committee of Talc Claimants* | | | | | | | |
| | *Miller Thompson LLP [Dkt. No. 3395] Third Interim Fee Application* | 6/1/2022 - 9/30/2022 | $ 283,755.00 | $ 1,097.50 | $ 36,888.16 | $ - | $ 282,657.50 | $ 36,888.16 |
| **TOTALS (CAD)** | | | **$ 333,103.20** | **$ 2,082.66** | **$ 36,888.16** | **$ -** | **$ 331,020.54** | **$ 36,888.16** |

[1] *Interim Expenses Requested and Interim Expenses Recommended for Approval include the Canadian harmonized sales tax.*

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | **Supplemental Fee Applications** | | | | | | | |
| 32 | *Special Insurance Counsel for the Debtor* | | | | | | | |
| | **McCarter & English, LLP [Dkt. No. 3329; 3359] - First and Second Supplemental Fee Applications** | 10/14/2021 - 1/31/2022; 2/1/2022 - 5/31/2022 | $ 83,427.20 | $ 3,405.10 | $ 3,691.55 | $ - | $ 80,022.10 | $ 3,691.55 |
| **TOTALS** | | | **$ 83,427.20** | **$ 3,405.10** | **$ 3,691.55** | **$ -** | **$ 80,022.10** | **$ 3,691.55** |

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | **Final Fee Applications** | | | | | | | |
| 33 | *Special Insurance Counsel for the Official Committee of Talc Claimants I* | | | | | | | |
| | **Gilbert LLP [Dkt. No. 3400]** | 2/23/2022 - 3/31/2022 | $ 124,830.00 | $ 5,482.80 | $ 1,104.80 | $ 127.63 | $ 119,347.20 | $ 977.17 |
| 34 | *Counsel to the Official Committee of Talc Claimants II* | | | | | | | |
| | **Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. [Dkt. No. 3389]** | 6/1/2022 - 9/30/2022 | $ 2,805.00 | $ - | $ 340.00 | $ - | $ 2,805.00 | $ 340.00 |
| **TOTALS** | | | **$ 127,635.00** | **$ 5,482.80** | **$ 1,444.80** | **$ 127.63** | **$ 122,152.20** | **$ 1,317.17** |

**EXHIBIT B**

## LTL MANAGEMENT LLC
### CASE NO. 21-30589-MBK
### FINAL FEE APPLICATIONS

|   | Applicant | Final Fees Recommended for Approval | Final Expenses Recommended for Approval |
|---|---|---|---|
| | *Final Fee Applications* | | |
| 1 | Gilbert LLP [Dkt. No. 3400] | $ 119,347.20 | $ 977.17 |
| 2 | Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. [Dkt. No. 3389] | $ 520,153.50 | $ 13,948.19 |
| **TOTALS** | | **$ 639,500.70** | **$ 14,925.36** |

1 of 1