## **Exhibit A**

Weil Retention Order

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| **WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br>*ATTORNEYS FOR DEBTOR* |

**Order Filed on March 17, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In re<br><br>LTL MANAGEMENT LLC,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No.: 21-30589<br><br>Judge: Michael B. Kaplan |
|---|---|

# ORDER AUTHORIZING RETENTION OF
# WEIL, GOTSHAL & MANGES LLP AS THE DEBTOR'S SPECIAL COUNSEL

The relief set forth on the following pages is hereby **ORDERED.**

**DATED: March 17, 2022**

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel

Upon the applicant's, LTL Management LLC's (the "Debtor" or "LTL Management"),[2] request for authorization to retain Weil, Gotshal & Manges LLP ("Weil") as special counsel to the Debtor, *nunc pro tunc* to October 14, 2021 [Dkts. 413, 552] (the "Application"); the Court having considered the replies in support of the Application [Dkt. 810, 1197], the supplemental certification of Ronit J. Berkovich [Dkt. 782] (the "Supplemental Certification"), and the objection to the Application [Dkt. 750] (the "Objection") filed by the Official Committee of Talc Claimants; the Court having previously entered the *Amended Order Authorizing Interim Retention of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel* [Dkt. 866] and the *Order Amending Order Authorizing Interim Retention of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel* [Dkt. 1293] (together, the "Interim Order"); the Court having held hearings on January 25, 2022 and March 8, 2022; the Court having overruled the Objection as set forth herein; and for the reasons set forth at the March 8, 2022 hearing, it is hereby **ORDERED**:

1. The Application is granted to the extent set forth below.

2. Pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor is authorized to employ and retain Weil as its Special Counsel in the Chapter 11 Case, effective as of the Petition Date, October 14, 2021.

3. Weil shall file monthly, interim, and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Bankruptcy Rules, the U.S. Trustee Guidelines (as defined below), and any other applicable procedures and orders of this Court, including any order approving interim compensation procedures. The rights of any party in interest to object to any such fee request, and the right of Weil to respond to any such objection, are fully preserved.

---

[2] Capitalized terms used herein but not defined shall have the meaning given to such terms in the Application.

(Page 3)
Debtor: LTL Management LLC
Case No. 21-30589-MBK
Caption: Order Authorizing Retention of Weil, Gotshal & Manges LLP as the Debtor's Special Counsel

4. Notwithstanding anything to the contrary in the Application and the Supplemental Certification, all parties-in-interest have the right to object to any allocation of fees and expenses as between the Debtor and J&J and/or any non-Debtor affiliates.

5. Weil shall bill only 50% for its services for non-working travel.

6. Weil shall not seek reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any of Weil's fee applications in this case.

7. Weil will agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines"). The rights of any party in interest to seek information from Weil, including with respect to the Application, fee requests or any other matter or adversary proceeding arising in the case, are fully preserved.

8. Weil shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

9. Notwithstanding anything to the contrary in the Application or the Supplemental Certification, following the entry of this Order, Weil is not authorized to provide advice to J&J regarding the Debtor's Chapter 11 Case on issues that are unrelated to the Imerys Case and/or the Cyprus Case.

10. If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

    ☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

    ☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.