Order Filed on February 17, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Marc E. Wolin, Esq.
mwolin@saiber.com
John M. August, Esq.
jaugust@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932
Tel:  (973) 622-8401

-and-

Steven Kazan, Esq.
skazan@kazanlaw.com
Joseph D. Satterley, Esq.
jsatterley@kazanlaw.com
Denyse F. Clancy, Esq.
dclancy@kazanlaw.com
KAZAN, McCLAIN, SATTERLEY & GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Tel: (510) 302-1000

*Counsel for Movant Anthony Hernandez Valadez*

| In Re: | |
|---|---|
| LTL MANAGEMENT LLC, | Chapter 11 |
| Debtor. | Case No. 21-30589 (MBK) |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, THE PRELIMINARY INJUNCTION AND THE STAY OF Fed. R. Bankr. P. 4001(a)(3)

The relief set forth on the following pages, numbered two (2) and (3), is hereby **ORDERED.**

**DATED: February 17, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtors: LTL Management LLC
Case No.: 21-30589 (MBK)
Caption of Order: **ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, THE PRELIMINARY INJUNCTION AND THE STAY OF Fed. R. Bankr. P. 4001(a)(3)**

---

**THIS MATTER** having been opened to the Court by Anthony Hernandez Valadez, by and through his counsel the law firm of Kazan, McClain, Satterley & Greenwood, A Professional Law Corporation ("Kazan Law"), and local counsel Saiber LLC, for the entry of an order pursuant to Section 362(d)(1) of the Bankruptcy Code and this Court's prior orders, waiving the stay of Fed. R. Bankr. P. 4001(a)(3), granting Movant further relief from the *Order (I) Declaring That Automatic Stay Applies to Certain Actions Against Non-Debtors and (II) Preliminarily Enjoining Certain Actions* [Dkt. 1635; Adv. Pro. No. 21-3032, Dkt. 187] (the "PI Order") and the automatic stay (the "Motion") [Dkt. 3698], the Court having previously entered the *Order Granting Limited Relief from the Automatic Stay* [Dkt. 2836], and the Court having considered the moving papers [Dkts. 2348, 2979, 3489, 3698], the opposition papers filed on behalf of the debtor LTL Management LLC [Dkts. 2429, 3740], the replies filed on behalf of Mr. Valadez [Dkts. 2469 3741]; and the Court having heard the statements of counsel at a hearing held on February 14, 2023 (the "Hearing"); and for the reasons set forth on the record at the Hearing;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is granted as set forth herein.

2. Movant Anthony Hernandez Valadez be and hereby is granted relief from the automatic stay and the PI Order as follows: (i) to permit Mr. Valadez to name the two entities created after the divisional merger as defendants in Movant's pending action in the Superior Court of California, County of Alameda (the "State Court"); (ii) for the parties to the State Court action (collectively, the "Parties") to fully prosecute and defend their respective claims in State

Page 3
Debtors: LTL Management LLC
Case No.: 21-30589 (MBK)
Caption of Order: **ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, THE PRELIMINARY INJUNCTION AND THE STAY OF Fed. R. Bankr. P. 4001(a)(3)**

---

Court, including conducting discovery and filing responsive pleadings and motions; and (iii) for the Parties to proceed to trial in State Court, subject to paragraph 3 below.

3. The stay shall be lifted and the PI Order modified to permit trial to occur no earlier than 60 days from the entry of this Order, unless the State Court determines in its discretion to schedule a trial prior to the expiration of the 60 day period.

4. The stay set forth in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not apply to this Order and the Order shall be effective immediately.

5. Except as expressly provided herein, all provisions of the PI Order shall remain in effect.

6. The Debtor is authorized to indemnify and pay the Protected Parties (as defined in the PI Order) for their costs associated with the relief authorized by this Order with respect to the State Court proceeding.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.