# Exhibit B

## Declaration of Robert J. Pfister

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br> **OFFIT KURMAN, P.A.** <br> Paul J. Winterhalter, Esquire (006961986) <br> 99 Wood Avenue South, Suite 302 <br> Iselin, New Jersey 08830 <br> Telephone:    (267) 338-1370 <br> Facsimile:    (267) 338-1335 <br> E-mail:    pwinterhalter@offitkurman.com <br><br> **KTBS LAW LLP** <br> Michael L. Tuchin, Esq. (*pro hac vice*) <br> Robert J. Pfister, Esq. (*pro hac vice*) <br> Samuel M. Kidder, Esq. (*pro hac vice*) <br> Nir Maoz, Esq. (*pro hac vice*) <br> 1801 Century Park East, 26th Floor <br> Los Angeles, California 90067 <br> Telephone:    (310) 407-4000 <br> Facsimile:     (310) 407-9090 <br> Email:    mtuchin@ktbslaw.com <br>          rpfister@ktbslaw.com <br>          skidder@ktbslaw.com <br>          nmaoz@ktbslaw.com <br><br> *Attorneys for Aylstock, Witkin, Kreis & Overholtz, PLLC* | |
| In re: <br><br> LTL MANAGEMENT LLC,[1] <br><br>                             Debtor. | Chapter 11 <br><br> Case No.: 21-30589 (MBK) <br><br> Judge: Michael B. Kaplan <br><br> **Hearing Date and Time:** <br> June 22, 2023 at 10:00 a.m. |

## DECLARATION OF ROBERT J. PFISTER

I, Robert J. Pfister, hereby declare:

1.    I am over the age of eighteen years. This declaration is based on my personal knowledge and experience and my review of relevant documents. If called as a witness, I could

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

and would competently testify to the facts set forth herein. I submit this declaration in support of the *Motion of Aylstock, Witkin, Kreis & Overholtz, PLLC for Allowance of Substantial Contribution Claim* (the "Motion"). Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2.      I am licensed to practice law and a member of the bars for the states of Indiana, California, New York, and Connecticut. I am a Partner of the law firm of KTBS Law LLP ("KTBS"), which maintains an office at 1801 Century Park East, 26th Floor, Los Angeles, CA 90067. KTBS is a nationally recognized bankruptcy boutique with extensive experience in complex bankruptcies and bankruptcy-related litigation.

3.      By way of background, prior to retaining KTBS in this case, AWKO retained KTBS to serve as its bankruptcy counsel in the jointly administered chapter 11 cases styled *In re Imerys Talc Am., Inc., et al.*, Case No. 19-10289 (LSS) (Bankr. D. Del.). AWKO retained KTBS in the *Imerys* case in April 2021. AWKO opposed the then-pending plan of reorganization based on, *inter alia*, its disparate treatment of ovarian cancer claimants and mesothelioma claimants. KTBS, on behalf of AWKO, was an active participant in plan and solicitation-related discovery and contested matters in the *Imerys* case. AWKO and other parties in interest ultimately prevailed in defeating the Rule 3018 motion of a law firm to change more than 15,000 votes from "reject" to "accept," which resulted in the failure of the Debtor's plan. Notably, the plan the failed to garner sufficient creditor support in *Imerys* was supported by the TCC in that case – which reinforces the important role that individual creditor participation has, notwithstanding the existence of one or more official committees.

4.      AWKO retained KTBS to serve as its bankruptcy counsel in the Debtor's initial chapter 11 case pursuant to an engagement letter dated October 18, 2021. AWKO represents

2

thousands of talc claimants with claims against, *inter alia*, the Debtor and J&J. *See* Bankr. D.I. 2391 (AWKO's Rule 2019 statement). AWKO played an active and important role throughout this case.

5. Broadly speaking, the case can be divided into three categories or phases: (i) the North Carolina Phase encompasses the period from the Petition Date (October 14, 2021) through the transfer of venue from the North Carolina Court to this Court (November 16, 2021); (ii) the Trial Phase encompasses the period from November 17, 2021 through the entry of the Court's opinion on the motions to dismiss (February 25, 2022); and (iii) the Appellate Phase encompasses the period from February 26, 2021 through the date on which the Third Circuit issued its mandate (March 31, 2023).

6. In the North Carolina Phase, AWKO opposed the Debtor's initial requests for TROs and its initial PI Motion, and argued for a transfer of venue that ultimately resulted in the case being before this Court and then the Third Circuit. I appeared in person and argued at the hearing on the Motion to Enforce on October 20, 2022, the TRO hearing on October 22, 2022, the PI Motion trial on November 4-5, 2022, and the venue transfer hearing on November 10, 2022. No committee had been formed at this point in the case. AWKO worked closely with other claimants' counsel, including counsel for the MDL Plaintiffs' Steering Committee (the "PSC"), to take discovery, brief, and argue those motions in a coordinated, efficient, non-duplicative, and effective manner. I believe that the PSC and other objectors made a significant contribution during the North Carolina phase of the case. In advance of PI Motion trial, KTBS coordinated extensively with these objectors concerning discovery, trial logistics, and the like. KTBS participated in all of the depositions in advance of the hearing. A detailed list of the KTBS time entries for which AWKO seeks reimbursement is attached hereto as **Exhibit C**. They total $175,537.50.

3

7. Following the venue transfer order, this Court held a weeklong trial on the PI Motion and the motions to dismiss filed by AWKO and others. AWKO participated in every deposition and appeared and argued the merits of both the MTD and PI Motions at trial, helping to develop the trial record that was ultimately dispositive before the Third Circuit. A detailed list of the KTBS time entries for this phase is attached hereto as **Exhibit D**. They total $325,601.

8. Finally, in the Appellate Phase, KTBS worked in close coordination with the TCC and other appellants to ensure that the appellate briefing was comprehensive, non-duplicative, and persuasive. AWKO's opening and reply appellate briefs focused on two aspects of the appeal: the Debtor's ineligibility for relief under section 524(g) and lack of a proper bankruptcy purpose. *See generally* Appeal No. 22-2003 [ECF No. 55] (3d Cir. June 30, 2022). The TCC's briefing cited and adopted arguments made by AWKO. *See* Appeal No. 22-2003 [ECF No. 132] at 22 (3d Cir. Sept. 6, 2022). Following the completion of briefing, KTBS worked in tandem with counsel for the TCC and other appellants on oral argument preparation. These coordinated appellate efforts were successful, as reflected in the Third Circuit's opinion. Following the Third Circuit's ruling, AWKO worked with other appellants' counsel in opposing the Debtor's requests for rehearing and for a stay of the mandate. A detailed list of the KTBS time entries for which AWKO seeks reimbursement is attached hereto as **Exhibit E**. They total $460,150.50.

9. The fees for which reimbursement is sought are solely for services that benefited creditors generally. Fees in respect of AWKO-specific matters in this case (*e.g.*, preparation of its Rule 2019 statement, communications with the U.S. Trustee regarding creditors' committee matters, and the like) have been excluded.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 4, 2023

/s/ Robert J. Pfister
Robert J. Pfister