UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
E-mail:    jeffrey.m.sponder@usdoj.gov
           lauren.bielskie@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re<br><br>LTL Management LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 21-30589 (MBK)<br><br>Hearing Date: August 2, 2023 @ 10:00 a.m.<br><br>Honorable Michael B. Kaplan, Chief Judge |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO THE**
**SUBSTANTIAL CONTRIBUTION MOTIONS FILED AT**
**DOCKET NOS. 3949 AND 3951**

Andrew R. Vara, the United States Trustee for Regions Three and Nine ("U.S. Trustee"), through his undersigned counsel, files this omnibus objection ("Objection") to: (i) the *Omnibus Motion of the Substantial Contribution Claimants for Allowance of Administrative Claims for Reimbursement of Expenses Incurred for the Period From October 14, 2021 Through November 12, 2021 (Prior to the Official Committee of Talc Claimants' Retention of Counsel) That Provided a Substantial Contribution in the Debtor's Case* (Dkt. 3949) (the "Omnibus Motion") and (ii) the *Motion of Aylstock, Witkin, Kreis & Overholtz, PLLC* (Dkt. 3951) (the "Aylstock Motion" and together with the Omnibus Motion, the "Substantial Contribution Motions") and respectfully

states:

## PRELIMINARY STATEMENT

In the Omnibus Motion, the movants seek reimbursement of fees and expenses pursuant to section 503 of the Bankruptcy Code for the twenty-nine (29) day period between the Petition Date and the appointment of the Official Committee of Talc Claimants. In the Aylstock Motion, the movant seeks reimbursement of fees and expenses for work performed throughout the pendency of the Debtor's first case, which is divided by the movant into three phases: (i) work performed from the Petition Date to the date venue was transferred from North Carolina to New Jersey; (ii) work related to the trial on the preliminary injunction and motions to dismiss; and (iii) work performed on the appeal of the orders concerning the preliminary injunction and motions to dismiss.

Section 503 of the Bankruptcy Code governs a non-debtor party's request for compensation for substantial contribution to a bankruptcy case. Section 503(b)(4) provides for the allowance for the "reasonable compensation for professional services rendered by an attorney or an accountant of an entity who expense is allowable under" section 503(b)(3). The Third Circuit interpreted the "substantial contribution" standard in *Lebron v. Mechem Financial, Inc.*, 27 F.3d 937 (3d Cir. 1994).

The movants must prove by a preponderance of the evidence that they made a substantial contribution to the case and have met the requirements of section 503. *See In re Buckhead America Corp.*, 161 B.R. 11, 15 (Bankr. D. Del. 1993).

## JURISDICTION

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S.

Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.  In every bankruptcy case, the U.S. Trustee is authorized by 28 U.S.C. § 586(a)(3)(A) to "revie[w] . . . applications for compensation and reimbursement filed under section 330 of title 11," and to "fil[e] with the court comments to such application, and, if the United States Trustee considers it to be appropriate, objections to such application." 11 U.S.C. § 586(a)(3)(A)(i),(ii). The U.S. Trustee performs this statutory duty in all cases, even when a fee examiner or other fee review entity has been appointed.

4.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## STATEMENT OF RELEVANT FACTS AND BACKGROUND

5.  On October 14, 2021 ("Petition Date"), LTL Management LLC (the "Debtor") filed its first bankruptcy case in the United States Bankruptcy Court for the Western District of North Carolina.

6.  On October 28, 2021, a Motion to Appoint an Official Committee of Talc Claimants (the "Committee") was filed by the Office of the United States Bankruptcy Administrator.

7.  On November 8, 2021, the North Carolina Bankruptcy Court entered an order appointing the Committee.

8.  On November 16, 2021, the North Carolina Bankruptcy Court transferred venue of the case to the District of New Jersey.

3

9. On December 1, 2021, the Committee filed a motion to dismiss the Debtor's chapter 11 case pursuant to Section 1112(b) of the Bankruptcy Code. On December 9, 2021, Arnold & Itkin LLP, through counsel, also filed a motion to dismiss.

10. On December 29, 2021, Aylstock, through counsel, filed a Joinder to the motions to dismiss filed by the Committee and Arnold & Itkin.

11. The Court denied the motions to dismiss.

12. Aylstock participated in the subsequent appeal of the Court's denial of the motions to dismiss.

13. On January 30, 2023, the Third Circuit issued a decision reversing the bankruptcy court and remanding with instructions to dismiss.

14. On April 4, 2023, the Court entered an *Order (I) Dismissing Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b); (II) Establishing Procedures with Respect to the Requests for Compensation; and (III) Granting Related Relief.* (Dkt. 3938). Pursuant to paragraph 8 thereof, a party seeking payment of a substantial contribution claim had thirty (30) days after the case was dismissed to do so.

15. On May 3, 2023, the MDL Plaintiffs Steering Committee (the "PSC"), Maune, Raichle, Hartley, French & Mudd, LLC ("MRHFM"), as representative for an unofficial committee of mesothelioma claimants (the "Meso Committee"), and Levy Konigsberg, LLP ("LK"), as counsel for and on behalf of certain mesothelioma claimants, filed the Omnibus Motion. The Aylstock Motion was filed on May 4, 2023.

**LEGAL STANDARD**

16. Bankruptcy Code section 503(b) provides in pertinent part:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this

4

title, including—

[ . . . ]

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

[ . . . ]

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;

[ . . . ]

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

17.    Thus, under section 503(b)(3)(D) the actual, necessary expenses of a creditor that makes a substantial contribution in a chapter 11 case is afforded administrative priority. Further, pursuant to section 503(b)(4), the reasonable fees and actual, necessary expenses of the creditor's attorneys and accountants are also given administrative expense priority. Section 503(b)(3)(D) must be narrowly construed so that administrative expenses will be held to a minimum. *See In re Worldwide Direct, Inc.*, 334 B.R. 112, 122 (Bankr. D. Del. 2005) (quoting *In re Granite Partners*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997)).

18.    As the Third Circuit held in *Lebron,* section 503(b)(3)(D) has two purposes: (1) to encourage creditors to participate meaningfully in the reorganization process; and (2) to minimize fees and administrative expenses and thereby maximize creditor recoveries. *Lebron*, 27 F.3d at 944. A creditor makes a substantial contribution if its efforts provide an "actual and demonstrable

5

benefit to the debtor's estate and the creditors." *Id.* at 943-44 (citation omitted) (quoting *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988)); *see In re Worldwide Direct, Inc.*, 334 B.R. at 121.

19. Creditors are presumed to act in their own interest "until they satisfy the court that their efforts have transcended self-protection." *Lebron*, 27 F.3d at 944 (citations omitted). The activities that a section 503(b)(3)(D) applicant has engaged in are "presumed to be incurred for the benefit of the engaging party and are reimbursable if, but only if, the services 'directly and materially contributed' to the reorganization." *Id.* at 943-44 (citation omitted).

20. When determining if a claimant has met its burden, courts consider whether the services provided (a) were only for the benefit of the claimant or were for the benefit of all parties in the case; (b) directly, significantly and demonstrably benefited the estate; and (c) were duplicative of the services provided by professionals for the creditors' committee, the committee itself, debtor and its attorneys, or other fiduciaries and their professionals. *See In re Worldwide Direct, Inc.*, 334 B.R. at 122 (citing *In re Buckhead America Corp.*, 161 B.R. 11, 15 (Bankr. D. Del. 1993)).

21. The Movants must prove by a preponderance of the evidence that they made a substantial contribution to these cases. *See In re Buckhead America Corp.*, 161 B.R. at 15.

## DISCUSSION

22. The substantial contributions claims here can be considered in two separate categories: (i) fees and expenses incurred for services rendered in the period between the Petition Date and the appointment of the Committee, and (ii) fees and expenses incurred for services rendered after appointment of the Committee.

23. The U.S. Trustee believes this distinction is appropriate for considering the claims for substantial contribution in this case. The distinction recognizes the fact that prior to the

appointment of a Committee, claimants did not have a designated entity to represent the interests of the creditor body as a whole. Although the U.S. Trustee was not involved in the case prior to transfer of venue, the U.S. Trustee recognizes (and the docket evidences) there was significant activity and substantial issues presented to the North Carolina Bankruptcy Court and the Bankruptcy Administrator in the period before a committee could be appointed. The U.S. Trustee therefore recognizes it is more likely that services performed in that period may have benefited creditors and the estate as whole, with less chance of duplication. Of course, the Movants must still meet their burden under section 503 to show administrative expense treatment is warranted.

24. However, after the appointment of an official committee, an entity was in place to act as a fiduciary and represent the interests of unsecured creditors as a whole. Aylstock must be left to its proofs to explain how its independent efforts in this time period were for the benefit of all parties in the case, that they did in fact provide a benefit, and were not duplicative.

WHEREFORE, the U.S. Trustee respectfully submits that the Court deny the Substantial Contribution Motions if the Movants are unable to satisfy the standards under Section 503.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

Dated: July 28, 2023

By: /s/ Lauren Bielskie
Lauren Bielskie
Trial Attorney
Jeffrey Sponder
Trial Attorney
United States Department of Justice
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

-and-

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov